**RICHARDS, LAYTON & FINGER**
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

November 18, 2005

**VIA HAND DELIVERY AND E-FILE**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    **Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.**,
            C.A. No. 05-441-JJF

            **In re Intel Corp.**,
            C.A. No. 05-MD-1717-JJF

Dear Judge Farnan:

      We represent Advanced Micro Devices, Inc. ("AMD") in the above-referenced actions. Now that Your Honor has received the MDL assignment, and in light of recent filings by class counsel, we thought it appropriate to contact the Court and request a status conference. We feel compelled to respond to Robert D. Goldberg's November 16, 2005 letter asking, on behalf of certain class plaintiffs, that the Court defer ruling on a competing class counsel's motion to appoint lead and liaison class counsel. In particular, we oppose Mr. Goldberg's request to delay proceedings. The absence of a lead class counsel has stymied our ability to get discovery underway, and therefore we respectfully request that the Court resolve the class leadership issues without delay.

      Here is the chronology so far. AMD filed its complaint on June 27, 2005. On July 1, 2005, we obtained leave to serve document preservation subpoenas on the principal third party corporate witnesses -- the computer manufacturers, parts distributors and computer retailers that buy microprocessors from Intel and AMD or sell computers incorporating them -- and we did so immediately. Shortly thereafter, we previewed for both Intel and class counsel the third party document subpoenas we intended to serve. We asked each to either piggyback on ours or to ready their own so that the third parties could receive and respond simultaneously to a complete universe of requests. Intel has thus far held back, but has told the third parties that its additional discovery requests will be forthcoming. One of the reasons Intel has given us for its failure to serve its discovery requests is the need to confer with class counsel regarding discovery in the class proceeding. Although the leadership of both class counsel camps has informally signed on to our requests with respect to "merits" discovery, no one can speak authoritatively to the third parties on behalf of the class.

RLF1-2947768-1

The Honorable Joseph J. Farnan, Jr.
November 18, 2005
Page 2

      After Intel answered, we served our subpoenas *duces tecum*. Not surprisingly, several significant third parties balked on the ground that they should not be required to search their files in response to AMD's subpoenas only to have to do it again after Intel and class counsel serve theirs. While AMD is sympathetic, discovery cannot begin in earnest until the third parties (which include, for example, Dell, IBM, HP, Lenovo, Sony, Toshiba, NEC, Hitachi, Fujitsu, Acer, Sun, Best Buy, Circuit City and other very large companies) open up their files. And given the volume of data we expect to receive from them, the electronic form most of it will take, and the foreign language issues much of it will present, the production and review process alone is expected to occupy many months. The sooner it starts, the sooner the case can begin moving toward trial.

      We understand the importance of appointment of appropriate lead and liaison counsel, but we do not believe that it requires the delay that Mr. Goldberg seeks. While we do not take any position on class leadership, the Cohen, Milstein group is prepared to engage immediately. Accordingly, we respectfully request that the Court hold a status conference at the earliest convenience of the Court to, among other things, appoint interim lead and liaison counsel and establish dates certain by which Intel and class counsel must serve supplemental discovery requests on the third parties AMD has subpoenaed. In doing so, the Court will facilitate efficient third party discovery and enable AMD to obtain discovery pursuant to requests served months ago.

      Of course, if Your Honor should have any questions or concerns, undersigned counsel remains available at the Court's convenience.

                    Respectfully,

                    Frederick L. Cottrell, III

FLC,III/lll

cc:    Richard L. Horwitz, Esquire (By E-File and Hand Delivery)
       Darren B. Bernhard, Esquire (By E-File)
       Robert E. Cooper, Esquire (By E-File)
       Charles P. Diamond, Esquire (By Telecopy)
       James L. Holzman, Esquire (By E-File and Hand Delivery)
       Robert D. Goldberg, Esquire (By E-File and Hand Delivery)

RLF1-2947768-1