

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
rhorwitz@potteranderson com
302  984-6027 Direct Phone
302  778-6027 Fax

November 21, 2005

BY HAND DELIVERY AND E-FILE

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:   *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.,*
<u>C. A. No. 05-441-JJF</u>

<u>*In re Intel Corp.*, C.A. No. 05-1717-JJF</u>

Dear Judge Farnan:

      I write on behalf of defendants Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel") in response to Frederick L. Cottrell, III's letter to the Court dated November 18, 2005.  Although we do not believe it is appropriate for Intel (or AMD) to take a position on who should be designated as lead and liaison counsel for the putative class actions, we agree that the parties and the Court should make every effort to coordinate discovery from third parties, including the numerous third party customers who have already been subpoenaed by AMD.  We hope, however, to negotiate the proper scope and timing of such discovery with all parties, and to submit a joint proposed Case Management Order to the Court for its consideration.  Thus, we believe that, for the reasons set forth below, scheduling of a status conference should follow that submission.

      On the same day as its complaint was filed, AMD sent letters to Intel's and AMD's customers, advising them of the complaint and the likelihood that they possessed documents that AMD would be seeking in discovery.  The letters went so far as to suggest to the third party customers that failure to take their document preservation obligations seriously "could lead to criminal and/or civil liability."  Thus, there is no reasonable concern about potential loss of evidence.

      Shortly thereafter, AMD served subpoenas on these customers seeking extensive information relating to their purchases of microprocessors, including enormous amounts of electronic information.  Many customers have filed substantial objections, and most have indicated, quite properly, that they should not be required to conduct multiple searches of their files in response to subpoenas by AMD, Intel and the class action plaintiffs.  Virtually all have also stated that, given the competitive sensitivity of much of the information requested, and the

The Honorable Joseph J. Farnan, Jr.
November 21, 2005
Page 2

various non-disclosure agreements implicated, production of documents in advance of the entry of a protective order would be premature.

The non-party customers' concerns are well-founded. As AMD itself points out, the volume of requested documents is likely to be substantial, and the fact that much of it is stored electronically and written in foreign languages suggests that document production will be labor-intensive and time-consuming. Third-party discovery should obviously be coordinated so that these customers are not required to undergo multiple searches of their files. As yet, lead class counsel has not been appointed, there is no consolidated class complaint, and as a result, neither Intel's document requests nor any document requests by class plaintiffs have been served, and a proposed protective order—a proposed draft of which Intel provided to AMD over one month ago—has neither been negotiated nor proposed to the Court.

We therefore respectfully submit that scheduling a status conference immediately would not be fruitful. The parties are mindful of their obligations under Fed. R. Civ. Pro. 16 and this Court's local rules, and we anticipate that the parties will soon confer to negotiate a proposed Case Management Order and a protective order that they will submit to the Court for approval. Intel thus suggests that the Court defer scheduling of a status conference until the parties have either agreed upon a schedule for discovery and the terms of a proposed protective order, or have agreed to as much as they reasonably can and have identified and narrowed any remaining issues for discussion. We are hopeful that we will be able to obtain the consent of counsel representing all parties on these issues, and believe that substantial negotiations can progress in advance of the Court's selection of lead and liaison counsel.

Intel thus proposes that the parties make every effort to submit a proposed protective order and Case Management Order to the Court by December 15, 2005. In the event that the parties are unable to come to an agreement on proposed terms for either by that time, the parties will nonetheless report to the Court by that date on the status of their discussions, and whether they believe a status conference shortly after the beginning of the year would be useful.

Intel is hopeful that, as this litigation moves forward, the parties will endeavor to resolve issues like these without the need for intervention by the Court. We respectfully suggest that the proper course is to allow the parties time to confer on a proposed schedule and a protective order, and then to submit joint proposals to the Court for its consideration.

Respectfully,

Richard L. Horwitz (#2246)

RLH/708416

cc:     James L. Holzman, Esquire (by eFile and hand delivery)
        Robert D. Goldberg, Esquire (by eFile and hand delivery)
        Frederick L. Cottrell, III, Esquire (by eFile and hand delivery)
        Robert E. Cooper, Esquire (by facsimile)
        Charles P. Diamond, Esquire (by facsimile)
        Darren B. Bernhard, Esquire (by facsimile)