Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6875 | **DATE** | 5/3/2005 |
| **CASE TITLE** | Smith vs. AON | | |

**DOCKET ENTRY TEXT:**

The Kahn ERISA Plaintiff Group's Motions for Consolidation [17-1] and Appointment of Interim Class Counsel [17-2] are granted.

■[ For further details see text below.]                                          Docketing to mail notices.

## STATEMENT

Plaintiffs are participants in, and beneficiaries of, Defendant AON Corporation's 401(k) savings plan (the "Plan"). Plaintiffs allege that AON, and its corporate directors and officers, breached their fiduciary duties to Plaintiffs by mishandling the Plan's holdings of AON stock. As a result of Defendants' breach of their fiduciary duties, Plaintiffs allege, Plaintiffs have suffered significant financial losses. Plaintiffs have filed a number of actions against Defendants, alleging violations of the Employee Retirement Income Security Act ("ERISA"). Plaintiffs have filed these actions on their own behalf, and on behalf of other members of a proposed Class of Plaintiffs.

Plaintiffs Sheryl Kahn, James T. Kayfes, Jr., Alan Lubeck, James P. Fagan, Mary A. Brewton, and Gil McDonald (the "Kahn ERISA Plaintiff Group,") now move the court to consolidate twelve separate but related actions (and any subsequently-filed related ERISA cases filed in, removed to, or transferred to this court) pursuant to Federal Rule of Civil Procedure 42(a), and to appoint the law firm of Wolf Haldenstein Adler Freeman and Herz ("Wolf") as Interim Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). For the following reasons, these Motions are granted.

**A. Consolidation**

The purpose of consolidating actions together is to promote convenience and judicial economy. Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97 (1973). Consolidation of cases is encouraged where common questions of fact or law are present. 9 Wright & Miller's FED. PRAC. AND PROC. CIV., 2d § 2383. Cases may be consolidated pursuant to Federal Rule of Civil Procedure 42. That Rule provides, in part, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a).

The court finds that consolidation is appropriate in this case. These cases clearly involve "common questions of law or fact": whether Defendant's conduct in relation to the Plan's holding of AON stock

# STATEMENT

breached Defendants' fiduciary duties to Plaintiffs, and violated any ERISA provisions. The interests of convenience and judicial economy will be served by consolidating these cases. <u>See</u> <u>Johnson</u>, 289 U.S. at 496-97. Cases numbered 04 C 6875, 04 C 6965, 04 C 7046, 04 C 7048, 04 C 7118, 04 C 7119, 04 C 7122, 04 C 7190, 04 C 7295, 04 C 7650, 04 C 7651, 04 C 7673, and all subsequently-filed related ERISA cases filed in, removed to, or transferred to this court, shall therefore be consolidated into Master Docket number 04 C 6875.[1] This case shall be captioned "In Re AON ERISA Litigation."

## B. Interim Lead Class Counsel

Pursuant to Federal Rule of Civil Procedure 23(g)(2)(A), the court may "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." In determining who should act as Class Counsel, the overriding precept is that the court must appoint class counsel who will "fairly and adequately represent the interests of the class." FED.R.CIV. P. 23 (g)(1)(B). In making this determination, the court must consider the following factors:

"the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to represent the class."

<u>Id.</u> at (g)(1)(C)(i). In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." <u>Id.</u> at (g)(1)(C) (ii). In short, the court has a responsibility to "appoint class counsel who will provide the adequate representation [for class members] called for by paragraph (1)(B)." <u>Id.</u> at (g)(1)(C) advisory committee's note.

In this case, Wolf meets these criteria. Wolf has committed considerable time and resources into investigating these claims. Wolf is experienced in handling complex, large-scale class actions. Wolf's Class Action Litigation Group consists of thirty attorneys experienced in complex class action suits involving, *inter alia*, ERISA matters, and the conduct of corporate officers. While lead counsel, Wolf has settled numerous class actions, resulting in recoveries of up to $715 million for class members. In addition, Wolf is a large firm, with offices in New York, Chicago, San Diego, and West Palm Beach. Wolf thus has the resources necessary to adequately represent the putative class members in this case.

Moreover, Wolf, as a single firm, would be able to provide streamlined, efficient representation to the class. A competing group of Plaintiffs (the "Smith Group") proposes that a multi-layered conglomeration of six law firms act as Class Counsel in this matter. Such an arrangement would surely result in bureaucratic entanglements that would hamper the efficient representation of the class. In fact, bureaucratic wrangling amongst these firms seems already to have begun, as one of those six firms, Miller Faucher and Cafferty LLP has split from the Smith Group, and filed its own motion to be appointed Class Counsel. The court has a responsibility to avoid subjecting class members to inefficient representation. <u>See</u> FED.R.CIV. P. 23 (g)(1)(B). Wolf presents itself as a single, experienced, competent firm with a local office, and the resources necessary to effectively represent the class members in this case. The court therefore appoints Wolf as Interim Lead Class Counsel in this matter.

---

1. The court notes that it has already determined that a number of these cases were "related," pursuant to Local Rule 40.4. <u>See</u> Minute Order of December 20, 2004.