**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL Docket No. 05-MD-1717-JJF<br>Civil Action No. 1:05-CV-00485-JJF<br><br>Judge Joseph J. Farnan, Jr. |

**THE NATIONAL PLAINTIFFS GROUP'S RESPONSE**
**IN OPPOSITION TO THE SAN FRANCISCO GROUP'S**
**MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL**

## I.  INTRODUCTION

The plaintiffs comprising the National Plaintiffs Group,[1] by their counsel, respectfully submit this memorandum in opposition to the motion filed by the San Francisco Group[2] for appointment as Interim Class Counsel in the class action lawsuits against Intel Corporation that have been transferred to and coordinated before this Court by the November 8, 2005 Order of the Judicial Panel on Multidistrict Litigation.  As explained in more detail below, the San Francisco Group's motion itself provides the bases for its denial and the appointment of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Interim Class Counsel and Biggs and Battaglia as Liaison Counsel in these actions.

---

[1]  Information regarding the more than 30 plaintiffs comprising the National Plaintiffs Group, together with the captions of the actions they filed in this Court, is set forth in Footnote One of the National Plaintiff Group's *Memorandum Of Law in Support of its Motion for Appointment of Interim Class Counsel and Liaison Counsel and in Opposition to the San Francisco Group's Motion for Consolidation and Appointment of Co-Lead Counsel and Liaison Counsel*, filed in this Court on January 24, 2006 (the "Opening Memorandum" or "Opening Mem.").

[2]  As explained in the National Plaintiff Group's Opening Memorandum, the "San Francisco Group" refers to group of law firms comprising: (a) a proposed four-way co-lead counsel structure consisting of the San Francisco firms of Saveri & Saveri, Inc. and The Furth Firm, the Seattle office of Hagens Berman Sobol Shapiro LLP, and the Washington, D.C. firm of Cohen Milstein Hausfeld & Toll, P.L.L.C.; (b) a proposed Delaware liaison counsel; and (c) an undisclosed multiplicity of additional law firms on various committees or subgroups who have been promised positions in this action by the leaders of the San Francisco Group, regardless of the actual staffing needs that this case may present.  Opening Mem. at 2.

## II.  ARGUMENT

A.  **The Leadership Structure Proposed By The**
    **San Francisco Group Underscores Its Inherent Invalidity**

The San Francisco Group's arguments in support of its Rule 23(g) motion underscore the invalidity of its position and further support Wolf Haldenstein's appointment as Interim Class Counsel.  The San Francisco Group spends the vast majority of its brief (its first brief in support of this, its second motion, filed in this action on the leadership issue) extolling the credentials of each of the four firms proposed to lead that group.  Apart from the standing issue discussed below, the National Plaintiffs Group does not dispute that any one of those firms is capable of serving as Interim Class Counsel.  What the San Francisco Group fails to do, however, is explain why its proposed bloated interim leadership structure benefits the proposed Class(es) or is otherwise necessary for the efficient prosecution of this litigation – especially since the San Francisco Group submits that any one of them could do the job.[3]

The cases the San Francisco Group cites in its memorandum dispositively undermine that group's proposed interim leadership structure here.  While only one of those cases actually deals with the appointment of interim class counsel pursuant to Fed. R. Civ. P. 23(g) – *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552 (S.D. Ohio 2005), S.F. Group's Mem.[4] at 15 – each of those cases supports the appointment of either sole lead counsel – as the National Plaintiffs

---

[3] The San Francisco Group never explains why, if each of the four firms comprising the leadership of that group, standing alone, is so prominent and has had so much success in the antitrust class action field, all four of them are required to lead this action. Indeed, the clear disconnect between the San Francisco Group's representations regarding their firms' individual qualifications and the proffering of a four-way co-leadership group underscores that group's politically-motivated, attorney-driven composition.

[4] The "S.F. Group's Mem." refers to the *Motion by Cohen Milstein Hausfeld & Toll, the Furth Firm, Hagens Berman Sobol & Shapiro, and Saveri & Saveri for Appointment as Interim Class Counsel*, filed in this action on January 24, 2006  (Doc. 20).

Group proposes[5] – or, at most, a two-way co-leadership structure.[6]  ***None*** of the cases that the

San Francisco Group cites support or even contemplate a four-firm leadership structure, such as

the one the San Francisco Group proposes here.[7]

Furthermore, Wolf Haldenstein directly represents all of the named plaintiffs comprising

the National Plaintiffs Group, with each of those plaintiffs possessing standing to file and

prosecute their claims, through Wolf Haldenstein, under the laws of 26 states (including the

District of Columbia) on behalf of statewide classes.  In contrast, the plaintiffs comprising the

San Francisco Group have standing to prosecute claims on behalf of consumers in a far lesser

number of those states – and have left a material number of "indirect purchaser" states, including

Hawaii, Iowa, Kansas, Maine, Mississippi, Nebraska, Nevada, and South Dakota, unrepresented

by any plaintiff with standing to assert claims under those states' laws on behalf of indirect

purchaser consumers therein.[8]

---

[5] *In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 373 (M.D.N.C. 2003), S.F. Group's Mem. at 2 (appointing sole lead counsel); *In re Auction Houses Antitrust Litig.*, 197 F.R.D. 71, 75 (S.D.N.Y. 2000), S.F. Group's Mem. at 15 (same).

[6] *Coopersmith v. Lehman Bros.*, 344 F. Supp. 2d 783, 793 (D. Mass. 2004), S.F. Group's Mem. at 2 (two-firm co-lead counsel); *In re Rubber Chems. Antitrust Litig.*, No. C-04-1648 MJJ, 2005 U.S. Dist. LEXIS 39808 (N.D. Cal. Sept. 23, 2005), S.F. Group's Mem. at 2 (same); *Cardinal Health, Inc.*, 225 F.R.D. at 553, S.F. Group's Mem. at 15 (same); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644 (E.D. Pa. 2003), S.F. Group's Mem. at 15 (same).

[7] Moreover, *Cree, Inc.*, 219 F.R.D. at 373 and *Coopersmith*, 344 F. Supp. 2d at 793, S.F. Group's Mem. at 2 – the two primary cases the San Francisco Group cites in support of its position – are securities cases that are subject to the lead plaintiff/lead counsel selection standards established by the *Private Securities Litigation Reform Act of 1995*, 15 U.S.C. § 78u-4, *et seq.*  While those selection standards are inapplicable in the antitrust context – where Rule 23(g) applies and calls for the appointment of interim class counsel thereunder – it merits mention that under the PSLRA framework, the court first looks to the adequacy of the proposed lead plaintiff prior to determining whether to accede to the lead plaintiff's choice of counsel to serve as lead counsel over a particular litigation.  Applying that framework here would doom the San Francisco Group's Rule 23(g) motion *ab initio*, since, as the National Plaintiffs Group set forth in its opening memorandum and further explains herein, the San Francisco Group's plaintiffs lack standing to assert many of the state law claims they allege on behalf of the class, thereby precluding any further analysis of their counsel.

[8] Further, as the National Plaintiffs Group explains in its opening memorandum, the number of plaintiffs the San Francisco Group claims support its proposed leadership of this action is misleading.  Not only

Moreover, the four firms comprising the San Francisco Group's proposed interim leadership do not even represent the vast majority of plaintiffs on their own papers – who they claim support them, without any evidence thereof. *See* S.F. Group's Mem. at Exhibit A and Cover Page. This diffuse representation structure – where the proposed group leaders do not directly represent a majority of their group's plaintiffs – ensures inefficiencies in case management, communication, and authorization for action. Unlike the National Plaintiffs Group, where Wolf Haldenstein represents all of the plaintiffs therein, the San Francisco Group's structure guarantees that several layers of lawyers within that group will need to be contacted to provide authorization for every decision involving their clients – thereby attenuating critical case management processes. ***Nowhere*** in its papers does the San Francisco Group describe how it intends to address these significant inefficiencies and problems with communicating and obtaining approval from the plaintiffs allegedly comprising that group.

The San Francisco Group further asserts that in addition to its proposed overstuffed interim class counsel structure, it is supported by a "network" of "leading antitrust class action counsel," S.F. Group's Mem, at 15, and that "all but a handful of plaintiffs and their counsel in the class actions support th[eir] application." *Id*. In so asserting, the San Francisco Group disingenuously disregards the more than 30 plaintiffs and 23 law firms comprising and supporting the National Plaintiffs Group – a coalition that comprises far more than a "handful" by any estimation. Moreover, it is readily apparent from its self-serving characterization of the

---

does the San Francisco Group leave a substantial number of the indirect purchaser states unrepresented by plaintiffs with standing to prosecute claims on behalf of those states' residents, but nine plaintiffs in that group are from states that either lack *Illinois Brick* repealer legislation or do not permit indirect private rights of action thereunder (Kentucky (1); Texas (2); Washington (2); Montana (1); Delaware (1); and Pennsylvania (2)). Moreover, of the San Francisco Group's remaining plaintiffs, 25 are from California; ten are from New York; eight are from Florida; five from New Jersey; four from Wisconsin; two from Tennessee; two from Minnesota; two from Washington, DC; and one each from , Arizona, Massachusetts, Michigan, New Mexico, North Carolina, North Dakota, Ohio, Vermont, and West Virginia.

composition of their "network" that the sole qualification to be characterized as a "leading. . . counsel" is counsel's support for the San Francisco Group. The Court cannot ignore that – in stark contrast to the San Francisco Group – the National Plaintiffs Group is the ***only*** group of plaintiffs in these actions with standing to prosecute all of the claims asserted herein. *See* Opening Mem. at, e.g., 19-22. On this important point, the San Francisco Group remains silent.

### B. The Court's Fee Proposal Requirement Favors The Efficiencies Inherent In the National Plaintiff Group's Proposed Interim Leadership Structure

The deficiencies of the San Francisco Group's proposal are further accentuated under the facts of the present case, where the Court has requested proposals for a pre-set contingent fee percentage structure at the outset of the litigation.[9] As courts have recognized, cases subject to pre-litigation percentage fee structures place a premium on efficient litigation approaches. Since all counsel must be aware of cost benefits of particular prosecution tactics – and settlement offers – a bloated, inefficient leadership structure can quickly lose the flexibility and ability to credibly bring a case to trial. *See, e.g., In re Auction Houses Antitrust Litig.*, 197 F.R.D. at 77, S.F. Group's Mem. at 15 ("the percentage of recovery method might lead the plaintiff's attorney to settle the case prematurely as soon as counsel's opportunity costs begin to mount.").

Indeed, in such cases, there is always the risk that once a lead counsel's lodestar in a case surpasses the pre-set percentage of what such counsel believes may be the maximum recovery in

---

[9] The Notes of the Advisory Committee on the 2003 amendments to Fed. R. Civ. P. 23(g) recognize that, in conjunction with the appointment of class counsel, a court may consider a number of factors in its analysis, including attorney fee percentages proposed, *ex ante*, by class counsel contestants as part of their leadership application proposals ("[t]he court may also direct counsel to propose terms for a potential award of attorney fees and nontaxable costs."). At the same time, however, the Advisory Committee makes clear that a proposed fee percentage is only one factor – and not the only factor – in the class counsel determination. As more fully set forth in the National Plaintiffs Group's opening memorandum and below – the more complex and populous a proposed leadership structure is and the lower the fee percentage proposed by that group, the more financial pressure exists on such counsel to seek a sub-optimal early settlement. The San Francisco Group's four-way proposed co-leadership structure, coupled with the other aspects of its interim class counsel proposal, epitomizes that problem.

a case, lead counsel may feel compelled to settle the case rather than continue to litigate it on a perceived diminishing percentage basis for each subsequent hour worked thereon – thereby running the risk of accepting an inadequate settlement offer that a more efficiently-structured lead counsel could reject.[10]

This risk is particularly acute in the San Francisco Group's needlessly overpopulated proposed leadership structure here, which will inevitably result in duplicative work and rapid lodestar generation and will lead to the "perverse incentives" warned of by the *Auction Houses* court.  *In re Auction Houses Antitrust Litig.*, 197 F.R.D. at 80.  Indeed, it is inevitable that the four equally-positioned law firms that the San Francisco Group seeks to have appointed as interim class counsel in this action will spend exponentially more time individually reviewing and otherwise opining on litigation strategy, briefing, discovery, and the like,[11] than would Wolf Haldenstein – as the sole Interim Class Counsel, as the National Plaintiffs Group proposes.[12]

_____

[10] *See, e.g., In re Auction Houses Antitrust Litig.*, 197 F.R.D. at 80:

> The fee cap creates an incentive for lead counsel to settle the case exactly at the level at which the fee reaches its maximum, even if that level is suboptimal from plaintiffs' perspective. If disclosed to defendants, the fee cap also can lead defendants to exploit the disjuncture of interests between plaintiffs' and their counsel by making a firm settlement offer in the amount that would exactly maximize counsel's fee, even if defense counsel otherwise would be prepared to go higher. Again, lead counsel would have an incentive to agree to settlement in this amount and not press for an award more favorable to plaintiffs.

[11] Indeed, it is almost certain that each of the four firms proposed as leaders of the San Francisco Group will review or otherwise work on every brief, court paper, letter, discovery request, discovery response, or other aspects of this litigation.  Couple that with the secondary and tertiary law firm leadership levels extant within the San Francisco Group who represent plaintiffs not represented by the four firms comprising the San Francisco Group's proposed leadership and who must, therefore, actively participate in the action to protect and represent their clients' claims and the prosecution of this action will quickly become inefficient and cluttered.

[12] This is not to say that Wolf Haldenstein, while leading the prosecution of this action, will understaff this case or will not assign work to other plaintiffs' counsel.  On the contrary, Wolf Haldenstein recognizes the skills and abilities of many of the plaintiffs' firms involved in these cases and intends to engage their services as an *ad hoc* law firm – thus enabling the Class to benefit from those firms' skills – on an as-needed basis, rather than under a pre-set structure such as that proposed by the San Francisco Group.

The systemic inefficiencies inherent in the San Francisco Group's very structure will thus not inure, in any manner, to the benefit of the proposed Class(es).

## IV.  **CONCLUSION**

For the reasons set forth in their Opening Memorandum and above, the members of the National Plaintiffs Group respectfully request that the Court grant their motion and enter an Order consolidating these cases and appointing Wolf Haldenstein Adler Freeman & Herz LLP as Interim Class Counsel and Biggs and Battaglia as Liaison Counsel.

**DATED:** February 7, 2006                    BIGGS AND BATTAGLIA

                                         /s/ Robert D. Goldberg
                                        Robert D. Goldberg
                                        921 North Orange Street
                                        P.O. Box 1489
                                        Wilmington, Delaware  19899
                                        Telephone:  (302) 655-9677
                                        Facsimile:  (302) 655-7924

                                        ***Proposed Liaison Counsel for the
                                        National Plaintiffs Group***

                                        WOLF HALDENSTEIN ADLER
                                          FREEMAN & HERZ LLP
                                        Fred Taylor Isquith
                                        270 Madison Avenue
                                        New York, New York  10016
                                        Telephone:  (212) 545-4600
                                        Facsimile:  (212) 545-4653

                                        WOLF HALDENSTEIN ADLER
                                          FREEMAN & HERZ LLC
                                        Mary Jane Edelstein Fait
                                        Adam J. Levitt
                                        55 West Monroe Street, Suite 1111
                                        Chicago, Illinois  60603
                                        Telephone:  (312) 984-0000
                                        Facsimile:  (312) 984-0001

                                        WOLF HALDENSTEIN ADLER
                                          FREEMAN & HERZ LLP
                                        Francis M. Gregorek
                                        Betsy C. Manifold

Francis A. Bottini, Jr.
Rachele R. Rickert
750 B Street, Suite 2770
San Diego, California 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599

***Proposed Interim Class Counsel for
the National Plaintiffs Group***

Ann Lugbill
2406 Auburn Avenue
Cincinnati, Ohio 45219
Tel: (513) 784-1280
Fax: (513) 784-1449
***Counsel for Mary Reeder***

Brandon N. Voelker
28 West 5th Street
Covington, Kentucky 41011
Tel: (859) 491-5551
Fax: (859) 491-0187
***Counsel for Mary Reeder***

Gene Summerlin
OGBORN, SUMMERLIN
 & OGBORN, PC
210 Windsor Place
330 South Tenth Street
Lincoln, Nebraska 68508
Tel: (402) 434-8040
Fax: (402) 434-8044
***Counsel for JWRE, Inc., Chrystal Moeller, and Caresse Harms***

Robert J. Sharkey
VANDERVOORT, CHRIST
 & FISHER, PC
Fifth Third Bank Building, Suite 312
67 West Michigan Avenue
Battle Creek, Michigan 49017
Tel: (269) 965-7000
Fax: (269) 965-0646
***Counsel for Robert J. Rainwater***

Richard A. Lockridge
Robert K. Shelquist
LOCKRIDGE GRINDAL
  NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota  55401
Tel:  (612) 339-6900
Fax:  (612) 339-0981
***Counsel for Kathy Ann Chapman,***
***Nancy Bjork, Ron Terranova, and Carl Yamaguchi***

Noah Golden-Krasner
LAW OFFICES OF NOAH
  GOLDEN-KRASNER
354 West Main Street
Madison, Wisconsin  53703
Tel:  (608) 441-8924
Fax:  (608) 442-9494
***Counsel for Sonia Yaco***

Tim Semelroth
RICCOLO & SEMELROTH, PC
425 Second St. SE, Ste 1140
Cedar Rapids, Iowa  52401
Tel:  (319) 365-9200
Fax:  (319) 365-1114
***Counsel for Ryan James Volden***

Robert J. Rubin, PA
RUBIN & STROUT, PA
480 West Street
Rockport, Maine  04856
Tel:  (207) 236-8260
Fax:  (207) 236-4981
***Counsel for Melissa Goeke***

Charles F. Speer
Donnamarie Landsberg
SPEER LAW FIRM, PC
104 W. 9th Street, Suite 305
Kansas City, Missouri  64105
Tel: (816) 472-3560
Fax:  (816) 421-2150
***Counsel for Jeff Vaught***

Dennis J. Johnson
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, Vermont  05403
Tel:  (802) 862-0030
Fax:  (802) 862-0060
***Counsel for Ficor Acquisition Co., LLC,***
***dba Mills & Greer Sporting Goods***

Peter G. Gruber
PETER G. GRUBER, P.A.
One Datran Center, Suite 910
9100 South Dadeland Boulevard
Miami, Florida  33156
Tel:  (305) 670-1010
Fax:  (305) 670-0228
***Counsel for Maria Pilar Salgado***

Nancy Freeman Gans
MOULTON & GANS, P.C.
55 Cleveland Road
Wellesley, Massachusetts  02481
Tel:  (617) 369-7979
Fax:  (617) 369-7980
***Counsel for Paula Nardella***

Richard J.R. Raleigh Jr.
WILMER & LEE, P.A.
100 Washington Street, Suite 200
Huntsville, Alabama  35801
Tel:  (256) 533-0202
Fax:  (256) 533-0302
***Counsel for Nancy Wolfe***

Jayne Goldstein
MAGER & GOLDSTEIN LLP
2825 University Drive, Suite 350
Coral Springs, Florida  33065
Tel:  (954) 341-0844
Fax:  (954) 341-0855
***Counsel for Leslie March, Virginia Deering,***
***and Giacobbe-Fritz Fine Art LLC***

Carol A. Mager
MAGER & GOLDSTEIN LLP
One Liberty Place, 21st Floor
Philadelphia, Pennsylvania  19103
Tel:  (215) 640-3280
Fax:  (215) 640-3281
***Counsel for Leslie March, Virginia Deering,
and Giacobbe-Fritz Fine Art LLC***

Van Bunch
BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, PC
57 Carriage Hill
Signal Mountain, Tennessee  37377
Tel:  (423) 886-9736
***Counsel for Tom Hobbs***

Barry C. Blackburn
THE BLACKBURN LAW FIRM, PLLC
6933 Crumpler Boulevard, Suite B
P.O. Box 70
Olive Branch, Mississippi
Tel:  (662) 895-6116
Fax:  (662) 895-6121
***Counsel for Bill Richards***

Greg McEwen
THE MCEWEN LAW FIRM, P.L.L.C.
5850 Blackshire Path
Inver Grove Heights, Minnesota  55076
Tel:  (651) 224-3833
Fax: (651) 223-5790
***Counsel for Ron Terranova***

Jerold T. Matayoshi
FUKUNAGA MATAYOSHI HERSHEY
  & CHING, LLP
Davies Pacific Center, Suite 1200
841 Bishop Street
Honolulu, Hawaii  96813
Tel:  (808) 533-4300
Fax:  (808) 531-7585
***Counsel for Carl Yamaguchi***

Patrick J. Murphy
MURPHY, SMALL & ASSOCIATES
1100 East Bridger Avenue
Las Vegas, Nevada  89101
Tel:  (702) 259-4600
Fax:  (702) 259-4748
***Counsel for Ron Terranova***

David Pastor
GILMAN AND PASTOR, L.L.P
60 State Street, 37th Floor
Boston, Massachusetts  02109
Tel:  (617) 742-9700
Fax:  (617) 742-9701


***Counsel for David Kurzman***

Bryan L. Clobes
MILLER FAUCHER AND CAFFERTY LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania  19103
Tel:  (215) 864-2800
Fax:  (215) 864-2810


***Counsel for Matthew Ludt***

9004

## CERTIFICATE OF SERVICE

I, Robert D. Goldberg, undersigned counsel of record, hereby certify that on February 7, 2006, I caused a copy of the attached **THE NATIONAL PLAINTIFFS GROUP'S RESPONSE IN OPPOSITION TO THE SAN FRANCISCO GROUP'S MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL** to be served on the following in the manner indicated:

## <u>VIA ELECTRONIC FILING</u>

**David Mark Balabanian**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Email: david.balabanian@bingham.com

**Jef Feibelman**
Burch Porter & Johnson
130 N. Court Ave.
Memphis, TN 38103
901-524-5000
Email: jfeibelman@bpjlaw.com

**Jerry W. Laughlin**
Rogers Laughlin Nunnally Hood & Crum
100 South Main St.
Greeneville, TN 37743
423-639-5183
Email: jlaughlin2@earthlink.net

**Joy K. Fuyuno**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000
Email: joy.fuyuno@bingham.com

**Richard L. Horwitz**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000

Email: rhorwitz@potteranderson.com

**Christopher B. Hockett**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000
Email: chris.hockett@bingham.com

**Daniel S. Floyd**
Pro Hac Vice
Email: dfloyd@gibsondunn.com

**Darren B. Bernhard**
Pro Hac Vice
Email: bernhardd@howrey.com

**Robert E. Cooper**
Pro Hac Vice
Email: rcooper@gibsondunn.com

**David William Gregory**
Prickett, Jones & Elliott, P.A.
1310 King St., P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500
Email: dwgregory@prickett.com

**Eric M. Andersen**
Prickett, Jones & Elliott, P.A.
1310 King St., P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500
Email: emandersen@prickett.com

**James L. Holzman**
Prickett, Jones & Elliott, P.A.
1310 King St., P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500
Email: jlholzman@prickett.com

**A. Zachary Naylor**
Chimicles & Tikellis, LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
(302) 656-2500
Email: zacharynaylor@chimicles.com

**Fred T. Isquith**
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave., 11th Floor
New York, NY 10016
(212) 545-4600
Email: Isquith@whafh.com

**Adam L. Balick**
Balick & Balick
711 North King Street
Wilmington, DE 19801-3503
(302) 658-4265
Email: abalick@balick.com

**Chad Michael Shandler**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
Email: shandler@rlf.com

**Charles P. Diamond**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Email: CDiamond@omm.com

**Frederick L. Cottrell, III**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
Email: cottrell@rlf.com

**Steven J. Fineman**
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
Email: fineman@rlf.com

**Linda J. Smith**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Email: lsmith@omm.com

**Mark A. Samuels**
O'Melveny & Meyers LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067
Email: MSamuels@omm.com

**James Gordon McMillan, III**
Bouchard Margules & Friedlander
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
Email: jmcmillan@bmf-law.com

**Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101
Email: steve@hbsslaw.com

**Garrett D. Blanchfield, Jr.**
Richard Wendorf & Blanchfield
E-1250 First National Bank Building
332 Minnesota St.
St. Paul, MN 55101
Email: g.blanchfield@rwblawfirm.com

**Jeffrey F. Keller**
Law Offices of Jeffrey F. Keller
425 Second St., Suite 500
San Francisco, CA 94107
415-543-1305
Email: jfkeller@kellergrover.com

**Michele C. Jackson**
Lieff Cabraser Heimann & Bernstein LLP
Embarcadero Center West
275 Battery St., 30th Floor
San Francisco, CA 94111
Email: mjackson@lchb.com

**Michael P. Lehmann**
Furth Firm LLP
225 Bush St.
15th Floor
San Francisco, CA 94104
(415) 433-2070

Email: mlehmann@furth.com

**R. Alexander Saveri**
Saveri & Saveri Inc.
111 Pine St., Suite 1700
San Francisco, CA 94111
Email: rick@saveri.com

**Bruce J. Wecker**
Hosie & McArthur
1 Market St.
Spear Street Tower
Suite 2200
San Francisco, CA 94105
Email: bwecker@hosielaw.com

**Francis O. Scarpulla**
Law Offices of Francis O. Scarpulla
44 Montgomery St.
Suite 3400
San Francisco, CA 94104
415-788-7210
Email: foslaw@pacbell.net

**Ali Oromchian**
Finkelstein Thompson & Loughran
601 Montgomery Street, Suite 665
San Francisco, CA 94111
415-398-8700
Email: ao@ftllaw.com

**Juden Justice Reed**
Schubert & Reed LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
415-788-4220
Email: jreed@schubert-reed.com

**Joseph M. Patane**
Law Office of Joseph M. Patane
2280 Untion St.
San Francisco, CA 94123
415-563-7200
Email: jpatane@tatp.com

**Maria Nunzio Alioto**
Trump Alioto Trump & Prescott LLP
2280 Union St.
San Francisco, CA 94123
415-563-7200

Email: malioto@tatp.com

**Nancy Fineman**
Cotchett Pitre Simon & McCarthy
840 Malcolm Rd., Suite 200
Burlingame, CA 94010
650-697-6000
Email: nfineman@cpsmlaw.com

**Donald Chidi Amamgbo**
Amambgo & Associates APC
1940 Embarcadero Cove
Oakland, CA 94606
510-434-7800
Email: DonaldAmambgo@Citycom.com

**Reginald Von Terrell**
The Terrell Law Group
223 25th Street
Richmond, CA 94804
510-237-9700
Email: REGGIE2@aol.com

**David Boies, III**
Straus & Boies LLP
4041 University Dr., 5th Floor
Fairfax, VA 22030
703-764-8700
Email: dboies@straus-boies.com

**Donald F. Drummond**
Drummond & Associates
One California St., Suite 300
San Francisco, CA 94111
415-433-2261
Email: ballen@drummondlaw.net

**Gordon Ball**
Ball & Scott
550 Main Avenue, 750 NationsBank Center
Knoxville, TN 37902
865-525-7028
Email: filings@ballandscott.com

**B.J. Wade**
Glassman Edwards Wade & Wyatt P.C.
26 N. Second St.
Memphis, TN 38103
901-527-4673

Email: bwade@gewwlaw.com

**VIA FIRST CLASS MAIL**

**Harvey W. Gurland**
Duane Morris
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131

**Richard A. Ripley**
Bingham McCutchen
1120 20th Street, NW Suite 800
Washington, DC 20036
202-778-6150

**Michael J. Beck**
Clerk, MDL Judicial Panel
One Columbus Circle, N.E.
Room G-255, Federal Judiciary Bldg
Washington, DC 20002-8004

**Daniel Hume**
Kirby McInerney & Squire L.L.P.
830 Third Avenue, 10th Floor
New York, NY 10022

**Randy R. Renick**
128 North Fair Oaks Avenue
Suite 204
Pasedena, CA 91103
626-585-9608

**Scott Ames**
Serratore & Ames
9595 Wilshire Blvd.
Suite 201
Los Angeles, CA 90212
310-205-2460

**Daniel B. Allanoff**
Meredith Cohen Greenfogel & Skirnick P.C.
117 South 17th St.
22nd Floor
Architects Building
Philadelphia, PA 19103
215-564-5182

**Craig C. Corbitt**
Zelle Hofmann Voelbel Mason & Gette LLP
44 Montgomery Street
Suite 3400
San Francisco, CA 94104
415-693-0700

**Douglas G. Thompson, Jr.**
Finkelstein Thompson & Loughran
1050 30th St., N.W.
Washington, DC 20007

**Donald L. Perelman**
Fine Kaplan & Black RPC
1835 Market St.
28th Floor
Philadelphia, PA 19103
215-567-6565

**Russell M. Aoki**
Aoki Sakamoto Grant LLP
One Convention Place
701 Pike St., Suite 1525
Seattle, WA 98101
206-624-1400

**Edward A. Wallace**
The Wexler Firm LLP
One North LaSalle St.
Suite 2000
Chicago, IL 60602
312-346-2222

**Lance A. Harke**
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, FL 33130

**Michael L. Kirby**
Kirby Noonan Lance and Hoge
600 West Broadway
Suite 1100
San Diego, CA 92101-3302
619-231-9593

 /s/ Robert D. Goldberg
Robert D. Goldberg (I.D. #631)