JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1717

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION*

Marvin D. Chance, Jr. v. Intel Corp., et al., D. Kansas, C.A. No. 6:05-1303

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in one District of Kansas action (*Chance*). Movant asks the Panel to vacate its order conditionally transferring *Chance* to the District of Delaware for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Joseph J. Farnan, Jr. Responding defendant Intel Corp. supports transfer of the action.

On the basis of the papers filed and hearing session held, the Panel finds that *Chance* involves common questions of fact with actions in this litigation previously transferred to the District of Delaware, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of Delaware was a proper Section 1407 forum for actions involving allegations that common defendant Intel Corp. monopolized and unlawfully maintained a monopoly in the market for the microprocessing chips that serve as the "brains" of most modern computers. *See In re Intel Corp. Microprocessor Antitrust Litigation*, 403 F.Supp.2d 1356 (J.P.M.L. 2005).

The plaintiff premises his opposition to transfer on his contention that federal jurisdiction is lacking in *Chance*. He urges the Panel not to order transfer before his motion to remand to state court is resolved in the Kansas federal court. Remand and other motions, if not resolved in a transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred

---

[*] Judge Hodges took no part in the disposition of this matter.

- 2 -

to the District of Delaware and, with the consent of that court, assigned to the Honorable Joseph J. Farnan, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman