**EXHIBIT 16**

# FOREIGN TRADE ANTITRUST IMPROVEMENTS ACT

# HEARINGS

BEFORE THE

## SUBCOMMITTEE ON MONOPOLIES AND COMMERCIAL LAW

OF THE

## COMMITTEE ON THE JUDICIARY HOUSE OF REPRESENTATIVES

NINETY-SEVENTH CONGRESS

FIRST SESSION

ON

## H.R. 2326

FOREIGN TRADE ANTITRUST
IMPROVEMENTS ACT

MARCH 26, APRIL 8, AND JUNE 24, 1981

Serial No. 77



Printed for the use of the Committee on the Judiciary

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1983

99-996 O

# FOREIGN TRADE ANTITRUST IMPROVEMENTS ACT

## THURSDAY, MARCH 26, 1981

House of Representatives,
Subcommittee on Monopolies and Commercial Law
of the Committee on the Judiciary,
Washington, D.C.

The subcommittee met at 9:30 a.m. in room 2141, Rayburn House Office Building, Hon. Peter W. Rodino, Jr. (chairman) presiding.

Present: Representatives Rodino, Seiberling, Hughes, McClory, Railsback, Butler, and Moorhead.

Staff present: Alan Parker, general counsel; Warren S. Grimes, counsel; George E. Garvey, assistant counsel; and Franklin G. Polk and Charles E. Kern II, associate counsel.

Mr. Rodino. The committee will be in order.

This morning we are opening hearings on a legislative proposal to alter our antitrust laws to help U.S. companies compete more vigorously for foreign markets.

There is discontent with and uncertainty about the international reach of present antitrust law on the part of many potential American exporters. They contend that restrictions on joint ventures and other concerted activities unduly hobble them. In addition, many of our closest allies and trading partners resent the extraterritorial reach of our antitrust laws. Some have even enacted laws to block our enforcement efforts.

This suggests that we should consider proposals that would provide greater certainty regarding the international scope of these laws.

H.R. 2326, the Foreign Trade Antitrust Improvements Act, was introduced by Mr. McClory and me to meet this need. It now has 32 cosponsors, including 6 members of this subcommittee. Yesterday, Mr. Thurmond, the chairman of the Senate Judiciary Committee, joined by Senator DeConcini, introduced a companion bill in the Senate.

H.R. 2326 would amend the Sherman Act and the Clayton Act to remove, in a direct and uncomplicated way, any unnecessary barriers to export trading by U.S. firms. At the same time, it would continue to provide antitrust protection for American consumers and competitors.

The proposed amendment to the Sherman Act would establish clearly that export activities—involving both goods and services— are not covered by the act unless those activities have a direct and substantial effect on domestic commerce or U.S. competitors. It

(1)

would also make clear that foreigners may not sue American firms under our antitrust laws if their activities have no impact on the domestic American market or American competitors.

The Supreme Court has held that section 7 of the Clayton Act applies to joint ventures when the participants form a separate corporation and purchase the new venture's stock. Section 7 prohibits acquisitions that may substantially lessen competition and attacks anticompetitive market concentration in its incipiency. Businesses, therefore, must be cautious when forming such ventures. This bill would exempt from the stringent "incipiency" standard of the Clayton Act joint ventures that are limited to export trading.

These changes would, in my view, allow American firms, particularly small and medium-sized ones, to join together when necessary to enter foreign markets and ease their fear that they may be running the risk of antitrust liability. They would also preserve our strong commitment to competition within our borders and among our producers.

Some foreign animosity toward U.S. antitrust enforcement might also be eliminated, because the domestic-effects standard being proposed would limit the reach of our antitrust laws in a manner consistent with our major trading partners.

The competition for global markets is fierce, and no one should expect modification of the antitrust laws to expand our export trade dramatically. Only increased productivity and efficiency and a renewed willingness to take risks—a characteristic that has been the underpinning of our system of private enterprise capitalism—will insure American producers a major role as competitors in the international marketplace.

We must, however, eliminate obstacles to aggressive and innovative competition by our enterprises in world markets. This is what this legislation intends to do and will do.

There are other proposals that seek the same goal. One, H.R. 2459, would establish a commission to examine the effect of antitrust enforcement on exports. Another, H.R. 1648, would create a complex certification procedure for export associations and companies in the Department of Commerce. Certification would immunize them from antitrust attack and could be revoked only in cases of abuse. To be effective, however, this approach would require extensive regulations and an expanded bureaucracy.

[A copy of H.R. 2326 follows:]