PETER C. McMAHON (State Bar No. 161841)
McMAHON SEREPCA LLP
100 Marine Parkway, Suite 350
Redwood Shores, CA 94065-1046
Tel: 650-637-0600
Fax: 650-637-0700

Attorneys for Third Party
ACER AMERCIA CORPORATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation<br><br>Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | Civil Action No. 05-441-JJF |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 1717-JJF |
| PHIL PAUL, on behalf of himself and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION,<br><br>Defendant. | C.A. No. 05-485-JJF |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL | J.C.C.P. No. 4443 |

| TITLE (Rule 1550(b)) | |
|---|---|
| INTEL X86 MICROPROCESSOR CASES | |

## THIRD PARTY ACER AMERICA CORPORATION'S COMMENTS AND OBJECTIONS TO STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

COMES NOW, Third-Party Acer America Corporation ("AAC") and provides this it Comments and Objections to the Proposed Protective Order.

I. **COMMENTS**

AAC respectively submits that the Court should include the following in the Protective Order:

(1) The Protective Order should specify that, notwithstanding any prior production of documents, either formal or informal, Producing Parties have the right to designate any previously produced Discovery Material as "CONFIDENTIAL – MDL 1717/JCCP 4443" under the terms of the Protective Order, and that such Discovery Material will be treated according to the terms of the Protective Order.

(2) Under Paragraph 6 of the Protective Order, a subsection "(i)" should be inserted which reads: "The requirements of this Section 6, shall in no way be interpreted to prevent Producing Party from using, disclosing, and/or reviewing its own information and Discovery Material."

(3) At the end of Paragraph 12 of the Protective Order, the following sentence should be inserted: "In the event that specific documents are printed out in "hard copy" form from any electronically produced Discovery Material, all such "hard copy" printouts shall be affirmatively marked with the "CONFIDENTIAL – MDL 1717/JCCP 4443" designation, and all uses of such documents shall conform strictly to the terms of this Protective Order."

(4) Under Paragraph 16 (a), rather than using the vague phrase "massive Designation Request," the Court should set a specific "floor" on the number of documents covered by the Designation Request. AAC strongly recommends that given the burden such requests inherently place on third parties that the floor be set at 1,000 documents or more.

(5) For the reasons stated in Section II below, the following additional language should be inserted as Section 32: "Pursuant to Fed. R. Civ. P. 45(c)(2)(B), the Court further orders that in the event that a third party has been or in the future is subpoenaed in this matter, the subpoenaing party shall reimburse Producing Party all costs, including, but not limited to, costs of copying, production, employee review time, and reasonable attorney's fees directly related to the review and production of Discovery Material, which exceed $10,000 dollars.

## II.  OBJECTIONS

AAC objects that the Proposed Protective Order does not adequately protect the rights of third parties from undue burden and expense.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45 mandates that in the event of compelled production third parties shall be protected from "significant expense." *See* Fed. R. Civ. P. 45(c)(2)(B). Cost shifting from the Producing Party to the Requesting Party is mandatory. *See Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) ("[T]he questions before the district court are whether the subpoena imposes expenses on a non-party, and whether those expenses are 'significant.' If they are, the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.' The rule is susceptible of no other interpretation.").

Although these protections normally kick in at the Motion to Compel stage, it seems exceedingly prudent for the Court to establish what it would uniformly consider "significant" under the facts and circumstances of the present matter, and to affirmatively fold into the Proposed Protective Order a Section (*see* comment (5) *supra*) which specifically addresses the manifest issue already before Court. This is especially true in a case such as this one where there is the potential for **conflicting results across multiple districts**. Indeed, more than 20 third party subpoenas have been issue by Plaintiff spanning at least eight (8) different districts (Delaware, Southern Dist. of New York, Northern Dist. of California, Central Dist. of California, Eastern Dist. of Virginia, Western District of Texas, Dist. of Hawaii, and District of Minnesota).

In addition, the costs and burden of complying with the extremely broad document requests are manifest. A simple reading of samples of said subpoena's which are a matter of

record before the Court confirms the extreme breadth of the outstanding subpoenas. Indeed, as an offer of proof, AAC represents that it has received Vendor estimates that exceed $1.0 million dollars for its production costs associated with literal compliance with the subpoena issued to it.

It is squarely within the Court's discretion to ensure that third parties are not required to shoulder an unreasonable expense in complying with the subpoena. *See Securities & Exchange Commission* v. *Arthur Young & Co.*, 584 F.2d 1018 (D.C. Cir. 1978) (Court had discretion to ensure that third party possessing subpoenaed material would not be "out of pocket" more than a reasonable amount.). Indeed, the Ninth Circuit in *United States* v. *Columbia Broadcasting System, Inc.*, 666 F.2d. 364, 371-372 (9th Cir. 1982) stated that because "non-party witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party." *Id.* At 371. In so deciding the court flatly rejected the argument that the non-parties size as a corporation and their potential for benefit in the litigation required that they bear the costs of discovery. *Id.*

The Court should also make it clear in its Protective Order that third parties are entitled to be reimbursed for *all* types of costs, including attorney's fees, involved in responding to the subpoena. *See In Re First American Corp*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998) ("A non party's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance reimbursable under Rule 45(c)(2)(B)."); *In Re Subpoena Duces Tecum Served on Duke Energy Corp.*, 2005 WL 2674938, *7 (W.D.N.C. 2005) (requiring subpoenaing party to pay "any attorneys' fees which Duke Energy incurs because certain groups of documents must also be reviewed by an outside attorney"); *Phillips Petroleum Co.* v. *Pickens*, 105 F.R.D. 545 (D.C. Tex 1985) (professional service fee such as attorney's fees are recoverable where necessary to comply with production); *Williams* v. *City of Dallas*, 178 F.R.D. 103, 113 (N.D. Tex. 1998) (holding that attorney's fees are costs of compliance under Rule 45).

Subpoenaing parties should have no legitimate objection to the inclusion of such language in the present order since (1) they have a duty under Rule 45 to takes steps to reduce the burden on third parties; and (2) the rules would be established in advance which would eliminate the potential for litigation expenses associated with motions to compel. As a result, the

clear benefit to third parties is apparent, and there can be no prejudice to a subpoenaing party. Accordingly, AAC objects to the current form of the Proposed Protective Order, and respectfully requests that the Court affirmatively include as section in the Proposed Protective Order as recommended by AAC in I.(5) above.

Dated this 19th day of May, 2006

MCMAHON SEREPCA LLP

_____
Peter C. McMahon
Attorneys for Third Party
ACER AMERICA CORPORATION