IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>        Defendants. | Civil Action No. 05-441-JJF |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | Civil Action No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**THIRD PARTY MICROSOFT CORPORATION'S RESPONSE
AND COMMENTS RE PROPOSED PROTECTIVE ORDER**

I.      INTRODUCTION

Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Services, Ltd. (collectively "AMD") have served a subpoena on third party Microsoft Corporation ("Microsoft") seeking production of multiple categories of documents for the time period January 1, 2000 to the present.  On May 2, 2006, Microsoft received a copy of the Notice to Third Parties [D.I. 109] regarding the Proposed Protective Order in these proceedings seeking comments and objections from third parties.  Pursuant to that notice, Microsoft hereby provides its response and comments with regard to the Proposed Protective Order.

Microsoft understands that the Proposed Protective Order was the subject of extended negotiations among AMD, defendants Intel Corporation and Intel Kabushiki Kaisha (collectively "Intel") and Interim Class Counsel.  Accordingly, Microsoft has limited its response and comments to significant issues and has proposed additional language necessary to protect Microsoft's rights as a third party providing discovery in these actions.

II.     **MICROSOFT'S COMMENTS REGARDING SPECIFIC PROVISIONS OF THE PROPOSED PROTECTIVE ORDER**

**Paragraph R.7.**  This is one of the subparagraphs that defines categories of "Confidential Discovery Materials" but it is narrowly written to refer only to "negotiations with customers relating to the purchase or sale of microprocessors, chipsets or any other product manufactured by a Party."  To provide parallel protection to Microsoft, this provision also should include negotiations relating to licensing of operating systems, applications, tools and other technologies so that it reads as follows:

> 7.      Non-public negotiations with customers relating to the purchase, sale or licensing of microprocessors, chipsets, operating systems, applications, tools, technologies or any other product manufactured, sold or licensed by a Party or Third Party.

**Paragraph R.11.**  This subparagraph is similarly limited to non-public information "that concerns microprocessor or chipset manufacturing, including capital

expenditure plans, yields, capacity, costs, utilization, process and scale." To provide the same protection to third party Microsoft, this provision should be revised to include development, marketing, manufacture and release of operating systems, applications, tools and other technologies, as follows:

> 11. Non-public information that concerns development, marketing, manufacture or release of microprocessors, chipsets, operating systems, applications, tools, technologies or any other product manufactured, sold or licensed by a Party or Third Party, including but not limited to capital expenditure plans, yields, capacity, costs, utilization, process and scale.

**Paragraph 6(c) and Definition of In-House Litigation Counsel.** This provision requires that the parties identify "to the opposing party" the two In-House Litigation Counsel being allowed access to Confidential Discovery Materials. Microsoft requests that these in-house attorneys be identified to it as well since these individuals will have access to information and documents produced by Microsoft. In addition, the one-year bar included in the Definition J for In-House Litigation Counsel should extend to:

> "(a) the review and approval of competitive pricing, *licensing or* marketing programs; (b) the review of any aspect of *development, manufacture or release of microprocessors, chipsets, operating systems, applications, tools, technologies or any other product manufactured, sold or licensed by a Party or Third Party;* (c) preparation or prosecution of any patent application or patent license relating to microprocessors or chipsets, or (d) preparation or prosecution of any application or license for a patent, copyright or other intellectual property right relating to operating systems, applications, tools or other software technologies."

(New language is indicated with italics; some text deleted from original definition.)

**Paragraph 8.** This paragraph bars any attorney who receives technical documents designated as Confidential Discovery Material from participating in the preparation or prosecution of any patent application or patent license "relating to microprocessors or chipsets" for a one-year period following conclusion of the various litigations. This paragraph needs to be expanded so that Microsoft is afforded the same protection. Microsoft proposes the following revision (new language in italics):

> 8. Any attorney (including In-House Litigation Counsel) for any Party or Class Party who receives any technical document designated

> Confidential Discovery Material produced by a Party other than his or her client *or by a third party* shall not participate in the *(1)* preparation or prosecution of any patent application or patent license relating to microprocessors or chipsets*, or (2) preparation or prosecution of any application or license for a patent, copyright or other intellectual property right relating to operating systems, applications, tools or other software technologies,* from the time of receipt of such information through and including one (1) year following the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever occurs later.

Microsoft realizes that this expands the potential impact of this provision, but an attorney can prevent this result by not receiving technical documents produced by Microsoft.

**Notice to Third Parties.**  Protective orders typically include provisions that require notice to third parties before events that may impact the confidential treatment of the information and documents produced by those third parties, but there are none in the Proposed Protective Order.  Microsoft believes that the parties should be required to provide notice as follows:

- If Confidential Discovery Material from a third party is attached to a sealed court filing (and sealing is required under the Proposed Protective Order), the third party shall be notified sufficiently in advance of any hearing or proceeding that may lead to unsealing of the filing, including but not limited to any proceeding under Rule 243 of the California Rules of Court, to allow that third party to communicate with the court and/or appear if it wants to prevent unsealing of its Confidential Discovery Material.
- If Confidential Discovery Material from a third party is designated or expected to be designated for use at trial, the third party shall be notified, shall be afforded an opportunity to communicate with the court regarding any confidentiality concerns, and shall be notified in advance of any hearing or proceeding that may result in the Confidential Discovery Material losing its confidential treatment or becoming part of the public record.

- The third party should be notified before any Confidential Discovery Material from that third party is disclosed to Japan Counsel or Japan Experts/Consultants and should be notified of the status of any protective order or other protection that may be available in the Japan Litigation.

**Disclosure of Consultants or Experts Employed by Competitors.** It is possible that one or more of the parties may retain consultants or experts who are employed by or otherwise affiliated with companies that compete with Microsoft or other third parties. Microsoft proposes that the Proposed Protective Order be amended to provide that, before such persons are allowed access to Confidential Discovery Materials produced by a third party, the identity of the person(s) be disclosed to the producing third party and the third party be allowed an opportunity to raise any objections with the Court.

### III.    CONCLUSION

Microsoft respectfully requests that the Proposed Protective Order be modified or amended to address its comments and concerns.

Dated:  May 19, 2006

*/s/ R. Montgomery Donaldson*
_____
R. Montgomery Donaldson (DE #4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801
(302) 504-7840
rdonaldson@mmwr.com

Attorney for MICROSOFT CORPORATION

Of Counsel:

Dale A. Rice
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104
(415) 772-6000
dale.rice@hellerehrman.com

4