UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Advanced Micro Devices, Inc. and AMD International Sales & Services, Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Intel Corporation and Intel Kabushiki Kaisha, <br><br> Defendants. | C.A. No. 05-441-JJF |
| In re Intel Corporation Microprocessor Antitrust Litigation | MDL No. 1717-JJF |
| Phil Paul, on behalf of himself and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Intel Corporation, <br><br> Defendant. | |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF SANTA CLARA | |
| Coordination Proceeding Special Title (Rule 1550(b)) <br><br> Intel x86 Microprocessor Cases | J.C.C.P. No. 4443 |

**NON-PARTY INTERNATIONAL BUSINESS MACHINES CORPORATION'S OBJECTIONS AND COMMENTS TO STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

Plaintiffs in the first captioned action served International Business Machines Corporation ("IBM") with a third party document subpoena dated October 4, 2005, issued by the U.S. District Court for the Southern District of New York. IBM timely filed objections to the subpoena. Negotiations between these Plaintiffs and IBM are ongoing

and no documents yet have been produced. IBM has reviewed the Stipulated Confidentiality Agreement and [Proposed] Protective Order ("Protective Order") in the above-captioned matters. Pursuant to the May 1, 2006 Notice to Third Parties, in which the Court's invitation to submit concerns or objections to the Protective Order was communicated, IBM, through undersigned counsel, makes the following comments and suggestions:

1. The Protective Order should not allow the use or disclosure of anything in, or apply in any way to, the "Japan Litigation", and therefore, all references to the "Japan Litigation" should be deleted. IBM is not aware of any protections that exist with respect to the "Japan Litigation" that would ensure its ability to monitor and enforce the use of its Discovery Material or Confidential Discovery Material (as defined in ¶¶ Q and R). Furthermore, Japanese rules ought to apply to the "Japan Litigation", including rules pertaining to discovery generally and, in particular, to the discovery of materials not located in Japan.

2. If the Court determines that the Protective Order will apply to the use or disclosure of anything in, or will apply in any way to, the "Japan Litigation", a requirement should be included that IBM and other Third Parties must receive advanced notice of each specific action, the identity of counsel in those actions, and the terms and conditions, in English, that will apply to any IBM material that may be provided.

3. The Protective Order should not allow the use or disclosure of anything in, or apply in any way to, any Competition Investigation or any other litigation or

investigatory matter that is not currently pending and expressly defined in the Protective Order.

4.    If the Court determines that the Protective Order will apply to the use or disclosure of anything in, or will apply in any way to, any Competition Investigation or any other litigation or investigatory matter that is not currently pending and expressly defined in the Protective Order, a requirement should be included that IBM and other Third Parties must receive advanced notice of each specific action and the identity of counsel in those actions.

5.    The definition of "Expert/Consultant" in Paragraph N should be modified to prohibit any current or former employee of AMD or Intel from serving as an Expert and/or Consultant.

6.    Paragraph S imposes additional burdens on IBM and Third Parties in order for discovery materials that are more than 24 months old to maintain their confidential treatment. This paragraph eliminates protection for otherwise confidential material on the arbitrary basis of the age of the material, unless the producing party meets the exacting requirements laid out in Paragraph R(16). That two years have passed does not simply rid material of its commercially sensitive or otherwise confidential nature, nor does it justify requiring Third Parties to meet the unreasonable and overly burdensome requirement set forth in Paragraph R(16). Paragraph S should be removed in its entirety and no limitations should be placed on the confidentiality of Discovery Materials simply on the basis of the age of such materials.

7. The last sentence of Paragraph 10 is unclear in that it requires a "separate written agreement" in certain instances but does not identify who the parties to the "separate written agreement" will be. Also, the term "party" in the phrase "former employee of a party" should be capitalized so that it clearly refers to AMD and Intel.

8. IBM and other Third Parties should receive notice of the identity of Experts/Consultants in advance of these individuals viewing or otherwise accessing Third Party Confidential Discovery Material. IBM and other Third Parties also should have an opportunity to object to the viewing or otherwise accessing of these materials by any of these individuals.

9. Paragraph 14, concerning the designation of confidential documents at trial, should be modified to afford IBM and other Third Parties an opportunity to participate in the process laid out in this paragraph. Specifically, to protect against the disclosure of their Confidential Discovery Material at trial, IBM and other Third Parties should receive prior notice of any potential use at trial of this material as well as an opportunity to be heard on the matter with Plaintiffs and if need be, the Court.

10. IBM finds much of Paragraph 17 to be vague and ambiguous. To the extent the paragraph applies to a Party's receiving materials of a Third Party through another, such as a U.S., state, or foreign governmental agency or court, the protections discussed in Paragraph 17 (e.g. receiving written notice and an opportunity to designate such materials confidential) should be explicitly extended to the Third Party. Furthermore, the language contained in Paragraph 17 should make clear that the Protective Order creates no right on behalf of any Party to receive anything it otherwise had no right to receive, nor does it create any right on behalf of any Third Party,

including a U.S., state, or foreign governmental agency or court, to disclose anything it could not otherwise disclose. Finally, the second to last sentence of Paragraph 17 should be removed on the basis both that the terms "freely furnished" is ambiguous, and that existing laws and/or regulations limit many Third Parties' abilities to use and disclose materials provided to it, even where there is no requirement that such materials be designated as "confidential". The Protective Order should not expand the existing ability of Third Parties to disclose materials in their possession.

11. Paragraph 26, concerning the disposal of Confidential Discovery Material upon the conclusion of applicable litigation matters, should be modified such that disposal obligations become effective on a case-by-case basis (i.e., they become effective at the conclusion of each litigation matter, not "whichever occurs later").

12. Paragraph 30 should be modified to include IBM and other Third Parties so that they, along with the Parties in the applicable litigation matters, have the right to apply for further protective orders, or for modification of the Protective Order, as appropriate.

May 19, 2006

CRAVATH, SWAINE & MOORE LLP

By: _____
Sally Kesh

Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Attorneys for Non-Party International Business Machines Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. AND<br>AMD INTERNATIONAL SALES &<br>SERVICES, LTD.,<br><br>                      Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION AND INTEL<br>KABUSHIKI KAISHA,<br><br>                      Defendants. | **CERTIFICATE OF<br>SERVICE**<br><br><br>C.A. No. 05-441-JJF |
| In re INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>                      Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION,<br><br>                      Defendants. | |
| COORDINATION PROCEEDING SPECIAL<br>TITLE (RULE 1550(b))<br><br>INTEL x86 MICROPROCESSOR CASES | SUPERIOR COURT OF THE<br>STATE OF CALIFORNIA<br><br>COUNTY OF SANTA CLARA<br>J.C.C.P. No. 4443 |

     KEITH S. KAPLAN hereby certifies the following under the penalty of perjury:

     I am over the age of 18 years, not a party to this action and reside at 752 West End Avenue, New York, NY 10025.

     On the 19th day of May, 2006, I filed **NON-PARTY INTERNATIONAL BUSINESS MACHINES CORPORATION'S OBJECTIONS AND**

2

**COMMENTS TO STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** by causing a true and correct copy to to be sent by electonic mail, pursuant to the Notice to Third Parties dated May 1, 2006 upon:

**AMD:**
Frederick L. Cottrell, III, Esq.
   (cottrell@rlf.com)
Chad M. Shandler, esq.
   (shandler@rlf.com)

**Intel:**
Richard W. Horwitz, Esq.
   (rhorwitz@potteranderson.com)
W. Harding Drane, Esq.
   (wdrane@potteranderson.com)

**Interim Class Counsel:**
James L. Holzman, Esq.
   (jlholzman@prickett.com)
J. Clayton Athey, Esq.
   (jcathey@prickett.com)

and upon

Charles P. Diamond, Esq.
James Bo Pearl, Esq.
O'MELVENY & MEYERS LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, CA 90067

Darren B. Bernhard, Esq.
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

Robert E. Cooper, Esq.
GIBSON, DUNN & CRUTCHER, LLP
333 SOUTH GRAND AVENUE
Los Angeles, CA 90071

Frederick L. Cottrell, Esq.
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilminton, DE 19899

Richard L. Horwitz, Esq.
POTTER, ANDERSON & Corroon
1313 N. Market Street
P.O. Box, 951
Wilmington, DE 19899

by depositing a true copy of the aforementioned document in a properly addresseed, postage prepaid, FIRST CLASS MAIL wrapper in an official depository under the exclusive care and custody of the United States Postal Service located within the State, City and County of New York.

    Dated at New York, New York, this 19th day of May, 2006.

                                     /s Keith S. Kaplan
                                      Keith S. Kaplan