IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | <br><br><br><br><br><br><br> C. A. No. 05-441 JJF |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| PHIL PAUL, on behalf of himself And all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | <br><br><br><br> C.A. No. 05-485-JJF <br><br> CONSOLIDATED ACTION |

**DELL INC.'S OBJECTIONS AND COMMENTS TO**
**PROPOSED PROTECTIVE ORDER**

Pursuant to the May 1, 2006 Notice of Proposed Protective Order, non-party Dell Inc. ("Dell") submits the following objections and comments to the Proposed Protective Order ("Proposed Order"):

## BACKGROUND

After AMD commenced this action against Intel, AMD notified Dell that it planned to subpoena certain documents from Dell. Dell and AMD thereafter entered into a Stipulation Re: Preservation of Documents, which was entered by the Court on September 12, 2005. On October 4, 2005, AMD served a subpoena on Dell seeking production of certain information. Dell and AMD later entered into a Supplemental Stipulation Re: Preservation of Documents.

AMD and Dell are currently negotiating the scope and procedures for Dell's document production. Intel has indicated that it intends to serve a subpoena on Dell in June 2006.

## OBJECTIONS AND COMMENTS

Dell has the following objections to and comments on the Proposed Order:

I. **Dell's Confidential Discovery Material Should Be Protected At Trial And During Other Court Proceedings – Paragraph 14**

The Proposed Order contains a provision for AMD, Intel, and the Class Parties (the "Parties," as defined in the Proposed Order) to meet and confer for the purpose of determining which documents require confidential treatment for trial. (Proposed Order ¶ 14.) But the Proposed Order provides no protection for a Third Party's Confidential Discovery Material. Dell requests that the Court require the Parties to give Dell 10 days' written notice and to meet and confer with Dell if any of the Parties anticipates using Dell's Confidential Discovery Material at trial or other court proceeding. Such a provision would allow Dell the opportunity to take steps to protect its Confidential Discovery Material while not unreasonably burdening the Parties.

Dell requests that the following language be added to Paragraph 14:

"Before the Parties may use Confidential Discovery Material of a Third Party at trial, a hearing, or other open court proceeding, they are required to give the Third Party 10 days' written notice."

II.  **Dell's Confidential Discovery Material Should Be Protected In Depositions – Paragraph 5**

Paragraph 5 of the Proposed Order provides a mechanism to treat deposition testimony as confidential, but this paragraph does not provide adequate protection to Third Parties. Since Dell is a non-party, it will not be attending all depositions, which makes it difficult -- if not impossible -- for Dell to protect its Confidential Discovery Material used during depositions, especially of former Dell employees or witnesses who have never been a Dell employee but whom might be shown Dell Confidential Discovery Material. Moreover, it would be unfair, as currently provided in Paragraph 5, for such a "witness or his or her attorney" to be given the transcript for purposes of designating it as confidential, as neither the witness nor their attorney would necessarily have Dell's interests in mind. (*See* Paragraph 5.) For that same reason, it would also be unfair for "those attending the deposition" to "agree at its conclusion that it may be treated as non-confidential." (*Id.*)

Dell requests that all deposition questions, testimony, and exhibits reflecting its Confidential Discovery Material be automatically designated as Confidential Discovery Material and that no such designation may be changed unless Dell is afforded the procedures of Paragraph 16 of the Proposed Order. Dell requests that the following language be added to Paragraph 5:

> "If Confidential Discovery Material of a Third Party is disclosed in questions, answers, objections, exhibits, or otherwise during a deposition, the entire deposition (including exhibits) shall be designated "Confidential Discovery Material" unless and until the Third Party otherwise agrees or the procedures of Paragraph 16 are followed. No witness, attorney, or other person attending the deposition, unless it is an attorney for the Third Party, may make any agreement or designation to the contrary."

III. **Witnesses Should Be Required To Sign An Acknowledgement Of Protective Order Before Being Shown Dell's Confidential Discovery Material – Paragraph 10**

Paragraph 10 addresses the use of Confidential Discovery Material with a Producing Party's former employees and the author / recipients of the Confidential Discovery Material.

3

Paragraph 10, however, does not require that such a witness be informed of the protective order *before* counsel discloses Confidential Discovery Material and does not *require* the witness to sign the Acknowledgment of Protective Order. Further, Paragraph 10 provides that former employees of one Party who are currently employed by the opposing Party may not be shown Confidential Discovery Material, but no such protection exists for Third Parties.

Dell requests three changes to Paragraph 10. First, the first word of Paragraph 10 – "upon" – should be changed to "before," much like Paragraph 11. Second, if the witness refuses to sign the Acknowledgement of Protective Order, Dell should be given 10 days' written notice and have the opportunity to determine whether, for example, a former employee is bound by a confidentiality provision in a Dell employment agreement or is otherwise independently bound to keep Dell's information confidential. If the witness has no such obligation, Dell would then have the opportunity to seek relief from the Court regarding whether and the extent to which the witness could be provided access to Dell's Confidential Discovery Material. Third, if a former Dell employee or other potential witness is employed by a Dell competitor or other Producing Party, that witness should not be shown Dell Confidential Discovery Material except by separate written agreement.

These changes would afford Dell reasonable protection while not unduly burdening the Parties. Dell requests that Paragraph 10 be replaced with the following:

> "Before disclosing Confidential Discovery Material pursuant to paragraphs 6(f) or 6(g), other than to a current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, counsel shall inform the witness of the existence of this Order, the confidential status of the information disclosed, and the restriction that the information not be further disseminated or used for any purposed other than the litigation. Before the disclosure, the witness shall sign and be provided a signed copy of the Acknowledgement of Protective Order set forth and attached hereto. If the witness will not sign the Acknowledgement, the Confidential Discovery Material may not be disclosed. Counsel may thereafter provide 10 days' written notice to the Third Party whose Confidential Discovery Material is

4

at issue. The notice shall identify the witness and the Confidential Discovery Material involved with specificity (by document control numbers, deposition transcript page and line references, or other means sufficient to easily locate such materials). Unless agreement is reached or the Court orders otherwise, at the end of 10 days, the Confidential Discovery Material may be disclosed to the witness under the same terms as if the witness had executed the Acknowledgement of Protective Order. No copies of Confidential Discovery Material shall be provided to a witness other than for purposes of the deposition examination without the written consent of the Producing Party. No Confidential Discovery Material of a Party shall be shown to a former employee of a Party employed by the opposing Party, except pursuant to separate written agreement. No Confidential Discovery Material of a Third Party shall be shown to a witness employed by a competitor of that Third Party or other Producing Party, except pursuant to separate written agreement."

IV. **Dell Should Be Notified And Given The Opportunity To Protect Its Confidential Discovery Material That Is Filed Under Seal If That Information Might Be Unsealed – Paragraph 23**

The Proposed Order contemplates that the Parties could file Dell Confidential Discovery Material so long as it is filed under seal. (Proposed Order ¶¶ 23-24.) The Proposed Order does not, however, contain any procedure requiring the Parties to give Dell notice before any effort is made to unseal its Confidential Discovery Material. Dell requests a 10-day written notice and asks the Court to add the following language to Paragraph 23 of the Proposed Order:

"Before the Confidential Discovery Material of any Third Party may be unsealed, the Parties are required to give the Third Party 10-days' written notice of the possibility that the material might be unsealed. The notice shall identify the Confidential Discovery Material involved with specificity (by document control numbers, deposition transcript page and line references, or other means sufficient to easily locate such materials)."

V. **Dell Should Be Informed Of The Identities Of In-House Litigation Counsel Given Access To Its Confidential Discovery Material – Paragraph 6(c)**

Paragraph 6(c) provides that the identity of "In-House Litigation Counsel" shall be disclosed to the opposing Party, but it says nothing about Third Parties. Dell requests that it too be provided the identities of In-House Litigation Counsel to whom its Confidential Discovery Material is shown. Dell requests that Paragraph 6(c) be replaced by the following:

"Two In-House Litigation Counsel identified to the Producing Party;"

VI. **Dell's Confidential Discovery Material Should Not Be Used In The "Japan Litigation" Until The Japan Court Permits Discovery And Enters An Adequate Protective Order**

There are various provisions of the Proposed Order that would allow Dell's Confidential Discovery Material to be used in the Japan Litigation. (*See, e.g.*, Definitions B, I, K, L, O and ¶¶ 1, 2, 6(d), 6(h), 8, 11, 17, 18, 20-22, and 26-28.) But the Japan court has apparently not entered any protective order, the Parties have not indicated that they have requested a protective order, and it is unclear whether the Japan court will do so or that it even has the power to do so. (*See id.* ¶ 6(d) (recognizing that the Japan court has not instituted procedures to protect confidentiality) and ¶ 21 (same).) Due to this uncertainty, Dell asks the Court to modify the Proposed Order to disallow discovery conducted under this Court's protective order to be used in the Japan Litigation. If and when the Japan Court addresses third-party discovery and confidentiality, Dell will be in a position to evaluate the protections offered by that court and express any concerns at that time. Moreover, AMD and Intel should not be able to end run discovery protections that might be available to non-parties in the Japan Litigation by conducting U.S.-based discovery and shipping it all to Japan. If Dell is entitled to protections from discovery in the Japan litigation, Dell should not be forced to waive those protections by participating in discovery in this case.

Dell requests that the Japan Litigation be excluded from the Proposed Order entirely, including the following: (1) that Definitions B, K, and O be deleted, (2) that Definitions I, J, L, and M have references to "Japan Litigation" removed, (3) that Paragraphs 1, 2, 6(d), 8, 11, 17, 18, and 26-28 have references to "Japan Litigation" removed, (4) that Paragraphs 6(h) and 20-22 be deleted, and (5) that the Japan Counsel and Japan Expert/Consultant Acknowledgement of Protective Order be deleted.

VII. **Dell Should Be Able To Produce All Responsive Information Without The Burden Of The Proposed Notification Process – Paragraph 18**

As a buyer of microprocessors and chipsets, Dell has received from both AMD and Intel technical and financial information that AMD and Intel consider confidential to themselves. Dell estimates that it has thousands of documents that may contain confidential AMD or Intel information. Dell is prepared to produce to all Parties -- with the confidentiality legend required by the Proposed Order – the information it has received from AMD and Intel.

The Proposed Order, however, would require Dell to engage in the burdensome and costly process of a document-by-document analysis to determine whether a responsive document might contain information that AMD or Intel consider to be confidential, give notice to AMD or Intel of the possible production, wait to see if AMD or Intel have objections to the production, and then wait until any objections are resolved. (Proposed Order ¶ 18.) Neither AMD nor Intel have explained why Dell cannot produce their Confidential Discovery Material to the other party so long as it is labeled "confidential" as required by the Proposed Order. Moreover, as a non-party to this matter, Dell should not be required to devote the substantial attorney time it would take to resolve confidentiality issues on a document-by-document basis. Dell requests that the first sentence of Paragraph 18 remain in the Proposed Order, but that the remainder of that paragraph be deleted. Alternatively, Dell requests that AMD and Intel simply agree that it can produce documents without regard to the process set forth in Paragraph 18.

VIII. **Dell Should Have More Than 10 Days To Respond To A Challenge To A Confidentiality Designation**

AMD and Intel have agreed to respond to each other within 10 days of a challenge to confidentiality designations. (Paragraph 16.) No doubt AMD and Intel will have armies of lawyers working on this case for years to come. Dell, on the other hand, will have little or no involvement in this litigation once it produces documents. If Dell's confidentiality designations

are challenged, it will reasonably take more than 10 days to respond to such a challenge. Dell requests that the "ten (10) court days" provision of Paragraph 16(a), (b), and (e) be changed to "thirty (30) calendar days" for challenges to Third-Party designations.

IX. **Miscellaneous**

    A. <u>Definition J Should Extend to the Conclusion of "All" Litigation, Not "Any" of the Litigation</u>

Definition J ("In-House Litigation Counsel") restricts certain conduct for a period of "one year following the conclusion of *any* of" the litigation. The word "any" should be changed to "all" to effectuate the apparent intent of the definition – to prevent in-house counsel for a Party who has been permitted access to Confidential Discovery Material from engaging in certain business/legal functions for one year after the litigation is concluded. The definition could alternatively be modified to track the "whichever occurs later" language of Paragraph 8, which refers to a one-year prohibition on In-House Litigation Counsel participating in the patent process.

    B. <u>Definitions J, L, and M Omit Reference to "California Class Litigation"</u>

Definition J ("In-House Litigation Counsel"), Definition L ("Producing Party" and "Receiving Party") and Definition M ("Third Party") refer to the AMD Litigation, the Class Litigation, and the Japan Litigation, but they do not refer to the California Class Litigation. Counsel for AMD informed Dell that the omission appeared to be inadvertent. If intentional, however, Dell reserves the right to respond to any explanation of the purpose of intentionally omitting this litigation from these definitions.

    C. <u>Paragraph 15 Omits Reference To "Japan Litigation"</u>

Paragraph 15 refers to the AMD Litigation, the Class Litigation, and the California Class Litigation, but it does not refer to the Japan Litigation. It is unclear whether this omission was

intentional. As noted above, Dell believes that the Proposed Order should not allow for discovery in the Japan Litigation. Nevertheless, should the Court allow the Parties to use Confidential Discovery Materials of Third Parties in the Japan Litigation, Dell asks the Court to include "Japan Litigation" in Paragraph 15.

    D.    <u>Paragraph 6(b) May Contain An Incorrect Reference</u>

Paragraph 6(b) refers to "limitations set forth in Paragraph 10 herein." It appears to Dell that this provision should reference Paragraph 11, rather than Paragraph 10.

Dated: May 19, 2006

Respectfully submitted,

_____
Thomas R. Jackson, Esq.
  trjackson@jonesday.com
**Daniel T. Conrad, Esq.**
  dtconrad@jonesday.com
**JONES DAY**
**2727 North Harwood Street**
**Dallas, Texas 75201-1515**
**Telephone: 214-220-3939**
**Facsimile: 214-969-5100**

**Attorneys for Dell Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on May 19, 2006, a true and correct copy of Dell Inc.'s Objections and Comments to Proposed Protective Order was sent to the clerk's office to be filed electronically and, pursuant to the Court's May 1, 2006 Order, served contemporaneously on the following:

Frederick L. Cottrell, III at cottrell@rlf.com

Chad M. Shandler at shandler@rlf.com

Richard W. Horwitz at rhorwitz@potteranderson.com

W. Harding Drane, Jr. at wdrane@potteranderson.com

James L. Holzman at jlholzman@prickett.com

J. Clayton Athey at jcathey@prickett.com

_____
Daniel T. Conrad

DLI-6003857v1