IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : MDL Docket No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| Plaintiffs, | : Civil Action No. 05-485-JJF[1] |
| v. | : CONSOLIDATED ACTION |
| INTEL CORPORATION, | : |
| Defendant. | : |

B.J. Wade, Esquire of GLASSMAN, EDWARDS, WADE & WYATT, P.C., Memphis, Tennessee.
Of Counsel: William M. Audet, Esquire, Michael A. McShane, Esquire, and Ryan M. Hagan, Esquire of ALEXANDER, HAWES & AUDET LLP, San Jose, California.
Attorneys for Plaintiff Cory Wiles.

Rex A. Sharp, Esquire and Barbara C. Frankland, Esquire of GUNDERSON, SHARP & WALKE, L.L.P., Prairie Village, Kansas.
Attorneys for Plaintiff Marvin D. Chance, Jr..

Jef Feibelman, Esquire and Mary Hale, Esquire, of BURCH, PORTER & JOHNSON, PLLC, Memphis, Tennessee.
Tim J. Moore, Esquire and Robert W. Coykendall, Esquire of MORRIS LAING, Wichita, Kansas.

---

[1]   The two Motions under consideration in this Memorandum Opinion were originally filed in Wiles v. Intel, Civil Action No. 05-914-JJF, and Chance v. Intel, Civil Action No. 06-265-JJF, which were consolidated into the above captioned action by the Court's Memorandum Order dated April 18, 2006 (D.I. 51).

<u>Of Counsel</u>: David M. Balabanian, Esquire, Christopher B. Hockett Esquire, and Joy K. Fuyuno, Esquire of BINGHAM McCUTCHEN LLP, San Francisco, California and Richard A. Ripley, Esquire and Gregory F. Wells, Esquire of BINGHAM McCUTCHEN LLP, Washington, D.C.. Attorneys for Defendants.

---

**MEMORANDUM OPINION**

May 22, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court are Plaintiffs' Motions To Remand (Civ. Action No. 05-914, D.I. 23; Civ. Action No. 06-265, D.I. 33). Plaintiff Cory Wiles ("Wiles") requests the Court to remand his case to the Circuit Court of Shelby County, State of Tennessee. Plaintiff Marvin D. Chance ("Chance") requests the Court to remand his case to the District Court of Seward County, Kansas. Both Plaintiffs base their Motions on the grounds that this Court lacks subject matter jurisdiction. For the reasons discussed, the Court will deny Plaintiffs' Motions.

## BACKGROUND

On June 27, 2005, Advanced Micro Devices, Inc. ("AMD") filed a Complaint against Defendant Intel Corporation ("Intel") in this Court alleging antitrust law violations, under the Sherman Act and California state law, involving Intel's domination of the market for x86 microprocessors. That Complaint was followed in rapid succession by the filing against Intel of at least seventy-three class action, antitrust complaints, all of which borrowed liberally from AMD's Complaint. Almost all of the class action suits were originally filed in Federal District Courts. Plaintiffs' Complaints were filed in the Circuit Court of Shelby County, State of Tennessee and the District Court of Seward County, Kansas.

On August 18, 2005, Wiles filed a First Amended Complaint.

1

(See Civ. Action No. 05-914, D.I. 24, Ex. A.) Later that same day, Intel filed a Notice of Removal (Civ. Action No. 05-914, D.I. 21, Attachment 1) in the United States District Court for the Western District of Tennessee, Western Division. On September 2, 2005, Wiles filed his Motion To Remand in the Western District of Tennessee. On December 6, 2005, the Judicial Panel on Multidistrict Litigation issued an Order transferring Wiles's case and twenty other related class actions to this Court. (Civ. Action No. 05-914, D.I. 21, Attachment 37.)

Chance filed his Complaint on August 22, 2005. On October, 3, 2005, Intel filed a Notice Of Removal in the United States District Court for the District of Kansas. On November 2, 2005, Chance Filed his Motion To Remand in the District of Kansas. On April 12, 2006, the Judicial Panel on Multidistrict Litigation issued an Order transferring Chance's case to this Court. (Civ. Action No. 06-265, D.I. 30, Attachment 55.)

## DISCUSSION

Plaintiffs contend that this Court should remand their cases to the state courts for lack of jurisdiction, because the aggregated amounts in controversy are less than $5,000,000. Under the Class Action Fairness Act of 2005,("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), this Court has jurisdiction over a purported class action where the amount in controversy exceeds $5,000,000, diversity of citizenship exists between at least one

2

class member and one defendant, 28 U.S.C. § 1332(d)(2), and the number of class members is at least 100, Id. § (d)(5)(B). Here, Plaintiffs dispute only the amount in controversy. Plaintiffs argue that the CAFA leaves the burden of establishing federal jurisdiction on a removing defendant and that Defendants have not met that burden. Defendants contend that CAFA eliminated any presumption in favor of remand and shifted to Plaintiffs the burden of proving that federal jurisdiction does not exist. Defendants further contend that, even if the burden of proof remains on them, they have provided evidence sufficient to establish that the amount in controversy in each case exceeds $5,000,000.

The statute itself is silent on the issue of whether, under CAFA, a plaintiff seeking remand to state court bears the burden of proving that federal jurisdiction does not exist. The Third Circuit has not yet addressed this issue. The two Circuit Courts that have addressed the issue both held that, under CAFA, the burden of establishing federal jurisdiction remains on the removing defendant. Antonio Abrego Abrego et al. v. The Dow Chemical Co. et al., 443 F.3d 676, 685 (9th Cir. 2006); James Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005). This Court need not address this issue, however, because, even assuming that the burden of proof remains on them, Defendants have satisfactorily shown that the amount in

3

controversy in each case exceeds the statutory threshold of $5,000,000.

"Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." Brill, 427 F.3d at 448-449 (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)). Here, Defendants have shown that the relief claimed by Plaintiffs amounts to more than $5,000,000 in each case. Defendants' contentions with regard to the amounts in controversy are based on the following: U.S. Census data on the populations of Tennessee and the applicable Kansas counties, U.S. Census data on computer ownership and purchases in the relevant time period, Intel's share of the x86 microprocessor market as alleged in Plaintiffs' Complaints, the average cost of personal computers containing x86 microprocessors, and the relief requested in Plaintiffs' Complaints. The Court finds Defendants' evidence and calculations sufficient to carry their burden to set out the amount in controversy. In response, Plaintiffs have criticized Defendants' calculations, but have not offered their own evidence, calculations, or estimates of the amount in controversy other than the unsupported assertions in their Complaints that their claims do not exceed $5,000,000. Therefore the Court concludes that, in each case, the amount in controversy exceeds $5,000,000. Thus, the Court has jurisdiction to hear

4

these cases under 28 U.S.C. §§ 1332 & 1453 .  Accordingly, the Court will deny Plaintiffs' Motions.

    An appropriate order will be entered.