**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | ) | MDL No. 05-1717-JJF |
| PHIL PAUL, *on behalf of himself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**CLASS PLAINTIFFS' MEMORANDUM IN OPPOSITION TO NATIONAL PLAINTIFFS' GROUP'S MOTION TO FILE CONSOLIDATED COMPLAINT**

James L. Holzman (DE Bar # 663)
J. Clayton Athey (DE Bar #4378)
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
Wilmington, DE 19801
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
mhausfeld@cmht.com dsmall@cmht.com
blandau@cmht.com abaker@cmht.com

May 26, 2006

Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM, LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony Shapiro
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com
craig@hbsslaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

*Co-Lead and Interim Counsel for Plaintiffs*

## INTRODUCTION

Just over five weeks ago this Court entered an order appointing interim class counsel ("Class Counsel"). *See* April 18, 2006 Order (the "Order"), D.I. 51 in MDL No. 05-1717. Just four weeks ago, pursuant to the authority specifically granted to them by the Order, Class Counsel filed a consolidated class action complaint (the "Complaint") (D.I. 59 in MDL No. 05-1717). The Complaint represents the best judgment of Class Counsel as to the claims to be included and the manner in which to plead them, after soliciting input from all co-counsel and receiving input from some of them. Class Counsel specifically considered the views of the Wolf Haldenstein Group ("WH Group")[1] -- and are adding another state law claim to the amended consolidated complaint, filed on May 26, 2006, after careful consideration of those views. Class Counsel are convinced, however, that the other claims and allegations proposed by the WH Group are without merit.

The WH Group seeks to file its own class action complaint in direct contravention of the Order. The Order authorizes Class Counsel, and only Class Counsel (and their authorized delegates), to act on behalf of the putative class in MDL No. 1717. The Order is an important management tool, to avoid precisely the lack of coordination and the delay already occasioned by the WH Group's motion. If that group truly believes that it must plead its claims differently, its sole option is to allege the *individual* claims of the group in a separate complaint; the group cannot attempt to represent a competing class.

---

[1] In its motion (D.I. 63 in MDL No. 05-1717), the WH Group refers to itself as the "National Plaintiffs' Group."

## ARGUMENT

### A. The Order Gives Class Counsel Sole Authority to File a Complaint on Behalf of the Putative Class.

The Order authorizes Class Counsel, and only Class Counsel, to file a consolidated complaint on behalf of the putative class. The WH Group's motion seeks leave to file a class action complaint in violation of the Order.

The Order provides in relevant part that Class Counsel "on behalf of Plaintiffs and other members of the proposed class shall" (¶ 7):

- "be generally responsible for coordinating the activities of Plaintiffs during pretrial proceedings" (¶ 7);

- "determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings" (¶ 7(a));

- "direct and execute on behalf of Plaintiffs, all pleadings and other filings with the Court" (¶ 7(b));

- "monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided" (¶ 7(i)); and

- "perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities." (¶ 7(j)).

The Order also directed "Interim class counsel" to file a consolidated class action complaint by April 28, 2006 (¶ 9). The Order could not be clearer: Class Counsel, and only Class Counsel, were authorized – indeed, obligated – to file a consolidated complaint on behalf of the proposed class.

Pursuant to the Order, Class Counsel did file the Complaint on April 28, 2006. In drafting the Complaint, Class Counsel gave full consideration to all suggestions that they

solicited and received from co-counsel, including from the WH Group. *See* May 4, 2006 Hearing Tr. at 10, Ex. A. (advising Court that Class Counsel gave "very, very serious consideration to the comments that were sent by Mr. Levitt and Mr. Isquith."). But, at the end of the day, Class Counsel have the authority and duty to exercise their best judgment as to how to plead the Complaint. Class Counsel, in the exercise of that authority, and after carefully researching the legal issues involved, simply did not agree with several of the WH Group's suggestions.[2]

In their motion, the WH Group points to no authority that permits it to file a competing class action complaint. That is no surprise: neither the Order nor any other source provides such authority. To the contrary, the Order authorizes only Class Counsel to file a complaint on behalf of the proposed class.[3]

---

[2] Class Counsel have compelling reasons for rejecting proposed changes of the WH Group. But they also believe that it would be inappropriate to state those reasons here. Doing so would require disclosure of work product to the possible detriment of plaintiffs. Further, Class Counsel are reluctant to set a precedent that non-Class Counsel, whenever they disagree with a litigation decision by Class Counsel, can demand that Class Counsel justify their decision to the Court. That process would be wasteful and time consuming, and would lead to substantial delay.

Class Counsel note, however, that in response to further comments received from the WH Group more recently, they added a state law claim to the First Amended Consolidated Complaint, which they are filing along with this Opposition, and also allege therein that they are in the process of complying with the procedural prerequisites to adding another state law claim (under Hawaii antitrust law). While Class Counsel are complying with Hawaii's procedural requirements, the WH Group is not. For example, an indirect purchaser class action under Hawaii antitrust law must be filed initially under seal, *see* Haw. Rev. Stat. 480-13.3(a)(1), but the WH Group is not attempting to do so.

[3] The motion also falsely accuses Class Counsel of refusing to include the WH Group plaintiffs in the Complaint. In fact, these plaintiffs were not included because their counsel instructed Class Counsel not to include them unless Class Counsel would also include all of the WH Group's requested changes to the Complaint. The WH Group recently reiterated that position in writing. *See* May 22, 2006 Letter from A. Levitt to Class Counsel, attached hereto as Exhibit B ("we do not authorize you to seek leave to file – or otherwise file – the Proposed Amended Complaint on our clients' behalf") (emphasis in original).

**B. Permitting the WH Group's Complaint to be Filed Would Defeat the Purpose of Establishing a Leadership Structure.**

For the above reasons, the Order requires that the motion be denied. Nonetheless, class plaintiffs also note that the purpose of such a case management order is to avoid the very lack of coordination, inefficiency, and delay already created by the motion. *See In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977) ("within proper limits, judges must be permitted to bring management power to bear upon massive and complex litigation to prevent it from monopolizing the services of the court to the exclusion of other litigants."); *In re Diet Drugs Prods. Liability Litig.*, 2002 WL 32154197 at *17 (E.D. Pa. Oct. 3, 2002) ("[i]t is now commonly accepted in complex multiparty litigation that a court can and in fact should appoint a committee . . . to coordinate the litigation and ease the administrative burden of the court.") (Exhibit C); *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554-55 (S.D. Ohio 2005) ("Because of the large number of parties in this ERISA action, efficient management of the action mandates the selection of lead counsel and liaison counsel."). Because of the motion, Intel does not know which complaint to respond to, and the date for Intel to respond to a class complaint has been delayed. The Court should not permit the WH Group to cause further waste and delay.

**C. The WH Group's Sole Recourse is to Separately Assert Their Individual Claims.**

If the WH Group plaintiffs believe that the Complaint fails to best represent their interests, then they may file their own complaint asserting their own individual claims. *See* Fed. R. Civ. P. 23; advisory committee notes (1966), Fed. R. Civ. P. 23(c)(2). This

opportunity to effectively "opt-out" of the putative class allows plaintiffs who believe that their claims are best pursued separately to do so. *See* Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 1787 (2005) ("[T]he opt-out procedure preserves the right of potential class members who feel that their interests are in conflict with or antagonistic to the other class members to bring their own actions."). The WH Group may file individual claims for each plaintiff in the group, but it may not file a competing class action complaint.

**CONCLUSION**

For the foregoing reasons, the Court should deny the National Plaintiffs' Group's Motion for Leave to File a Consolidated Class Action Complaint.

PRICKETT, JONES & ELLIOTT, P.A.

James L. Holzman (DE Bar # 663)
J. Clayton Athey (DE Bar #4378)
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
Wilmington, DE 19801
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com

*Plaintiffs' Interim Liaison Counsel*

*Co-Lead and Interim Counsel for Plaintiffs*:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com abaker@cmht.com

Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM, LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony Shapiro
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com
craig@hbsslaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

# Exhibit A

*Phil Paul   v.*
*Intel Corporation*

---

*Hearing*
*May 4, 2006*

---

*Hawkins Reporting Service*
*715 N King Street*
*Suite 3*
*Wilmington, DE  19801*
*(302) 658-6697*

*Original File INTEL.V1, 34 Pages*
*Min-U-Script® File ID: 0054740140*

**Word Index included with this Min-U-Script®**

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: )
INTEL CORP. MICROPROCESSOR ) MDL Docket No.
ANTITRUST LITIGATION ) 05-MD-1717-JJF
PHIL PAUL, on behalf of ) Civil Action No.,
himself and all others ) 05-485-JJF
similarly situated, )
Plaintiffs, )
v. )
INTEL CORPORATION, )
Defendant. )

United States District Court
866 King Street - Fourth Floor
Wilmington, Delaware
Thursday, May 4, 2006
3:00 p.m.

BEFORE: THE HONORABLE JOSEPH J. FARNAN, JR.
United States District Judge

APPEARANCES:
JAMES L. HOLZMAN, ESQ.
MICHAEL D. HAUSFELD, ESQ.
DAVID NALVEN, ESQ.
For the Class Plaintiffs
ADAM J. LEVITT, ESQ.
ROBERT GOLDBERG, ESQ.
For the National Plaintiffs Group

Page 2

APPEARANCES CONTINUED:
RICHARD L. HORWITZ, ESQ.
CHRISTOPHER B. HOCKETT, ESQ.
RICHARD A. RIPLEY, ESQ.
PETER MOLL, ESQ.
For Intel
FREDERICK L. COTTRELL, III, ESQ.
For AMD

Page 3

**THE COURT:** Okay. Be seated. Good afternoon.

**MR. HOLZMAN:** May it please the Court, good afternoon, Your Honor. I rise as interim class counsel — interim liaison counsel. Excuse me. Now I've got it right. I blew it the first time. To introduce a few of the people on our side of the table today.

First my immediate right behind me Michael Hausfeld, a member of the District of Columbia Bar and a partner at the Cohen Milstein Firm.

**THE COURT:** Good afternoon and welcome.

**MR. HOLZMAN:** Michael Lehmann of the Furth Firm of San Francisco. A member of the California Bar.

**THE COURT:** Good afternoon and welcome.

**MR. HOLZMAN:** Rick Saveri of Saveri & Saveri. Also San Francisco California and a member of the California Bar.

**THE COURT:** Good afternoon and welcome.

Page 4

**MR. HOLZMAN:** And David Nalven a member of the Hagens Berman Firm of Cambridge and that's Massachusetts. I almost said Maryland Eastern Shore, I'm just kidding. A member of the Massachusetts Bar.

**THE COURT:** Good afternoon.

**MR. HOLZMAN:** And let me introduce if I might Your Honor, if you can bear with me. I may as well run the table since I'm on a role. Dan Small also of Cohen Milstein, a member of the D.C. Bar. Allyson Baker of Cohen Milstein, D.C. Bar. Brent Landau also a member of the D.C. Bar and with the Cohen Milstein Firm. Though he is now in the Philadelphia office.

Of course Your Honor knows my colleague Rob Goldberg from the Biggs and Battaglia Firm. And next to him Adam Levitt of the Wolf Haldenstein Firm. And then there are a number of people in the gallery and I think I better stop there and I'll turn the podium over to Mr. Horwitz.

Most of the presentation today, most but not all, will be made by Mr. Hausfeld. Thank you, Your Honor.

Page 5

**THE COURT:** Thank you. Mr. Horwitz.

**MR. HORWITZ:** Good afternoon, Your Honor. Rich Horwitz from Potter Anderson on behalf of Intel. We have some new people here today and some people that were here the last time we were in front of the Court on the AMD matter.

To my immediate left is Chris Hockett from Bingham McCutchen.

**THE COURT:** Good afternoon. Welcome.

**MR. HORWITZ:** Rick Ripley also from Bingham McCutchen.

**THE COURT:** Good afternoon and welcome.

**MR. HORWITZ:** And then Peter Moll and Darren Bernhard from Howrey.

**THE COURT:** Welcome back.

**MR. HORWITZ:** And Eva Almirantearena from Intel.

**THE COURT:** Good afternoon to you.

**MR. HORWITZ:** And Mr. Hockett will be leading off for us, Your Honor.

**THE COURT:** All right. Thank you,

Page 6

Mr. Horwitz.

**MR. HORWITZ:** We had sent in a proposed agenda and we didn't hear back from the Court. We're prepared to discuss whatever the Court wants to talk about.

**THE COURT:** All right. I reviewed your agenda and of course I think you all are familiar with what we discussed at the last conference, and have some idea how I intend to proceed. So I thought what I would do today is hear the parties. Give you any guidance you thought would be helpful.

And then hopefully as a result of this conference we'll move on to some orders that put the case in motion. What's that word, expeditiously. I use it lightly. All right. You're both going to the podium.

**MR. HOCKETT:** Who would you like to hear from first, Your Honor?

**MR. HAUSFELD:** I don't think there is much disagreement with regard to some of the issues on the agenda. So I think if both of us actually —

**THE COURT:** All right. We've got

Page 7

two microphones so why don't you hit the items on the agenda and then tell me what you don't disagree on and then we can address what you do disagree on.

**MR. HOCKETT:** Splendid. Thank you, Your Honor. One item that is not on the agenda that we discussed briefly before the commencement of today's conference was the item filed recently by the National Plaintiffs' Group. A separate consolidated class plaintiffs' complaint. I don't know if that has made it before Your Honor or not?

**THE COURT:** It has.

**MR. HOCKETT:** From the standpoint of the defendant, we don't have a dog in the fight except that we want to be able to deal with one complaint in a cohesive group representing the plaintiff. So we want to put that issue on the table. I have discussed it with Mr. Hausfeld and he has a proposal with which we are in agreement.

Do you want to talk about that?

**MR. HAUSFELD:** First, Your Honor, we believe that we would like the opportunity to respond in accordance with the normal time

Page 8

schedule to the motion filed. But in the interim we ask if Intel would have any objection to us seeing if we could work out some resolution within the next seven days. Which we would file another amended complaint to which they would then respond without any prejudice to them or in the insistence that we missed any time schedule for the Court.

**MR. HOCKETT:** Your Honor, if it takes a week to straighten this out we would be happy to do it provided we got an additional week to respond to the new complaint.

**THE COURT:** Mr. Goldberg.

**MR. GOLDBERG:** Your Honor, may I introduce my co-counsel and ask that we speak briefly on this issue?

**THE COURT:** Sure.

**MR. GOLDBERG:** Your Honor, I just

moved for Mr. Levitt's admission pro hac vice —

**THE COURT:** It will be granted.

**MR. LEVITT:** Thank you very much, Your Honor. I'm Adam Levitt of the Wolf Haldenstein Firm in Chicago. This is the first I have heard of the idea to push things off for a week to try to work things out with us, I guess.

Page 9

And what I don't understand respectfully is we had our papers up earlier this week. If Mr. Hausfeld and his group wish to speak with us in advance of today's hearing we were willing to speak with him. I suggest if they are really interested in speaking to us and if they have an idea in mind that if Your Honor could put off this hearing for about half an hour or so and have them speak with us outside to see whether there is something we can work out.

Because we think, Your Honor, the consolidated complaint that the San Francisco group, I would call, that Your Honor had appointed interim class counsel raised very serious issues particularly because as we pointed out in our papers they unilaterally expelled our clients and their claims from this case. Under Your Honor's order and the Federal Rules and the MDL Rules, they can't do that, Your Honor.

Respectfully we aren't here to reargue Your Honor's ruling of last month. That is not our goal. Our goal right now is our clients and their claims are left entirely outside of the case through a unilateral action that is

Page 10

simply not right.

So we need the Court's help. That's what we're here for today. If Your Honor would like I can go more into exactly what we believe the problems are. And the shortcomings that we attempted to work out with interim class counsel last week. Going so far as respond to their own invitation to us to supply our comments and proposed changes to their consolidated complaint which we did virtually over night last week from Wednesday into Thursday.

And their response at that point was, we're sorry, we don't want you in the case. And we're not filing with your clients or your claims. It's just unacceptable, Your Honor, and we need relief.

So I'm not sure what Your Honor would like to do but we're willing to speak to them to see whether or not they're willing to consider our situation now because as it is now our clients have been left out as have their claims.

**MR. NALVEN:** Respectfully, Your Honor. David Nalven from Hagens Berman. Given

Page 11

that Mr. Isquit's (phonetic) papers and Mr. Levitt's papers were filed two days ago. We think that the Court would benefit from hearing our composed response, a written response, rather than having to argue this motion by ambush.

Having said that Your Honor I want to assure you of two things. The first is that the leadership group that you appointed had given very, very serious consideration to the comments that were sent by Mr. Levitt and Mr. Isquit. And the leadership group made a decision that in the best interest of the class the pleading suggestions that they made simply wouldn't work.

We believe that this is in fact an effort to challenge Your Honor's appointment of this leadership group. We also want Your Honor to know that there were serious communications between our group and Mr. Isquit's and Mr. Levitt's group. And there were e-mails which reflect those efforts by us to obtain comments early in this process and in connection with our response to the motion that was filed just two days ago.

We would be glad if Your Honor would

Page 12

like to present those e-mails. To demonstrate not only that the claim has no merit, but also that the motion made has serious Rule 7.11 problems. So I would respectively suggest that this hearing go forward as Your Honor has scheduled it and that we respond in due course to the motion that was made by Mr. Levitt and Mr. Isquit's group.

**MR. LEVITT:** We have the e-mails, Your Honor, if Your Honor is interested. I don't see why we should wait at this point.

**THE COURT:** I want to give both sides of the issue a full and fair opportunity to give me their thoughts. And I would like an opportunity to read both side's thoughts and reflect on them. And if I have questions have you back here to answer the questions.

But if I don't have any questions to make a decision and place a decision for you to read and take whatever action you think is appropriate. So my view, and I guess we're going to be spending a lot of time together, is that we get a written response. If you want to talk about some other type of solution you can do that in the time frame.

Page 13

I have no problem putting an issue of seven days or fourteen days. And if you can't resolve it putting a paper in place, getting a reply paper and then we'll talk. That's the way that I would like to proceed unless someone is going to fall off the earth if I do it that way. I think it just gives everybody a chance to be fully heard.

**MR. LEVITT:** Thank you, Your Honor.

**THE COURT:** Do I understand that you're first going to discuss it with each other for seven days and then there is going to be in accordance of the rules with that seven day period excluded a paper filed if there is not a solution and then a reply paper?

**MR. HAUSFELD:** Yes, Your Honor.

**MR. LEVITT:** Yes, Your Honor.

**THE COURT:** Thank you.

**MR. HOCKETT:** Your Honor, from Intel's perspective we don't care really how this comes only that we still have 60 days to respond to whatever fleeting is —

**THE COURT:** And you're protected on

Page 14

a like extension.

**MR. HOCKETT:** Thank you, Your Honor. I appreciate that. If we're ready to move to items one and two. My partner Rick Ripley is going to handle one and two and then I'll be back.

**MR. HAUSFELD:** Was that a warning?

**THE COURT:** Just information.

**MR. HAUSFELD:** With respect to item one I don't think that there is any dispute among the parties. These issues related to jurisdiction are fully briefed and await Your Honor's decision.

**MR. RIPLEY:** Intel agrees they are fully briefed. We would defer to the Court whether Your Honor thinks that the Court would benefit from argument. This involves the criteria under the Class Action Fairness Act which is fairly new. And there are two trends that are developing in terms of how that law should be applied.

We certainly take one side, the two plaintiffs in the Wiles case which comes out of the Western District of Tennessee and the Chance

Page 15

case which comes out of the District of Kansas which you recently have

received pursuant to CTO Number One, take the other side of that.

And we will defer to the Court whether the Court would think oral argument on this new area of law would be beneficial in addition to the briefs.

**THE COURT:** We are going to have argument on the papers. And we will try through my case manager to get a convenient date for everybody. And hopefully we will be able to get it done in the next two to three weeks. I don't know what your schedules are like but I have time in May to hear you. But I do want to have argument.

**MR. RIPLEY:** That's fine, Your Honor. And we're happy to relay available dates. Counsel for those two actions aren't here today. One is located in San Francisco and the other one is in Kansas. But we're happy to give the Court the available —

**THE COURT:** Right. If you could talk with the case manager and she'll have my availability and we can fit something in there.

Page 16

**MR. HAUSFELD:** The second item is your response.

**MR. RIPLEY:** Thank you. The response, we teased that a little bit with respect to the unscheduled issue. In talking with Mr. Hausfeld and Mr. Small, we were going to explore the briefing schedule on the motion to dismiss that we will be filing. We have seen both versions of the consolidated complaint and we think they are defective. And whichever one remains after this discussion over seven days and possible additional briefing we're going to be filing a motion to dismiss.

The plaintiff's counsel has asked that when they receive our motion that we talk and then they will have a better idea of how much time they think they will need as opposed to just picking a set day or a set time period now without seeing our motion. That's fine with us but of course we would look to the Court for guidance and on how you would like to have the briefing —

**THE COURT:** That's fine. You will have a trigger date from the decision one way or the other. Either an agreed upon decision or a

Page 17

judicial decision; to file your motion and then what you agree upon I'll accept.

**MR. HAUSFELD:** Thank you, Your Honor.

**MR. RIPLEY:** Thank you, Your Honor.

**MR. HAUSFELD:** With respect to state federal coordination. There is no disagreement on the federal plaintiffs and Intel and AMD about coordinating pretrial matters that have a common overlap. There does not seem to be any disagreement at least at this point with respect to the California only, California action in state court to coordinate with the federal action with possibly one exception and that's timing of the class certification brief.

In other instances where federal courts and state courts have faced similar situations, federal court in particular Chief Judge Motson in Baltimore and the Chief Judge in Maine, Hornby, coordinated those proceedings with the state court judges so that everyone was on the same track.

**MR. HOCKETT:** Your Honor, we have attempted to facilitate that process by

Page 18

negotiating almost to the completion a proposed joint coordination order that addresses the entitlement to participate in discovery as between state plaintiffs or state parties and federal parties. The use of discovery in both cases. The relationship of deadlines in discovery, service and the like. So that as much as possible the things we can agree on staying in phase as between state and federal litigation stay that way.

And our idea would be once we have finished negotiating all of the terms of that proposed order to present it both to Your Honor and to Judge Comar in Santa Clara Superior Court in California simultaneously. And at that time Your Honors may wish to talk to each other about that and facilitate coordination further.

You've been here many times before and so I would defer to you as to whether you think that is worth doing. I know it doesn't always work in every case but Judge Comar in our initial appearance before him expressed an interest in collaborating.

**THE COURT:** If at any time during the course of this litigation you can agree, I'll

Page 19

accept that. I think I mentioned last time we were here I give great deference to state court judges because I think they are truly under the gun in terms of scheduling and that type of thing.

If Judge Comar has something that works and it works for all of you, I'll sign on. So you drive it and if you get the agreement from California I'm in line.

**MR. HOCKETT:** Thank you, Your Honor.

**MR. HAUSFELD:** Part of that agreement may also be, for example, to have parties utilize the resources of the federal court with regard to any special master appointed for discovery disputes and the issuance of any subpoenas to third-parties for example.

**MR. HOCKETT:** The principle behind the whole thing is to avoid unnecessary duplication of effort and waste. And also I would say forum shopping. So I would think it would be in everyone's interest to avoid having a California court working on a similar issue that Your Honor is working on raising the possibility

Page 20

of not only waste but conflict between the two rulings.

If there is going to be conflict between rulings in this court and the California court, we think that it ought to be intentional. That is that one of you disagrees with the other one's ruling. Rather than accidental because you both came out with a ruling at the same time without having a chance to consider the other's views.

**THE COURT:** I agree. So it sounds like you can get all this done by agreement.

**MR. HOCKETT:** We are working very hard in that direction, Your Honor. Yes.

**THE COURT:** If you can't then you'll present the matters that are in dispute and if there are concurrent matters with the California case you will let us know that. And we will get decisions for you.

**MR. HOCKETT:** Thank you, Your Honor.

**MR. HAUSFELD:** Thank you, Your Honor.

**THE COURT:** Decision are easy as

Page 21

long as you don't fear failure. They key is to keep giving you decisions so we can keep moving. But coordination really is — because people think we can make you do a lot of things but the reality is if you cooperate the case will go more smoothly or to get adverse or favorable rulings.

**MR. HOCKETT:** I appreciate that, Your Honor.

**MR. HAUSFELD:** On class certification, Your Honor, it is the class plaintiff's position with regard to the target date for the hearing on class motions. We feel we would be prepared to have that hearing in the

early spring of 2007.

**MR. HOCKETT:** Your Honor, our position is that it's simply too early to set a target date for the class certification hearing. I think last week you heard about the 137 mile high stack of documents that was going to be produced in the case.

On a class side all of that has to be gone through in connection with class certification discovery. The Court did not contemplate that even document discovery would be

Page 22

complete until the end of 2006. So early 2007 for a class certification hearing is way too early. And I submit it's too early to identify what an appropriate date would be. Among other things we have to take the depositions —

**THE COURT:** Can I just interrupt you for a moment. We're having a semantics issue here. One side used the word target and you used the word appropriate. I'm a fan of target dates, understanding that human beings sometimes move off the goal. I would like you to have kind of a target date which doesn't mean it's the appropriate date but it gives you a benchmark to shoot for.

And I can guarantee you that unless there is some dilatory action by either side a reasonable request for a reasonable extension in the circumstances presented will be granted.

**MR. HOCKETT:** I appreciate that, Your Honor. I would say that if we are going to identify a target date for a hearing on class certification that it should be in the fall of 2007 rather than in early 2007. Because there is just simply too much to do to digest the 135 miles

Page 23

worth of paper. There are 50 to 75 named class representatives all of whom depositions need to be taken, plus all the third-parties.

**THE COURT:** If he says spring and you say fall, where do you think you are going to wind up?

**MR. HOCKETT:** I meant to say winter.

**THE COURT:** I was hoping you caught on to that. I hear everything you're saying but talk about it. If you can't agree then come back to me and tell me your reasons why one side has a target date of X and the other has Y. And I'll make a decision. But when you tell me spring and fall you make it real easy - July 15th. That's the dynamic of decision making.

**MR. HOCKETT:** I understand, Your Honor.

**THE COURT:** But I hear you and I don't know what the answer is today. And I don't know if we will know the answer in three months or in December of 2006. But we can — you are all very experienced counsel. But we can sort of put a date out there and if it's not July 15th let it

Page 24

be the day or if it's June 15th or May or if it's October or November, just pick a date that everybody is shooting for. So then when you come with the extension request or the complaint about the other side, I have a measurement. That's all I'm asking for.

**MR. HOCKETT:** Thank you, Your Honor. Your Honor had reserved September as a time to set a trial date for the AMD case. One idea we had is we could come back to you at that conference or in connection with that conference and get a date or a target date for the class certification proceedings.

At least by then we would have some early returns, I would hope, from the third-party document discovery process.

**THE COURT:** You've got to talk with your friend Mr. Hausfeld.

**THE COURT:** I will. Thank you, Your Honor.

**MR. HAUSFELD:** I think items B and C, the coordination of class merits discovery, the dates proposed for a briefing schedule will fall in place once we have our discussion about a

Page 25

target date and see if we do or don't reach an agreement.

**THE COURT:** You're going to come away from a discussion either with an agreement to a date or a dispute with reasons why you have different views and what the date ought to be. I am going to put a date in place in some reasonable period — in the future here. Not years but I'll put a date in place in a month to a couple months.

**MR. HOCKETT:** Thank you, Your Honor.

**MR. HAUSFELD:** With regard to item five, merits discovery. I think we're all in agreement that merits discovery in the class case, the AMD case, we will proceed on a coordinate basis.

**MR. HOCKETT:** Yes, Your Honor, that's correct. With regard to E discovery I think that is the subject of an ongoing negotiation involving Intel and the various plaintiffs about native review and production and tiff. I won't say anything more for fear of putting the Court to sleep. But that is something that we hope to present to the Court in a form of

Page 26

a stipulation.

**THE COURT:** Actually it's my hobby interest. But let me say this, for the purposes of myself and the special masters or master, you want to drive toward one operable principle which is one bite at the apple absent some extreme circumstance which means you get a nibble.

So these are very complicated and timing issues. Again, I would defer to what you can agree to with your expertise. But it's a one bite at the apple process.

**MR. HOCKETT:** Your Honor, we respect that completely and we're working very hard to make sure that we are fully coordinated so that everybody gets a fair chance at that apple.

**THE COURT:** Okay.

**MR. HAUSFELD:** With respect to the case management plan and order. We discussed with Intel already as well as AMD that Your Honor has set May 15th for a day, for example, for AMD and Intel to file proposed case management order. That should also include the MDL cases as well, so one order and it could have separate portions of the order with regard to issues that relate to

Page 27

only one matter as opposed to the other. But there will be an ability to have the same coordinates with respect to key items on the same order.

**MR. HOCKETT:** In other words, we're looking to set the same deadlines in both cases except for unique events that only apply in one case.

**MR. HAUSFELD:** Other than class certification and the issues implicated by the fact that the injury from the alleged misconduct falls differently, one on the competitor and then on the consumer market. In this case both cases should be ready for trial at the conclusion of the same pretrial materials.

**MR. HOCKETT:** Except I understood Your Honor to say that the AMD case should go first. It's our view that the fortunes of the class plaintiff's case depend on the fortunes of AMD and its case. Plus the plaintiffs here have to overcome additional hurdles in order to prevail including class certification. But also they have to survive the various requirements under the

various state laws that they are relying on to

Page 28

address their claims.

And they are in a different position as Mr. Hausfeld said in the marketplace in terms of how they sustained any injury by means of the discounts that are complained of in their complaint.

**MR. HAUSFELD:** I did not mean to imply in any sense that our case should proceed before AMD's case. What I did intend to convey however is that the pretrial discovery of both matters should occur at or about the same time. And the class certification and dispositive motions that Mr. Ripley is talking about should be able to be completed by that time as well.

**MR. HOCKETT:** I'm Hockett.

**MR. HAUSFELD:** I was going by motions and that was Rick's job.

**THE COURT:** At the last conference, the AMD case, I indicated that I intended to have that case proceed to trial first. And for the reasons I think everybody acknowledged before they got here, and you have acknowledged yourselves. I also agree with everything you've said about closing except the unique issues to the class

Page 29

case.

And I think the coordination will work — I can't think of anything that would thwart that principle.

**MR. HOCKETT:** Neither can we, Your Honor.

**MR. HAUSFELD:** As well on May 18th is scheduled a hearing pertaining to any disputes arising in connection with the proposed case management. We have just suggested that we be included in that if there is a hearing if there are any disputes.

**THE COURT:** Sure.

**MR. HOCKETT:** Seems logical to Intel.

**THE COURT:** So you will attend if there are disputes that you want to present. Suppose they don't have any disputes and somehow - I don't know what you could have but you're on the agenda for the May 18th hearing.

**MR. HOCKETT:** Thank you, Your Honor.

**MR. HAUSFELD:** I think that exhausts our agenda.

Page 30

**MR. HOCKETT:** We have one additional item which Peter Moll would like to address involving the protective order that's under review by third-parties. With your permission?

**THE COURT:** Sure. Mr. Moll.

**MR. MOLL:** Thank you. Your Honor, when we were here last on the protective order Your Honor established — I am now going to use some words that Your Honor just used before. A target date to have the order in to you by May 22nd. And then we submitted to the Court a schedule under which the third-parties would get an opportunity to submit their comments on it. They have been served with it in accordance with the order Your Honor entered. And they have contacted us.

And a number of those third-parties have said to us, we need more time to comment on the protective order. And I have discussed that issue with Chuck Diamond for AMD and also Mr. Cottrell. And since the class plaintiffs are also on that I have discussed it with Mr. Hausfeld.

And what we are going to suggest,

Page 31

Your Honor, is that to accomodate these third-parties as opposed to having them come here and ask the Court for additional time if that's what they're going to do, that if it's amenable to Your Honor that we could move the May 22nd date back a week, nine days or something like that.

We could then build the schedule to give the third-parties some additional time and get it all wrapped up by that later date and get it submitted to the Court. But since Your Honor had already entered the order I didn't want to presume anything until we found out whether that would be agreeable to Your Honor.

**THE COURT:** All right. Mr. Diamond who was here last time, I remember he was in a little bit of a rush.

**MR. MOLL:** Yes.

**THE COURT:** But my understanding is that he's been consulted, Mr. Cottrell, and agrees? He's been consulted, doesn't agree but will go along or what is his view?

**MR. COTTRELL:** Your Honor, we have had these discussions and what Mr. Moll has said is very close to my understanding that we would

Page 32

submit another order if Your Honor was okay with it giving the third-parties another week or so to respond. And then perhaps a day or two after Memorial Day submit to Your Honor the final proposed order with all the third-party comments.

**THE COURT:** Okay. That's fine with me then. You'll submit some sort of stipulation once you've talked and come up with dates with the third-parties. Make it again more comfortable so that there is the ability to get all you have to get done in this extension. And put the dates that work and then submit the stipulation.

**MR. MOLL:** Thank you, Your Honor. And we will also be talking with Mr. Diamond and Mr. Cottrell and we'll also be submitting either today or tomorrow the stipulation on the agreed upon briefing schedule on Intel's motion on jurisdictional over a foreign —

**THE COURT:** That's fine.

**MR. HAUSFELD:** Thank you, Your Honor.

**MR. HOCKETT:** Thank you, Your Honor. That's it.

**THE COURT:** Okay. Is there

Page 33

anything on behalf of the class plaintiffs?

**MR. HOLZMAN:** No, sir.

**THE COURT:** On behalf of defendant?

**MR. HOCKETT:** Nothing else. Thank you, Your Honor.

**THE COURT:** All right. Thank you very much. We'll be in recess.

(Court adjourned at 3:31 p.m.)

Page 34

State of Delaware )
New Castle County )

CERTIFICATE OF REPORTER

I, Karen McCloskey, Professional Reporter and Notary Public, do hereby certify that the foregoing record, is a true and accurate transcript of my stenographic notes taken on May 4, 2006, in the above-captioned matter.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 4th day of May, 2006, at Wilmington.

Karen McCloskey
Cert. #183-PS

# Exhibit B

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC

55 WEST MONROE STREET
SUITE 1111
CHICAGO, IL 60603
WWW.WHAFH.COM

TELEPHONE 312-984-0000
FAX 312-984-0001

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600*

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599*

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776*

ADAM J. LEVITT
e-mail: levitt@whafh.com

May 22, 2006

VIA .PDF EMAIL AND TELECOPY

Michael P. Lehmann, Esq.
The Furth Firm LLP
225 Bush Street, Fifteenth Floor
San Francisco, California 94104

Michael Hausfeld, Esq.
Cohen Milstein Hausfeld & Toll
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, DC 20005

Guido Saveri, Esq.
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, California 94111

Anthony D. Shapiro, Esq.
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

Re: *In re Intel Corporation Microprocessor Antitrust Litigation*
**MDL Docket No. 05-MD-1717 JJF**
**Civil Action No.: 1:05-CV-00485 JJF (D. Del.)**

Dear Counsel,

At almost 9:00 pm (EDT) this past Friday evening, Interim Class Counsel sent its proposed "First Amended Consolidated Complaint" (the "Proposed Amended Complaint") to us, requesting that we forward our comments to you "preferably over the weekend," because Interim Class Counsel intended to file the Proposed Amended Complaint on Monday

Although your communication arrived after weekend began, we have had an opportunity to review it. It does not solve the issues which we described to you in some detail in our earlier correspondence on this matter. In particular, we had a conference call with you relating to these very issues more than eight days earlier – on the very last day that the Court provided for us to solve these issues prior to the commencement of your time to respond to our clients' motion. At your

request and invitation, we sent a follow-up letter to you the following day again explaining our concerns with Interim Class Counsel's Consolidated Complaint and the perceived flaws therein, and setting forth language that we believe addresses many of the National Plaintiffs Group's concerns with respect thereto.

While we have not had a chance to exhaustively compare your Proposed Amended Complaint with your initial Consolidated Complaint or each of our suggested revisions thereto, it appears, from our review, that Interim Class Counsel has taken none of the steps nor has made any of the substantive revisions that we have repeatedly suggested to you. The Proposed Amended Complaint does not take any steps to deal with our concerns about the problems that we believe are endemic throughout your earlier pleadings in this case. Moreover you have failed to include our clients in your Proposed Amended Complaint, thereby recognizing their right to proceed as class representatives for their claims with counsel of their choice

In sum, we do not authorize you to seek leave to file – or otherwise file – the Proposed Amended Complaint on our clients' behalf, as it does not protect their interests or the interests of the class(es) – both of which you are obligated to do as Interim Class Counsel under Rule 23(g).

In light of the fact that Interim Class Counsel is clearly unwilling to protect our clients' claims and interests in this litigation, we await your opposition to The National Plaintiffs Group's Motion for Leave to File Their Consolidated Complaint, which, by our calculation, is due on or before Friday, May 26, 2006.

Sincerely,

Adam J. Levitt

cc: Frederick L. Cottrell, Esq. (*via* .pdf email)
Charles P. Diamond, Esq. (*via* .pdf email)
Richard L. Horowitz, Esq. (*via* .pdf email)
Christopher B. Hockett, Esq. (*via* .pdf email)
Fred Taylor Isquith, Esq. (*via* .pdf email)
Francis A. Bottini, Jr., Esq. (*via* .pdf email)

9523