IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> INTEL CORPORATION and INTEL KABUSHIKI KAISHA, <br><br> Defendants. | C.A. No. 05-441-JJF |
| IN RE: <br><br> INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL Docket No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | C.A. No. 05-485-JJF <br><br> CONSOLIDATED ACTION |

**RESPONSE OF DEFENDANTS INTEL CORPORATION AND INTEL KABUSHIKI KAISHA TO THE COMMENTS AND OBJECTIONS OF THE THIRD PARTIES REGARDING THE PROPOSED PROTECTIVE ORDER**

Pursuant to the Stipulation and Order entered by the Court on May 11, 2006, Defendants Intel Corporation and Intel Kabushiki Kaisha (collectively "Intel") respectfully submit the following response to the comments and objections of the third parties regarding the proposed Protective Order in this matter.

## I.     PRELIMINARY STATEMENT

Intel has reviewed in detail the comments and objections of the third parties regarding the proposed Protective Order. A number of the concerns raised by the third parties were in fact the subject of extensive discussion and substantial compromise between AMD and Intel in negotiating the proposed Protective Order. Intel stands by the Protective Order it negotiated with AMD and believes that the agreement as submitted was a reasonable compromise.

Intel also has met and conferred with AMD and the Class plaintiffs regarding the third party comments and objections and, in light of those comments and objections, has reached agreement with the AMD and Class plaintiffs on a number of proposed modifications to the Protective Order. Those agreed-upon modifications are to be reflected in the revised Protective Order jointly submitted to the Court by the parties on May 31, 2006. The revised Protective Order is acceptable to Intel in all respects.

## II.    SPECIFIC RESPONSE

Intel sets forth below its specific objections to (1) certain of the proposed third party revisions and (2) AMD's proposals for additional language. As to the other revisions proposed by the third parties, although Intel does not have any particular objections, Intel is not submitting comments because the relevant provisions of the Protective Order, as originally proposed, represented the best overall compromise Intel was able to negotiate with AMD and Class counsel to arrive at a single, reasonable protective order that could be applied to all concerned.

In that regard, it is of paramount importance to Intel that one universal protective order govern the litigation going forward. Intel strongly believes that it would be unworkable to have a separate order or separate standards for third parties. Intel and AMD have in their files hundreds of thousands (and potentially more) documents that either were generated by third parties or

1

contain confidential third party information that was provided to Intel or AMD under a Non-Disclosure Agreement. It would be a logistical nightmare if third party information was governed under one standard if produced by a third party and another standard if produced by a party. Moreover, it would be incredibly burdensome for Intel and AMD to be required to segregate out all third party information in their files for specific treatment.

### A.    Paragraph 5 – Designation of Confidential Deposition Testimony

To address certain of the third party comments and objections, the parties will propose in the revised Protective Order to be submitted on May 31, 2006, that Paragraph 5 of the initial proposed order be replaced with the following paragraph:

> "To facilitate discovery, all deposition testimony will be presumed to constitute, and all transcripts shall be treated as, Confidential Discovery Material, unless and until a Designation Request is made by a Receiving Party under Paragraph 16. Accordingly, no deponent may refuse to answer a deposition question on the ground that the answer would disclose confidential information or information subject to a non-disclosure agreement. Should a Receiving Party wish to disclose any deposition testimony to a person other than as permitted by Paragraph 6, it shall first make a Designation Request under the provisions of Paragraph 16. Such a request shall be made to the Party and/or Non-Party it reasonably concludes has the right to protect the information. The provisions of Paragraph 16 shall thereafter apply."

AMD has indicated, however, that it intends to propose that the following language (in bold) be added to Paragraph 5:

> "To facilitate discovery, all deposition testimony will be presumed to constitute, and all transcripts shall be treated as, Confidential Discovery Material, unless and until a Designation Request is made by a Receiving Party under Paragraph 16. Accordingly, no deponent may refuse to answer a deposition question on the ground that the answer would disclose confidential information or information subject to a non-disclosure agreement. Should a Receiving Party wish to disclose any deposition testimony **it could reasonably conclude is or might constitute Confidential Discovery Material under Paragraph R to a person other than as permitted by Paragraph 6, it shall first make a Designation Request under the provisions of Paragraph 16. Such a request shall be made to the Party and/or Non-Party it reasonably concludes has the right to protect the information. The provisions of Paragraph 16 shall thereafter apply. This paragraph will not restrict use of deposition testimony that a Receiving Party reasonably concludes contains no Confidential Discovery Material."

2

Intel objects to the inclusion of the bolded language, which is new language that was not part of the previously negotiated Order. It should not be within AMD's or any other Party's discretion to determine whether deposition testimony "might constitute Confidential Discovery Material." That is not how documents and other materials are treated under Paragraph 16. Deposition testimony taken in this case should be treated as Confidential Discovery Material unless and until a Receiving Party makes an appropriate Designation Request under Paragraph 16 to the Party and/or Non-Party whose testimony or information is implicated. The provisions of Paragraph 16 should thereafter apply.

**B.    Paragraphs 6 & 15 – Separate/Side Agreements With Third Parties**

Intel understands that AMD intends to propose in its separate submission that the following language be added to the end of Paragraphs 6 and 15:

> Paragraph 6. "The provisions of this Paragraph 6 will not void or supersede any more restrictive agreement reached between a Producing Party and a Receiving Party respecting the Receiving Party's use of Confidential Discovery Material that by its terms survives the entry of a protective order."
>
> Paragraph 15. "Nor should anything in this Order be deemed to void or supersede any agreement reached between a Party or Class Party, on the one hand, and a Third Party, on the other, respecting Confidential Discovery Material that by its terms survives the entry of a protective order."

It is Intel's understanding that AMD's purpose in proposing this language (which is new and was not part of the previously negotiated Order) is to address certain side deals that AMD has struck with several third parties regarding use of their Confidential Discovery Materials.

Intel objects to AMD's proposal for several reasons. Most importantly, there should be a single, uniform order governing discovery in this case. Discovery should not be subject to separate side deals negotiated by AMD, without Intel's input or consent, which AMD claims will supersede the terms of the Court's Protective Order. Presumably AMD could enter into side deals with all of the approximately 50 third parties that have been or will be subpoenaed, rendering the Protective Order a nullity for governing third party discovery, and requiring Intel itself to negotiate side-deals or risk losing access to important information in the case.

3

Indeed, Intel is uncertain at this time (i) whether it is privy to all of the side agreements that AMD has reached with third parties in this regard, and the exact terms of such agreements, (ii) what documents, if any, have been produced pursuant to any such agreements, and (iii) what effect, if any, these agreements may have on Intel's use of any materials produced pursuant the agreements. These uncertainties demonstrate why a single comprehensive order should govern discovery in this case.

### C. General Comment – Japan Litigation/Other Litigation

A number of third parties have objected to the Protective Order in general on the grounds that it provides for the use of Discovery Material outside the AMD Litigation, specifically in the Japan Litigation, the Class Litigation and the California Class Litigation. Fujitsu, NEC, Sony, and Toshiba object to "the inclusion of any State proceeding and of any foreign investigation or proceeding and to disclosure of their Discovery Materials outside the above-titled litigation."[1] Egenera argues that it "has been subpoenaed only in the AMD Litigation, and has not submitted to the jurisdiction of the California or the Japanese courts."[2] Dell objects to the use of its Discovery Material in the Japan Litigation and "asks the Court to modify the Proposed Order to disallow discovery conducted under this Court's protective order to be used in the Japan Litigation."[3] Hitachi, IBM and Lenovo also seek to delete all references to the "Japan Litigation."[4]

Given the plan for coordination of discovery between the AMD Litigation, Class Litigation and California Class Litigation, Intel believes that all three litigations should be covered by the proposed Protective Order. Removing the Class Litigation or California Class

---

[1] *See* Objections of Fujitsu Limited, NEC Corporation, Sony Corporation, Sony Electronics Inc., and Toshiba Corporation, at p. 14.

[2] *See* Objections of Third-Party Egenera, Inc., at p. 6.

[3] *See* Dell's Objections and Comments, at p. 6.

[4] *See* Comments of Hitachi, Ltd., at pp. 1-2; Non-Party IBM's Objections and Comments, at p. 2; Non-Party Lenovo Group Ltd.'s Objections and Comments, at p. 2.

4

Litigation from the purview of this Protective Order would only hinder the coordination process and create significant additional burden and expense for the parties and third parties. For many of the same reasons, including the anticipated gains in efficiency and ease of administration, Intel believes that the "Japan Litigation" also should be covered by the Protective Order.

### D.   Miscellaneous – Cost Shifting

Third Party Acer America Corporation has raised the issue of cost shifting, and has proposed that a provision be added to the Protective Order to address and resolve the issue on a global basis as to all third parties in this case.[5]

This is not an appropriate issue for the Protective Order proposed here – a protective order governing the use of confidential discovery materials. Moreover, the issue of cost shifting or cost sharing cannot be addressed globally. It must be addressed on a case-by-case basis, based on the particular circumstances of each case and each non-party. *See, e.g., United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 & n. 9 (9th Cir. 1982) (a court must consider a number of factors in determining whether a particular non-party is entitled to reimbursement of discovery costs, including but not limited to "(1) the scope of the discovery; (2) the invasiveness of the request; (3) the extent to which the producing party must separate responsive information from privileged or irrelevant material; and (4) the reasonableness of the costs of production"). Intel does not support the proposed revision.

---

[5]   *See* Third Party Acer America Corporation's Comments and Objections, at pp. 2-3.

| | |
|---|---|
| Of Counsel: | POTTER ANDERSON & CORROON LLP |
| Robert E. Cooper, Esq.<br>Daniel S. Floyd, Esq.<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000 | By: /s/ Richard L. Horwitz<br>    Richard L. Horwitz, Esq. (#2246)<br>    W. Harding Drane, Jr., Esq. (#1023)<br>    Hercules Plaza 6th Floor<br>    1313 N. Market Street<br>    P.O. Box 951<br>    Wilmington, DE 19899-0951<br>    rhorwitz@potteranderson.com |
| Peter E. Moll, Esq.<br>Darren B. Bernhard, Esq.<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | Attorney for Defendants<br>Intel Corporation and<br>Intel Kabushiki Kaisha |

Dated: May 30, 2006
734409

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 30, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

James L. Holzman
J. Clayton Athey
Eric M. Andersen
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on May 30, 2006, I have sent by E-mail the documents to the following non-registered participants:

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
cdiamond@omm.com
lsmith@omm.com

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
msamuels@omm.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

| | |
|---|---|
| Michael P. Lehman<br>Thomas P. Dove<br>Alex C. Turan<br>The Furth Firm LLP<br>225 Bush Street, 15th Floor<br>San Francisco, CA 94104<br>mplehmann@furth.com<br>tdove@furth.com<br>aturan@furth.com | Steve W. Berman<br>Anthony D. Shapiro<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101<br>steve@hbsslaw.com<br>tony@hbsslaw.com |

I hereby certify that on May 30, 2006, I have sent by E-mail the documents to the following non-party objectors:

| | |
|---|---|
| Peter C. McMahon<br>McMahon Serepca LLP<br>100 Marine Parkway, Suite 350<br>Redwood Sores, CA 94065-1046<br>Tel:  650-637-0600<br>Fax:  650-637-0700<br>Email: peter@mcmahonserepca.com | Thomas R. Jackson<br>Daniel T. Conrad<br>Jones Day<br>2727 North Harwood Street<br>Dallas, TX 75201-1515<br>Tel:  214-220-3939<br>Fax:  214-969-5100<br>Email: dtconrad@jonesday.com |
| David Margules<br>Dominick T. Gattuso<br>Bouchard Margules & Friedlander, P.A.<br>222 Delaware Avenue, Suite 1400<br>Wilmington, Delaware 19801<br>Tel: 302-573-3500<br>Fax: 302-573-3501<br>Email: dgattuso@bmf-law.com | Thomas R. Jackson<br>Daniel T. Conrad<br>Jones Day<br>2727 North Harwood Street<br>Dallas, TX 75201-1515<br>Tel:  214-220-3939<br>Fax:  214-969-5100<br>Email: dtconrad@jonesday.com |
| Kathryn K. Conde<br>Sarah P. Kelly<br>Nutter McClennen & Fish LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210<br>Tel: 617-439-2000<br>Fax: 617-310-9000 | Peter J. Stern<br>Jill D. Neiman<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Tel:  268-7000<br>Email: pstern@mofo.com |

kconde@nutter.com
skelly@nutter.com


Robert P. Parker
Aaron Futch
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1615 L Street, NW, Suite 3000
Washington, D.C. 20036
Tel:   202-223-7300
rparker@paulweiss.com

P. Clarkson Collins, Jr.
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
Tel:   302-888-6990
Email: pcollins@morrisjames.com

Andrew J. Flame
David P. Primack
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Tel:   302-467-4200
Fax:   302-467-4201
Email: david.primack@dbr.com

William A. Streff, Jr., P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Tel:   312-861-2000
Fax:   312-861-2200
Email: wstreff@kirkland.com

Hayden J. Silver, III
J. Christopher Jackson
Kilpatrick Stockton LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Tel:   919-420-1700
Fax:   919-420-1800
Email: JCJackson@kilpatrickstockton.com

Michael S. Sundermeyer
Williams & Connolly LLP
725 12th Street, NW
Washington, D.C. 20005
Tel:   202-434-5015
Email: msundermeyer@wc.com

Vernon R. Proctor
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801
Tel:   302-472-7300
Email: vproctor@proctorheyman.com

Michael J. Holston
John F. Schultz
Tye E. Howard
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel:   215-963-5000
Fax:   215-963-5001
Email: mholston@morganlewis.com

Sally Kesh
Keith S. Kaplan
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel:   212-474-1000
Email: kkaplan@cravath.com

Kelly K. Pierce
Robins, Kaplan, Miller & Ceresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel:   612-349-8500
Fax:   612-339-4181
Email: KKPierce@rkmc.com

3

David C. Malatesta, Jr.
Brian J. Chapman
Kent & McBride, P.C.
1105 Market Street, Suite 500
Wilmington, Delaware 19801
Tel:    302-777-5477

dmalatesta@kentmcbride-de.com


Brian D. Henri
Fry's Electronics, Legal Department
600 E. Brokaw Road
San Jose, CA 95112
Tel:    408-487-4712
Fax:   408-487-4741
Email: bdh@i.frys.com


Jordan Green
Fennemore Craig PC
3003 N. Central, Suite 2600
Phoenix, AZ 85012
Tel:    602-916-5426
Fax:   602-916-5626
Email: jgreen@fclaw.com


Jon A. Abramczyk
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899
Tel:    302-658-9200
Email: jabramczyk@mnat.com

Howard Feller
Kanika Blue Capel
McGuire Woods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:    804-775-1000
Fax:   804-775-1061
hfeller@mcguirewoods.com
kcapel@mcguirewoods.com

Thomas G. Macauley
Elizabeth D. Power
Zuckerman Spaeder LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel:    302-427-0400
Fax:   302-427-8242

Email: bpower@zuckerman.com


Jonathan P. Hersey
Scott B. Lieberman
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626
Tel:    714-513-5100
Fax:   714-513-5130
Email: jhersey@sheppardmullin.com

Kenneth a. Gallo
Craig Benson
Paulo, Weiss, Rifkind, Wharton & Garrison LLP
1615 L Street, N.W., Suite 1300
Washington, D.C. 20036-5694
Tel:    202-223-7300
Fax:   202-223-7420
Email: kgallo@paulweiss.com

4

Michael P. Kelly
McCarter & English, LLP
919 N. Market Street, Suite 1800
Wilmington, Delaware 19801
Tel:  302-984-6300
Fax:  302-984-6399
Email: mkelly@mccarter.com

Eric S. Adams
Carlton Fields P.A.
Corporate Center Three at International Plaza
4211 West Boy Scout Blvd., Suite 1000
Tama, FL 33607
Tel:  813-223-7000
Fax:  813-229-4133
Email: eadams@carltonfields.com

Alison S. Hightower
Nossaman, Guthner, Knox & Elliott, LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Tel:  415-398-3600
Fax:  415-398-2438
Email: ahightower@nossaman.com

R. Montgomery Donaldson
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801
Tel:  302-504-7840
Fax:  302-504-7820
Email: rdonaldson@mmwr.com

By:  /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

5