IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR LITIGATION | MDL Docket No. 05-1717-JJF |

This Pleading Pertains to:

| | |
|---|---|
| PHIL PAUL, on behalf of himself and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION,<br><br>             Defendant. | Case No. 05-485-JJF |

**THE NATIONAL PLAINTIFFS GROUP'S REPLY
IN FURTHER SUPPORT OF THEIR MOTION FOR
LEAVE TO FILE THEIR CONSOLIDATED COMPLAINT**

The plaintiffs comprising the National Plaintiffs Group,[1] by their counsel, respectfully submit this reply memorandum in further support of their Motion for Leave to File Their Consolidated Complaint (the "Leave Motion").

## I. INTRODUCTION

Interim Class Counsel, appointed by this Court pursuant to Rule 23(g) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule ___"), seem to ignore completely the *"interim"* nature of their office. They have arrogated powers to themselves nowhere permitted by Rule 23(g) or elsewhere in a unilateral effort to make their position permanent, so that there can be no interim aspect to it. As part of this process, they have attempted to eliminate claims

---

[1] A list of the plaintiffs comprising the National Plaintiffs Group and the captions of their pending actions are set forth in Footnote 1 to the National Plaintiff Group's Motion for Leave to File Their Consolidated Complaint (D.I. 63 in MDL no. 05-1717).

and plaintiffs who might be appointed class representatives should Interim Class Counsel's theory of the case fail as a matter of law. In its appointment of certain counsel as Interim Class Counsel in this action, by its April 18, 2006 Order, the Court set aside problems raised in the competing Rule 23(g) motion papers – especially problems pertaining to standing and theory of claims – presumably for later proceedings.

To make permanent their position and avoid those legal issues, Interim Class Counsel have, in violation of the Rules and the Court's April 18, 2006 Order, dropped plaintiffs, dropped claims, and added additional plaintiffs without Court sanction or explanation. Interim Class Counsel's opposition papers ("Opposition Memorandum" or "Opp. Mem.") underscore the problems endemic in their position and again confirm why the National Plaintiffs Group should be granted leave to file their proposed Consolidated Complaint in order to protect the clients, classes, and claims that Interim Class Counsel have unilaterally expelled from this litigation.

Rather than address these serious issues, Interim Class Counsel, in their Opposition Memorandum, try to change the subject from their own illegitimate actions, arguing that by doing *exactly* as this Court's order requires, seeking permission to file a complaint, the National Plaintiffs Group ignores this Court's grant of purportedly unfettered discretion to Interim Class Counsel – notwithstanding the fact that such an interpretation ignores both Rule 23(g) and this Court's Order. Interim Class Counsel refuses to cure any of the deficiencies necessitating the National Plaintiffs Group's present motion. Indeed, in an effort to ignore these still-existing problems, Interim Class Counsel has gone so far as to file a defective "First Amended Consolidated Complaint" (the "New Amended Complaint"), neither seeking nor being granted leave of Court to do so,[2] pursuant to Rule 15(a).

---

[2] Interim Class Counsel's sleight of hand extends to their unilateral vesting of themselves with the title of "Co-Lead and Interim Counsel for Plaintiffs" throughout their recent Court filings, *see, e.g.*, Opp. Mem.

2

Temporarily setting aside the defective manner in which Interim Class Counsel filed its New Amended Complaint, the substance of the New Amended Complaint confirms: (a) that Interim Class Counsel persists in its expulsion and unilateral exclusion of the plaintiffs comprising the National Plaintiffs Group from this action; and (b) that the National Plaintiffs Group's alternative proposed classes and claims remain excluded from this action.

Interim Class Counsel has thus failed to honor their obligations under the applicable rules and has failed to comply with their own representations to the Court, the scope of the Court's Interim Class Counsel Order, or the truly "interim" nature of their appointment. In so doing, Interim Class Counsel places their own interests to consolidate and perpetuate their control over this litigation ahead of the interests of plaintiffs, proposed classes, and claims they view as a threat to their interim authority.

Likewise, Interim Class Counsel's final argument – that the National Plaintiffs Group should only be granted leave to file claims on behalf of the individual plaintiffs comprising that group – despite Interim Class Counsel's abandonment of the very class claims the National Plaintiffs Group seeks to assert, again emphasizes the fact that Interim Class Counsel's actions have *nothing* to do with the plaintiffs' interests and everything to do with the interests of the Interim Class Counsel law firms. For these reasons, the Court should grant the National Plaintiffs Group's motion and permit them to file their proposed Consolidated Complaint.

---

at 6, despite being named nothing more than Interim Class Counsel by the Court in its April 18, 2006 Order. Likewise, throughout their opposition memorandum, Interim Class Counsel conveniently refer to themselves as "Class Counsel," casting aside the realities of the "interim" designation for their own interpretation of how they believe this case is to be run.

## II. ADDITIONAL RELEVANT FACTS

In their opposition papers, Interim Class Counsel based their argument on several incorrect or incomplete "factual" contentions. A brief supplement to the facts the National Plaintiffs Group set forth in its opening memorandum will place the issues in their proper context.

Following Interim Class Counsel's expulsion of the National Plaintiffs Group's plaintiffs and claims from their consolidated complaint in this action, the National Plaintiffs Group filed the present motion – seeking leave to file their own Consolidated Complaint which, if filed, would solve the very problems plaguing Interim Class Counsel's consolidated pleading.[3]

In the face of the National Plaintiffs Group's motion, at the May 4, 2006 hearing – and at Interim Class Counsel's suggestion and request, *see May 4, 2006 Transcript of Proceedings* at 8 – the Court ordered Interim Class Counsel and the National Plaintiffs Group to confer within seven days following the hearing in an effort to resolve their differences – and to brief the National Plaintiffs Group's pending motion if resolution could not be reached. *Id.* at 11-12.

---

[3] Indeed, from the outset of the National Plaintiffs Group's correspondence with Interim Class Counsel relating to the National Plaintiffs Group's efforts to cure the standing problems and other defects in Interim Class Counsel's draft consolidated complaint, the National Plaintiffs Group recognized that should Interim Class Counsel persuade the Court to sustain their nationwide claims, the plaintiffs comprising the National Plaintiffs Group could potentially be protected thereunder. The National Plaintiffs Group's proposed revisions to Interim Class Counsel's consolidated complaint, however, acknowledged that in the event the Court rejected Interim Class Counsel's proposed nationwide class, and provided a pleading framework that would have enabled the case to proceed with proposed, separate statewide classes, with plaintiffs from each of those states with standing to respectively prosecute those claims – a far cry from Interim Class Counsel's proposed (and now filed) approach, which created endemic standing problems and fails to protect those clients, their claims, or the proposed state classes. Rather than accept the National Plaintiffs Group's proposed revisions – which could potentially lead to the Court appointing class representatives who are clients of firms other than those firms comprising or supporting the Interim Class Counsel group – Interim Class Counsel took steps to protect their own position, rather than protect the interests of the various alternative state classes, which they refused to include therein.

After being advised by counsel for the National Plaintiffs Group, both immediately following the May 4, 2006 hearing and by subsequent letter, *see* Exhibit A to the Declaration of Adam J. Levitt in Support of The National Plaintiffs Group's Reply in Further Support of Their Motion for Leave to File Their Consolidated Complaint ("Levitt Declaration" or "Levitt Decl."), of the National Plaintiffs Group's willingness to meet and confer with Interim Class Counsel at Interim Class Counsel's earliest convenience, on the final day of the Court-ordered seven day meet-and-confer period with respect to this issue Interim Class Counsel called, requesting an additional copy of the National Plaintiffs Group's initial proposed revisions to the consolidated complaint as well as any additional comments and proposed changes thereto. In an effort to resolve this issue without further Court involvement, the National Plaintiffs Group complied with Interim Class Counsel's request. Appended as Exhibit B to the Levitt Declaration is a copy of the National Plaintiffs Group's May 12, 2006 letter cataloging their concerns, again attaching proposed revisions to Interim Class Counsel's consolidated complaint, and suggesting additional revisions to the consolidated complaint which, if adopted as alternative claims, would have substantially cured the National Plaintiffs Group's concerns.[4]

---

[4] In that letter, the National Plaintiffs Group further explained to Interim Class Counsel that there were nineteen claims that the National Plaintiffs Group asserts in its proposed Consolidated Complaint that do not appear in Interim Class Counsel's complaint. Those claims are listed below (together with the number of the claim as it appears in the National Plaintiffs Group's proposed Consolidated Complaint):

    (a)    Arizona: consumer protection (Claim 3);
    (b)    Florida: antitrust (Claims 4-6);
    (c)    Hawaii: antitrust (Claim 8);
    (d)    Louisiana: antitrust (Claims 14-16);
    (e)    Massachusetts: antitrust (Claims 22-24);
    (f)    Michigan: consumer protection (Claim 29);
    (g)    Minnesota: deceptive trade practices and consumer protection (Claims 31-32);
    (h)    New Jersey: antitrust and consumer protection (Claims 42-43);
    (i)    South Dakota: deceptive trade practices (Claim 59);

Interim Class Counsel responded by sending the National Plaintiffs Group a draft of their new amended complaint (*see* Exhibit C to the Levitt Declaration). Significantly, the proposed amended pleading still did not include the National Plaintiffs Group's plaintiffs, proposed classes, or claims and failed to rectify any of the problems raised by the National Plaintiffs Group, or otherwise deal with their concerns. In light of that draft, on May 22, 2006, Adam J. Levitt, one of the attorneys representing the National Plaintiffs Group, sent a letter to Interim Class Counsel advising them that the proposed amended pleading neither addressed the National Plaintiffs Group's concerns nor cured the deficiencies that led to the National Plaintiffs Group's initial criticisms thereof and proposed revisions thereto (*see* Exhibit D to the Levitt Declaration).[5]

Without resolving their issues with the National Plaintiffs Group, and in violation of Rule 15(a), on May 26, 2006, Interim Class Counsel filed the New Amended Complaint. In that pleading, Interim Class Counsel added two new claims and 34 new plaintiffs – without seeking

---

(j)   Tennessee: consumer protection (Claim 61); and

(k)   Wisconsin: consumer protection (Claim 70).

[5] Interim Class Counsel incorrectly contends that it was the request of the National Plaintiffs Group – and not Interim Class Counsel's unilateral actions – that resulted in the omission of the National Plaintiffs Group's plaintiffs and claims from the consolidated complaint. *Opp. Mem.* at 3 ("these plaintiffs were not included because their counsel instructed [Interim] Class Counsel not to include them unless [Interim] Class Counsel would also include all of the [National Plaintiffs Group's] requested changes to the [c]omplaint."). This is not what occurred. Interim Class Counsel excluded the National Plaintiffs Group from their consolidated complaint from the very first circulated draft, *see* Exhibit E to the Levitt Declaration, which Interim Class Counsel sent to the National Plaintiffs Group for comment and review on April 26, 2006 – two days prior to the Court-ordered April 28, 2006 filing deadline for that pleading. After being unable to resolve their differences with respect to the proposed consolidated complaint, Interim Class Counsel took the extraordinary – and procedurally defective step – of expelling the plaintiffs comprising the National Plaintiffs Group, their proposed alternative classes, and their claims, from the consolidated complaint that they filed on April 28, 2006. *See* Exhibit F to the Levitt Declaration (Interim Class Counsel's April 28, 2006 email message to Fred T. Isquith, one of the counsel representing the National Plaintiffs Group, advising him of Interim Class Counsel's decision to exclude the National Plaintiffs Group's plaintiffs and claims from their consolidated complaint and Mr. Isquith's response email of even date advising Interim Class Counsel that they were not authorized to do so).

6

leave of Court to do so, or otherwise explaining the reasons underlying or necessitating this amendment.[6]

The standing problems endemic in Interim Class Counsel's papers persist. All of the plaintiffs still allege all of the state statutory claims – thereby creating situations in which, e.g., North Dakota plaintiffs assert Kansas indirect purchaser claims and Pennsylvania plaintiffs – who cannot assert indirect purchaser antitrust claims in their own state – asserting such claims under the laws of other states. Such reckless pleading is neither in the interests of plaintiffs nor the class(es).[7]

### III. ARGUMENT

**By Expelling The Plaintiffs Comprising The National Plaintiffs Group, Their Proposed Alternative Classes, And Their Claims, From This Litigation, Interim Class Counsel Has Grossly Exceeded The Scope Of Their Authority Under Rule 23(g) Of The Federal Rules Of Civil Procedure And The Court's April 18, 2006 Order**

In analyzing Interim Class Counsel's course of conduct, the first question is whether, as "interim" class counsel, they have unfettered discretion over the litigation. Under any analysis considering the plain language of Rule 23(g) and the corresponding caselaw relying thereupon, the answer to that question is clearly "no." Rather, appointment as interim class counsel under

---

[6] While the substance of Interim Class Counsel's violation of Fed. R. Civ. P. 15(a) is more appropriate subject matter for any dismissal motion Defendants may ultimately file in this case, the procedural aspects of Interim Class Counsel's filing in derogation of Rule 15(a) further underscores Interim Class Counsel's willingness to upend or otherwise ignore procedure to further their own interests.

[7] Likewise, after being advised by counsel for the National Plaintiffs Group that nineteen of the claims the National Plaintiffs Group asserted in its pleadings were inexplicably excluded from the case by Interim Class Counsel (*see* Exhibit B; *see also* n. 4, *supra*), Interim Class Counsel added to its defectively-filed amended complaint an indirect purchaser claim under Hawaii law and a consumer protection claim under Wisconsin law – failing to seek leave of Court to do so and without explaining to Court or counsel why they chose to persist in their improper decision to drop the other seventeen claims from the case or to provide legal support for their actions, despite cryptically advising the Court that "[Interim] Class Counsel have compelling reasons [for doing so]." *Opp. Mem.* at 3, n. 2.

Rule 23(g) – as the Court did in this case, *see* April 18, 2006 Order at 1-2[8] – is an interim appointment akin to a coordinator or an overseer of the litigation prior to class certification and the appointment of class counsel who is responsible for protecting the interests of class members. *See, e.g., Donaldson v. Pharmacia Pension Plan*, Civ. No. 06-3-GPM, 2006 U.S. Dist. LEXIS 28607, *2-3 (S.D. Ill. May 10, 2006):

> The type of situation in which interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members. For example, the commentary to Rule 23 explains that interim counsel may be necessary so that there will be one attorney responsible for "***taking action to prepare for the certification decision***." FED. R. CIV. P. 23 advisory committee's note. (Emphasis added).

By, *inter alia*, expelling the plaintiffs comprising the National Plaintiffs Group and their proposed alternative classes and their claims from this litigation, Interim Class Counsel here have grossly exceeded the scope of their authority. Indeed, neither Rule 23(g) nor this Court have given Interim Class Counsel the authority to litigate this case as though they were, in fact, appointed class counsel for class representatives who have been vetted by the Court and Defendants. Clearly fearful of the outcome of that analysis – which will occur at a later stage in

---

[8] In their opposition papers, Interim Class Counsel selectively quote the portions of the April 18, 2006 Order that they believe support their actions here. *Opp. Mem.* at 2. Not only do the quoted sections confirm that Interim Class Counsel is obligated to protect and coordinate the interests and claims of *all* plaintiffs – which they have clearly failed to do – but the section of the Order that Interim Class Counsel omits from their papers – the section in which the Court voices its concern about the potential inefficiencies of appointing a four-firm interim class counsel structure, April 18, 2006 Order at 3-4 (stating that "[t]he choice of four firms as co-interim class counsel raises the danger that services will be duplicative and fees unnecessarily increased"), is particularly relevant here, as Interim Class Counsel has epitomized the Court's fears by sending not less than *ten* lawyers to the May 4, 2006 hearing. Interim Class Counsel's utter disregard for all aspects of the Court's April 18, 2006 Order confirms the lawyer-driven tenor of their approach to this case.

8

this case – Interim Class Counsel has taken every possible step to marginalize plaintiffs and claims not under their control.[9]

For these reasons, granting the National Plaintiffs Group leave to file their Consolidated Complaint does not "defeat the purpose of establishing a leadership structure," *Opp. Mem.* at 4. Rather, it enables the plaintiffs and proposed classes Interim Class Counsel has illegitimately marginalized to assert and protect their claims against Defendants[10] until the motions to dismiss determine which claims survive and the motion for class certification determines the most appropriate classes and class representatives.

Interim Class Counsel's final argument – that if the Court grants the National Plaintiffs Group leave to file their claims, they should only be permitted to file individual claims, *Opp. Mem.* at 4-5 – aptly sums up the defects in Interim Class Counsel's position here, as well as in their conduct in litigating this consolidated action to date. Indeed, despite having expelled the National Plaintiffs Group's plaintiffs, proposed classes, and claims from the case, Interim Class Counsel argues that the Court should regard the National Plaintiffs Group's plaintiffs as having "opted out" of the action, *Opp. Mem.* at 5, and thus only able to separately file individual claims. Considering that no class has been certified in this action from which class members may opt

---

[9] Further proof of that is seen in Interim Class Counsel's pleading of the alternative state law class in its consolidated complaint and its amended complaint as a "subclass," *see, e.g.*, Amended Complaint at ¶ 107, rather than as an alternative class. The reason for this is clear: Interim Class Counsel believes that referring to its alternative state law class as a "subclass," gives the impression that that alternatively-pleaded class is merely an offshoot of the primary proposed nationwide class, *see id.* at ¶ 106, over which the Court should presume Interim Class Counsel should ultimately be granted leadership and control – rather than a completely separate class, the leadership and composition of which needs to be vetted and analyzed on its own separate and distinct merits.

[10] The cases Interim Class Counsel cites in support of their argument on this point, Opp. Mem. at 4, are inapposite and actually support the National Plaintiffs Group's position. Indeed, Interim Class Counsel cites *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977) and *In re Diet Drugs Prods. Liab. Litig.*, 2002 WL 32154197 (E.D. Pa. Oct. 3, 2002), for the inarguable principle that it is important for a court to appoint counsel to effectively manage large-scale litigation. By their above-described actions, however, Interim Class Counsel has abdicated that managerial responsibility in this action and has necessitated the National Plaintiffs Group's present motion.

out[11] and further considering that Interim Class Counsel has expelled from this action the very state law classes the National Plaintiffs Group seeks to represent in their Consolidated Complaint, Interim Class Counsel's argument is meritless.

## IV. CONCLUSION

For all of the foregoing reasons, the plaintiffs comprising the National Plaintiffs Group respectfully request that the Court grant their motion and grant them leave to file their Consolidated Complaint.

DATED: June 5, 2006              BIGGS AND BATTAGLIA

/s/ Robert D. Goldberg
Robert D. Goldberg
921 North Orange Street
P.O. Box 1489
Wilmington, Delaware 19899
Telephone: (302) 655-9677
Facsimile: (302) 655-7924

***Proposed Liaison Counsel for the
National Plaintiffs Group***

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
Fred Taylor Isquith
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile:  (212) 545-4653

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC
Mary Jane Edelstein Fait
Adam J. Levitt
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603

---

[11] Indeed, Interim Class Counsel's citation of Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 1787 (2005), *Opp. Mem.* at 5, in support of their argument on this point underscores the defects therein, as the cited section (entitled "Contents of Notice in Rule 23(b)(3) Actions"), deals with the mechanics of the class action notice once a class has been certified – and the ability of a class member to opt out of a certified class to separately litigate his/her/its claims.

Telephone: (312) 984-0000
Facsimile:  (312) 984-0001

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
Francis M. Gregorek
Betsy C. Manifold
Francis A. Bottini, Jr.
Rachele R. Rickert
750 B Street, Suite 2770
San Diego, California 92101
Telephone: (619) 239-4599
Facsimile:  (619) 234-4599

***Counsel for the National Plaintiffs Group***

Ann Lugbill
2406 Auburn Avenue
Cincinnati, Ohio 45219
Tel: (513) 784-1280
Fax: (513) 784-1449
***Counsel for Mary Reeder***

Brandon N. Voelker
28 West 5th Street
Covington, Kentucky 41011
Tel: (859) 491-5551
Fax: (859) 491-0187
***Counsel for Mary Reeder***

Gene Summerlin
OGBORN, SUMMERLIN
  & OGBORN, PC
210 Windsor Place
330 South Tenth Street
Lincoln, Nebraska 68508
Tel: (402) 434-8040
Fax: (402) 434-8044
***Counsel for JWRE, Inc., Chrystal Moeller, and Caresse Harms***

Robert J. Sharkey
VANDERVOORT, CHRIST
  & FISHER, PC
Fifth Third Bank Building, Suite 312
67 West Michigan Avenue
Battle Creek, Michigan 49017
Tel: (269) 965-7000
Fax: (269) 965-0646
***Counsel for Robert J. Rainwater***

11

Richard A. Lockridge
Robert K. Shelquist
LOCKRIDGE GRINDAL
 NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
***Counsel for Kathy Ann Chapman,***
***Nancy Bjork, Ron Terranova, and Carl Yamaguchi***

Noah Golden-Krasner
LAW OFFICES OF NOAH
 GOLDEN-KRASNER
354 West Main Street
Madison, Wisconsin 53703
Tel: (608) 441-8924
Fax: (608) 442-9494
***Counsel for Sonia Yaco***

Tim Semelroth
RICCOLO & SEMELROTH, PC
425 Second St. SE, Ste 1140
Cedar Rapids, Iowa 52401
Tel: (319) 365-9200
Fax: (319) 365-1114
***Counsel for Ryan James Volden***

Robert J. Rubin, PA
RUBIN & STROUT, PA
480 West Street
Rockport, Maine 04856
Tel: (207) 236-8260
Fax: (207) 236-4981
***Counsel for Melissa Goeke***

Charles F. Speer
Donnamarie Landsberg
SPEER LAW FIRM, PC
104 W. 9th Street, Suite 305
Kansas City, Missouri 64105
Tel: (816) 472-3560
Fax: (816) 421-2150
***Counsel for Jeff Vaught***

Dennis J. Johnson
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, Vermont 05403
Tel: (802) 862-0030
Fax: (802) 862-0060
***Counsel for Ficor Acquisition Co., LLC,
dba Mills & Greer Sporting Goods***

Peter G. Gruber
PETER G. GRUBER, P.A.
One Datran Center, Suite 910
9100 South Dadeland Boulevard
Miami, Florida 33156
Tel: (305) 670-1010
Fax: (305) 670-0228
***Counsel for Maria Pilar Salgado***

Nancy Freeman Gans
MOULTON & GANS, P.C.
33 Broad Street, Suite 1100
Boston, Massachusetts 02109
Tel: (617) 369-7979
Fax: (617) 369-7980
***Counsel for Paula Nardella***

Richard J.R. Raleigh Jr.
WILMER & LEE, P.A.
100 Washington Street, Suite 200
Huntsville, Alabama 35801
Tel: (256) 533-0202
Fax: (256) 533-0302
***Counsel for Nancy Wolfe***

Jayne Goldstein
MAGER & GOLDSTEIN LLP
2825 University Drive, Suite 350
Coral Springs, Florida 33065
Tel: (954) 341-0844
Fax: (954) 341-0855
***Counsel for Leslie March, Virginia Deering,
and Giacobbe-Fritz Fine Art LLC***

Carol A. Mager
MAGER & GOLDSTEIN LLP
One Liberty Place, 21st Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 640-3280
Fax: (215) 640-3281
***Counsel for Leslie March, Virginia Deering,
and Giacobbe-Fritz Fine Art LLC***

Van Bunch
BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, PC
57 Carriage Hill
Signal Mountain, Tennessee 37377
Tel: (423) 886-9736
***Counsel for Tom Hobbs***

Barry C. Blackburn
THE BLACKBURN LAW FIRM, PLLC
6933 Crumpler Boulevard, Suite B
P.O. Box 70
Olive Branch, Mississippi
Tel: (662) 895-6116
Fax: (662) 895-6121
***Counsel for Bill Richards***

Greg McEwen
THE MCEWEN LAW FIRM, P.L.L.C.
5850 Blackshire Path
Inver Grove Heights, Minnesota 55076
Tel: (651) 224-3833
Fax: (651) 223-5790
***Counsel for Ron Terranova***

Jerold T. Matayoshi
FUKUNAGA MATAYOSHI HERSHEY
 & CHING, LLP
Davies Pacific Center, Suite 1200
841 Bishop Street
Honolulu, Hawaii 96813
Tel: (808) 533-4300
Fax: (808) 531-7585
***Counsel for Carl Yamaguchi***

Patrick J. Murphy
MURPHY, SMALL & ASSOCIATES
1100 East Bridger Avenue
Las Vegas, Nevada 89101
Tel: (702) 259-4600
Fax: (702) 259-4748
*Counsel for Ron Terranova*

David Pastor
GILMAN AND PASTOR, L.L.P
60 State Street, 37th Floor
Boston, Massachusetts 02109
Tel: (617) 742-9700
Fax: (617) 742-9701

*Counsel for David Kurzman*

9596

## CERTIFICATE OF SERVICE

I, Robert D. Goldberg, undersigned counsel of record, hereby certify that on June 5, 2006, I caused a copy of THE NATIONAL PLAINTIFFS GROUP'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THEIR CONSOLIDATED COMPLAINT to be served on the following in the manner indicated:

### VIA ELECTRONIC FILING

**David Mark Balabanian**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Email: david.balabanian@bingham.com

**Joy K. Fuyuno**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000
Email: joy.fuyuno@bingham.com

**Richard L. Horwitz**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email: rhorwitz@potteranderson.com

**Christopher B. Hockett**
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
415-393-2000
Email: chris.hockett@bingham.com

**Daniel S. Floyd**
Pro Hac Vice
Email: dfloyd@gibsondunn.com

**Darren B. Bernhard**
Pro Hac Vice

**Francis O. Scarpulla**
Law Offices of Francis O. Scarpulla
44 Montgomery St.
Suite 3400
San Francisco, CA 94104
415-788-7210
Email: foslaw@pacbell.net

**Ali Oromchian**
Finkelstein Thompson & Loughran
601 Montgomery Street, Suite 665
San Francisco, CA 94111
415-398-8700
Email: ao@ftllaw.com

**Juden Justice Reed**
Schubert & Reed LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
415-788-4220
Email: jreed@schubert-reed.com

**Joseph M. Patane**
Law Office of Joseph M. Patane
2280 Untion St.
San Francisco, CA 94123
415-563-7200
Email: jpatane@tatp.com

**Maria Nunzio Alioto**
Trump Alioto Trump & Prescott LLP
2280 Union St.
San Francisco, CA 94123
415-563-7200
Email: malioto@tatp.com

**Nancy Fineman**
Cotchett Pitre Simon & McCarthy
840 Malcolm Rd., Suite 200
Burlingame, CA 94010
650-697-6000
Email: nfineman@cpsmlaw.com

**Donald Chidi Amamgbo**
Amambgo & Associates APC
1940 Embarcadero Cove
Oakland, CA 94606
510-434-7800
Email: DonaldAmambgo@Citycom.com

**Reginald Von Terrell**
The Terrell Law Group
223 25th Street
Richmond, CA 94804
510-237-9700
Email: REGGIE2@aol.com

**David Boies, III**
Straus & Boies LLP
4041 University Dr., 5th Floor
Fairfax, VA 22030
703-764-8700
Email: dboies@straus-boies.com

**Donald F. Drummond**
Drummond & Associates
One California St., Suite 300
San Francisco, CA 94111
415-433-2261
Email: ballen@drummondlaw.net

**Gordon Ball**
Ball & Scott
550 Main Avenue, 750 NationsBank Center
Knoxville, TN 37902
865-525-7028
Email: filings@ballandscott.com

**B.J. Wade**
Glassman Edwards Wade & Wyatt P.C.
26 N. Second St.
Memphis, TN 38103
901-527-4673
Email: bwade@gewwlaw.com

## VIA FIRST CLASS MAIL

**Richard A. Ripley**
Bingham McCutchen
1120 20th Street, NW Suite 800
Washington, DC 20036

**Michael J. Beck**
Clerk, MDL Judicial Panel
One Columbus Circle, N.E.
Room G-255, Federal Judiciary Bldg
Washington, DC 20002-8004

**Daniel Hume**
Kirby McInerney & Squire L.L.P.
830 Third Avenue, 10th Floor
New York, NY 10022

**Randy R. Renick**
128 North Fair Oaks Avenue
Suite 204
Pasedena, CA 91103

**Scott Ames**
Serratore & Ames
9595 Wilshire Blvd.
Suite 201
Los Angeles, CA 90212

**Daniel B. Allanoff**
Meredith Cohen Greenfogel & Skirnick P.C.
117 South 17th St.
22nd Floor
Architects Building
Philadelphia, PA 19103

**Craig C. Corbitt**
Zelle Hofmann Voelbel Mason & Gette LLP
44 Montgomery Street
Suite 3400
San Francisco, CA 94104

**Douglas G. Thompson, Jr.**
Finkelstein Thompson & Loughran
1050 30th St., N.W.
Washington, DC 20007

**Donald L. Perelman**
Fine Kaplan & Black RPC
1835 Market St.
28th Floor
Philadelphia, PA 19103

**Russell M. Aoki**
Aoki Sakamoto Grant LLP
One Convention Place
701 Pike St., Suite 1525
Seattle, WA 98101

**Edward A. Wallace**
The Wexler Firm LLP
One North LaSalle St.
Suite 2000
Chicago, IL 60602

**Lance A. Harke**
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, FL 33130

**Michael L. Kirby**
Kirby Noonan Lance and Hoge
600 West Broadway
Suite 1100
San Diego, CA 92101-3302

    /s/ Robert D. Goldberg
Robert D. Goldberg (I.D. #631)