WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603
312-984-0000



JOHN L. FREEMAN
EDGAR J. NATHAN, 3RD
CHARLES H. BALLER
DAVID A. RUTTENBERG
DANIEL W. KRASNER
FRED T. ISQUITH
STUART M. SAFT*
ERIC B. LEVINE
JEFFREY G. SMITH†
FRANCIS M. GREGOREK†
MARY JANE FAIT♦
ROBERT D. STEELE
MARK C. SILVERSTEIN
ELI D. GREENBERG
PETER C. HARRAR
LAWRENCE P. KOLKER
MARK C. RIFKIN◇○
JEFFREY M. SCHWARTZ
MICHAEL JAFFE†
MARIA I. BELTRANI*
MICHAEL E. FLEISS
BETSY C. MANIFOLD†
ALEXANDER H. SCHMIDT○
BRETT D. NUSSBAUM
JEFFREY S. REICH*
GREGORY M. NESPOLE
DAVID L. WALES
FRANCIS A. BOTTINI, JR.▽
DEMET BASAR○
ADAM J. LEVITT‡
LISA A. LOWENTHAL
STEVEN D. SLADKUS○
THOMAS H. BURT

M. JOSHUA ABER
CARL R. SLOAN
ROBERT B. WEINTRAUB
ROBERT ABRAMS
OF COUNSEL

ALAN McDOWELL□
NANCY S. PITKOFSKY○
MICHAEL C. MULÉ○
RACHELE R. RICKERT▽
JASON B. ATLAS
JILL H. BLUMBERG◇
SCOTT J. FARRELL○
KATE M. McGUIRE
GUSTAVO BRUCKNER○
RONNIE BRONSTEIN
LAUREN P. WISHNIA○
STACEY T. KELLY○
PAULETTE S. FOX○
JOHN T. HENDERSON
MICHAEL J. MISKE
JOSHUA BERENGARTEN
INGRID C. MANEVITZ○
MATTHEW M. GUINEY
RUDOLPH F. LEHRER
MATTHEW P. KLEIN
AYA BOUCHEDID
JULIE CORBO▽
GEORGE PETERS
RENEE I. WANKOFF
IONA M. EVANS
ALEXANDRA R. SILVERBERG
BRYANT A. ROMAN○

ALSO ADMITTED
*FL, †CA, ○NJ, ♦IL, ◇PA
ONLY ADMITTED
▽CA, ‡IL, □VA


DIRECT DIAL (212) 545-4690
FACSIMILE (212) 545-4653
isquith@whafh.com

May 12, 2006

***VIA FACSIMILE***

Michael P. Lehmann, Esq.
The Furth Firm LLP
225 Bush Street, Fifteenth Floor
San Francisco, California 94104

Michael Hausfeld, Esq.
Cohen Milstein Hausfeld & Toll
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, DC 20005

Guido Saveri, Esq.
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, California 94111

Anthony D. Shapiro, Esq.
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

**Re:** ***In re Intel Corporation Microprocessor Antitrust Litigation***
**MDL Docket No. 05-MD-1717 JJF**
**Civil Action No.: 1:05-CV-00485 JJF (D. Del.)**

Dear Counsel:

During yesterday's conference call – which Judge Farnan ordered us to have in an effort to resolve our differences in an effort to preclude further motion practice on our pending motion for leave to file our proposed consolidated complaint – you requested: (a) that we send you a list of the claims that we have asserted on our clients' behalf that you have excluded from your consolidated complaint; and (b) that we resend you those sections of your consolidated complaint as to which we suggested language – at your request – which you then rejected in their entirety. A copy of that language is attached hereto.

The following are the nineteen claims that we asserted on our clients' behalf that you have not included in your consolidated complaint, together with the number of the claim as it appears in our proposed consolidated complaint:

**(a)** Arizona: consumer protection (Claim 3);
**(b)** Florida: antitrust (Claims 4-6);
**(c)** Hawaii: antitrust (Claim 8);
**(d)** Louisiana: antitrust (Claims 14-16);
**(e)** Massachusetts: antitrust (Claims 22-24);
**(f)** Michigan: consumer protection (Claim 29);
**(g)** Minnesota: deceptive trade practices and consumer protection (Claims 31-32);
**(h)** New Jersey: antitrust and consumer protection (Claims 42-43);
**(i)** South Dakota: deceptive trade practices (Claim 59);
**(j)** Tennessee: consumer protection (Claim 61); and
**(k)** Wisconsin: consumer protection (Claim 70).

Thus, even setting aside the standing issue – which, as you know, we still believe to be a serious issue – it is clear that many of our claims have been excluded from your consolidated pleading in this case.

In addition, each of our clients claims include the right to invoke Rule 23 to prosecute those claims.

With respect to the standing problems, we believe those continue to pose a problem, as we discussed yesterday. Our proposed revisions to your consolidated complaint that we sent you prior to its submission to the court, were carefully drafted designed to solve or otherwise overcome those problems and to protect our clients' interests. Of course, those were not as complete as contained in our proposal amendment, which we prefer. We suggest that you carefully reconsider those proposed revisions in light of our recent conversation, since these revisions – coupled with the inclusion of the omitted claims (see above) may go a long way toward resolving our differences with respect to these issues.

Obviously – and as we advised Judge Farnan at last Thursday's hearing – our concern is to protect our clients' claims and interests in this litigation. As we understand the Court's direction, we had seven (7) days to resolve the differences in opinions and the time to respond to our motion papers commenced at that point. We hope that we will be able to reach agreement on a method that we believe accomplishes that goal, without further judicial intervention. We hope you agree.

We look forward to hearing from you shortly.

Very truly yours,

Fred Taylor Isquith

7. Plaintiffs, on their own behalf and on behalf of the below-defined nationwide indirect purchaser class – or, in the alternative, respectively on behalf of each of the below-defined state indirect purchaser classes under the Sherman Act and the respective laws of each of the states with indirect purchaser laws – seek to recover for the injuries to their business(es) or property resulting from overpayments for Intel microprocessors. Plaintiffs also seek injunctive relief and costs, including reasonable attorneys' fees.

**Deleted:** class defined below,

---

## III. PARTIES

A. To the extent we are able to come to an agreement, our plaintiffs will need to be listed here.

B. Also, we believe it is important to assert – for the sake of the alternative claims – for each named Plaintiff, that he/she/it purchased his/hers/its computers containing Intel X86 microprocessors in the states in which they are alleged to reside.

---

## IV. CLASS ALLEGATIONS

64. In the event California law is not applied to the claims of all Class members for damages regardless of where they reside, Plaintiffs will respectively seek certification – under Rule 23(b)(3) for damages, and/or under Rule 23(b)(2) for purposes of injunctive relief – of separate state indirect purchaser classes from each of the states listed in Paragraph 65 (*infra*) (the "Included States"), under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and

**Formatted:** Font: Italic

26,[1] and the applicable laws of each of those individual states (the "Alternative State Classes").

65. Should Plaintiffs seek certification of each of the Alternative State Classes, the named plaintiffs from each of the Included States will respectively seek to represent state-delimited classes of indirect purchasers, who from June 28, 2001 through the present, purchased, in their respective Included State(s), a microprocessor that executes the x86 instruction set, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of Defendant. Each such Alternative State Class would exclude the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which Defendant has a controlling interest. Each such state Class would also exclude all federal, state or local governmental entities, all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

66. The "Included States" comprising the Alternative State Classes are Alaska, Arizona, Arkansas, California, the District of Columbia, Florida, Idaho, Iowa, Kansas, Louisiana, Maine, Massachusetts, Michigan, Montana, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North

Formatted: Normal, Justified, Line spacing: Double

Deleted: 5

Deleted: For purposes of the Subclass, t

Deleted:

[1] NOTE: WHILE YOU ASSERT THAT PLAINTIFFS BRING SHERMAN 1 AND 2 CLAIMS, YOU ONLY ALLEGE SHERMAN 2 CLAIMS (COMPARE PARAGRAPH 8 WITH THE "FIRST CLAIM FOR RELIEF" (¶¶ 192-202). SEE ALSO, PARAGRPH 220(a), WHERE YOU REFERENCE SHERMAN 1 IN YOUR 17200 CLAIM. THIS NEEDS TO BE REVISED.

Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

Deleted: ¶

67. Plaintiffs do not know the exact number of members comprising the Nationwide Class or each of the Alternative State Classes, because such information is in the exclusive control of Intel and third parties. However, due to the nature of the trade and commerce involved, Plaintiffs believe that the members of the Nationwide Class or each of the Alternative State Classes number in the thousands and are geographically diverse so that joinder of all members of the Nationwide Class or each of the Alternative State Classes is impracticable. Fed. R. Civ. P. 23(a)(1).

Deleted: . 67. .

Deleted: of

Deleted: of Class members

Deleted: Class

Deleted: Class

Deleted: ¶

68. There are questions of law and fact common to the Nationwide Class or each of the Alternative State Classes, including but not limited to the following:

Deleted: <#> . There

Deleted: Class

Formatted: Space After: 0 pt, Line spacing: Double

a. whether Intel engaged in anticompetitive conduct that renders it liable to the Nationwide Class or each of the Alternative State Classes under the applicable federal and/or state antitrust and consumer protection laws;

Deleted: Class

b. whether Intel possessed monopoly power in the relevant market;

c. whether Intel acquired or maintained monopoly power within the relevant market through anticompetitive activity;

d. whether Intel's unlawful conduct has caused legally cognizable injury to Plaintiffs and the other members of the Nationwide Class or the Alternative State Classes by enabling Intel to increase, maintain, or stabilize above competitive levels the prices that Plaintiffs and the

Deleted: Class

other members of the Nationwide Class or the Alternative State Classes have paid for x86 microprocessors, and if so, the appropriate class-wide measure of damages;

Deleted: Class members

e. whether Intel formed and operated a combination or conspiracy to fix, raise, maintain or stabilize the prices of, or allocate the market for, microprocessors;

f. whether the combination or conspiracy caused microprocessor prices to be higher than they would have been in the absence of Intel's conduct;

g. the operative time period of the combination or conspiracy;

h. whether Intel's conduct caused injury to the business or property of Plaintiffs and the other members of the Nationwide Class or the Alternative State Classes;

Deleted: Plaintiffs and the members of the Class

i. the appropriate measure of the amount of damages suffered by Plaintiffs and the other members of the Nationwide Class or the Alternative State Classes;

Deleted: the Class

j. whether Intel violated Section 1 of the Sherman Act;

k. whether Intel violated Section 2 of the Sherman Act;

l. whether Intel violated Sections 16720 and 17200 of the California Business and Professions Code; and

m. whether, with respect to the certification of the Alternative State Classes, Intel violated the antitrust, unfair competition, and/or

Deleted:

consumer protection laws of each of the Included States, as alleged below.

68. These common questions and others predominate over questions, if any, that affect only individual members of the Nationwide Class or the Alternative State Classes. Fed. R. Civ. P. 23(a)(2) and 23(b)(3).

69. Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other members of the Nationwide Class or, respectively, the Alternative State Classes. Plaintiffs, by advancing their claims, will also advance the claims of each of the members of the Nationwide Class or, respectively, the Alternative State Classes, because Intel participated in activity that caused members of the Nationwide Class or the Alternative State Classes to suffer similar injury. Fed. R. Civ. P. 23(a)(3).

70. Plaintiffs and their counsel will fairly and adequately protect the interests of absent class members of the Nationwide Class or the Alternative State Classes. There are no material conflicts between Plaintiffs' claims and those of absent class members that would make class certification inappropriate. Counsel for Plaintiffs are experienced in complex class action litigation, including litigation involving antitrust allegations, and will vigorously assert Plaintiffs' claims and the claims of the other members of the Nationwide Class or the Alternative State Classes. Fed. R. Civ. P. 23(a)(4).

71. Intel has acted or refused to act on grounds generally applicable to the Nationwide Class or the Alternative State Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class(es) as a whole. Fed. R. Civ. P. 23(b)(2).

72. A class action is superior to other methods for the fair and efficient resolution of this controversy. The class action device presents fewer management difficulties, and provides the benefit of a single adjudication, economy of scale, and

Deleted: the other states
Formatted: Normal, Justified, Line spacing: Double
Deleted: <#>.
Deleted: Class
Deleted: <#>.
Formatted: Font: 13 pt
Deleted: Class members
Formatted: Font: 13 pt
Deleted: all members of the Class
Formatted: Font: 13 pt
Deleted: Class
Formatted: Font: 13 pt
Deleted: <#>
Deleted: .
Formatted: Font: 13 pt
Deleted: C
Formatted: Font: 13 pt
Formatted: Font: 13 pt
Deleted: C
Formatted: Font: 13 pt
Deleted: those of the members of the Class
Formatted: Font: 13 pt
Deleted: <#>
Deleted: .
Formatted: Font: 13 pt
Deleted: Class
Formatted: Font: 13 pt
Formatted: Font: 13 pt
Deleted: <#>
Deleted: .
Formatted: Font: 13 pt

comprehensive supervision by a single court. Fed. R. Civ. P. 23(b)(3). The damages suffered by each Plaintiff and other members of the Nationwide Class or the Alternative State Classes are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent class certification, it would not be feasible for Plaintiffs and the other members of the Nationwide Class or the Alternative State Classes to redress the wrongs done to them. Even if Plaintiffs and the other members of the Nationwide Class or the Alternative State Classes could afford individual litigation, ~~which is not the case~~, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system. Therefore, the class action device presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court.

**Deleted:** Class member
**Formatted:** Font: 13 pt
**Deleted:** Class members
**Formatted:** Font: 13 pt
**Formatted:** Font: 13 pt
**Deleted:** Class members
**Formatted:** Font: 13 pt
**Formatted:** Font: 13 pt, Strikethrough
**Formatted:** Font: 13 pt

## IX. CLAIMS FOR RELIEF

Consistent with the revisions we propose for the earlier sections of the Consolidated Complaint, we suggest that the present iteration of the claims alleged does not adequately protect the prospective interests of the Alternative State Classes (read: in the event that you'll need to assert the alternative classes, we don't think that the current draft of the Consolidated Complaint does this in a clear or sufficient manner).

While it is true that the Sherman Act claims can still be sought on a nationwide basis, on behalf of a nationwide class,[2] the Alternative State Classes' claims should be broken out as follows:

**FIFTH CLAIM FOR RELIEF**

**(Brought on Behalf of the Alternative State Classes for Violations of State Antitrust and Restraint of Trade Laws)**

7. Plaintiffs allege this claim in the alternative and respectively on behalf of the Alternative State Classes from each of the Included States, as defined above -- in the event that the Court does not apply California law on a nationwide basis. For this alternative claim, Plaintiffs, on their own behalf and respectively on behalf of the other members of the Alternative State Classes, incorporates Paragraphs _____ - ________, _______ - _______, and ______ - ____, into this alternative claim. **[IN INCORPORATING PARAGRAPHS, I WOULD NOT INCORPORATE THE CALIFORNIA LAW CLAIMS – FOR WHICH YOU'RE SEEKING RELIEF ON BEHALF OF A NATIONWIDE CLASS – INTO THESE ALTERNATIVE STATE CLAIMS]**

8. Plaintiffs [LIST ALL PLAINTIFFS HERE], on behalf of himself, herself, or itself and the Alternate State Classes comprised of the individuals or entities who purchased, in the Included States, as defined above, a microprocessor that executes the x86 instruction set, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of

[2] We believe, however, that it would also make sense to revise the language in the Sherman Act claims to reflect the potential for Alternative State Class pleading for those claims (read: if you can't proceed with a nationwide class and you need to proceed with the Alternative State Classes). As we discussed above (see footnote 1), we also think that you need to decide whether or not you plan to put in a Sherman 1 claim for injunctive relief. If you do not, you'll need to remove Sherman 1 references from the draft pleading.

Defendant, alleges that by its above-described conduct, Intel has violated the applicable state laws.

9. Intel has violated Arizona Revised Stat. Code §§ 44-1401 *et seq.*

10. Intel has violated California Bus. & Prof. Code §§ 16700 *et seq.*

10. Intel has violated District of Columbia Code Ann. §§ 28-4503 *et seq.*

11. Intel has violated Iowa Code §§ 553.1 *et seq.*

12. Intel has violated Kansas Stat. Ann. §§ 50-101 *et seq.*

13. Intel has violated 10 Maine Rev. Stat. §§ 1101 *et seq.*

14. Intel has violated Michigan Comp. Laws. Ann. §§ 445.773 *et seq.*

15. Intel has violated Minnesota Stat. §§ 325D.52 *et seq.*

16. Intel has violated Mississippi Code Ann. § 75-21-1 *et seq.*

17. Intel has violated Nebraska Rev. Stat. §§ 59-801 *et seq.*

18. Intel has violated Nevada Rev. Stat. Ann. §§ 598A *et seq.*

19. Intel has violated New Jersey Stat. §§ 56:9-1 *et seq.*

20. Intel has violated New Mexico Stat. Ann. §§ 57-1-1 *et seq.*

21. Intel has violated New York Gen. Bus. Law § 340 *et seq.*

22. Intel has violated North Carolina Gen. Stat. §§ 75-1 *et seq.*

23. Intel has violated North Dakota Cent. Code §§ 51-08.1-01 *et seq.*

24. Intel has violated South Dakota Codified Laws Ann. §§ 37-1 *et seq.*

25. Intel has violated Tennessee Code Ann. §§ 47-25-101 *et seq.*

26. Intel has violated Vermont Stat. Ann. 9 §§ 2453 *et seq.*

27. Intel has violated West Virginia Code §§ 47-18-1 *et seq.*

28. Intel has violated Wisconsin Stat. §§ 133.01 *et seq.*

29. As a direct and proximate result of Intel's unlawful conduct, Alternative State Class members in each of the Included States have been injured in their business and property in that they indirectly paid more for x86 microprocessors than they would have paid absent Intel's unlawful conduct.

## SIXTH CLAIM FOR RELIEF

**(Brought on Behalf of the Alternative State Classes for Violations of Violations of State Consumer Protection and Unfair Competition Laws)**

30. Plaintiffs allege this claim in the alternative and respectively on behalf of the Alternative State Classes from each of the Included States, as defined above – in the event that the Court does not apply California law on a nationwide basis. For this alternative claim, Plaintiffs, on their own behalf and respectively on behalf of the other members of the Alternative State Classes, incorporates Paragraphs _____ - ________, ________ - _______, and _______ - ____, into this alternative claim. **[IN INCORPORATING PARAGRAPHS, I WOULD NOT INCORPORATE THE CALIFORNIA LAW CLAIMS – FOR WHICH YOU'RE SEEKING RELIEF ON BEHALF OF A NATIONWIDE CLASS – INTO THESE ALTERNATIVE STATE CLAIMS]**

31. Plaintiffs [LIST ALL PLAINTIFFS HERE], on behalf of himself, herself, or itself and the Alternate State Classes comprised of the individuals or entities who purchased, in the Included States, as defined above, a microprocessor that executes the x86 instruction set, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of Defendant, alleges that by its above-described conduct, Intel has violated the applicable state laws.

31. Intel has violated Alaska Stat. §§ 45.50.471 *et seq.*

32. Intel has violated Arkansas Rev. Stat. §§ 4-88-101 *et seq.*

32. Intel has violated California Bus. & Prof. Code §§ 17200 *et seq.*

33. Intel has violated District of Columbia Code §§ 28-3901 *et seq.*

34. Intel has violated Florida Stat. §§ 501.201 *et seq.*

35. Intel has violated Idaho Code §§ 48-601 *et seq.*

36. Intel has violated Kansas Stat. §§ 50-623 *et seq.*

37. Intel has violated Louisiana Rev. Stat. §§ 51:1401 *et seq.*

38. Intel has violated 5 Maine Rev. Stat. §§ 207 *et seq.*

39. Intel has violated Mass. Gen. Laws ch. 93A § 1 *et seq.*

40. Intel has violated Montana Code §§ 30-14-101 *et seq.*

41. Intel has violated Nebraska Rev. Stat. §§ 59-1601 *et seq.*

42. Intel has violated Nevada Rev. Stat. §§ 598.0903 *et seq.*

43. Intel has violated New Hampshire Rev. Stat. §§ 358-A:1 *et seq.*

44. Intel has violated New Mexico Stat. §§ 57-12-1 *et seq.*

45. Intel has violated New York Gen. Bus. Law §§ 349 *et seq.*

46. Intel has violated North Carolina Gen. Stat. §§ 75-1.1 *et seq.*

47. Intel has violated Rhode Island Gen. Laws §§ 6-13.1-1 *et seq.*

48. Intel has violated Utah Code §§ 13-11-1 *et seq.*

49. Intel has violated 9 Vermont Stat. §§ 2451 *et seq.*

50. Intel has violated West Virginia Code §§ 46A-6-101 *et seq.*

51. As a direct and proximate result of Intel's unlawful conduct, Class members in each of these states have been injured in their business and property in that they indirectly paid more for x86 microprocessors than they would have paid absent Intel's unlawful conduct.

---

Moreover, in the Seventh Claim (unjust enrichment and disgorgement), you should plead it alternatively on behalf of the Nationwide Class and the Alternative State Classes.

Finally, you'll need to revise the Request for Relief to address the Nationwide Class and/or the Alternative State Classes. This revision would render the Request for Relief consistent with the rest of the Complaint revisions.

Confirmation Report – Memory Send

Page : 001
Date & Time: May-12-06 05:58pm
Line 1 :
Line 2 : 12125454654
E-mail :
Machine ID : Wolf Haldenstein

Job number : 355

Date : May-12 05:52pm

To : ☎667#22612#001#14152176813

Number of pages : 013

Start time : May-12 05:52pm

End time : May-12 05:58pm

Pages sent : 013

Status : OK

Job number : 355 *** SEND SUCCESSFUL ***

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
**270 Madison Avenue**
**New York, New York 10016**

**Telephone: 212-545-4600**
**Direct: 212-545-4690**
**Facsimile:**
**E-mail: isquith@whafh.com**
**kolanovic@whafh.com**

May 12, 2006

| Name | Company | Fax Number |
|---|---|---|
| Michael P. Lehmann, Esq. | The Furth Firm LLP | (415) 982-2076 |
| Michael Hausfeld, Esq. | Cohen Milstein Hausfeld & Toll, P.L.L.C. | (202) 408-4699 |
| Guido Saveri, Esq. | Saveri & Saveri | (415) 217-6813 |
| Anthony D. Shapiro, Esq. | Hagens Berman Sobol Shapiro, LLP | (206) 623-0594 |

FROM: Isquith, Fred

RE: In re Intel Corporation Microprocessor Antitrust Litigaiton

NO. OF PAGES: 13 (including this cover sheet)

| Client Name: | AMD Intel | Client Number: | 22612.001 |
|---|---|---|---|

Please notify Tony at 212 545 4692 if there is any problem.

NOTICE: The documents included in or sent with this facsimile transmittal sheet contain information from the law firm of Wolf Haldenstein Adler Freeman & Herz LLP that may be confidential, privileged and/or exempt from disclosure under applicable law. The documents and information are only for the use of the intended recipient(s). If the reader is not the intended recipient(s), or the employer or agent responsible for delivering the document to the intended recipient(s), note that any disclosure, copying or distribution of the documents or use of the contents of the documents is strictly prohibited. If you have received this communication in error, please notify us by telephone (collect) immediately so that we can arrange for a retrieval of the documents at no cost to you.

Confirmation Report - Memory Send

Page : 001
Date & Time: May-12-06 05:49pm
Line 1 :
Line 2 : 12125454654
E-mail :
Machine ID : Wolf Haldenstein

Job number : 354

Date : May-12 05:45pm

To : ☎667#22612#001#12024084699

Number of pages : 013

Start time : May-12 05:45pm

End time : May-12 05:49pm

Pages sent : 013

Status : OK

Job number : 354 *** SEND SUCCESSFUL ***

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
**270 Madison Avenue**
**New York, New York 10016**

**Telephone: 212-545-4600**
**Direct: 212-545-4690**
**Facsimile:**
**E-mail: isquith@whafh.com**
**kolanovic@whafh.com**

May 12, 2006

| Name | Company | Fax Number |
|---|---|---|
| Michael P. Lehmann, Esq. | The Furth Firm LLP | (415) 982-2076 |
| Michael Hausfeld, Esq. | Cohen Milstein Hausfeld & Toll, P.L.L.C. | (202) 408-4699 |
| Guido Saveri, Esq. | Saveri & Saveri | (415) 217-6813 |
| Anthony D. Shapiro, Esq. | Hagens Berman Sobol Shapiro, LLP | (206) 623-0594 |

FROM: Isquith, Fred

RE: In re Intel Corporation Microprocessor Antitrust Litigaiton

NO. OF PAGES: 13 (including this cover sheet)

| Client Name: | AMD Intel | Client Number: | 22612.001 |
|---|---|---|---|

Please notify Tony at 212 545 4692 if there is any problem.

NOTICE: The documents included in or sent with this facsimile transmittal sheet contain information from the law firm of Wolf Haldenstein Adler Freeman & Herz LLP that may be confidential, privileged and/or exempt from disclosure under applicable law. The documents and information are only for the use of the intended recipient(s). If the reader is not the intended recipient(s), or the employer or agent responsible for delivering the document to the intended recipient(s), note that any disclosure, copying or distribution of the documents or use of the contents of the documents is strictly prohibited. If you have received this communication in error, please notify us by telephone (collect) immediately so that we can arrange for a retrieval of the documents at no cost to you.

## Confirmation Report – Memory Send

Page : 001
Date & Time: May-12-06 05:44pm
Line 1 :
Line 2 : 12125454654
E-mail :
Machine ID : Wolf Haldenstein

Job number : 353

Date : May-12 05:34pm

To : ☎667#22612#001#14159822076

Number of pages : 013

Start time : May-12 05:34pm

End time : May-12 05:38pm

Pages sent : 013

Status : OK

Job number : 353 *** SEND SUCCESSFUL ***

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
**270 Madison Avenue**
**New York, New York 10016**

Telephone: 212-545-4600
Direct: 212-545-4690
Facsimile:
E-mail: Isquith@whafh.com
kolanovic@whafh.com

May 12, 2006

| Name | Company | Fax Number |
|---|---|---|
| Michael P. Lehmann, Esq. | The Furth Firm LLP | (415) 982-2076 |
| Michael Hausfeld, Esq. | Cohen Milstein Hausfeld & Toll, P.L.L.C. | (202) 408-4699 |
| Guido Saveri, Esq. | Saveri & Saveri | (415) 217-6813 |
| Anthony D. Shapiro, Esq. | Hagens Berman Sobol Shapiro, LLP | (206) 623-0594 |

FROM: Isquith, Fred

RE: In re Intel Corporation Microprocessor Antitrust Litigaiton

NO. OF PAGES: 13 (including this cover sheet)

| Client Name: | AMD Intel | Client Number: | 22612.001 |
|---|---|---|---|

Please notify Tony at 212 545 4692 if there is any problem.

NOTICE: The documents included in or sent with this facsimile transmittal sheet contain information from the law firm of Wolf Haldenstein Adler Freeman & Herz LLP that may be confidential, privileged and/or exempt from disclosure under applicable law. The documents and information are only for the use of the intended recipient(s). If the reader is not the intended recipient(s), or the employer or agent responsible for delivering the document to the intended recipient(s), note that any disclosure, copying or distribution of the documents or use of the contents of the documents is strictly prohibited. If you have received this communication in error, please notify us by telephone (collect) immediately so that we can arrange for a retrieval of the documents at no cost to you.

Confirmation Report – Memory Send

Page : 001
Date & Time: May-12-06 05:44pm
Line 1 :
Line 2 : 12125454654
E-mail :
Machine ID : Wolf Haldenstein

Job number : 352

Date : May-12 05:24pm

To : ☎667#22612#001#12066230594

Number of pages : 013

Start time : May-12 05:24pm

End time : May-12 05:32pm

Pages sent : 013

Status : OK

Job number : 352 *** SEND SUCCESSFUL ***

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
**270 Madison Avenue**
**New York, New York 10016**

**Telephone: 212-545-4600**
**Direct: 212-545-4690**
**Facsimile:**
**E-mail: isquith@whafh.com**
**kolanovic@whafh.com**

May 12, 2006

| Name | Company | Fax Number |
|---|---|---|
| Michael P. Lehmann, Esq. | The Furth Firm LLP | (415) 982-2076 |
| Michael Hausfeld, Esq. | Cohen Milstein Hausfeld & Toll, P.L.L.C. | (202) 408-4699 |
| Guido Saveri, Esq. | Saveri & Saveri | (415) 217-6813 |
| Anthony D. Shapiro, Esq. | Hagens Berman Sobol Shapiro, LLP | (206) 623-0594 |

FROM: Isquith, Fred

RE: In re Intel Corporation Microprocessor Antitrust Litigaiton

NO. OF PAGES: 13 (including this cover sheet)

| Client Name: | AMD Intel | Client Number: | 22612.001 |
|---|---|---|---|

Please notify Tony at 212 545 4692 if there is any problem.

NOTICE: The documents included in or sent with this facsimile transmittal sheet contain information from the law firm of Wolf Haldenstein Adler Freeman & Herz LLP that may be confidential, privileged and/or exempt from disclosure under applicable law. The documents and information are only for the use of the intended recipient(s). If the reader is not the intended recipient(s), or the employer or agent responsible for delivering the document to the intended recipient(s), note that any disclosure, copying or distribution of the documents or use of the contents of the documents is strictly prohibited. If you have received this communication in error, please notify us by telephone (collect) immediately so that we can arrange for a retrieval of the documents at no cost to you.