AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

IN RE:
INTEL CORP. MICPROCESSOR
ANTITRUST LITIGATION

PHIL PAUL, on behalf of himself
and all others similarly situated,

        Plaintiffs, v.

INTEL CORPORATION,

        Defendant.

**SUBPOENA IN A CIVIL CASE**

MDL Docket No. 05-MD-1717-JJF

Case Number:[1] 05-485-JJF

CONSOLIDATED ACTION

TO: NEC USA, Inc.
     c/o Corporation Trust Company
     1209 Orange Street
     Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See attached 'Schedule A'

| PLACE | DATE AND TIME |
|---|---|
| Prickett, Jones & Elliott, P.A., 1310 King Street, PO Box 1328 Wilmington, DE 19899 | July 24, 2006 @ 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ (4378) | June 22, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Clayton Athey, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street, PO Box 1328
Wilmington, DE 19899

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 6/22/06 | C/O 2711 CENTERVILLE RD. WILMINGTON, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
|---|---|---|
| NEC USA, INC | ACCEPTED BY | MARY DRUMMOND (PROCESS AGENT) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BARRY EVELAND | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/22/06
                 DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

## Schedule A

## NEC USA, INC.

**Definitions**

      1.    For purposes of this document request, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data-files including email, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000.

      2.    With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

      3.    For purposes of this document request, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, Core, Core Duo and Xeon).

      4.    For purposes of this document request, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, E-CAP (exceptions to corporate approved pricing), Market Development Funds ("MDF"), "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

      5.    For purposes of this document request, "COMPANY" refers to NEC USA, INC. and any of its controlled present or former subsidiaries, parents, and predecessor or successor companies.

      6.    "INTEL" refers to Intel Corporation, Intel Kabushiki Kaisha, and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

      7.    "AMD" refers to Advanced Micro Devices, Inc., AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

      8.    "SKU" means stock keeping unit.

      9.    For purposes of this request, "COMPUTER SYSTEM" means any product that utilizes a MICROPROCESSOR including, without limitation, desktop computers, notebook computers, and workstations.

**Instructions**

      1.    The time period, unless otherwise specified, covered by each request set forth below is from January 1, 2000 up to and including the present.

2. In responding to each request set forth below, please set forth each request in full before each response.

3. If any DOCUMENT covered by these requests is withheld by reason of a claim of privilege, please furnish a list at the time the DOCUMENTS are produced identifying any such DOCUMENT for which the privilege is claimed, together with the following information with respect to any such DOCUMENT withheld: author; recipient; sender; indicated or blind copies; date; general subject matter; basis upon which privilege is claimed and the paragraph of these requests to which such DOCUMENT relates. For each DOCUMENT withheld under a claim that it constitutes or contains attorney work product, also state whether your COMPANY asserts that the DOCUMENT was prepared in anticipation of litigation or for trial.

4. If your COMPANY objects to a request in part, please state specifically which part of the request your COMPANY objects to and produce all DOCUMENTS responsive to all other parts of the request.

5. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

6. Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive). Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

7. In connection with your production of DOCUMENTS, please produce any relevant data dictionaries, data translations, lookup tables, and/or any other documentation designed to facilitate use of the data contained within the DOCUMENTS produced.

8. Please organize electronic DOCUMENTS produced for inspection in the same manner that the COMPANY stores them (e.g., if maintained by a custodian, such as email residing on an email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

9. To the extent responsive DOCUMENTS reside on databases and other such systems and files, your COMPANY shall either produce the relevant database in useable form and/or shall permit access for inspection, review, and extraction of responsive information.

10. At your COMPANY's election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive).

# DOCUMENT REQUESTS

1. All DOCUMENTS that Intel and/or AMD have requested in connection with the *In re Intel Corporation Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF; *Paul v. Intel*, Civil Action No. 05-485-JJF; and *AMD v. Intel*, Civil Action No. 05-441-JJF.

2. For each x86 COMPUTER SYSTEM that you manufacture or market, DOCUMENTS sufficient to identify the (1) product type; (2) brand; and (3) model; (4) components (e.g., CPU, Keyboard, Monitor) and (5) SKU.

**Purchase Terms**

3. All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning your COMPANY's participation in or support of any AMD product launch or promotion, or support of AMD products at any trade show, conference, product launch, promotion or industry meeting.

4. All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to "meet competition," including all forms relating to "meeting competition."

5. All DOCUMENTS constituting, reflecting, or discussing E-CAP funds.

6. All DOCUMENTS constituting or reflecting any past or present contractual relationship between you and AMD or INTEL.

**Purchase and Sales History**

7. DOCUMENTS sufficient to show:

   a) Historical purchase volumes by month and type of processor (broken down by units, brand and SKU number); associated prices paid; and all related governing contract(s), for all MICROPROCESSORS purchased from INTEL and AMD since January 1, 2000.

   b) The aggregate amount by month of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, Market Development Funds, "meeting competition" payments, or any advertising or pricing support provided to your COMPANY in connection with its purchase of MICROPROCESSORS since January 1, 2000 broken down by month and by brand, unit and SKU.

   c) Product road maps for product lines, broken down by computer specification(s) (type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer) and type of MICROPROCESSORS (by month) since January 1, 2000.

   d)  The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

 8.  DOCUMENTS sufficient to show:

   a)  The unit and dollar volume of sales and/or leases of COMPUTER SYSTEMS that your COMPANY has made, broken down by (i) month; (ii) the SKUs sold or leased; (iii) COMPUTER SYSTEM specification (including the type of MICROPROCESSOR, type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer); (iv) the number of units sold or leased; (v) the price of each sale or lease; (vi) the amount paid for each COMPUTER SYSTEM specification in each sale or lease; (vii) the revenue generated by each sale or lease; (viii) the name and address of the customer to whom the sale or lease was made; (ix) the ship to zip code or zip code of the store location that made the sale or lease; and (x) the date of the sale or lease.

 9.  DOCUMENTS sufficient to show:

   a)  Expected and realized revenue, cost, and profitability broken down by (i) product line; (ii) units; (iii) brand; and (iv) SKU number; and (v) by month since January 1, 2000, **also** broken down to reflect expected and realized revenue, cost, and profitability of component computer parts (including the type of MICROPROCESSOR, type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer) per product line, per unit, per brand, per SKU and by month.

**Miscellaneous**

 10.  Any and all DOCUMENTS furnished by your COMPANY to the Fair Trade Commission of Japan.

 11.  All DOCUMENTS constituting, reflecting or discussing any product defects involving INTEL MICROPROCESSORS or INTEL'S inability to deliver or timely deliver an adequate supply of MICROPROCESSORS to your COMPANY.

 12.  All DOCUMENTS constituting, reflecting, or discussing any monthly or quarterly business review by INTEL and/or between your COMPANY and INTEL.

 13.  DOCUMENTS showing the date of introduction of every new server and client platform since January 1, 2000 and the number of units manufactured by quarter for the duration of the platform's life.

14. All DOCUMENTS reflecting or concerning any evaluation by you whether to purchase microprocessors from AMD or INTEL (including any evaluation relating to the quantity or timing of such purchase), including, but not limited to, DOCUMENTS discussing or concerning (a) the technical specifications or performance of AMD's or INTEL's microprocessors; (b) the quality or reliability of AMD's or INTEL's microprocessors or systems incorporating those microprocessors; (c) the reliability of INTEL or AMD as suppliers; (d) AMD's or INTEL's ability to supply microprocessors in the quantities that you require or anticipate that you will require; (e) the suitability of AMD's or INTEL's microprocessors for your business objectives; (f) the suitability of INTEL-based or AMD-based platforms for particular customer segments, including, but not limited to, corporate customers; (g) the future roadmap of INTEL or AMD, including, but not limited to, the suitability of future product offerings from the two companies to your needs; (h) actual or expected consumer demand for systems incorporating AMD's or INTEL's microprocessors; (i) the pricing of AMD's or INTEL's microprocessors; (j) negotiations, proposals or demands in connection with the purchase or potential purchase of microprocessors; (k) the availability, capability or price of chipsets or motherboards; (l) the total bill of materials for systems based on INTEL or AMD microprocessors; (m) costs associated with the shifting from the use of one microprocessor to another; or (n) any other reasons influencing your decision to purchase (or not purchase) microprocessors from AMD or INTEL.

15. All DOCUMENTS reflecting or discussing any failure or perceived failure by AMD or INTEL to satisfy any commitment or expectation regarding the sale or supply of microprocessors or any other product or service, including, but not limited to, a failure to meet supply commitments, a failure to supply products of sufficient quality or reliability, a failure to supply products in a timely manner, a failure to supply products that conform to AMD's or INTEL's claims regarding performance or other attributes, or a failure to provide adequate service or support.

16. All DOCUMENTS reflecting or discussing any evaluation of the truthfulness or reliability of claims made by AMD or INTEL regarding the attributes of its microprocessors or systems incorporating its microprocessors.

17. All DOCUMENTS, whether generated internally or received from third parties, discussing or concerning any technological, reliability, quality, or other advancements or improvements in any of your products, including any advancements or improvements in the sale of any of your products, that are attributable to any technological initiative by INTEL or AMD, including, but not limited to, any standard or specification to which INTEL made significant contributions.

18. All DOCUMENTS discussing or concerning the (a) the relative merits of INTEL-based or AMD-based platforms for systems directed at or intended for sale to corporate or business customers and (b) the preference of corporate or business customers for either INTEL or AMD microprocessors or systems incorporating those microprocessors.

19. All DOCUMENTS constituting, reflecting or discussing communications with AMD or INTEL concerning any of the following: (a) any advertising or promotion by you referencing AMD or INTEL; (b) any product launch by you referencing AMD or INTEL; (c)

5

product roadmaps of INTEL or AMD products; (d) or the terms of any contractual relationship between you and INTEL or AMD.

20. All DOCUMENTS constituting, reflecting or discussing communications with AMD or Intel concerning the above-captioned matter, *AMD v. Intel*, Civil Action No. 05-441 (D. Del.), or any of the allegations about you in AMD's Complaint in that matter, or any other litigation involving AMD and INTEL, or any investigation relating to INTEL by the Fair Trade Commission of Japan or the European Commission.

21. All DOCUMENTS sufficient to show the steps taken by your COMPANY to preserve DOCUMENTS with respect to this litigation or related litigation or proceeding including, without limitation, all DOCUMENTS that constitute, reflect or discuss your COMPANY'S DOCUMENT retention policy or policies from January 1, 2000 to the present.

# CERTIFICATE OF SERVICE

I, Laina M. Herbert, hereby certify that on this 23rd day of June, 2006, I caused the foregoing Subpoena and Return of Service to be served on the following counsel via electronic filing:

Frederick L. Cottrell, III, Esquire
Chad Michael Shandler, Esquire
Steven J. Fineman, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
shandler@rlf.com
fineman@rlf.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Charles P. Diamond, Esquire
Mark A. Samuels, Esquire
Linda J. Smith, Esquire
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
CDiamond@omm.com
MSamuels@omm.com
lsmith@omm.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Adam L. Balick, Esquire
Bifferato Gentilotti Biden & Balick
711 North King Street
Wilmington, DE 19801-3503
abalick@bgbblaw.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Laurin Grollman, Esquire
Salem M. Katsh, Esquire
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
lgrollman@kasowitz.com
skatsh@kasowitz.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Richard L. Horwitz, Esquire
W. Harding Drane, Jr., Esquire
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Counsel for Intel Corporation and Intel Kabushiki Kaisha*

David Mark Balabanian, Esquire
Joy K. Fuyuno, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
david.balabanian@bingham.com
joy.fuyuno@bingham.com
*Counsel for Intel Corporation*

19684.1\302870v1

Christopher B. Hockett, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
chris.hockett@bingham.com
*Counsel for Intel Corporation*

Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
dfloyd@gibsondunn.com
*Counsel for Intel Corporation*

Robert E. Cooper, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
rcooper@gibsondunn.com
*Counsel for Intel Corporation*

Donald F. Drummond, Esquire
Drummond & Associates
One California Street, Suite 300
San Francisco, CA 94111
ballen@drummondlaw.net
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Tracy Kinder and Edward Rush*

Darren B. Bernhard, Esquire
Peter E. Moll, Esquire
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Bernhardd@howrey.com
*Counsel for Intel Corporation and Intel Kabushiki Kaisha*

B.J. Wade, Esquire
Glassman Edwards Wade & Wyatt, P.C.
26 N. Second Street
Memphis, TN 38103
bwade@gewwlaw.com
*Counsel for Cory Wiles*

Nancy L. Fineman, Esquire
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
nfineman@cpsmlaw.com
*Counsel for Trotter-Vogel Realty Inc.*

Robert D. Goldberg, Esquire
Biggs and Battaglia
921 North Orange Street, P.O. Box 1489
Wilmington, DE 19899
goldberg@batlaw.com
*Counsel for Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, Nancy Bjork, James R. Conley, Jeff Vaught, Jim Kidwell Richard Caplan, Virginia Deering, Ficor Acquisition Co. LLC, Tom Hobbs, David Kurzman, Leslie March, Andrew Marcus, Paula Nardella, Bill Richards, Maria Pilar Salgado, Ron Terranova, Nancy Wolft Ryan James Volden and Carl Yamaguchi*

Donald Chidi Amamgbo, Esquire
Amamgbo & Associates, APC
1940 Embarcadero Cove
Oakland, CA 94606
donaldamamgbo@citycom.com
*Counsel for Athan Uwakwe*

Jeffrey F. Keller, Esquire
Jade Butman, Esquire
Law Offices of Jeffrey F. Keller
425 Second Street, Suite 500
San Francisco, CA 94107
jkeller@jfkellerlaw.com
jbutman@kellergrover.com
*Counsel for David E. Lipton, Maria I. Prohias, Patricia M. Niehaus, Peter Jon Naigow, Ronld Konieczka, Steve J. Hamilton, Susan Baxley and Kevin Stoltz*

Gordon Ball, Esquire
Ball & Scott
550 W. Main Ave., Suite 750
Knoxville, TN 37902
gball@ballandscott.com
*Counsel for Andrew Armbrister and Melissa Armbrister*

Joseph M. Patane, Esquire
Law Offices of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
jpatane@tatp.com
*Counsel for Karol Juskiewicz and Lawrence Lang*

James Gordon McMillan, III, Esquire
Bouchard Margules & Friedlander
222 Delaware Avenue,
Suite 1400
Wilmington, DE 19801
jmcmillan@bmf-law.com
*Counsel for Raphael Allison and Matthew Kravitz*

Michele C. Jackson, Esquire
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West, 275 Battery Street,
30th Floor
San Francisco, CA 94111
mjackson@lchb.com
*Counsel for Huston Frazier, Jeanne Cook Frazier and Brian Weiner*

A. Zachary Naylor, Esquire
Robert Kriner, Jr., Esquire
Robert R. Davis, Esquire
James R. Malone, Jr., Esquire
Chimicles & Tikellis, LLP
One Rodney Square, P.O. Box 1035
Wilmington, DE 19899
zacharynaylor@chimicles.com
robertkriner@chimicles.com
robertdavis@chimicles.com
jamesmalone@chimicles.com
*Counsel for Gideon Elliott, Angel Genese, Nir Goldman, Paul C. Czysz, Elizabeth Bruderle Baran, Carrol Cowan, Russell Dennis, Damon DiMarco, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Leonard Lorenzo, Michael E. Ludt, John Maita, Chrystal Moeller, Robert J. Rainwater, Mary Reeder, Stuart Schupler and Sonia Yaco*

Harry Shulman, Esquire
Robert Mills, Esquire
The Mills Law Firm
145 Marina Boulevard
San Rafeal, CA 94901
harry@millslawfirm.com
deepbluesky341@hotmail.com
*Counsel for Stuart Munson*

Ali Oromchian, Esquire
Finkelstein, Thompson & Loughran
601 Montgomery Street, Suite 665
San Francisco, CA 94111
ao@ftllaw.com
*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis*

Douglas A. Millen, Esquire
Steven A. Kanner, Esquire
Much Shelist Freed Denenberg Ament & Rubenstein, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
dmillen@muchshelist.com
skanner@muchshelist.com
*Counsel for HP Consulting Services Inc. and Phillip Boeding*

Vincent J. Esades, Esquire
Muria J. Kruger, Esquire
Marguerite E. O'Brien, Esquire
Heins Mills & Olson, P.L.C.
3550 I.D.S. Center
80 S. Eight Street
Minneapolis, MN 55402
vesades@heinsmills.com
mkruger@heinsmills.com
mobrien@heinsmills.com
*Counsel for Bergerson & Associates Inc.*

Garrett D. Blanchfield, Jr., Esquire
Mark Reinhardt, Esquire
Reinhardt Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, MN 55101
g.blanchfield@rwblawfirm.com
mreinhardt@comcast.net
*Counsel for Susan Baxley*

Hollis L. Salzman, Esquire
Kellie Safar, Esquire
Goodking Labaton Rudoff & Sucharow, LLP
100 Park Avenue
New York, NY 10017
hsalzman@labaton.com
ksafar@labaton.com
*Counsel for Angel Genese, Gideon Elliott and Nir Goldman*

Jason S. Kilene, Esquire
Daniel E. Gustafson, Esquire
Gustafson Gluek PLLC
650 Northstar East, 608 Second Avenue South
Minneapolis, MN 55402
jkilene@gustafsongluek.com
dgustafson@gustafsongluek.com
*Counsel for Fiarmont Orthopedics & Sports Medicine PA*

Lance A. Harke, Esquire
Harke & Clasby
155 S. Miami Avenue
Miami, FL 33130
lharke@harkeclasby.com
*Counsel for Nathaniel Schwartz and Maria I. Prohias*

Bruce J. Wecker, Esquire
Hosie McArthur LLP
One Market Street
Spear Street Tower #2200
San Francisco, CA 94105
bwecker@hosielaw.com
*Counsel for Dwight E. Dickerson*

Francis O. Scarpulla, Esquire
Law Offices of Francis O. Scarpulla
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
foslaw@pacbell.net
*Counsel for Lazio Family Products, Law Offices of Laurel Stanley, William F. Cronin, Michael Brauch and Andrew Meimes*

R. Bruce McNew, Esquire
Taylor & McNew, LLP
3711 Kennett Pike, Suite 210
Greenville, DE 19807
mcnew@taylormcnew.com
*Counsel for Robert Marshall*

David Boies, III, Esquire
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030
dboies@straus-boies.com
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Edward Rush and Tracy Kinder*

Allan Steyer, Esquire
Steyer Lowenthal Boodrookas Alvarez & Smith LLP
One California Street, Third Floor
San Francisco, CA 94111
asteyer@steyerlaw.com
*Counsel for Cheryl Glick-Salpeter, Jay Salpeter, Jodi Salpeter and Michael H. Roach*

Mario Nunzio Alioto, Esquire
Trump Alioto Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123
malioto@tatp.com
*Counsel for Karol Juskiewicz and Lawrence Lang*

Steven A. Asher, Esquire
Robert S. Kitchenoff, Esquire
Weinstein Kitchenoff & Asher, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
asher@wka-law.com kithenoff@wka-law.com
*Counsel for Joseph Samuel Cone*

Francis A. Bottini, Jr., Esquire
Wolf Haldenstein Adler Freeman & Herz
750 B Street, Suite 2770
San Diego, CA 92101
bottini@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Fred Taylor Isquith, Esquire
Adam J. Levitt, Esquire
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave., 11th Floor
New York, NY 10016
isquith@whafh.com
levitt@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Edward A. Wallace, Esquire
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
eawallace@wexlerfirm.com
*Counsel for Peter Jon Naigow*

Jeffrey S. Goddess, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
jgoddess@rmgglaw.com
*Counsel for Ludy A. Chacon, Joseph Samuel Cone, Darice Russ and Michael K. Simon*

Jason S. Hartley, Esquire
Ross, Dixon & Bell LLP
550 West B Street, Suite 400
San Diego, CA 92101
jhartley@rdblaw.com
*Counsel for Gabriella Herroeder-Perras*

Craig C. Corbitt, Esquire
Zelle, Hofmann, Voelbel, Mason & Gette LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
ccorbitt@zelle.com
*Counsel for William F. Cronin, Law Offices of Laurel Stanley and Lazio Family Products*

Scott E. Chambers, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE 19903
schambers@scbmittrod.com
*Counsel for David Arnold, Andrew S. Cohn, Jason Craig, Maria Griffin, Lena K. Manyin, Paul Ramos and Michael Ruccolo*

Juden Justice Reed, Esquire
Schubert & Reed LLP
Two Embarcadero Center, Suite 1600
San Francisco, CA 94111
jreed@schubert-reed.com
*Counsel for Patrick J. Hewson*

Russell M. Aoki, Esquire
Aoki Sakamoto Grant LLP
One Convention Place
701 Pike Street, Suite 1525
Seattle, WA 98101
russ@aoki-sakamoto.com
*Counsel for Kevin Stoltz*

Richard A. Ripley, Esquire
Bingham McCutchen
1120 20th Street, NW, Suite 800
Washington, DC 20036
richard.ripley@bingham.com
*Counsel for Intel Corporation*

Donald L. Perelman, Esquire
Fine Kaplan & Black, RPC
1835 Market Street, 28th Flr
Philadelphia, PA 19103
dperelman@finekaplan.com
*Counsel for Kevin Stoltz*

Reginald Von Terrell, Esquire
The Terrell Law Group
223 25th Street
Richmond, CA 94804
REGGIET2@aol.com
*Counsel for Athan Uwakwe*

Natalie Finkelman Bennett, Esquire
Shepherd, Finkelman, Miller & Shah
65 Main Street
Chester, CT 06412-1311
nfinkelman@classactioncounsel.com
*Counsel for Ludy A. Chacon*

Michael L. Kirby, Esquire
Kirby Noonan Lance & Hoge LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
mkirby@knlh.com
*Counsel for Justin Suarez*

Jeffrey A. Bartos, Esquire
Guerrieri, Edmond, Clayman & Bartos, PC
1625 Massachusetts Avenue, NW
Washington, DC 20036
jbartos@geclaw.com
*Counsel for Jose Juan, Dressed to Kill Custom Draperies, LLC, Tracy Kinder and Edward Rush*

Randy R. Renick, Esquire
Law Offices of Randy Renick
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
rrr@renicklaw.com
*Counsel for Shanghai 1930 Restaurant Partners L.P. and Major League Softball Inc.*

| | |
|---|---|
| Daniel Hume, Esquire<br>Kirby McInerney & Squire LLP<br>830 Third Avenue, 10th Floor<br>New York, NY 10022<br>dhume@kmslaw.com<br>*Counsel for Raphael Allison and Matthew Kravitz* | Daniel B. Allanoff, Esquire<br>Steven Greenfogel, Esquire<br>Meredith Cohen Greenfogel & Skirnick, P.C.<br>22nd Floor, Architects Building<br>117 S. 17th Street<br>Philadelphia, PA 19103<br>dallanoff@mcgslaw.com<br>sgreenfogel@mcgslaw.com<br>*Counsel for Benjamin Allanoff* |
| Scott Ames, Esquire<br>Serratore & Ames<br>9595 Wilshire Blvd., Suite 201<br>Los Angeles, CA 90212<br>scott@serratoreames.com<br>*Counsel for Major League Softball, Inc.* | Harvey W. Gurland, Jr., Esquire<br>Duane Morris<br>200 S. Biscayne Blvd., Suite 3400<br>Miami, FL 33131<br>HWGurland@duanemorris.com<br>*Counsel for Intel Corporation* |
| Douglas G. Thompson, Jr., Esquire<br>Finkelstein, Thompson & Loughran<br>1050 30th Street N.W.<br>Washington, DC 20007<br>dgt@ftllaw.com<br>*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis* | Barbara C. Frankland, Esquire<br>Rex A. Sharp, Esquire<br>Gunderson Sharp & Walke, L.L.P.<br>4121 W. 83rd St., Ste. 256<br>Prairie Village, KS 66208<br>bfrankland@midwest-law.com<br>rsharp@midwest-law.com<br>*Counsel for Marvin D. Chance, Jr.* |

<u>VIA U.S. MAIL</u>

Clerk Michael J. Beck
Clerk, MDL Judicial Panel
One Columbus Circle, N.E.
Room G-255, Federal Judiciary Bldg.
Washington, DC 20002-8004
*Pro Se*

                                                            /s/ Laina M. Herbert
                                                            Laina M. Herbert (#4717)