## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE:<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | ) <br> ) <br> ) <br> )    MDL Docket No. 05-1717-JJF <br> ) |
| PHIL PAUL, on behalf of himself and all<br>others similarly situated, | ) <br> ) <br> ) |
| Plaintiffs, | )    Civil Action No. 05-485-JJF |
| v. | )    CONSOLIDATED ACTION <br> ) |
| INTEL CORPORATION, | ) <br> ) |
| Defendant. | ) <br> ) |

### NOTICE OF SUBPOENA

TO:    Counsel of Record
(Per the Attached Service List)

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

on June 22, 2006, the attached subpoena was served on Fry's Electronics, Inc. c/o Kathryn J.

Kolder, 600 E Brokaw Road, San Jose, CA 95112 commanding it to produce for inspection and

copying on July 24, 2006 the documents identified in Schedule A appended thereto.

PRICKETT, JONES & ELLIOTT, P.A.

Dated: June 23, 2006

/s/ James L. Hozman
James L. Holzman (DE Bar # 663)
J. Clayton Athey (DE Bar #4378)
1310 King Street, Box 1328
Wilmington, DE 19899
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com

*Interim Liaison Counsel for Plaintiffs*

\307159v1

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
mhausfeld@cmht.com dsmall@cmht.com
blandau@cmht.com abaker@cmht.com

Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM, LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony Shapiro
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com
craig@hbsslaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

*Co-Lead and Interim Counsel for Plaintiffs*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

In Re Intel Corp. Microprocessors
Antitrust Litig.;

Phil Paul, et al.

**v.**

Intel Corp.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 05-485-JJF
MDL Docket No. 1717 JJF
United States District Court, District of
Delaware

To: Fry's Electronics, Inc.
    c/o Kathryn J. Kolder
    600 E Brokaw Road
    San Jose, CA 95112

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

See Schedule A

| PLACE<br>Saveri & Saveri, Inc.<br>111 Pine Street, Ste 1700<br>San Francisco, CA 94111 | DATE AND TIME<br>July 24, 2006<br>5:00 P.M. |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *R. Alexander Saveri*  (Attorney for Plaintiff) | JUNE 22, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
R. Alexander Saveri (415)217-6810
Saveri & Saveri, Inc.
111 Pine Street, Ste 1700, San Francisco, CA 94111

(See Rule 45, Federal Rules of Civil Procedure, Parts C& D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____           _____
                    Date                                      Signature of Server

_____
Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B) (iii) of this rule, such a person may in order to attend trial be

commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Schedule A**

**FRY'S ELECTRONICS, INC.**

**Definitions**

1.    For purposes of this document request, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data-files including email, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000.

2.    With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

3.    For purposes of this document request, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, Core, Core Duo, and Xeon).

4.    For purposes of this document request, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, E-CAP (exceptions to corporate approved pricing), Market Development Funds ("MDF"), "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

5.    For purposes of this document request, "COMPANY" refers to FRY'S ELECTRONICS, INC. and any of its controlled present or former subsidiaries, parents, and predecessor or successor companies.

6.    "INTEL" refers to Intel Corporation, Intel Kabushiki Kaisha, and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

7.    "AMD" refers to Advanced Micro Devices, Inc., AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

8.    "SKU" means stock keeping unit.

9.    For purposes of this request, "COMPUTER SYSTEM" means any product that utilizes a MICROPROCESSOR including, without limitation, desktop computers, notebook computers, and workstations.

**Instructions**

1.    The time period, unless otherwise specified, covered by each request set forth below is from January 1, 2000 up to and including the present.

1

2.    In responding to each request set forth below, please set forth each request in full before each response.

3.    If any DOCUMENT covered by these requests is withheld by reason of a claim of privilege, please furnish a list at the time the DOCUMENTS are produced identifying any such DOCUMENT for which the privilege is claimed, together with the following information with respect to any such DOCUMENT withheld: author; recipient; sender; indicated or blind copies; date; general subject matter; basis upon which privilege is claimed and the paragraph of these requests to which such DOCUMENT relates. For each DOCUMENT withheld under a claim that it constitutes or contains attorney work product, also state whether your COMPANY asserts that the DOCUMENT was prepared in anticipation of litigation or for trial.

4.    If your COMPANY objects to a request in part, please state specifically which part of the request your COMPANY objects to and produce all DOCUMENTS responsive to all other parts of the request.

5.    With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

6.    Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive). Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

7.    In connection with your production of DOCUMENTS, please produce any relevant data dictionaries, data translations, lookup tables, and/or any other documentation designed to facilitate use of the data contained within the DOCUMENTS produced.

8.    Please organize electronic DOCUMENTS produced for inspection in the same manner that the COMPANY stores them (e.g., if maintained by a custodian, such as email residing on an email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

9.    To the extent responsive DOCUMENTS reside on databases and other such systems and files, your COMPANY shall either produce the relevant database in useable form and/or shall permit access for inspection, review, and extraction of responsive information.

10.    At your COMPANY's election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive).

2

## DOCUMENT REQUESTS

1.     All DOCUMENTS that Intel and/or AMD have requested in connection with the *In re Intel Corporation Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF; *Paul v. Intel*, Civil Action No. 05-485-JJF; and *AMD v. Intel*, Civil Action No. 05-441-JJF.

2.     DOCUMENTS sufficient to identify the (1) product type; (2) brand; (3) model; (4) components (e.g., CPU, Keyboard, Monitor); and (5) SKUs of x86 COMPUTER SYSTEMS that you sell.

### Acquisition of Computer Systems

3.     All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning your COMPANY's participation in or support of any AMD product launch or promotion, or support of AMD products at any trade show, conference, product launch, promotion or industry meeting.

4.     All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to "meet competition," including all forms relating to "meeting competition."

5.     All DOCUMENTS constituting, reflecting, or discussing E-CAP funds.

6.     All documents constituting or discussing any past or present contractual relationship between you and AMD or INTEL, including, but not limited to, all advertising, marketing or promotional agreements and all communications with AMD or INTEL regarding the terms of any such contractual relationship.

### Purchase and Sales History

7.     DOCUMENTS sufficient to show:

    a)     the aggregate amount by month of the FINANCIAL INDUCEMENTS provided by INTEL to your COMPANY, broken down by type as regularly recorded in your accounting systems, in connection with your COMPANY'S purchases of COMPUTER SYSTEMS (by month) since January 1, 2000.

    b)     your COMPANY'S use of FINANCIAL INDUCEMENTS provided by INTEL including, without limitation, for advertising, newspapers circulars, in-store promotions, and sales personnel training since January 1, 2000.

    c)     your COMPANY'S purchases of COMPUTER SYSTEMS for resale on a monthly basis since January 1, 2000, broken down by (i) the SKU; (ii) the number of units purchased; (iii) the purchase price; (iv) the original equipment manufacturer or other source of the purchase; (v) computer specification(s) (including the type of MICROPROCESSOR, type of

operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer) and (vi) the amount paid for each computer specification.

d)     your COMPANY'S purchases of COMPUTER SYSTEMS for use in your business on a monthly basis since January 1, 2000, broken down by (i) the SKU; (ii) the number of units purchased; (iii) the purchase price; (iv) the original equipment manufacturer or other source of the purchase; (v) computer specification(s) (including the type of MICROPROCESSOR, type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer) and (vi) the amount paid for each computer specification.

8.    DOCUMENTS sufficient to show:

a)     your COMPANY'S unit and dollar volume of retail sales and/or leases of COMPUTER SYSTEMS on a monthly basis since January 1, 2000 broken down by (i) the SKUs sold or leased; (ii) COMPUTER SYSTEM specification (including the type of MICROPROCESSOR, type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer); (iii) the number of units sold or leased; (iv) the price of each sale or lease; (v) the amount paid for each COMPUTER SYSTEM specification in each sale or lease; (vi) the revenue generated by that sale or lease; (vii) the name and address of the customer to whom the sale or lease was made; (viii) the ship to zip code and the zip code of the store location that made the sale or lease; and (ix) the date of the sale or lease.

9.    DOCUMENTS sufficient to describe the name, scope, financial and other terms, conditions and effective dates of any rebate, marketing, other promotional program that you have offered purchasers of your COMPUTER SYSTEMS using x86 microprocessors.

10.    With regard to payments made under the programs identified in response to Request No. 9 above, DOCUMENTS sufficient to show: (1) the program under which the payment was made; (2) the amounts that you paid; (3) the zip code where you sent the payment; (4) the store number and/or store location, identified by zip code, to which the payment was attributed or assigned; (5) the SKU to which the payment relates; (6) the date of the payment; and (7) the date of the purchase to which the payment relates.

**Miscellaneous**

11.    All DOCUMENTS constituting, reflecting or discussing any product defects involving INTEL MICROPROCESSORS or INTEL'S inability to deliver or timely deliver an adequate supply of MICROPROCESSORS to your COMPANY.

12.    All DOCUMENTS constituting, reflecting, or discussing any monthly or quarterly business review by INTEL and/or between your COMPANY and INTEL.

4

13. All DOCUMENTS reflecting or concerning any evaluation by you whether to purchase computers containing microprocessors from AMD or INTEL (including any evaluation relating to the quantity or timing of such purchase), including, but not limited to, DOCUMENTS discussing or concerning (a) the technical specifications or performance of AMD's or INTEL'S microprocessors or computer systems incorporating those microprocessors; (b) the quality or reliability of AMD's or INTEL's microprocessors or systems incorporating those microprocessors; (c) the reliability of INTEL or AMD as suppliers, including, but not limited to, your ability to obtain supply of computer systems containing INTEL or AMD microprocessors; (d) the suitability of AMD's or INTEL's microprocessors for your business objectives; (e) the future roadmap of INTEL or AMD; (f) actual or expected consumer demand for systems incorporating AMD's or INTEL's microprocessors; or (g) or any other reasons influencing your decision to purchase (or not purchase) computers containing microprocessors from AMD or INTEL.

14. All DOCUMENTS reflecting or discussing any evaluation of the truthfulness or reliability of claims made by AMD or INTEL regarding the attributes of its microprocessors or computer systems incorporating its microprocessors.

15. All DOCUMENTS constituting, reflecting or discussing communications with AMD or INTEL concerning product placement or the amount of your shelf space allocated or to be allocated to computer systems containing INTEL or AMD microprocessors.

16. All DOCUMENTS constituting, reflecting or discussing communications or negotiations with OEMs or other suppliers or distributors of computers concerning any financial, advertising, marketing, promotional, training or technical support or payments by AMD or INTEL to you in connection with the purchase and/or resale of computer systems containing AMD or INTEL microprocessors.

17. All DOCUMENTS constituting, reflecting or discussing communications with AMD or INTEL concerning the above-captioned matter, *AMD v. Intel*, Civil Action No. 05-441 (D. Del.), or any of the allegations about you in AMD's Complaint in that matter, or any other litigation involving AMD and INTEL, or any investigation relating to INTEL by the Fair Trade Commission of Japan or the European Commission.

18. DOCUMENTS sufficient to show the zip code and store number of all your retail locations.

19. All DOCUMENTS sufficient to show the steps taken by your COMPANY to preserve DOCUMENTS with respect to this litigation or related litigation or proceeding including, without limitation, all DOCUMENTS that constitute, reflect or discuss your COMPANY'S DOCUMENT retention policy or policies from January 1, 2000 to the present.

## CERTIFICATE OF SERVICE

I, James L. Holzman, hereby certify that on this 23rd day of June, 2006, I caused the

foregoing Notice of Subpoena to be served on the following counsel via electronic filing:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Chad Michael Shandler, Esquire<br>Steven J. Fineman, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>cottrell@rlf.com<br>shandler@rlf.com<br>fineman@rlf.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* | Charles P. Diamond, Esquire<br>Mark A. Samuels, Esquire<br>Linda J. Smith, Esquire<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>CDiamond@omm.com<br>MSamuels@omm.com<br>lsmith@omm.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* |
| Adam L. Balick, Esquire<br>Bifferato Gentilotti Biden & Balick<br>711 North King Street<br>Wilmington, DE 19801-3503<br>abalick@bgbblaw.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* | Laurin Grollman, Esquire<br>Salem M. Katsh, Esquire<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, New York 10019<br>lgrollman@kasowitz.com<br>skatsh@kasowitz.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* |
| Richard L. Horwitz, Esquire<br>W. Harding Drane, Jr., Esquire<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>rhorwitz@potteranderson.com<br>wdrane@potteranderson.com<br>*Counsel for Intel Corporation and Intel*<br>*Kabushiki Kaisha* | David Mark Balabanian, Esquire<br>Joy K. Fuyuno, Esquire<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>david.balabanian@bingham.com<br>joy.fuyuno@bingham.com<br>*Counsel for Intel Corporation* |

| | |
|---|---|
| Christopher B. Hockett, Esquire<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>chris.hockett@bingham.com<br>*Counsel for Intel Corporation* | Darren B. Bernhard, Esquire<br>Peter E. Moll, Esquire<br>Howrey LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Bernhardd@howrey.com<br>*Counsel for Intel Corporation and Intel*<br>*Kabushiki Kaisha* |
| Daniel S. Floyd, Esquire<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California<br>90071-3197<br>dfloyd@gibsondunn.com<br>*Counsel for Intel Corporation* | B.J. Wade, Esquire<br>Glassman Edwards Wade & Wyatt, P.C.<br>26 N. Second Street<br>Memphis, TN 38103<br>bwade@gewwlaw.com<br>*Counsel for Cory Wiles* |
| Robert E. Cooper, Esquire<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California<br>90071-3197<br>rcooper@gibsondunn.com<br>*Counsel for Intel Corporation* | Nancy L. Fineman, Esquire<br>Cotchett, Pitre, Simon & McCarthy<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>nfineman@cpsmlaw.com<br>*Counsel for Trotter-Vogel Realty Inc.* |
| Donald F. Drummond, Esquire<br>Drummond & Associates<br>One California Street, Suite 300<br>San Francisco, CA 94111<br>ballen@drummondlaw.net<br>*Counsel for Dressed to Kill Custom Draperies*<br>*LLC, Jose Juan, Tracy Kinder and Edward*<br>*Rush* | Robert D. Goldberg, Esquire<br>Biggs and Battaglia<br>921 North Orange Street, P.O. Box 1489<br>Wilmington, DE 19899<br>goldberg@batlaw.com<br>*Counsel for Charles Dupraz, Vanessa Z.*<br>*DeGeorge, Melissa Goeke, Nancy Bjork,*<br>*James R. Conley, Jeff Vaught, Jim Kidwell*<br>*Richard Caplan, Virginia Deering, Ficor*<br>*Acquisition Co. LLC, Tom Hobbs, David*<br>*Kurzman, Leslie March, Andrew Marcus,*<br>*Paula Nardella, Bill Richards, Maria Pilar*<br>*Salgado, Ron Terranova, Nancy Wolft Ryan*<br>*James Volden and Carl Yamaguchi* |

| | |
|---|---|
| Donald Chidi Amamgbo, Esquire<br>Amamgbo & Associates, APC<br>1940 Embarcadero Cove<br>Oakland, CA  94606<br>donaldamamgbo@citycom.com<br>*Counsel for Athan Uwakwe* | Jeffrey F. Keller, Esquire<br>Jade Butman, Esquire<br>Law Offices of Jeffrey F. Keller<br>425 Second Street, Suite 500<br>San Francisco, CA  94107<br>jkeller@jfkellerlaw.com<br>jbutman@kellergrover.com<br>*Counsel for David E. Lipton, Maria I. Prohias,*<br>*Patricia M. Niehaus, Peter Jon Naigow, Ronld*<br>*Konieczka, Steve J. Hamilton, Susan Baxley*<br>*and Kevin Stoltz* |
| Gordon Ball, Esquire<br>Ball & Scott<br>550 W. Main Ave., Suite 750<br>Knoxville, TN 37902<br>gball@ballandscott.com<br>*Counsel for Andrew Armbrister and Melissa*<br>*Armbrister* | Joseph M. Patane, Esquire<br>Law Offices of Joseph M. Patane<br>2280 Union Street<br>San Francisco, CA  94123<br>jpatane@tatp.com<br>*Counsel for Karol Juskiewicz and Lawrence*<br>*Lang* |
| James Gordon McMillan, III, Esquire<br>Bouchard Margules & Friedlander<br>222 Delaware Avenue,<br>Suite 1400<br>Wilmington, DE 19801<br>jmcmillan@bmf-law.com<br>*Counsel for Raphael Allison and Matthew*<br>*Kravitz* | Michele C. Jackson, Esquire<br>Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West, 275 Battery Street,<br>30th Floor<br>San Francisco, CA  94111<br>mjackson@lchb.com<br>*Counsel for Huston Frazier, Jeanne Cook*<br>*Frazier and Brian Weiner* |

3

| | |
|---|---|
| A. Zachary Naylor, Esquire<br>Robert Kriner, Jr., Esquire<br>Robert R. Davis, Esquire<br>James R. Malone, Jr., Esquire<br>Chimicles & Tikellis, LLP<br>One Rodney Square, P.O. Box 1035<br>Wilmington, DE 19899<br>zacharynaylor@chimicles.com<br>robertkriner@chimicles.com<br>robertdavis@chimicles.com<br>jamesmalone@chimicles.com<br>*Counsel for Gideon Elliott, Angel Genese, Nir Goldman, Paul C. Czysz, Elizabeth Bruderle Baran, Carrol Cowan, Russell Dennis, Damon DiMarco, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Leonard Lorenzo, Michael E. Ludt, John Maita, Chrystal Moeller, Robert J. Rainwater, Mary Reeder, Stuart Schupler and Sonia Yaco* | Harry Shulman, Esquire<br>Robert Mills, Esquire<br>The Mills Law Firm<br>145 Marina Boulevard<br>San Rafeal, CA 94901<br>harry@millslawfirm.com<br>deepbluesky341@hotmail.com<br>*Counsel for Stuart Munson* |
| Ali Oromchian, Esquire<br>Finkelstein, Thompson & Loughran<br>601 Montgomery Street, Suite 665<br>San Francisco, CA 94111<br>ao@ftllaw.com<br>*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis* | Douglas A. Millen, Esquire<br>Steven A. Kanner, Esquire<br>Much Shelist Freed Denenberg Ament & Rubenstein, P.C.<br>191 North Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>dmillen@muchshelist.com<br>skanner@muchshelist.com<br>*Counsel for HP Consulting Services Inc. and Phillip Boeding* |
| Vincent J. Esades, Esquire<br>Muria J. Kruger, Esquire<br>Marguerite E. O'Brien, Esquire<br>Heins Mills & Olson, P.L.C.<br>3550 I.D.S. Center<br>80 S. Eight Street<br>Minneapolis, MN 55402<br>vesades@heinsmills.com<br>mkruger@heinsmills.com<br>mobrien@heinsmills.com<br>*Counsel for Bergerson & Associates Inc.* | Garrett D. Blanchfield, Jr., Esquire<br>Mark Reinhardt, Esquire<br>Reinhardt Wendorf & Blanchfield<br>332 Minnesota Street, Suite E-1250<br>St. Paul, MN 55101<br>g.blanchfield@rwblawfirm.com<br>mreinhardt@comcast.net<br>*Counsel for Susan Baxley* |

| | |
|---|---|
| Hollis L. Salzman, Esquire<br>Kellie Safar, Esquire<br>Goodking Labaton Rudoff & Sucharow, LLP<br>100 Park Avenue<br>New York, NY 10017<br>hsalzman@labaton.com<br>ksafar@labaton.com<br>*Counsel for Angel Genese, Gideon Elliott and Nir Goldman* | R. Bruce McNew, Esquire<br>Taylor & McNew, LLP<br>3711 Kennett Pike, Suite 210<br>Greenville, DE 19807<br>mcnew@taylormcnew.com<br>*Counsel for Robert Marshall* |
| Jason S. Kilene, Esquire<br>Daniel E. Gustafson, Esquire<br>Gustafson Gluek PLLC<br>650 Northstar East, 608 Second Avenue South<br>Minneapolis, MN 55402<br>jkilene@gustafsongluek.com<br>dgustafson@gustafsongluek.com<br>*Counsel for Fiarmont Orthopedics & Sports Medicine PA* | David Boies, III, Esquire<br>Straus & Boies, LLP<br>4041 University Drive, 5th Floor<br>Fairfax, VA 22030<br>dboies@straus-boies.com<br>*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Edward Rush and Tracy Kinder* |
| Lance A. Harke, Esquire<br>Harke & Clasby<br>155 S. Miami Avenue<br>Miami, FL 33130<br>lharke@harkeclasby.com<br>*Counsel for Nathaniel Schwartz and Maria I. Prohias* | Allan Steyer, Esquire<br>Steyer Lowenthal Boodrookas Alvarez & Smith LLP<br>One California Street, Third Floor<br>San Francisco, CA 94111<br>asteyer@steyerlaw.com<br>*Counsel for Cheryl Glick-Salpeter, Jay Salpeter, Jodi Salpeter and Michael H. Roach* |
| Bruce J. Wecker, Esquire<br>Hosie McArthur LLP<br>One Market Street<br>Spear Street Tower #2200<br>San Francisco, CA 94105<br>bwecker@hosielaw.com<br>*Counsel for Dwight E. Dickerson* | Mario Nunzio Alioto, Esquire<br>Trump Alioto Trump & Prescott LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>malioto@tatp.com<br>*Counsel for Karol Juskiewicz and Lawrence Lang* |
| Francis O. Scarpulla, Esquire<br>Law Offices of Francis O. Scarpulla<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>foslaw@pacbell.net<br>*Counsel for Lazio Family Products, Law Offices of Laurel Stanley, William F. Cronin, Michael Brauch and Andrew Meimes* | Steven A. Asher, Esquire<br>Robert S. Kitchenoff, Esquire<br>Weinstein Kitchenoff & Asher, LLC<br>1845 Walnut Street, Suite 1100<br>Philadelphia, PA 19103<br>asher@wka-law.com kithenoff@wka-law.com<br>*Counsel for Joseph Samuel Cone* |

5

| | |
|---|---|
| Francis A. Bottini, Jr., Esquire<br>Wolf Haldenstein Adler Freeman & Herz<br>750 B Street, Suite2770<br>San Diego, CA 92101<br>bottini@whafh.com<br>*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco* | Fred Taylor Isquith, Esquire<br>Adam J. Levitt, Esquire<br>Wolf Haldenstein Adler Freeman & Herz<br>270 Madison Ave., 11th Floor<br>New York, NY 10016<br>isquith@whafh.com<br>levitt@whafh.com<br>*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco* |
| Edward A. Wallace, Esquire<br>The Wexler Firm LLP<br>One N. LaSalle Street, Suite 2000<br>Chicago, IL 60602<br>eawallace@wexlerfirm.com<br>*Counsel for Peter Jon Naigow* | Jeffrey S. Goddess, Esquire<br>Rosenthal, Monhait, Gross & Goddess<br>Mellon Bank Center, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899<br>jgoddess@rmgglaw.com<br>*Counsel for Ludy A. Chacon, Joseph Samuel Cone, Darice Russ and Michael K. Simon* |
| Jason S. Hartley, Esquire<br>Ross, Dixon & Bell LLP<br>550 West B Street, Suite 400<br>San Diego, CA 92101<br>jhartley@rdblaw.com<br>*Counsel for Gabriella Herroeder-Perras* | Craig C. Corbitt, Esquire<br>Zelle, Hofmann, Voelbel, Mason & Gette LLP<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>ccorbitt@zelle.com<br>*Counsel for William F. Cronin, Law Offices of Laurel Stanley and Lazio Family Products* |

| | |
|---|---|
| Scott E. Chambers, Esquire<br>Schmittinger & Rodriguez, P.A.<br>414 S. State Street<br>P.O. Box 497<br>Dover, DE 19903<br>schambers@scbmittrod.com<br>*Counsel for David Arnold, Andrew S. Cohn,*<br>*Jason Craig, Maria Griffin, Lena K. Manyin,*<br>*Paul Ramos and Michael Ruccolo* | Reginald Von Terrell, Esquire<br>The Terrell Law Group<br>223 25th Street<br>Richmond, CA 94804<br>REGGIET2@aol.com<br>*Counsel for Athan Uwakwe* |
| Juden Justice Reed, Esquire<br>Schubert & Reed LLP<br>Two Embarcadero Center, Suite 1600<br>San Francisco, CA 94111<br>jreed@schubert-reed.com<br>*Counsel for Patrick J. Hewson* | Natalie Finkelman Bennett, Esquire<br>Shepherd, Finkelman, Miller & Shah<br>65 Main Street<br>Chester, CT 06412-1311<br>nfinkelman@classactioncounsel.com<br>*Counsel for Ludy A. Chacon* |
| Russell M. Aoki, Esquire<br>Aoki Sakamoto Grant LLP<br>One Convention Place<br>701 Pike Street, Suite 1525<br>Seattle, WA 98101<br>russ@aoki-sakamoto.com<br>*Counsel for Kevin Stoltz* | Michael L. Kirby, Esquire<br>Kirby Noonan Lance & Hoge LLP<br>One America Plaza<br>600 West Broadway, Suite 1100<br>San Diego, CA 92101<br>mkirby@knlh.com<br>*Counsel for Justin Suarez* |
| Richard A. Ripley, Esquire<br>Bingham McCutchen<br>1120 20th Street, NW, Suite 800<br>Washington, DC 20036<br>richard.ripley@bingham.com<br>*Counsel for Intel Corporation* | Jeffrey A. Bartos, Esquire<br>Guerrieri, Edmond, Clayman & Bartos, PC<br>1625 Massachusetts Avenue, NW<br>Washington, DC 20036<br>jbartos@geclaw.com<br>*Counsel for Jose Juan, Dressed to Kill Custom*<br>*Draperies, LLC, Tracy Kinder and Edward*<br>*Rush* |
| Donald L. Perelman, Esquire<br>Fine Kaplan & Black, RPC<br>1835 Market Street, 28th Flr<br>Philadelphia, PA 19103<br>dperelman@finekaplan.com<br>*Counsel for Kevin Stoltz* | Randy R. Renick, Esquire<br>Law Offices of Randy Renick<br>128 North Fair Oaks Avenue, Suite 204<br>Pasadena, CA 91103<br>rrr@renicklaw.com<br>*Counsel for Shanghai 1930 Restaurant*<br>*Partners L.P. and Major League Softball Inc.* |

| | |
|---|---|
| Daniel Hume, Esquire<br>Kirby McInerney & Squire LLP<br>830 Third Avenue, 10th Floor<br>New York, NY 10022<br>dhume@kmslaw.com<br>*Counsel for Raphael Allison and Matthew Kravitz* | Daniel B. Allanoff, Esquire<br>Steven Greenfogel, Esquire<br>Meredith Cohen Greenfogel & Skirnick, P.C.<br>22nd Floor, Architects Building<br>117 S. 17th Street<br>Philadelphia, PA 19103<br>dallanoff@mcgslaw.com<br>sgreenfogel@mcgslaw.com<br>*Counsel for Benjamin Allanoff* |
| Scott Ames, Esquire<br>Serratore & Ames<br>9595 Wilshire Blvd., Suite 201<br>Los Angeles, CA 90212<br>scott@serratoreames.com<br>*Counsel for Major League Softball, Inc.* | Harvey W. Gurland, Jr., Esquire<br>Duane Morris<br>200 S. Biscayne Blvd., Suite 3400<br>Miami, FL 33131<br>HWGurland@duanemorris.com<br>*Counsel for Intel Corporation* |
| Douglas G. Thompson, Jr., Esquire<br>Finkelstein, Thompson & Loughran<br>1050 30th Street N.W.<br>Washington, DC 20007<br>dgt@ftllaw.com<br>*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis* | Barbara C. Frankland, Esquire<br>Rex A. Sharp, Esquire<br>Gunderson Sharp & Walke, L.L.P.<br>4121 W. 83rd St., Ste. 256<br>Prairie Village, KS 66208<br>bfrankland@midwest-law.com<br>rsharp@midwest-law.com<br>*Counsel for Marvin D. Chance, Jr.* |
| VIA U.S. MAIL<br><br>Clerk Michael J. Beck<br>Clerk, MDL Judicial Panel<br>One Columbus Circle, N.E.<br>Room G-255, Federal Judiciary Bldg.<br>Washington, DC 20002-8004<br>*Pro Se* | |

/s/ James L. Holzman
James L. Holzman (DE Bar No. 663)

8