RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

CHAD M SHANDLER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7836
SHANDLER@RLF.COM

June 30, 2006

**BY HAND DELIVERY**
**AND ELECTRONIC MAIL**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

Re:  *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.* C.A. No. 05-441-JJF, *In re Intel Corporation,* C.A. No. 05-MD-1717-JJF

Dear Judge Poppiti:

Thank you for the very significant effort that Your Honor devoted to resolving disputes concerning the parties' proposed protective order. While AMD and the federal class plaintiffs are satisfied with Your Honor's resolution of most of the issues, including those that went against us, we write to request reconsideration of just one element of your recommended Protective Order. Specifically, we ask Your Honor to reexamine what we suspect was the unintentional elimination of the requirement that a producing party seeking to afford its materials confidential treatment under the Order make some showing that public disclosure will cause it some harm.

Paragraphs R, S and U of the parties' proposal were crafted to work together to satisfy what the Third Circuit expects of protective orders: that they keep from the public only discovery materials the disclosure of which will cause a producing party some measure of harm; that to the extent practicable, protective orders not define broad categories of protected materials so as to invite omnibus designations but instead identify with specificity documents that will not be made public; and third, that the age of materials be taken into consideration in determining whether they need continuing protection.

To that end, Paragraph R of the parties' proposal identified fifteen narrowly-drawn categories of documents eligible for confidential treatment and a sixteenth catch-all category. Of the fifteen, the last seven deal with documents of a nature that their disclosure would always cause "clearly defined and serious injury" (*e.g.*, network passwords and human resource department files). In contrast, the first eight define "non-public" business materials (*e.g.*, contracts and correspondence relating to contracts) which may or may not be entitled to confidential treatment. The parties agreed that at least for the first twenty-four months, these materials should also be kept from the public, but only if they satisfied the harm standard set forth in Paragraph U -- *i.e.*, that their disclosure would cause the producing party competitive

RLF1-3033094-1

The Honorable Vincent J. Poppiti
June 30, 2006
Page 2

injury. Thereafter, under Paragraph S, these materials would drop out of the protective order upon becoming the subject of a designation request unless a producing party could then show, under Paragraph R.16, that their disclosure would satisfy the Third Circuit's "clearly defined and serious injury" test.

From Your Honor's Report and Recommendations, we believe that Your Honor intended that the Third Circuit standard should govern this Protective Order and its definition and determination of confidential documents. As Your Honor recognizes, under the Third Circuit's standard, good cause for treating discovery material confidentially requires a showing that some harm will result from its disclosure.

The problem is that the revisions made in the recommended Order do just the opposite. As the recommended Order is currently framed (omitting both the proposed second sentence of Definition U, requiring a showing of possible competitive harm, and proposed Definition S), documents falling into the first eight categories specified in Paragraph R (now Paragraph M) are entitled to confidential treatment forever regardless of whether disclosure could possibly harm the producing party. Thus, expired procurement contracts and correspondence relating to them (R.4), aged sales data (R.2) and vintage price lists (R.1) will, by the terms of your proposed Order, remain confidential indefinitely, regardless of whether the producing party could show any potential harm from disclosure, no less the "clearly defined and serious injury" that your Recommendation acknowledges is required by the Third Circuit. In short, the proposed Order can no longer be squared with Third Circuit authority.

We understand the third parties' comments that the Paragraph S sunsetting provision, and its 24-month time frame, are somewhat arbitrary, and likewise respect Your Honor's conclusion that issues of staleness should be determined on a case-by-case basis. However, the elimination of Paragraph S in its entirety means that this case-by-case determination never takes place. Instead, documents falling into categories R.1-R.8 are never subject to the Third Circuit standard for harm -- or any standard of harm at all -- regardless of their age.

We sense that Your Honor might be laboring under the misapprehension that the question of harm will necessarily arise if a receiving party makes a designation request under Paragraph 16. That is not the case. In the event of a designation request, or a dispute over the ensuing designation, the only inquiry under the Order is whether the materials in question fall within one of the enumerated categories of former Paragraph R. If they do, for example, by constituting a collection of long-expired procurement contracts, the Order requires that the material be afforded confidential treatment with no inquiry whatsoever about whether harm will result from disclosure.

While we would obviously prefer the Court to reinstate Paragraph S and the deleted portion of Paragraph U, Your Honor's proposed Order could be fixed by the simple expedient of adding the Third Circuit test to the preamble of Paragraph R. Thus, Confidential Discovery Material would be defined as follows (with the new language italicized):

> "Confidential Discovery Material" means any Discovery Material *the disclosure of which would cause the Producing Party clearly*

RLF1-3033094-1

The Honorable Vincent J. Poppiti
June 30, 2006
Page 3

*defined and serious injury* consisting of or containing information falling into any of the following categories:"

We suspect that given a choice between this approach and the parties' original formulation, however, the third parties would prefer the latter. The twenty-four month window of Paragraph S creates a workable and reasonable presumption that most recently created "non-public" discovery material should be shielded from disclosure. It spares the third parties the need of showing "clearly defined and specific injury" for these materials, at least while they remain reasonably fresh, and by creating something of a litmus paper test, it minimizes the number of disputes likely to arise under the Order.

One way or another, however, we believe the proposed Order needs to be fixed. We respectfully request that the Court schedule a teleconference with Your Honor to determine the most appropriate mechanism for addressing this issue.

Respectfully,

Chad M. Shandler
AMD Plaintiffs' Counsel

James L. Holzman
Class Plaintiffs' Counsel

CS:lll

cc: Clerk of the Court (By Electronic Filing)
Richard L. Horwitz, Esquire (By Electronic Mail)
Peter Moll, Esquire (By Electronic Mail)
Darren B. Bernhard, Esquire (By Electronic Mail)
James L. Holzman, Esquire (By Electronic Mail)
J. Clayton Athey, Esquire (By Electronic Mail)
Daniel A. Small, Esquire (By Electronic Mail)
Allyson B. Baker, Esquire (By Electronic Mail)
Richard Montgomery Donaldson, Esquire (By Electronic Mail)
Jon E. Abramczyk, Esquire (By Electronic Mail)
Aaron Futch, Esquire (By Electronic Mail)
P. Clarkson Collins, Jr., Esquire (By Electronic Mail)
Thomas G. Macauley, Esquire (By Electronic Mail))
Vernon R. Proctor, Esquire (By Electronic Mail)
David Primack, Esquire (By Electronic Mail)
Michael J. Holston, Esquire (By Electronic Mail)
Ty Howard, Esquire (By Electronic Mail)
Peter C. McMahon, Esquire (By Electronic Mail)
James Freebery, Esquire (By Electronic Mail)
Daniel Conrad, Esquire (By Electronic Mail)
Charles P. Diamond, Esquire (By Electronic Mail)

RLF1-3033094-1