

**BLANK ROME LLP**
COUNSELORS AT LAW

*Phone:*   *(302) 425-6410*
*Fax:*     *(302) 428-5132*
*Email:*   *Poppiti@BlankRome.com*

July 11, 2006

**BY E-MAIL AND BY HAND**

Frederick L. Cottrell, III, Esquire
Chad M. Shandler, Esquire
Richards Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801

James L. Holzman, Esquire
J. Clayton Athey, Esquire
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 19899
Wilmington, DE 19899

Richard Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801

    Re:    **Advanced Micro Devices, Inc. v. Intel Corp., C.A. No. 05-441-JJF;
In re Intel Corporation; C.A. No. 05-MD-1717-JJF; and
Phil Paul, et al. v. Intel Corporation, C.A. No. 05-485-JJF**

Dear Counsel:

    This letter is in response to the June 30, 2006 letter from Plaintiffs' counsel seeking modification of the Special Master's Report and Recommendations Regarding Proposed Protective Order.

    As an initial point, my review of the Federal Rules of Civil Procedure and the Order Appointing Special Master indicates they do not contemplate a process for re-argument or reconsideration before the Special Master. Any request to modify should therefore be addressed by an appropriate motion under Fed. R. Civ. P. 53(g).

    Additionally, for the Court's edification, I note that the Special Master does not read the Proposed Protective Order (as attached to the Special Master's Report and Recommendation) to create the situation described in Plaintiffs' letter as follows:



July 11, 2006
Page 2

> [D]ocuments falling into the first eight categories specified in Paragraph R (now Paragraph M) **are entitled to confidential treatment forever** regardless of whether disclosure could possibly harm the producing party . . . In the event of a designation request, or a dispute over the ensuing designation, the only inquiry under the Order is whether the materials in question fall within one of the enumerated categories of former Paragraph R. If they do . . . the Order requires that the material be afforded confidential treatment with no inquiry whatsoever about whether harm will result from disclosure.

June 30, 2006 Letter from Chad M Shandler, Esquire and James L. Holzman, Esquire to Vincent J. Poppiti, at p.2 (emphasis added).

To the contrary, with respect to materials defined as "Confidential Discovery Material" under former Paragraph R (now Paragraph M), Paragraph 3 of the Proposed Protective Order specifically provides:

> Solely for the purposes of the efficient and timely production of documents, and to avoid need for a detailed and expensive confidentiality examination of millions of Documents the disclosure of which is not likely to become an issue, a Producing Party may **initially designate** as "Confidential Discovery Material" any Non-public Discovery Material. This designation shall control **unless and until** a Designation Request is made by a Receiving Party under Paragraph 16.

Proposed Protective Order at ¶ 3 (emphasis added).

Paragraph 16 then outlines procedures whereby a Receiving Party may challenge a Producing Party's designation and, if unable to resolve the issue consensually, may seek the Court's determination as to the contested designation. Proposed Protective Order at ¶ 16(a)-(b). Paragraph 16 goes on to provide that "the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as Confidential Discovery Material" and that "[n]o presumption or weight will attach to the initial designation of Discovery Material as Confidential Discovery Material." *Id.* at ¶ 16(c).



July 11, 2006
Page 3

      The Special Master concludes that the provisions of the Proposed Protective Order would not permit a challenged document to be afforded confidential treatment "forever" merely because it comes within one of the "buckets" of definitions in former Paragraph R. Rather, the provisions of both Paragraph 3 and 16 make clear that the Receiving Party may challenge a "confidential" designation, and that the Producing Party's initial designation may be altered by agreement of the parties or by order of the Court, in accordance with then prevailing law.

      Respectfully submitted,

Vincent J. Poppiti

VJP:mes

cc:   The Honorable Joseph J. Farnan, Jr. (by hand)
       Clerk of the Court

062038.00615/40163342v.1