

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

September 15, 2006

**VIA HAND DELIVERY & ELECTRONIC MAIL**

Vincent J. Poppiti, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

Re:  *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*,
C. A. No. 05-441-JJF;
*In re Intel Corp.*, C.A. No. 05-1717-JJF; and
*Phil Paul v. Intel Corporation (Consolidated)*, C. A. No. 05-485 (JJF)

Dear Judge Poppiti:

I am writing on behalf of Intel with respect to the allocation of Special Master fees and expenses, as reflected in your recent statements for services rendered. Intel is not raising any issue with respect to the amount of those bills; instead, Intel submits that the total amount of those bills should have been allocated differently among the parties. Specifically, instead of splitting the total between the AMD case and the consolidated class action, and then splitting those amounts in half - so Intel pays a 50% share of the total, with AMD and the class each paying 25% - we submit that for common issues, each of the three parties should pay 33.3%, and that for discrete issues between two parties, the fees and expenses should be split 50-50.

To consider this issue, we are aware that in both the AMD case and the consolidated class action, Judge Farnan entered an Order appointing you to serve as Special Master. In paragraph 9 of the AMD Order and paragraph 10 of the class action order, the Court stated that "[t]he compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally by the parties." We believe that the substance of that language, as well as your practice as a Special Master in other cases, supports our position that fees and expenses should be split equally among the three parties on common issues, such as the scheduling and protective order issues that were the subject of your initial statement for services rendered.

The Honorable Vincent J. Poppiti
September 15, 2006
Page 2

      Presumably, AMD and the class will argue that you were following the "letter" of Judge Farnan's Orders in allocating the fees as you did. We do not dispute that characterization. Instead, we submit that the "substance" of Judge Farnan's Orders - to split fees and expenses equally - as well as your practice in other cases in which you serve as a Special Master, compels a different result.

      In view of the issues addressed by you to date in this case, and the participation of all parties, it cannot be disputed that you have considered issues which affect all parties equally, and on which the rulings have benefited all parties. As a result, we submit that all parties should pay equal shares. This result is consistent with experience in other cases in which you serve as Special Master. Although, those cases do not have two separate captions, the substance of your services and your billing practices in those cases is instructive. For example, in the CEA case, in which there is one plaintiff and three defendants, you have billed each party a one-quarter share, because the issues have affected all parties. On the other hand, in the LG v. ViewSonic and Tatung case, where issues have related to the plaintiff and only one of the two defendants, you charged each of those parties 50%, not charging the other defendant for your services. The mere fact that there are two captions instead of one in this case should not change the facts of which parties are involved in the disputes brought to your attention and resolved by you for their benefit. In this litigation, just as in the others, if the issue affects all parties, the fees should be split equally among the parties, and if it affects a subset of the parties, the fees should be split among the affected parties.

      Respectfully,

      *[signature]*

      Richard L. Horwitz

/msb
749925

cc:    James L. Holzman, Esquire (via electronic mail)
       Frederick L. Cottrell, III, Esquire (via electronic mail)