

# Potter
# Anderson
# & Corroon LLP

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

September 22, 2006

**BY HAND DELIVERY & ELECTRONIC MAIL**

Vincent J. Poppiti, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

> Re: *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.,*
> C. A. No. 05-441-JJF;
> *In re Intel Corp.*, C.A. No. 05-1717-JJF; and
> *Phil Paul v. Intel Corporation (Consolidated)*, C. A. No. 05-485 (JJF)

Dear Judge Poppiti:

    I am writing on behalf of Intel in response to the letters written by counsel for AMD and the class plaintiffs with respect to the issue of allocation of the Special Master's fees. The issue is not a complicated one. In the relevant paragraph of the Orders appointing the Special Master, the Court ordered that the fees and expenses should be shared equally, "unless otherwise ordered by the Special Master." The Court goes on to indicate that a party's behavior could influence that allocation, but the Court never states that behavior is the only factor that could influence the Special Master's discretion in allocating fees and expenses. Nothing in either the Orders or Rule 53 (governing Masters) would require the result plaintiffs seek.

    AMD and class plaintiffs incorrectly argue that there is complete separation between the AMD case and the class case. In fact, both the AMD case and all of the class actions that were consolidated are all part of the MDL. Pursuant to the Court's directive, when papers are filed in either the AMD case, or the Consolidated Class case, they are also filed in the MDL file (MDL Docket No. 05-1717). These cases are clearly linked, with the complaint allegations virtually identical. Moreover, it is beyond dispute that the Special Master's work done to date has benefited all parties equally. The issue is whether all parties should pay equally for that work. Plaintiffs' contention that it would be inequitable cannot withstand scrutiny. The parties have worked together on scheduling and protective order issues. To suggest that there is, or should be, a wall between AMD v. Intel and Class v. Intel, on most issues in this litigation, ignores reality. Certainly there have been, and will be, issues that are between Intel and one or the other of the plaintiffs. As Intel stated in its opening letter, if those issues result in disputes before the

The Honorable Vincent J. Poppiti
September 22, 2006
Page 2

Special Master, we certainly think it would be appropriate to split the fees and expenses between the parties involved. But that is not the situation that faces the parties and the Court to date. As of now, all work done by the Special Master has been for all parties, and Intel submits that, in its discretion, the Court should equitably allocate the associated fees and expenses equally among the three parties.

Respectfully,

Richard L. Horwitz

RLH/msb
751684

cc:   James L. Holzman, Esquire (By electronic mail)
      Frederick L. Cottrell, III, Esquire (By electronic mail)