IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE:                            :
                                  :
INTEL CORP. MICROPROCESSOR        :   MDL Docket No. 05-1717-JJF
ANTITRUST LITIGATION,             :
                                  :
                                  :

**MEMORANDUM ORDER**

Pending before the Court is the Qualified Rule 53(g)

Objection To The Special Master's Report And Recommendations

Regarding Proposed Protective Order (D.I. 232) filed by Plaintiff

Advanced Microdevices, Inc., AMD International Sales & Services,

Ltd. ("AMD") and the Class Plaintiffs.  Specifically, AMD and the

Class Plaintiffs contend that the proposed Protective Order

should expressly require parties wishing to maintain a

confidentiality designation to show that disclosure would cause

it "clearly defined and serious injury" as set forth by the Court

of Appeals for the Third Circuit in Shingara v. Skiles, 420 F.3d

301, 306 (3d Cir. 2005) and Pansy v. Borough of Stroudsburg, 23

F.3d 772, 786 (3d Cir. 1994).  AMD and the Class Plaintiffs

contend that as currently written the proposed Protective Order

would allow parties to claim confidentiality forever over

documents falling within provisions R.1 through R.8 without ever

having to make any showing of harm.  Thus, AMD and the Class

Plaintiffs seek to add the following italicized language to

Paragraph 16(c) of the proposed Protective Order:

> In any proceeding on such an application, the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as Confidential Discovery Material under Paragraph R *and that its disclosure would cause it clearly defined and serious injury.*

Alternatively, AMD contends that the preamble to Paragraph M could be amended to add the following italicized language:

> "Confidential Discovery Material" means any Discovery Material *the disclosure of which would cause the Producing Party cleared defined and serious injury* consisting of or containing information falling into any of the following categories . . .

In response, Defendants Intel Corporation and Intel Kabushiki Kaisha ("Intel") contend that an amendment to the proposed Protective Order is not required. (D.I. 235.) Intel points out that the parties and numerous third parties engaged in substantial negotiations and briefing concerning the proposed Protective Order culminating in a 117-page opinion by the Special Master which attempted to resolve the objections of the parties and non-parties and reach certain compromises. Intel contends that those third parties have not been afforded an opportunity to comment on AMD and the Class Plaintiffs' current objection. Because no specific document dispute has been presented to the Court, Intel also contends that any order interpreting the Special Master's intent and providing for future guidelines as to the application of the Protective Order would be an inappropriate advisory opinion.

In a letter dated July 11, 2006, the Special Master

considered AMD's concerns and stated that he did not read the

proposed Protective Order to create the situational difficulties

that AMD described.   The Special Master stated:

> The provisions of the proposed protective order would
> not permit a challenged document to be afforded
> confidential treatment "forever" merely because it
> comes within one of the "buckets" of definitions in
> former Paragraph R.   Rather, the provisions of both
> Paragraph 3 and 16 make clear that the Receiving Party
> may challenge a "confidential" designation, and that
> the Producing Party's initial designation may be
> altered by agreement of the parties or by Order of the
> Court, in accordance with then prevailing law.

(D.I. 226.)

The Court has considered the parties' arguments concerning

AMD and the Class Plaintiff's objection and concludes that a

modification of the proposed Protective Order is unwarranted.   As

Intel has noted, there is no particular confidentiality challenge

before the Court at this time, and the Court is persuaded that

any interpretation and/or modification of the proposed Protective

Order at this time would be premature, in the nature of an

advisory opinion, and fundamentally unfair to those third parties

who vigorously participated in the drafting of the proposed

Protective Order, and who at this time, have no means of

commenting on AMD and the Class Plaintiffs' objection.   As it now

stands, the proposed Protective Order provides a mechanism for

challenging confidential designations while preserving a flexible

approach to such challenges consistent with Third Circuit case

law, and the Court will not interfere with that flexibility by

making modifications or requiring certain interpretations in the absence of a specific and viable dispute. <u>Shingara</u>, 420 F.3d at 306 (although "good cause" justifying a protective order requires a showing that disclosure will result in "clearly defined, specific and serious injury," that determination is based upon the balancing of numerous factors regarding the public interest and the interests of the parties). Accordingly, the Court will overrule AMD and the Class Plaintiffs' Objection and adopt the proposed Protective Order as drafted by the Special Master.

NOW THEREFORE, IT IS HEREBY ORDERED that

1.    The Qualified Rule 53(g) Objection To The Special Master's Report And Recommendations Regarding Proposed Protective Order (D.I. 232) filed by Plaintiff Advanced Microdevices, Inc., AMD International Sales & Services, Ltd. is **OVERRULED**.

2.    The proposed Protective Order crafted by the Special Master is **ADOPTED** by the Court.

September 26, 2006
          Date

UNITED STATES DISTRICT JUDGE

4