# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | MDL Docket No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE LTD, a Delaware corporation,,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | Civil Action No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**PROCEDURES FOR THE HANDLING OF
DISCOVERY DISPUTES BEFORE SPECIAL MASTER**

WHEREAS, by Order dated April 27, 2006, Vincent Poppiti was appointed as Special Master in Civil Action No. 05-441-JJF;

WHEREAS, by Order dated May 11, 2006, Vincent Poppiti was appointed as Special Master in MDL Docket No. 05-1717-JJF and Consolidated Civil Action No. 05-485-JJF;

WHEREAS, the Special Master is authorized, *inter alia*, to regulate all proceedings and take all measures necessary to manage discovery (including electronic discovery) production, to hear, resolve, and rule on all disputes regarding discovery, and to establish procedures for handling such disputes; and

WHEREAS, it is in the interest of all parties to streamline the discovery process and to facilitate the efficient and expeditious resolution of discovery disputes;

NOW THEREFORE, the following procedures shall govern the management of discovery and the handling of discovery disputes:

1. Any party or third party wishing to raise a discovery dispute shall lodge a letter brief on the Special Master, with service on all parties and any third parties involved in the dispute. The movant shall include in the subject matter line of its initial letter brief a space for a DM ("Discovery Matter") number, which shall be assigned by the Special Master, and which responding parties shall also reference on their subsequent submissions. The initial letter brief shall not exceed four (4) pages, single-spaced, unless the Special Master permits otherwise. Opposition letter briefs shall be served no later than five (5) days following service of the letter application and shall not exceed four (4) pages, single-spaced, unless the Special Master permits otherwise. Reply letter briefs shall be served no later than three (3) days following service of the opposition letter brief and shall not exceed two (2) pages, single-spaced, unless the Special Master permits otherwise. All letter briefs shall set forth in a plain and concise manner a brief statement of the issue(s) in dispute, the position with respect to the issue(s), and the legal support for that position. These page limits do not apply to attachments or exhibits but, to the extent

2

practicable, counsel should attempt to minimize the submission of voluminous attachments and exhibits. Citations in submissions to prior filings shall reference the applicable case Docket Number and, insofar as practicable and necessary, each party shall attach to its submissions copies of the relevant portions of referenced filings and the complete version of legal authorities relied upon (other than those already submitted to the Special Master in connection with that discovery dispute).

        2.     Letter briefs shall be filed with the Court, and simultaneously lodged with the Special Master by both (1) e-mail and (2) triplicate paper copy, by either hand delivery or overnight mail, at the discretion of the moving party. All e-mail to the Special Master shall be addressed to Poppiti@blankrome.com, with copies to Dube@blankrome.com, Schneider-m@blankrome.com and David-c@blankrome.com. All communications with the Special Master by e-mail shall copy opposing parties, and, where applicable, relevant third parties.

        3.     Pursuant to L.R. 7.1.1, any party or third party wishing to bring a discovery dispute before the Special Master must first meet and confer with counsel for the opposing party or third party. Each movant submitting an initial letter brief must, by separate certification, detail the dates, time spent and method(s) of communication in attempting to reach agreement on the subject of the application, and the results of such communications.

        4.     All references to "days" in these procedures shall refer to business days. Where the last day of a briefing period falls on a Saturday, Sunday, or legal holiday (as defined in Fed. R. Civ. P. 6(a)), the period shall run until the next day that is not one of the aforementioned days. No additional days shall be added to the time periods prescribed in paragraph 1 as a result of service by overnight mail or e-mail, notwithstanding the provisions of Rule 6 of the Federal Rules of Civil Procedure or any local rule regarding service by means other

than hand delivery.

5. At the sole discretion of the Special Master, any discovery dispute noticed in accordance with the procedures set forth herein may be (1) ruled upon without oral argument, (2) heard by telephone conference, or (3) heard at a specially scheduled In-Person Conference to be held in the J. Caleb Boggs Federal Building or at an alternate location approved by the Special Master. With the Special Master's advance approval, telephonic appearances may be permitted for those counsel who cannot appear in person.

6. If a movant believes that circumstances require a discovery dispute to be resolved more quickly than contemplated under paragraph 1 of this agreement, the movant may request expedited resolution of the issue in its initial letter brief. The Special Master may, at his discretion, shorten the time periods set forth in paragraph 1 in order to resolve a particular discovery dispute on an expedited basis.

7. If a dispute arises during the course of a deposition, any party or third party may contact the Special Master during or immediately after the deposition in order to seek his immediate intervention and resolution of disputes concerning matters covered by Federal Rules of Civil Procedure 30(d) (3) and (4). It is anticipated that deposition disputes will be resolved by oral ruling, unless the Special Master directs otherwise.

8. In resolving discovery disputes, the Special Master shall enter an Order that sets forth his ruling and explains the reasons for it in sufficient detail for the Court to be able to evaluate and review the ruling. This Order may be delivered orally on the record before a court reporter. In appropriate cases, the Special Master may request the prevailing party to prepare a proposed form of order, describing the nature of the dispute, the Special Master's decision and the basis for it, which the prevailing party shall circulate to all parties to the dispute

4

for their approval as to form. The proposed form of order, and any objections to its form, shall be submitted to the Special Master not later than two days following the request, unless the Special Master directs otherwise. Any Order entered by the Special Master shall be adopted without further action from the Court, unless a party or third party timely files objections, or moves to modify it, under Federal Rule of Civil Procedure 53. Subsequent to any decision by the Special Master, the participants shall confer about whether the time to object or move pursuant to Federal Rule of Civil Procedure 53(g)(2) should be shortened.

9. If it is important to contact the Special Master before 8:00 a.m. or after 5:30 p.m. during any weekday, or on legal holidays or weekends, a conference call may be placed directly to the Special Master at (302) 379-5755 (Cell). In such a circumstance, the party or third party first raising the issue shall arrange for a court reporter to transcribe the teleconference. The same procedure may be used in the event that a call is made to the Special Master's office without immediate response.

10. Biweekly status conferences between the Special Master and the named parties in the captioned cases (the "Parties") – on the progress of discovery and case management issues – will be scheduled for 11:00 a.m. (Eastern time) on Thursdays, beginning July 27, 2006, or as otherwise directed. If the Parties agree there are no matters to report or that require the Special Master's attention, the Parties may mutually request the cancellation of any such conference on two days' notice.

11. All proceedings and status conferences before the Special Master shall be transcribed by a court reporter. Except for status conferences (which arrangements will be made by the Special Master), the arrangements for same shall be made by the party or third party bringing the dispute, unless otherwise directed by the Special Master.

12. These procedures may be modified from time to time by order of the Special Master.

ENTERED this
28th day of June, 2006

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master