UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>      Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## UNOPPOSED MOTION FOR LEAVE TO FILE MULTIPLE MOTIONS AND OVERSIZED BRIEF

Defendant Intel Corporation ("Intel") respectfully moves this Court (1) for leave to separately file its Rule 12(b)(1) and Rule 12(b)(6) motions in the above-styled consolidated action and (2) for leave, pursuant to Local Rule 7.1.3(a)(4), to file an oversized brief in support of its contemplated Rule 12(b)(6) motion. In support of its motion, Intel states as follows:

1. The above-styled Consolidated Action comprises 72 individual class actions. Pursuant to this Court's instructions, Interim Class Counsel filed a Consolidated Class Complaint for these individual complaints, which was subsequently amended.

2. Pursuant to this Court's Order from the bench at the September 27, 2006 Status Conference, Intel's response to the First Amended Consolidated Complaint ("FACC") is due November 27, 2006.

3. On September 26, 2006, the Court ruled in the MDL constituent case *AMD v. Intel*, 05-441, that it lacked subject matter jurisdiction over AMD's claims for alleged harm it suffered because of Intel's conduct outside the United States. (05-441, D.I. 280).

4. After analysis of this Court's decision, it is clear to Intel that this Court likewise lacks subject matter jurisdiction over the claims asserted in the FACC that rely on the identical foreign Intel conduct. Consequently, Intel intends to move to dismiss those claims under FED. R. CIV. P. 12(b)(1).

5. Additionally, Intel submits that each Count in the FACC fails to state a claim, including those claims subject to the impending Rule 12(b)(1) motion. Consequently, Intel intends to move to dismiss the FACC in its entirety under FED. R. CIV. P. 12(b)(6).

6. Intel submits that presenting its Rule 12(b)(1) motion separately from its Rule 12(b)(6) motion would best serve the interests of the parties and the Court. First, the Federal Rules permit a separate 12(b)(1) motion. *See Gould Electronics Inc. v. United States*, No. CIV. A. 99-1130, 2001 WL 632937, *4 (E.D. Pa. June 7, 2001) ("Rule 12(g) does not prevent the [defendant] from asserting a second challenge to subject matter jurisdiction.")[1] (Ex. A hereto). Next, as this Court is aware, Special Master Popitti is currently handling a dispute among the parties regarding the discoverability of foreign Intel conduct. This Court's resolution of Intel's Rule 12(b)(1) motion against the FACC would crystallize the scope of this dispute as it relates to the Class Plaintiffs. Separating these two motions will permit the parties and the Court to give first focus to this threshold subject matter jurisdiction issue, an objective that an omnibus Rule 12 motion might frustrate.

---

[1] Although Intel can challenge subject matter jurisdiction at any time, *see* FED. R. CIV. P. 12(h)(3), under FED. R. CIV. P. 12(g), should Intel file its Rule 12(b)(1) motion first, it could subsequently move to dismiss the FACC only on a motion for judgment on the pleadings under FED. R. CIV. P. 12(c).

2

7.    Intel conferred with Interim Class Counsel, and plaintiffs do not oppose separating the Rule 12(b)(1) motion from the Rule 12(b)(6) motion.

8.    Additionally, the FACC comprises over 50 separate federal and state law claims being brought by 94 named plaintiffs. The 40-page limit that the Local Rules impose on Intel's Supporting Memorandum of Law will not permit Intel to fully brief the material legal defects that Intel submits exist in plaintiffs' FACC. Consequently, Intel requests that this Court grant Intel relief from the page limits in Local Rule 7.1.3(a)(4) and permit Intel to file a Memorandum of Law in support of its Rule 12(b)(6) motion not to exceed 55 pages. Intel has conferred with Interim Class Counsel, and plaintiffs do not oppose this extension to the page limit.

THEREFORE, Intel respectfully requests that this Court permit Intel to file separate Rule 12(b)(6) and 12(b)(1) motions against the FACC. Further, Intel requests that it be permitted to file a Memoranda of Law in support of its Rule 12(b)(6) motion not to exceed 55 pages.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| David M. Balabanian<br>Christopher B. Hockett<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: (415) 393-2000<br><br>Richard A. Ripley<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 373-6000<br><br>Dated: October 30, 2006 | By: /s/ Richard L. Horwitz<br>    Richard L. Horwitz (#2246)<br>    W. Harding Drane, Jr. (#1023)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    P.O. Box 951<br>    Wilmington, DE 19899-0951<br>    (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    wdrane@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Intel Corporation* |

SO ORDERED this _____ day of _____, 2006

_____
United States District Judge