# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADVANCED MICRO DEVICES, INC. and )
AMD INTERNATIONAL SALES & SERVICE, )
LTD., )
                   )
        Plaintiffs, )
                   )   C.A. No. 05-441 (JJF)
          v. )
                   )
INTEL CORPORATION and )
INTEL KABUSHIKI KAISHA, )
                   )
        Defendants. )

IN RE INTEL CORPORATION )   C.A. No. 05-MD-1717 (JJF)
MICROPROCESSOR ANTITRUST )
LITIGATION )

**AMD'S REPLY TO DEFENDANTS INTEL CORPORATION AND INTEL
KABUSHIKI KAISHA'S AMENDED RESPONSES TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS [NOS. 1-218]**

     Pursuant to Footnote 1 of AMD's Motion to Compel, AMD annotates below its response
to each of Intel's Objections Based on the Court's September 27, 2006 Ruling on Subject Matter
Jurisdiction and Standing. This Appendix provides AMD's original request and Intel's response
to AMD's request. Where Intel specifically objects to a request based on the Court's September
27, 2006 Order, AMD's reply to that objection is included. This should not be construed as
waiving our right to dispute the invocation of the general foreign conduct objection, which we
contend is not well taken, or any other objection. This Appendix is solely designed to provide the
Court with AMD's reasons why the objected-to requests for foreign discovery are sufficiently
relevant to AMD's claims for U.S. and export-related damages.

1

## AMD'S REPLY TO GENERAL OBJECTIONS

## INTEL'S OBJECTION BASED ON THE COURT'S SEPTEMBER 27, 2006 RULING ON SUBJECT MATTER JURISDICTION AND STANDING

Intel objects to each Request herein to the extent that it seeks the production of information relating to AMD's claims based on alleged lost sales of AMD's microprocessors to foreign customers and the allegations in the Complaint forming the basis for those claims, namely paragraphs 40-44, 54-57, 74-75, 81, 83, 86, 89, 93-94, 100-101 and 106. The basis for this objection is the analysis set out in the Court's September 27, 2006, Order holding that it lacks subject matter jurisdiction over such conduct and that AMD lacks standing to pursue these allegations. Intel will not produce documents responsive to AMD's requests that evidence or constitute Intel's conduct in foreign commerce, including, but not limited to, negotiation of individual sales or contracts in foreign commerce with the customers referenced in allegations specifically stricken by the Court and similarly situated companies not referenced in the Complaint.

AMD has taken the position that the Court's Order dismissing AMD's claims based on alleged lost sales of AMD's microprocessors to foreign customers and striking the related allegations changes *nothing* with regard to the scope of discovery. Intel's position is that the Order, by striking the allegations of foreign conduct, significantly narrows the scope of discovery and that considerable discovery sought by AMD is now not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Intel proposes to provide significant discovery relating to the microprocessor market and sales to customers outside the United States. In making this proposal, Intel does not concede the relevance or admissibility of the information for purposes of trial or discovery. Intel will therefore produce responsive non-privileged documents that refer or relate to market share analyses, sales and demand forecasts, competitive analyses strategic plans (and similar documents), as well as documents sufficient to show (i) the prices charged by Intel to foreign customers, including any discounts, rebates, lump sum payments, or other financial consideration

2

that affects the price, and (ii) market development funds, Intel Inside funds, or any other financial consideration from Intel to foreign customers. Intel has in response to specific document requests set out where the objection based on the Court's Ruling applies and where documents covered by this objection will not be produced, as well as the remaining categories of documents that will be produced.

In addition, pursuant to the parties' document production stipulation, the parties have agreed to a custodial approach to production on certain requests. Under this stipulation the parties are to produce documents to include: (i) the most important custodians with knowledge of the issues framed by the pleadings, (ii) the custodians believed likely to have the most non-privileged documents responsive to the document requests, (iii) sufficient custodians to constitute a comprehensive production, and (iv) all persons who may be called at trial.[1] Because the pleadings have been narrowed, Intel has amended its Party Designated Custodian List previously provided to AMD in accordance with this objection and the Court's Order to delete those individuals selected to address the stricken allegations. A list of those individuals is set forth in Exhibit A to this response.

## AMD'S REPLY TO INTEL'S GENERAL OBJECTION BASED ON THE COURT'S SEPTEMBER 27, 2006 RULING ON SUBJECT MATTER JURISDICTION AND STANDING

To the extent that Intel does not specifically assert an objection based on the Judge's September 27, 2006 Order, but nonetheless intends to assert its General Objection described above, AMD replies that all documents, foreign and domestic, responsive to each document request below is reasonably calculated to lead to the discovery of admissible evidence to show that Intel excluded AMD from United States export trade, Intel's market power, Intel's illegal acquisition or maintenance of its monopoly, and material exclusion of AMD from the relevant market. As outlined in AMD's Motion to Compel, foreign discovery remains critical to AMD proving its antitrust claim.

---

[1] The stipulation also requires affirmance that a party has not failed to identify a custodian based on a belief that the custodian's documents would be harmful to its case.

In addition to general and specific objections to AMD's document requests, Intel also removed several custodians from its custodian designations. The parties entered a document production stipulation that requires each to identify for their company (i) the most important custodians with knowledge of the issues framed by the pleadings, (ii) the custodians believed likely to have the most non-privileged documents responsive to the document requests, (iii) sufficient custodians to constitute a comprehensive production, and (iv) all persons who may be called at trial. Pursuant to the Judge's September 27, 2006 Order, Intel Amended its responses to delete several custodians on the grounds that "the pleadings have been narrowed." For this reason, Intel deleted "those individuals selected to address the stricken allegations." AMD objects to the removal of these custodians. The custodians remain relevant to the litigation as they are likely to possess admissible evidence of Intel's exclusion of AMD from United States export trade, Intel's market power, Intel's illegal acquisition or maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## AMD'S REPLY TO SPECIFIC OBJECTIONS

### REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS discussing, reflecting or constituting the terms of INTEL's sale of MICROPROCESSORS to any OEM, including but not limited to agreements, draft agreements, side letters, memoranda of understanding, memos, correspondence, internal analyses, sales meeting summaries, price lists, and invoices.

### INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the demand for all paper "invoices" is overly broad and unduly burdensome. Intel does not intend to produce such documents. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding

4

Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing , Intel will produce responsive, non-privileged documents sufficient to show (i) the prices charged by Intel to foreign OEMs, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign OEMs.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 5:

AMD's Request for Production #5 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS constituting, discussing, reflecting or describing communications between INTEL and any OEM concerning the sale, promotion and/or advertisement of MICROPROCESSORS and/or COMPUTER SYSTEMS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department

files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 6:

AMD's Request for Production #6 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS discussing, reflecting, constituting or describing any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT offered and/or provided by INTEL to any OEM.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign OEMs, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign OEMs.

RLF1-3076276-1

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 7:**

AMD's Request for Production #7 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS discussing, reflecting, constituting, analyzing, summarizing or describing any advertising and/or marketing support provided by INTEL to any OEM, including but not limited to invoices, canceled checks, correspondence, guidelines, conditions and/or agreements concerning MDF, Intel Inside, any other cooperative advertising support, or any other form of rebate or price discount provided by INTEL to any OEM in connection with advertising or marketing.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that the demand for all paper "invoices" and "canceled checks" is overly broad and unduly burdensome. Intel does not intend to produce such documents. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce responsive, non-privileged

7

documents sufficient to show market development funds or advertising support related to foreign customers.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 8:

AMD's Request for Production #8 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS discussing, reflecting, constituting or describing the price of INTEL MICROPROCESSORS offered or sold to any OEM, including but not limited to price lists, price analyses, average selling price calculations, price negotiations and correspondence.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce responsive, non-privileged documents sufficient to show price lists, actual prices paid, rebates or other discounts, and average selling prices to foreign customers.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 9:**

AMD's Request for Production #9 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the actual or effective prices paid, accounting for all FINANCIAL INDUCEMENTS, by all OEMs for INTEL MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce non-privileged documents sufficient to show the requested information, to the extent such documents exist.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 10:**

AMD's Request for Production #10 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS constituting, discussing or reflecting any analysis of MICROPROCESSOR sales to OEMs, including but not limited to projections, sales goals, forecasts, competitive analyses, market share analyses, revenue analyses and demand studies.

9

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing , Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 11:**

AMD's Request for Production #11 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS discussing, reflecting, constituting or describing any consideration or suggestion by INTEL that it will or might withdraw or withhold any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT to any OEM.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department

files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign OEMs, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign OEMs.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 12:**

AMD's Request for Production #12 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS constituting, discussing, reflecting or describing communications with any OEM regarding AMD, AMD MICROPROCESSORS and/or COMPUTER SYSTEMS containing AMD MICROPROCESSORS, including but not limited to communications regarding sales, promotions, advertising, quality, price and revenue.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

11

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 13:**

AMD's Request for Production #13 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS discussing, reflecting, constituting or describing any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT offered and/or provided by INTEL to any RETAILER.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce responsive non-privileged documents sufficient to show discounts, rebates, market development funds, Intel Inside funds, or any other financial consideration from Intel to foreign retailers.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 14:**

AMD's Request for Production #14 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from

12

the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS discussing, reflecting, constituting or describing payments, commissions, or "spiffs" paid by RETAILERS to salespeople based on sales of COMPUTER SYSTEMS containing INTEL and/or AMD MICROPROCESSORS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 15:

AMD's Request for Production #15 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS constituting, discussing, reflecting or describing communications between INTEL and any RETAILER related to the allocation of shelf space or product placement in a RETAILER's stores.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 16:**

AMD's Request for Production #16 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS discussing, reflecting, constituting, analyzing, summarizing or describing any advertising and marketing support provided by INTEL to a RETAILER, including but not limited to invoices, canceled checks, correspondence, guidelines, conditions, and agreements concerning MDF, Intel Inside, any other cooperative advertising support, or any other form of rebate or price discount provided by INTEL to any RETAILER in connection with advertising or marketing.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to

14

this Request on the grounds that the demand for all paper "invoices" and "canceled checks" is overly broad and unduly burdensome. Intel does not intend to produce such documents. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign Distributors, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign Distributors.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 17:**

AMD's Request for Production #17 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS constituting, discussing, reflecting or describing communications between INTEL and any RETAILER concerning the stocking, advertising, promotion or sale of COMPUTER SYSTEMS containing AMD or INTEL MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive

documents and things contained in (i) the files of the designated Custodians as per the parties'
Stipulation Regarding Document Production Protocol, including files maintained by such
Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department
files or databases, or other non-electronic files maintained by Intel outside the custody of any
particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 18:

AMD's Request for Production #18 is calculated to lead to the discovery of admissible
evidence because it is relevant to showing that Intel excluded AMD from the export trade from
the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material
exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS constituting, discussing or reflecting any analysis of retail sales of
COMPUTER SYSTEMS containing AMD or INTEL MICROPROCESSORS, including but not
limited to projections, sales goals, forecasts, competitive analyses, market share analyses, revenue
analyses and demand studies.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Intel incorporates by reference and asserts each of its General Objections set forth above
as if stated here in full. Subject to its General Objections, and without waiving its Objection
Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing,
Intel will conduct a diligent review and will produce all non-privileged, responsive documents
and things contained in (i) the files of the designated Custodians as per the parties' Stipulation
Regarding Document Production Protocol, including files maintained by such Custodians on any
shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or
other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 19:**

AMD's Request for Production #19 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS constituting, discussing or reflecting any analysis of direct internet sales of COMPUTER SYSTEMS containing AMD or INTEL MICROPROCESSORS, including but not limited to projections, forecasts, competitive analyses, market share analyses, revenue analyses and demand studies.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 20:**

AMD's Request for Production #20 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS discussing, reflecting, constituting or describing any consideration or suggestion by INTEL that it will or might withdraw or withhold any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT to any RETAILER.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce responsive non-privileged documents sufficient to show discounts, rebates, market development funds, Intel Inside funds, or any other financial consideration from Intel to foreign retailers.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 21:**

AMD's Request for Production #21 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS constituting, discussing, reflecting or describing communications with any RETAILER regarding AMD, AMD MICROPROCESSORS and/or COMPUTER SYSTEMS

containing AMD MICROPROCESSORS, including but not limited to communications regarding sales, promotions, advertising, quality, price and revenue.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 22:

AMD's Request for Production #22 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS discussing, reflecting or constituting the terms of INTEL's sale of MICROPROCESSORS to any DISTRIBUTOR, including but not limited to agreements, draft agreements, side letters, memoranda of understanding, memos, correspondence, internal analyses, sales meeting summaries, price lists, and invoices.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects

19

to this Request on the grounds that the demand for all paper "invoices" is unduly burdensome and overbroad. Intel does not intend to produce such documents. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign distributors, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign distributors.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 23:

AMD's Request for Production #23 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS constituting, discussing, reflecting or describing communications between INTEL and any DISTRIBUTOR concerning the sale, promotion and/or advertisement of MICROPROCESSORS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive

documents and things contained in (i) the files of the designated Custodians as per the parties'
Stipulation Regarding Document Production Protocol, including files maintained by such
Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department
files or databases, or other non-electronic files maintained by Intel outside the custody of any
particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 24:

AMD's Request for Production #24 is calculated to lead to the discovery of admissible
evidence because it is relevant to showing that Intel excluded AMD from the export trade from
the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material
exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS discussing, reflecting, constituting or describing any FINANCIAL
INDUCEMENT or NON-FINANCIAL INDUCEMENT offered or provided by INTEL to any
DISTRIBUTOR.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter
Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and
asserts each of its General Objections set forth above as if stated here in full. Subject to these
objections, Intel will conduct a diligent review and will produce non-privileged, responsive
documents and things contained in (i) the files of the designated Custodians as per the parties'
Stipulation Regarding Document Production Protocol, including files maintained by such
Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department
files or databases, or other non-electronic files maintained by Intel outside the custody of any
particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006
Ruling on Subject Matter Jurisdiction and Standing applies, Intel will produce documents
sufficient to show (i) the prices charged by Intel to foreign Distributors, including any discounts,

21

rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign Distributors.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 25:

AMD's Request for Production #25 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS discussing, reflecting, constituting, analyzing, summarizing or describing any advertising and/or marketing support provided by INTEL to any DISTRIBUTOR, including but not limited to invoices, canceled checks, correspondence, guidelines, conditions and/or agreements concerning MDF, Intel Inside, any other cooperative advertising support, or any other form of rebate or price discount provided by INTEL to any DISTRIBUTOR in connection with advertising or marketing.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that the demand for all paper "invoices" and "canceled checks" is overly broad and unduly burdensome. Intel does not intend to produce such documents. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any

22

particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign Distributors, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign Distributors.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 26:

AMD's Request for Production #26 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS discussing, reflecting, constituting or describing the price of INTEL MICROPROCESSORS offered or sold to any DISTRIBUTOR, including but not limited to price lists, price analyses, average selling price calculations, price negotiations and correspondence

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign Distributors, including any discounts, rebates, lump

23

sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign Distributors.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 27:**

AMD's Request for Production #27 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS constituting, discussing or reflecting any analysis of MICROPROCESSOR sales to or by DISTRIBUTORS, including but not limited to projections, sales goals, forecasts, competitive analyses, market share analyses, revenue analyses and demand studies.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 29:**

AMD's Request for Production #29 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from

the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS discussing, reflecting, constituting or describing any consideration or suggestion by INTEL that it will or might withdraw or withhold any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT to any DISTRIBUTOR.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign distributors, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign distributors.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 30:**

AMD's Request for Production #30 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS constituting, discussing, reflecting or describing communications with any DISTRIBUTOR regarding AMD and/or AMD MICROPROCESSORS, including but not limited to communications regarding sales, promotions, advertising, quality, price and revenue.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 31:**

AMD's Request for Production #31 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS discussing, reflecting or constituting the terms of INTEL's sale of MICROPROCESSORS to any ODM, including but not limited to agreements, draft agreements, side letters, memoranda of understanding, memos, correspondence, internal analyses, sales meeting summaries, price lists, and invoices.

26

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the demand for all paper "invoices" is overly broad and unduly burdensome. Intel does not intend to produce such documents. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign ODMs, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign ODMs.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 32:**

AMD's Request for Production #32 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS constituting, discussing, reflecting, constituting or describing communications between INTEL and any ODM concerning the sale of MICROPROCESSORS and/or the design or development of COMPUTER SYSTEMS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 33:**

AMD's Request for Production #33 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS discussing, reflecting, constituting or describing any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT offered and/or provided by INTEL to any ODM.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such

28

Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign ODMs, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign ODMs.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 34:

AMD's Request for Production #34 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS discussing, reflecting, constituting or describing the price of INTEL MICROPROCESSORS offered or sold to any ODM, including but not limited to price lists, price analyses, average selling price calculations, price negotiations, and correspondence.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006

Ruling on Subject Matter Jurisdiction and Standing, Intel will produce responsive, non-privileged documents sufficient to show price lists, actual prices paid, rebates or other discounts, and average selling prices to foreign ODMs.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 35:**

AMD's Request for Production #35 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS constituting, discussing or reflecting any analysis of MICROPROCESSOR sales to ODMs including but not limited to projections, sales goals, forecasts, competitive analyses, market share analyses, revenue analyses and demand studies.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 37:**

AMD's Request for Production #37 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from

the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS discussing, reflecting, constituting or describing any consideration or suggestion by INTEL that it will or might withdraw or withhold any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT to any ODM.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 38:

AMD's Request for Production #38 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS constituting, discussing, reflecting or describing communications with any ODM regarding AMD and/or AMD MICROPROCESSORS, including but not limited to communications regarding sales, promotions, development, design, advertising, quality, price and revenue.

31

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 39:**

AMD's Request for Production #39 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS discussing, reflecting, constituting or describing any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT offered and/or provided by INTEL to any chipset manufacturer.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such

32

Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign chipset manufacturers, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign chipset manufacturers.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 40:**

AMD's Request for Production #40 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS discussing, reflecting, constituting or describing any consideration or suggestion by INTEL that it will or might withdraw or withhold any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT to any chipset manufacturer.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department

files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign chipset manufacturers, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign chipset manufacturers.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 41:**

AMD's Request for Production #41 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS constituting, discussing, reflecting or describing communications with any chipset manufacturer regarding AMD and/or AMD MICROPROCESSORS, including but not limited to communications regarding sales, design, development, promotions, advertising, quality, price and revenue.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department

34

files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 42:

AMD's Request for Production #42 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS discussing, reflecting, constituting or describing any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT offered and/or provided by INTEL to any INTEL PARTNER.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the term "INTEL PARTNER" is overly broad, vague, ambiguous, and not subject to reasonable interpretation. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 43:

AMD's Request for Production #43 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from

35

the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS discussing, reflecting, constituting or describing any consideration or suggestion by INTEL that it will or might withdraw or withhold any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT to any INTEL PARTNER.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the term "INTEL PARTNER" is overly broad, vague, ambiguous, and not subject to reasonable interpretation. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 44:

AMD's Request for Production #44 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS constituting, discussing, reflecting or describing communications with any INTEL PARTNER regarding AMD and/or AMD MICROPROCESSORS, including but not

limited to communications regarding sales, promotions, advertising, product launches, design, development, quality, price and revenue.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the term "INTEL PARTNER" is overly broad, vague, ambiguous, and not subject to reasonable interpretation. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 45:

AMD's Request for Production #45 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS prepared for or in connection with distribution to customers and prospective customers at any trade show.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request as overly broad and unduly burdensome, in part because it is not limited to the issues

in this action. Intel also objects to this Request on the ground that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 46:**

AMD's Request for Production #46 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS constituting, analyzing or discussing business plans for INTEL's MICROPROCESSOR BUSINESS, including but not limited to plans for specific market segments, MICROPROCESSOR types, and/or specific geographic regions.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

38

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 47:**

AMD's Request for Production #47 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS analyzing or discussing INTEL's and/or AMD's market share in the MICROPROCESSOR business, including but not limited to market share for specific market segments, MICROPROCESSOR types, and/or in specific geographic regions.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full   Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 48:**

AMD's Request for Production #48 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS constituting, analyzing or discussing strategic plans, competitive analyses, sales forecasts, price elasticity studies, and market segmentation analyses related to INTEL or AMD's MICROPROCESSOR business.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 49:**

AMD's Request for Production #49 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS discussing customer or consumer demand for MICROPROCESSORS, including but not limited to demand in specific market segments, by MICROPROCESSOR type, and/or in specific geographic regions.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing,

Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 55:

AMD's Request for Production #55 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 56:

All DOCUMENTS analyzing, constituting, discussing, reflecting or referring to INTEL's sales goals, forecasts, projections and/or performance for INTEL's MICROPROCESSOR BUSINESS, including but not limited to specific market segments, MICROPROCESSOR types, and/or specific geographic regions.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

41

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 56:**

AMD's Request for Production #56 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS discussing, analyzing or referring to competition between INTEL, on the one hand, and AMD or any other MICROPROCESSOR manufacturer, on the other hand, with respect to MICROPROCESSORS

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 62:**

AMD's Request for Production #62 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market

42

**REQUEST FOR PRODUCTION NO. 68:**

All financial reports, studies or analyses of INTEL's MICROPROCESSOR business with respect to any particular customer or customers, including but not limited to financial reports, studies or analyses of INTEL's projected and/or actual profits or economic performance with respect to such customer or customers.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 68:**

AMD's Request for Production #68 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS constituting, discussing or referring to any limitation or restriction on an INTEL customer's or INTEL PARTNER'S ability to purchase, promote, advertise, develop, design or sell AMD MICROPROCESSORS or products containing or compatible with AMD MICROPROCESSORS.

43