**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the term "INTEL PARTNER" is overly broad, vague, ambiguous, and not subject to reasonable interpretation. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 75:**

AMD's Request for Production #75 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS discussing, referring to or analyzing the combined or package sale of INTEL MICROPROCESSORS, INTEL chipsets and/or INTEL motherboards.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such

44

Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce responsive, non-privileged documents sufficient to show price lists, actual prices paid, rebates or other discounts, and average selling prices to foreign customers.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 76:

AMD's Request for Production #76 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 77:

All DOCUMENTS analyzing, discussing or referring to the provision of free or discounted chipsets, or any other free or discounted INTEL product, in connection with the sale of a MICROPROCESSOR.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 77:**

AMD's Request for Production #77 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS discussing or referring to server bids to end users, included but not limited to bids to commercial end users, government entities and/or universities.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 78:**

AMD's Request for Production #78 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market

46

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS discussing or referring to INTEL's direct or indirect subsidization (through FINANCIAL INDUCEMENTS or other financial support) of Dell's, IBM's or any other OEM's server bids to end users, included but not limited to bids to commercial end users, government entities and/or universities.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 79:**

AMD's Request for Production #79 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS constituting or reflecting communications with any OEM concerning its actual or potential loss of "Tier One" or other preferred INTEL customer status as a result of the actual or contemplated purchase of AMD MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 83:**

AMD's Request for Production #83 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS constituting, reflecting, or pertaining to any consideration or discussion within INTEL of the relationship with or business plans for a particular customer or customers in general.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such

Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 84:

AMD's Request for Production #84 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 85:

All DOCUMENTS constituting, reflecting or pertaining to any consideration within INTEL of withdrawing or withholding "Tier One" or other preferred INTEL customer status as a result of an OEM's actual or contemplated purchase of AMD MICROPROCESSORS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

49

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 85:**

AMD's Request for Production #85 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS discussing or referring to E-CAP and/or "meeting competition" or "meet comp" payments or credits to any INTEL MICROPROCESSOR customer.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign customers, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign customers

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 90:**

AMD's Request for Production #90 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS discussing or referring to INTEL's providing or paying for engineering, sales, or technical support for or for the benefit of OEMs, ODMs, chip set manufacturers, RETAILERS, or any other INTEL MICROPROCESSOR customer.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 91:**

AMD's Request for Production #91 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

51

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS analyzing, studying or reporting on INTEL's provision of FINANCIAL INDUCEMENTS and/or NON-FINANCIAL INDUCEMENTS to any INTEL MICROPROCESSOR customer.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 99:**

AMD's Request for Production #99 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS analyzing, discussing or referring to INTEL's accounting treatment for any FINANCIAL INDUCEMENT provided to an INTEL MICROPROCESSOR customer.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects

RLF1-3076276-1

to the Request on the grounds that it is overly broad and unduly burdensome. Based upon the parties' meet and confer, Intel understands that this Request is limited to documents reflecting or discussing Intel's policy regarding the accounting issue referenced, and does not include documents reflecting or relating to the execution of such policy.

Subject to these objections, and Intel's understanding of the Request based upon the parties' meet and confer, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 100:

AMD's Request for Production #100 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 106:

All agreements between INTEL and any customer concerning the sale of MICROPROCESSORS (including without limitation all terms and conditions thereof and all "side letters").

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation

Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 106:

AMD's Request for Production #106 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 107:

All DOCUMENTS constituting or reflecting communications with any customer or potential customer concerning actual or proposed terms and conditions of the sale of MICROPROCESSORS, including without limitation pricing, quantities, and any FINANCIAL INDUCEMENTS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 107:**

AMD's Request for Production #107 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS constituting or reflecting internal discussions or other communications within INTEL concerning actual, contemplated or proposed terms and conditions of sale of MICROPROCESSORS, including without limitation pricing, quantities, and any FINANCIAL INDUCEMENT.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 108:**

AMD's Request for Production #108 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS constituting or reflecting communications with any OEM concerning its actual or potential loss or forfeiture of any FINANCIAL INDUCEMENTS from INTEL as a result of the actual or contemplated purchase of AMD MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 109:**

AMD's Request for Production #109 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS constituting, reflecting, or pertaining to any consideration within INTEL of withdrawing, withholding or limiting any FINANCIAL INDUCEMENTS as a result of a customer's actual or contemplated purchase of AMD MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and

asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 110:

AMD's Request for Production #110 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 111:

All DOCUMENTS constituting or reflecting communications with any customer concerning its actual or potential loss of "Tier One" or other preferred INTEL customer status as a result of the actual or contemplated purchase of AMD MICROPROCESSORS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 111:**

AMD's Request for Production #111 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS constituting, reflecting or pertaining to any consideration within INTEL of withdrawing or withholding "Tier One" or other preferred INTEL customer status as a result of an OEM's actual or contemplated purchase of AMD MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full    Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 112:**

AMD's Request for Production #112 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 113:**

All databases reflecting INTEL's MICROPROCESSOR sales since January 1, 1999 on a customer by customer, product by product, and invoice by invoice basis.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the demand for "[a]ll databases" is overly broad and unduly burdensome. Subject to its General Objections, its Specific Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will meet and confer with AMD and produce non-privileged, responsive databases sufficient to show the requested information, to the extent such databases exist. Intel does not intend to produce every database within its possession, custody or control that may contain the requested information.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 113:**

AMD's Request for Production #113 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 114:**

Databases and other DOCUMENTS sufficient to show invoice or purchase order data for MICROPROCESSORS and CHIPSETS sold to any customer worldwide from January 1, 1999 to the present, including at least the following fields: Invoice or purchase order number; date; "sold to" customer name and address; "ship to" customer name and address; product number, name and description; quantity of units; billings; unit price; any discounts, rebates, or other pricing adjustments.

RLF1-3076276-1

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce non-privileged documents or databases sufficient to show the requested information, to the extent such documents or databases exist.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 114:**

AMD's Request for Production #114 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 115:**

Databases and other DOCUMENTS sufficient to show contra revenue associated with direct and resale billings for MICROPROCESSORS and CHIPSETS sold to any customer worldwide from January 1, 1999 to the present, including at least the following fields: date; associated invoice or purchase order number; "sold to" customer name and address; "ship to" customer name and address; associated product number, name and description; type and description of contra revenue applied (e.g., rebates, discounts, etc.); value of contra revenue applied.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce non-privileged documents or databases sufficient to show the requested information, to the extent such documents or databases exist.

60

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 115:**

AMD's Request for Production #115 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 116:**

Databases and other DOCUMENTS sufficient to show all forms of FINANCIAL INDUCEMENT provided, credited or applied by INTEL in connection with the worldwide sale or distribution of MICROPROCESSORS, CHIPSETS or COMPUTER SYSTEMS from January 1, 1999 to the present, including at least the following fields: Date; recipient name, address, and type of entity (i.e., OEM, RETAILER, DISTRIBUTOR, etc.); associated product number, name and description; associated contract number, invoice number, or purchase order number (where available); type of FINANCIAL INDUCEMENT and description; value of FINANCIAL INDUCEMENT provided, credited or applied.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing , Intel will produce non-privileged documents or databases sufficient to show the requested information, to the extent such documents or databases exist.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 116:**

AMD's Request for Production #116 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 117:

Databases and other DOCUMENTS sufficient to show all NON-FINANCIAL INDUCEMENTS provided, credited or applied by INTEL in connection with the worldwide sale or distribution of MICROPROCESSORS, CHIPSETS or COMPUTER SYSTEMS from January 1, 1999 to the present, including at least the following fields: Date; recipient name, address, and type of entity (i.e., OEM, RETAILER, DISTRIBUTOR, etc.); associated product number, name and description; associated contract number, invoice number, or purchase order number (where available); description or type of NON-FINANCIAL INDUCEMENT; value of NON-FINANCIAL INDUCEMENT provided, credited or applied.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 117:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce non-privileged documents or databases sufficient to show the requested information, to the extent such documents or databases exist.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 117:

AMD's Request for Production #117 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 124:

Databases and other DOCUMENTS sufficient to show and/or permit computation of INTEL's investments and expenses for engineering support provided to OEMs, RETAILERS, system builders or value added resellers related to INTEL MICROPROCESSORS and CHIPSETS.

62

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce non-privileged documents or databases sufficient to show the requested information, to the extent such documents or databases exist.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 124:**

AMD's Request for Production #124 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 127:**

All databases reflecting INTEL's CHIPSET sales on a customer by customer basis.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the demand for "[a]ll databases" is overly broad and unduly burdensome. Subject to its General Objections, its Specific Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will meet and confer with AMD and produce non-privileged, responsive databases sufficient to show the requested information, to the extent such databases exist. Intel does not intend to produce every database within its possession, custody or control that may contain the requested information.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 127:**

AMD's Request for Production #127 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from

the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 128:

DOCUMENTS sufficient to show, on a customer by customer and month by month basis, INTEL's sales of MICROPROCESSORS, including model or type, quantities, prices, and discounts or other FINANCIAL INDUCEMENTS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 128:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce non-privileged documents sufficient to show the requested information, to the extent such documents exist.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 128:

AMD's Request for Production #128 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 129:

DOCUMENTS sufficient to show, on a customer by customer and month by month basis, INTEL's sales of CHIPSETS, including model or type, quantities, prices, and discounts or other FINANCIAL INDUCEMENTS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 129:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing,

RLF1-3076276-1

Intel will produce non-privileged documents sufficient to show the requested information, to the extent such documents exist.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 129:

AMD's Request for Production #129 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 130:

All databases containing, recording or memorializing INTEL price information regarding sales of MICROPROCESSORS.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 130:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the demand for "[a]ll databases" is overly broad and unduly burdensome. Subject to its General Objections, its Specific Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will meet and confer with AMD and produce non-privileged, responsive databases sufficient to show the requested information, to the extent such databases exist. Intel does not intend to produce every database within its possession, custody or control that may contain the requested information.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 130:

AMD's Request for Production #130 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 131:**

All databases reflecting, or recording INTEL FINANCIAL INDUCEMENTS relating to MICROPROCESSORS or CHIPSETS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the demand for "[a]ll databases" is overly broad and unduly burdensome. Subject to its General Objections, its Specific Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will meet and confer with AMD and produce non-privileged, responsive databases sufficient to show the requested information, to the extent such databases exist. Intel does not intend to produce every database within its possession, custody or control that may contain the requested information.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 131:**

AMD's Request for Production #131 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 132:**

All databases reflecting or recording the allocation of any advertising support, market development funds, or Intel Inside funds provided by INTEL.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the demand for "[a]ll databases" is overly broad and unduly burdensome. Subject to its General Objections, its Specific Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will meet and confer with AMD and

66

produce non-privileged, responsive databases sufficient to show the requested information, to the extent such databases exist. Intel does not intend to produce every database within its possession, custody or control that may contain the requested information.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 132:

AMD's Request for Production #132 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 133:

All DOCUMENTS relating to the practice, or alleged practice, by INTEL of incorrectly invoicing or changing invoices to reflect higher sales amounts as a means of boosting sales or sales performance, including all documents relating to any rebates, co-op dollars, market development funds, advertising allowances or other payments that INTEL provided, or considered providing, to any customer in connection with any sales that were so invoiced.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 133:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, and without waiving its Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 133**:

AMD's Request for Production #133 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market

**REQUEST FOR PRODUCTION NO. 136:**

All DOCUMENTS discussing, analyzing or referring to AMD's sales of MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 136**:

AMD's Request for Production #136 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market

**REQUEST FOR PRODUCTION NO. 137:**

All DOCUMENTS discussing an INTEL customer or partner's purchase, use, endorsement or support of AMD MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 137:**

AMD's Request for Production #137 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 139:**

All DOCUMENTS discussing AMD's MICROPROCESSORS, including but not limited to any Sempron, Athlon, Turion, or Opteron MICROPROCESSOR.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive

documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 139:

AMD's Request for Production #139 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 141:

All DOCUMENTS constituting, reflecting, or pertaining to any competitive analyses, reverse engineering, technical evaluations or product performance assessments by INTEL of any AMD MICROPROCESSOR.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 141:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

RLF1-3076276-1

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 141:**

AMD's Request for Production #141 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 142:**

All DOCUMENTS constituting, reflecting or pertaining to any comparisons of any aspect of any INTEL and AMD MICROPROCESSORS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 142:**

AMD's Request for Production #142 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 145:**

All DOCUMENTS constituting or reflecting any communications with, or interviews of, any third-party (including any former AMD employee) regarding AMD or any AMD product.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 145:**

AMD's Request for Production #145 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS constituting, discussing or referring to INTEL's MICROPROCESSOR roadmaps.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these

72

objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 152:

AMD's Request for Production #152 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 153:

All DOCUMENTS discussing or referring to the launch, promotion, advertisement or support of an AMD product or of a product containing an AMD MICROPROCESSOR.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 153:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

RLF1-3076276-1

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 153:**

AMD's Request for Production #153 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 154:**

All studies, analyses, presentations or investigations concerning any RETAILER's actual or forecast sales of COMPUTER SYSTEMS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 154:**

AMD's Request for Production #154 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 155:**

All studies, analyses, presentations or investigations concerning any RETAILER's actual or forecast requirements for COMPUTER SYSTEMS.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 155:**

AMD's Request for Production #155 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 173:**

All DOCUMENTS constituting, discussing or referring to customer complaints to INTEL by an OEM, RETAILER, DISTRIBUTOR or ODM.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these

objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 173:

AMD's Request for Production #173 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 174:

All DOCUMENTS constituting, discussing or referring to any responses or proposed responses to any customer complaints to INTEL by an OEM, RETAILER, DISTRIBUTOR or ODM.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 174:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 174:**

AMD's Request for Production #174 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 175:**

All DOCUMENTS constituting, reflecting or pertaining to any contracts, licenses, or agreements between INTEL and any third party that place any limitations, prohibitions, or restrictions on that third party's ability to design, develop, implement, license or promote technology for use with AMD MICROPROCESSORS or CHIPSETS or to conduct business that relates in any way to AMD.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 175:**

AMD's Request for Production #175 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from

the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 206:**

All DOCUMENTS constituting or reflecting communications with or among third parties concerning this litigation, the allegations in the Complaint, or any alleged improper or exclusionary conduct by INTEL.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 206:**

AMD's Request for Production #206 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 214:**

All DOCUMENTS relating to complaints about problems with or deficiencies in YOUR sales force.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 214:**

AMD's Request for Production #214 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 217:**

All DOCUMENTS provided by INTEL to, or seized from INTEL by, any U.S., state, or foreign governmental competition authority relating to INTEL, AMD, or competition in the MICROPROCESSOR industry, excluding briefs, white papers or other submissions prepared for purposes of communication with any such competition authority.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is overly broad and calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

79

admissible evidence.  Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian, except that pursuant to General Objection No. 4 Intel will not produce any such documents that were provided by Intel to or seized from Intel by any foreign governmental competition authority.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 217:

AMD's Request for Production #217 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 218:

All DOCUMENTS prepared for or in connection with a QBR (quarterly business review) with any INTEL MICROPROCESSOR customer.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 218:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request.  In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 218**:

AMD's Request for Production #218 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

Of Counsel:
Charles P. Diamond
Linda J. Smith
O'Melveny & Myers, LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700

Mark A. Samuels
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, 90071
(213) 430-6340

Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
*Attorneys for Plaintiffs Advanced Micro
Devices, Inc. and AMD International Sales &
Service, Ltd.*

Dated: October 30, 2006