# EXHIBIT 2

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. and<br>AMD INTERNATIONAL SALES & SERVICE,<br>LTD.,<br><br>       Plaintiffs,<br><br>         v.<br><br>INTEL CORPORATION and<br>INTEL KABUSHIKI KAISHA,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-441 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |

---

| | |
|---|---|
| IN RE INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )   C.A. No. 05-MD-1717 (JJF)<br>)<br>) |

## AMD'S REPLY TO DEFENDANTS INTEL CORPORATION'S AND INTEL KABUSHIKI KAISHA'S AMENDED RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS [NOS. 219-237]

Pursuant to Footnote 1 of AMD's Motion to Compel, AMD annotates below its response to each of Intel's Objections Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing. This Appendix provides AMD's original request and Intel's response to AMD's request. Where Intel specifically objects to a request based on the Court's September 27, 2006 Order, AMD's reply to that objection is included. This should not be construed as waiving our right to dispute the invocation of the general foreign conduct objection, which we contend is not well taken, or any other objection. This Appendix is solely designed to provide the Court with AMD's reasons why the objected-to requests for foreign discovery are sufficiently relevant to AMD's claims for U.S. and export-related damages.

## AMD'S REPLY TO GENERAL OBJECTIONS

## INTEL'S OBJECTION BASED ON THE COURT'S SEPTEMBER 27, 2006 RULING ON

## SUBJECT MATTER JURISDICTION AND STANDING

Intel objects to each Request herein to the extent that it seeks the production of information relating to AMD's claims based on alleged lost sales of AMD's microprocessors to foreign customers and the allegations in the Complaint forming the basis for those claims, namely paragraphs 40-44, 54-57, 74-75, 81, 83, 86, 89, 93-94, 100-101 and 106. The basis for this objection is the analysis set out in the Court's September 27, 2006, Order holding that it lacks subject matter jurisdiction over such conduct and that AMD lacks standing to pursue these allegations. Intel will not produce documents responsive to AMD's requests that evidence or constitute Intel's conduct in foreign commerce, including, but not limited to, negotiation of individual sales or contracts in foreign commerce with the customers referenced in allegations specifically stricken by the Court and similarly situated companies not referenced in the Complaint.

AMD has taken the position that the Court's Order dismissing AMD's claims based on alleged lost sales of AMD's microprocessors to foreign customers and striking the related allegations changes *nothing* with regard to the scope of discovery. Intel's position is that the Order, by striking the allegations of foreign conduct, significantly narrows the scope of discovery and that considerable discovery sought by AMD is now not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Intel proposes to provide significant discovery relating to the microprocessor market and sales to customers outside the United States. In making this proposal, Intel does not concede the relevance or admissibility of the information for purposes of trial or discovery. Intel will therefore produce responsive non-privileged documents that refer or relate to market share analyses, sales and demand forecasts, competitive analyses strategic plans (and similar documents), as well as documents sufficient to show (i) the prices charged by Intel to foreign customers, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price, and (ii) market development funds, Intel Inside funds, or any other financial consideration from Intel to foreign customers. Intel has in response to specific

document requests set out where the objection based on the Court's Ruling applies and where documents covered by this objection will not be produced, as well as the remaining categories of documents that will be produced

In addition, pursuant to the parties' document production stipulation, the parties have agreed to a custodial approach to production on certain requests. Under this stipulation the parties are to produce documents to include: (i) the most important custodians with knowledge of the issues framed by the pleadings, (ii) the custodians believed likely to have the most non-privileged documents responsive to the document requests, (iii) sufficient custodians to constitute a comprehensive production, and (iv) all persons who may be called at trial.[1] Because the pleadings have been narrowed, Intel has amended its Party Designated Custodian List previously provided to AMD in accordance with this objection and the Court's Order to delete those individuals selected to address the stricken allegations. A list of those individuals is set forth in Exhibit A to this response.

## AMD'S REPLY TO INTEL'S GENERAL OBJECTION BASED ON THE COURT'S SEPTEMBER 27, 2006 RULING ON SUBJECT MATTER JURISDICTION AND STANDING

To the extent that Intel does not specifically assert an objection based on the Judge's September 27, 2006 Order, but nonetheless intends to assert its General Objection described above, AMD replies that all documents, foreign and domestic, responsive to each document request below is reasonably calculated to lead to the discovery of admissible evidence to show that Intel excluded AMD from United States export trade, Intel's market power, Intel's illegal acquisition or maintenance of its monopoly, and material exclusion of AMD from the relevant market. As outlined in AMD's Motion to Compel, foreign discovery remains critical to AMD proving its antitrust claim.

In addition to general and specific objections to AMD's document requests, Intel also removed several custodians from its custodian designations. The parties entered a document

---

[1] The stipulation also requires affirmance that a party has not failed to identify a custodian based on a belief that the custodian's documents would be harmful to its case.

production stipulation that requires each to identify for their company (i) the most important custodians with knowledge of the issues framed by the pleadings, (ii) the custodians believed likely to have the most non-privileged documents responsive to the document requests, (iii) sufficient custodians to constitute a comprehensive production, and (iv) all persons who may be called at trial. Pursuant to the Judge's September 27, 2006 Order, Intel Amended its responses to delete several custodians on the grounds that "the pleadings have been narrowed." For this reason, Intel deleted "those individuals selected to address the stricken allegations." AMD objects to the removal of these custodians. The custodians remain relevant to the litigation as they are likely to possess admissible evidence of Intel's exclusion of AMD from United States export trade, Intel's market power, Intel's illegal acquisition or maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## AMD'S REPLY TO SPECIFIC OBJECTIONS

### REQUEST FOR PRODUCTION NO. 223:

All documents that relate to your offers of any INTEL product for sale on the condition that the prospective customer purchase another INTEL product.

### INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 223:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 223:

AMD's Request for Production #223 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 225:

All documents that constitute or relate to: (a) applications or requests by INTEL, or anyone acting on behalf of INTEL, to any governmental entity to ban or restrict the specification of microprocessor brands or microprocessor clock frequencies in the procurement of any type of computer system; or (b) specifications or requirements by any governmental entity that a particular brand of microprocessors must be used in any type of computer system.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 225:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 225:**

AMD's Request for Production #225 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 226:**

All documents that relate to the ability or inability of any customer to obtain price concessions or reductions, or to extract anything else of value from suppliers of microprocessors.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 226:**

AMD's Request for Production #226 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 228:**

All documents concerning or relating to any strategies considered by INTEL to maintain or increase its market share for microprocessors or to meet competition from AMD or any other actual or potential competitor.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is overly broad and unduly burdensome. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 228:**

AMD's Request for Production #228 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 230:**

All documents that relate to any effect this lawsuit has had on INTEL's microprocessor marketing practices.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it is vague, ambiguous, and overly broad. Intel further objects to this Request on the grounds it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel also objects to this Request to the extent that it seeks to discover mental impressions, conclusions, opinions, legal research, legal advice, and theories of Intel and its counsel, and thereby invades the attorney-client privilege and/or the attorney work product doctrine. Intel does not intend to produce any documents in response to this Request.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 230

AMD's Request for Production #230 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

**REQUEST FOR PRODUCTION NO. 232:**

All documents relating to how distributors and retailers set their resale prices for computer systems and/or microprocessors.

**INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it is vague and ambiguous, as retailers do not sell microprocessors. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the

designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 232

AMD's Request for Production #232 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 234:

All documents relating to how retail prices for computer systems and/or chipsets are set by retailers and/or OEMs.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 234:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous to the extent it is seeking information concerning retail prices for chipsets. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce documents relating to how retail prices for chipsets are set by retailers and/or OEMs.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries'

corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 234

AMD's Request for Production #234 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## REQUEST FOR PRODUCTION NO. 235:

All documents relating to how wholesale prices for computer systems and/or chipsets are set by distributors and/or OEMs.

## INTEL'S RESPONSE TO REQUEST FOR PRODUCTION NO. 235:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous to the extent it is seeking information concerning wholesale prices for chipsets set by OEMs. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce documents relating to how wholesale prices for chipsets are set by distributors and/or OEMs.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 235:

AMD's Request for Production #235 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

Of Counsel:
Charles P. Diamond
Linda J. Smith
O'Melveny & Myers, LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700

Mark A. Samuels
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, 90071
(213) 430-6340

Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
Attorneys for Plaintiffs Advanced Micro
Devices, Inc. and AMD International Sales &
Service, Ltd.

Dated:  October 30, 2006

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC. and<br>AMD INTERNATIONAL SALES & SERVICE,<br>LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-441 (JJF) |
| v. | ) ) | |
| INTEL CORPORATION and<br>INTEL KABUSHIKI KAISHA, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| IN RE INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) | C.A. No. 05-MD-1717 (JJF) |

### AMD'S REPLY TO DEFENDANTS INTEL CORPORATION AND INTEL KABUSHIKI KAISHA'S AMENDED RESPONSES TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS [NOS. 238-255]

Pursuant to Footnote 1 of AMD's Motion to Compel, AMD annotates below its response to each of Intel's Objections Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing. This Appendix provides AMD's original request and Intel's response to AMD's request. Where Intel specifically objects to a request based on the Court's September 27, 2006 Order, AMD's reply to that objection is included. This should not be construed as waiving our right to dispute the invocation of the general foreign conduct objection, which we contend is not well taken, or any other objection. This Appendix is solely designed to provide the Court with AMD's reasons why the objected-to requests for foreign discovery are sufficiently relevant to AMD's claims for U.S. and export-related damages.

## AMD'S REPLY TO GENERAL OBJECTIONS

### INTEL'S OBJECTION BASED ON THE COURT'S SEPTEMBER 27, 2006 RULING ON SUBJECT MATTER JURISDICTION AND STANDING

Intel objects to each Request herein to the extent that it seeks the production of information relating to AMD's claims based on alleged lost sales of AMD's microprocessors to foreign customers and the allegations in the Complaint forming the basis for those claims, namely paragraphs 40-44, 54-57, 74-75, 81, 83, 86, 89, 93-94, 100-101 and 106. The basis for this objection is the analysis set out in the Court's September 27, 2006, Order holding that it lacks subject matter jurisdiction over such conduct and that AMD lacks standing to pursue these allegations. Intel will not produce documents responsive to AMD's requests that evidence or constitute Intel's conduct in foreign commerce, including, but not limited to, negotiation of individual sales or contracts in foreign commerce with the customers referenced in allegations specifically stricken by the Court and similarly situated companies not referenced in the Complaint.

AMD has taken the position that the Court's Order dismissing AMD's claims based on alleged lost sales of AMD's microprocessors to foreign customers and striking the related allegations changes *nothing* with regard to the scope of discovery. Intel's position is that the Order, by striking the allegations of foreign conduct, significantly narrows the scope of discovery and that considerable discovery sought by AMD is now not relevant to the subject matter of this case and not reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, Intel proposes to provide significant discovery relating to the microprocessor market and sales to customers outside the United States. In making this proposal, Intel does not concede the relevance or admissibility of the information for purposes of trial or discovery. Intel will therefore produce responsive non-privileged documents that refer or relate to market share analyses, sales and demand forecasts, competitive analyses strategic plans (and similar documents), as well as documents sufficient to show (i) the prices charged by Intel to foreign customers, including any discounts, rebates, lump sum payments, or other financial consideration

that affects the price, and (ii) market development funds, Intel Inside funds, or any other financial consideration from Intel to foreign customers. Intel has in response to specific document requests set out where the objection based on the Court's Ruling applies and where documents covered by this objection will not be produced, as well as the remaining categories of documents that will be produced.

In addition, pursuant to the parties' document production stipulation, the parties have agreed to a custodial approach to production on certain requests. Under this stipulation the parties are to produce documents to include: (i) the most important custodians with knowledge of the issues framed by the pleadings, (ii) the custodians believed likely to have the most non-privileged documents responsive to the document requests, (iii) sufficient custodians to constitute a comprehensive production, and (iv) all persons who may be called at trial.[1]  Because the pleadings have been narrowed, Intel has amended its Party Designated Custodian List previously provided to AMD in accordance with this objection and the Court's Order to delete those individuals selected to address the stricken allegations.  A list of those individuals is set forth in Exhibit A to this response.

**AMD'S REPLY TO INTEL'S GENERAL OBJECTION BASED ON THE COURT'S SEPTEMBER 27, 2006 RULING ON SUBJECT MATTER JURISDICTION AND STANDING**

To the extent that Intel does not specifically assert an objection based on the Judge's September 27, 2006 Order, but nonetheless intends to assert its General Objection described above, AMD replies that all documents, foreign and domestic, responsive to each document request below is reasonably calculated to lead to the discovery of admissible evidence to show that Intel excluded AMD from United States export trade, Intel's market power, Intel's illegal acquisition or maintenance of its monopoly, and material exclusion of AMD from the relevant

---

[1] The stipulation also requires affirmance that a party has not failed to identify a custodian based on a belief that the custodian's documents would be harmful to its case.

market. As outlined in AMD's Motion to Compel, foreign discovery remains critical to AMD proving its antitrust claim.

In addition to general and specific objections to AMD's document requests, Intel also removed several custodians from its custodian designations. The parties entered a document production stipulation that requires each to identify for their company (i) the most important custodians with knowledge of the issues framed by the pleadings, (ii) the custodians believed likely to have the most non-privileged documents responsive to the document requests, (iii) sufficient custodians to constitute a comprehensive production, and (iv) all persons who may be called at trial. Pursuant to the Judge's September 27, 2006 Order, Intel amended its responses to delete several custodians on the grounds that "the pleadings have been narrowed." For this reason, Intel deleted "those individuals selected to address the stricken allegations." AMD objects to the removal of these custodians. The custodians remain relevant to the litigation as they are likely to possess admissible evidence of Intel's exclusion of AMD from United States export trade, Intel's market power, Intel's illegal acquisition or maintenance of its monopoly, and material exclusion of AMD from the relevant market.

## AMD'S REPLY TO SPECIFIC OBJECTIONS

## REQUEST FOR PRODUCTION NO. 255:

All documents relating to any impact brand name specifications in government or other contracts for microprocessors has on Intel, microprocessor prices, computer prices or competition.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 255:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such

Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

## AMD'S REPLY TO INTEL'S FOREIGN COMMERCE OBJECTION TO REQUEST NO. 255:

AMD's Request for Production #255 is calculated to lead to the discovery of admissible evidence because it is relevant to showing that Intel excluded AMD from the export trade from the United States, Intel's market power, Intel's illegal maintenance of its monopoly, and material exclusion of AMD from the relevant market.

Of Counsel:
Charles P. Diamond
Linda J. Smith
O'Melveny & Myers, LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700

Mark A. Samuels
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, 90071
(213) 430-6340

Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
Attorneys for Plaintiffs Advanced Micro
Devices, Inc. and AMD International Sales &
Service, Ltd.

Dated:  October 30, 2006