# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| PHIL PAUL, *on behalf of himself and all others similarly situated,* | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-485-JJF |
| v. | ) ) | CONSOLIDATED ACTION |
| INTEL CORPORATION, | ) ) | DM _____ |
| Defendant. | ) ) ) | |

## CLASS PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD
  & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699

PRICKETT JONES & ELLIOTT, P.A.
James L. Holzman (#663)
J. Clayton Athey (#4378)
Laina M. Herbert (#4717)
1310 King Street
P.O. Box 1328
Wilmington, DE  19899
jlholzman@prickett.com
jcathey@prickett.com
lmherbert@prickett.com
Telephone:   (302) 888-6500
Facsimile:   (302) 658-8111

*Interim Liaison Counsel for the Class Plaintiffs*

Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
FURTH LEHMANN & GRANT LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
Telephone:  (415) 433-2070
Facsimile:  (415) 982-2076

Steve W. Berman
Anthony D. Shapiro
HAGENS BERMAN SOBOL
   SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Co-Lead Counsel*

Dated:  October 30, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. i

NATURE AND STAGE OF PROCEEDINGS ................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ................................... 1

STATEMENT OF FACTS ................................................................................. 4

ARGUMENT ...................................................................................................... 8

    I.     Intel's Assumption That The Court's September 26, 2006 Decision
           Applies To Class Plaintiffs' State Law Claims Is Wrong.......................... 8

    II.    Even If The FTAIA Applied To Class Plaintiffs' Claims, Those
           Claims Could Still Be Based On Intel's Foreign Exclusionary
           Conduct Because Class Plaintiffs Seek Redress Only For Domestic
           Harm. ...................................................................................................... 10

    III.   Even If The Applicable State Laws Were Subject To The FTAIA,
           Evidence Of Intel's Foreign Conduct Would Be Relevant to Prove
           That Intel Monopolized The U.S. Portion Of The Relevant Market. ...... 12

    IV.   Intel's Plan To Defer Production Of Foreign Conduct Documents
           Until After The Court Rules On Its Upcoming Motion To Dismiss
           Would Result In Class Plaintiffs Receiving Such Documents Long
           After The Court's Deadline. ................................................................... 13

CONCLUSION ............................................................................................... 14

## TABLE OF AUTHORITIES

CASES

*F. Hoffman LaRoche & Co. v. Empagran, S.A.*,
    542 U.S. 155 (2004) ............................................................................. 8, 10-12

*In re Intel Microprocessor Antitrust Litig.*,
    2006 WL 2742297 (D. Del. Sept. 26, 2006) ....................................... 2, 6-7

*Kellam Energy, Inc. v. Duncan*,
    616 F. Supp. 215 (D. Del. 1985) ........................................................... 13

*LePage's Inc. v. 3M*,
    324 F.3d 141 (3d Cir. 2003) .................................................................. 12

*Pearson v. Miller*,
    211 F.3d 57 (3d Cir. 2000) ...................................................................... 8

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*,
    821 F. Supp. 232 (D. Del. 1992) ............................................................. 3

*Tampa Elec. Co. v. Nashville Coal Co.*,
    365 U.S. 320 (1961) .............................................................................. 12

*United States v. Dentsply Int'l, Inc.*,
    399 F.3d 181 (3d Cir. 2005) .................................................................. 12

STATUTES

Foreign Trade Antitrust Improvements Act of 1982 .......................................... 2

Section 2 of the Sherman Act, 15 U.S.C. § 2 ...................................................... 4

Sherman Antitrust Act.  15 U.S.C. § 6a .............................................................. 8

OTHER AUTHORITIES

Fed. R. Civ. P. 26(b)(1) ......................................................................................... 8

Fed. R. Civ. P. 37 .................................................................................................. 1

Local Rule 7.1.1 ..................................................................................................... 1

Fed. R. Civ. P. 12(b)(1) ............................................................................... 3, 7, 14

## NATURE AND STAGE OF PROCEEDINGS

Class Plaintiffs and the Class are individuals and entities that purchased personal computers and servers containing Intel *x*86 microprocessors in the United States other than for resale. Class Plaintiffs, who reside in the United States and purchased their computers and servers in thirty-two different states, bring suit under those states' antitrust and consumer protection statutes. Class Plaintiffs' Amended Consolidated Complaint (the "Class Complaint") alleges that as a result of Intel's unlawful monopolization of the world-wide *x*86 microprocessor market, it was able to charge computer manufacturers, retailers and distributors in (or selling into) the United States supracompetitive prices for *x*86 microprocessors. The Class Complaint further alleges that these overcharges were passed on to end-users, who comprise the Class and who seek redress for the overcharges they paid.

Intel has not yet responded to the Class Complaint. Nor has Intel, which was served with Class Plaintiffs' First Request for Production on May 31, 2006, produced any documents in this litigation. The Court recently granted Intel's motion to dismiss AMD's foreign conduct claims. Intel now objects to producing to the Class (or AMD) any documents that relate to its exclusionary conduct outside of the United States.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.1.1, Class Plaintiffs, on behalf of themselves and the proposed class (the "Class"), respectfully submit this brief in support of their motion to compel Intel Corporation's ("Intel") production of documents responsive to Class Plaintiffs' First Request for the Production of Documents relating to Intel's foreign conduct.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Based solely and explicitly on the ruling by this Court in AMD's case (*In re Intel Microprocessor Antitrust Litig.*, 2006 WL 2742297 (D. Del. Sept. 26, 2006)) ("September 26 Decision") (MDL D.I. 279), Intel has objected to the production in these consolidated class actions of key evidence of actions that it took to unlawfully deny AMD and other competitors a fair opportunity to sell *x*86 microprocessors to customers located outside the United States. The issue decided in the September 26 Decision involved an interpretation of the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA"), a federal statute that is irrelevant to Class Plaintiffs' state law claims. The Court's ruling furnishes no legitimate ground for Intel to withhold production of highly relevant evidence of its exclusionary dealings with Sony, Toshiba, Fujitsu and several other overseas companies that, just like than Dell, Hewlett Packard, IBM and other U.S. companies, are Intel customers in the worldwide market for *x*86 microprocessors.

Even if the FTAIA somehow applied to the state laws on which Class Plaintiffs have sued, the federal statute still would not bar discovery of Intel's efforts to tie up foreign customers in support of Class Plaintiffs' state law monopolization claims. Unlike AMD, Class Plaintiffs have sued only for injuries sustained in the United States. The Class consists of individuals, businesses and other organizations located in the United States that overpaid for Intel microprocessors in the United States as a result of Intel's unlawful monopoly. Their lawsuit is designed to recover these overcharges. However, the FTAIA prohibits claims arising from foreign conduct *only* if the claims seek to redress foreign injury. Conversely, the FTAIA does not bar claims for domestic injury

regardless of whether they are based in whole or part on foreign conduct. Thus, even if the FTAIA applied to the underlying state laws, it presents no impediment to Class Plaintiffs' right to obtain discovery of Intel's foreign conduct.

Discovery of Intel's foreign exclusionary conduct is also necessary to permit Class Plaintiffs to prove something that clearly is not barred by the FTAIA (assuming it applies at all to the state laws underlying Class Plaintiffs' claims) -- that Intel monopolized the U.S. portion of the worldwide market for x86 microprocessors. In a global market, Intel *cannot* have monopolized the U.S. market without also monopolizing the rest of the world market. Class Plaintiffs must be allowed access to relevant discovery to show that Intel engaged in exclusionary conduct to suppress competition for the business of customers around the world, not just in the United States.

Intel's effort to delay a ruling on this motion should be rejected. Intel now takes the position that it will produce its foreign conduct documents only after the Court rules on its forthcoming motion to dismiss under Rule 12(b)(1) and only if the Court denies the motion. Refusing to produce documents as an automatic right on the grounds that a motion to dismiss is pending is contrary to precedent and procedure in this District. *See, e.g., Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) (a pending motion to dismiss does not entitle defendants to an automatic stay of discovery).

Intel's proposed procedure will yield substantial and unwarranted delay, ensuring that such documents will be withheld until well after the Court's document production deadline of April 16, 2007 (or even any reasonable extension thereof). There is no good reason for Intel to miss this deadline.

For these reasons, as discussed more fully below, this motion should be granted, and Intel should be ordered to produce all its responsive, non-privileged foreign conduct documents by April 16, 2007.

## STATEMENT OF FACTS

While both Class Plaintiffs and AMD allege that Intel has unlawfully monopolized the worldwide market for *x*86 microprocessors, the legal underpinnings of the two cases differ.  AMD's monopoly claim proceeds under Section 2 of the Sherman Act, 15 U.S.C. § 2 (*see* Count 1 of AMD Complaint, AMD D.I. 1).  Class Plaintiffs' monopoly claims arise primarily under various state laws (*see* Counts 2-7 of First Amended Consolidated Complaint, MDL D.I. 108 ("Class Compl.")).[1]  The distinction is critical to this motion.

The two cases differ in another important respect.  The Class consists of individuals, businesses and other organizations residing in the United States who bought – and were overcharged for -- Intel *x*86 microprocessors in the United States (mostly through the purchase of computers equipped with such microprocessors).[2]  In contrast,

---

[1]    Class Plaintiffs also have stated a claim under Section 2 of the Sherman Act for injunctive relief.  *See* Class Compl. ¶¶ 236-246 (Claim 1). But the presence of a federal claim is of no significance here because Class Plaintiffs are entitled to discovery of Intel's foreign conduct if such discovery is relevant to *any* of their claims.

[2]    Paragraph 106 of the Class Complaint defines the putative class as:

All persons and entities residing in the United States who from June 28, 2001 through the present, purchased an x86 microprocessor in the United States, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of Defendant.  The Class excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate, or entity in which Defendant has a controlling interest.  The Class also excludes all federal, state or local governmental entities, all judicial officers presiding over this action and their immediate family members and staff, and any juror assigned to this action.

4

AMD is Intel's worldwide competitor in the *x*86 microprocessor market and suing for sales it lost to customers throughout the world. *See* AMD Compl. ¶129

An important common feature of the two cases is that both allege that the market Intel has unlawfully monopolized is global in scope. *See* AMD Compl. ¶24; Class Compl. ¶129. Intel agrees that the relevant market is worldwide. *See* Intel Answer ¶24, AMD D.I. 51.

On May 2, 2006, Intel moved under the FTAIA to dismiss AMD's claims to the extent they sought redress for foreign harm. Specifically, Intel's motion sought "an order dismissing or striking all claims that are based on alleged lost sales of AMD's German-made microprocessors to foreign customers." Intel's Memorandum in Support of Its Motion to Dismiss AMD's Complaint, MDL D.I. 64-65, ("Mot. to Dismiss") at 30; *see id.* at 31 ("[t]he allegations in the Complaint of foreign conduct that allegedly interfered with the sale of foreign-manufactured microprocessors to foreign customers should be dismissed or, alternatively, stricken."); *id.* at 2 (seeking dismissal to the extent "AMD seeks recovery under U.S. antitrust law for lost sales of its foreign-made microprocessors to foreign companies in foreign locations."); *id.* ("AMD cannot invoke the U.S. antitrust laws to attempt to address these alleged harms that occurred (if at all) outside the United States."); *id.* at 3 ("AMD does not – and cannot – meet either prong of [the FTAIA exception] for claims based on the alleged lost sales of its German-manufactured microprocessors to foreign customers."); *id.* at 5 ("AMD's claims of foreign harm should be dismissed"). Intel did not seek to dismiss AMD's claim based on lost sales to U.S. companies.

The Court granted Intel's motion, dismissing AMD's claims to the extent they were based on AMD's lost foreign sales caused by Intel's foreign conduct. Consistent with the limited relief requested in Intel's motion, the Court did not dismiss AMD's claims for lost sales to U.S. customers. 2006 WL 2742297 at *4 (holding that the Court "lacks jurisdiction over AMD's claims that are based on lost sales of AMD's German-made microprocessors to foreign customers as alleged in [specified paragraphs of the AMD complaint]."); *see id.* at *15 (holding that "any alleged harm suffered by AMD has been directly caused by the foreign effects of Intel's alleged conduct, namely lost foreign sales."); *id.* at *7 (concluding that Court "lacks subject matter jurisdiction under the FTAIA over AMD's claims, to the extent those claims are based on foreign conduct and foreign harm.").

On May 31, 2006, Class Plaintiffs served their First Set of Requests for Production on Intel. This was a comprehensive set of requests that largely duplicated the requests that AMD had served on November 18, 2005. Among other things, the requests seek agreements, draft agreements and related communications that reflect the underlying terms and conditions of Intel's sales of its microprocessors to computer manufacturers and others based in the United States and around the world. Intel originally responded to the requests on June 30, 2006. The initial response included a general objection to producing foreign conduct documents, but subject to this objection, Intel stated that it intended to produce such documents. Intel, however, reserved the right to amend its responses if the Court subsequently ruled that it lacked subject matter jurisdiction over any of Class Plaintiffs' allegations. *See* Intel's Response to Class Plaintiffs' First Request for Production, at 3 (Gen. Objection No. 4), attached as Exhibit A.

On October 13, 2006, pursuant to the direction of the Court, Intel amended its responses to Class Plaintiffs' document requests, as well as its responses to AMD's document requests, to lodge a relevance objection based on the Court's September 26 Decision in the AMD case.  In the amended response, Intel "presume[s] that the Court's decision regarding lack of subject matter jurisdiction over foreign conduct challenged by AMD will be similarly applicable to the foreign conduct challenged by the Class Plaintiffs in their Amended Consolidated Class Complaint," and thus objects to Class Plaintiffs' requests on relevance grounds.  Intel's Amended Responses to Plaintiffs' First Request for Production of Documents, at 2-3, attached as Exhibit B.  This is the only basis on which Intel is withholding production of responsive, non-privileged documents relating to its foreign conduct.  Specifically, Intel states that it will not produce documents that "evidence or constitute Intel's conduct in foreign commerce, including, but not limited to, negotiations of individual sales or contracts in foreign commerce with the customers referenced in allegations specifically stricken by the Court and similarly situated companies not referenced in the Complaint."  *Id.* at 5.[3]

Class Plaintiffs conferred with Intel regarding its foreign conduct objection.  Intel advised that it was not at this time refusing to produce the requested foreign conduct documents, but rather that it would wait for a ruling by the Court on its upcoming motion to dismiss under Rule 12(b)(1) before producing any such documents.  Intel recently advised that it intends to file that motion in early November, before the Court's deadline

---

[3]     Intel nonetheless proposes to produce certain documents relating to the market and sales to customers outside the United States.  Such documents do not include contracts with foreign customers or documents evidencing the negotiations leading up to those contracts.  In other words, Intel is withholding production of evidence relating to its exclusionary conduct in foreign countries.

of November 27.  Assuming Intel files its motion early, given the upcoming holidays,

briefing of the motion is not likely to be completed until the end of this year, at best.

## ARGUMENT

### I.    Intel's Assumption That The Court's September 26, 2006 Decision Applies To Class Plaintiffs' State Law Claims Is Wrong.

Intel bears the burden of establishing a basis for withholding non-privileged

documents that relate to its exclusionary conduct that occurred outside of the United

States but *within* the geographic scope of the relevant market as defined by all the parties

including Intel.  *See* Fed. R. Civ. P. 26(b)(1); *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir.

2000) ("as an initial matter . . . all relevant material is discoverable unless an applicable

evidentiary privilege is asserted.").  Intel's only stated basis for withholding these non-

privileged responsive documents is that it "presume[s] that the Court's decision regarding

lack of subject matter jurisdiction over foreign conduct challenged by AMD will be

similarly applicable to the foreign conduct challenged by the Class Plaintiffs in their

Amended Consolidated Complaint."  *See* Intel's Am. Resp. at 2-3, Ex. B.  Intel's

presumption is wrong.

The FTAIA is a federal statute that defines the extraterritorial reach of the

Sherman Antitrust Act.  15 U.S.C. § 6a (providing that the Sherman Act "shall not apply"

to certain foreign conduct); *see F. Hoffman LaRoche & Co. v. Empagran, S.A.*, 542 U.S.

155, 161 (2004) ("[t]he FTAIA removes certain conduct from the Sherman Act's reach

....").  The statute does not purport to define the extraterritorial reach of any state law.

Thus, it does not by its terms affect the scope of any of the state laws underlying Class

Plaintiffs' claims.

Moreover, not one of the state antitrust laws under which Class Plaintiffs bring their claims includes any FTAIA-equivalent provision. Thus, neither the state antitrust laws in question nor the FTAIA itself contains any language restricting the extraterritorial reach of these state laws. The absence of such language conclusively demonstrates that the September 26 Decision interpreting the FTAIA does not apply to Class Plaintiffs' state law claims.

Even if Intel could demonstrate that the extraterritorial reach of one or some or the state laws in question was limited by the FTAIA, or otherwise incorporated the FTAIA's restrictions, that would not be enough to withstand this motion. Intel must show that the extraterritorial reach of *all* of the state laws in question is limited by the FTAIA or otherwise, because Class Plaintiffs are entitled to full discovery of Intel's foreign conduct if just *one* such state law is not so limited. The claim under that one state statute alone would justify such discovery.

Therefore, Minnesota's antitrust law, for example, alone provides a basis to grant this motion. In addition to being devoid of any FTAIA-like restrictions, the statute states that "[n]o action under sections 325D.49 to 325D.66 [relating to restraints on trade] shall be barred on the ground that the activity or conduct complained of in any way affects or involves interstate or foreign commerce." M.S.A. § 325D.66. This language eliminates any doubt that a claim under the Minnesota antitrust statute may be based on foreign exclusionary conduct. This language compels the conclusion that Intel must produce its foreign conduct documents in furtherance of Class Plaintiffs' claim under the Minnesota statute.

In sum, Intel's presumption that the September 26 Decision applies to the Minnesota antitrust statute, or any of the other state laws under which Class Plaintiffs bring their claims, is ill-founded.

## II. Even If The FTAIA Applied To Class Plaintiffs' Claims, Those Claims Could Still Be Based On Intel's Foreign Exclusionary Conduct Because Class Plaintiffs Seek Redress Only For Domestic Harm.

The Class (including Class Plaintiffs) consists of individuals and entities residing in the United States that purchased Intel's *x*86 microprocessors in this country. They seek recovery only for the injury they suffered when they overpaid for Intel's chips in the United States. They seek no relief for any foreign harm.

The September 26 Decision determined only that AMD could not sue for its lost foreign sales. It did not dismiss AMD's claim for domestic injury based on lost sales to U.S. customers; indeed, as noted above, Intel's motion did not even seek such relief. Because the only injury that Class members seek to redress is the overcharges they paid as a result of Intel's unlawful monopolization when they purchased Intel computers in the United States from Best Buy, Circuit City and other retailers and distributors, the September 26 Decision simply does not implicate their domestic-injury claim. Nothing in that decision requires dismissal of a claim for domestic harm.

The limited scope of the September 26 Decision is consistent with the purpose of the FTAIA: "to release domestic (and foreign) anticompetitive conduct from Sherman Act constraints *when that conduct causes foreign harm.*" *Empagran*, 542 U.S. at 166 (emphasis omitted and added). However, when the foreign conduct causes domestic harm, and that is the harm for which the plaintiff is suing, then the FTAIA poses no obstacle to recovery. As the Supreme Court observed in interpreting the FTAIA:

> No one denies that America's antitrust laws, when applied
> to foreign conduct, can interfere with a foreign nation's
> ability independently to regulate its own commercial
> affairs. But our courts have long held that application of
> our antitrust laws to foreign anticompetitive conduct is
> nonetheless reasonable, and hence consistent with
> principles of prescriptive comity, insofar as they reflect a
> legislative effort to redress *domestic* antitrust injury that
> foreign anticompetitive conduct has caused.

*Id.* at 165 (emphasis in original).

The Supreme Court thus has made clear that the Sherman Act reaches foreign

conduct to the extent such conduct is challenged to redress injury suffered in the United

States. As individuals and entities located in the United States complaining of

overcharges paid in the United States for Intel *x*86 microprocessors, the members of the

Class clearly are suing only for domestic injury. Therefore, their claim is not subject to

dismissal (and their requests for discovery of foreign conduct are not objectionable)

under the FTAIA, even if that statute applied to the state laws Class Plaintiffs invoke.

Any other result would effectively block Class Plaintiffs from seeking redress

*anywhere* for the harm they suffered from Intel's unlawful monopoly. In its motion to

dismiss in the *AMD* case, Intel emphasized that AMD had sued in Japan for lost

microprocessor sales in that country and that AMD, therefore, "does not need this Court

to protect its legitimate interests in Japan or anywhere else around the world." Intel

Reply at 19, MDL D.I. 138; see Mot. to Dismiss at 25 (arguing that AMD's attempt to

recover for lost foreign sales in this Court "raises the prospect of simultaneous litigation

of antitrust claims based on the same conduct in multiple jurisdictions here and abroad

with often conflicting legal rules.").

Class Plaintiffs have not sued Intel in Japan or anywhere else outside the United States. It seems plain that U.S. consumers and businesses would not be able to recover in a foreign court based on their purchases of Intel computers in the United States. For Class Plaintiffs and the other members of the Class, their only opportunity to seek redress for the harm caused by Intel's foreign (and domestic) conduct lies with courts in the U.S. Construing the FTAIA to permit recovery for domestic injury caused by foreign conduct is particularly appropriate and important when that injury is not actionable outside the United States.

Similarly, because Class Plaintiffs' claims cannot properly be filed in a foreign court, there is no potential for "the type of jurisdictional conflict that the principles of international comity underlying the FTAIA seek to avoid." Mot. to Dismiss at 26; *Empagran*, 542 U.S. at 169-170. Class Plaintiffs' claim will not disrupt or conflict with any foreign enforcement scheme. But it will allow them an opportunity to recover for their U.S. injuries.

## III.    Even If The Applicable State Laws Were Subject To The FTAIA, Evidence Of Intel's Foreign Conduct Would Be Relevant to Prove That Intel Monopolized The U.S. Portion Of The Relevant Market.

As noted above, Intel concedes that the relevant market for this case is worldwide. As a matter of basic economics, Intel *cannot* monopolize the U.S. portion of that market, and charge inflated prices to customers in the United States, without also monopolizing the rest of the world market. *See United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 188-90 (3d Cir. 2005); *LePage's Inc. v. 3M*, 324 F.3d 141,157-59 (3d Cir. 2003); *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 330-33 (1961). If Intel improperly excluded AMD and other competitors only from selling microprocessors to U.S. customers, those

competitors would be able to fully and fairly compete for the business of foreign customers. Such competition would lead to lower prices abroad than in the U.S., but only temporarily. In a world market, Intel's global customers, as well as arbitrage opportunities, would eliminate the price disparity by driving prices in the U.S. down to the level prevailing in the rest of the world.

Thus, to prove that Intel monopolized the U.S. portion of the relevant market, and charged inflated prices to customers in the U.S., Class Plaintiffs must prove that Intel engaged in exclusionary conduct in other countries, to also monopolize the rest of the world market. In short, to prove domestic monopolization, Class Plaintiffs must prove global monopolization.[4] For this reason, as more fully explained in AMD's motion to compel,[5] Class Plaintiffs are entitled to discovery of Intel's foreign conduct.

**IV.    Intel's Plan To Defer Production Of Foreign Conduct Documents Until After The Court Rules On Its Upcoming Motion To Dismiss Would Result In Class Plaintiffs Receiving Such Documents Long After The Court's Deadline.**

As mentioned above, Intel, despite its objection, says it is not refusing to produce foreign conduct documents once the Court rules on Intel's upcoming motion to dismiss (if the Court denies the motion). Intel's recently-stated position, which conflicts with the position stated in its responses to Class Plaintiffs' document requests, is an attempt to

---

[4]    In light of liberally construed relevance standards in this Circuit, even if the relevant geographic market was smaller than the worldwide market, Class Plaintiffs would still be entitled to discovery about Intel's exclusionary conduct outside of the United States. Indeed, as this Court noted more than twenty years earlier, "the boundaries of [the relevant geographic market] do not set the geographic limits of discovery" in an antitrust case alleging unlawful monopolization. *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 219 (D. Del. 1985) ("Where allegations of conspiracy to restrain trade and intent to monopolize are at issue, as in the instant case, a broad scope of discovery is appropriate, because the . . . scheme of monopolization may involve an area larger than the plaintiff's own limited sphere of operations."

[5]    Class Plaintiffs do not unnecessarily repeat AMD's arguments here, but rather incorporate them by reference.

avoid a prompt ruling on Class Plaintiffs' motion to compel.  Intel's maneuver should be rejected.

The Court recently established April 16, 2007 (subject to one reasonable extension of time) as the cut-off date for Intel to complete its document production.  As noted above, at best, briefing on the motion to dismiss will be completed by the end of this year.  Assuming a period of a few months for the Court to rule on the motion, a decision may come in the spring.  If Intel does not begin reviewing its files for foreign conduct documents until then, Class Plaintiffs likely would not receive them until long after April 16 (and beyond any reasonable extension of that deadline).  If Class Plaintiffs are entitled to production of such documents, Intel should know that soon so that it can prepare to produce them by the April 16 deadline.[6]

---

[6]     The benefit of waiting for the Court to rule on Intel's future motion to dismiss before ruling on the instant motion is greatly diminished here.  Class Plaintiffs submit that the legal issue of whether at least one of their state law claims can reach foreign conduct is clear, and that the Court can reliably determine now that it will later deny Intel's Rule 12(b)(1) motion as to at least one of the state law claims.

## CONCLUSION

For the foregoing reasons, this motion should be granted, and Intel should be compelled to produce by April 16, 2007 all documents that it otherwise would have withheld on the basis of the FTAIA.

Dated: October 30, 2006

By: _____

PRICKETT JONES & ELLIOTT, P.A.
James L. Holzman (#663)
J. Clayton Athey (#4378)
Laina M. Herbert (#4717)
1310 King Street
P.O. Box 1328
Wilmington, DE  19899
jlholzman@prickett.com
jcathey@prickett.com
lmherbert@prickett.com
Telephone:  (302) 888-6500
Facsimile:  (302) 658-8111

*Interim Liaison Counsel for the Class Plaintiffs*

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD
    & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
FURTH LEHMANN & GRANT LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
Telephone:  (415) 433-2070
Facsimile:  (415) 982-2076

Steve W. Berman
Anthony D. Shapiro
HAGENS BERMAN SOBOL
    SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone:   (415) 217-6810
Facsimile:   (415) 217-6813

*Interim Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on this 30th day of October, 2006, I caused the foregoing **CLASS PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS** to be served on the following counsel via electronic filing:

Frederick L. Cottrell, III, Esquire
Chad Michael Shandler, Esquire
Steven J. Fineman, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
shandler@rlf.com
fineman@rlf.com
*Counsel for AMD International Sales &*
*Service LTD and Advanced Micro Devices,*
*Inc.*

Charles P. Diamond, Esquire
Mark A. Samuels, Esquire
Linda J. Smith, Esquire
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
CDiamond@omm.com
MSamuels@omm.com
lsmith@omm.com
*Counsel for AMD International Sales &*
*Service LTD and Advanced Micro Devices,*
*Inc.*

Adam L. Balick, Esquire
Bifferato Gentilotti Biden & Balick
711 North King Street
Wilmington, DE 19801-3503
abalick@bgbblaw.com
*Counsel for AMD International Sales &*
*Service LTD and Advanced Micro Devices,*
*Inc.*

Laurin Grollman, Esquire
Salem M. Katsh, Esquire
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
lgrollman@kasowitz.com
skatsh@kasowitz.com
*Counsel for AMD International Sales &*
*Service LTD and Advanced Micro Devices,*
*Inc.*

Richard L. Horwitz, Esquire
W. Harding Drane, Jr., Esquire
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Counsel for Intel Corporation and Intel*
*Kabushiki Kaisha*

David Mark Balabanian, Esquire
Joy K. Fuyuno, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
david.balabanian@bingham.com
joy.fuyuno@bingham.com
*Counsel for Intel Corporation*

Christopher B. Hockett, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
chris.hockett@bingham.com
*Counsel for Intel Corporation*

Darren B. Bernhard, Esquire
Peter E. Moll, Esquire
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Bernhardd@howrey.com
*Counsel for Intel Corporation and Intel Kabushiki Kaisha*

Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
dfloyd@gibsondunn.com
*Counsel for Intel Corporation*

B.J. Wade, Esquire
Glassman Edwards Wade & Wyatt, P.C.
26 N. Second Street
Memphis, TN 38103
bwade@gewwlaw.com
*Counsel for Cory Wiles*

Robert E. Cooper, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
rcooper@gibsondunn.com
*Counsel for Intel Corporation*

Nancy L. Fineman, Esquire
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
nfineman@cpsmlaw.com
*Counsel for Trotter-Vogel Realty Inc.*

Donald F. Drummond, Esquire
Drummond & Associates
One California Street, Suite 300
San Francisco, CA 94111
ballen@drummondlaw.net
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Tracy Kinder and Edward Rush*

Robert D. Goldberg, Esquire
Biggs and Battaglia
921 North Orange Street, P.O. Box 1489
Wilmington, DE 19899
goldberg@batlaw.com
*Counsel for Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, Nancy Bjork, James R. Conley, Jeff Vaught, Jim Kidwell Richard Caplan, Virginia Deering, Ficor Acquisition Co. LLC, Tom Hobbs, David Kurzman, Leslie March, Andrew Marcus, Paula Nardella, Bill Richards, Maria Pilar Salgado, Ron Terranova, Nancy Wolft Ryan James Volden and Carl Yamaguchi*

Donald Chidi Amamgbo, Esquire
Amamgbo & Associates, APC
1940 Embarcadero Cove
Oakland, CA 94606
donaldamamgbo@citycom.com
*Counsel for Athan Uwakwe*

Jeffrey F. Keller, Esquire
Jade Butman, Esquire
Law Offices of Jeffrey F. Keller
425 Second Street, Suite 500
San Francisco, CA 94107
jkeller@jfkellerlaw.com
jbutman@kellergrover.com
*Counsel for David E. Lipton, Maria I. Prohias,
Patricia M. Niehaus, Peter Jon Naigow, Ronld
Konieczka, Steve J. Hamilton, Susan Baxley
and Kevin Stoltz*

Gordon Ball, Esquire
Ball & Scott
550 W. Main Ave., Suite 750
Knoxville, TN 37902
gball@ballandscott.com
*Counsel for Andrew Armbrister and Melissa
Armbrister*

Joseph M. Patane, Esquire
Law Offices of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
jpatane@tatp.com
*Counsel for Karol Juskiewicz and Lawrence
Lang*

James Gordon McMillan, III, Esquire
Bouchard Margules & Friedlander
222 Delaware Avenue,
Suite 1400
Wilmington, DE 19801
jmcmillan@bmf-law.com
*Counsel for Raphael Allison and Matthew
Kravitz*

Michele C. Jackson, Esquire
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West, 275 Battery Street,
30th Floor
San Francisco, CA 94111
mjackson@lchb.com
*Counsel for Huston Frazier, Jeanne Cook
Frazier and Brian Weiner*

A. Zachary Naylor, Esquire
Robert Kriner, Jr., Esquire
Robert R. Davis, Esquire
James R. Malone, Jr., Esquire
Chimicles & Tikellis, LLP
One Rodney Square, P.O. Box 1035
Wilmington, DE 19899
zacharynaylor@chimicles.com
robertkriner@chimicles.com
robertdavis@chimicles.com
jamesmalone@chimicles.com
*Counsel for Gideon Elliott, Angel Genese, Nir Goldman, Paul C. Czysz, Elizabeth Bruderle Baran, Carrol Cowan, Russell Dennis, Damon DiMarco, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Leonard Lorenzo, Michael E. Ludt, John Maita, Chrystal Moeller, Robert J. Rainwater, Mary Reeder, Stuart Schupler and Sonia Yaco*

Harry Shulman, Esquire
Robert Mills, Esquire
The Mills Law Firm
145 Marina Boulevard
San Rafeal, CA 94901
harry@millslawfirm.com
deepbluesky341@hotmail.com
*Counsel for Stuart Munson*

Ali Oromchian, Esquire
Finkelstein, Thompson & Loughran
601 Montgomery Street, Suite 665
San Francisco, CA 94111
ao@ftllaw.com
*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis*

Douglas A. Millen, Esquire
Steven A. Kanner, Esquire
Much Shelist Freed Denenberg Ament & Rubenstein, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
dmillen@muchshelist.com
skanner@muchshelist.com
*Counsel for HP Consulting Services Inc. and Phillip Boeding*

Vincent J. Esades, Esquire
Muria J. Kruger, Esquire
Marguerite E. O'Brien, Esquire
Heins Mills & Olson, P.L.C.
3550 I.D.S. Center
80 S. Eight Street
Minneapolis, MN 55402
vesades@heinsmills.com
mkruger@heinsmills.com
mobrien@heinsmills.com
*Counsel for Bergerson & Associates Inc.*

Garrett D. Blanchfield, Jr., Esquire
Mark Reinhardt, Esquire
Reinhardt Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, MN 55101
g.blanchfield@rwblawfirm.com
mreinhardt@comcast.net
*Counsel for Susan Baxley*

Hollis L. Salzman, Esquire
Kellie Safar, Esquire
Goodking Labaton Rudoff & Sucharow, LLP
100 Park Avenue
New York, NY 10017
hsalzman@labaton.com
ksafar@labaton.com
*Counsel for Angel Genese, Gideon Elliott and Nir Goldman*

R. Bruce McNew, Esquire
Taylor & McNew, LLP
3711 Kennett Pike, Suite 210
Greenville, DE 19807
mcnew@taylormcnew.com
*Counsel for Robert Marshall*

Jason S. Kilene, Esquire
Daniel E. Gustafson, Esquire
Gustafson Gluek PLLC
650 Northstar East, 608 Second Avenue South
Minneapolis, MN 55402
jkilene@gustafsongluek.com
dgustafson@gustafsongluek.com
*Counsel for Fiarmont Orthopedics & Sports Medicine PA*

Ian Otto, Esquire
Nathan Cihlar, Esquire
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030
dboies@straus-boies.com
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Edward Rush and Tracy Kinder*

Lance A. Harke, Esquire
Harke & Clasby
155 S. Miami Avenue
Miami, FL 33130
lharke@harkeclasby.com
*Counsel for Nathaniel Schwartz and Maria I. Prohias*

Allan Steyer, Esquire
Steyer Lowenthal Boodrookas Alvarez & Smith LLP
One California Street, Third Floor
San Francisco, CA 94111
asteyer@steyerlaw.com
*Counsel for Cheryl Glick-Salpeter, Jay Salpeter, Jodi Salpeter and Michael H. Roach*

Bruce J. Wecker, Esquire
Hosie McArthur LLP
One Market Street
Spear Street Tower #2200
San Francisco, CA 94105
bwecker@hosielaw.com
*Counsel for Dwight E. Dickerson*

Mario Nunzio Alioto, Esquire
Trump Alioto Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123
malioto@tatp.com
*Counsel for Karol Juskiewicz and Lawrence Lang*

Francis O. Scarpulla, Esquire
Law Offices of Francis O. Scarpulla
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
foslaw@pacbell.net
*Counsel for Lazio Family Products, Law Offices of Laurel Stanley, William F. Cronin, Michael Brauch and Andrew Meimes*

Steven A. Asher, Esquire
Robert S. Kitchenoff, Esquire
Weinstein Kitchenoff & Asher, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
asher@wka-law.com kithenoff@wka-law.com
*Counsel for Joseph Samuel Cone*

Francis A. Bottini, Jr., Esquire
Wolf Haldenstein Adler Freeman & Herz
750 B Street, Suite2770
San Diego, CA  92101
bottini@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Fred Taylor Isquith, Esquire
Adam J. Levitt, Esquire
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave., 11th Floor
New York, NY  10016
isquith@whafh.com
levitt@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Edward A. Wallace, Esquire
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL  60602
eawallace@wexlerfirm.com
*Counsel for Peter Jon Naigow*

Jeffrey S. Goddess, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
jgoddess@rmgglaw.com
*Counsel for Ludy A. Chacon, Joseph Samuel Cone, Darice Russ and Michael K. Simon*

Jason S. Hartley, Esquire
Ross, Dixon & Bell LLP
550 West B Street, Suite 400
San Diego, CA  92101
jhartley@rdblaw.com
*Counsel for Gabriella Herroeder-Perras*

Craig C. Corbitt, Esquire
Zelle, Hofmann, Voelbel, Mason & Gette LLP
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
ccorbitt@zelle.com
*Counsel for William F. Cronin, Law Offices of Laurel Stanley and Lazio Family Products*

Scott E. Chambers, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE  19903
schambers@scbmittrod.com
*Counsel for David Arnold, Andrew S. Cohn,
Jason Craig, Maria Griffin, Lena K. Manyin,
Paul Ramos and Michael Ruccolo*

Reginald Von Terrell, Esquire
The Terrell Law Group
223 25th Street
Richmond, CA 94804
REGGIET2@aol.com
*Counsel for Athan Uwakwe*

Juden Justice Reed, Esquire
Schubert & Reed LLP
Two Embarcadero Center, Suite 1600
San Francisco, CA  94111
jreed@schubert-reed.com
*Counsel for Patrick J. Hewson*

Natalie Finkelman Bennett, Esquire
Shepherd, Finkelman, Miller & Shah
65 Main Street
Chester, CT  06412-1311
nfinkelman@classactioncounsel.com
*Counsel for Ludy A. Chacon*

Russell M. Aoki, Esquire
Aoki Sakamoto Grant LLP
One Convention Place
701 Pike Street, Suite 1525
Seattle, WA  98101
russ@aoki-sakamoto.com
*Counsel for Kevin Stoltz*

Michael L. Kirby, Esquire
Kirby Noonan Lance & Hoge LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA  92101
mkirby@knlh.com
*Counsel for Justin Suarez*

Richard A. Ripley, Esquire
Bingham McCutchen
1120 20th Street, NW, Suite 800
Washington, DC 20036
richard.ripley@bingham.com
*Counsel for Intel Corporation*

Jeffrey A. Bartos, Esquire
Guerrieri, Edmond, Clayman & Bartos, PC
1625 Massachusetts Avenue, NW
Washington, DC  20036
jbartos@geclaw.com
*Counsel for Jose Juan, Dressed to Kill Custom
Draperies, LLC, Tracy Kinder and Edward
Rush*

Donald L. Perelman, Esquire
Fine Kaplan & Black, RPC
1835 Market Street, 28th Flr
Philadelphia, PA  19103
dperelman@finekaplan.com
*Counsel for Kevin Stoltz*

Randy R. Renick, Esquire
Law Offices of Randy Renick
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA  91103
rrr@renicklaw.com
*Counsel for Shanghai 1930 Restaurant
Partners L.P. and Major League Softball Inc.*

Daniel Hume, Esquire
Kirby McInerney & Squire LLP
830 Third Avenue, 10th Floor
New York, NY 10022
dhume@kmslaw.com
*Counsel for Raphael Allison and Matthew Kravitz*

Scott Ames, Esquire
Serratore & Ames
9595 Wilshire Blvd., Suite 201
Los Angeles, CA 90212
scott@serratoreames.com
*Counsel for Major League Softball, Inc.*

Douglas G. Thompson, Jr., Esquire
Finkelstein, Thompson & Loughran
1050 30th Street N.W.
Washington, DC 20007
dgt@ftllaw.com
*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis*

Daniel B. Allanoff, Esquire
Steven Greenfogel, Esquire
Meredith Cohen Greenfogel & Skirnick, P.C.
22nd Floor, Architects Building
117 S. 17th Street
Philadelphia, PA 19103
dallanoff@mcgslaw.com
sgreenfogel@mcgslaw.com
*Counsel for Benjamin Allanoff*

Harvey W. Gurland, Jr., Esquire
Duane Morris
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
HWGurland@duanemorris.com
*Counsel for Intel Corporation*

Barbara C. Frankland, Esquire
Rex A. Sharp, Esquire
Gunderson Sharp & Walke, L.L.P.
4121 W. 83rd St., Ste. 256
Prairie Village, KS 66208
bfrankland@midwest-law.com
rsharp@midwest-law.com
*Counsel for Marvin D. Chance, Jr.*

VIA U.S. MAIL

Clerk Michael J. Beck
Clerk, MDL Judicial Panel
One Columbus Circle, N.E.
Room G-255, Federal Judiciary Bldg.
Washington, DC 20002-8004
*Pro Se*

J. Clayton Athey (Bar ID #4378)

19684.1\309627v1                    8