# EXHIBIT F

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents
Ayers v. Jacobs & Crumplar, P.A.D.Del.,1995.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Caroline P. AYRES, Plaintiff,
v.
JACOBS & CRUMPLAR, P.A., Robert Jacobs, Thomas C. Crumplar, and Douglas B. Canfield, Defendants.
**Civ. A. No. 94-658-SLR.**

Nov. 20, 1995.

Caroline P. Ayres, plaintiff, pro se. Of counsel: Clifford A. Boardman, Philadelphia, Pennsylvania.
Thomas S. Neuberger, Thomas S. Neuberger, P.A., Wilmington, Delaware; attorney for defendants.

MEMORANDUM OPINION
SUE L. ROBINSON, District Judge.

I. INTRODUCTION

*1 Plaintiff Caroline Ayres, an attorney, has brought this suit against her former employer, Jacobs & Crumplar, and three individual partners, Thomas Crumplar, Robert Jacobs, and Douglas Canfield. She claims that defendants discriminated against her on the basis of race and sex, sexually harassed her, breached implied employment contracts with her, defrauded her, defamed her, and finally fired her wrongfully and in retaliation for her opposition to defendants' treatment of her.

Defendants have moved for dismissal pursuant to Rules 12(b)(4), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motion will be granted.

II. BACKGROUND

Plaintiff was employed as an associate by defendant law firm Jacobs & Crumplar from December 1988 until August 1993. After filing a complaint with the Equal Employment Opportunity Commission and receiving a Notice of Right to Sue, plaintiff filed this suit *pro se* on December 7, 1994.[FN1] (D.I. 1) At that time plaintiff received a copy of Rule 4 of the Federal Rules of Civil Procedure and signed an acknowledgement stating that she understood her responsibility to serve process according to that rule. The court's docket reflects the fact that no summons issued on the day the case was filed.

On December 29, 1994, plaintiff engaged a runner from TriState Courier and Carriage to serve the complaints and unsigned summonses on defendants at the office of Jacobs & Crumplar. (D.I. 3-9) The process server left the summons and complaint for each defendant with Donna Dobbs, the office manager at Jacobs & Crumplar. (D.I. 3-9) Plaintiff returned to the clerk's office on January 3, 1995 to file the summonses and proofs of service. (D.I. 75 at 2) At that time, the clerk pointed out to plaintiff that the summons had not been signed. (D.I. 75 at 2) The documents were accepted for docketing as required by the Local Rules of Civil Practice and Procedure. D.Del.L.R. 5.1.2.

Defendants filed an answer on January 18, 1995. (D.I. 12) They appended to their answer a motion to dismiss based in part on Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure. The court denied this motion because defendants had failed to file a supporting brief as required by Local Rule 7.1.2. (D.I.19) The Rule 16 Scheduling Order required all dispositive motions to be filed, along with the required briefs, on or before September 12, 1995. (D.I. 14 at ¶ 6) The parties then embarked upon a muddled and acrimonious discovery process. On July 31, 1995, well before the deadline for dispositive motions set by the court, defendants moved again to dismiss, this time filing a brief in accordance with the local rules. (D.I. 66, 67) On September 19, 1995, the court granted a stay of discovery pending decision on this motion. (D.I. 82)

III. DISCUSSION

Defendants have based their motion to dismiss on two related but distinct grounds. First, they claim a deficiency in process due to plaintiff's failure to obtain the court clerk's signature on the summons. Second, defendants maintain that Donna Dobbs, the office manager at Jacobs & Crumplar, had no authority to accept service on behalf of the professional association or the individual defendants.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
(Cite as: Not Reported in F.Supp.)

Page 2

*2 In response, plaintiff argues that the "technical niceties of service of process" should be overlooked, or alternatively, that she should have another opportunity to serve process. Specifically, plaintiff claims that 1) the defect in the summons should be excused because the clerk accepted it for docketing; 2) service was proper because the office manager had apparent authority to accept it; and 3) defendants have waived any objections to the errors by not protesting them vigorously and continuously throughout the litigation process. Plaintiff does, however, acknowledge that defendants raised these issues in their responsive pleading.

A. Standard for Dismissal Under FRCP 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Good cause for extending the time limit for service can be found only in a fairly narrow range of circumstances. As the Third Circuit has noted, the legislative history of the time extension clause reveals only one specific circumstance in which an extension would be proper: where the defendant has engaged in intentional evasion. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir.), *cert. denied*, 484 U.S. 965 (1987), citing 128 Cong.Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982). The court held a dismissal in the absence of good cause appropriate even where it deprived the plaintiff of his day in court:
"Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. Furthermore, when a delay is the result of inadvertence of counsel, it need not be excused.

*Id* (citations omitted). *Accord Braxton v. Dep't of Health & Human Services*, 817 F.2d 238 (3d Cir.1987).

B. Improper Service

Rule 4(e) of the Federal Rules of Civil Procedure provides that a competent adult individual within the United States may be served in person, or by leaving the summons and complaint with a competent adult at the individual's home, or by delivering the summons and complaint to "an agent authorized by appointment or by law to receive service of process."

Rule 4(h) permits corporations and associations to be served by delivery of the complaint and summons to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...."

As plaintiff has pointed out, the rules concerning service of process exist to provide notice. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 486 (3d Cir.1993). That purpose is of primary importance and once it has been met, the rules can be construed somewhat liberally. However, "[a]lthough notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service." *Id.* at 492. *Accord United States v. Mollenhauer Labs, Inc.*, 267 F.2d 260, 262 (7th Cir.1959) (a liberal construction of the rules "cannot be used as a substitute for the plain legal requirement as to the manner in which service of process may be had.").

*3 In certain instances, good faith reliance on the apparent authority of an individual to accept service on behalf of a business has been found sufficient. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685 (9th Cir.1988); *Mazuren Int'l Co., Ltd. v. Bridgeport Merchandise, Inc.*, 770 F.Supp. 155 (S.D.N.Y.1991). The inquiry in such a case should focus on whether the individual's role in the organization made service on her "fair, reasonable, and just." *Direct Mail* at 688, quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y.1977).

Defendants have submitted an affidavit asserting that the office manager is not authorized by appointment to receive service on behalf of the professional association or of the individual partners. Plaintiff does not dispute this claim, but argues instead that she relied reasonably on the apparent authority of the office manager to accept service. Had plaintiff been a stranger to the firm of Jacobs & Crumplar, service on the office manager might well have been "fair,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
(Cite as: Not Reported in F.Supp.)

Page 3

reasonable, and just." In this case, however, it is less appropriate for plaintiff to argue good faith reliance on the office manager's apparent authority to accept service. As plaintiff herself has stated in her affidavit, she is familiar with the duties of the office manager at Jacobs & Crumplar.[FN2] Therefore, she could have been expected to know that the office manager did not have actual authority to accept service on behalf of the partnership. Following the same reasoning, it is even less reasonable for plaintiff to assert that the office manager had apparent authority to accept service for defendants Jacobs, Crumplar, and Canfield individually.

C. Insufficient Process

Ordinarily, a defect in the form of a summons should not lead to dismissal unless it causes prejudice to the defendant or demonstrates a flagrant disregard for the rules. See, e.g., Sanderford v. Prudential Ins. Co., 902 F.2d 897, 900 (11th Cir.1990) (omission of return date for responsive pleading not fatal); Crane v. Battelle, 127 F.R.D. 174, 177 (S.D.Cal.1989) (reversal of defendant's first and last names did not prejudice defendant; dismissal not proper). In such cases, the proper remedy is to allow the plaintiff to amend the summons as provided in Rule 4(a). Newman v. Prior, 518 F.2d 97, 99 (4th Cir.1975), overruled on other grounds by Newcome v. Esrey, 862 F.2d 1099 (4th Cir.1988); 4 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1088 (2d ed. 1986 & Supp.1995).

The omission of the seal of the court and signature of the clerk, however, are more serious defects. Aim Telephones, Inc. v. AG Communications, 1988 WL 133444 (D.N.J. Dec. 12, 1988); Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F.Supp. 1348, 1358 (S.D.N.Y.1982). A litigant has no authority of her own to issue a summons. The court's seal and clerk's signature give the document its legal effect. In the absence of such assurances of authenticity, the defendant has no way of knowing that the court, rather than a plaintiff or attorney, has issued the summons. Aim Telephones at *2. The signature and seal are of such importance that service of an unsigned and unsealed summons is a strong indication of the sort of flagrant disregard for the rules that would justify dismissal. Id.; Gianna Enterprises at 1358.

*4 Plaintiff claims that the court should overlook her failure to obtain the clerk's signature on the summons because the clerk accepted the summons for docketing after noticing that it had not been signed. Her good faith reliance on that acceptance, she argues, indicates that she did not flagrantly disregard the rules.

Rule 4(a) of the Federal Rules of Civil Procedure clearly requires that the summons be signed by the clerk and bear the seal of the court. Local Rule 5.1.2. requires the clerk to accept for docketing even those papers that do not conform to the proper format, and Local Rule 4.1(a) states that "[f]ailure to provide a form of summons shall not be a basis to reject the pleading for filing." The Rules of Professional Conduct and the law of common sense both indicate that court clerks are not qualified to give legal advice, nor would it be reasonable for a licensed attorney to rely on a clerk's performance of a purely ministerial duty as an indication that a clear rule could be overlooked.

Plaintiff is a member of the Delaware bar and is also licensed to practice before this court. (D.I. 75 at Appendix ¶ 1) As such, she is presumed to understand the Federal Rules of Civil Procedure, Delaware's Rules of Professional Conduct, and the local court rules. In addition, plaintiff signed an acknowledgement on December 7, 1994 which stated, "I hereby acknowledge receipt of a copy of Rule 4 of the Federal Rules of Civil Procedure and understand that it is my responsibility to make service of process in accordance with the said rule." (emphasis added). Lack of knowledge of the rules does not constitute good cause under Rule 4(m) even for non-attorney pro se plaintiffs. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir.1988); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir.1987). The court concludes, therefore, that plaintiff has not demonstrated good cause for her failure to comply with Rule 4. The court also finds that plaintiff has exhibited flagrant disregard for the rules.[FN3]

D. Waiver

Plaintiff contends that defendants have waived their defenses based on improper service by engaging in extensive discovery, attending scheduling conferences and depositions, and otherwise litigating the case while "say[ing] little to nothing" about plaintiff's error. She perceives defendants' motion as an attempt to "sandbag" her and to "trick the court into dismissing [the] action."

A defense based on improper service can be waived if the defendant fails to raise it either in a responsive

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 4

pleading or in a pre-answer motion. Fed.R.Civ.P. 12(h). However, each of the long string of cases plaintiff cites in support of her "ambush" theory can be distinguished from the present case. In the cases cited, the defendants either failed to raise the issue in their responsive pleadings or waited too long to file a motion to dismiss on that basis. *See e.g., Norling v. Valley Contracting and Pre-Mix,* 773 F.Supp. 186 (D.N.D.1991) (defense not raised in answer); *Federal Home Loan Mortgage v. Dutch Lane Assoc.,* 775 F.Supp. 133 (S.D.N.Y.1991) (defendants' pre-answer motion did not include failure of service defense). Here, defendants raised the issue in a clear and timely manner in their answer and filed their motion to dismiss within the time limits set by the court.

*5 Plaintiff acknowledges that defendants did in fact raise the process and service issues in their answer, but complains that defendants' assertion of improper process and inadequate service was "buried" among fifty-five "boilerplate" defenses. The court had no trouble locating the assertions in question, nor would anyone who had taken the time to read the answer. In addition, defendants' accompanying motion to dismiss on these grounds, despite the lack of a brief to accompany it, should have put plaintiff squarely on notice that the summons was improperly issued and improperly served.[FN4] Although defendants could have gone further in protesting plaintiff's errors in service, they were under no obligation to do so. Having received actual notice of the defects, plaintiff had the rest of the 120 day period to correct them. She chose not to do so. Consequently, the court concludes that defendants have not waived their service and process defenses.

### IV. CONCLUSION

One hundred and twenty days is a generous amount of time, certainly enough for plaintiff to have corrected her errors had she chosen to do so. Plaintiff has provided no excuse for her failure to comply with the rule, other than the fact that she simply did not think the "technical niceties" of service of process important. Such disregard for the rules is inexcusable. Under these circumstances, the court can find no justification for permitting an amendment to the summons or for extending the deadline for service. Dismissal is therefore warranted. An order consistent with this memorandum opinion shall issue.

FN1. Although plaintiff is still serving as her own local counsel in this case, she is also being represented *pro hac vice* by Mr. Boardman.

FN2. There is actually some discrepancy as to what plaintiff knows. In her affidavit, plaintiff avers, "I ... knew Donna Dobbs personally and her job duties." (D.I. 75, Appendix A at ¶ 8) Defendants have submitted the affidavit of Ms. Dobbs, who states that she did not begin working as Jacobs & Crumplar's office manager until over a month after plaintiff had left the firm. (D.I. 78, Exhibit A at ¶ 3) Despite this inconsistency, the court will assume that plaintiff had some general knowledge of the duties of an office manager at Jacobs & Crumplar.

FN3. Significantly, despite the opportunity to do so, plaintiff has failed to correct the deficiencies asserted.

FN4. The fact that plaintiff actually had notice that service and process were deficient is underscored by a letter in the case file from plaintiff dated February 13, 1995. The letter refers specifically to the portion of defendants' responsive pleading entitled "Motion to Dismiss" and notes that it is only five sentences long. Two of those five short sentences consist of defendants' assertions regarding inadequate service and process.

D.Del.,1995.  
Ayers v. Jacobs & Crumplar, P.A.  
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:94CV00658 (Docket) (Dec. 07, 1994)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT G

Westlaw.

163 F.R.D. 471                                                                                                    Page 1
163 F.R.D. 471
(Cite as: 163 F.R.D. 471)

▷

United States District Court,
D. Delaware.
Joseph A. HANSEN, Plaintiff,
v.
NEUMUELLER GmbH, a foreign corporation,
Defendant.
**Civ. A. No. 94-477 MMS.**

Oct. 5, 1995.

Suit alleging negligence and breach of warranty was brought against alleged manufacturer of machine which injured plaintiff at work. On motion of defendant to dismiss on ground of lack of personal jurisdiction and for protective order, and of plaintiff to compel production of documents and answers to interrogatories, the District Court, Murray M. Schwartz, Senior District Judge, held that: (1) there is no requirement that personal jurisdiction be alleged in complaint, but if defendant challenges personal jurisdiction, there must be some competent evidence to demonstrate that personal jurisdiction over defendant might exist before allowing discovery on that issue to proceed; (2) plaintiff failed to make sufficient showing to allow discovery to proceed as to defendant; but (3) court would allow depositions of coemployees to proceed, though employer, a nonparty, had retained as counsel the same firm representing defendant.

Motion for protective order granted and motion to compel denied as premature.

West Headnotes

**[1] Federal Civil Procedure ⚖1272.1**
170Ak1272.1 Most Cited Cases
Liberal discovery is permitted of any facts which are relevant and not privileged, and this rule applies where plaintiff seeks discovery to establish personal jurisdiction. Fed.Rules Civ.Proc.Rules 26, 26(b)(1), 26 note, 28 U.S.C.A.

**[2] Federal Civil Procedure ⚖1267.1**
170Ak1267.1 Most Cited Cases

**[2] Federal Civil Procedure ⚖1269.1**
170Ak1269.1 Most Cited Cases
Trial courts are vested with discretion to permit or deny discovery in aid of jurisdiction but, as general rule, courts are wary of allowing discovery absent some showing of personal jurisdictional facts if defendant has challenged plaintiff's assertion of personal jurisdiction. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

**[3] Federal Civil Procedure ⚖671**
170Ak671 Most Cited Cases
There is no requirement that personal jurisdiction be alleged in complaint. Fed.Rules Civ.Proc.Rule 8, 28 U.S.C.A.

**[4] Federal Civil Procedure ⚖1825**
170Ak1825 Most Cited Cases

**[4] Federal Civil Procedure ⚖1833**
170Ak1833 Most Cited Cases
When defendant files motion to dismiss challenging personal jurisdiction, and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A.

**[5] Federal Civil Procedure ⚖1269.1**
170Ak1269.1 Most Cited Cases

**[5] Federal Civil Procedure ⚖1828**
170Ak1828 Most Cited Cases
Where defendant moves to dismiss on ground of lack of personal jurisdiction and refuses to respond to discovery request, plaintiff must merely provide some showing of personal jurisdiction to proceed with limited discovery on that narrow issue, but complete absence of jurisdictional facts provided by plaintiff is insufficient for discovery to proceed. Fed.Rules Civ.Proc.Rules 8, 12(b)(2), 26, 28 U.S.C.A.

**[6] Federal Civil Procedure ⚖1835**
170Ak1835 Most Cited Cases
Court is not bound to accept as true allegations in complaint for purposes of determining whether plaintiff has made minimal showing so as to entitle him to discovery on issue of personal jurisdiction. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

**[7] Federal Civil Procedure ⚖1269.1**
170Ak1269.1 Most Cited Cases
Presence of large and expensive machine in Delaware

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

was insufficient to create issue of fact as to whether foreign company had manufactured or installed it or had taken affirmative steps to cause it to end up in the forum, as basis for allowing discovery on issue of personal jurisdiction. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

[8] Federal Civil Procedure ⇌1269.1
170Ak1269.1 Most Cited Cases

[8] Federal Civil Procedure ⇌1828
170Ak1828 Most Cited Cases
Where only defendant had submitted affidavits, plaintiff could not rely on contention that credibility issues might be sufficient to rebut the affidavits or at least create some ambiguity in the record so as to provide some evidence of personal jurisdiction and permit discovery on that issue to proceed.

[9] Federal Civil Procedure ⇌1332
170Ak1332 Most Cited Cases

[9] Federal Civil Procedure ⇌1828
170Ak1828 Most Cited Cases
Where plaintiff, seeking to sue alleged foreign manufacturer of machine which caused his injury at work, sought information from fellow employees concerning whether defendant manufactured machine in question, when confronted with defense of lack of personal jurisdiction, but employer, a nonparty, had retained same counsel as that representing defendant, so that plaintiff had to direct all questions for employer's employees through defendant's counsel, court would allow depositions of coemployees to proceed, though plaintiff had not made showing of personal jurisdiction sufficient to permit discovery on that issue to proceed as to defendant.

*472 Jan R. Jurden and Matthew P. Denn of Young, Conaway, Stargatt & Taylor; Wilmington, Delaware; Vincent A. Bifferato, Jr. of Hermann & Bifferato, Wilmington, Delaware; Ronald J. Prisco of Ronald J. Prisco, P.A., Milford, Delaware; for plaintiff.

Donald E. Reid and S. Mark Hurd of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; for defendant.

MURRY M. SCHWARTZ, Senior District Judge.

I. Introduction

The motions presently before the Court arise out of a personal injury action brought by plaintiff Joseph A. Hansen ("Hansen") against defendant Neumueller GmbH ("Neumueller"). Hansen alleges personal injuries to his arm and hand, suffered while attempting to free his pant leg from a machine allegedly manufactured by Neumueller. Hansen sued under various theories of negligence and breach of warranty. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

Neumueller has filed a motion to dismiss on the grounds that this Court lacks personal jurisdiction over Neumueller. Both parties have filed motions relating to discovery. Hansen has filed a motion to compel production of documents and answers to interrogatories, which Neumueller has opposed. Neumueller has filed a motion for a protective order, which Hansen has opposed. For the reasons set forth below, the Court will grant in part and deny in part Neumueller's motion for a protective order. Hansen will be permitted limited discovery going to the issue of personal jurisdiction. The Court will deny Hansen's motion to compel discovery as premature.

II. Facts

The facts underlying the complaint giving rise to these motions are relatively simple. [FN1] Hansen, a Maryland resident, was employed by K-F Environmental Technologies, Inc. ("K-F"), and at all times relevant to this action, was assigned to work at the Kent County Waste Water Treatment Plant. [FN2] Docket Item ("D.I.") 4, ¶¶ 1, 4. Neumueller is a German corporation doing business in Saarland, Germany. Id. ¶ 2. On or about October 1, 1993, Hansen was working with a waste treatment dryer allegedly manufactured by Neumueller. Id. ¶¶ 6, 7. While Hansen was working, the leg of his pants became caught in the exposed moving drive chain and sprocket assembly. In the attempt to free his pant leg from the assembly, his left hand became caught in the assembly. Id. ¶ 8. As a result, Hansen suffered the loss of three fingers, a fracture of his left arm, and pain and suffering. Id. ¶¶ 13, 14.

> FN1. All references to the complaint are made to plaintiff's Second Amended Complaint, Docket Item 40, filed September 27, 1995.

> FN2. K-F is not a party to this litigation.

K-F informed Hansen that the dryer was manufactured by Neumueller. D.I. 25 at A-25. On September 21, 1994, Hansen filed an action against Neumueller. D.I. 1. [FN3] On April 17, 1995, Neumueller moved to dismiss *473 the action pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P" or "Federal Rule") 12(b)(2), on the

163 F.R.D. 471                                                                                      Page 3
163 F.R.D. 471
**(Cite as: 163 F.R.D. 471)**

grounds that (1) the Delaware long-arm statute does not authorize the exercise of personal jurisdiction over Neumueller; (2) Neumueller does not have minimum contacts with the State of Delaware; and (3) the exercise of jurisdiction over Neumueller would violate traditional notions of fair play and substantial justice. D.I. 8, 14.

> FN3. An Amended Complaint was filed on October 18, 1994. The Amended Complaint eliminated Mary Hansen, the wife of Joseph Hansen, as a plaintiff, and one of the causes of action. D.I. 4. A Second Amended Complaint was filed on September 27, 1995 to correctly allege diversity of citizenship. D.I. 40.

Subsequent to Neumueller's motion to dismiss, Hansen propounded a set of interrogatories addressed to Neumueller consisting of twenty-six questions, seeking information including, *inter alia*, admissions or denials as to ownership and manufacture of the dryer, contracts with domestic companies, shipment and warranties relating to its dryers, and the existence and extent of its agents and offices in the United States. D.I. 25 at A-26. Hansen also served a set of requests for production of documents, consisting of fifteen requests relating to the manufacture, distribution, shipment, installation, and warranties of its equipment, as well as any contracts or agreements relating to any of the foregoing. *Id.* at A-34. As to each such interrogatory and request, Neumueller declined to answer or produce, on the grounds that discovery must be conducted pursuant to the procedures of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). *Id.*

On July 21, 1995, Hansen filed a motion to compel answers to interrogatories and production of documents. D.I. 23. Neumueller opposed this motion on the grounds that (1) this Court has no personal jurisdiction over Neumueller; (2) Hansen must comply with the discovery procedures of the Hague Convention; and (3) the discovery sought was overly broad. D.I. 31. On August 1, 1995, Hansen noticed the depositions of K-F and four K-F employees: Robert Shannon, Joseph Kraus, Petra Fruehbis, and Paul Kreis (collectively, the "K-F deponents"). D.I. 20, 27, 28. On August 4, 1995, Neumueller moved for a protective order to prevent Hansen's discovery, on the ground that there is no basis for the Court to assert personal jurisdiction over Neumueller. D.I. 29, 30. Hansen opposed the motion on the grounds that (1) Neumueller has no

standing to request a protective order on behalf of third parties (the K-F deponents); (2) a plaintiff need not allege personal jurisdictional facts in his pleadings; and (3) plaintiffs will be able to establish jurisdictional facts through discovery which will satisfy both the Delaware long-arm and due process requirements for personal jurisdiction. D.I. 32.

### III. Analysis
### A. Neumueller's Motion for Protective Order

This motion requires the Court to determine the extent to which a plaintiff must allege facts demonstrating the basis upon which the district court may exercise personal jurisdiction over a defendant. In apparent tension with this issue, this Court must also decide whether, in light of the liberal discovery permitted by the Fed.R.Civ.P., initial discovery by a plaintiff to determine jurisdictional facts should be granted where the pleadings do not provide any meaningful assertion of jurisdiction over the defendant. Resolution of these issues requires an analysis of the intersection between Fed.R.Civ.P. 26, which sets forth the provisions governing discovery, and Fed.R.Civ.P. 8, which sets forth the elements of a well-pleaded complaint.

#### (1) Federal Rule of Civil Procedure 26

[1] Fed.R.Civ.P. 26 permits liberal discovery of any facts which are relevant and not privileged. *See* Fed.R.Civ.P. 26(b)(1) and advisory committee note. This rule also applies where the plaintiff seeks discovery to establish personal jurisdiction. *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3d Cir.1994); *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C.Cir.1991) ("As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction."); *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir.1982) ("When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss.") (citations omitted). The rationale for this rule is that the plaintiff may be unable to ascertain the *474 extent of the defendant's contacts with the forum state, particularly when that defendant is a corporation, unless some discovery is permitted.

> A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the court did not choose to hear witnesses, this may well have been within its province, but in such event

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

163 F.R.D. 471            Page 4
163 F.R.D. 471
**(Cite as: 163 F.R.D. 471)**

plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions. The condemnation of plaintiff's proposed further activities as a "fishing expedition" was unwarranted. When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.

*Compagnie des Bauxites de Guinee v. L'Union,* 723 F.2d 357, 362 (3d Cir.1983) (quoting *Surpitski v. Hughes-Keenan Corp.,* 362 F.2d 254, 255-56 (1st Cir.1966); 4 James W. Moore, *Moore's Federal Practice* ¶ 26.07. Thus, resolution of this motion begins with the presumption in favor of allowing discovery to establish personal jurisdiction.

[2] While the scope of discovery permitted under the Fed.R.Civ.P. is quite broad, trial courts are vested with the discretion to permit or deny discovery in aid of jurisdiction. *See, e.g., Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 788 (D.C.Cir.1983) ("[A] district court has broad discretion in its resolution of discovery problems that arise in cases pending before it.") (citation omitted), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). As a general rule, courts are wary of allowing discovery absent *some* showing of personal jurisdictional facts if a defendant has challenged plaintiff's assertion of personal jurisdiction over him, because basic fact-finding should precede discovery. *See, e.g., Poe v. Babcock Int'l, plc,* 662 F.Supp. 4, 7 (M.D.Pa.1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter should be denied."); *Rose v. Granite City Police Dep't,* 813 F.Supp. 319, 321 (E.D.Pa.1993) ("The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold *prima facie* showing that the Court has jurisdiction over the persons of Defendants."). The dispositive issues therefore become (1) what showing of personal jurisdiction over the defendant is required of a plaintiff; and (2) when must that showing be made.

### (2) Federal Rule of Civil Procedure 8

[3] Rule 8 lists the elements which must be included in a complaint before a district court may proceed with adjudication. The Rule provides that a claim for relief shall contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks ...

Fed.R.Civ.P. 8. Noticeably absent from the Rule is a requirement of a statement setting forth the grounds upon which the court has personal jurisdiction over the defendant. Courts construing the Rule have made the same observation. *See Stirling Homex Corp. v. Homasote Co.,* 437 F.2d 87, 88 (2d Cir.1971) (per curiam) ("jurisdiction," as the word is used in Rule 8, refers to subject matter jurisdiction, not personal jurisdiction); *see also Burger King Corp. v. Holder,* 844 F.Supp. 1528, 1531 (S.D.Fla.1993) (same); *Hart Holding Co. v. Drexel Burnham Lambert Inc.,* 593 A.2d 535, 538 n. 3 (Del.Ch.1991) ("Rule 8 contains no requirement that a plaintiff allege facts showing a defendant's amenability to suit in the jurisdiction."); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363 ("[t]here is no requirement that personal jurisdiction be alleged [in the pleadings] ...").

### (3) Plaintiff's Burden After Personal Jurisdiction Challenge

[4][5] Plaintiff's pleading burden changes, however, if the defendant challenges personal jurisdiction. When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, *475 plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion. *See, e.g., Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir.1984). However, where, as here, the defendant seeks to prevent a plaintiff from obtaining discovery on the grounds that the court lacks personal jurisdiction, a plaintiff may be caught in the position of being unable to establish personal jurisdiction because the defendant refuses to respond to his discovery requests. In this circumstance, plaintiff must merely provide some showing of personal jurisdiction to proceed with limited discovery on that narrow issue. *See, e.g., Renner,* 33 F.3d 277.

Hansen seeks discovery to enable him to establish the jurisdictional facts necessary to *reply* to Neumueller's motion to dismiss. While it is not entirely clear how much evidence is required, there must be *some* competent evidence to demonstrate that personal jurisdiction over the defendant might exist before allowing discovery to proceed.

Courts have recognized that facts which would establish personal jurisdiction over the defendant are often in the exclusive control of the defendant. *See, e.g., Compagnie des Bauxites,* 723 F.2d at 362. As such, a plaintiff may be unable, without some

163 F.R.D. 471                          Page 5
163 F.R.D. 471
**(Cite as: 163 F.R.D. 471)**

discovery, to properly respond to a motion to dismiss pursuant to 12(b)(2), and a court will therefore allow some discovery. See *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n. 13, 57 L.Ed.2d 253 (1977) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Fraley v. Chesapeake & Ohio Ry. Co.,* 397 F.2d 1, 3 (3d Cir.1968) (district court's refusal to permit discovery in aid of personal jurisdiction improper). On the other hand, a court cannot permit discovery as a matter of course simply because a plaintiff has named a particular party as a defendant. The court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum.

In *Renner,* 33 F.3d 277, the Third Circuit Court of Appeals recognized the right of a plaintiff to proceed with discovery on the issue of personal jurisdiction. *Id* at 283. In that case, the plaintiff had submitted affidavits which created ambiguity as to whether the defendant "purposefully availed" itself of the right to do business in the Commonwealth of Pennsylvania. *Id.* In response to defendant's motion to dismiss for lack of personal jurisdiction, the Court permitted plaintiff discovery, finding that "[n]umerous cases have sustained the right of plaintiffs to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Id* (citations omitted). The Court made clear that discovery was warranted in that case, however, because the record was "ambiguous," "unclear" and "incomplete." *Id*

A Pennsylvania district court was confronted with similar facts in *Poe,* 662 F.Supp. 4. In that case, plaintiffs sought discovery to establish personal jurisdiction over the defendants in order to prevent the court from granting defendant's motion to dismiss under Rule 12(b)(2). *Id* at 7. The court first noted that trial courts may freely permit discovery to aid the establishment of jurisdiction. *Id.* However, the court found that discovery was not warranted because plaintiffs failed to provide *any* indication that personal jurisdiction was proper.

> No affidavits have been supplied to this court by plaintiff, and the memoranda which have been filed in response to defendants' motion contain speculation, but no facts by which jurisdiction can be established.... Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction.

*Id* (citations omitted); *see also Rose,* 813 F.Supp. at 321 ("A district court has discretion whether to hold in abeyance a decision on a motion to dismiss for lack of personal jurisdiction to enable a party to employ discovery on the jurisdictional issue. The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold *prima facie* showing that the Court \*476 has jurisdiction over the persons of Defendants.") (citations omitted).

The extent to which Hansen must provide jurisdictional facts to this Court to warrant discovery is an issue the Court need not decide. The Court holds, however, that a complete absence of jurisdictional facts by the plaintiff is insufficient for discovery to proceed. Two affidavits support Neumueller's unequivocal denial of contact with the State of Delaware. [FN4] Evidence from Hansen is conspicuously lacking. Hansen instead relies on the allegations of his pleadings as establishing the Court's personal jurisdiction over Neumueller. Hansen argues that this Court is required to accept as true all the allegations of personal jurisdiction made in the complaint and resolve all factual disputes in his favor. Hansen thus argues that he has discharged his burden of proof on the issue of personal jurisdiction. D.I. 32 at 9. "In this case, that means that the Court will assume that Neumueller did in fact manufacture and install the dryer, that Neumueller did in fact sell the dryer to K-F Environmental Technologies, Inc., and that Neumueller made warranties to K-F Environmental Technologies as part of that sale." *Id* at 9-10 (citations omitted). Hansen's argument, however, misstates the law.

> FN4. In support of its motion under Rule 12(b)(2), Neumueller submitted an affidavit including the following statements made by Albert Wagner, Chief Executive Officer of Neumueller:
> (1) Neumueller has not contracted to, and has not supplied or installed non-direct contact waste treatment dryers in Delaware. D.I. 25, ¶ 6.
> (2) Neumueller does not realize any revenue from sales to the United States and has not shipped any goods or equipment to the United States. *Id* ¶ 7.
> In support of Neumueller's motion for a protective order, presently before the Court, Neumueller submitted a second affidavit, which contained the following statements:
> (1) Neumueller has never contracted to

163 F.R.D. 471                                                                                               Page 6
163 F.R.D. 471
(Cite as: 163 F.R.D. 471)

supply any goods or services to any person in Delaware either directly or through an agent. D.I. 36, ¶ 3.

(2) Neumueller has never conducted or solicited business in Delaware; it has not engaged and does not engage in any other course of conduct in Delaware; and it has not derived and does not derive revenue from any services or goods sold for use or consumption in Delaware. Id. ¶ 4.

(3) Neumueller does not and has never had a distributor or agent in Delaware nor has it had a distributor or agent that solicited orders from Delaware for Neumueller's goods or services. In addition, Neumueller has not supplied, shipped, installed, warranted or marketed any goods or services in Delaware, either directly or through an agent or distributor. Nor has Neumueller sold any of its products with the knowledge that they would be delivered or distributed to Delaware. Id. ¶ 5.

[6][7][8] This Court is *not* bound to accept as true the allegations in plaintiff's complaint for the purposes of determining whether plaintiff has made a minimal showing so as to entitle him to discovery on the issue of personal jurisdiction. As previously noted, a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery. See Rose, 813 F.Supp. at 321 (absence of threshold showing of personal jurisdiction is grounds for denial of plaintiff's discovery requests); Poe, 662 F.Supp. at 7 (plaintiff's inability to produce affidavits or any evidence other than mere speculation is grounds for denial of plaintiff's discovery requests). At oral argument, on September 14, 1995, Hansen argued that the very presence of the dryer in the State of Delaware was sufficient to create an issue of fact as to whether Neumueller manufactured or installed the dryer in question. Hansen apparently believes that the size of the machinery renders it impossible to say that Neumueller had nothing to do with its eventual Delaware destination. This argument is flawed. First, Hansen's argument is premised on the very fact in dispute: whether Neumueller in fact manufactured or installed the dryer. Second, there is no authority for the proposition that simply because the allegedly defective machine is expensive and large, it is more likely that the defendant took affirmative steps to cause it to end up in this forum. [FN5]

FN5. At oral argument, Hansen also attempted to argue that credibility issues might be sufficient to rebut Neumueller's affidavits, or at least create some ambiguity in the record as to Neumueller's role. Hansen relied on Renner, 33 F.3d at 283, where discovery limited to jurisdictional facts was permitted because of an ambiguous record as to personal jurisdiction. In Renner, however, the ambiguity in the record was caused by conflicting affidavits submitted by the parties, a critical element missing in this case.

**\*477 (4) Hansen's Requested Depositions**

[9] If there were no mitigating factors which would compel this Court to exercise its discretion and permit some discovery, there is no doubt that Neumueller's motion for a protective order should be granted in full. However, Hansen's present predicament warrants a slight departure from the general rule that even limited discovery should not be granted absent some showing by the plaintiff of personal jurisdiction when challenged by the defendant.

Hansen placed before the Court a letter dated February 16, 1994, written by Petra Fruehbis, an employee at K-F, stating that Neumueller manufactured the dryer in question. [FN6] D.I. 25 at A-25. Presumably, this letter formed the basis upon which Hansen has named Neumueller as the defendant. Hansen understandably desired to follow up with Ms. Fruehbis, as well as with other K-F employees, when confronted with the defense of lack of personal jurisdiction. However, since the time the Fruehbis letter was sent, K-F, a non-party, retained as counsel the same firm that is representing Neumueller in the present lawsuit. As a result, Hansen must direct all questions for Ms. Fruehbis and all other K-F employees through Neumueller's counsel. See D.I. 38 at Exh. B (Letter of S. Mark Hurd, Esq. to Vincent A. Bifferato, Jr., Esq. dated June 23, 1995). As a practical matter, therefore, meaningful informal discovery from K-F has been foreclosed.

FN6. Ms. Fruehbis, as mentioned in Part II, *supra*, is one of the K-F deponents.

Other than Neumueller, there were only two sources available to Hansen to ferret out indicia of personal jurisdiction: the Kent County Waste Water Treatment Plant and K-F. At oral argument, the Court was advised that the records of the Kent County Waste Water Treatment Plant were examined. Since no affidavit was filed, the Court assumes that nothing was found to aid Hansen. That

163 F.R.D. 471                                                                                                                    Page 7
163 F.R.D. 471
**(Cite as: 163 F.R.D. 471)**

leaves only K-F, with Neumueller's counsel interposed between Hansen and the K-F employees Hansen believes to have relevant information.

This Court is sensitive to Hansen's predicament. Accordingly, the Court will allow the K-F depositions noticed by Hansen to proceed. These depositions will be limited to the issue of personal jurisdiction. After these depositions have occurred, Hansen may be in the position to submit to this Court competent indicia of personal jurisdiction over Neumueller, which would warrant further discovery. Conversely, Hansen may discover no facts sufficient to controvert Neumueller's affidavits, and further discovery would not be warranted. Regardless of the outcome, the procedure set forth above has the effect of providing Hansen with the opportunity to develop some indicia of personal jurisdiction, without forcing Hansen to bear the consequences of K-F's choice of counsel. [FN7]

> FN7. Since the Court is permitting the K-K depositions to proceed, the Court need not decide whether Neumueller has standing to seek a protective order on behalf of third parties.

**B. Hansen's Motion to Compel Discovery**

The second motion pending before the Court is Hansen's motion to compel answers to interrogatories and production of documents. D.I. 23. Hansen propounded a set of twenty-six interrogatories and made fifteen requests for documents addressed to Neumueller. D.I. 25 at A-26 and A-34. The interrogatories and requests sought information and documents relating to the ownership, manufacture, shipment, warranties, installation and repair of waste water treatment dryers. Id. Hansen also sought information relating to agents, offices, agreements, contracts, services, sources of revenue, and insurance. Id. This discovery was sought pursuant to the Federal Rules of Civil Procedure. As to each interrogatory and request, Neumueller declined to answer or produce, on the grounds that discovery must be conducted pursuant to the procedures set forth in the Hague Convention. Id.

Resolution of the issue of whether the Federal Rules or the Hague Convention applies to this discovery dispute would be premature at this time. Hansen may be unable to develop evidence demonstrating some indicia of personal jurisdiction over Neumueller *478 during the course of his K-F depositions. In that case, discovery of Neumueller will not be permitted, and the need to address the Hague Convention issue would be obviated. Accordingly, Hansen's motion to compel discovery will be denied with leave to renew if appropriate.

### IV. Conclusion

Neumueller's motion for a protective order as it relates to Neumueller will be granted. Hansen will be permitted to proceed with the depositions requested of the K-F deponents. Those depositions, however, will be limited to developing facts relating to personal jurisdiction. The Court will deny as premature Hansen's motion to compel discovery until, if ever, sufficient personal jurisdictional facts are established to warrant discovery from Neumueller.

163 F.R.D. 471

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.