# EXHIBIT G

**Westlaw.**

163 F.R.D. 471     Page 1
163 F.R.D. 471
**(Cite as: 163 F.R.D. 471)**

▷

United States District Court,
D. Delaware.
Joseph A. HANSEN, Plaintiff,
v.
NEUMUELLER GmbH, a foreign corporation,
Defendant.
**Civ. A. No. 94-477 MMS.**

Oct. 5, 1995.

Suit alleging negligence and breach of warranty was brought against alleged manufacturer of machine which injured plaintiff at work. On motion of defendant to dismiss on ground of lack of personal jurisdiction and for protective order, and of plaintiff to compel production of documents and answers to interrogatories, the District Court, Murray M. Schwartz, Senior District Judge, held that: (1) there is no requirement that personal jurisdiction be alleged in complaint, but if defendant challenges personal jurisdiction, there must be some competent evidence to demonstrate that personal jurisdiction over defendant might exist before allowing discovery on that issue to proceed; (2) plaintiff failed to make sufficient showing to allow discovery to proceed as to defendant; but (3) court would allow depositions of coemployees to proceed, though employer, a nonparty, had retained as counsel the same firm representing defendant.

Motion for protective order granted and motion to compel denied as premature.

West Headnotes

**[1] Federal Civil Procedure ⇔1272.1**
170Ak1272.1 Most Cited Cases
Liberal discovery is permitted of any facts which are relevant and not privileged, and this rule applies where plaintiff seeks discovery to establish personal jurisdiction. Fed.Rules Civ.Proc.Rules 26, 26(b)(1), 26 note, 28 U.S.C.A.

**[2] Federal Civil Procedure ⇔1267.1**
170Ak1267.1 Most Cited Cases

**[2] Federal Civil Procedure ⇔1269.1**
170Ak1269.1 Most Cited Cases
Trial courts are vested with discretion to permit or deny discovery in aid of jurisdiction but, as general rule, courts are wary of allowing discovery absent some showing of personal jurisdictional facts if defendant has challenged plaintiff's assertion of personal jurisdiction. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

**[3] Federal Civil Procedure ⇔671**
170Ak671 Most Cited Cases
There is no requirement that personal jurisdiction be alleged in complaint. Fed.Rules Civ.Proc.Rule 8, 28 U.S.C.A.

**[4] Federal Civil Procedure ⇔1825**
170Ak1825 Most Cited Cases

**[4] Federal Civil Procedure ⇔1833**
170Ak1833 Most Cited Cases
When defendant files motion to dismiss challenging personal jurisdiction, and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A.

**[5] Federal Civil Procedure ⇔1269.1**
170Ak1269.1 Most Cited Cases

**[5] Federal Civil Procedure ⇔1828**
170Ak1828 Most Cited Cases
Where defendant moves to dismiss on ground of lack of personal jurisdiction and refuses to respond to discovery request, plaintiff must merely provide some showing of personal jurisdiction to proceed with limited discovery on that narrow issue, but complete absence of jurisdictional facts provided by plaintiff is insufficient for discovery to proceed. Fed.Rules Civ.Proc.Rules 8, 12(b)(2), 26, 28 U.S.C.A.

**[6] Federal Civil Procedure ⇔1835**
170Ak1835 Most Cited Cases
Court is not bound to accept as true allegations in complaint for purposes of determining whether plaintiff has made minimal showing so as to entitle him to discovery on issue of personal jurisdiction. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

**[7] Federal Civil Procedure ⇔1269.1**
170Ak1269.1 Most Cited Cases
Presence of large and expensive machine in Delaware

163 F.R.D. 471
163 F.R.D. 471
(Cite as: 163 F.R.D. 471)

Page 2

was insufficient to create issue of fact as to whether foreign company had manufactured or installed it or had taken affirmative steps to cause it to end up in the forum, as basis for allowing discovery on issue of personal jurisdiction. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

[8] Federal Civil Procedure ⇐1269.1
170Ak1269.1 Most Cited Cases

[8] Federal Civil Procedure ⇐1828
170Ak1828 Most Cited Cases
Where only defendant had submitted affidavits, plaintiff could not rely on contention that credibility issues might be sufficient to rebut the affidavits or at least create some ambiguity in the record so as to provide some evidence of personal jurisdiction and permit discovery on that issue to proceed.

[9] Federal Civil Procedure ⇐1332
170Ak1332 Most Cited Cases

[9] Federal Civil Procedure ⇐1828
170Ak1828 Most Cited Cases
Where plaintiff, seeking to sue alleged foreign manufacturer of machine which caused his injury at work, sought information from fellow employees concerning whether defendant manufactured machine in question, when confronted with defense of lack of personal jurisdiction, but employer, a nonparty, had retained same counsel as that representing defendant, so that plaintiff had to direct all questions for employer's employees through defendant's counsel, court would allow depositions of coemployees to proceed, though plaintiff had not made showing of personal jurisdiction sufficient to permit discovery on that issue to proceed as to defendant.
*472 Jan R. Jurden and Matthew P. Denn of Young, Conaway, Stargatt & Taylor; Wilmington, Delaware; Vincent A. Bifferato, Jr. of Hermann & Bifferato, Wilmington, Delaware; Ronald J. Prisco of Ronald J. Prisco, P.A., Milford, Delaware; for plaintiff.

Donald E. Reid and S. Mark Hurd of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; for defendant.

MURRY M. SCHWARTZ, Senior District Judge.

I. Introduction
The motions presently before the Court arise out of a personal injury action brought by plaintiff Joseph A. Hansen ("Hansen") against defendant Neumueller GmbH ("Neumueller"). Hansen alleges personal injuries to his arm and hand, suffered while attempting to free his pant leg from a machine allegedly manufactured by Neumueller. Hansen sued under various theories of negligence and breach of warranty. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

Neumueller has filed a motion to dismiss on the grounds that this Court lacks personal jurisdiction over Neumueller. Both parties have filed motions relating to discovery. Hansen has filed a motion to compel production of documents and answers to interrogatories, which Neumueller has opposed. Neumueller has filed a motion for a protective order, which Hansen has opposed. For the reasons set forth below, the Court will grant in part and deny in part Neumueller's motion for a protective order. Hansen will be permitted limited discovery going to the issue of personal jurisdiction. The Court will deny Hansen's motion to compel discovery as premature.

II. Facts
The facts underlying the complaint giving rise to these motions are relatively simple. [FN1] Hansen, a Maryland resident, was employed by K-F Environmental Technologies, Inc. ("K-F"), and at all times relevant to this action, was assigned to work at the Kent County Waste Water Treatment Plant. [FN2] Docket Item ("D.I.") 4, ¶¶ 1, 4. Neumueller is a German corporation doing business in Saarland, Germany. Id. ¶ 2. On or about October 1, 1993, Hansen was working with a waste treatment dryer allegedly manufactured by Neumueller. Id. ¶¶ 6, 7. While Hansen was working, the leg of his pants became caught in the exposed moving drive chain and sprocket assembly. In the attempt to free his pant leg from the assembly, his left hand became caught in the assembly. Id. ¶ 8. As a result, Hansen suffered the loss of three fingers, a fracture of his left arm, and pain and suffering. Id. ¶¶ 13, 14.

> FN1. All references to the complaint are made to plaintiff's Second Amended Complaint, Docket Item 40, filed September 27, 1995.

> FN2. K-F is not a party to this litigation.

K-F informed Hansen that the dryer was manufactured by Neumueller. D.I. 25 at A-25. On September 21, 1994, Hansen filed an action against Neumueller. D.I. 1. [FN3] On April 17, 1995, Neumueller moved to dismiss *473 the action pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P" or "Federal Rule") 12(b)(2), on the

163 F.R.D. 471
163 F.R.D. 471
(Cite as: 163 F.R.D. 471)

Page 3

grounds that (1) the Delaware long-arm statute does not authorize the exercise of personal jurisdiction over Neumueller; (2) Neumueller does not have minimum contacts with the State of Delaware; and (3) the exercise of jurisdiction over Neumueller would violate traditional notions of fair play and substantial justice. D.I. 8, 14.

> FN3. An Amended Complaint was filed on October 18, 1994. The Amended Complaint eliminated Mary Hansen, the wife of Joseph Hansen, as a plaintiff, and one of the causes of action. D.I. 4. A Second Amended Complaint was filed on September 27, 1995 to correctly allege diversity of citizenship. D.I. 40.

Subsequent to Neumueller's motion to dismiss, Hansen propounded a set of interrogatories addressed to Neumueller consisting of twenty-six questions, seeking information including, *inter alia,* admissions or denials as to ownership and manufacture of the dryer, contracts with domestic companies, shipment and warranties relating to its dryers, and the existence and extent of its agents and offices in the United States. D.I. 25 at A-26. Hansen also served a set of requests for production of documents, consisting of fifteen requests relating to the manufacture, distribution, shipment, installation, and warranties of its equipment, as well as any contracts or agreements relating to any of the foregoing. *Id.* at A-34. As to each such interrogatory and request, Neumueller declined to answer or produce, on the grounds that discovery must be conducted pursuant to the procedures of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). *Id.*

On July 21, 1995, Hansen filed a motion to compel answers to interrogatories and production of documents. D.I. 23. Neumueller opposed this motion on the grounds that (1) this Court has no personal jurisdiction over Neumueller; (2) Hansen must comply with the discovery procedures of the Hague Convention; and (3) the discovery sought was overly broad. D.I. 31. On August 1, 1995, Hansen noticed the depositions of K-F and four K-F employees: Robert Shannon, Joseph Kraus, Petra Fruehbis, and Paul Kreis (collectively, the "K-F deponents"). D.I. 20, 27, 28. On August 4, 1995, Neumueller moved for a protective order to prevent Hansen's discovery, on the ground that there is no basis for the Court to assert personal jurisdiction over Neumueller. D.I. 29, 30. Hansen opposed the motion on the grounds that (1) Neumueller has no standing to request a protective order on behalf of third parties (the K-F deponents); (2) a plaintiff need not allege personal jurisdictional facts in his pleadings; and (3) plaintiffs will be able to establish jurisdictional facts through discovery which will satisfy both the Delaware long-arm and due process requirements for personal jurisdiction. D.I. 32.

### III. Analysis
### A. Neumueller's Motion for Protective Order

This motion requires the Court to determine the extent to which a plaintiff must allege facts demonstrating the basis upon which the district court may exercise personal jurisdiction over a defendant. In apparent tension with this issue, this Court must also decide whether, in light of the liberal discovery permitted by the Fed.R.Civ.P., initial discovery by a plaintiff to determine jurisdictional facts should be granted where the pleadings do not provide any meaningful assertion of jurisdiction over the defendant. Resolution of these issues requires an analysis of the intersection between Fed.R.Civ.P. 26, which sets forth the provisions governing discovery, and Fed.R.Civ.P. 8, which sets forth the elements of a well-pleaded complaint.

#### (1) Federal Rule of Civil Procedure 26

[1] Fed.R.Civ.P. 26 permits liberal discovery of any facts which are relevant and not privileged. *See* Fed.R.Civ.P. 26(b)(1) and advisory committee note. This rule also applies where the plaintiff seeks discovery to establish personal jurisdiction. *Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 283 (3d Cir.1994); *Edmond v. United States Postal Serv. Gen. Counsel,* 949 F.2d 415, 425 (D.C.Cir.1991) ("As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction."); *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir.1982) ("When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss.") (citations omitted). The rationale for this rule is that the plaintiff may be unable to ascertain the *474 extent of the defendant's contacts with the forum state, particularly when that defendant is a corporation, unless some discovery is permitted.

> A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery. If the court did not choose to hear witnesses, this may well have been within its province, but in such event

163 F.R.D. 471  
163 F.R.D. 471  
(Cite as: 163 F.R.D. 471)

Page 4

plaintiff was certainly entitled to file such further interrogatories as were reasonably necessary and, if he wished, to take depositions. The condemnation of plaintiff's proposed further activities as a "fishing expedition" was unwarranted. When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license.

*Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357, 362 (3d Cir.1983) (quoting *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255-56 (1st Cir.1966); 4 James W. Moore, *Moore's Federal Practice* ¶ 26.07. Thus, resolution of this motion begins with the presumption in favor of allowing discovery to establish personal jurisdiction.

[2] While the scope of discovery permitted under the Fed.R.Civ.P. is quite broad, trial courts are vested with the discretion to permit or deny discovery in aid of jurisdiction. *See, e.g., Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C.Cir.1983) ("[A] district court has broad discretion in its resolution of discovery problems that arise in cases pending before it.") (citation omitted), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). As a general rule, courts are wary of allowing discovery absent *some* showing of personal jurisdictional facts if a defendant has challenged plaintiff's assertion of personal jurisdiction over him, because basic fact-finding should precede discovery. *See, e.g., Poe v. Babcock Int'l, plc*, 662 F.Supp. 4, 7 (M.D.Pa.1985) ("Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter should be denied."); *Rose v. Granite City Police Dep't*, 813 F.Supp. 319, 321 (E.D.Pa.1993) ("The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold *prima facie* showing that the Court has jurisdiction over the persons of Defendants."). The dispositive issues therefore become (1) what showing of personal jurisdiction over the defendant is required of a plaintiff; and (2) when must that showing be made.

### (2) Federal Rule of Civil Procedure 8

[3] Rule 8 lists the elements which must be included in a complaint before a district court may proceed with adjudication. The Rule provides that a claim for relief shall contain:

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks ...

Fed.R.Civ.P. 8. Noticeably absent from the Rule is a requirement of a statement setting forth the grounds upon which the court has personal jurisdiction over the defendant. Courts construing the Rule have made the same observation. *See Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 (2d Cir.1971) (per curiam) ("jurisdiction," as the word is used in Rule 8, refers to subject matter jurisdiction, not personal jurisdiction); *see also Burger King Corp. v. Holder*, 844 F.Supp. 1528, 1531 (S.D.Fla.1993) (same); *Hart Holding Co. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 538 n. 3 (Del.Ch.1991) ("Rule 8 contains no requirement that a plaintiff allege facts showing a defendant's amenability to suit in the jurisdiction."); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363 ("[t]here is no requirement that personal jurisdiction be alleged [in the pleadings] ...").

### (3) Plaintiff's Burden After Personal Jurisdiction Challenge

[4][5] Plaintiff's pleading burden changes, however, if the defendant challenges personal jurisdiction. When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, *475 plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion. *See, e.g., Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir.1984). However, where, as here, the defendant seeks to prevent a plaintiff from obtaining discovery on the grounds that the court lacks personal jurisdiction, a plaintiff may be caught in the position of being unable to establish personal jurisdiction because the defendant refuses to respond to his discovery requests. In this circumstance, plaintiff must merely provide some showing of personal jurisdiction to proceed with limited discovery on that narrow issue. *See, e.g., Renner*, 33 F.3d 277.

Hansen seeks discovery to enable him to establish the jurisdictional facts necessary to *reply* to Neumueller's motion to dismiss. While it is not entirely clear how much evidence is required, there must be *some* competent evidence to demonstrate that personal jurisdiction over the defendant might exist before allowing discovery to proceed.

Courts have recognized that facts which would establish personal jurisdiction over the defendant are often in the exclusive control of the defendant. *See, e.g., Compagnie des Bauxites*, 723 F.2d at 362. As such, a plaintiff may be unable, without some

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

163 F.R.D. 471
163 F.R.D. 471
**(Cite as: 163 F.R.D. 471)**

Page 5

discovery, to properly respond to a motion to dismiss pursuant to 12(b)(2), and a court will therefore allow some discovery. See *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n. 13, 57 L.Ed.2d 253 (1977) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Fraley v. Chesapeake & Ohio Ry. Co.,* 397 F.2d 1, 3 (3d Cir.1968) (district court's refusal to permit discovery in aid of personal jurisdiction improper). On the other hand, a court cannot permit discovery as a matter of course simply because a plaintiff has named a particular party as a defendant. The court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum.

In *Renner,* 33 F.3d 277, the Third Circuit Court of Appeals recognized the right of a plaintiff to proceed with discovery on the issue of personal jurisdiction. *Id.* at 283. In that case, the plaintiff had submitted affidavits which created ambiguity as to whether the defendant "purposefully availed" itself of the right to do business in the Commonwealth of Pennsylvania. *Id.* In response to defendant's motion to dismiss for lack of personal jurisdiction, the Court permitted plaintiff discovery, finding that "[n]umerous cases have sustained the right of plaintiffs to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Id.* (citations omitted). The Court made clear that discovery was warranted in that case, however, because the record was "ambiguous," "unclear" and "incomplete." *Id.*

A Pennsylvania district court was confronted with similar facts in *Poe,* 662 F.Supp. 4. In that case, plaintiffs sought discovery to establish personal jurisdiction over the defendants in order to prevent the court from granting defendant's motion to dismiss under Rule 12(b)(2). *Id.* at 7. The court first noted that trial courts may freely permit discovery to aid the establishment of jurisdiction. *Id.* However, the court found that discovery was not warranted because plaintiffs failed to provide *any* indication that personal jurisdiction was proper.

> No affidavits have been supplied to this court by plaintiff, and the memoranda which have been filed in response to defendants' motion contain speculation, but no facts by which jurisdiction can be established.... Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction.

*Id.* (citations omitted); *see also Rose,* 813 F.Supp. at 321 ("A district court has discretion whether to hold in abeyance a decision on a motion to dismiss for lack of personal jurisdiction to enable a party to employ discovery on the jurisdictional issue. The Court chooses to exercise its discretion here and deny Plaintiff's motion requesting discovery because Plaintiff has failed to make even a threshold *prima facie* showing that the Court *476 has jurisdiction over the persons of Defendants.") (citations omitted).

The extent to which Hansen must provide jurisdictional facts to this Court to warrant discovery is an issue the Court need not decide. The Court holds, however, that a complete absence of jurisdictional facts by the plaintiff is insufficient for discovery to proceed. Two affidavits support Neumueller's unequivocal denial of contact with the State of Delaware. [FN4] Evidence from Hansen is conspicuously lacking. Hansen instead relies on the allegations of his pleadings as establishing the Court's personal jurisdiction over Neumueller. Hansen argues that this Court is required to accept as true all the allegations of personal jurisdiction made in the complaint and resolve all factual disputes in his favor. Hansen thus argues that he has discharged his burden of proof on the issue of personal jurisdiction. D.I. 32 at 9. "In this case, that means that the Court will assume that Neumueller did in fact manufacture and install the dryer, that Neumueller did in fact sell the dryer to K-F Environmental Technologies, Inc., and that Neumueller made warranties to K-F Environmental Technologies as part of that sale." *Id.* at 9-10 (citations omitted). Hansen's argument, however, misstates the law.

> FN4. In support of its motion under Rule 12(b)(2), Neumueller submitted an affidavit including the following statements made by Albert Wagner, Chief Executive Officer of Neumueller:
> (1) Neumueller has not contracted to, and has not supplied or installed non-direct contact waste treatment dryers in Delaware. D.I. 25, ¶ 6.
> (2) Neumueller does not realize any revenue from sales to the United States and has not shipped any goods or equipment to the United States. *Id.* ¶ 7.
> In support of Neumueller's motion for a protective order, presently before the Court, Neumueller submitted a second affidavit, which contained the following statements:
> (1) Neumueller has never contracted to

163 F.R.D. 471
163 F.R.D. 471
(Cite as: 163 F.R.D. 471)

Page 6

supply any goods or services to any person in Delaware either directly or through an agent. D.I. 36, ¶ 3.

(2) Neumueller has never conducted or solicited business in Delaware; it has not engaged and does not engage in any other course of conduct in Delaware; and it has not derived and does not derive revenue from any services or goods sold for use or consumption in Delaware. Id. ¶ 4.

(3) Neumueller does not and has never had a distributor or agent in Delaware nor has it had a distributor or agent that solicited orders from Delaware for Neumueller's goods or services. In addition, Neumueller has not supplied, shipped, installed, warranted or marketed any goods or services in Delaware, either directly or through an agent or distributor. Nor has Neumueller sold any of its products with the knowledge that they would be delivered or distributed to Delaware. Id. ¶ 5.

[6][7][8] This Court is *not* bound to accept as true the allegations in plaintiff's complaint for the purposes of determining whether plaintiff has made a minimal showing so as to entitle him to discovery on the issue of personal jurisdiction. As previously noted, a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery. *See Rose, 813 F.Supp. at 321* (absence of threshold showing of personal jurisdiction is grounds for denial of plaintiff's discovery requests); *Poe, 662 F.Supp. at 7* (plaintiff's inability to produce affidavits or any evidence other than mere speculation is grounds for denial of plaintiff's discovery requests). At oral argument, on September 14, 1995, Hansen argued that the very presence of the dryer in the State of Delaware was sufficient to create an issue of fact as to whether Neumueller manufactured or installed the dryer in question. Hansen apparently believes that the size of the machinery renders it impossible to say that Neumueller had nothing to do with its eventual Delaware destination. This argument is flawed. First, Hansen's argument is premised on the very fact in dispute: whether Neumueller in fact manufactured or installed the dryer. Second, there is no authority for the proposition that simply because the allegedly defective machine is expensive and large, it is more likely that the defendant took affirmative steps to cause it to end up in this forum. [FN5]

> FN5. At oral argument, Hansen also attempted to argue that credibility issues might be sufficient to rebut Neumueller's affidavits, or at least create some ambiguity in the record as to Neumueller's role. Hansen relied on *Renner, 33 F.3d at 283*, where discovery limited to jurisdictional facts was permitted because of an ambiguous record as to personal jurisdiction. In *Renner*, however, the ambiguity in the record was caused by conflicting affidavits submitted by the parties, a critical element missing in this case.

### *477 (4) Hansen's Requested Depositions

[9] If there were no mitigating factors which would compel this Court to exercise its discretion and permit some discovery, there is no doubt that Neumueller's motion for a protective order should be granted in full. However, Hansen's present predicament warrants a slight departure from the general rule that even limited discovery should not be granted absent some showing by the plaintiff of personal jurisdiction when challenged by the defendant.

Hansen placed before the Court a letter dated February 16, 1994, written by Petra Fruehbis, an employee at K-F, stating that Neumueller manufactured the dryer in question. [FN6] D.I. 25 at A-25. Presumably, this letter formed the basis upon which Hansen has named Neumueller as the defendant. Hansen understandably desired to follow up with Ms. Fruehbis, as well as with other K-F employees, when confronted with the defense of lack of personal jurisdiction. However, since the time the Fruehbis letter was sent, K-F, a non-party, retained as counsel the same firm that is representing Neumueller in the present lawsuit. As a result, Hansen must direct all questions for Ms. Fruehbis and all other K-F employees through Neumueller's counsel. *See* D.I. 38 at Exh. B (Letter of S. Mark Hurd, Esq. to Vincent A. Bifferato, Jr., Esq. dated June 23, 1995). As a practical matter, therefore, meaningful informal discovery from K-F has been foreclosed.

> FN6. Ms. Fruehbis, as mentioned in Part II, *supra*, is one of the K-F deponents.

Other than Neumueller, there were only two sources available to Hansen to ferret out indicia of personal jurisdiction: the Kent County Waste Water Treatment Plant and K-F. At oral argument, the Court was advised that the records of the Kent County Waste Water Treatment Plant were examined. Since no affidavit was filed, the Court assumes that nothing was found to aid Hansen. That

163 F.R.D. 471
163 F.R.D. 471
(Cite as: 163 F.R.D. 471)

Page 7

leaves only K-F, with Neumueller's counsel interposed between Hansen and the K-F employees Hansen believes to have relevant information.

This Court is sensitive to Hansen's predicament. Accordingly, the Court will allow the K-F depositions noticed by Hansen to proceed. These depositions will be limited to the issue of personal jurisdiction. After these depositions have occurred, Hansen may be in the position to submit to this Court competent indicia of personal jurisdiction over Neumueller, which would warrant further discovery. Conversely, Hansen may discover no facts sufficient to controvert Neumueller's affidavits, and further discovery would not be warranted. Regardless of the outcome, the procedure set forth above has the effect of providing Hansen with the opportunity to develop some indicia of personal jurisdiction, without forcing Hansen to bear the consequences of K-F's choice of counsel. [FN7]

> FN7. Since the Court is permitting the K-K depositions to proceed, the Court need not decide whether Neumueller has standing to seek a protective order on behalf of third parties.

**B. Hansen's Motion to Compel Discovery**

The second motion pending before the Court is Hansen's motion to compel answers to interrogatories and production of documents. D.I. 23. Hansen propounded a set of twenty-six interrogatories and made fifteen requests for documents addressed to Neumueller. D.I. 25 at A-26 and A-34. The interrogatories and requests sought information and documents relating to the ownership, manufacture, shipment, warranties, installation and repair of waste water treatment dryers. Id. Hansen also sought information relating to agents, offices, agreements, contracts, services, sources of revenue, and insurance. Id. This discovery was sought pursuant to the Federal Rules of Civil Procedure. As to each interrogatory and request, Neumueller declined to answer or produce, on the grounds that discovery must be conducted pursuant to the procedures set forth in the Hague Convention. Id.

Resolution of the issue of whether the Federal Rules or the Hague Convention applies to this discovery dispute would be premature at this time. Hansen may be unable to develop evidence demonstrating some indicia of personal jurisdiction over Neumueller *478 during the course of his K-F depositions. In that case, discovery of Neumueller will not be permitted, and the need to address the Hague Convention issue would be obviated. Accordingly, Hansen's motion to compel discovery will be denied with leave to renew if appropriate.

**IV. Conclusion**

Neumueller's motion for a protective order as it relates to Neumueller will be granted. Hansen will be permitted to proceed with the depositions requested of the K-F deponents. Those depositions, however, will be limited to developing facts relating to personal jurisdiction. The Court will deny as premature Hansen's motion to compel discovery until, if ever, sufficient personal jurisdictional facts are established to warrant discovery from Neumueller.

163 F.R.D. 471

END OF DOCUMENT