# EXHIBIT 8

220 F.Supp.2d 569  
220 F.Supp.2d 569, 2002-2 Trade Cases P 73,799  
**(Cite as: 220 F.Supp.2d 569)**

H

Page 1

Motions, Pleadings and Filings

United States District Court,  
M.D. Louisiana.  
CROMPTON CORPORATION,  
v.  
CLARIANT CORPORATION, et al.  
CIVIL ACTION NO. 01-84-B-M2.

Aug. 7, 2002.

Purchaser filed Sherman Act suit against foreign corporations, alleging they engaged in conspiracy to fix prices and allocate market shares for monochloroacetic acid (MCAA) and sodium monochloroacetate (SMCA). French defendant and Japanese putative defendant moved to dismiss for lack of subject matter jurisdiction. The District Court, Polozola, Chief Judge, held that: (1) Foreign Trade Antitrust Improvement Act (FTAIA) did not shield defendants from subject matter jurisdiction, and (2) more jurisdictional discovery was warranted.

Motions denied.

West Headnotes

[1] Federal Courts ⚖ 32  
170Bk32 Most Cited Cases

[1] Federal Courts ⚖ 33  
170Bk33 Most Cited Cases  
Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

[2] Federal Civil Procedure ⚖ 1825  
170Ak1825 Most Cited Cases  
Burden of proof for a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction; accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

[3] Federal Civil Procedure ⚖ 1831  
170Ak1831 Most Cited Cases

[3] Federal Civil Procedure ⚖ 1832  
170Ak1832 Most Cited Cases  
When addressing a motion to dismiss for lack of subject matter jurisdiction, the district court has the authority to consider matters of fact which may be in dispute. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

[4] Antitrust and Trade Regulation ⚖ 969  
29Tk969 Most Cited Cases  
    (Formerly 265k28(3))  
Foreign Trade Antitrust Improvement Act (FTAIA) did not preclude exercise of subject matter jurisdiction in American purchaser's Sherman Act suit against  
foreign corporations, alleging conspiracy to fix prices and allocate market shares for monochloroacetic acid (MCAA) and sodium monochloroacetate (SMCA); price fixing conspiracy was alleged to have substantially affected United States market for those products. Sherman Act, §§ 1 et seq., 7, as amended, 15 U.S.C.A. §§ 1 et seq., 6a.

[5] Commerce ⚖ 62.10(1)  
83k62.10(1) Most Cited Cases  
Any challenge to subject matter jurisdiction in a Sherman Act case is necessarily resolved by answering question whether Congress can prohibit challenged conduct under the commerce clause; if so, then conduct is within the jurisdictional reach of the Sherman Act. U.S.C.A. Const Art. 1, § 8, cl. 3; Sherman Act, § 1 et seq., as amended, 15 U.S.C.A. § 1 et seq.

[6] Federal Civil Procedure ⚖ 1828  
170Ak1828 Most Cited Cases

[6] Federal Civil Procedure ⚖ 1831  
170Ak1831 Most Cited Cases  
Premature dismissals of antitrust claims for lack of subject-matter jurisdiction are not favored where factual and jurisdictional issues are completely intermeshed; in such situations the jurisdictional issues should be referred to the merits, for it is impossible to decide the one without the other. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



220 F.Supp.2d 569  
(Cite as: 220 F.Supp.2d 569)

Page 2

[7] Federal Civil Procedure ⚖ 1269.1  
170Ak1269.1 Most Cited Cases  
    (Formerly 265k25(1))

[7] Federal Courts ⚖ 29.1  
170Bk29.1 Most Cited Cases  
    (Formerly 265k25(1))

[7] Antitrust and Trade Regulation ⚖ 972(3)  
29Tk972(3) Most Cited Cases  
    (Formerly 265k28(6.2))  
Factual and jurisdictional issues in Sherman Act suit alleging conspiracy to fix prices and allocate market shares were completely intermeshed, and more jurisdictional discovery was warranted; thus, dismissal of case for lack of subject matter jurisdiction was premature and inappropriate. Sherman Act, § 1 et seq., as amended, 15 U.S.C.A. § 1 et seq.; Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.

*570 Bruce Victor Schewe, Phelps, Dunbar, L.L.P., New Orleans, LA, Michael D. Hunt, Jane H. Barney, Phelps, Dunbar, LLP, Baton Rouge, LA, for plaintiff.

R. Shanti Bright Brien, Peragine & Neill, L.L.C., Covington, LA, Phillip A. Wittmann, Stephanie D. Shuler, Stone, Pigman, Walther, Wittmann & Hutchinson, LLP, New Orleans, LA, Fredrick R. Tulley, Brandon Kelly Black, Jennifer M. Sigler, Taylor, Porter, Brooks & Phillips, Mark Raymond Beebe, Edward J. Rice, Jr., Adams & Reese, LLP, Eddy Manuel Quijano, John B. Davis, II, Amy Collier Lambert, Daniel G. Swanson, D. Jarrett Arp, Robert J. Borthwick, Jacqueline E. Coleman, Stephen C. McKenna, Davis Bradford Allgood, Antonio D. Robinson, Ryan Estes Johnson, Margaret M. Zwisler, Edward B. Schwartz, Charles E. Graf, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, James D. Miller, Dina A. DeFalco, Herbert S. Washer, Haley Fabricant, Jeffrey H. Drichta, Kantrow, Spaht, Weaver & Blitzer, Lee C. Kantrow, William Scott Keaty, Kantrow, Spaht, Weaver & Blitzer, Larry Michael Roedel, Carlton Jones, III, Roedel, Parsons, Koch, Frost, Balhoff & McCollister, Baton Rouge, LA, James F. Lerner, Weil, Gotshal, & Manges LLP, New York, NY, for defendant.

RULING

POLOZOLA, Chief Judge.

This matter is before the Court on the defendant Atofina S.A.'s Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction [FN1] and the putative defendant Daicel Chemical Industries, Inc.'s [FN2] Motion to Dismiss Certain Claims of Crompton Corporation for Lack of Subject Matter Jurisdiction. [FN3] For the reasons which follow, the motions are DENIED.

FN1. Rec. Doc. No. 114.

FN2. Putative defendant Daicel Chemical Industries, Inc. has adopted the argument presented by the Atofina defendants in Atofina. S.A.'s Memorandum in support of the Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction. Rec. Doc. No. 115.

FN3. Rec. Doc. No. 127.

I. Background

Crompton Corporation has filed this suit against the defendants alleging that they engaged in a conspiracy to fix prices and allocate market shares for monochloroacetic acid ("MCAA") and sodium monochloroacetate ("SMCA"). Plaintiff also contends that certain defendants agreed not to sell these products to United States consumers at all. Plaintiff further alleges that this price-fixing conspiracy has caused injury to United States customers, namely plaintiff, who purchases these products.

The defendants who have filed the motions pending before the Court are Atofina, S.A., a French citizen, and Daicel Chemicals, Inc., a Japanese citizen. These defendants argue that this Court does not have subject matter jurisdiction over plaintiff's claims and that the actions of the defendants have not in any way affected the United States market.

II. Law and Analysis  
A. Rule 12(b)(1) Motions to Dismiss

[1] A motion filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the district court's subject matter jurisdiction to hear a case. The Fifth Circuit has held that lack of subject matter jurisdiction may be found in any one of these three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



220 F.Supp.2d 569
(Cite as: 220 F.Supp.2d 569, *571)

Page 3

complaint *571 supplemented by undisputed facts plus the court's resolution of disputed facts." [FN4]

> FN4 *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001), citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

[2] The Fifth Circuit has also held that "the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. [FN5] Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." [FN6]

> FN5 *Id.*, citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995).

> FN6 *Id.*, citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).

[3] When addressing a Rule 12(b)(1) motion, the district court has the authority to consider matters of fact which may be in dispute. [FN7] The Fifth Circuit has held that "[u]ltimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." [FN8] Furthermore, "we must accept all factual allegations in the plaintiff's complaint as true." [FN9]

> FN7 *Id.*, citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).

> FN8 *Id.*, citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998).

> FN9 *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.2001); *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981).

B. Applicability of the Foreign Trade Antitrust Improvement Act

[4] The defendants argue that the Foreign Trade Antitrust Improvement Act ("FTAIA") [FN10] permits subject matter jurisdiction only over foreign conduct that has a direct, substantial, and reasonably foreseeable effect in the United States, and only if such effect gives rise to a claim under the Sherman Act. [FN11] Defendants also contend that the purpose of this Act was to clarify that United States competition laws do not apply to "transactions that did not injure the United States economy." [FN12]

> FN10 15 U.S.C. § 6a.

> FN11 *Hartford Fire Insurance Co. v. California, et al.* 509 U.S. 764, 796-97, n. 23, 113 S.Ct. 2891, 2909, 125 L.Ed.2d 612 (1993).

> FN12 *Id.*

The defendants also argue that this Court does not have subject matter jurisdiction here because Crompton's claim is for damages for MCAA purchased abroad and for delivery outside of the United States. Defendants further argue that if the effect on United States commerce does not "give rise to" the alleged foreign damages, the United States courts have no subject matter jurisdiction. Thus, it is the defendants' position that Crompton cannot satisfy the requirement that it allege and demonstrate that its damages for purchases of allegedly price-fixed MCAA outside the United States "arose out of" that effect on United States commerce. The defendants heavily rely on the case of *Den Norske Stats Oljeselskap As v. HeereMac Vof* [FN13] wherein the Fifth Circuit held that antitrust laws do not cover claims by foreign plaintiffs where the situs of injury is overseas and that injury arises from effects in a non-domestic market.

> FN13 241 F.3d 420 (5th Cir.2001)

The *Den Norske* court noted that "the Sherman Act itself applies only to conduct in 'trade or commerce *with* foreign nations.' [FN14] The commerce that gives rise to the action here--the contracting for heavy lift barge services in the North Sea--was *572 not United States commerce *between* or *among* foreign nations ... [t]herefore, we doubt that foreign commercial transactions between foreign entities in foreign waters is conduct cognizable by the federal courts under the Sherman Act." [FN15]

> FN14 *Id.*, at 426, citing 15 U.S.C. §§ 1,2 (Emphasis added by Fifth Circuit)

> FN15 *Id.*

The court further stated that "while we recognize that there may be a connection and an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



220 F.Supp.2d 569  
(Cite as: 220 F.Supp.2d 569, *572)

Page 4

interrelatedness between the high prices paid for services in the Gulf of Mexico and the high prices paid in the North Sea, the FTAIA requires more than a 'close relationship' between the domestic injury and the plaintiff's claim; it demands that the domestic effect 'gives rise' to the claim." [FN16]

> FN16. Id., at 427.

The plaintiff has filed an opposition to the motions. In its opposition, Crompton Corporation argues that the facts of Den Norske are distinguishable from the facts in the present case because Crompton has alleged both foreign and domestic injury. Crompton notes that in the Den Norske case, the court dismissed the plaintiff's solely foreign claims. Crompton further contends that the FTAIA is not applicable to this case because the foreign and domestic damages suffered by plaintiff "give rise to" the plaintiff's claims.

Both parties have cited the United States Supreme Court decision of Hartford Fire Insurance Co., et al v. California, et al, [FN17] wherein the court stated that "it is well established by now that the Sherman Act applies to foreign conduct that was meant to produce and did in fact produce some substantial effect in the United States ... Such is the conduct alleged here: that the London reinsurers engaged in unlawful conspiracies to affect the market for insurance in the United States and that their conduct in fact produced substantial effect." [FN18]

> FN17. 509 U.S. 764, 796-97, n. 23, 113 S.Ct. 2891, 2909, 125 L.Ed.2d 612 (1993).
>
> FN18. Id., at 795, 113 S.Ct at 2909. (Citations omitted).

The Hartford court also held that a defendant's "express purpose to affect United States commerce and the substantial nature of the effect produced" are factors that can outweigh conflict and allow the court to exercise jurisdiction. [FN19] The court noted that "[w]hen it enacted the FTAIA, 96 Stat. 1246, 15 U.S.C. § 6a, Congress expressed no view on the question whether a court with Sherman Act jurisdiction should ever decline to exercise such jurisdiction on the grounds of international comity." [FN20]

> FN19. Id., at 798, 113 S.Ct. at 2910. (Citation omitted).
>
> FN20. Id.; See H.R.Rep. No. 97-686, p. 13 (1882) ("If a court determines that the requirements for subject matter jurisdiction are met, [the FTAIA] would have no effect on the court['s] ability to employ notions of comity ... or otherwise to take account of the international character of the transaction")(citing Timberlane Lumber Co. v. Bank of America, N.T. & S.A., 549 F.2d 597, 613 (9th Cir.1976)).

The Supreme Court found that "[t]he only substantial question in this litigation is whether 'there is in fact a true conflict between domestic and foreign law.'" [FN21] The court concluded that "'[t]he fact that conduct is lawful in the state in which it took place will not, of itself, bar application of the United States antitrust laws,' even where the foreign state has a strong policy to permit or encourage such conduct. [FN22] *573 No conflict exists, for these purposes, 'where a person subject to regulation by two states can comply with the laws of both.'" [FN23]

> FN21. Id., quoting Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist. of Iowa, 482 U.S. 522, 555, 107 S.Ct. 2542, 2562, 96 L.Ed.2d 461 (1987).
>
> FN22. Id., at 799, 113 S.Ct. 2891, quoting Restatement (Third) Foreign Relations Law § 415, Comment j.
>
> FN23. Id., quoting Restatement (Third) Foreign Relations Law § 403, Comment e.

The Court finds that the conspiracy alleged in the Hartford case is similar to the price-fixing conspiracy alleged in this case by Crompton. Crompton has alleged that a price-fixing conspiracy entered into by the defendants has substantially affected the United States market, just as the Hartford plaintiffs alleged that the defendants engaged in unlawful conspiracies to affect the market for insurance in the United States.

While the Court is not bound by decisions from the Northern District of California, the Court finds that the facts alleged by Crompton are so similar to those alleged in Galavan Supplements, Ltd. v. Archer

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw

220 F.Supp.2d 569
(Cite as: 220 F.Supp.2d 569, *573)

Page 5

*Daniels Midland Co., et al* [FN24] that a comparison of the two cases is warranted.

FN24. 1997 WL 732498 (N.D.Cal 1997).

The plaintiffs in *Galavan* alleged various "effects" on the United States market for citric acid by defendants' price fixing, specifically that "the allocation of citric acid to and/or away from the U.S. domestic market by this worldwide conspiracy had a direct impact on the amount of citric acid sold into the United States, the amount the U.S. defendants agreed to produce in the United States, and with a resulting anticompetitive effect on U.S. commerce." [FN25] The *Galavan* court held that "these allegations are sufficient to confer subject matter jurisdiction." [FN26]

FN25. *Id.*, at *2.

FN26. *Id.*

The *Galavan* court also considered the legislative history of the FTAIA, and cited the House Report on the FTAIA, which stated that:
Any major activities of an international cartel would likely have the requisite impact on United States commerce to trigger United States subject matter jurisdiction. For example, if a domestic export cartel were so strong as to have a 'spillover' effect on commerce within its country--by creating a world-wide shortage or artificially inflated world-wide price that had the effect of raising domestic prices--the cartel's conduct would fall within the reach of our antitrust laws. [FN27]

FN27. *Id.*, at *3, *quoting* H.R.Rep. No. 97-686, § III.E.2 (1982).

The House Report on the FTAIA has also supported the principle that the Clayton Act will allow recovery for foreign damages where the illegal foreign conduct has had a substantial impact on domestic commerce. Under the heading of Section 6 entitled "Clayton Act Amendments," the Report states in pertinent part the following:
The full committee added language to the Sherman and FTC Act amendments to require that the 'effect' providing the jurisdictional ne'us must also be the basis for the injury alleged under the antitrust laws. This does not, however, mean that the impact of the illegal conduct must be experienced by the injured party within the United States. As previously set forth, it is sufficient that the conduct providing the basis of the claim has had the requisite impact on the domestic or import commerce of the United States, or, in the case of conduct lacking such impact, on an export opportunity of a person doing business in the United States. [FN28]

FN28. H.R.Rep. No. 97-686 at *11-12, 1982 U.S.C.C.A.N. 2487, * 2496.

Therefore, under the facts alleged in the complaint, the Court finds that the FTAIA *574 does not shield the defendants from subject matter jurisdiction for an alleged violation of the Sherman Act. It is clear to the Court that the price-fixing conspiracy alleged by the plaintiff is a transaction which would injure the United States economy.

C. Dismissal of Cases Brought Pursuant to the Sherman Act

[5] The Fifth Circuit has held that "any challenge to subject matter jurisdiction in a Sherman Act case is necessarily resolved by answering the following questions: Can Congress prohibit the challenged conduct under the Commerce Clause? If so, then the conduct is within the jurisdictional reach of the Sherman Act." [FN29]

FN29. *Chatham Condominium Associations v. Century Village, Inc., et al*, 597 F.2d 1002, 1008 (5th Cir.1979).

[6] The Fifth Circuit further stated that it is well-established that "premature dismissals of antitrust claims for lack of subject matter jurisdiction are not favored 'where the factual and jurisdictional issues are completely intermeshed ....' [FN30] In such situations 'the jurisdictional issues should be referred to the merits, for it is impossible to decide the one without the other.' [FN31] When jurisdictional issues are intertwined with the merits, the adjudication of the jurisdictional issue in accordance with the procedure under a 12(b)(1) motion fails to offer the procedural safeguards attendant upon proceedings under a 12(b)(6) motion or a motion for summary judgment under Rule 56." [FN32]

FN30 *Id.* at 1011, *quoting McBeath v. Inter-*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



220 F.Supp.2d 569                                                                 Page   6
(Cite as: 220 F.Supp.2d 569, *574)

> *American Citizens for Decency Committee*, 374 F.2d 359, 363 (5th Cir.1967), *cert. denied*, 389 U.S. 896, 88 S.Ct. 216, 19 L.Ed.2d 214 (1967).
>
> FN31. *Id.*, *quoting McBeath* 374 F.2d at 363.
>
> FN32. *Id.*

[7] The Court finds that this case is one where "factual and jurisdictional issues are completely intermeshed." The Court further finds that it would be inappropriate to dismiss these claims for lack of subject matter jurisdiction when more jurisdictional discovery is warranted. Accepting the allegations in the plaintiff's complaint as true, the Court finds that the defendants' motions to dismiss should be denied.

### III. Conclusion

The Court finds that the plaintiff has sufficiently alleged both domestic and foreign injury such that the FTAIA will not shield the defendants from the exercise of subject matter jurisdiction. Based on the evidence now before the Court and knowing that the issue of subject matter jurisdiction can be raised at any time by any party or the Court on its own motion, the Court finds that it has subject matter jurisdiction in this case. [FN33]

> FN33. If after addition discovery, the parties or the Court question subject matter jurisdiction, the Court will revisit its subject matter jurisdiction at that time.

Therefore:

IT IS ORDERED that the defendant Atofina S.A.'s Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction [FN34] shall be DENIED.

> FN34. Rec. Doc. No. 114

IT IS FURTHER ORDERED that the putative defendant Daicel Chemical Industries, Inc.'s Motion to Dismiss Certain Claims of Crompton Corporation for Lack of Subject Matter Jurisdiction [FN35] shall be DENIED.

> FN35. Rec. Doc. No 127.

220 F.Supp.2d 569, 2002-2 Trade Cases P 73,799

Motions, Pleadings and Filings (Back to top)

. 2003 WL 23853524 (Trial Motion, Memorandum and Affidavit) Daicel's Memorandum in Support of Motion Concerning the Court's November 21, 2003 Order and the Stipulated Protective Order (Dec. 3, 2003)Original Image of this Document (PDF)

. 2003 WL 23853522 (Trial Motion, Memorandum and Affidavit) Daicel's Opposition to Crompton's Position that the Depositions of Daicel's Rule 30(b)(1) Witnesses be Held Within the Territorial Jurisdiction of the United States (Nov. 21, 2003)Original Image of this Document with Appendix (PDF)

. 2003 WL 23853517 (Trial Pleading) Answer of Daicel Chemical Industries, Ltd. to Third Amended and Supplemental Complaint (Nov. 19, 2003)Original Image of this Document (PDF)

. 2003 WL 23853515 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Crompton's Position that the Depositions of Daicel Chemical Industries, Ltd's Rule 30(b)(1) Witnesses be Held Within the Territorial Jurisdiction of the United States (Nov. 7, 2003)Original Image of this Document (PDF)

. 2003 WL 23853511 (Trial Motion, Memorandum and Affidavit) Daicel's Opposition to Crompton's Motion to Reinstate Motion to Compel (Aug. 6, 2003)

. 2003 WL 23853504 (Trial Motion, Memorandum and Affidavit) Daicel's Memorandum in Opposition to Crompton's Motion to Compel Discovery (May 15, 2003)

. 2003 WL 23853499 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Compel Discovery (Apr. 25, 2003)Original Image of this Document (PDF)

. 2003 WL 23853496 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Daicel's Motion for Sanctions Under Frcp 37(c) (Mar. 27, 2003)Original Image of this Document with Appendix (PDF)

. 2003 WL 23853492 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Daicel's Motion for Sanctions Under Frcp 37(c) (Mar. 24, 2003)Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



220 F.Supp.2d 569  
(Cite as: 220 F.Supp.2d 569, *574)

Page 7

2002 WL 32711957 (Trial Pleading) Answer of Daicel Chemical Industries, Ltd. to Second Amended Complaint (Oct. 15, 2002)Original Image of this Document (PDF)

2002 WL 32711961 (Trial Pleading) Answer of Atofina Chemicals, Inc. and Atofina to Second Amended Complaint (Oct. 15, 2002)Original Image of this Document (PDF)

2002 WL 32711953 (Trial Pleading) Second Amended Complaint (Oct. 8, 2002)Original Image of this Document (PDF)

2002 WL 32711947 (Trial Motion, Memorandum and Affidavit) Daicel's Memorandum in Support of Motion to Amend July 12, 2002 Order (Aug. 8, 2002)Original Image of this Document (PDF)

2002 WL 32711944 (Trial Pleading) Answer of Daicel Chemical Industries, Inc. to First Amended and Supplemental Complaint (Jul. 26, 2002)Original Image of this Document (PDF)

2002 WL 32711940 (Trial Motion, Memorandum and Affidavit) Supplemental Brief of Crompton Corporation on Proposed Course of Action (Jul. 1, 2002)Original Image of this Document (PDF)

2002 WL 32711937 (Trial Motion, Memorandum and Affidavit) Response of Defendant Daicel to Brief of Crompton Corporation on Proposed Course of Action (Jun. 28, 2002)Original Image of this Document (PDF)

2002 WL 32711935 (Trial Motion, Memorandum and Affidavit) Brief of Crompton Corporation on Proposed Course of Action (May 31, 2002)Original Image of this Document (PDF)

2002 WL 32711927 (Trial Motion, Memorandum and Affidavit) Supplemental Opposition on Behalf of Crompton Corporation to Motion of Putative Defendant Daicel Chemical Industries, Inc. to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction (May 17, 2002)Original Image of this Document (PDF)

2002 WL 32711931 (Trial Motion, Memorandum and Affidavit) Supplemental Opposition on Behalf of Crompton Corporation to Motion of Atofina Chemicals, Inc. and Atofina, S.A. to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction (May 17, 2002)

2002 WL 32711925 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion by Defendants for a Protective Order Quashing May 7 Deposition (Apr. 22, 2002)Original Image of this Document with Appendix (PDF)

2002 WL 32711921 (Trial Motion, Memorandum and Affidavit) Opposition to Defendants' Ex Parte Motion to Reschedule Hearing and Conference Scheduled for April 23, 2002 (Apr. 19, 2002)Original Image of this Document (PDF)

2001 WL 34682812 (Trial Motion, Memorandum and Affidavit) Reply in Support of Motion of Defendant Atofina, S.A. for an Order Requiring Hague Convention Procedures for Jurisdictional Discovery (Nov. 1, 2001)

2001 WL 34682814 (Trial Motion, Memorandum and Affidavit) Reply of Atofina, S.A. and Atofina Chemicals, Inc. in Support of Motion of Certain Defendants for an Order Staying Merits Discovery (Nov. 1, 2001)Original Image of this Document with Appendix (PDF)

2001 WL 34682809 (Trial Motion, Memorandum and Affidavit) Submission of Atofina Defendants Pursuant to Court's October 10, 2001 Order (Oct. 22, 2001)Original Image of this Document (PDF)

2001 WL 34682807 (Trial Motion, Memorandum and Affidavit) Opposition on Behalf of Crompton Corporation to Motion of Putative Defendant Daicel Chemical Industries, Inc. to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction (Oct. 19, 2001)Original Image of this Document (PDF)

2001 WL 34682808 (Trial Motion, Memorandum and Affidavit) Daicel's Submission Pursuant to the Court's October 10, 2001 Order (Oct. 19, 2001)Original Image of this Document (PDF)

2001 WL 34682795 (Trial Motion, Memorandum and Affidavit) Opposition on Behalf of Crompton Corporation to Motion of Atofina Chemicals, Inc. and Atofina, S.A. to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction (Oct. 18, 2001)Original Image of this Document with Appendix (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



220 F.Supp.2d 569
(Cite as: 220 F.Supp.2d 569, *574)

. 2001 WL 34682798 (Trial Motion, Memorandum and Affidavit) Opposition to Atofina, S.A.'s Motion to Quash Service of Plaintiff's Amended Complaint (Oct. 18, 2001)Original Image of this Document (PDF)

. 2001 WL 34682799 (Trial Motion, Memorandum and Affidavit) Opposition to Joint Motion of Putative Defendants Daicel and Denak to Quash Service of Plaintiff's Amended Complaint and for Protective Order (Oct. 18, 2001)Original Image of this Document with Appendix (PDF)

. 2001 WL 34682803 (Trial Motion, Memorandum and Affidavit) Opposition to Motion of Defendant Atofina S.A. for an Order Requiring Hague Convention Procedures for Jurisdictional Discovery (Oct. 18, 2001)Original Image of this Document (PDF)

. 2001 WL 34682791 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Dismiss Certain Claims of Crompton Corporation for Lack of Subject Matter Jurisdiction Filed by Putative Defendant Daicel Chemical Industries, Inc. (Oct. 12, 2001)Original Image of this Document (PDF)

. 2001 WL 34682753 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Putative Defendant Daicel's Motion to Dismiss for Lack of Personal Jurisdiction (Sep. 28, 2001)Original Image of this Document (PDF)

. 2001 WL 34682757 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion by Putative Defendant Denak Co. Ltd. to Dismiss Certain Claims of Crompton Corporation for Lack of Subject Matter Jurisdiction (Sep. 28, 2001)Original Image of this Document (PDF)

. 2001 WL 34682762 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Amended and Restated Motion to Dismiss Complaint (Including the First Amended and Supplemental Complaint) for Lack of Personal Jurisdiction Filed by Putative Defendant Denak Co. Ltd. (Sep. 28, 2001)Original Image of this Document (PDF)

. 2001 WL 34682769 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Joint Motion on Behalf of Putative Defendants Daicel and Denak to Quash Service of Plaintiff's Amended Complaint and for Protective Order (Sep. 28, 2001)Original Image of this Document (PDF)

. 2001 WL 34682774 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion of Atofina Defendants to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction (Sep. 28, 2001)Original Image of this Document with Appendix (PDF)

. 2001 WL 34682778 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion of Defendant Atofina, S.A. to Quash Service of Plaintiff's Amended Complaint (Sep. 28, 2001)

. 2001 WL 34682784 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion of Defendant Atofina, S.A. to Dismiss for Lack of Personal Jurisdiction (Sep. 28, 2001)Original Image of this Document (PDF)

. 2001 WL 34682746 (Trial Pleading) Answer of Atofina to First Amended Complaint (Sep. 24, 2001)Original Image of this Document (PDF)

. 2001 WL 34682748 (Trial Pleading) Answer of Atofina Chemicals, Inc. to First Amended Complaint (Sep. 24, 2001)Original Image of this Document (PDF)

. 2001 WL 34682741 (Trial Pleading) First Amended and Supplemental Complaint (Aug. 29, 2001)Original Image of this Document (PDF)

. 2001 WL 34682732 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Putative Defendant Denak Co. Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction (Jul. 9, 2001)Original Image of this Document (PDF)

. 2001 WL 34682738 (Trial Motion, Memorandum and Affidavit) Defendants Akzo Nobel Chemicals, Inc. and Akzo Nobel Chemicals Bv's Reply to Plaintiff Crompton Corporation's Opposition to Motion to Dismiss and, Alternatively, Motion to Strike (Jul. 3, 2001)Original Image of this Document with Appendix (PDF)

. 2001 WL 34682726 (Trial Pleading) Answer of Daicel Chemical Industries, Inc. (Jun. 25, 2001)Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



220 F.Supp.2d 569
(Cite as: 220 F.Supp.2d 569, *574)

. 2001 WL 34682724 (Trial Pleading) Answer of Atofina (Jun. 20, 2001)Original Image of this Document (PDF)

. 2001 WL 34682721 (Trial Pleading) Answer of Hoechst AG (Jun. 12, 2001)Original Image of this Document (PDF)

. 2001 WL 34682719 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Defendant Clariant AG's Motion to Dismiss for Lack of Personal Jurisdiction (May 29, 2001)Original Image of this Document (PDF)

. 2001 WL 34682712 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Defendants Akzo Nobel Chemicals, Inc. and Akzo Nobel Chemicals bv's Motion to Dismiss and, Alternatively, Motion to Strike (Apr. 27, 2001)Original Image of this Document with Appendix (PDF)

2001 WL 34682708 (Trial Pleading) Answer of CNA Holdings, Inc. (Apr. 12, 2001)Original Image of this Document (PDF)

. 2001 WL 34682704 (Trial Pleading) Answer of Clariant Corporation (Apr. 11, 2001)Original Image of this Document (PDF)

. 2001 WL 34682698 (Trial Pleading) Answer of Atofina Chemicals, Inc. (Mar. 15, 2001)Original Image of this Document (PDF)

. 2001 WL 34682686 (Trial Pleading) Complaint (Jan. 24, 2001)

. 3:01CV00084 (Docket) (Jan. 24, 2001)

. 2001 WL 34682845 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion to Enforce Settlement Agreement Between Crompton Corporation and Clariant Corporation, Clariant AG, and Hoechst AG (2001)Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

