EXHIBIT 14

151 F.R.D. 37
151 F.R.D. 37
(Cite as: 151 F.R.D. 37)
H

Page 1

Motions, Pleadings and Filings

United States District Court,
D. Delaware.
In re ML-LEE ACQUISITION FUND II, L.P. and
ML-Lee Acquisition Fund (Retirement
Accounts) II, L.P. Securities Litigation.
Civ. A. No. 92-60-JJF.

Sept. 23, 1993.

Discovery requests were made and opposed in securities litigation. The District Court, Farnan, J., held that: (1) information concerning procedures to be utilized according to prospectus and actual operation of investment funds were required to be produced; (2) information regarding social contact among individual defendants was not required; and (3) defendants were not required to produce all drafts of final documents submitted in discovery.

Ordered accordingly.

West Headnotes

[1] Federal Civil Procedure ⇐ 1272.1
170Ak1272.1 Most Cited Cases
Discovery should ordinarily be allowed under concept of relevancy unless it is clear that information sought can have no possible bearing upon subject matter of action. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[2] Federal Civil Procedure ⇐ 1588
170Ak1588 Most Cited Cases
Information concerning procedures to be utilized according to prospectus issued by investment funds, and actual operation of funds, were required to be produced, even though it was claimed that production would be burdensome; information contained in requested documents was "at the heart of the litigation." Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[3] Federal Civil Procedure ⇐ 1587
170Ak1587 Most Cited Cases
Agreement between investment funds being sued and credit corporation, under which credit corporation was to make investments on behalf of funds, was subject to discovery; credit corporation had made investment which was involved in suit. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[4] Federal Civil Procedure ⇐ 1581
170Ak1581 Most Cited Cases
Documents relating to investments by fund being sued in securities fraud case were relevant and subject to discovery, as material relevant to issue concerning decision to invest in companies and impact that other investments in those companies may have had on investment decision. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[5] Federal Civil Procedure ⇐ 1581
170Ak1581 Most Cited Cases
Documents relating to relationships among individual defendants, and relationship of defendants to various companies in which resources of investment funds were invested, were relevant in securities litigation and were required to be produced, despite claim that production was burdensome; information was relevant to question whether any or all of defendants had interest, by virtue of their economic relationships with each other or in the companies which were targets of investment, that interfered with their obligation to act in best interest of funds. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[6] Federal Civil Procedure ⇐ 1581
170Ak1581 Most Cited Cases
Production of documents relating to social relationships between individual defendants in securities litigation would not be required to produced; information to be obtained was only "marginally relevant" to questions whether defendants may have been involved in actions violative of securities laws in connection with activities of investment funds with which they were associated, and potential burden of production was high. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[7] Federal Civil Procedure ⇐ 1581
170Ak1581 Most Cited Cases
Defendants in securities litigation would not be required to produce documents with respect to investments they considered but did not make; request was in nature of "fishing expedition." Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



151 F.R.D. 37  
(Cite as: 151 F.R.D. 37)

Page 2

**[8] Federal Civil Procedure ⟐ 1581**
170Ak1581 Most Cited Cases
Documents concerning certification by advisors to investment funds, that recommended investments were within fund's guidelines, and indicating what action other defendants took with respect to advisors' recommendations, were required to be produced in securities litigation, even though production was "significant burden" upon defendants. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

**[9] Federal Civil Procedure ⟐ 1595**
170Ak1595 Most Cited Cases
Defendants in securities litigation would be required to produce insurance policy information; production was required to establish whether defendants had assets to satisfy judgments that might be entered against them. Fed.Rules Civ.Proc.Rule 26(b)(2), 28 U.S.C.A.

**[10] Federal Civil Procedure ⟐ 1581**
170Ak1581 Most Cited Cases
Defendants would not be automatically required to produce all drafts of final documents submitted in connection with discovery in securities litigating, due to large scope of discovery request; plaintiffs would be required to make particularized request for drafts in connection with specified documents. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

*38 Pamela S. Tikellis, Carolyn D. Mack, and Cynthia A. Calder of Chimicles Burt Jacobsen & McNew, Wilmington, DE, Michael J. Freed, and Carol V. Gilden of Much Shelist Freed Denenberg & Ament, Chicago, IL, William J. French, Robert L. Gegios, and Glen E. Lavy of Gibbs Roper Loots & Williams, Milwaukee, WI, James S. Youngblood, Atlanta, GA, for plaintiffs.

Kenneth J. Nachbar of Morris Nichols Arsht & Tunnell, Wilmington, DE, James N. Benedict, Mark Holland, David J. Lewittes, Martin L. Seidel, Laura L. Icken, James F. Moyle, and Jeffrey N. Naness of Rogers & Wells, New York City, for defendants Mezzanine Investments II, L.P., ML Fund Administrators, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc. d/b/a Merrill Lynch Capital Markets, ML Mezzanine II, Inc., Matthew D. Castagna, Warren C. Smith, Jr., Rosalie Y. Goldberg, Robert Miller, Frederick J.C. Butler, Kevin K. Albert, Jerome P. Greene, and J. Huston McCullough II.

Stephen E. Herrmann of Richards Layton & Finger, Wilmington, DE, Sanford F. Remz and Richard S. Nicholson of Hutchins Wheeler & Dittmar, Boston, MA, for defendants Thomas H. Lee, T.H. Lee Mezzanine II, Thomas H. Lee Advisors II, L.P., and Thomas H. Lee.

Michael D. Goldman, and Stephen C. Norman of Potter Anderson & Corroon, Wilmington, DE, John D. Donovan, Jr., and Michael K. Fee of Ropes & Gray, Boston, MA, for defendants ML Lee Acquisition Fund II, L.P., ML Lee Acquisition Fund (Retirement Accounts) II, L.P., Vernon R. Alden, Joseph L. Bower, and Stanley H. Feldberg.

David C. McBride, and Bruce M. Stargatt of Young Conaway Stargatt & Taylor, Wilmington, DE, Brackett B. Denniston, III, J. Anthony Downs, and Todd Hahn of Goodwin Procter & Hoar, Boston, MA, for defendant Hutchins Wheeler & Dittmar.

MEMORANDUM OPINION

FARNAN, District Judge.

1. Presently before the Court in this securities action are two motions (D.I. 85, 90) filed by plaintiffs to compel the production of documents in the possession of the defendants. [FN1] The motions will be addressed contemporaneously. The same set of document requests were sent to both the Merrill Lynch and Independent General Partner ("IGP") *39 defendants [FN2] and to the Funds-Lee defendants. [FN3] There are 23 particular document requests that are the subject of plaintiffs' motion to compel production by the Merrill Lynch and IGP defendants, while there are 52 such requests with respect to the Funds-Lee defendants. Every document request from the Merrill Lynch and IGP defendants that is the subject of plaintiffs' motion to compel, except Request 67, is also the subject of the plaintiffs' motion to compel document production by the Funds-Lee defendants. Where possible, the Court shall consider the numerous document requests in a categorical fashion.

FN1. Defendant's motions to defer consideration of plaintiffs' motions to compel pending resolution of defendants' motion to transfer (D.I. 92, 97) are denied as moot given this Court's denial of defendants' motion to transfer (D.I. 145) Plaintiffs'



151 F.R.D. 37    Page 3
(Cite as: 151 F.R.D. 37, *39)

application for oral argument is denied.

FN2. The Merrill Lynch defendants include Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Mezzanine Investment II, L.P., ML Mezzanine II, Inc., ML Fund Administrators, Inc., Matthew D. Castagna, Warren C. Smith, Jr., Rosalie Y. Goldberg, Robert Miller, Frederick J.C. Butler, Kevin K. Albert, Jerome P. Greene, J. Huston McCullough II. The Independent General Partner Defendants include Vernon R. Alden, Joseph L. Bower, and Stanley H. Feldberg.

FN3. The Funds-Lee defendants include ML-Lee Acquisition Fund II, ML-Lee Acquisition Fund (Retirement Accounts) II, Thomas H. Lee, Thomas H. Lee Advisors II, L.P., Thomas H. Lee Company, T.H. Lee Mezzanine II.

2. The defendants generally contend that the documents sought are irrelevant and that production of those documents would be unduly burdensome. Defendants particularly contend that plaintiffs' requests for documents relating to investments that were contemplated, but not entered into by the Funds, is clearly a fishing expedition for new claims.

[1] 3. Under Fed.R.Civ.P. 26(b)(1), a party may obtain discovery of any nonprivileged matter relevant to or reasonably calculated to lead to evidence relevant to the pending action. As this Court stated in *La Chemise Lacoste v. Alligator Company, Inc.*, 60 F.R.D. 164, 171 (D.Del.1973), "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." "The party seeking discovery has the burden of demonstrating its merits." *McLaughlin v. Copeland*, 455 F.Supp. 749, 753 (D.Del.1978).

[2] 4. The first category of documents relate generally to operation of the Funds and the defendants' participation in operating the Funds. These include the following documents: documents concerning the investment criteria, guidelines, restrictions, and process or procedure for making investments with the Funds (Requests ["R"] 1 and 12); documents referring to communications or meetings amongst any of the Funds' Designated General Partners (R 19); documents that refer to services rendered by Merrill, MLPF & S or Advisors II, as an investment advisor to any defendant (R 30); documents referring to the Funds' accounting policies in evaluating Funds' financial conditions (R 35); all documents or drafts referring to the Funds prepared by or on behalf of any defendant or to be distributed to holders of units of the funds, or any other public entity (R 33); documents referring to any management letters or other communications between the Funds and its independent auditor (R 38); documents used or referred to in preparation of the Prospectus (R 49); all documents referring to application for exemption from requirements of or registration under the Investment Advisers Act of 1940 (R 53); minutes of all meetings of the general partners of the funds, and all documents referred to in those minutes (R 61); all documents that confirm whether Advisors II or its affiliates made a simultaneous or contemporaneous co-investment in Hills or Petco (R 67). The Court will grant the plaintiffs' motion to compel the production of all of these documents. While the Court is aware of the significant burden that will be imposed upon the defendants, the Court finds that information concerning the procedures to be utilized according to the Prospectus and the actual operation of the Funds is clearly at the heart of the litigation. Thus, the defendants must produce the requested documents as the Court finds that they are relevant or reasonably calculated to lead to relevant evidence.

[3] 5. The second category of documents relates to an agreement by Westinghouse Credit Corporation to make investments on behalf of the Funds. (R 7-9). The *40 Court finds this issue relevant to the litigation because Westinghouse invested in Hills. Therefore, the defendants must produce the requested documents as the Court finds that they are relevant or reasonably calculated to lead to relevant evidence.

[4] 6. The third category relates to documents concerning Hills or Petco. These documents include the following: documents concerning the financial status, debts, or restructuring of Hills or Petco (R 16, 26, 27, 28, 29, 31, 32, 46, 47); documents referring to communications or relationships with regard to the Funds between any defendants and Hills or Petco (R 21, 22, 23, 39, 40); documents referring to the Fund I investment in Petco (R 6); all minutes, recordings, documents relating to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



151 F.R.D. 37
(Cite as: 151 F.R.D. 37, *40)

Page 4

meetings of board of directors or committees of the non-individual defendants relating to Hills, Petco, or the Funds (R 45); all documents that refer to any written or oral presentation to any third-party relative to Hills' or Petco's business prospects made by or on behalf of Hills or Petco or any member of their respective management (R 42, 43); documents of Hills referring to negotiations about its debt securities, credit agreements, agreements with Drexel Burnham Lambert (R 50, 51, 52); all documents that any defendant observed regarding negotiations between Hills and Kimco concerning Kimco's purchase of Hills' debt (R 24); all documents or drafts referring to Hills or Petco prepared by or on behalf of any defendant or to be distributed to holders of units of the Funds, or any other public entity (R 34). The Court finds that these documents are relevant to the litigation and that, notwithstanding the burden to the defendants in producing the documents, defendants must produce these documents. The information held by any of the defendants with respect to Hills or Petco is material to the issues concerning the decision to invest in these companies and what impact any other investment on the part of the defendants in those companies may have had on that investment decision. To the extent that certain of the documents requested are not within the possession or control of the defendants, and the defendants are able to demonstrate such, those documents need not be produced. *See La Chemise Lacoste*, 60 F.R.D. at 171 ("On the showing ... that the documents sought for production are not within [the defendant's] custody, control or possession, [the defendant] cannot be compelled to produce them.")

[5] 7. The third category of documents relates to the relationships amongst the defendants, and the relationships of the defendants to the various companies in which the Funds were invested. These requests are as follows: all documents referring to conversations regarding investments made or considered, investment objectives or guidelines, procedures for making investments, Westinghouse investments, creation of the Funds (R 48); all documents relating to securities or holdings of defendants in any company in which the Funds invested or considered making an investment; services provided by any of the defendants for any company in which they invested, or considered making an investment (R 54-56); documents relating to relationships between Designated IGPs and any of the Merrill Lynch or Lee Defendants; between Mezzanine Individual defendants and any of the Lee defendants; between individual defendants and any of the Lee defendants (R 57, 58, 60); documents referring to organizational charts (R 37). The Court finds generally that these documents, insofar as they pertain to the actual investments made by the Funds (*see* discussion *infra* of the fifth category of documents), are relevant to the litigation and that, notwithstanding the burden to the defendants in producing the documents, defendants must produce these documents. The information is relevant to the issue of whether any or all of the defendants had interests, by virtue of their economic relationships with each other or the target companies, that interfered with their obligations to act in the best interests of the Funds. To the extent that any documents requested do not exist, such as the organizational charts, the defendants need not produce them.

[6] 8. The fourth category relates generally to the social and business relationships between the defendants. The Court finds that plaintiffs' requests for all documents that relate to the social relationships *41 amongst any or all of the defendants (R 41) is only marginally relevant when weighed against the potential burden upon the defendants. Accordingly, the Court will not require the defendants to produce such documents. While Request 41 also seeks documents that concern the business relationships amongst all of the defendants, the Court is convinced that this request is adequately covered by Requests 57, 58 and 60.

[7] 9. The fifth category of documents relates to potential investments considered but not actually made. These include the following: documents referring to any potential investment reviewed by Advisors II and presented to the Funds' general partners for review and approval (R 59). The Court finds that plaintiffs' requests for documents related to all investments considered but not made are in the nature of a fishing expedition of marginal relevance when weighed against the significant burden on the defendants in producing those documents. While most discovery involves some "fishing", as with actual fishing, the hook must first be appropriately baited. *See McLaughlin*, 455 F.Supp. at 753 ("While a plaintiff is entitled to a full opportunity to adduce evidence in support of the cognizable claims set out in his complaint, he is not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works



151 F.R.D. 37
(Cite as: 151 F.R.D. 37, *41)

Page 5

entitled to discovery for the purpose of determining whether or not there may be a factual basis for a claim he has not made.") Plaintiffs have failed to demonstrate a sufficient degree of factual relevance to require the production of documents relating to investments that were considered but not made. Accordingly, the Court will not order the defendants to comply with Request 59 or any portion of any other Request for which production has been ordered which seeks to discover documents relating to investments considered but not made by the Funds.

[8] 10. The sixth category relates to documents concerning the certification by the advisors that recommended investments were within the Funds' guidelines and what action the other defendants took with respect to those recommendations. These documents include the following: all documents that identify all Qualified Investments by Advisors II recommended to the Funds and those that Advisors II certified as within the guidelines; those that show that the IGPs confirmed that the Advisors II certifications were correct; documents showing whether the Managing General Partner and a majority of the Designated IGPs approved noncertified investments (and all documents that served as the basis for decision); all documents showing that Managing General Partner or the Designated IGPs did not approve recommended noncertified investments; (R 62, 63, 64, 65, 66). The Court finds that defendants must produce the requested documents that relate to all of the investments made by the Funds. While the Court is aware that this entails a significant burden upon the defendants, plaintiffs requests are relevant to the issue of whether the Funds' investments were targeted towards companies in which various defendants had substantial interests.

[9] 11. The last request, R 36, concerns insurance policies held by any of the defendants that would be relevant to the litigation. Notwithstanding certain of the defendants' (the Merrill defendants) contentions that they have sufficient assets to satisfy any judgment against them, pursuant to Rule 26(b)(2), the Court will order the defendants to produce this information.

[10] 12. Defendants argue that many of the plaintiffs' requests are targeted at drafts of documents as well as the final version of the documents. Defendants contend that drafts are not relevant, and that only the final versions, which would either have been made public or relied upon by any plaintiff or defendant in making decisions relative to the Funds, would be relevant. Plaintiffs respond by asserting that some courts have found that drafts are relevant. While drafts of certain specific documents may be relevant, and, therefore, discoverable, wholesale requests for general categories of documents and all drafts of those documents in complex cases such as this case would present an incredible burden upon the producing party. Thus, pursuant to Rule 26(b)(1), the Court will not compel the defendants to comply with generalized requests for drafts of documents *42 for which the final drafts are being provided to the plaintiffs.

An appropriate Order will be entered.

151 F.R.D. 37

Motions, Pleadings and Filings (Back to top)

. 1:92cv00060 (Docket) (Feb. 03, 1992)

END OF DOCUMENT

