EXHIBIT 20

*1981 U.S. Dist. LEXIS 17053, \*; 92 Lab. Cas. (CCH) P34,116;*
*25 Wage & Hour Cas. (BNA) 250*

Clancey Martin, Plaintiff v. El Paso Natural Gas Company, Defendant.

No. EP-79-CA-23.

United States District Court for the Western District of Texas.

1981 U.S. Dist. LEXIS 17053; 92 Lab. Cas. (CCH) P34,116; 25 Wage & Hour Cas. (BNA) 250

October 19, 1981.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee sought to compel answers to his interrogatories and to deem admitted the requests for admissions served upon defendant employer. The employee brought this action for unpaid overtime compensation pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C.S. § 201 et seq.

**OVERVIEW:** The employee's complaint alleged that he was a plant operator and that he was not paid overtime for hours worked in excess of 40 hours per week in violation of the FLSA. In response to the motion to compel answers to interrogatories, the employer argued that it was not required to furnish material more than three years old because the information would pertain to a period of time that was outside the statute of limitations. 29 U.S.C.S. § 255(a). The court denied discovery as to events occurring before the applicable limitation period because the information sought was not relevant evidence or calculated to lead to relevant evidence. The employer asked the court to deem admitted the requests for admissions because the employer responded to the requests with partial admissions, partial denials, and objections. The court held, however, that Fed. R. Civ. P. 36(a) allowed a party to object to a request for admission or to deny part of it, if he acted in good faith and the court determined that the employer here acted in good faith.

**OUTCOME:** The court granted the employee's motion to compel the employer to submit answers to interrogatories, and denied the employee's motion to deem requests for admissions as admitted.

**CORE TERMS:** discovery, plant, deem, furnish, Fair Labor Standards Act, relevant evidence, events occurring, station, interrogatories, stationed, objected, partial

### LexisNexis(R) Headnotes

Civil Procedure > Discovery > Relevance
Governments > Legislation > Statutes of Limitations > Time Limitations
*HN1* ⚓ The district court has discretion to limit discovery to matters occurring within a particular period of time. It is proper to deny discovery as to events occurring before the applicable limitation period unless the party seeking discovery can show the relevance of the information sought to the issues in the case.

Civil Procedure > Discovery > Methods > Admissions > Objections
*HN2* ⚓ Fed. R. Civ. P. 36(a) allows a party to object to a request for admission, or to deny part of it, if he acts in good faith.

**COUNSEL:** [*1]

Philip S. Brown (Judge & Brown), Amarillo, Texas, for Plaintiff. Kenneth R. Carr (Grambling, Mounce, Sims, Galatzan & Harris), El Paso, Texas, Harold H. Young, Jr., Houston, Texas, for Defendant.

**OPINION BY:** HUDSPETH

**OPINION:** HUDSPETH, D.J.: Plaintiff, a former employee of the Defendant, brings this suit for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. The Plaintiff alleges he was a plant operator at Defendant's Cornudas Station near Salt Flat, Texas, and that he was not paid overtime for hours worked in excess of 40 hours per week as required by law. For the purpose of discovery, Plaintiff filed his first and second set of interrogatories and a request for admissions. Defendant answered in part and objected in part. Plaintiff moves to compel answers to his interrogatories and to deem admitted the requests for admissions.

Two issues are presented by these discovery motions: (1) Is Defendant required to furnish information to Plaintiff concerning events prior to January 25, 1976, and (2) Is Defendant required to furnish information about other work stations besides Cornudas?

Defendant contends that it should not be required to furnish **[*2]** information pertaining to time periods prior to January 1976. Defendant argues that the suit was filed January 26, 1979, and the statute of limitations is two years, unless the violation was wilful, in which case it is three years. 29 U.S.C. § 255(a). Therefore, the Defendant argues, it cannot be required to furnish material more than three years old, as it would be outside any conceivable limitations period.[HN1]

The Court has discretion to limit discovery to matters occurring within a particular period of time. 8 Wright & Miller, Federal Practice and Procedure, § 2040 (1970). It is proper to deny discovery as to events occurring before the applicable limitation period unless the party seeking discovery can show the relevance of the information sought to the issues in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353 (1978). In the instant case, the discovery sought as to events occurring before January 1976 does not involve relevant evidence or matters calculated to lead to relevant evidence. See Adelman v. Nordberg Mfg. Co., 6 F.R.D. 383 (E.D. Wis. 1947); Stein v. Youngstown Steel Car Corp., [12 LC P63,494] 6 F.R.D. 362 (N.D. Ohio 1946). Defendant's objection **[*3]** to it should be sustained.

Defendant also contends that it is not required to disclose information about its automated gas turbine stations other than the Cornudas plant, including the names and addresses of the employees stationed at those other plants. The authorities cited by Plaintiff do not stand for the proposition that such discovery should be allowed in a Fair Labor Standards Act case. The few cases that do exist have limited discovery of employment records to those employees who are parties to the suit. Callaway v. Rolland Laboratories, Inc., 9 F.R.D. 88 (W.D. Mo. 1949); Jumps v. Leverone, 6 Wage & Hour Cas. 201 (N.D. Ill. 1946); Saxton v. W.D. Askew Co., 38 F.Supp. 323, 326 (N.D. Ga. 1941).

Some courts have allowed the circulation of a written notice potential plaintiffs who might otherwise be unaware of their legal rights or of the opportunity to join an existing suit as parties plaintiff. Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335 (2nd Cir. 1978), cert. denied 441 U.S. 944 (1979); Riojas v. Seal Produce Inc., 82 F.R.D. 613 (S.D. Tex. 1979). But see Kinney Shoe Corp. v. Vorhes, [82 LC P33,604] 564 F.2d 859 (9th Cir. 1977) (contra) . Although **[*4]** Defendant has suggested that this is Plaintiff's motive in seeking names and addresses of other employees, the Plaintiff has never requested it on that basis. The question is, therefore, not before the Court. Again, Defendant's objection to this discovery is well taken.

Defendant responded to some of Plaintiff's requests for admissions with partial admissions or partial denials, and has objected to some of the requests. Plaintiff contends that Defendant cannot object, nor can it admit or deny in part only. However, Rule 36(a), F.R.Civ.P., allows a party to object to a request for admission, or to deny part of it, if he acts in good faith. In this case, Defendant's good faith is indicated by the fact that it requests permission to supplement its answers when discovery is complete. Plaintiff's motion to deem admitted should be denied.

Plaintiff has also moved for an order compelling Defendant to allow Plaintiff to inspect the homes of present employees stationed at the Cornudas plant. Defendant states that it does not object, but that since the individual employees rent the homes from it and have rights of privacy, it cannot force employees to allow entry into their homes **[*5]** by Plaintiff's representatives. The parties represented to the Court that they would attempt to secure the cooperation of the tenants and work out the problem without court intervention, and it will be assumed that they have done so.

It is therefore Ordered that Plaintiff's motion to compel answers to interrogatories be, and it is hereby, Denied.

It is further Ordered that Plaintiff's motion to deem requests for admissions admitted be, and it is hereby, Denied.

LexisNexis®    About LexisNexis    Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.