EXHIBIT 20

Page  1

15 U.S.C.A § 6a
c

Effective: [See Text Amendments]

United States Code Annotated Currentness
Title 15. Commerce and Trade
+ Chapter 1. Monopolies and Combinations in Restraint of Trade (Refs & Annos)

>>§ 6a. Conduct involving trade or commerce with foreign nations

Sections 1 to 7 of this title shall not apply to conduct involving trade or commerce (other than import trade or import commerce) with foreign nations unless--

(1) such conduct has a direct, substantial, and reasonably foreseeable effect--

(A) on trade or commerce which is not trade or commerce with foreign nations, or on import trade or import commerce with foreign nations; or

(B) on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States; and

(2) such effect gives rise to a claim under the provisions of sections 1 to 7 of this title, other than this section.

If sections 1 to 7 of this title apply to such conduct only because of the operation of paragraph (1)(B), then sections 1 to 7 of this title shall apply to such conduct only for injury to export business in the United States.

CREDIT(S)

(July 2, 1890, c. 647, § 7, as added Oct. 8, 1982, Pub.L. 97-290, Title IV, § 402, 96 Stat. 1246.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1982 Acts. House Report Nos. 97-637 and 97-629, and House Conference Report No. 97-924, see 1982 U.S. Code Cong. and Adm. News, p. 2431.

Prior Provisions

A prior section 7 of Act July 2, 1890, c. 647, 26 Stat. 210, related to suits by persons injured by acts in violation of sections 1 to 7 of this title, and was classified as a note under section 15 of this title, prior to repeal by Act July 7, 1955. c. 283, § 3, 69 Stat. 283.

LAW REVIEW COMMENTARIES

An expanded presence in arena of international competition. Neal R. Stoll and Shepard Goldfein, 212 N.Y.L.J. 3 (Nov. 15, 1994).

Closing the antitrust door on foreign injuries: U.S. jurisdiction over foreign antitrust injuries in the wake of Empagran. Comment, 38 Tex. Tech L. Rev. 395 (2006).

Drawing the boundaries of the Sherman Act: Recent developments in the application of the antitrust laws to foreign conduct. Note, 61 N.Y.U. Ann. Surv. Am. L. 415 (2006).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Federal judicial and legislative jurisdiction over entities abroad:  Long-arm of U.S. antitrust law and viable solutions beyond the Timberlane/Restatement comity approach. 21 Pepp L.Rev. 1219 (1994).

The FTAIA and *Empagran*:  What next?  Edward D. Cavanagh, 58 SMU L. Rev. 1419 (2005).

Supreme Court review of the Foreign Trade Antitrust Improvements Act:  A case of a misleading question?  Joshua P. Davis, 38 U.S F. L. Rev. 431 (2004).

United States v. Pilkington plc and Pilkington Holdings, Inc.:  Expansion of international antitrust enforcement by the United States Justice Department. 20 N.C.J.Int'l L. & Com.Reg. 415 (1995).

LIBRARY REFERENCES

American Digest System

Trusts and other combinations in restraint of trade; importation or exportation, see Monopolies ☞ 15.

Corpus Juris Secundum

CJS Monopolies § 45, Interstate or Foreign Commerce.

CJS Monopolies § 46, Extraterritorial Operation.

CJS Monopolies § 209, Standing.

RESEARCH REFERENCES

ALR Library

1 ALR, Fed. 2nd Series 483, Construction and Application of Foreign Trade Antitrust Improvements Act (Ftaia), 15 U.S C.A. Sec 6a.

70 ALR, Fed. 637, "Target Area" Doctrine as Basis for Determining Standing to Sue Under § 4 of Clayton Act (15 U.S C.A. § 15) Allowing Treble Damages for Violation of Antitrust Laws.

40 ALR, Fed. 343, Extraterritorial Application of Federal Antitrust Laws to Acts Occurring in Foreign Commerce.

108 ALR 5th 189, Validity of State and Local Statutes Allegedly Infringing on Federal Government's Exclusive Power Over Foreign Affairs--Nonalien Cases.

Encyclopedias

Am. Jur. 2d Monopolies, Restraints of Trade, etc. § 18, Restraints of Export Trade; Effect of Foreign Trade Antitrust Improvements Act.

Am. Jur. 2d Monopolies, Restraints of Trade, etc. § 352, Principles of Comity and Conflicts of Law.

Forms

Federal Procedural Forms § 48:56, Scope of Subdivision.

Federal Procedural Forms § 48:94, Scope of Division.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Treatises and Practice Aids

Callmann on Unfair Compet., TMs, & Monopolies § 4:4, Exemptions from the Antitrust Laws.

Callmann on Unfair Compet., TMs, & Monopolies § 4:38, the Rule of Reason -- Joint Ventures.

Callmann on Unfair Compet., TMs, & Monopolies § 27:30, Extraterritorial Application of United States Laws -- Jurisdictional Problems in Antitrust -- the "Effect" Test.

Callmann on Unfair Compet., TMs, & Monopolies App 5 § 5:19, Foreign Trade Antitrust Improvements Act of 1982

Callmann on Unfair Compet., TMs, & Monopolies App 10 § 10:1, Antitrust Guide for International Operations.

Callmann on Unfair Compet., TMs, & Monopolies App 10 § 10:2, Department of Justice Policy Regarding Anticompetitive Conduct that Restricts U.S. Exports.

Eckstrom's Licensing in Foreign & Domestic Ops. App. 8B-I, Antitrust Enforcement Guidelines for International Operations Issued by the U.S. Department of Justice and the Federal Trade Commission (April 1995).

Eckstrom's Licensing in Foreign & Domestic Ops. § 8B:62.50, Foreign Trade Antitrust Improvements Act.

Eckstrom's Licensing Foreign & Domestic Ops Jt Vent App 4A, 1995 Antitrust Enforcement Guidelines for International Operations (Department of Justice and Federal Trade Commission).

Patent Law Fundamentals § 19:26, Antitrust Analysis and Critique -- Sherman Act § 1 (15 U.S.C.A. § 1).

Restatement (Third) of Foreign Relations § 415, Jurisdiction to Regulate Anti-Competitive Activities.

Trade Secrets Law App M, Appendix M. U.S. Department of Justice Licensing Guidelines: 1995 Antitrust Guidelines for the Licensing of Intellectual Property; 1988 Antitrust Enforcement Guidelines for International Operations.

West's Federal Administrative Practice § 3004, Federal Antitrust Laws-Sherman Antitrust Act.

Wright & Miller: Federal Prac. & Proc. § 3566. Determination from the Well-Pleaded Complaint.

Wright & Miller: Federal Prac. & Proc. § 3585, Miscellaneous Cases.

NOTES OF DECISIONS

Comity 9
Domestic trade or commerce 4
Export trade or commerce 6
Foreign trade or commerce 4a
Import trade or commerce 5
International comity 7
Persons entitled to maintain action 8
Purpose 1/2
Reasonably foreseeable effect 2
Speculative effects 3
Standing 8
Substantial effect 1

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



1/2. Purpose

Language and history of Foreign Trade Antitrust Improvements Act (FTAIA) suggest that Congress designed FTAIA to clarify, perhaps to limit, but not to expand in any significant way, Sherman Act's scope as applied to foreign commerce.   F. Hoffmann-La Roche Ltd. v. Empagran S.A., U.S.Dist.Col.2004, 124 S.Ct. 2359, 542 U.S. 155, 159 L.Ed.2d 226, on remand 2004 WL 1398217, on remand 388 F.3d 337, 363 U.S.App.D.C. 333, on remand 417 F.3d 1267, 368 U.S.App.D.C. 18   Monopolies ⬅ 12(7)

1. Substantial effect

On remand following vacatur by United States Supreme Court of decision reversing district court's dismissal, for lack of subject matter jurisdiction, of antitrust price-fixing conspiracy class action against vitamin manufacturers and distributors brought on behalf of foreign purchasers, Court of Appeals for Ninth Circuit could consider whether foreign purchasers properly preserved their alternative argument that foreign injury was not in fact independent of domestic effects and, if so, could consider and decide related claim.  F. Hoffmann-La Roche Ltd. v. Empagran S.A., U.S.Dist.Col.2004, 124 S.Ct. 2359, 542 U.S. 155, 159 L.Ed.2d 226, on remand 2004 WL 1398217, on remand 388 F.3d 337, 363 U.S.App.D.C. 333, on remand 417 F.3d 1267, 368 U.S.App.D.C. 18. Federal Courts ⬅ 462

Traveler failed to state claim against European banks, under Foreign Trade Antitrust Improvements Act (FTAIA), for conspiracy to fix currency exchange fees on theory that his payment of excessive fees in Europe was dependent on conspiracy's effect on United States; complaint did not allege that currency exchange fees in United States reached supra-competitive levels, or that but for European conspiracy's effect on United States commerce. traveler was injured in Europe.  Sniado v. Bank Austria AG, C.A.2 2004, 378 F.3d 210   Monopolies ⬅ 12(7)

In determining whether traveler asserting antitrust claims against European banks alleged conduct satisfying provision of Foreign Trade Antitrust Improvements Act (FTAIA) which required showing that alleged anticompetitive conduct had direct, substantial, and reasonably foreseeable effect on domestic commerce, relevant "conduct" was entire alleged conspiracy between banks to fix fees for exchanges of European currencies in Europe and United States, rather than merely those acts of charging supra-competitive fees in Europe that allegedly harmed traveler.  Sniado v. Bank Austria AG, C.A.2 (N.Y.) 2003, 352 F.3d 73, vacated 124 S.Ct. 2870, 542 U.S. 917, 159 L.Ed.2d 774, on remand 378 F.3d 210.  Monopolies ⬅ 12(7)

Remand was required to permit district court to decide, in the first instance, whether traveler asserting antitrust claims against European banks satisfied requirement for subject matter jurisdiction, under Foreign Trade Antitrust Improvements Act (FTAIA), that banks' alleged anticompetitive conduct had direct, substantial, and reasonably foreseeable effect on domestic commerce, given that district court improperly dismissed traveler's complaint under different provision of FTAIA and assumed, without deciding, that traveler would satisfy "direct, substantial, and reasonably foreseeable effect" requirement. Sniado v. Bank Austria AG, C.A.2 (N.Y.) 2003, 352 F.3d 73, vacated 124 S.Ct. 2870, 542 U.S. 917, 159 L.Ed.2d 774, on remand 378 F.3d 210. Federal Courts ⬅ 947

Provision of Foreign Trade Antitrust Improvements Act (FTAIA) limiting Sherman Act's application to conduct with direct, substantial, and reasonably foreseeable effect on domestic commerce addressed court's subject matter jurisdiction over antitrust claims, and was not simply element of claims. United Phosphorus, Ltd. v. Angus Chemical Co., C.A.7 (Ill.) 2003, 322 F.3d 942, certiorari denied 124 S.Ct. 533, 540 U.S. 1003, 157 L.Ed.2d 408. Monopolies ⬅ 12(7)

District court did not have subject-matter jurisdiction over antitrust action arising out of transactions in Honduras although alleged restraint affected or was intended to affect foreign commerce of the United States and alleged restraint was of such type and magnitude as to be cognizable as a violation of sections 1-7 of this title, where enforcement of United States antitrust laws would lead to significant conflict with Honduran law and policy, and effect of potential restraint on United States foreign commerce was insubstantial. Timberlane Lumber Co. v. Bank

© 2006 Thomson/West  No Claim to Orig. U.S. Govt. Works.



of America Nat. Trust and Sav. Ass'n, C.A.9 (Cal.) 1984, 749 F.2d 1378, certiorari denied 105 S.Ct. 3514, 472 U.S. 1032, 87 L.Ed.2d 643. International Law ⟜ 10.19

If United States subsidiary of Australian insured was a target of foreign insurers' alleged conduct in engaging in conspiracy to collectively refuse to write new insurance contracts or renew longstanding insurance contracts unless insureds withdrew their previously filed asbestos-related claims, then insurers' conduct would have had a direct, substantial, and reasonably foreseeable effect on United States commerce within meaning of Foreign Trade Antitrust Improvements Act (FTAIA). CSR Ltd. v. CIGNA Corp., D.N.J.2005, 405 F.Supp.2d 526. Monopolies ⟜ 12(7)

Foreign Trade Antitrust Improvement Act (FTAIA) did not preclude exercise of subject matter jurisdiction in American purchaser's Sherman Act suit against foreign corporations, alleging conspiracy to fix prices and allocate market shares for monochloroacetic acid (MCAA) and sodium monochloroacetate (SMCA); price fixing conspiracy was alleged to have substantially affected United States market for those products. Crompton Corporation v. Clariant Corp., M.D.La.2002, 220 F.Supp.2d 569. Monopolies ⟜ 28(3)

2. Reasonably foreseeable effect

Foreign purchasers of vitamins stated Sherman Act price-fixing claim against manufacturers whose conduct allegedly had direct, substantial, and reasonably foreseeable effect on trade or commerce in United States, even though purchasers' own injuries did not arise from United States effects of defendants' conduct. Empagran S.A. v. F Hoffman-LaRoche, Ltd., C.A.D.C.2003, 315 F.3d 338, 354 U.S.App.D.C. 257, rehearing and rehearing en banc denied, certiorari granted 124 S.Ct. 966, 540 U.S. 1088, 157 L.Ed.2d 793, vacated 124 S.Ct. 2359, 542 U.S. 155, 159 L.Ed.2d 226, on remand 2004 WL 1398217, on remand 388 F.3d 337, 363 U.S.App.D.C. 333, on remand 417 F.3d 1267, 368 U.S.App.D.C. 18. Monopolies ⟜ 28(6.7)

Alleged collusion by United States air carriers to fix commissions paid to foreign travel agents did not have "effect" on United States commerce, for purpose of agent's claim under Foreign Trade Antitrust Improvements Act (FTAIA); even though agents alleged that defendants' conduct substantially reduced their business values, forcing at least one member out of business. agent's failed to show that economic consequences of defendants allegedly illegal acts were felt in United States economy. Turicentro, S.A. v. American Airlines Inc., C.A.3 (Pa.) 2002, 303 F.3d 293. Monopolies ⟜ 12(7)

Foreign Trade Antitrust Improvements Act's (FTAIA) "direct, substantial, and reasonably foreseeable effect" on domestic commerce requirement for subject matter jurisdiction was not met by alleged antitrust conduct of a group of foreign insurers which conspired against an Australian insured to collectively refuse to write new insurance contracts or renew longstanding insurance contracts for insured and its affiliates unless they withdrew their previously filed asbestos-related claims; although insurers refused to cover certain United States risks, they did not restrict the market for insurance policies available in the United States. CSR Ltd. v. CIGNA Corp., D.N.J.2005, 405 F.Supp.2d 526. Monopolies ⟜ 12(7)

Necessity, intentionally imposed on retail tracking service by competitors' foreign and domestic activities, to devote the use of millions of dollars of its domestic funds to purposes other than its chosen ways of competing, was a direct, substantial and reasonably foreseeable effect on domestic trade or commerce and gave rise to a claim of attempted monopolization, such that the Foreign Trade Antitrust Improvements Act did not exempt the service's claim from the antitrust laws. Information Resources, Inc. v. Dun & Bradstreet Corp., S.D.N.Y.2003, 260 F.Supp.2d 659. Monopolies ⟜ 12(1.3)

Foreign Trade Antitrust Improvement Act (FTAIA) did not preclude exercise of subject matter jurisdiction in American brewer's antitrust action against its competitor and Canadian licensee. challenging competitor's acquisition of equity interest in licensee, which held right to market, distribute and sell all brewer's brands of beer in Canada; competitor's acquisition had reasonably foreseeable effect on brewer's export trade from Canada, and on United States beer market and consumers by forcing brewer to either share confidential information with rival

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



or unwind its relationship with licensee. Coors Brewing Co. v. Miller Brewing Co., D.Colo.1995, 889 F.Supp. 1394. Monopolies ⟨⟩ 28(3)

3. Speculative effects

Court lacked jurisdictional nexus to decide antitrust claim against bulk wholesale tour operator following its termination of contract with destination service operator which provided local services for tour customers on Caribbean island since consequences of termination on the United States were speculative, although effects in the foreign country were substantial. Liamuiga Tours, Div. of Caribbean Tourism Consultants, Ltd. v. Travel Impressions, Ltd., E.D.N.Y.1985, 617 F.Supp. 920. Monopolies ⟨⟩ 28(3)

4. Domestic trade or commerce

Defendant's participation in conspiracy to rig bids on Egyptian construction projects financed by USAID had substantial effect on domestic commerce, and thus Foreign Trade Antitrust Improvements Act (FTAIA) did not limit American court's jurisdiction over such transactions; scheme took money from federal treasury, depriving other projects and services of money, key decisions and agreements were made at corporate headquarters across United States, federal money was deposited in bank in Alabama, materials were purchased in United States, and equipment and materials were shipped from New Orleans on American freighters. U.S. v. Anderson, C.A.11 (Ala.) 2003, 326 F.3d 1319, rehearing and rehearing en banc denied 71 Fed.Appx. 824, 2003 WL 21432589, certiorari denied 124 S.Ct. 178, 540 U.S. 825, 157 L.Ed.2d 46. Monopolies ⟨⟩ 31(.5)

Where price-fixing conduct significantly and adversely affects customers both outside and within United States, but adverse foreign effect is independent of any adverse domestic effect, Foreign Trade Antitrust Improvements Act (FTAIA) domestic injury exception does not apply, and thus, neither does Sherman Act, to claim based solely on foreign effect; abrogating Kruman v. Christie's Int'l PLC, 284 F.3d 384. F. Hoffmann-La Roche Ltd. v. Empagran S.A., U.S.Dist.Col.2004, 124 S.Ct. 2359, 542 U.S. 155, 159 L.Ed.2d 226, on remand 2004 WL 1398217, on remand 388 F.3d 337, 363 U.S.App.D.C. 333, on remand 417 F.3d 1267, 368 U.S.App.D.C. 18. Monopolies ⟨⟩ 12(7)

Agreement between domestic corporation and foreign corporation to ban sale of modified tomato seeds in Mexico and the resulting fruit in the United States did not have direct effect on American commerce, as required for exercise of subject matter jurisdiction under Foreign Trade Antitrust Improvements Act (FTAIA) in government's action challenging the agreement as illegal restraint of trade; neither delay of possible "innovations" in development of tomato seeds nor agreement's possible impact on prices paid by American consumers were direct effects. U.S. v. LSL Biotechnologies, C.A.9 (Ariz.) 2004, 379 F.3d 672. Monopolies ⟨⟩ 12(7); Monopolies ⟨⟩ 28(3)

For Foreign Trade Antitrust Improvements Act (FTAIA) to apply to conduct involving trade or commerce of foreign nation, foreign conspiracy's effect on domestic commerce must give rise to plaintiff's claims, not a claim in general. Sniado v. Bank Austria AG, C.A.2 2004, 378 F.3d 210. Monopolies ⟨⟩ 12(7)

Foreign Trade Antitrust Improvements Act (FTAIA) did not preclude extension of Sherman Act to alleged conspiracy to artificially increase price of copper and copper futures on London Metal Exchange (LME); complaint alleged that defendants engaged in conspiracy that had direct, substantial, and reasonably foreseeable effects in U.S. domestic commerce and that they suffered injury in United States as result of physical copper transactions that took place within United States or copper futures transactions on U.S. exchange. Metallgesellschaft AG v. Sumitomo Corp. of America, C.A.7 (Wis.) 2003, 325 F.3d 836, rehearing and rehearing en banc denied. Monopolies ⟨⟩ 12(7)

Adoption of Foreign Trade Antitrust Improvements Act (FTAIA) did not alter existing rule that antitrust laws apply to anticompetitive conduct directed at foreign markets only if such conduct injures domestic commerce by either (1) reducing the competitiveness of a domestic market, or (2) making possible anticompetitive conduct

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



directed at domestic commerce, and did not add requirement that conduct directed at foreign markets is actionable only if it has an anticompetitive domestic effect that is the cause of injury for which recovery is sought. Kruman v. Christie's Intern. PLC, C.A.2 (N.Y.) 2002, 284 F.3d 384, certiorari dismissed 124 S.Ct. 27, 539 U.S. 978, 156 L.Ed.2d 690. Monopolies ⟨⟩ 12(7)

Antitrust laws did not apply to Norwegian oil corporation's claims that anticompetitive conspiracy inflated its North Sea operating costs; even if conspiracy resulted in higher oil prices in United States, corporation's injury did not arise from that domestic anticompetitive effect. Den Norske Stats Oljeselskap As v. HeereMac Vof, C.A.5 (Tex.) 2001, 241 F.3d 420, certiorari denied 122 S.Ct. 1059, 534 U.S. 1127, 151 L.Ed.2d 967, rehearing denied 122 S.Ct. 1597, 535 U.S. 1012, 152 L.Ed.2d 512. Monopolies ⟨⟩ 12(1)

Antitrust claims of former representatives commissioned to promote sale of chemical company's pipe resin related only to foreign commerce without requisite domestic anticompetitive effect, so that district court lacked subject matter jurisdiction over Sherman Act claim; former representatives alleged that their agreement with chemical company involved promotion and solicitation of orders for pipe resin in Hong Kong, India, Indonesia, Malaysia, the Philippines, Singapore, Taiwan, and Thailand, and that chemical companies alleged concerted and unilateral refusal to deal in various foreign markets resulted in termination of their agreement with chemical company. McGlinchy v. Shell Chemical Co., C.A.9 (Cal.) 1988, 845 F.2d 802, rehearing denied. Commerce ⟨⟩ 62.10(2)

Court had jurisdiction over manufacturer that allegedly forced buyers of its products for resale in India to sign resale price maintenance agreements, in violation of Sherman Act §§ 1, despite claim that the jurisdictional requirement imposed by Foreign Trade Antitrust Improvements Act (FTAIA), that manufacturer's misconduct give rise to antitrust effects in United States that injured resellers, was not satisfied; in present case maintenance of minimum resale price agreements in foreign countries had required effect in the United States, by keeping domestic prices high. MM Global Services, Inc. v. Dow Chemical Co., D.Conn.2004, 329 F.Supp.2d 337. Monopolies ⟨⟩ 28(3)

Indian distributor's allegation that American chemical manufacturer coerced it to fix resale price of its products in India was actionable under Sherman Act, notwithstanding Foreign Trade Antitrust Improvements Act's (FTAIA) requirement that conduct have direct, substantial, and reasonably foreseeable effect on domestic commerce, where purported purpose of price fixing was to ensure that prices in India would not cause erosion to prices for products charged by manufacturer to end-users in United States. MM Global Services, Inc. v. Dow Chemical Co., D.Conn.2003, 283 F.Supp.2d 689, adhered to on reconsideration 2004 WL 556577. Monopolies ⟨⟩ 12(7); Monopolies ⟨⟩ 17(1.12)

Foreign Trade Antitrust Improvements Act (FTAIA) barred India-based prospective manufacturers of chemical 2-Amino-1 Butanol (AB), used in manufacture of tuberculosis medication, from bringing Sherman Act monopolization suit in United States against American company that had brought trade secret action in state court to prevent its employee from disclosing needed technology; there was no showing of required effect on domestic commerce, as India manufacturers had no intent to sell AB in United States, and there would be no market if sales were attempted. United Phosphorus, Ltd. v. Angus Chemical Co., N.D.Ill.2001, 131 F.Supp.2d 1003, affirmed 322 F.3d 942, certiorari denied 124 S.Ct. 533, 540 U.S. 1003, 157 L.Ed.2d 408. Monopolies ⟨⟩ 12(7)

Foreign corporation which marketed and distributed computer software products in Argentina failed to establish that termination of its marketing contract by another foreign corporation resulted in anti-competitive effect on United States' domestic commerce, and thus district court lacked subject matter jurisdiction over corporate distributor's claim that termination of marketing contract violated Sherman Act; allegation that income flowed between corporations was insufficient to establish requisite domestic effect and distributor, a foreign corporation, could not maintain action under Sherman Act based merely upon injury to United States exporters attempting to enter Argentine computer software market. Optimum, S.A. v. Legent Corp., W.D.Pa.1996, 926 F.Supp. 530. Monopolies ⟨⟩ 28(3)

Consolidated antitrust actions filed by two groups which included foreign corporations engaged in production of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works



steel and United States corporation that acted on behalf of foreign steel producers would be remanded to permit district court to reconsider ruling on defendants' motion to dismiss in light of United States Supreme Court decision in F. Hoffman-LaRoche Ltd. v. Empagran S.A., which held that where alleged anticompetitive conduct caused an adverse foreign effect that was independent of domestic effects of conduct, Foreign Trade Antitrust Improvement Act's (FTAIA) domestic-injury exception, and thus Sherman Act, did not apply   BHP New Zealand Ltd. v. UCAR Intern., Inc., C.A. 3 (Pa.) 2004, 106 Fed.Appx. 138, 2004 WL 1771436, Unreported Federal Courts ☜  940

4A. Foreign trade or commerce

The Foreign Trade Antitrust Improvements Act (FTAIA) general exclusionary rule does not apply only to conduct involving American exports and includes commerce that is wholly foreign.  F. Hoffmann-La Roche Ltd. v. Empagran S.A., U.S.Dist.Col.2004, 124 S.Ct. 2359, 542 U.S. 155, 159 L.Ed.2d 226, on remand 2004 WL 1398217, on remand 388 F.3d 337, 363 U.S.App.D.C. 333, on remand 417 F.3d 1267, 368 U.S.App.D.C. 18. Monopolies ☜  12(7)

Maintenance of super-competitive prices of vitamin products in United States by foreign manufacturers, which may have facilitated scheme of foreign manufacturers to charge comparable prices abroad, did not "give rise to" claimed injuries of foreign purchasers of vitamin products so as to bring their Sherman Act claim within Foreign Trade Antitrust Improvements Act (FTAIA) exception; claimed injuries did not establish that increased prices in United States proximately caused foreign purchasers' injuries and purchasers otherwise did not identify direct tie to United States commerce.  Empagran S.A. v. F. Hoffmann-LaRoche, Ltd., C.A.D.C.2005, 417 F.3d 1267, 368 U.S.App.D.C. 18, certiorari denied 126 S.Ct. 1043, 163 L.Ed.2d 857.  Monopolies ☜  12(7)

5. Import trade or commerce

Factual findings that chemical manufacturers based in India and American firm that was joint venturer of manufacturers would have made few, if any, United States sales of 2-Amino-1 Butanol (AB) were not clearly erroneous, and thus supported determination that, pursuant to Foreign Trade Antitrust Improvements Act (FTAIA), which restricted Sherman Act claims to those based on conduct substantially affecting domestic commerce, subject matter jurisdiction did not exist over antitrust claims asserted by manufacturers and firm against American chemical company and related entities, based on prior litigation in which company sought to enjoin former employee from misappropriating trade secrets regarding manufacture of AB and 1-Nitro-Propane (1-NP), used to make AB. United Phosphorus, Ltd. v. Angus Chemical Co., C.A.7 (Ill.) 2003, 322 F.3d 942, certiorari denied 124 S.Ct. 533, 540 U.S. 1003, 157 L.Ed.2d 408. Monopolies ☜  28(3)

Domestic airlines and their trade association were not involved in "import trade or import commerce," for purpose of lawsuit brought under Foreign Trade Antitrust Improvements Act (FTAIA) by travel agents located in Latin America and Caribbean alleging that reduction of their commissions was form of horizontal price fixing, even though defendants paid commissions in United States dollars, agents had access to computer system based in United States, and some services agents offered were purchased by United States customers; agents actions did not directly increase or reduce imports into United States. Turicentro, S.A. v. American Airlines Inc., C.A.3 (Pa.) 2002, 303 F.3d 293. Monopolies ☜  12(7)

Under section of Foreign Trade Antitrust Improvements Act (FTAIA) providing that antitrust law shall apply to conduct "involving" import trade or commerce, proper inquiry is whether alleged conduct by defendants involves import trade or commerce, not whether plaintiff's conduct involves import trade or commerce.  Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., C.A.3 (N.J.) 2000, 227 F.3d 62, on remand 256 F.Supp.2d 249. Monopolies ☜  10; Monopolies ☜  12(7)

Foreign insurers' alleged antitrust conduct, which involved a group boycott, or threatened a group boycott, of new or renewal insurance for a company headquartered in Australia, did not amount to "import trade or import commerce" under Foreign Trade Antitrust Improvements Act (FTAIA); facts that insurers sold insurance that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works



covered global risks, including United States risks, and that insurers' insurance coverage might have required the employment of various attorneys and others in the United States and the purchase of services in support of those employees, did not mean that insurers directly imported a service or product into the United States. CSR Ltd. v. CIGNA Corp., D.N.J.2005, 405 F.Supp.2d 526. Monopolies ⛐ 12(7)

Plaintiff failed to establish that defendants' alleged foreign price-fixing and market allocation scheme resulted in an anticompetitive effect on United States domestic or import commerce, and thus district court lacked jurisdiction over claim that defendants maintained a substantial share of the world market for antibiotic products by actions which violated sections 1-7 of this title. Eurim-Pharm GmbH v. Pfizer Inc., S.D.N.Y.1984, 593 F.Supp. 1102. Monopolies ⛐ 12(7)

6. Export trade or commerce

Foreign Trade Antitrust Improvements Act (FTAIA), rather than common law "effects test," applied in determining whether District Court had subject matter jurisdiction over antitrust claim arising from alleged foreign restraint of trade. U.S. v. LSL Biotechnologies, C.A.9 (Ariz.) 2004, 379 F.3d 672. Monopolies ⛐ 28(3)

Activities of Texas company that exported United States telephone "reorigination" services to customers in Mexico and resold Mexican telephone services were legal under Mexican law during the relevant time, for purposes of company's establishing a prima facie showing of satisfying the export trade exception for antitrust liability; although Mexican law required government concession or permit in order to provide telecommunications services in Mexico and company had no such permit, company did not own, install, operate, and exploit telecommunications infrastructure in Mexico, and so was not a "provider" whose business was within the scope of the law. Access Telecom, Inc. v. MCI Telecommunications Corp., C.A.5 (Tex.) 1999, 197 F.3d 694, rehearing and suggestion for rehearing en banc denied 210 F.3d 365, certiorari denied 121 S.Ct. 275, 531 U.S. 917, 148 L.Ed.2d 200, certiorari denied 121 S.Ct. 292, 531 U.S. 917, 148 L.Ed.2d 200. Monopolies ⛐ 12(1.16)

District court lacked subject matter jurisdiction over Sherman Act claim by French corporation which accepted exclusive distributorship for United States manufacturer; actual injury to plaintiff within United States was required, and fact that other United States exporters would be ultimately injured through plaintiff's termination of relationship with them due to acceptance of that distributorship was insufficient. The In Porters, S.A. v. Hanes Printables, Inc., M.D.N.C.1987, 663 F.Supp. 494. Monopolies ⛐ 15

7. International comity

District court should not have declined to exercise jurisdiction, on grounds of international comity, over plaintiffs' Sherman Act claims against foreign reinsurers for successfully conspiring to limit kinds of insurance available in the United States, notwithstanding that reinsurers' activity may have been perfectly legal under British law, where reinsurers did not contend that British law required them to act in fashion prohibited by law of United States. Hartford Fire Ins. Co. v. California, U.S.Cal.1993, 113 S.Ct. 2891, 509 U.S. 764, 125 L.Ed.2d 612, on remand 5 F.3d 1556. Federal Courts ⛐ 47.1

In order for United States antitrust laws to apply to anticompetitive conduct taking place outside of country, under Foreign Trade Antitrust Improvement Act, Sherman Act claim alleged by claimant and Sherman Act claim arising out of effect of actions on an American market must be same. In re Copper Antitrust Litigation, W.D.Wis.2000, 117 F.Supp.2d 875, affirmed as modified 306 F.3d 469, rehearing and rehearing en banc denied, certiorari denied 123 S.Ct. 2247, 539 U.S. 903, 156 L.Ed.2d 111, certiorari denied 123 S.Ct. 2248, 539 U.S. 903, 156 L.Ed.2d 111, certiorari denied 123 S.Ct. 2251, 539 U.S. 903, 156 L.Ed.2d 111, reversed 325 F.3d 836. Monopolies ⛐ 12(7)

8. Persons entitled to maintain action

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Foreign purchasers of vitamins from manufacturers had standing to assert Sherman Act price-fixing claim against them; purchasers were injured in fact, and inflated price purchasers were forced to pay due to alleged global conspiracy was type of injury antitrust laws were intended to prevent  Empagran S A.  v  F  Hoffman-LaRoche, Ltd., C A.D.C.2003, 315 F.3d 338, 354 U S.App.D.C. 257, rehearing and rehearing en banc denied, certiorari granted 124 S Ct. 966, 540 U.S. 1088, 157 L.Ed.2d 793, vacated 124 S.Ct. 2359, 542 U.S. 155, 159 L Ed.2d 226, on remand 2004 WL 1398217, on remand 388 F.3d 337, 363 U.S.App.D.C. 333, on remand 417 F.3d 1267, 368 U S.App D.C. 18.  Monopolies ☞  28(1.6)

Foreign Trade Antitrust Improvements Act (FTAIA) acted as bar to proposed Sherman Antitrust Act class action against airline trade association and United States airline members brought by travel agents located in Latin America and Caribbean, who alleged that reduction of their commissions was form of horizontal price fixing, since defendants were not involved in "import trade or import commerce" and alleged collusion did not have "effect" on United States commerce.  Turicentro, S.A.  v.  American Airlines Inc , C A.3 (Pa ) 2002, 303 F.3d 293.  Monopolies ☞  28(3)

Appliance corporation's distributor engaged in export trade, and was therefore within the specified class of exporters under the Federal Trade Antitrust Improvements Act (FTAIA) able to bring action against corporation related to antitrust violations involving export trade; corporation delivered products to distributor "FOB factory," which caused distributor to bear risk and cost of inland shipment of product to Peru. General Elec. Co. v. Latin American Imports, S.A , W D.Ky.2001, 187 F.Supp.2d 749, reconsideration denied 2002 WL 1832030. Monopolies ☞  28(1.6)

Buyers of graphite electrodes, making purchases which had no connection with United States, were precluded by Foreign Trade Antitrust Improvement Act (FTAIA) from seeking relief under United States antitrust law, based upon existence of alleged conspiracy to fix prices charged for electrodes in United States  Ferromin Intern. Trade v. UCAR Intern , Inc , E.D Pa.2001, 153 F Supp.2d 700, vacated and remanded 106 Fed.Appx. 138, 2004 WL 1771436. Monopolies ☞  12(7)

Sherman Act did not protect foreigners who purchased computer software abroad and did not otherwise participate in United States market, despite claim that software manufacturer's anticompetitive conduct abroad was essential to maintenance of its monopoly in United States.  In re Microsoft Corp. Antitrust Litigation, D.Md.2001, 127 F.Supp.2d 702, supplemented 2001 WL 137254, issued 2001 WL 137255, affirmed 444 F.3d 312.  Monopolies ☞  10

Foreign Trade Antitrust Improvements Act (FTAIA), permitting suit challenging antitrust violations in foreign countries when actions had effect on domestic trade or commerce that was direct, substantial and reasonably foreseeable, did not allow foreign subsidiaries and joint venture partners of Illinois company which provided them with retail tracking information to sue competitors in United States for antitrust damages inflicted upon them in their respective countries; no antitrust damages were directly sustained by Illinois company, and consequently necessary effect on domestic trade and commerce was missing. Information Resources, Inc. v. Dun & Bradstreet Corp , S.D.N Y.2000, 127 F.Supp.2d 411, appeal dismissed 294 F.3d 447, reconsideration denied 260 F.Supp.2d 659. Monopolies ☞  28(1.4); Monopolies ☞  28(1.6)

Under Export Trading Company Act, antitrust plaintiff other than domestic importer must prove that defendant's conduct has direct, substantial, and reasonably foreseeable effect on plaintiff's continuing ability to export products from the United States, and foreign company that demonstrates requisite effect on United States export trade but fails to establish that it is within class of injured United States exporters lacks jurisdictional basis to sue under Sherman Act. i.e., foreign company cannot demonstrate domestic injury requirement by "piggybacking" onto injury of United States exporter. The In Porters, S.A.  v.  Hanes Printables, Inc , M D.N C.1987, 663 F.Supp. 494.  Monopolies ☞  15

9  Comity

© 2006 Thomson/West. No Claim to Orig. U S. Govt. Works.



Foreign Trade Anti-Trust Improvements Act (FTAIA)did not put end to use of *Timberlane* international comity factors to decide whether to dismiss Sherman Act case involving foreign trade or commerce. Filetech S.A.R.L. v. France Telecom, S.D.N.Y.1997, 978 F.Supp. 464, vacated 157 F.3d 922, on remand 212 F.Supp.2d 183. Monopolies ⟺  28(1.3)

15 U.S.C.A. § 6a, **15 USCA § 6a**

Current through P.L. 109-367 (excluding P.L. 109-304, P.L. 109-351,
P.L. 109-364 to P.L. 109-366) approved 10-26-06

Copr. © 2006 Thomson/West. No. Claim to Orig. U.S. Govt. Works

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

