EXHIBIT 22

# MOORE'S FEDERAL PRACTICE

## THIRD EDITION

### VOLUME 6

*JAMES WM. MOORE*

**BOARD OF EDITORS**

**Daniel R. Coquillette**
*J. Donald Monan*
*University Professor of Law,*
*Boston College*
and *Lester Kissel*
*Visiting Professor of Law*
*Harvard Law School*

**Gregory P. Joseph**
*Gregory P. Joseph Law Offices LLC,*
*New York*

**Sol Schreiber**
*Milberg Weiss Bershad*
*& Schulman LLP,*
*New York*

**Jerold S. Solovy**
*Jenner & Block, Chicago*

**Georgene M. Vairo**
*Professor of Law*
and *William M. Raines Fellow*
*Loyola Law School, Los Angeles*

2006



LexisNexis™
Matthew Bender®

Case 1:05-md-01717-JJF    Document 335-24    Filed 11/22/2006    Page 3 of 6

during discovery was much broader than the standard for admissibility of evidence at trial.[35]

The 2000 amendments to Rule 26(b)(1) do not entirely eliminate the occasions in which discovery will be allowed to encompass the full range of "relevance to the subject matter of the pending action." Trial courts have the authority to expand the scope of discovery to the old standard in the occasional case in which the circumstances require broader discovery than is ordinarily available for a fair and just resolution. This expansion is permissible only after the party seeking it has made a showing of good cause to support it.[36]

Depending on the context in which the question is raised, a court-ordered expansion of the scope of discovery, pursuant to the court's authority under the 2000 amendments to Rule 26(b)(1), could be applicable to all of the discovery conducted in the case, or only to specific discovery requests (see [3], above). Normally, an expansion of the "relevance" standard for discovery should be available only with respect to specific discovery requests, rather than pursuant to an order with case-wide applicability (see [3][b], above).[37] When the court does permit such an expansion of the subject matter of the information subject to discovery, however, the authorities interpreting "relevance" under Rule 26(b)(1) as it existed before the 2000 amendments should be applicable.

## [c]—Relevance to Claims or Defenses

The liberality the courts have traditionally accorded discovery requests, when challenged on relevance grounds, is not likely to diminish substantially because

---

at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action")

[35] **Discovery relevance broader than admissibility relevance.** Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 198 (N.D. W. Va. 2000) (relevance for discovery purposes defined more broadly than relevance for evidentiary purposes).

| | |
|---|---|
| 2d Circuit | Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (admissibility at trial is not standard for resolution of discovery disputes) |
| 4th Circuit | Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 198 (N.D. W. Va. 2000) (relevance for discovery purposes defined more broadly than relevance for evidentiary purposes) |
| 6th Circuit | Allen v. Howmedica Leibinger, Inc., 190 F.R.D. 518, 521 (W.D. Tenn. 1999) (relevance for discovery defined very broadly: information need not be admissible in evidence to be discoverable) |
| 9th Circuit | See, e.g., United States v. City of Torrance, 164 F.R.D. 493, 495 (C.D. Cal. 1995) (discoverable information need not be admissible at trial) |

[36] Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2]).

[37] Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2])

of the 2000 amendment to Rule 26(b)(1) narrowing the definition of relevance for discovery purposes. The amendment will, of course, require the courts to focus on the claims and defenses the parties have actually asserted in their pleadings, rather than on the more general subject matter of the pending action, in determining whether a discovery request seeks relevant information.

This more narrowly defined focus, however, does not mean that a fact must be alleged in a pleading for a party to be entitled to discovery of information concerning that fact. All it means is that the fact must be germane to a claim or defense alleged in the pleading for information concerning it to be a proper subject of discovery (see [2][d], above). [37.1] Moreover, the line between information relevant to the claims and defenses the parties have asserted and information relevant to the subject matter of the pending action is neither bright nor distinct, and is not any clearer under the more restrictive scope of discovery the 2000 amendments to Rule 26(b)(1) effectuate. [38]

Furthermore, the purpose of the 2000 amendments was to reduce the expense of litigation without interfering with fair resolutions of the cases tried in federal courts. [39] To a large extent, the liberality of discovery and the wide-ranging interpretation the courts have given to the term "relevance" for discovery purposes have served to promote fair resolutions of lawsuits through the elimination of surprise and the establishment of equal opportunities of access to the information on which the finder of fact will determine the outcome of the suit. [40]

It is, thus, likely that the courts will continue to construe the discovery rules quite liberally, with a predisposition toward allowing discovery, and that the court opinions rendered before the adoption of the 2000 amendments will continue to have great force. The courts should be expected, however, to require a more substantial connection between the information sought by discovery requests and the claims and defenses alleged in the pleadings than was previously the case. This is not to say, however, that a court could properly require that all discovery be directly related to the merits of the claims and defenses the parties have asserted in their pleadings. Information need not be directly related to claims and defenses to be relevant to them (see [2][d], above).

---

[37.1] **Germane to claim or defense.** See In re PE Corp. Secs. Litig., 221 F.R.D. 20, 24 (D. Conn 2003) (citing **Moore's**, court noted that all 2000 amendment to Rule 26(b) implies is that fact must be germane to claim or defense alleged in pleading).

[38] Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2]); see [1], above)

[39] Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2])

[40] **Access to facts essential to proper litigation.** Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (knowledge of all facts by all parties is essential to proper litigation).

A court's determination whether a discovery request is "relevant to the claim or defense of any party" must look beyond the allegation of a claim or defense to the controlling substantive law. Whether a specific discovery request seeks information relevant to a claim or defense depends on the specific circumstances of the pending action.[40.1] For example, in a product liability case, information concerning incidents other than the accident that injured the plaintiff that are similar to the plaintiff's accident and that involved the same product may be "relevant" to the plaintiff's claim because of the substantive law applicable to the case, even though the plaintiff's allegations may not directly refer to those other incidents.[41]

On the other hand, in a suit contending that a hospital had wrongfully disciplined a doctor for improper performance of a surgical procedure, information concerning the techniques other doctors followed in performing the same procedure in the same hospital may not be "relevant," for discovery purposes, in the absence of a claim that the disciplinary action was motivated by racial, gender, or other improper factors.[42] Thus, in most instances, whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action,[43] even more so under the 2000 amendments to Rule 26(b)(1) than before. The more highly focused definition of *relevance* reminds the courts that they have the authority to control discovery by confining it to the claims and defenses asserted in the pleadings and that they should exercise that authority more vigorously than they have in the past. The definition restricting "relevant" discoverable evidence to that relating to the claims and defenses the parties have actually articulated, coupled with the redundant reminder in Rule 26(b)(1) that the courts should make certain that all discovery is conducted with the limitations of Rule 26(b)(2) in mind, is a clarion call for the courts to use their administrative authority to control discovery to eliminate those instances in which the parties stray far afield from the factual

---

40.1 **Relevancy depends on circumstances of case.** *See* In re PE Corp. Secs. Litig., 221 F.R.D. 20, 24 (D. Conn. 2003) (citing **Moore's**).

41 **Information concerning similar accidents involving same product discoverable.** *See, e.g.,* Baine v. General Motors Corp., 141 F.R.D. 328, 329–330 (M.D. Ala. 1991) (citing **Moore's**, in action alleging defective design of seat belt lock mechanism, discovery permitted of all accident reports involving alleged failure of same type of mechanism, regardless of type of vehicle in which seat belt was installed; state law required proof of manufacturer's notice of danger of product); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2]).

42 **Information concerning performance of same procedure by others not discoverable.** *See, e.g.,* Hayden v. Bracy, 744 F.2d 1338, 1342 (8th Cir. 1984) (information concerning performance of Cesarean sections by other doctors not discoverable in suit by doctor alleging hospital wrongfully disciplined him for use of improper techniques in performing Cesarean sections).

43 Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2])

issues that are at the heart of their case and are verging on discovery abuse, rather than seeking a fair and just resolution of the case (see [2][b], above).[44]

There is a fundamental relationship between matters that are subject to the mandatory initial disclosure requirements of Rule 26(a)(1) (see § 26.22) and matters that are generally subject to discovery. Indeed, the purpose of the mandatory initial disclosure provisions is to require early disclosure of matters that are the subject of formal discovery requests in most cases, thereby obviating the need for those formal discovery requests.[45]

The initial disclosure provisions require, among other things, that the disclosing party reveal identifying information concerning witnesses and documents the disclosing party may use in the proceeding. The witnesses and documents subject to the disclosure requirement are not limited to those the disclosing party will use during the trial; they encompass as well the witnesses and documents the disclosing party may use during pretrial proceedings, such as in arguments on pretrial motions and during interrogation of witnesses during depositions.[46] There seems, however, to be no reason to require the disclosing party to provide in the initial disclosures information concerning witnesses and documents he or she may use in pretrial proceedings but not at trial unless the information were considered to be "relevant to a claim or defense" of the disclosing party, such as evidence of ancillary issues (timing or irreparable injury) the disclosing party might use during a hearing on a substantive motion—for example, a hearing on an application for a preliminary injunction—in which affidavits or live testimony and documentary evidence are presented to the court. For additional discussion of relevance to a claim or defense, see § 26.43.

In the occasional case in which the circumstances require broader discovery than is ordinarily available for a fair and just resolution, the 2000 amendments to Rule 26(b)(1) permit the court to expand the scope of discovery to include all matters that may be relevant to the subject matter of the pending action, the old standard. This expansion is permissible only after the party seeking it has made a showing of good cause to support it. Normally, an expansion of the "relevance" limiting factor for discovery should be available only with respect to specific discovery requests, rather than pursuant to an order with case-wide applicability, to facilitate the administrative oversight of discovery the 2000 amendment to Rule 26(b)(1) was intended to secure.[47]

44 Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2])

45 Fed R Civ P 26(a) advisory committee's note (1993) (reproduced verbatim at § 26App 09[2])

46 Fed R Civ. P 26(a)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2]).

47 Fed R Civ P 26(b)(1) advisory committee's note (2000) (reproduced verbatim at § 26App.10[2]).