# EXHIBIT A

Teleconference

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


ADVANCED MICRO DEVICES, :
    Plaintiff,     :
                      :
    v.                : Civil Action No.
                      : 05-441-JJF
INTEL CORPORATION,     :
    Defendant.     :


            Teleconference in the above matter taken

pursuant to notice before Gloria M. D'Amore, Registered

Professional Reporter, in the law offices of Blank Rome,

LLP, 1201 N. Market Street, Suite 800, Wilmington,

Delaware, on Thursday, November 16, 2006, beginning at

approximately 11:05 a.m., there being present:

BEFORE:
           THE HONORABLE VINCENT J. POPPITI

APPEARANCES:
                O'MELVENY & MYERS
                BY:  CHARLES DIAMOND, ESQUIRE
                     and
                  LINDA J. SMITH, ESQUIRE
                  1999 Avenue of the Stars
                  Los Angeles, California 90067
                Attorneys for AMD


CORBETT & WILCOX
Registered Professional Reporters
230 N. Market Street      Wilmington, DE 19801

Teleconference

```
 1    APPEARANCES CONTINUED:

 2
                RICHARDS, LAYTON & FINGER
 3              BY:  FREDERICK L. COTTRELL, III, ESQUIRE
                          and
 4                   CHAD M. SHANDLER, ESQUIRE
                     One Rodney Square
 5                   920 N. King Street
                     Wilmington, Delaware 19801
 6              Attorneys for AMD

 7              POTTER, ANDERSON & CORROON
                BY:  RICHARD L. HORWITZ, ESQUIRE
 8                   1313 N. Market Street, 6th Floor
                     P.O. Box 951
 9                   Wilmington, Delaware 19899
                Attorney for Intel
10
                On behalf of GIBSON, DUNN & CRUTCHER, LLP
11              BY:  DANIEL FLOYD, ESQUIRE
                Attorney for Intel
12
                On behalf of HOWREY
13              DARREN BERNHARDT, ESQUIRE
                Attorney for Intel
14
                On behalf of BINGHAM, McCUTCHEN
15              RICHARD RIPLEY, ESQUIRE
                Attorney for Intel
16
                PRICKETT, JONES & ELLIOTT
17              BY:  JAMES L. HOLZMAN, ESQUIRE
                     1310 King Street
18                   Wilmington, Delaware 19801
                Attorney for Plaintiff, Class
19
                On behalf of Cohen Milstein
20              DAN SMALL, ESQUIRE
                Attorney for Plaintiff, Class
21

22

23

24
```

Corbett & Wilcox

Teleconference

Page 3

1          JUDGE POPPITI:  Please do a roll call.

2          MR. COTTRELL:  In Wilmington for AMD is

3  Fred Cottrell and Chad Shandler, and, of course, on the

4  West Coast from O'Melveny and Myers is Chuck Diamond and

5  Linda Smith.

6          JUDGE POPPITI:  Next, please.

7          MR. FLOYD:  Dan Floyd from Gibson, Dunn

8  and Crutcher for Intel.

9          JUDGE POPPITI:  Next.

10          MR. HORWITZ:  Your Honor, it's Rich

11  Horwitz in Wilmington for Intel, as well, with Potter,

12  Anderson.  And Darren Bernhardt from --

13          JUDGE POPPITI:  Mr. Horwitz, would you

14  go back over that.  There was some interference on the

15  line.  I didn't hear what you said.

16          MR. HORWITZ:  Rich Horwitz from Potter

17  Anderson for Intel.  And also on the line for Intel is

18  Daron Bernhardt from Howrey and Rick Ripley from Bingham,

19  McCutchen.

20          MR. HOLZMAN:  Jim Holzman at Prickett,

21  Jones for the plaintiff, Class, along with Dan Small of

22  the Cohen Milstein firm in Washington.

23          JUDGE POPPITI:  Thank you.  Does that

24  round out everyone?

Corbett & Wilcox

Teleconference

Page 4

1                 Mr. Cottrell, are you taking the lead

2    today?

3                 MR. COTTRELL:  I think Chuck had a few

4    things, and then we can add, if necessary.

5                 MR. DIAMOND:  Judge, there were three

6    issues that it seemed appropriate to raise with you this

7    morning.

8                 One is the status of the MDA responses

9    that both AMD and Intel have been receiving from parties

10   whose information we may be producing for one another.

11                The second is the letter that was sent

12   to you, at least, under Paul Weiss' letterhead --

13                JUDGE POPPITI:  Yes.  I have that.

14                MR. DIAMOND:  -- dated November 13th and

15   what to do with that during the pendency of the currently

16   brief Intel -- I'm sorry -- our motion to compel foreign

17   conduct discovery.

18                And then, the third issue is sort of an

19   update as to where we stand with third-party

20   negotiations.  You wanted to be able to monitor that.

21                JUDGE POPPITI:  Yes.

22                MR. DIAMOND:  So, I thought we ought to

23   give you sort of a thumbnail sketch of where we stand.

24                JUDGE POPPITI:  That's great.

Teleconference

1          MR. DIAMOND:  We can do those in any

2    order you prefer.

3          JUDGE POPPITI:  You call off the order,

4    follow the order that you suggested.  I'm fine with that.

5          MR. DIAMOND:  Let me start with the

6    MDA's then.  I think there were about a half dozen --

7    four to a half dozen letters that were sent to you in

8    total.  We received about a dozen or so letters from

9    recipients of our notification letter.

10          JUDGE POPPITI:  Yes.

11          MR. DIAMOND:  We have resolved those

12    issues with respect to everyone who has written to you.

13          JUDGE POPPITI:  That's great.

14          MR. DIAMOND:  At least we think so.

15          The last one we provided information to

16    about 10 days ago, we haven't heard anything further, and

17    they haven't returned calls or E-mails.  So, I think that

18    one is resolved, as well.

19          However, we recently got it, and I just

20    confirmed that Intel received the same thing from -- you

21    will remember Mr. Holstein, who represented the

22    subpoenaed parties in connection with the protective

23    order.

24          JUDGE POPPITI:  Yes.

Teleconference

1              MR. DIAMOND:  He has written on behalf

2    of his clients, HP and an HP subsidiary, objecting to the

3    way that AMD and Intel proposes to proceed and request

4    the right to inspect any document that is or contains any

5    materials subject to a nondisclosure agreement with HP.

6              For the reasons that we've discussed,

7    particularly with a company like HP, that will be so

8    dominant in both our corporate vials, that's, for

9    practical reasons, a nonstarter.

10             We have conveyed that to both

11   Mr. Holstein and the client level to the inside counsel's

12   office and are in discussions.  I don't know where Intel

13   stands on that.

14             But we are desperate to get this

15   document exchange rolling.  And I think we need to, or I

16   think you need to sort of set a fish or cut bait time

17   very soon, perhaps, as early as next week that -- you

18   know -- to the extent we haven't worked out any problems

19   with any of the recipients that we tee that up in front

20   of you and get it resolved.

21              I'm becoming increasingly concerned

22   about the April document exchange cutoff, if we are

23   continued to be delayed by these third-party objections,

24   which ultimately you will have to resolve, and we don't

Teleconference

1   view as well taken in view of the protective order.

2                   It is probably useful to hear from Intel

3   as to where they stand.

4                   JUDGE POPPITI:  I agree.

5                   MR. BERNHARDT:  This is Daron Bernhardt,

6   Your Honor.

7                   I think, generally, we would be

8   amendable to some sort of cutoff date.  I rather not do

9   it next week just because of the holiday, but if we can

10  do it the end of the following week.

11                  We have not started the negotiations

12  with HP because I think we sent our letter after AMD did,

13  and we just received Mr. Holstein's letter.

14                  We would hope to be able to do this

15  through some sort of negotiated resolution.  Most of the

16  third parties have not raised any objection to the

17  production of documents given that there is a protective

18  order in place.  And we are going to try to engage with

19  HP to see if we can alleviate their concerns either by

20  agreeing to give them some sort of truncated list, some

21  word searches or something, or a date cutoff, or getting

22  them to have a better understanding of the protections

23  the protective order provides.

24                  But in any event, if we could have a

Corbett & Wilcox

Teleconference

1   little bit of time to do that, I'm optimistic that we

2   would be able to resolve it with them short of a motion.

3   If there has to be a motion, there has to be a motion.

4              I agree with what Mr. Diamond has said,

5   that for all practical purposes, having to identify every

6   single document from every third party just would not be

7   workable for either AMD or Intel.

8              JUDGE POPPITI:  Any other comments about

9   that issue?

10             Well, it seems to me that if next week

11  doesn't work because of the holiday, certainly pick any

12  day in the following week that makes sense to the both of

13  you to permit the amount of discussion, dialogue,

14  negotiation that you need.  And then, once that date

15  passes, permit there to be motion practice on the issue.

16             And I'm happy to let you pick that date.

17             MR. DIAMOND:  This is Mr. Diamond.

18             In light of Mr. Bernhardt's comments, I

19  don't know that we need a hard-and-fast date.  I think if

20  you tell us this needs to be resolved by the end of the

21  week of November 27th, if we reach impasse with HP

22  earlier than that, we're just going to tee this up and it

23  will get resolved when it gets resolved.

24             We'll file on Monday the 27th, but I

Teleconference

Page 9

1    don't know that you'll want, necessarily, to wait until

2    Friday, December 1st.  If we know we are not going to get

3    anywhere, we will go ahead and tee this up.

4                    JUDGE POPPITI:  Then here is what I

5    would --

6                    MR. BERNHARDT:  Your Honor, could I just

7    mention one other point.  This is Mr. Bernhardt again.

8                    JUDGE POPPITI:  Yes, please.

9                    MR. BERNHARDT:  I should have mentioned

10    this before.

11                    As a result of getting AMD's MDA list

12    and some additional work that we have done, we may have a

13    few more letters that have to be sent out.  I just want

14    to alert the court to that.  There ought not to be too

15    many and, hopefully, they won't raise objections.

16                    But given that we have been given two

17    weeks' time to get that notice to get a response back for

18    every third party, the last week of November may not work

19    for us.  Certainly, for those where the letters have

20    already been sent, it would work.

21                    JUDGE POPPITI:  Mr. Diamond.

22                    MR. DIAMOND:  Unless --

23                    JUDGE POPPITI:  We don't want to be

24    doing these piecemeal.

Corbett & Wilcox

Teleconference

1          MR. DIAMOND:  Unless Mr. Bernhardt can

2    filter out any documents from those companies, what this

3    means is, the date last for the last objector to file the

4    last objection is really the first date that we can begin

5    the document exchange.

6          I would think that under these

7    circumstances, maybe what we ought to do is propose that

8    we agree that seven days to object in the case of these

9    outliers be the notice period rather than the 15.  So, if

10   they go out now, we can tee this up quickly.  Obviously,

11   if somebody needs more than seven days to sort out their

12   difficulties, they can come back and ask Daron for some

13   additional time, and we can discuss that.

14          But, again, if we start a 15-day clock

15   running the end of this week, given the fact that

16   unresolved objections are going to take two weeks to

17   resolve, potentially an appeal to the District Court --

18   we will be putting off this exchange until some time in

19   mid-January.  And that's just hopeless, from our

20   standpoint.

21          Any objection that we just give seven

22   days notice on the last couple of letters that go out.

23          MR. BERNHARDT:  No objection from us,

24   Your Honor.

Teleconference

1          JUDGE POPPITI:  Well, if you think it's

2    going to work given the holiday, then I will let you

3    drive the train, so to speak.

4          And what I would like, because I think

5    it's important for whatever order that gets entered, I

6    would like you to draft the form of order that would be

7    entered so that the third parties, I expect they're

8    monitoring the docket, can see whatever language you

9    choose.

10         MR. DIAMOND:  I will undertake to draft

11   something and shoot it by Mr. Bernhardt and Mr. Floyd.

12         JUDGE POPPITI:  Should I look for that

13   by date certain or just leave it to your energy to get it

14   done and in due course?

15         MR. DIAMOND:  We will probably have

16   something to you by Monday.

17         JUDGE POPPITI:  That's fine.

18         MR. DIAMOND:  I will certainly have

19   something to Daron by tomorrow.

20         JUDGE POPPITI:  Okay.  That's fine.

21   And I think what we may want to be sensitive to, knowing

22   everyone's concern about getting this rolling and getting

23   it accomplished by the date that the court has already

24   set, should we discuss now whether there -- with respect

Corbett & Wilcox

Teleconference

1    to motion practice, are we satisfied that the process for

2    motion practice should stay as it is in terms of the time

3    frames involved, or should there be a separate schedule,

4    if you will, and truncated?

5              MR. DIAMOND:  With respect to the MDA

6    issue?

7              JUDGE POPPITI:  Yes.  I anticipate that

8    whatever motion practice there is, the way I would like

9    to approach it, and this is best circumstance, is it

10   opens and closes as quickly and efficiently as possible.

11   And we set a date when there can be a telephonic hearing

12   on those motions and a decision can be made during the

13   course of the hearing with a form of order as we've

14   contemplated in earlier discussion drafted by you, so

15   that I don't have to take the time necessary to create

16   the kind of record that the court would expect me to

17   create with any motion on a finding and recommendation.

18              I mean, I don't know whether you want to

19   discuss that now, or you want to give it some thought.

20   What I don't want to do is to set forth in a process that

21   is going to get in any sense bogged down.  I don't want

22   it to be.

23              MR. BERNHARDT:  Your Honor, this is

24   Daron Bernhardt.

Corbett & Wilcox

Teleconference

Page 13

1          JUDGE POPPITI:  Yes, please.

2          MR. BERNHARDT:  What I would suggest is

3  that we consult with AMD's counsel on this and get back

4  to you.  I think we actually are consulting with them on

5  some other issues tomorrow and maybe we could put that on

6  our agenda.  But I would like the chance to think about

7  it and to talk to them about it -- the proposal.

8          JUDGE POPPITI:  That's fine.  And,

9  perhaps, if you all agree, then, I know you'll tell me

10  that.  If you can do it by Monday, that would be great

11  because I think I would like to wrap whatever we do into

12  the order that I'm going to be entering.

13          And if necessary, during your meet and

14  confer, although I got a fairly busy schedule tomorrow,

15  if you all put out a call for me, I'll find a way to get

16  back to you.

17          MR. DIAMOND:  We will put it on the

18  agenda for us to discuss between ourselves.

19          JUDGE POPPITI:  Next matter, please.

20          MR. DIAMOND:  The November 13th letter

21  from Paul Weiss' firm.

22          Let me say for the record, I am speaking

23  on behalf of AMD only with respect to Fujitsu and NEC.

24          JUDGE POPPITI:  Yes.

Teleconference

1              MR. DIAMOND:  AMD is separately

2    represented in connection with negotiations by two firms

3    with respect to Sony, and one of Mr. Cottrell's partner's

4    is handling the Toshiba negotiations.

5              I don't know, quite frankly, Your Honor

6    what to make of this letter.  Let me just give you the

7    background.

8              We, after serving subpoenas on the

9    Japanese OEM, the four named here and the one additional

10   one, we entered into an agreement that, in substitution

11   for compliance with the subpoena, each of the Japanese

12   OEM's could produce to AMD, in the first instance the

13   documents that they gave or had collected from them by

14   the Japanese Fair Trade Commission, which conducted an

15   investigation into Intel's practices in 2005.

16             JUDGE POPPITI:  Yes.  I'm aware of it,

17   and I'm familiar with it.

18             MR. DIAMOND:  The understanding was, we

19   would use that collection of documents, which, obviously,

20   would be very easy to collect and produce to narrow the

21   universe of our request both in terms of custodians who

22   we were interested in the subject matter.

23             We bore all of the expense for the

24   copying of production of those materials.  And we agreed

Teleconference

Page 15

1    to discuss in the future an allocation of expense with

2    respect to any further production.

3                About three to four weeks ago, we sent

4    to each of the four signatories to this letter a revised

5    proposal significantly narrowing the scope of our

6    request, in light of what they had already produced to

7    us.

8                We have not heard back from a single one

9    of them. No objections. No proposal to narrow. No

10   discussions whatsoever as to scope.

11               And I had assumed that was because they

12   are all hanging fire waiting for the outcome of our

13   motion to compel. Intel's production of foreign conduct

14   documents.

15               This letter, as far as I'm concerned, is

16   wholly out of compliance with what we would have

17   expected.

18               JUDGE POPPITI:  It looks like an

19   uninvited amicus.

20               MR. DIAMOND:  Well, I won't put Dan and

21   Daron on the spot, but I suspect it was invited.

22               JUDGE POPPITI:  Okay.

23               MR. DIAMOND:  But in any event, your

24   Rule 3 of your June 28th procedures --

Teleconference

Page 16

1                    JUDGE POPPITI:  Yes.

2                    MR. DIAMOND:  -- is quite expressed that

3    there has to be a meet and confer.  If we're going to go

4    to war with the Japanese OEM's over compliance, number

5    one, we're happy to talk to them both about narrowing

6    scope and assuming some portion of the costs of

7    collecting documents as both we and Intel have done with

8    respect to all of the subpoenaed parties.  And Linda can

9    comment more on those.  But we haven't foreclosed that.

10                   But it seems to me that if we're going

11   to litigate this now, each of these can be litigated on a

12   case-by-case basis.  There's history behind each of the

13   negotiations, and we're going to get into burden

14   questions and cost allocation questions that may be

15   rendered mute by -- well, that may well largely be

16   disposed of by your ruling on our motion to compel

17   Intel's production.

18                   JUDGE POPPITI:  Well, certainly that's

19   going to be a significantly umbrella and it may be.

20                   MR. DIAMOND:  I think we can all agree

21   that if we are not entitled to foreign conduct discovery,

22   bearing on Intel's activities with respect to purely

23   foreign companies, we are probably not entitled to it

24   from the purely foreign companies themselves.  I put a

Teleconference

1  pin in that because companies like Sony are both domestic

2  and foreign.  They operate and purchase microprocessors

3  for use here in the United States, as well as Asia.

4              JUDGE POPPITI:  I understand.

5              MR. DIAMOND:  But by and large, it seems

6  to me that it is premature to go litigate these things.

7  There is nothing raised with respect to the foreign

8  conduct issues in this letter that's not already on the

9  table by virtue of Intel's opposition.

10              And what I would propose is that we

11  contact, through the appropriate counsel, each of these

12  four parties and tell them that we have been instructed

13  to meet and confer with respect to the burden issues

14  before we litigate that.  But in any event, it's your

15  preference to decide the foreign conduct discovery issue

16  in the context of the Intel motion, and then we will

17  visit these as necessary.

18              JUDGE POPPITI:  Any other comments?

19              MR. BERNHARDT:  Daron Bernhardt for

20  Intel, Your Honor.

21              I have two overall comments.  One

22  procedural and one substantive.

23              The Japan OEM's have moved the court and

24  asked the court to address the jurisdictional decision

Corbett & Wilcox

Teleconference

1    that Judge Farnan made and the impact that has on

2    discovery as it applies to them.

3                    And in their letter brief they state

4    that Your Honor's decision on AMD's discovery motion to

5    compel will have a great impact on them. They asked the

6    court to consider that letter now, and they set out all

7    of the reasons why they think it ought to be considered

8    now.

9                    Now, outside of their presence, what AMD

10   is effectively doing is saying defer or strike their

11   motion and we'll put it off. And, I think, that, with

12   all due respect to Mr. Diamond, that procedurally that's

13   not the appropriate way to go. Intel ought not to be in

14   the position of speaking on behalf of the third parties

15   simply because they agree with our interpretation of The

16   Court FTAIA decision.

17                   And if AMD has a motion that it wants to

18   bring to strike or defer against that third party letter

19   brief, it ought to bring it, give the third parties the

20   opportunity to be heard on the issue, allow Intel to be

21   heard on it, and then the court can make a decision in

22   that fashion. I think that can be done very quickly.

23   AMD could get that on file in a day or two and the third

24   parties and Intel can respond certainly by the end of the

Teleconference

1    day Wednesday of next week.

2                    JUDGE POPPITI:  And let me make an

3    observation about that.  I mean, it does seem to me that,

4    if you will, an amicus submittal may serve some purpose.

5                    And yet, at the same time, if I were to

6    view this document as an amicus submittal, the document

7    is filed against some background of those facts contained

8    in the November 13th correspondence.

9                    So, it really isn't, if you will, a

10   traditional amicus focused squarely on the issue that you

11   are teeing up for me.  It does have, if you will, some

12   legs of its own.  And if that's the case, should there

13   not, at least be requirement, if you all don't agree that

14   this letter should stand, and they should be permitted to

15   participate, if you will, in the fashion of an amicus, do

16   you not agree that they should, at least, fulfill the

17   requirement of meet and confer.

18                    MR. BERNHARDT:  Your Honor, I think,

19   certainly, they could have a very quick conversation with

20   AMD about whether AMD is willing to completely forego

21   foreign conduct discovery.  I think we know what the

22   answer already to that is.  And, therefore, it would be a

23   proforma meet and confer, but the result would be that

24   they want to participate and have their views heard, as

Corbett & Wilcox

Teleconference

Page 20

1    Your Honor adjudicates AMD's motion to compel against

2    Intel.

3                    JUDGE POPPITI:  And I'm not one for form

4    over substance.  And yet, at the same time, I would be

5    very concerned at the front end of the process that I

6    will be involved with, I would, by virtue of in action

7    suggest that meet and confer isn't important because it

8    will be.

9                    MR. BERNHARDT:  One way to deal with

10   that, then, Your Honor, would be to ask AMD to try to

11   have that meet and confer in the next couple of days and

12   to report to the court some time next week about whether

13   any resolution is possible.

14                    If the answer is, no, the court can then

15   take under submission this letter brief, have an amicus

16   filing and use it for whatever value The Court deemed

17   that it has.  And the court could separate out those

18   parts that are relevant to a filing as an amicus and

19   those parts that the court thinks raised separate issues

20   that could be deferred.

21                    JUDGE POPPITI:  Mr. Diamond.

22                    MR. DIAMOND:  Your Honor --

23                    JUDGE POPPITI:  And Mr. Diamond, before

24   you respond, let me just make another observation.

Teleconference

Page 21

1           If an amicus makes any sense, and help

2   is always sensible, if it's helpful, I don't want to have

3   to perform the task of parsing out those sections that

4   are focused on the OEM's concerns themselves.  If it's

5   supposed to be a pure amicus and it is expected to be

6   helpful, then I want it to be an amicus.  I want it

7   focused on the issue that is before me.  At least it

8   seems to me.

9           MR. DIAMOND:  And I was going to sort of

10  raise the same objection to Mr. Bernhardt's last comment.

11  What parts of this are amicus and what parts of these are

12  motions.

13           I am happy to begin the meet and confer

14  process.  Obviously, we are singularly focused in getting

15  a reply done and to you on Tuesday, and given the holiday

16  next week, this is not likely to happen until the

17  following week.

18           I have no objection if you treat the

19  portion of these letters dealing with the purely legal

20  issue of foreign conduct discovery and take those into

21  account, if you think that there's anything worth taking

22  into account.

23           But a good portion of this letter is

24  devoted to the burden arguments.  And those ought to be

Teleconference

1    the subject of meet and confer because nobody knows how

2    burdensome this discovery is going to be because the

3    parties haven't defined what they need to do and what AMD

4    and Intel will pay for and what we won't pay for.

5               So, I think it's totally premature to

6    litigate those issues.

7               And I'm sensitive to Mr. Bernhardt's

8    comments about procedural niceties.

9               But on its face, this letter violates

10   your June 28th order.  And I'm happy to write a letter to

11   you to that effect and ask you to strike it until such

12   time.

13               JUDGE POPPITI:  Yes.  And I was just

14   going to suggest that the procedural posture of the

15   letter, if you will, at least places before me the

16   argument being made on behalf of the OEM's.

17               And I think it's important for them to

18   have some voice in the matter, other than the letter.  At

19   this juncture, we are on the phone without them.  And it

20   seems to me that for purposes of making any judgment,

21   rounding out the record is important to do.

22               So, I will leave it to you, Mr. Diamond,

23   to do whatever you think is appropriate with respect to

24   this letter.  And depending upon what you do, I think it

Teleconference

1    may be important for me to convene, if necessary, a

2    conference, so that I can have the OEM's voice or argue

3    their position.

4                    And I think it is also important that in

5    having whatever you filed with me, not necessarily in

6    conjunction with that, but I believe it is important for

7    the OEM's to have a copy of this transcript insofar as it

8    deals with the November 13th letter. And I would look to

9    counsel to make sure that that occurs.

10                   MR. DIAMOND: Why don't I attach that to

11   the letter I will send you next week.

12                   JUDGE POPPITI: Please.

13                   MR. DIAMOND: I am not quite sure what

14   time frames apply to this letter because the letter is

15   not in conformance with your rules either in procedure or

16   length.

17                   JUDGE POPPITI: I understand what you're

18   saying.

19                   MR. DIAMOND: I don't know whether we're

20   operating under the Delaware local rules, your rules, but

21   we are not going to address the merits of this. We are

22   simply going to address the procedural deficiencies, and

23   I will attach the transcript.

24                   And if Counsel for the OEM's want to

Corbett & Wilcox

Teleconference

1    have a hearing on the propriety of the motion in its

2    current form, we can do that.

3                    I will need until next week, because, as

4    I said, I only represent AMD with respect to some of, but

5    these not all of these OEM's, and I need to get the other

6    Counsel on board.  I will get that to you before you

7    leave for the holidays.

8                    JUDGE POPPITI:  That's fine.  What you

9    are saying is Wednesday of next week, that's fine.

10   That's fine with me.

11                   MR. BERNHARDT:  Your Honor, Darren

12   Bernhardt.

13                   Can I make one other point?

14                   JUDGE POPPITI:  Yes, please.

15                   MR. BERNHARDT:  We have a hearing

16   scheduled, I believe, on November 29th.  And it is quite

17   clear that the third parties want to have their voice in

18   adjudication of this motion and, therefore, we are under

19   some time pressure here.

20                   If AMD is going to say, Look, you should

21   have had a meet and confer, and, therefore, your letter

22   is procedurally inappropriate, again, the meet and confer

23   is going to be proforma because AMD is not going to agree

24   with the third parties position that no foreign conduct

Teleconference

Page 25

1   discovery should go forward.

2           So, if the court could impose some

3   deadline on that meet and confer, that would give the

4   parties an opportunity to refile before the hearing.

5           MR. DIAMOND:  I totally object to that.

6   We are under orders from Judge Farnan to properly dispose

7   of the foreign conduct discovery issue.  We have adopted

8   a schedule for that.  This is going to be briefed by next

9   Tuesday.  It will be argued on the 29th.  There is no

10  right of these OEM's to inject themselves into that

11  process, either on their own, or if, it was the case, by

12  invitation of Intel.

13          We have enough lawyers on this dispute

14  as it is and don't need another legion.

15          If the Japanense OEM's wanted to

16  crystallize this issue in a time frame that would have

17  paralleled the Intel motion, they certainly had every

18  ability to do so and do so in an appropriate way.

19          I don't think that Mr. Bernhardt ought

20  to shoehorn them in so that it's five against one instead

21  of one against one.

22          JUDGE POPPITI:  I expect the OEM's,

23  through their able counsel, know how to serve up a

24  request to participate in briefing -- an amicus briefing,

Corbett & Wilcox

Teleconference

1    if you will.

2                   Although, this letter, as I said,

3    suggest that this is an uninvited amicus, there has been

4    no request appropriately filed for them to participate.

5                   So, it was important for me to read the

6    letter, for purposes of having this conversation.  But I

7    can say, at this juncture, I don't intend to do anything

8    with that letter until I see what Mr. Diamond's submittal

9    is going to be, responding, if you will, to same.

10                   Intel, if you choose, you can also file

11   a simultaneous view, if you will, of that letter, and I

12   will make some judgment as to whether the letter stands

13   and whether there is even sufficient time to permit

14   amicus filings.

15                   We're rolling toward a hearing date.

16   Your final brief is due next week.  Again, I expect the

17   OEM's have been monitoring the docket.  So, it should be

18   no surprise to them, and it appears not to be a surprise,

19   if they know we're in briefing.

20                   I am not going to make any judgement

21   with respect to this letter at this juncture.  But I

22   think you can hear my concerns about it.

23                   MR. SMALL:  Your Honor, this is Dan

24   Small.  If I may interject something for the Class

Teleconference

Page 27

1    plaintiffs.

2                    JUDGE POPPITI:  Yes, please.

3                    MR. SMALL:  We have our next brief due

4    in this process for the motion to compel on Tuesday.  And

5    we are working very hard to deal with the legal issues

6    that have been raised by the motions to compel.

7                    The letter that was submitted by the

8    Japanense OEM's, in addition to raising that legal issue,

9    raised factual and different legal issues relating to

10   burden.  And for us to be able to address that, we

11   certainly could not do it by Tuesday.

12                   JUDGE POPPITI:  And I understand that.

13   And that is why I say the letter certainly had some focus

14   on the briefing that is soon to be closed before me.  But

15   it also had square and sharp focus on their own interest.

16   And that's not what this briefing and what these issues

17   are designed to do, or to address in this first round of

18   briefing.

19                   It may be that whatever decision I make

20   impacts on the OEM's.  But we are not going know that

21   until a decision is issued.  And I don't want to wrap in

22   to this journey focus on the OEM's from their individual

23   perspectives.  That's not the purpose of this briefing.

24                   MR. SMALL:  Your Honor, for the Class

Teleconference

Page 28

1  plaintiffs, we may be able to ride the coattails of AMD's

2  very able counsel.

3              But if we find it necessary to submit

4  our own submission to you on Wednesday, can we do that?

5              JUDGE POPPITI:  I did not mean to

6  exclude you.

7              MR. HORWITZ:  Your Honor, this is Rich

8  Horwitz.

9              Having not been involved directly in any

10  of the meet and confers in the past that the parties have

11  had, I just wonder if it would be appropriate, based on

12  what --

13             JUDGE POPPITI:  Mr. Horwitz, you are

14  cutting off again.

15             MR. HORWITZ:  Somebody must have a

16  Blackberry close to their phone.

17             It sounds like based on the conversation

18  today, if a meet and confer happens, and Mr. Diamond

19  hasn't suggested anything to the contrary, that it is

20  going to be perfunctory.  And I have no idea when it

21  would happen, but I just hope it won't be delayed, if, in

22  fact, it is just going to be perfunctory, so if the OEM's

23  want to take a position, there won't be any efforts by

24  the parties from here on out that would make that delay

Corbett & Wilcox

Teleconference

1    even further out, if you understand what I'm saying.

2                   JUDGE POPPITI:  I do.  And what I would

3    expect is, even understanding your respective positions,

4    I certainly would not appreciate a discussion later on

5    suggesting to me that the reason why we are having a late

6    discussion is because a meet and confer that could have

7    been accomplished in short order didn't occur.

8                   I'm not going to push you -- I think it

9    would be inappropriate for me to push to a meet and

10   confer as a result of this November 13th letter.  But

11   there are issues raised in that November 13th letter that

12   should be addressed.  There should be a meet and confer

13   and that may help round out the record that I need to

14   deal with the substance or the process of a November 13th

15   letter.

16                   So, I would urge that that occurs as

17   quickly as possible without directing it.

18                   MR. DIAMOND:  Your Honor, the third

19   point concerns the status of the third-party

20   negotiations.  And I think I ought to let Linda talk

21   about that because she and Dan have been principally

22   involved in it.

23                   JUDGE POPPITI:  Please.  Ms. Smith.

24                   MS. SMITH:  Yes, Your Honor.  Basically,

Corbett & Wilcox

Teleconference

Page 30

1    I think we've made considerable progress.

2                    And what I would like to do is not go

3    through on a third party by third party basis, but on

4    several of the large OEM's, I think we're about to

5    conclude agreements which will result in production

6    finally.

7                    But I would like at some point, perhaps,

8    once we get past the foreign conduct briefing and hearing

9    to actually take the list that we have provided to you

10   and give you a quick summary of both the way we're

11   addressing the negotiations in terms of we have a

12   bifurcated approach.

13                   One is, to designate custodians as a

14   third party and search terms and limit the search to

15   IMB's designated custodians, and within that have

16   custodian search terms.

17                   And then, the other piece, which is,

18   perhaps, more germane to Intel and the Class Action

19   Plaintiffs is what we call transactional data, which has

20   to do with a very detailed series of questions about

21   sales and pricing, et cetera, which are what we call

22   corporate request.

23                   And what we would like to do at some

24   point is to go through the protocols on the way we've

Teleconference

Page 31

1    negotiated these, so you'll have a general understanding,

2    unless Your Honor is desirous having a three-hour seminar

3    on E-discovery and all of the issues involved, which I

4    would have to get other forensic people from my firm to

5    participate on my behalf.

6              JUDGE POPPITI:  No.  I am happy to do

7    the general discussion.  I've had pleasure of teaching

8    some E-discovery courses.  I haven't done one this year,

9    but the general understanding will be good enough.

10             MS. SMITH:  Otherwise, I am still

11   pushing for the meeting in Maui.

12             JUDGE POPPITI:  I will tell you what.

13   If it's in Maui, we can be as specific as we need to be.

14             MS. SMITH:  I think what the parties

15   would like to do, once we get this briefing behind us is

16   go through -- you know -- this is concluded.  This is

17   outstanding.  This is an impasse.  Just so you have a

18   general sense of what's coming.

19             And I think that is something that Your

20   Honor expressed a desire to understand before we get to

21   this December 22nd motion practice commencement date so

22   you are not surprised.  And we can, perhaps, organize it

23   into some groupings that makes sense in terms of the

24   briefing if there remains to be a briefing to be done.

Corbett & Wilcox

Teleconference

Page 32

```
 1                    So far, we are making very good
 2     progress, and as I said, about to, it looks like,
 3     conclude deals with very -- agreements with very big
 4     players like IBM, HP and Dell.
 5                    JUDGE POPPITI:  Great.  That all makes
 6     sense.  And I think I would leave it, certainly, to you
 7     to suggest when we do that.  And I expect we will use one
 8     of our Thursdays for that purpose, correct?
 9                    MS. SMITH:  Yes, Your Honor.
10                    JUDGE POPPITI:  Do you want to suggest a
11     date now, or do you want to wait until all of your work
12     is completed next week?
13                    MS. SMITH:  Yes.  We don't have that
14     much time.  I think it should be either the first week of
15     December, or the first session we have in December, or
16     the second.
17                    What I would like to give Your Honor
18     sufficient time to do is decide the pending motion.
19                    JUDGE POPPITI:  I agree.
20                    MS. SMITH:  Then we will move on.
21                    JUDGE POPPITI:  That's good.  Any other
22     matters, then, please.  Then, I will be looking for a
23     form of order.  And I am going to be expecting some
24     submittal with respect to the November 13, 2006 letter.
```

Teleconference

Page 33

1              MR. DIAMOND:  Then you will have both

2    next week.

3              JUDGE POPPITI:  That's great.  Thank

4    you, all.  Have a pleasant, safe and plentiful

5    Thanksgiving.

6              (Teleconference was concluded at,

7    approximately, 11:50 a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Teleconference

1                    C E R T I F I C A T E

2    STATE OF DELAWARE:
                          :
3    NEW CASTLE COUNTY:

4                    I, Gloria M. D'Amore, a Registered

5    Professional Reporter, within and for the County and

6    State aforesaid, do hereby certify that the foregoing

7    Teleconference was taken before me, pursuant to notice,

8    at the time and place indicated; that the statements of

9    said parties was correctly recorded in machine shorthand

10   by me and thereafter transcribed under my supervision

11   with computer-aided transcription; that the

12   Teleconference is a true record of the statements given

13   by the parties; and that I am neither of counsel nor kin

14   to any party in said action, nor interested in the

15   outcome thereof.

16                   WITNESS my hand and official seal this

17   17th day of November A.D. 2006.

18

19

20   GLORIA M. D'AMORE
     REGISTERED PROFESSIONAL REPORTER
21   CERTIFICATION NO. 119-PS

22

23

24

Corbett & Wilcox