

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

**www.potteranderson.com**

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

March 2, 2007

<u>**BY ELECTRONIC FILING**</u>

The Honorable Joseph J. Farnan, Jr.
United States District Court District of Delaware
844 North King Street
Wilmington, Delaware 19801

      Re:   *In re Intel Corp.*, C.A. No. 05-1717-JJF; and
             <u>*Phil Paul v. Intel Corporation*, C. A. No. 05-485-JJF (Consolidated)</u>

Dear Judge Farnan:

      Attached please find a recent opinion issued by the United States District Court for the Eastern District of California of which Intel has just become aware. *See Walker v. USAA Cas. Ins. Co.*, __ F. Supp. 2d __, 2007 WL 460944 (E.D. Cal. February 12, 2007). This opinion discusses issues pertinent to Intel's Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint, including standing to assert a claim under California's unfair competition law, the availability of a cause of action for unjust enrichment under California law, and the sufficiency of allegations to plead a claim under California's Cartwright Act. Intel respectfully submits this authority to assist the Court in resolution of Intel's pending motion to dismiss.

                           Respectfully,

                           */s/ Richard L. Horwitz*

                           Richard L. Horwitz (#2246)

RLH/msb
780978 / 29282

cc:    Clerk of the Court (via hand delivery)
       James L. Holzman, Esquire (by electronic mail)

Westlaw.

--- F.Supp.2d ----                                                                                                      Page 1
--- F.Supp.2d ----, 2007 WL 460944 (E.D.Cal.)
**(Cite as: --- F.Supp.2d ----)**

Briefs and Other Related Documents
Walker v. USAA Cas. Ins. Co.E.D.Cal.,2007.Only
the Westlaw citation is currently available.
United States District Court,E.D. California.
Johnnie WALKER d/b/a PJ's Auto Body, Plaintiff,
v.
USAA CASUALTY INSURANCE COMPANY, a
foreign Corporation, and Does 1-50, Defendant.
**No. 2:06CV1618MCEDAD.**

Feb. 12, 2007.

Douglas Lowell Johnson, Johnson and Rishwain,
LLP, Beverly Hills, Maxwell Michael Blecher,
Blecher and Collins, PC, Los Angeles, for Johnnie
Walker Doing business as PJ's Auto Body, Plaintiff.

James R. McGuire, Morrison and Foerster LLP,
William L. Stern, Morrison & Foerster LLP, San
Francisco, for USAA Casualty Insurance Company,
Defendant.

MEMORANDUM AND ORDER
ENGLAND, District J.
**\*1** Through the present action, Plaintiff Johnnie
Walker d/b/a PJ's Auto Body ('Plaintiff") alleges
Defendant USAA Casualty Insurance Company
("Defendant") has engaged in unfair competition
under California Business and Professions Code
section 17200; has been unjustly enriched by its
unlawful conduct; and has violated California's
Cartwright Act under Business and Professions Code
section 16720.[FN1]

> FN1. This case is related to **Walker v.**
> **GEICO** Gen. Ins. Co., No. 2:06-cv-1703
> (E.D. Cal. filed Aug. 2, 2006).

**\*1** Plaintiff alleges that Defendant negotiated volume
discounts for auto body repair work with certain
repair shops and then demanded that Plaintiff accept
similar compensation for similar work in negotiations
between Defendant and Plaintiff.

**\*1** Now before this Court is Defendant's Motion to
Dismiss Plaintiff's Complaint for failure to state a
claim upon which relief can be granted. Fed.R.Civ.P.
12(b)(6). For the reasons set forth below, USAA's
Motion to Dismiss is granted without leave to amend.

BACKGROUND

**\*1** Plaintiff Johnnie Walker d/b/a PJ's Auto Body is
in the business of auto body repair in North
Highlands, California. Defendant USAA Casualty
Insurance Company is a multiple-line insurance
company that provides, *inter alia,* automobile
insurance in California.

**\*1** On an unspecified number of occasions,
Defendant's insureds brought automobiles to Plaintiff
to inquire about auto body repair. On an unspecified
number of these occasions, Plaintiff prepared written
estimates of charges he would expect to be paid if he
were to repair the cars in question. Although
Defendant's insureds signed these estimates, they
were still free to choose another auto body shop to
perform repairs on their cars.

**\*1** Following execution of the estimates, Plaintiff and
Defendant commenced negotiation over the prices
listed therein. During these negotiations, Defendant
insisted that it would not meet Plaintiff's initial
demand for an unspecified hourly rate for his labor.
Defendant pointed to lower rates that it previously
negotiated with other auto body shops while
bargaining for a lower rate with Plaintiff. Some of the
rates Defendant referred to were for repair to a single
automobile, while others were for volume referrals.

**\*1** Fearing that he could lose the work to a better
priced competitor, Plaintiff agreed to do auto body
work for less compensation than he initially
demanded.

STANDARD

**\*1** On a motion to dismiss for failure to state a claim
under Rule 12(b)(6), all allegations of material fact
must be accepted as true and construed in the light
most favorable to the nonmoving party. *Cahill v.*
*Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th
Cir.1996). A complaint will not be dismissed for
failure to state a claim " 'unless it appears beyond
doubt that plaintiff can prove no set of facts in
support of [his or] her claim that would entitle [him
or] her to relief." ' *Yamaguchi v. Dep't of the Air*
*Force,* 109 F.3d 1475, 1480 (9th Cir.1997) (quoting

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 460944 (E.D.Cal.)    Page 2
**(Cite as: --- F.Supp.2d ----)**

*Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996)).

**\*1** If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The Court should "freely give[ ]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992).*

ANALYSIS

1. Unfair Competition

**\*2** California's UCL prohibits "unfair competition," which it defines in relevant part to "mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof.Code § 17200. An "unlawful" business practice under the UCL is a practice that violates any other law. *Cel-Tec Commc'ns, Inc. V. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999).* An "unfair" business practice claim must "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Id. at 186-87.*

**\*2** In support of its Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails to allege any facts to support a finding that Defendant has engaged in any unfair competition and that Plaintiff lacks standing to assert any claim under the UCL. Plaintiff contends that Defendant engaged in unlawful and unfair business practices when Defendant insisted it would not pay him his fully disclosed and agreed to price for auto body work. Plaintiff also asserts that he lost money as a result of Defendant's actions and thus has standing. Defendant contends that its alleged actions are not unlawful or unfair and that Plaintiff lacks standing to maintain any claim under the UCL because Plaintiff lacked a vested interest in the money he allegedly lost. Because Plaintiff's lack of standing is dispositive the Court will consider that issue alone.

a. *UCL Standing Requirement*

**\*2** The UCL previously permitted "any person" whether injured or not to maintain a claim. *Californians for Disability Rights v. Mervyn's, LLC, 39 Cal.4th 223, 228 (2006).* In the November 2004 election, California voters approved Proposition 64, which imposed a standing requirement on UCL claims. *See* Cal. Bus. & Prof.Code § § 17203, 17204; *Mervyn's,* 39 Cal.4th at 228-29. Now, to maintain a claim under the UCL, Plaintiff must show that he has "suffered injury in fact and has lost money or property as a result of unfair competition." Cal. Bus. & Prof.Code § 17204.

**\*2** Neither Plaintiff, Defendant, nor the Court has succeeded in locating a decision definitively interpreting the term "lost money or property" in section 17204. Accordingly, the Court is left to determine what the People of California intended when they added the standing requirement to section 17204 by passing Proposition 64.

**\*2** Before Proposition 64, as currently embodied in section 17204, added the requirement that a plaintiff suffer a "loss of money or property" to have standing, the question of what constituted "lost money or property" for purposes of the UCL had already been defined by California courts. *See Korea Supply Co. v. Lockheed Martin Corp ., 29 Cal.4th 1134, 1149 (Cal.2003); Cortez v. Purolator Air Filtration Prods. Co., 23 Cal.4th 163, 177 (2000).* "Where the language of a statute uses terms that have been judicially construed, the presumption is almost irresistible that the terms have been used in the precise and technical sense that had been placed upon them by the courts." *People v. Weidert,* 39 Cal.3d 836, 845-46 (1985) (internal quotations omitted). This principle applies to legislation adopted through the initiative process. *Id.* Accordingly, the People are presumed to have intended that the "loss of money or property" they required for standing would be interpreted in accordance with the construction already given to the "lost money or property" required to seek restitution under section 17203.

**\*3** Interpreting section 12704's standing requirement in accordance with the meaning already given to "lost money or property" for section 17203 purposes also avoids inconsistency within the UCL. The provisions introduced by an amendatory act should be read together with the provisions of the original section and are to be interpreted so they do not conflict. *Smith v. Bd. of Trustees,* 198 Cal. 301, 306 (Cal.1926); *Cal. Corr. Peace Officers Ass'n v. Dep't of Corr., 72 Cal.App. 4th 1331, 1334 (1999).*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 460944 (E.D.Cal.)                                                                        Page 3
**(Cite as: --- F.Supp.2d ----)**

**\*3** Accordingly, the "lost money or property" that can be restored pursuant to section 17203 and the "loss of money or property" required by section 17204 should be consistently interpreted.

**\*3** Consistent construction of the UCL's provisions will also avoid the anomalous situation where a plaintiff could suffer "loss of money or property" for section 17204 purposes but simultaneously not have "lost money or property" for section 17203 purposes.

**\*3** Therefore, the Court finds that the "loss of money or property" required for UCL standing should be construed identically to the "lost money or property" California courts require for section 17203 purposes. To claim a loss of money or property for section 17203 purposes, a plaintiff must have either prior possession or a vested legal interest in the money or property lost. *Korea Supply,* 29 Cal.4th at 1149-50. Accordingly, to have standing to assert any UCL claim, Plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost.

B. *Application of the UCL Standing Requirement*

**\*3** Plaintiff does not allege that Defendant ever possessed any money or property that was formerly in Plaintiff's possession. Instead, in his Opposition to the Defendant's Motion to Dismiss, Plaintiff contends he has a vested legal interest in the money in question.<sup>FN2</sup> Plaintiff contends he had a vested legal interest in receiving his full hourly demand because he prepared estimates indicating his demand and the Defendant's insureds signed those estimates. Plaintiff asserts that he was deprived of this interest because Defendant insisted it would not pay him his full demand and Plaintiff agreed to accept less compensation to perform the work.

> FN2. Although the Court ordinarily will not look beyond the complaint in ruling on a motion to dismiss, the Court does so here because the Court grants Defendant's Motion Without leave to amend and these new allegations could be included in a subsequent amended Complaint.

**\*3** Plaintiff cites *Korea Supply* and *Cortez* to support his contention that he gained a vested legal right to be paid his full demand because he prepared estimates reflecting that demand. Defendant correctly notes that Plaintiff's interest is unlike the vested interest in

*Cortez* and is closely akin to the interest the court found insufficient in *Korea Supply.*

**\*3** Plaintiff's interest is unlike that asserted in *Cortez.* In *Cortez,* the court found employees had a vested legal interest in overtime earnings they were denied. *Cortez,* 23 Cal.4th at 177-78. The court found a vested interest because a state statute provided that overtime wages were due and owing the moment an employee worked over eight hours in a day. *Id.* Unlike the plaintiffs in *Cortez,* Plaintiff lacks any statutory authority for the proposition that payment for auto body work not yet undertaken was owed the moment an estimate was executed.

**\*4** Moreover, in *Cortez,* the vested interest arose out of the plaintiffs' actual performance of work. Here, Plaintiff claims a vested interest arising out of his preparation of an estimate for proposed work. This is a far cry from the *Cortez* plaintiffs' statutory right to payment for work already done.

**\*4** Plaintiff's interest is very similar to that asserted in *Korea Supply.* There, the Court found that the company had no vested interest in receiving a commission for work done in negotiations for the award of a government contract. *Korea Supply,* 29 Cal.4th at 1149. The opposing bidder obtained the contract by unlawful means thus depriving Korea Supply Company of its commission. *Id.* The Court explained that an "expectancy" or contingent interest is not a "vested interest" for purposes of the UCL. *Id.* As a result, the Court held that Korea Supply's interest was not vested. *Id.* Like the plaintiff in *Korea Supply,* Plaintiff here claims an interest in money he never possessed on the ground that he had an expectation of being paid. As in *Korea Supply,* Plaintiff asserts a vested interest that was merely a contingent interest at best. Plaintiff admits that negotiations over the work and the price to be paid for it were still ongoing and that Defendant's insureds could have chosen another shop to do the work even after the estimates were signed. Plaintiff's receipt of payment was thus contingent upon the negotiations with the Defendant, the binding selection of Plaintiff to do the work, and Plaintiff's subsequent performance. Accordingly, any interest Plaintiff may have as a result of preparing an estimate is not a vested interest for purposes of the UCL.

**\*4** Because Plaintiff cannot show either prior possession or a vested legal interest, he has not "lost money or property as a result of unfair competition" as required by section 17204. Plaintiff, therefore, lacks standing to assert any claim under the UCL and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the Court need not address the issue further. Lastly, it is clear that the deficiencies of the Complaint cannot be cured by amendment because it is the very nature of the Plaintiff's asserted injury that renders him unable to maintain any claim under the UCL. Accordingly, Defendants' Motion to Dismiss is granted without leave to amend as to Plaintiff's claims under the UCL.

## 2. Unjust Enrichment

**\*4** Plaintiff also asserts an independent cause of action for unjust enrichment. In response, the Defendant correctly contends that unjust enrichment is a merely a synonym for the remedy of restitution and not a stand-alone cause of action.

**\*4** "There is *no cause of action* in California for unjust enrichment." *Melchior v. New Line Prods., Inc.,* 106 Cal.App. 4th 779, 794 (2003) (emphasis added); *see also McKell v. Wash. Mut ., Inc.,* 142 Cal.App. 4th 1457, 1490 (2006). Unjust enrichment is synonymous with the remedy of restitution. *Dinosaur Dev., Inc. v. White,* 216 Cal.App.3d 1310, 1314-15 (1989). Although Plaintiff has cited apparently contrary authority where courts have used the term "claim for unjust enrichment," the Court is not persuaded.

**\*5** In each case cited the courts were faced with plaintiffs who were claiming unjust enrichment based on rights arising out of other law. *See, e.g., Lectrodryer v. SeoulBank,* 77 Cal.App. 4th 723 (2000) (unjust enrichment claim based upon wrongful dishonor of a credit letter); *Weststeyn Dairy 2 v. Eades Commodities Co.,* 280 F.Supp.2d 1044, 1075 (E.D.Cal.2003) (unjust enrichment claim based upon an alleged trust and contractual rights). Plaintiff has not alleged any such theory here and cannot seek restitution on the basis of unjust enrichment alone without any other legal basis because unjust enrichment is not a cause of action in and of itself.

**\*5** Because California law does not recognize Plaintiff's claim for unjust enrichment, there are no facts Plaintiff could prove to support this claim. Therefore, it is clear that the deficiencies of the Complaint cannot be cured. Accordingly, Defendant's Motion to Dismiss is granted without leave to amend as to Plaintiff's unjust enrichment claim.

## 3. The Cartwright Act

**\*5** California's Cartwright Act prohibits any trust, which is defined as "a combination of capital, skill or acts by two or more persons" for specified anticompetitive purposes. Cal. Bus. & Prof.Code § 16720.

**\*5** In order to maintain a cause of action under the Cartwright Act, the following elements must be established: (1) the formation and operation of the conspiracy; (2) illegal acts done pursuant thereto; and (3) damage proximately caused by such acts. *Kolling v. Dow Jones & Co.,* 137 Cal.App.3d 709, 718 (Cal.Ct.App.1982). California courts routinely apply the Cartwright Act by reference to the jurisprudence under the Sherman Act. *Filco v. Amana Refrigeration, Inc.,* 709 F.2d 1257, 1268 (9th Cir.1983). Like section 1 of the Sherman Act, 15 U.S.C. § 1, a Cartwright Act claim must allege co-conspirators and a conspiracy. *See, e.g., T.W. Elec. Serv., Inc. V. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 633 (9th Cir.1987).

**\*5** Defendant correctly points out that Plaintiff's Complaint failed to identify any alleged co-conspirators or a conspiracy for anticompetitive purposes. However, in his Opposition, Plaintiff clarified the conduct that he alleges constituted a price-fixing conspiracy: Defendant and other auto body shoops agreed upon "contractually reduced rates used for volume referrals." (Pl.'s Opp'n 28:2-5, Oct. 20, 2006.)

**\*5** Although Plaintiff has identified agreements between Defendant and other entities, those agreements are neither unlawful nor made for any anticompetitive purpose. This is not price-fixing: it is just buying and selling with an agreement on transaction prices. *See, e.g., Texaco, Inc. v. Dagher,* 126 S.Ct. 1276, 1280 (2006) ("[T]he pricing policy challenged here amounts to little more than price setting by a single entity ... and not a pricing agreement between competing entities with respect to their competing products.")

**\*5** It is difficult to imagine that numerous independent auto body shops would conspire with Defendant for the purpose of depressing auto body rates paid to those same auto body shops. Plaintiff's allegations reveal only a well-functioning market for auto body repair; Defendant, a willing buyer, and willing sellers negotiate a fair price for labor the Defendant's insureds need and the sellers want to perform. Plaintiff's desire to charge more than the market will bear does not transform Defendant's lawful formation of service contracts into a forbidden

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 460944 (E.D.Cal.)
**(Cite as: --- F.Supp.2d ----)**

conspiracy to destroy competition.

**\*6** Because Plaintiff can show neither co-conspirators nor a conspiracy he is unable to maintain a claim under the Cartwright Act. Lastly, it is clear that the deficiencies of the Complaint cannot be cured by amendment because the Cartwright Act simply does not prohibit a buyer from negotiating a volume discount from a seller. Accordingly, Defendant's Motion to Dismiss is granted without leave to amend as to Plaintiff's claim under the Cartwright Act.

## CONCLUSION

**\*6** For the reasons set forth above, USAA's Motion to Dismiss is granted without leave to amend.

**\*6** IT IS SO ORDERED.

E.D.Cal.,2007.
Walker v. USAA Cas. Ins. Co.
--- F.Supp.2d ----, 2007 WL 460944 (E.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 3608237 (Trial Motion, Memorandum and Affidavit) Defendant USAA Casualty Insurance Company's Notice of Motion and Motion to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof (Sep. 8, 2006)
• 2:06cv01618 (Docket) (Jul. 24, 2006)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 5