IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : MDL Docket No. 05-1717-JJF |
| | : |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| Plaintiffs, | : Civil Action No. 05-485-JJF |
| v. | : CONSOLIDATED ACTION |
| INTEL CORPORATION, | : |
| Defendant. | : |

Michael D. Hausfeld, Esquire; Daniel A. Small, Esquire; Brent W. Landau, Esquire and Allyson B. Baker, Esquire of COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C., Washington, D.C.
James L. Holzman, Esquire; J. Clayton Athey, Esquire and Laina M. Herbert, Esquire of PRICKETT JONES & ELLIOTT, P.A., Wilmington, Delaware.

Interim Liaison Counsel for the Class Plaintiffs.

David M. Balabanian, Esquire; James L. Hunt, Esquire; Christopher B. Hockett, Esquire and Nora C. Cregan, Esquire of BINGHAM McCUTCHEN LLP, San Francisco, California.
Richard A. Ripley, Esquire of BINGHAM McCUTCHEN LLP, Washington, D.C.
Richard L. Horwitz, Esquire and W. Harding Drane, Jr., Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendant Intel Corporation.

---

**MEMORANDUM OPINION**

March 7, 2007
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant Intel Corporation's Motion To Dismiss Plaintiffs' Foreign Conduct Claims (D.I. 221 in Civil Action No. 05-485 and D.I. 311 in MDL Docket No. 05-1717).[1] For the reasons discussed the Court will grant Defendant's Motion.

## BACKGROUND

Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. (collectively, "AMD") filed this action against Intel Corporation and Intel Kabushiki Kaisha alleging antitrust claims under the Sherman Act, violations of the California Business and Professions Code, and tortious interference with prospective economic advantage. Following the filing of AMD's action, multiple class action lawsuits were filed. Those lawsuits have since been consolidated and a First Amended Consolidated Complaint (the "Amended Complaint") has been filed by Interim Liaison Counsel for Class Plaintiffs.

By their Amended Complaint, Class Plaintiffs seek to represent a class comprising United States consumers, both individuals and companies from numerous states, who purchased computers containing Intel x86 microprocessors in the United States at allegedly inflated prices. The allegations of Class Plaintiffs' Amended Complaint are similar to, and at times,

---

[1] In citing to additional documents throughout this Memorandum Opinion, the Court will refer to the docket item numbers used in Civil Action No. 05-485-JJF.

identical to the allegations of AMD's Complaint. Like AMD, Class Plaintiffs seek relief under Section 2 of the Sherman Act, 15 U.S.C. § 2 (Count I), alleging that Intel has engaged in anticompetitive conduct in the United States which has resulted in Intel obtaining an unlawful world-wide monopoly over the x86 microprocessor market. Class Plaintiffs allege that they have been injured and will continue to be injured by this conduct "by paying more for x86 microprocessors purchased directly from Intel than they would have paid and would pay in the future in the absence of Intel's unlawful acts, including paying more for personal computers and other products in which x86 microprocessors are a component, as a result of higher prices paid for x86 microprocessors by the manufacture of those products." (D.I. 49 at ¶ 245.) In connection with their Sherman Act claim, Class Plaintiffs request the Court to enjoin Intel from engaging in the violations alleged in the Amended Complaint.

Class Plaintiffs also raise a variety of state law claims, including: (1) a claim based on Section 16720 of the California Business and Professional Code for Intel's alleged participation with other co-conspirators in "a continuing unlawful trust in restraint of . . . trade and commerce" (Count II); (2) a claim based on Section 17200 et seq. of the California Business and Professional Code for unfair competition (Count IV); (3) a claim based on violation of California state tort law prohibiting monopolies (Count III); (4) a claim under the laws of twenty

states, including the state of California, for antitrust and restraint of trade violations (Count V); (5) a claim under the laws of twenty-three states for violations of state consumer protection and unfair competition laws (Count VI); and (6) a claim under California common law for unjust enrichment and disgorgement of profits (Count VII). In connection with these claims, Class Plaintiffs seek a variety of relief, including punitive damages, treble damages, disgorgement of profits, the establishment of a constructive trust from which the Class Plaintiffs can seek restitution based on the disgorgement of profits, the costs of bringing this lawsuit, and reasonable attorneys' fees.

By the instant Motion, Intel requests the Court to dismiss the foreign conduct claims alleged in the Amended Complaint for lack of subject matter jurisdiction.[2] The parties have fully briefed Intel's Motion, and therefore, this matter is ready for the Court's review.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court is authorized to dismiss a complaint if the Court lacks subject matter jurisdiction over the claims. Motions brought

---

[2] Intel has also moved separately from this Motion to dismiss Class Plaintiffs' Amended Complaint for a variety of other reasons. Briefing on that Motion was completed on February 28, 2007, and the Court will address that Motion by separate Memorandum Opinion and Order.

under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction.

In this case, the Court is presented with a facial challenge to subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. The Court's inquiry under Rule 12(b)(1) is limited to the allegations in the complaint, the documents referenced in or attached to the complaint, and matters in the public record. Gould Electronics Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). However, the Court may consider documents attached as exhibits to a motion to dismiss without converting the motion to dismiss to a motion for summary judgment, if the plaintiff's claims are based on the documents and the documents are undisputedly authentic. Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Pursuant to Rule 12(h)(3), subject matter jurisdiction may be raised at any time during the course of a case and may be raised sua sponte by the Court. Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of persuasion to establish that subject matter jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991).

## DISCUSSION

I. **The Parties' Contentions**

By its Motion, Intel contends that the allegations of foreign conduct contained in Class Plaintiffs' Amended Complaint should be dismissed for lack of jurisdiction under the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA"). Intel contends that Class Plaintiffs' foreign conduct allegations are virtually identical to the allegations that the Court struck from AMD's Complaint, and therefore, these allegations should also be stricken here. <u>Advanced Micro Devices, Inc. v. Intel Corporation</u>, 452 F. Supp. 2d 555 (D. Del. 2006). Intel contends that Class Plaintiffs' claims are even more remote than AMD's claims, because Class Plaintiffs allege the same chain of events alleged by AMD, but go on to further allege that the weakening of AMD in the market resulted in Intel charging higher prices overseas to third parties for microprocessors who then installed these higher priced Intel chips into computers that were eventually sold in the United States Market, which in turn led to higher retail prices for those computers in the United States. Intel contends that this winding chain of events does not evidence the "direct, substantial and foreseeable effect on U.S. commerce" that is required for subject matter jurisdiction under the FTAIA.

Intel also contends that the various state law claims asserted by Class Plaintiffs are limited by the FTAIA. Intel's argument rests on both the Supremacy Clause, as well as on the letter and interpretation of the various state laws, which Intel contends contain provisions making them consistent with federal law or precluding them from applying to foreign conduct.

In response, Class Plaintiffs contend that Intel's foreign conduct is relevant to proving the unlawfulness of Intel's domestic conduct, and therefore, Class Plaintiffs can base their claims on foreign misconduct, even if Intel cannot ultimately be held liable for that foreign misconduct. In support of its position, Class Plaintiffs direct the Court to the Special Master's discovery decision concluding that foreign conduct was relevant to AMD's domestic claims.

Class Plaintiffs also contend that Intel's foreign conduct satisfies the FTAIA's domestic commerce exception. Specifically, Class Plaintiffs contend that Intel's foreign conduct has a direct, substantial and reasonably foreseeable effect on domestic commerce and gives rise to Plaintiffs' antitrust claims.

**II. Whether The Court Has Jurisdiction Over Class Plaintiffs' Sherman Act Claims Based On Intel's Alleged Foreign Conduct**

The Sherman Act was amended by the FTAIA in 1982. The FTAIA carves out activity involving foreign commerce from the reach of the Sherman Act unless the conduct has a "direct, substantial and reasonably foreseeable effect" on United States

commerce, and the effect gives rise to a claim under the Sherman Act. F. Hoffman-La Roche Ltd. v. Empagran S.A., 542 U.S. 155 (2004) (emphasis and brackets in original).

In its previous decision related to AMD's foreign conduct allegations, the Court analyzed the application of the FTAIA to virtually the same allegations asserted here by Class Plaintiffs. Intel, 452 F. Supp. 2d at 559-563. The Court finds no reason to depart from its previous analysis. Class Plaintiffs contend that the appropriate focus of the direct, substantial and foreseeable inquiry is the effect on commerce and not the effect on any particular plaintiff. However, the effect on commerce is exactly what the Court considered in the context of AMD's motion. Here, Class Plaintiffs make the same allegations as AMD, and therefore, Class Plaintiffs' allegations have the same "twists and turns" that the Court noted with respect to AMD's allegations, plus additional "forks in the road" concerning whether the weakened condition of rivals like AMD ultimately led Intel to charge higher prices for its microprocessors, which in turn caused original equipment manufacturers ("OEMs") to charge retailers higher wholesale prices for PCs, which in turn caused retailers to pass that price increase on to consumers in the form of higher retail prices for PCs. That this speculative chain of events is insufficient to create the direct, substantial and foreseeable effects on commerce required by the FTAIA has been confirmed by

other courts who have considered similar allegations concerning the downstream effects on commerce of component products.[3] See e.g., United Phosphorus, Ltd. v. Angus Chem. Co., 131 F. Supp. 2d 1003 (N.D. Ill. 2001), aff'd 322 F.3d 942 (7th Cir. 2003) ("The FTAIA explicitly bars antitrust actions alleging restraints in foreign markets for inputs . . . that are used abroad to manufacture downstream products . . . that may later be imported into the United States.  Clearly, the domestic effects in such a case, if any, would obviously not be 'direct,' much less 'substantial' and 'reasonably foreseeable.'")

As for the "new" case law that Class Plaintiffs raise in their Answering Brief, the Court notes that each of these cases pre-date the Supreme Court's decision in F. Hoffman La Roche Ltd. v. Empagran, 542 U.S. 155 (2004), the seminal case interpreting the FTAIA.  Further, the Court has already addressed several of the cases cited by Class Plaintiffs in the context of AMD's motion to dismiss and concluded that they are inapplicable. Intel, 452 F. Supp. 2d at 562-563.

---

[3]   Though discussed in the context of the causation inquiry, the Court noted in its previous decision that allegations that Intel engaged in overseas conduct which resulted in higher PC prices and loss of consumer choice in the United States "are not direct domestic effects of any alleged foreign conduct of Intel, but secondary and indirect effects that are also the by-product of numerous factors relevant to market conditions and the like." Intel, 452 F. Supp. 2d at 561.

Class Plaintiffs also direct the Court to the Special Master's decision to allow AMD and Class Plaintiffs to obtain foreign discovery to prove their claims related to monopoly power and anticompetitive conduct. The Special Master's decision was rendered after this Court's decision regarding AMD's motion to dismiss and pertains to the scope of discovery concerning the parties' "domestic commerce" claims. Indeed, the Special Master acknowledged this Court's decision to dismiss AMD's foreign conduct claims and noted that he was not authorized to decide any substantive issues in connection with that decision. Accordingly, the Court finds no conflict between its decision to dismiss Class Plaintiffs' foreign conduct claims and the Special Master's discovery decision.

In sum, the Court concludes that it lacks subject matter jurisdiction under the FTAIA over Class Plaintiffs' Sherman Act claims to the extent those claims are based on the alleged foreign conduct of Intel. Accordingly, the Court will grant Intel's Motion to dismiss and strike paragraphs 145-149, 159-162, 169, 178-179, 185-187, 190, 193, 197-198, 204-205 and 210 of the Amended Complaint.

### III. Whether The Court Has Jurisdiction Over Class Plaintiffs' State Law Claims Based On Intel's Alleged Foreign Conduct

With respect to the state antitrust law claims asserted by Class Plaintiffs, Intel contends that these claims are also limited by the FTAIA. According to Intel, a contrary approach

that would run afoul of both the Foreign Commerce Clause and the Supremacy Clause. Intel also contends that Class Plaintiffs' state consumer protection claims are modeled after the Federal Trade Commission Act ("FTCA") which applies the same "direct, substantial and reasonably foreseeable test" to foreign commerce that is applied under the FTAIA.

In response, Class Plaintiffs contend that their state law claims are not limited by any statutory provisions comparable to the FTAIA. Class Plaintiffs also "dispute Intel's assertion on this motion to dismiss that application of these state laws to Intel's foreign conduct would be unconstitutional," but decline to fully address that argument in light of their assertion that Intel's foreign conduct falls within the reach of the FTAIA. (D.I. 263 at 1.)

The Court has already concluded that Class Plaintiffs have not satisfied the jurisdictional prerequisites of the FTAIA with respect to their foreign conduct allegations. Class Plaintiffs have also not demonstrated that their state law claims should be applied beyond the boundaries set by the FTAIA and the FTCA. As the Supreme Court has recognized, "[f]oreign commerce is pre-eminently a matter of national concern," and therefore, it is important for the Federal Government to speak with a single, unified voice. Japan Line, LTD v. County of Los Angeles, 441 U.S. 434, 448 (1979). Here, Congress has spoken under the FTAIA

with the "direct, substantial and reasonably foreseeable effects" test, and the Court is persuaded that Congress' intent would be subverted if state antitrust laws were interpreted to reach conduct which the federal law could not.  Similarly, Defendants have pointed out that numerous states turn to the FTCA for guidance in applying their consumer protection laws, and the FTCA applies a standard substantially similar to that applied under the FTAIA.  Plaintiff has not offered any argument to the contrary.  Accordingly, in the circumstances of this case, the Court concludes that Class Plaintiffs state law claims are limited by the reach of their applicable federal counterparts, and therefore, the Court will dismiss Class Plaintiffs' state law claims to the extent that they are based upon Intel's alleged foreign conduct.

## CONCLUSION

For the reasons discussed, the Court will grant Intel's Motion To Dismiss Plaintiffs' Foreign Conduct Claims.

An appropriate Order will be entered.

10