# EXHIBIT A

```
1  ROBERT P. FELDMAN, State Bar No. 69602
   JENNIFER OCHS, State Bar No. 174069
2  MAURA REES, State Bar No. 191698
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile:  (650) 565-5100
   Email: rfeldman@wsgr.com; jochs@wsgr.com
6  mrees@wsgr.com

7  Attorneys for Non-Party
   VIA TECHNOLOGIES, INC.
8
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | CASE NO: CV-05-MC-1717 (D. Del.)<br><br>**RESPONSES AND OBJECTIONS OF NON-PARTY VIA TECHNOLOGIES, INC. TO SUBPOENA ISSUED BY CLASS PARTIES** |

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), non-party VIA Technologies, Inc., a California corporation, ("VIA") hereby provides this written response and objections to the Subpoena issued by certain Class Parties in the above-captioned matter (the "Subpoena"), and each of the requests therein ("Requests").

## GENERAL OBJECTIONS

1. VIA objects to the Subpoena as a whole to the extent that it is overbroad, burdensome, oppressive, and does not comply with the admonition of Fed. R. Civ. P. 45(c)(1) that subpoenas should "avoid imposing undue burden or expense on a person subject to that subpoena."

2. VIA objects to Subpoena and each of the Requests therein on the grounds that they require VIA to produce sensitive materials pursuant to the Protective Order in this case,

RESPONSES AND OBJECTIONS OF NON-PARTY
VIA TECHNOLOGIES, INC. TO SUBPOENA ISSUED
BY CLASS PARTIES
CASE NO: CV-05-MC-1717 (D. DEL.)

3078850_1.DOC

1  which is inadequate in several respects to ensure the protection of VIA's highly sensitive
2  information.

3     a.    For example, VIA objects that the Protective Order permits VIA's highly
4  confidential documents to be seen by two in-house litigation counsel for each party. *See*
5  Protective Order at § 6(c). These in-house litigation counsel have not been identified to VIA.
6  Moreover, the one-year bar excluding these in-house counsel from certain activities is too short a
7  time to protect VIA's interests. *See* Protective Order at § G.

8     b.    VIA further objects that the Protective Order permits VIA's highly
9  confidential documents to be seen by experts and consultants who have not been identified to
10 VIA. *See* Protective Order at § 6(b). Further, the Protective Order does not require that
11 information about an expert's or consultant's background and employment be provided to VIA
12 *before* VIA's highly confidential information is disclosed. Accordingly, the Protective Order
13 denies VIA from having any meaningful opportunity to object to the disclosure of VIA's highly
14 confidential information to experts and consultants. *See* Protective Order at § 11.

15     c.    VIA further objects that the Protective Order's purported one-year bar on
16 attorneys' patent preparation activities, patent prosecution activities, and patent licensing
17 activities, is too short a time to protect VIA's interests. *See* Protective Order at § 8.

18     d.    VIA further objects that the Protective Order permits a party to disclose
19 VIA's highly confidential documents to deponents, and that the identities of these deponents may
20 be made known to VIA only five days *after* the deposition has been concluded, thus entirely
21 preventing VIA from having any meaningful opportunity to object to such disclosure. *See*
22 Protective Order at § 10(a).

23     e.    VIA further objects to the Protective Order to the extent that the
24 provisions set forth in Paragraph 18 conflict with VIA's non-disclosure or other obligations
25 owed to other third parties. In order to comply with the Subpoena, VIA should not be forced to
26 breach its agreements with other third parties. *See* Protective Order at § 18.

27     3.    VIA objects to the extent that the Plaintiffs, Defendants, or other Class Parties
28 may serve VIA with additional subpoenas in this action. As a non-party in this case, VIA should

1  not be subjected to the undue burden of repeatedly searching for and producing documents in
2  response to multiple subpoenas in this case. The parties in the case should coordinate their
3  discovery requests to VIA so that VIA need only conduct a single comprehensive search for
4  responsive documents.

5      4.    VIA objects to this Subpoena and each of the Requests therein to the extent that
6  they call for the production of documents or things that are not within its possession, custody, or
7  control. In particular, VIA objects to the requests to the extent that they call for documents or
8  things that are possessed by separate corporate entities such as its parent corporation or the other
9  subsidiaries of its parent corporation and over which VIA exercises no control. Pursuant to Fed.
10 R. Civ. P. 45(a)(1)(C), VIA will not produce documents or things which are not within its
11 "possession, custody or control."

12     5.    VIA objects to the service of the Subpoena as inadequate to the extent it purports
13 to be directed to any entity other than VIA Technologies, Inc. California. VIA objects to the
14 Subpoena based on lack of personal jurisdiction over any entity other than VIA Technologies,
15 Inc. California.

16     6.    VIA objects to this Subpoena and each of the Requests therein to the extent that
17 they purport to encompass extraterritorial activities beyond the reach of the U.S. laws.

18     7.    VIA objects to this Subpoena and each of the Requests therein to the extent that
19 they fail to provide a reasonable time frame for compliance.

20     8.    VIA objects to this Subpoena and each of the Requests therein to the extent that
21 they would require VIA to produce documents that may be subject to confidentiality agreements
22 with third parties. VIA must be afforded a reasonable opportunity to ascertain whether any third
23 party confidential information is implicated in the materials proposed to be disclosed and notify
24 the third party and seek the third party's consent to disclosure, and also to comply with any other
25 obligations VIA may have with respect to the third party's confidential information. VIA can
26 produce such documents only to the extent and under such conditions as agreed to by the third
27 parties.
28

9. VIA objects to this Subpoena and each of the Requests therein to the extent that they seek documents containing confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of VIA. Class Parties have not shown a substantial need for such materials and have not shown that VIA can produce these documents without undue hardship.

10. VIA objects to this Subpoena and each of the Requests therein to the extent that they seek information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine or any other applicable privileges.

11. VIA objects to this Subpoena and each of the Requests therein on the ground that the cost of identifying, locating, collecting, reviewing and copying the documents, and other associated costs of production, would be substantial and should be paid by Class Parties.

12. VIA objects to this Subpoena and each of the Requests therein to the extent that they fail to limit the degree of diligence VIA must employ to search for the requested documents. VIA will only employ reasonable diligence and judgment concerning the whereabouts of responsive documents.

13. VIA objects to this Subpoena and each of the Requests therein to the extent they seek information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. As a nonparty to this action, it is difficult for VIA to determine the relevance or sufficient specificity of the requests without knowledge of the issues in this action.

14. VIA objects to the Subpoena and each of the Requests therein to the extent they impose obligations in excess of those required by the Federal Rules of Civil Procedure.

15. VIA objects to the definition of "DOCUMENT" to the extent it is overbroad in seeking materials dating back to January 1, 2000.

16. VIA objects to the definition of "MICROPROCESSOR" to the extent it is vague, ambiguous, overbroad, or requires VIA to speculate about another entity's product designations and variations.

17. VIA objects to the definitions of "FINANCIAL INDUCEMENT" and "NON-FINANCIAL INDUCEMENT" to the extent they are vague, ambiguous, overbroad, or require VIA to speculate about another entity's terminology.

18. VIA objects to the definition of "COMPANY" to the extent it purports to encompass documents which are not in the possession, custody, or control of VIA Technologies, Inc.

19. VIA objects to the definition of "INTEL" as overbroad, burdensome, and oppressive, to the extent it purports to encompass various different corporate entities as well as "their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof." VIA is a nonparty to this action and does not possess information about Intel's affiliates and related companies, etc.

20. VIA objects to the definition of "AMD" as overbroad, burdensome, and oppressive, to the extent it purports to encompass various different corporate entities as well as "their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof." VIA is a nonparty to this action and does not possess information about AMD's affiliates and related companies, etc.

21. VIA objects to Instruction no. 1 as overbroad and unduly burdensome, as it seeks documents dating back to January 1, 2000.

22. VIA objects to Instructions nos. 2-9 to the extent they seek to impose obligations in excess of those required by the Federal Rules of Civil Procedure.

23. Subject to these general objections and the specific objections set forth below, VIA will meet and confer with the Class Parties regarding the scope of these requests.

## SPECIFIC OBJECTIONS

**DOCUMENT REQUEST NO. 1:**

All DOCUMENTS constituting or concerning your COMPANY'S business plans, strategic plans, long-range plans or budgets.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. VIA particularly objects to this request to the extent that it requests production of highly confidential business information in the absence of a suitable protective order.

**DOCUMENT REQUEST NO. 2:**

DOCUMENTS sufficient to determine the annual volume of sales for each of your COMPANY'S MICROPROCESSOR products.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. VIA particularly objects to this request to the extent that it requests production of highly confidential business information in the absence of a suitable protective order.

**DOCUMENT REQUEST NO. 3:**

DOCUMENTS sufficient to determine your COMPANY'S costs to design, manufacture, sell, distribute, promote, and market (including but not limited to market development activities) your COMPANY'S MICROPROCESSORS.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. VIA particularly objects to this request to the extent that it requests production of highly confidential business information in the absence of a suitable protective order.

**DOCUMENT REQUEST NO. 4:**

DOCUMENTS sufficient to determine your COMPANY'S margins on sales of its MICROPROCESSORS.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. VIA particularly objects to this request to the extent that it requests production of highly confidential business information in the absence of a suitable protective order.

**DOCUMENT REQUEST NO. 5:**

DOCUMENTS assessing the quality or performance of your COMPANY'S MICROPROCESSORS or comparing the quality or performance of your COMPANY'S MICROPROCESSORS with the quality or performance of the MICROPROCESSORS of one or more of your competitors.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. VIA particularly objects to this request to the extent that it requests production of highly confidential business information in the absence of a suitable protective order.

**DOCUMENT REQUEST NO. 6:**

All documents discussing the competitive advantage or disadvantage of your COMPANY'S volume of MICROPROCESSOR sales relative to the volume of your competitors' MICROPROCESSOR sales, and all documents discussing the competitive advantage or disadvantage of INTEL having a dominant share of MICROPROCESSOR sales.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. VIA particularly objects to this request to the extent that it requests production of highly confidential business information in the absence of a suitable protective order.

**DOCUMENT REQUEST NO. 7:**

All DOCUMENTS concerning the effect of any FINANCIAL INDUCEMENT or NON-FINANCIAL INDUCEMENT offered by INTEL.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and compliance would be unduly burdensome. VIA particularly objects to this request to the extent that it requests production of highly confidential business information in the absence of a suitable protective order. VIA objects to this request to the extent it seeks documents which are more properly discoverable from INTEL, a party to this action, than from VIA, a non-party.

**DOCUMENT REQUEST NO. 8:**

All DOCUMENTS concerning the above-captioned matter, *AMD v. Intel*, Civ. A. No. 05-441 (D. Del.), any of the allegations about you in AMD's Complaint in that matter, any other litigation involving AMD and INTEL, or any investigation relating to INTEL by the Fair Trade Commission of Japan, the European Commission, or any other governmental authority.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections stated above, VIA objects to this request as vague, ambiguous, and overbroad; as a non-party, VIA is not necessarily familiar with the allegations in AMD's Complaint or "any other litigation involving AMD and INTEL," etc. VIA objects to this request to the extent that it seeks information or documents protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine or any other applicable privileges.

Dated: March 21, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: *Jennifer Ochs*
Jennifer Ochs
Attorneys for Non-Party
VIA Technologies, Inc.

RESPONSES AND OBJECTIONS OF NON-PARTY
VIA TECHNOLOGIES, INC. TO SUBPOENA ISSUED
BY CLASS PARTIES
CASE NO: CV-05-MC-1717 (D. DEL.)

-8-

3078850_1.DOC

1 | ROBERT P. FELDMAN, State Bar No. 69602
JENNIFER OCHS, State Bar No. 174069
2 | MAURA REES, State Bar No. 191698
WILSON SONSINI GOODRICH & ROSATI
3 | Professional Corporation
650 Page Mill Road
4 | Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
5 | Facsimile: (650) 565-5100
Email: rfeldman@wsgr.com; jochs@wsgr.com
6 | mrees@wsgr.com

7 | Attorneys for Non-Party
VIA TECHNOLOGIES, INC.
8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

12 | In re INTEL CORPORATION ) CASE NO: CV-05-MC-1717 (D. Del.)
MICROPROCESSOR ANTITRUST )
13 | LITIGATION ) **PROOF OF SERVICE OF**
) **RESPONSES AND OBJECTIONS**
14 | ) **OF NON-PARTY VIA**
) **TECHNOLOGIES, INC. TO**
15 | ) **SUBPOENA ISSUED BY CLASS**
) **PARTIES**
16 | )
)

POS: RESPONSES AND OBJECTIONS OF NON-
PARTY VIA TECHNOLOGIES, INC. TO SUBPOENA
ISSUED BY CLASS PARTIES
CASE NO: CV-05-MC-1717 (D. DEL.)

3081960_1.DOC

1  I, Laura Wang, declare:

2  I am employed in Santa Clara County. I am over the age of 18 years and not a party to
3  the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill
4  Road, Palo Alto, California 94304-1050. I am readily familiar with Wilson Sonsini Goodrich &
5  Rosati's practice for collection and processing of documents for facsimile transmittal and
6  correspondence for mailing with the United States Postal Service.

7  On this date, I caused to be personally served

8  **RESPONSES AND OBJECTIONS OF NON-PARTY VIA TECHNOLOGIES, INC. TO**
9  **SUBPOENA ISSUED BY CLASS PARTIES**

10 on the person(s) listed below by consigning the document(s) to a facsimile operator for
11 transmittal and by placing the document(s) described above in an envelope addressed as
12 indicated below, which I sealed. I placed the envelope(s) for collection and mailing with the
13 United States Postal Service on this day, following ordinary business practices at Wilson Sonsini
14 Goodrich & Rosati.

Michael P. Lehmann
Furth Lehmann & Grant LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
Fax: 415.982.2076

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California on March 21, 2007.

*/s/ Laura Wang*

RESPONSES AND OBJECTIONS OF NON-PARTY
VIA TECHNOLOGIES, INC. TO SUBPOENA ISSUED
BY CLASS PARTIES
CASE NO: CV-05-MC-1717 (D. DEL.)

-2-

3081960_1.DOC

# WSGR Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

**Date:** March 21, 2007

**To:** Michael P. Lehmann    **Fax:** 415.982.2076    ☐ Use this fax number only

**Company:** Furth Lehmann & Grant LLP    **Phone:** 415.433.2070    ☐ Notify recipient before sending

---

**From:** Jennifer Ochs    **Phone:** 650.493.9300    **Return Fax:** 650.565.5100

**Original:** ☒ To follow via mail    ☐ To follow via courier    ☐ To follow via email    ☐ Original will not follow

**Fax Contains:** 11 pages *(including this sheet)*. If incomplete, call Laura@650.849.5758.

**Message:**

---

Ref:    Return Original to:    Location:

650 Page Mill Road, Palo Alto, CA 94304-1050 • 650.493.9300 Tel • 650.493.6811 Fax • www.wsgr.com

This fax may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender and destroy all copies.
Entire Transmission Copyright © 2003 Wilson Sonsini Goodrich & Rosati. All Rights Reserved.

Document2 (403)