IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: )<br>INTEL CORP. MICROPROCESSOR )<br>ANTITRUST LITIGATION )<br>_____ )<br>PHIL PAUL, on behalf of himself )<br>and all others similarly situated, )<br>                                     )<br>            Plaintiffs, )<br>    v.                                )<br>                                     )<br>INTEL CORPORATION, )<br>                                     )<br>            Defendant. )<br>                                     ) | MDL Docket No. 05-1717-JJF<br><br><br><br>Civil Action No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**REPLY LETTER IN SUPPORT OF CLASS PLAINTIFFS'
REQUEST TO COMPEL FRY'S ELECTRONICS, INC. (DM No. 5)**

PRICKETT, JONES & ELLIOTT, P.A.
James L. Holzman (#663)
J. Clayton Athey (#4378)
Laina M. Herbert (#4717)
1310 King Street
P.O. Box 1328
Wilmington, DE  19899
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com
lmherbert@prickett.com

*Interim Liaison Counsel for Plaintiffs*

Dated:  April 23, 2007

Dear Judge Poppiti:

This is Class Plaintiffs' reply letter brief on their motion to compel Fry's Electronics, Inc. ("Fry's"). Fry's does not deny that in the seven months of negotiations before Class Plaintiffs moved to compel, it never once offered to produce any data and never even produced the tiny data sample that the parties requested on multiple occasions as the most efficient and effective means of permitting the parties to narrow their request to the most relevant data fields. Only after Class Plaintiffs moved to compel did Fry's, for the first time, offer to produce data. As will be explained, Fry's offer is wholly deficient. Indeed, the offer demonstrates that the relief requested in Class Plaintiffs' initial letter brief is no longer sufficient.

Class Plaintiffs begin by specifying the relief they now seek. Then, because the post-motion negotiations and Fry's opposition raise new issues, Class Plaintiffs define the issues that are ripe and necessary for this Court to decide. Finally, Class Plaintiffs explain why the arguments in Fry's opposition are not meritorious.

1. **Broader Relief is Necessary to Address Fry's Continued Intransigence**

Before filing their letter brief, Class Plaintiffs expected that if Fry's were compelled to produce data by a date certain, the details of the production could be timely negotiated without requiring further Court intervention. Based on their post-motion negotiations with Fry's, wherein the company's only proposal to produce data was completely inadequate, Class Plaintiffs are now convinced that Fry's is not prepared to make a sufficient production of data unless specific parameters are first established by the Court. Fry's offers to produce "*summary* reports showing *aggregate* information from a *sample* of computer models *provided that* [its modifications to the protective order are entered]." *See* Declaration of Richard M. Volin ("Volin Decl."), filed herewith, Ex. C, at 2 (emphasis added). Protective order modifications aside, the limits on Fry's proposed production alone make the offer a non-starter. As explained by Class Plaintiffs' consultant tasked with data work in this case, "Fry's proposed sample includes merely one data point per computer product and appears not even to include all the relevant products purchased and sold by Fry's. The lack of a time dimension, in particular, renders the proposed data sample irrelevant to Class Plaintiffs for a variety of reasons (e.g., if costs and sales prices of computer products change over time)." Declaration of Jonathan M. Orszag ("Orszag Decl."), filed herewith, ¶ 8.

Accordingly, the Court should enter an Order establishing the following parameters, procedures and timetable to ensure Fry's timely and proper production of data:

1. Fry's will produce a data sample within one week. The sample will contain transactional data as maintained in the ordinary course of Fry's business for a two-day period for two PLUs [the term Fry's uses instead of SKUs] for the fields, or Fry's equivalent, listed in Attachment A to the parties' February 23, 2007 letter. *See* Volin Cert., Ex. H.[1]

---

[1] *See* Orszag Decl. ¶ 9 ("Using either data dictionaries or a limited sample production, Class Plaintiffs would then be able to specify adequately the full set of relevant fields associated with Fry's transaction level sales and purchase data production. Through this process, Fry's could then provide the Class Plaintiffs with the most relevant data at the most modest burden.").

1

2. Within two weeks, the parties will identify the fields from the data sample for which they seek full production. Fry's will cooperate with the parties to answer their questions about the data sample, including by making its IT personnel available for conference calls.

3. Fry's will produce all transactional data available within the fields designated by the parties for the period 2000-2006 in a format acceptable to the parties.

4. The parties and Fry's will attempt to negotiate an agreement to share Fry's reasonable out-of-pocket production expenses.

5. Any disputes regarding compliance with this protocol will be brought to the Special Master's prompt attention for resolution pursuant to expedited proceedings.

## 2. Several Issues Are Ripe and Necessary for Decision

Class Plaintiffs' initial brief addressed five basic issues: (1) whether Fry's transactional data are relevant; (2) whether the possibility that Fry's data might partially and imperfectly overlap with another party or third-party's production eliminates its obligation to produce; (3) whether the existing protective order applies to Fry's data; (4) whether this Court has jurisdiction to enforce the subpoena served on Fry's; and (5) whether production of the requested data would impose an excessive burden on Fry's.

Little further need be said as to these issues. Fry's makes no effort to dispute Class Plaintiffs' explanation of the relevance of its data, and the Orszag Declaration leaves no doubt that Fry's data are relevant and important. *See* Orszag Decl. ¶¶ 4-7. Class Plaintiffs' initial brief explains that the possibility of partially and imperfectly overlapping data does not relieve Fry's of its obligation to produce, and Fry's makes no real attempt to argue otherwise.[2] Fry's abandons its argument that the protective order does not apply to its data. Fry's does dispute that this Court has jurisdiction, but cites just one case from the Northern District of California. The weight of authority and the better reasoned cases, however, hold otherwise. *See* Initial Brief at 4.[3] Fry's continues to assert undue burden, but its argument reflects a misunderstanding of its production obligation. The parties seek production of Fry's transactional data *as they exist in the ordinary course of business*. Class Plaintiffs are not asking Fry's to perform any tasks other than downloading the relevant data onto a medium in an appropriate format. That task is not unduly burdensome and Fry's has not attempted to show otherwise.

In its opposition, Fry's raises four new issues, each of which is ripe for decision: (1) whether Class Plaintiffs have adequately identified the data they seek; (2) whether it is too soon to compel Fry's to produce data; (3) whether Fry's may produce just a sample of its data; and (4) whether Fry's may seek to modify the existing protective order. Class Plaintiffs address these arguments in turn.

---

[2] Instead, Fry's misrepresents Class Plaintiffs' position, claiming that "Plaintiffs concede that *much* of the information they seek is duplicative of information sought from the parties and third parties." Opp. Brief at 4 (emphasis added). In fact, Class Plaintiffs show how *little* overlap could occur. *See* Initial Brief at 3.
[3] The court in *United States v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 270, 275 (D.D.C. 2002) considered and rejected the reasoning of the court in *Visx, Inc. v. Nidek Co.*, 208 F.R.D. 615 (N.D. Cal. 2002), the case on which Fry's relies.

### 3. Class Plaintiffs Have Clearly Described the Data They Seek from Fry's

After months of conferring about its data production, Fry's makes the remarkable claim that it does not know what data Class Plaintiffs seek. The answer is readily available in the subpoena served on Fry's in June 2006, in multiple subsequent emails and letters, and in Class Plaintiffs' initial brief. *See* Volin Decl. ¶¶ 1-2, 15-17.[4]

### 4. Fry's Should Be Compelled to Produce Its Data Now

Fry's asserts that the parties have not met and conferred enough. To be sure, the details of the production still need to be worked out, but the key point is that Fry's past and present positions make it highly unlikely that further negotiations will be productive unless the Court first decides the issues presented on this motion and establishes the procedures and parameters set forth above.[5]

Fry's also argues that Class Plaintiffs have no need for Fry's data unless and until the Court certifies a class. This argument overlooks that Intel and AMD, which do not face class certification, have subpoenaed essentially the same data. In addition, while Fry's blithely concludes that Class Plaintiffs do not need Fry's data for class certification, Class Plaintiffs submit that they should be able to exercise their best judgment about how to respond to the arguments that Intel is likely to make in opposition to class certification.

### 5. Fry's Should Make a Full Production of its Data

Fry's argues that if it must produce its data, it should produce only a "statistically relevant sample." Opp. Brief at 4.[6] Class Plaintiffs are amenable to receiving such a sample for class certification purposes, but Fry's would then need to produce the full dataset for merits. *See* Volin Decl. ¶ 14. Class Plaintiffs are entitled to a full production of data for merits because such a production would not be unduly burdensome (*see* Orszag Decl. ¶¶ 10-11), and the protective order provides sufficient protection, as discussed next.

### 6. No Further Modifications of the Protective Order Should Be Permitted

Fry's is not entitled to re-open months of negotiations among the parties and various third parties, as well as full proceedings before this Court in which all subpoenaed third parties, including Fry's, were given a full opportunity to object to the parties' proposed protective order and argue before the Special Master. The centerpiece of Fry's current protective order

---

[4] Nevertheless, Fry's appears to misunderstand the type of information Class Plaintiffs seek, and possibly does not point to the correct system where the relevant data are stored. *See* Orszag Decl. ¶¶ 10-11.
[5] Fry's has stated that it will not produce data unless the protective order is modified. Moreover, given seven months of unproductive negotiations and the fast-approaching deadline for the opening class certification brief, Class Plaintiffs cannot afford to negotiate for weeks more and then move to compel on, at least, the protective order issue. Further, the complete inadequacy of Fry's data production proposal offers little hope that a compromise can be reached without some assistance from the Court. *See* Volin Decl. ¶¶ 9-13.
[6] Fry's acknowledgement that a sample should be "statistically relevant" cannot be squared with its offer to produce just one data point per product.

modification – additional protections for a second tier of highly confidential documents – was specifically presented in Fry's objections filed with the Court in May 2006, but was not accepted by the Special Master or the Court. *See* Volin Decl. ¶ 18. Nothing has changed since May 2006. The data the parties seek from Fry's now is similar to the data subpoenaed by AMD back in 2005. *See id.*

The possibility that transactional data would fall into the hands of competitors and suppliers – the concern articulated here by Fry's - was considered by the Special Master in recommending, and the Court in entering, the existing protective order.[7] Clearly, the Court expected that documents and data of the very type that are the subject of this motion would be produced in this litigation, and understood that improper disclosure of such documents *would* cause competitive harm. Nonetheless, the Court concluded that the protections afforded by the existing protective order were sufficient. In short, in entering the protective order, Fry's concerns – as presented to the Court in May 2006 and as presented again now – were considered and ruled upon.[8] Thus, Fry's has provided no reason to change the existing order.

7.     **Conclusion**

Class Plaintiffs have demonstrated their need for Fry's data, and Fry's has not attempted to show otherwise. Fry's arguments that Class Plaintiffs can wait until after class certification and need only a sample should be rejected for the reasons expressed above. Fry's attempt to show that the burden and harm of production are too great likewise must fail. Accordingly, Class Plaintiffs respectfully submit that their motion should be granted.

                    Respectfully submitted,

                    /s/ James L. Holzman

                    James L. Holzman
                    (DE Bar ID # 663)
                    *Interim Liaison Counsel for Class Plaintiffs*

JLH/sam
Enclosures

---

[7] The protective order enumerates both (1) the particular types of documents that may be designated confidential, and (2) the specific protections that such confidential documents will receive. Among the documents that the order defines as "Confidential Discovery Material" are: "Non-public pricing information," "Non-public data concerning sales, revenues, profits, margin and variances," "Non-public customer lists," "Non-public data concerning costs …," and "Other information or documents the disclosure of which the Producing Party can demonstrate would cause a clearly defined and serious injury." Protective Order, Definition M(1),(3),(6),(9),(16). Moreover, the order observes in a "whereas" clause that "the preparation for trial of these actions may require the discovery and use of documents and other information which constitute or contain commercial or technical *trade secrets*, or other confidential information the disclosure of which *would* be *competitively harmful* to the producing party." *Id.* at 2 (emphasis added).

[8] In addition to inappropriately asking to re-open the protective order proceedings, Fry's proposed modification of the existing protective order is unreasonable and unworkable. *See* Volin Decl. ¶¶ 20-23. Moreover, seventeen other third parties (ten making full productions and seven producing samples) have been willing to produce, and have produced, transactional data under the existing protective order. *Id.* ¶ 24.

cc:     Clerk of the Court (By electronic filing)
        Richard L. Horwitz, Esquire (By electronic filing)
        Frederick L. Cottrell, III, Esquire (By electronic filing)
        Mary B. Graham, Esquire (By electronic filing)

# CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on this 23rd day of April, 2007, I caused the foregoing **REPLY LETTER IN SUPPORT OF CLASS PLAINTIFFS' REQUEST TO COMPEL FRY'S ELECTRONICS, INC. (DM No.5)** to be served on the following counsel via electronic filing:

Frederick L. Cottrell, III, Esquire
Chad Michael Shandler, Esquire
Steven J. Fineman, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
shandler@rlf.com
fineman@rlf.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Charles P. Diamond, Esquire
Mark A. Samuels, Esquire
Linda J. Smith, Esquire
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
CDiamond@omm.com
MSamuels@omm.com
lsmith@omm.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Adam L. Balick, Esquire
Bifferato Gentilotti Biden & Balick
711 North King Street
Wilmington, DE 19801-3503
abalick@bgbblaw.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Laurin Grollman, Esquire
Salem M. Katsh, Esquire
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
lgrollman@kasowitz.com
skatsh@kasowitz.com
*Counsel for AMD International Sales & Service LTD and Advanced Micro Devices, Inc.*

Richard L. Horwitz, Esquire
W. Harding Drane, Jr., Esquire
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Counsel for Intel Corporation and Intel Kabushiki Kaisha*

David Mark Balabanian, Esquire
Joy K. Fuyuno, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
david.balabanian@bingham.com
joy.fuyuno@bingham.com
*Counsel for Intel Corporation*

19684.1\309627v1

Christopher B. Hockett, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
chris.hockett@bingham.com
*Counsel for Intel Corporation*

Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
dfloyd@gibsondunn.com
*Counsel for Intel Corporation*

Robert E. Cooper, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
rcooper@gibsondunn.com
*Counsel for Intel Corporation*

Donald F. Drummond, Esquire
Drummond & Associates
One California Street, Suite 300
San Francisco, CA 94111
ballen@drummondlaw.net
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Tracy Kinder and Edward Rush*

Darren B. Bernhard, Esquire
Peter E. Moll, Esquire
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Bernhardd@howrey.com
*Counsel for Intel Corporation and Intel Kabushiki Kaisha*

B.J. Wade, Esquire
Glassman Edwards Wade & Wyatt, P.C.
26 N. Second Street
Memphis, TN 38103
bwade@gewwlaw.com
*Counsel for Cory Wiles*

Nancy L. Fineman, Esquire
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
nfineman@cpsmlaw.com
*Counsel for Trotter-Vogel Realty Inc.*

Robert D. Goldberg, Esquire
Biggs and Battaglia
921 North Orange Street, P.O. Box 1489
Wilmington, DE 19899
goldberg@batlaw.com
*Counsel for Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, Nancy Bjork, James R. Conley, Jeff Vaught, Jim Kidwell Richard Caplan, Virginia Deering, Ficor Acquisition Co. LLC, Tom Hobbs, David Kurzman, Leslie March, Andrew Marcus, Paula Nardella, Bill Richards, Maria Pilar Salgado, Ron Terranova, Nancy Wolft Ryan James Volden and Carl Yamaguchi*

Donald Chidi Amamgbo, Esquire
Amamgbo & Associates, APC
1940 Embarcadero Cove
Oakland, CA 94606
donaldamamgbo@citycom.com
*Counsel for Athan Uwakwe*

Jeffrey F. Keller, Esquire
Jade Butman, Esquire
Law Offices of Jeffrey F. Keller
425 Second Street, Suite 500
San Francisco, CA 94107
jkeller@jfkellerlaw.com
jbutman@kellergrover.com
*Counsel for David E. Lipton, Maria I. Prohias, Patricia M. Niehaus, Peter Jon Naigow, Ronld Konieczka, Steve J. Hamilton, Susan Baxley and Kevin Stoltz*

Gordon Ball, Esquire
Ball & Scott
550 W. Main Ave., Suite 750
Knoxville, TN 37902
gball@ballandscott.com
*Counsel for Andrew Armbrister and Melissa Armbrister*

Joseph M. Patane, Esquire
Law Offices of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
jpatane@tatp.com
*Counsel for Karol Juskiewicz and Lawrence Lang*

James Gordon McMillan, III, Esquire
Bouchard Margules & Friedlander
222 Delaware Avenue,
Suite 1400
Wilmington, DE 19801
jmcmillan@bmf-law.com
*Counsel for Raphael Allison and Matthew Kravitz*

Michele C. Jackson, Esquire
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West, 275 Battery Street,
30th Floor
San Francisco, CA 94111
mjackson@lchb.com
*Counsel for Huston Frazier, Jeanne Cook Frazier and Brian Weiner*

A. Zachary Naylor, Esquire
Robert Kriner, Jr., Esquire
Robert R. Davis, Esquire
James R. Malone, Jr., Esquire
Chimicles & Tikellis, LLP
One Rodney Square, P.O. Box 1035
Wilmington, DE 19899
zacharynaylor@chimicles.com
robertkriner@chimicles.com
robertdavis@chimicles.com
jamesmalone@chimicles.com
*Counsel for Gideon Elliott, Angel Genese, Nir Goldman, Paul C. Czysz, Elizabeth Bruderle Baran, Carrol Cowan, Russell Dennis, Damon DiMarco, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Leonard Lorenzo, Michael E. Ludt, John Maita, Chrystal Moeller, Robert J. Rainwater, Mary Reeder, Stuart Schupler and Sonia Yaco*

Harry Shulman, Esquire
Robert Mills, Esquire
The Mills Law Firm
145 Marina Boulevard
San Rafeal, CA 94901
harry@millslawfirm.com
deepbluesky341@hotmail.com
*Counsel for Stuart Munson*

Ali Oromchian, Esquire
Finkelstein, Thompson & Loughran
601 Montgomery Street, Suite 665
San Francisco, CA 94111
ao@ftllaw.com
*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis*

Douglas A. Millen, Esquire
Steven A. Kanner, Esquire
Much Shelist Freed Denenberg Ament & Rubenstein, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
dmillen@muchshelist.com
skanner@muchshelist.com
*Counsel for HP Consulting Services Inc. and Phillip Boeding*

Vincent J. Esades, Esquire
Muria J. Kruger, Esquire
Marguerite E. O'Brien, Esquire
Heins Mills & Olson, P.L.C.
3550 I.D.S. Center
80 S. Eight Street
Minneapolis, MN 55402
vesades@heinsmills.com
mkruger@heinsmills.com
mobrien@heinsmills.com
*Counsel for Bergerson & Associates Inc.*

Garrett D. Blanchfield, Jr., Esquire
Mark Reinhardt, Esquire
Reinhardt Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, MN 55101
g.blanchfield@rwblawfirm.com
mreinhardt@comcast.net
*Counsel for Susan Baxley*

Hollis L. Salzman, Esquire
Kellie Safar, Esquire
Goodking Labaton Rudoff & Sucharow, LLP
100 Park Avenue
New York, NY 10017
hsalzman@labaton.com
ksafar@labaton.com
*Counsel for Angel Genese, Gideon Elliott and Nir Goldman*

Jason S. Kilene, Esquire
Daniel E. Gustafson, Esquire
Gustafson Gluek PLLC
650 Northstar East, 608 Second Avenue South
Minneapolis, MN 55402
jkilene@gustafsongluek.com
dgustafson@gustafsongluek.com
*Counsel for Fiarmont Orthopedics & Sports Medicine PA*

Lance A. Harke, Esquire
Harke & Clasby
155 S. Miami Avenue
Miami, FL 33130
lharke@harkeclasby.com
*Counsel for Nathaniel Schwartz and Maria I. Prohias*

Bruce J. Wecker, Esquire
Hosie McArthur LLP
One Market Street
Spear Street Tower #2200
San Francisco, CA 94105
bwecker@hosielaw.com
*Counsel for Dwight E. Dickerson*

Francis O. Scarpulla, Esquire
Law Offices of Francis O. Scarpulla
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
foslaw@pacbell.net
*Counsel for Lazio Family Products, Law Offices of Laurel Stanley, William F. Cronin, Michael Brauch and Andrew Meimes*

R. Bruce McNew, Esquire
Taylor & McNew, LLP
3711 Kennett Pike, Suite 210
Greenville, DE 19807
mcnew@taylormcnew.com
*Counsel for Robert Marshall*

Ian Otto, Esquire
Nathan Cihlar, Esquire
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA 22030
dboies@straus-boies.com
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Edward Rush and Tracy Kinder*

Allan Steyer, Esquire
Steyer Lowenthal Boodrookas Alvarez & Smith LLP
One California Street, Third Floor
San Francisco, CA 94111
asteyer@steyerlaw.com
*Counsel for Cheryl Glick-Salpeter, Jay Salpeter, Jodi Salpeter and Michael H. Roach*

Mario Nunzio Alioto, Esquire
Trump Alioto Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123
malioto@tatp.com
*Counsel for Karol Juskiewicz and Lawrence Lang*

Steven A. Asher, Esquire
Robert S. Kitchenoff, Esquire
Weinstein Kitchenoff & Asher, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
asher@wka-law.com kithenoff@wka-law.com
*Counsel for Joseph Samuel Cone*

Francis A. Bottini, Jr., Esquire
Wolf Haldenstein Adler Freeman & Herz
750 B Street, Suite 2770
San Diego, CA 92101
bottini@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Fred Taylor Isquith, Esquire
Adam J. Levitt, Esquire
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave., 11th Floor
New York, NY 10016
isquith@whafh.com
levitt@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Edward A. Wallace, Esquire
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
eawallace@wexlerfirm.com
*Counsel for Peter Jon Naigow*

Jeffrey S. Goddess, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
jgoddess@rmgglaw.com
*Counsel for Ludy A. Chacon, Joseph Samuel Cone, Darice Russ and Michael K. Simon*

Jason S. Hartley, Esquire
Ross, Dixon & Bell LLP
550 West B Street, Suite 400
San Diego, CA 92101
jhartley@rdblaw.com
*Counsel for Gabriella Herroeder-Perras*

Craig C. Corbitt, Esquire
Zelle, Hofmann, Voelbel, Mason & Gette LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
ccorbitt@zelle.com
*Counsel for William F. Cronin, Law Offices of Laurel Stanley and Lazio Family Products*

Eugene A. Spector, Esquire
William G. Caldes, Esquire
Spector Roseman & Kodroff, P.C.
Suite 2500
1818 Market Street
Philadelphia, PA 19103
espector@srk-law.com
bcaldes@srk-law.com
*Counsel for David Arnold, Andrew S. Cohn, Jason Craig, Maria Griffin, Lena K. Manyin, Paul Ramos and Michael Ruccolo*

Scott E. Chambers, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE 19903
*Counsel for David Arnold, Andrew S. Cohn, Jason Craig, Maria Griffin, Lena K. Manyin, Paul Ramos and Michael Ruccolo*

Juden Justice Reed, Esquire
Schubert & Reed LLP
Two Embarcadero Center, Suite 1600
San Francisco, CA 94111
jreed@schubert-reed.com
*Counsel for Patrick J. Hewson*

Natalie Finkelman Bennett, Esquire
Shepherd, Finkelman, Miller & Shah
65 Main Street
Chester, CT 06412-1311
nfinkelman@classactioncounsel.com
*Counsel for Ludy A. Chacon*

Russell M. Aoki, Esquire
Aoki Sakamoto Grant LLP
One Convention Place
701 Pike Street, Suite 1525
Seattle, WA 98101
russ@aoki-sakamoto.com
*Counsel for Kevin Stoltz*

Michael L. Kirby, Esquire
Kirby Noonan Lance & Hoge LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
mkirby@knlh.com
*Counsel for Justin Suarez*

Richard A. Ripley, Esquire
Bingham McCutchen
1120 20th Street, NW, Suite 800
Washington, DC 20036
richard.ripley@bingham.com
*Counsel for Intel Corporation*

Jeffrey A. Bartos, Esquire
Guerrieri, Edmond, Clayman & Bartos, PC
1625 Massachusetts Avenue, NW
Washington, DC 20036
jbartos@geclaw.com
*Counsel for Jose Juan, Dressed to Kill Custom Draperies, LLC, Tracy Kinder and Edward Rush*

Donald L. Perelman, Esquire
Fine Kaplan & Black, RPC
1835 Market Street, 28th Flr
Philadelphia, PA 19103
dperelman@finekaplan.com
*Counsel for Kevin Stoltz*

Randy R. Renick, Esquire
Law Offices of Randy Renick
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
rrr@renicklaw.com
*Counsel for Shanghai 1930 Restaurant Partners L.P. and Major League Softball Inc.*

Daniel Hume, Esquire
Kirby McInerney & Squire LLP
830 Third Avenue, 10th Floor
New York, NY 10022
dhume@kmslaw.com
*Counsel for Raphael Allison and Matthew Kravitz*

Scott Ames, Esquire
Serratore & Ames
9595 Wilshire Blvd., Suite 201
Los Angeles, CA 90212
scott@serratoreames.com
*Counsel for Major League Softball, Inc.*

Douglas G. Thompson, Jr., Esquire
Finkelstein, Thompson & Loughran
1050 30th Street N.W.
Washington, DC 20007
dgt@ftllaw.com
*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis*

Reginald Von Terrell, Esquire
The Terrell Law Group
223 25th Street
Richmond, CA 94804
REGGIET2@aol.com
*Counsel for Athan Uwakwe*

Daniel B. Allanoff, Esquire
Steven Greenfogel, Esquire
Meredith Cohen Greenfogel & Skirnick, P.C.
22nd Floor, Architects Building
117 S. 17th Street
Philadelphia, PA 19103
dallanoff@mcgslaw.com
sgreenfogel@mcgslaw.com
*Counsel for Benjamin Allanoff*

Harvey W. Gurland, Jr., Esquire
Duane Morris
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
HWGurland@duanemorris.com
*Counsel for Intel Corporation*

Barbara C. Frankland, Esquire
Rex A. Sharp, Esquire
Gunderson Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
bfrankland@midwest-law.com
rsharp@midwest-law.com
*Counsel for Marvin D. Chance, Jr.*

_____
J. Clayton Athey (Bar ID #4378)