

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

April 25, 2007

**BY ELECTRONIC MAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

Re:   *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*,
C. A. No. 05-441-JJF;
*In re Intel Corp.*, C.A. No. 05-1717-JJF; and
*Phil Paul v. Intel Corporation (Consolidated)*, C. A. No. 05-485 (JJF)

Dear Judge Poppiti:

      I am enclosing a copy of an email blast to reporters and industry analysts issued by AMD's Global Communications Department, on April 24, 2007, immediately after Intel filed its Remediation Report. AMD's hurried action highlights and fully supports the reason why Intel thought it was appropriate to file under seal the exhibits to its report that identify the names, positions and employment status, in total, of more than 1000 key Intel employees worldwide, many of whom will play no part in this litigation. In view of AMD's insinuation in the email blast about the "supporting materials that Intel decided to file to keep from public view by filing those materials – referred to as 'exhibits' – under seal," I thought I should explain why Intel filed the exhibits under seal.

      In the world in which we now live, Intel has compelling reasons for avoiding publication of such lists of its employees. Multi-national corporations are faced with a wide variety of potential global security threats, and also must honor diverse laws and practices, on a country by country basis, regarding privacy rights of individuals. Intel takes great care to protect the privacy of its employees. AMD is free to use the information in the exhibits for the purposes of the litigation, subject to the Protective Order, but it has no justifiable reason for wanting these names and positions to be made public.

The Honorable Vincent J. Poppiti
April 25, 2007
Page 2

        We will be prepared to discuss this issue during tomorrow's call if Your Honor so desires.

        Respectfully,

        */s/ Richard L. Horwitz*

        Richard L. Horwitz (#2246)

RLH/msb
791632 / 29282

cc:    James L. Holzman, Esquire (By electronic mail)
       Frederick L. Cottrell, III, Esquire (By electronic mail)

Yesterday evening, legal counsel for Intel filed a report with the Court in Delaware detailing their document preservation issues and remediation plans. The report, as well as an accompanying letter addressed to Special Master Poppiti, are both attached.

Legal counsel for AMD is in the process of studying the report, and a very dense and lengthy package of supporting materials that Intel decided to keep from public view by filing those materials – referred to as "exhibits" – under seal.

To fully assess Intel's report and proposed plan, we need to study those materials, and to conduct the limited discovery we outlined in the discovery demand we filed on April 10 (also attached). That discovery principally includes our request to take the deposition of knowledgeable Intel witnesses who can speak to Intel's document preservation efforts in this and similar cases, and the circumstances that led to the lapses described in Intel's report. Intel has registered objections to some of that discovery and we are in the process of asking the Special Master to intervene.

We will be prepared to say more once we've had an opportunity once to assess the materials and talk to witnesses inside Intel under oath regarding their document retention processes and related issues.

Best,

Mike

Michael Silverman
**AMD** Global Communications
512-602-3781 (o)
512-656-8452 (m)
http://www.amd.com/breakfree