IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTEL CORP. MICROPROCESSOR ) | MDL DOCKET NO. 05-1717 |
| ANTITRUST LITIGATION ) | (JJF) |
| ) | |

| | |
|---|---|
| PHIL PAUL, on behalf of himself ) | |
| and all others similarly situated, ) | C.A. No. 05-485-JJF |
| ) | |
| Plaintiffs, ) | CONSOLIDATED ACTION |
| ) | |
| v. ) | |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT INTEL CORPORATION'S SUPPLEMENTAL FILING IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
<u>CONSOLIDATED COMPLAINT</u>**

OF COUNSEL:

David M. Balabanian
James L. Hunt
Christopher B. Hockett
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000

Dated: May 29, 2007

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

*Attorneys for Defendant Intel Corporation*

In opposing Intel's motion to dismiss the First Amended Consolidated Complaint, plaintiffs urged the Court to apply a "liberal" pleading standard and to defer judgment on the sufficiency of their allegations until after discovery and expert economic analysis. *See* Opp'n at 6, 12-14. That was not the rule then, and it is certainly not the rule now, as the United States Supreme Court recently made clear in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) (Exhibit A hereto), which is submitted herewith, pursuant to L.R. 7.1.2.(c).

*Twombly* upholds the dismissal of antitrust conspiracy claims and clarifies generally the standard under which courts should decide motions to dismiss. The Court "retires" *Conley v. Gibson*'s 50-year-old formulation that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1968, 1969. Under *Twombly*, a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level" and ***"enough facts to state a claim to relief that is plausible on its face."*** *Id.* at 1965, 1974 (emphasis added). To meet this standard, the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (internal citations omitted).

In its analysis, the Court particularly stressed concerns about the substantial burdens of discovery in antitrust litigation. *Id.* at 1966-67. Accordingly, when the allegations of a complaint do not meet the plausibility standard, the deficiency should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (internal citation omitted).

So here. As Intel explained in its opening and reply briefs, plaintiffs' factual allegations fall short of establishing a plausible claim for relief. Among other things, plaintiffs fail to allege facts sufficient to show antitrust injury or standing, both of which are prerequisites for their claims. The First Amended Consolidated Complaint's cursory allegations that plaintiffs were harmed by paying higher PC prices, which were somehow caused by Intel's alleged price-cutting and rebates on chip sales, are precisely the kind of bare "labels and conclusions" that *Twombly* rejects. *Id.* at 1965. And the convoluted and attenuated alleged chain of causation set forth in plaintiffs' opposition brief (summarized at Intel's Reply, pp.13-15), clearly fails *Twombly*'s test for plausibility. Accordingly, plaintiffs' claims are ripe for dismissal. As *Twombly* put it: "Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." 127 S. Ct. at 17.

Intel respectfully requests that the Court grant its motion and dismiss plaintiffs' First Amended Consolidated Complaint.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| David M. Balabanian<br>James L. Hunt<br>Christopher B. Hockett<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>(415) 393-2000 | By: *Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>W. Harding Drane, Jr. (#1023)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>wdrane@potteranderson.com |
| Richard A. Ripley<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 373-6000 | *Attorneys for Defendant*<br>*INTEL CORPORATION* |
| Dated: May 29, 2007<br>798226 | |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 29, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on May 29, 2007, I have Electronically Mailed the attached document to the following non-registered participants:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld
  & Toll , P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

By:  /s/ Richard L. Horwitz
   Richard L. Horwitz (#2246)
   W. Harding Drane, Jr. (#1023)
   POTTER ANDERSON & CORROON LLP
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   P.O. Box 951
   Wilmington, DE 19899-0951
   (302) 984-6000
   rhorwitz@potteranderson.com
   wdrane@potteranderson.com

Dated: May 29, 2007
728761 / 29282