...

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>              Plaintiffs,<br><br>  v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>  v.<br><br>INTEL CORPORATION,<br><br>              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**STIPULATION AND [PROPOSED] ORDER BIFURCATING
DISCOVERY INTO INTEL'S EVIDENCE PRESERVATION ISSUES**

WHEREAS, on March 16, 2007, Special Master Poppiti entered an Order Regarding Intel's Evidence Preservation Issues (the "Special Master's Order");

WHEREAS, pursuant to Paragraph 11 of the Special Master's Order (as modified by an April 16, 2007 Order Modifying Order Regarding Intel's Evidence Preservation Issues), Intel filed and served its Proposed Plan of Remediation ("Intel's Remediation Plan") on April 23, 2007;

WHEREAS, Intel's Remediation Plan also contained, at pages 1-30 thereto, Intel's explanation of its evidence preservation program, and how its various evidence preservation lapses occurred;

WHEREAS, AMD served a Notice of Taking Deposition of Intel Corporation and Intel Kabushiki Kaisha and Request for Production of Documents on April 10, 2007 and Class Plaintiffs served a parallel request on April 11, 2007 (the "Outstanding Discovery Requests");

WHEREAS, during a May 3, 2007 teleconference with the Special Master, Intel agreed that it would not oppose any changes or enhancements to Intel's Remediation Plan as may be proposed by Plaintiffs on the basis that such changes or enhancements are not justified by Intel's level of culpability in respect to its evidence preservation lapses;

WHEREAS, during the May 3, 2007 teleconference with the Special Master, Intel made certain representations to the Special Master and Plaintiffs (AMD and Class Plaintiffs are referred to hereafter collectively as "Plaintiffs") concerning a collection of Intel documents in the custody of Intel's outside counsel ("Investigation Documents"), and Intel has agreed that its outside counsel will maintain the integrity of the Investigation Documents pending their ultimate production to Plaintiffs, subject to claims of privilege, or further order of the Court;

WHEREAS, in view of the foregoing, the Special Master indicated his intent to bifurcate discovery concerning Intel's evidence preservation issues such that discovery directed toward Intel's Remediation Plan is conducted in the first instance to enable Plaintiffs to respond to Intel's Remediation Plan ("Remediation Discovery"), while discovery as to other matters related to Intel's evidence preservation issues ("Causation/Culpability Discovery") will proceed after the Remediation Discovery has concluded;

WHEREAS, on May 15, 2007, AMD served its initial Remediation Discovery and Class Plaintiffs served parallel discovery on May 16, 2007; and

WHEREAS, the parties agree that discovery concerning Intel's evidence preservation issues should be bifurcated as set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1. Discovery concerning Intel's evidence preservation issues shall be bifurcated such that discovery directed toward Intel's Remediation Plan shall be conducted in the first instance to enable Plaintiffs to respond to Intel's Remediation Plan ("Remediation Discovery"), while discovery as to other matters related to Intel's evidence preservation issues ("Causation/Culpability Discovery") will proceed after the Remediation Discovery has concluded. Plaintiffs Remediation Discovery may include inquiry into the nature and extent of Intel's loss of data, and the potential consequences of those losses with respect to Intel's ability to remediate same.

2. The Special Master's Order is modified as follows: Plaintiffs shall submit their responses to Intel's Remediation Plan pursuant to Paragraph 12 of the Special Master's Order within fifteen (15) days following the conclusion of Remediation Discovery, and Intel shall submit its reply thereto pursuant to Paragraph 13 of the Special Master's Order within ten (10) days thereafter. Plaintiffs will not be required to respond to the assertions made by Intel at pages 1-30 of its Remediation Plan until completion of Causation/Culpability Discovery, or as otherwise ordered by the Special Master.

3. Intel served its written response to Plaintiffs' initial Remediation Discovery served on May 15, 2007 and May 16, 2007, respectively on May 21, 2007, and shall use reasonable efforts to comply with the discovery (including the scheduling of depositions) in advance of the timeframes otherwise called for in the Federal Rules of Civil Procedure. The parties shall promptly meet and confer to resolve Intel's objections, and failing resolution, promptly bring any issues to the Special Master for resolution.

4. Intel shall have until the latter of (i) August 15, 2007, or (ii) four weeks after the completion of Remediation Discovery, within which to complete its production of documents in response to the Outstanding Discovery Requests and shall meet and confer with Plaintiffs in good faith to discuss a rolling production of such documents. Causation/Culpability Discovery, including depositions and any additional document production, shall proceed expeditiously thereafter. Plaintiffs shall complete Causation/Culpability Discovery prior to responding to Intel's assertions as to its evidence preservation program, how its various evidence preservation lapses occurred, and Intel's culpability for those lapses, as discussed at pages 1-30 of Intel's Remediation

4

Plan. The date for such response shall be established by the parties through stipulation, or by the Special Master in the event the parties are unable to reach agreement.

5. To the extent not superseded by this Order, the Special Master's Order and Amended Order remain in full force and effect.

6. Outside counsel for Intel shall maintain the integrity of the Investigation Documents pending their production to Plaintiffs, subject to claims of privilege, or further order of the Court.

7. Plaintiffs fully preserve the right to seek sanctions at a later point in this case with respect to Intel's evidence preservation lapses, and Intel fully reserves its rights to oppose such requests on any and all grounds, or to make any objections it has to Plaintiffs' discovery, including, but not limited to, on the basis of relevance, burden, attorney-client privilege or attorney work product.

RICHARDS, LAYTON & FINGER

OF COUNSEL:

Charles P. Diamond, Esq.
Linda J. Smith, Esq.
Mark A Samuels, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
(310) 246-6800

Salem M. Katsh
Laurin B. Grollman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway, 22nd Floor
New York, New York 10019

Dated:  June 8, 2007

By  /s/ Frederick L. Cottrell
Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
One Rodney Square
P. O. Box 551
Wilmington, DE  19899
(302) 651-7500
finkelstein@rlf.com
shandler@rlf.com
fineman@rlf.com
cottrell@rlf.com

*Attorneys for Plaintiffs*
*Advanced Micro Devices, Inc. and*
*AMD International Sales & Service, Ltd.*

OF COUNSEL
(INTERIM CLASS COUNSEL):

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

Steve W. Berman
Anthony D. Shapiro
HAGENS BERMAN SOBOL
  SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111

Dated: June 8, 2007

PRICKETT, JONES & ELLIOTT, P.A.

By /s/ James L. Holzman
   James L. Holzman (#663)
   J. Clayton Athey (#4378)
   Prickett, Jones & Elliott, P.A.
   1310 King Street
   P.O. Box 1328
   Wilmington, DE 19899
   jlholzman@prickett.com
   jcathey@prickett.com

*Interim Liaison Counsel*

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Robert E. Cooper<br>Daniel S. Floyd<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 900071<br>(213) 229-7000 | By: /s/ W. Harding Drane, Jr.<br>    Richard L. Horwitz (#2246)<br>    W. Harding Drane, Jr. (#1023)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    P.O. Box 951<br>    Wilmington, DE 19899-0951<br>    (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    wdrane@potteranderson.com |
| Peter E. Moll<br>Darren B. Bernhard<br>Howrey LLP<br>1299 Pennsylvania Avenue<br>N.W. Washington, DC 20004<br>(202) 783-0800 | *Attorneys for Defendants*<br>*Intel Corporation and Intel Kabushiki Kaisha* |

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 373-6000
Facsimile:  (202) 373-6001

David M. Balabanian
Christopher B. Hockett
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  (415) 393-2000
Facsimile:  (415) 393-2286

Dated: June 8, 2007

800147 / 29282

 

ENTERED this ____ day of June, 2007

 

_____
Vincent J. Poppiti, Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, W. Harding Drane, hereby certify that on June 8, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on June 8, 2007, I have Electronically Mailed the documents to the following non-registered participants:

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
cdiamond@omm.com
lsmith@omm.com

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
msamuels@omm.com

Salem M. Katsh
Laurin B. Grollman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway, 22nd Floor
New York, New York 10019
skatsh@kasowitz.com
lgrollman@kasowitz.com

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

By:  /s/ W. Harding Drane, Jr.
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

738395 / 29282

2