# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

302 658 9200
302 658 3989 Fax

Mary B. Graham
(302) 351-9199
mgraham@mnat.com

**DM5**

July 10, 2007

**VIA HAND DELIVERY AND EMAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

> Re:   *Phil Paul v. Intel Corporation,* C.A. No. 05-485 (JJF) Consolidated;
> <u>*Intel Corp. Microprocessor Antitrust Litigation,* MDL Docket No. 05-1717 (JJF)</u>

Dear Judge Poppiti:

Fry's respectfully submits this response to Class Plaintiffs' letter dated June 25, 2007 concerning the allocation of a portion of the Special Master's fees to nonparty Fry's Electronics, Inc.

<u>**Compensation of Special Master**</u>

Federal Rule of Civil Procedure 53 governs the appointment of a special master. Rule 53(h) sets forth the compensation scheme for special masters and provides in pertinent part:

> **(h)    Compensation.**
>
> **(1)    Fixing Compensation.**  The court must fix the master's compensation before or after judgment on the basis and terms stated in the order of appointment, but the court may set a new basis and terms after notice and an opportunity to be heard.
>
> **(2)    Payment.**  The compensation fixed under Rule 53(h)(1) <u>must be paid either</u>:

The Honorable Vincent J. Poppiti
July 10, 2007
Page 2

           (A)    by a party or parties; or

           (B)    from a fund or subject matter of the action within the court's control.

           **(3)**    **Allocation.**    The <u>court must allocate payment</u> of the master's compensation <u>among the parties</u> after considering the nature and amount of the controversy, the means of the parties, and the extent to which any party is more responsible that other parties for the reference to a master.  An interim allocation may be amended to reflect a decision on the merits.

Fed. R. Civ. P. 53(h) (emphasis added).

        The language of the rule expressly requires payment of a special master's compensation by the <u>parties</u> except under circumstances where the fees may be satisfied from a "fund or subject matter of the action within the court's control."[1]  Because this very limited exception has no applicability to the present case, the Special Master's fees must be apportioned among the <u>parties</u> -- Class Plaintiffs, AMD, and Intel.[2]

        Consistent with the mandate of Rule 53, the Court's May 11, 2006 Order Appointing Special Master requires that the Special Master's fees be "shared equally be [sic] the parties."  May 11, 2006 Order, ¶10.  The May 11, 2006 Order further specifies that "the Special Master shall send statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion."  <u>Id</u>.  Moreover, the September 15, 2004 Order establishing a Special Master Panel (referenced in the May 11, 2006 Order), requires that "the compensation, costs and expenses of a Special Master shall be allocated equally among the parties unless otherwise ordered by the Court upon recommendation by the Special Master."  September 15, 2004 Order, ¶4(b).

        Rule 53 -- as well as the relevant Court Orders -- dictates that the Special Master's fees are to be born entirely by the parties (<u>i.e.</u>, plaintiffs and defendants).  Class Plaintiffs' argument that the term "party" as it is used in the Federal Rules and in the Court's

---

[1]    This exception typically applies in connection with litigation seeking to establish a common fund.  <u>See</u> <u>e.g.</u>, <u>In re Emex Corp. Secs. Litigation</u>, 2004 WL 444538 (D.C.N.Y. 2004) (trial court held that special master would be paid from the Settlement Fund rather than by the parties).

[2]    The Federal Rules expressly define the term "party" to mean any plaintiff or defendant named in a complaint.  <u>See</u> Fed. R. Civ. P. 10 (requiring that the complaint identify each "party" to the lawsuit).  Therefore, a person not named in the complaint cannot be a "party" under the Federal Rules.

The Honorable Vincent J. Poppiti
July 10, 2007
Page 3


May 11, 2006 Order should be construed to include a "nonparty" subject to a motion to compel
is not supported by any authority whatsoever and would render Rule 53's use of the term
"nonparty" superfluous.  See, e.g., Fed. R. Civ. P. 53(c) ("The master . . . may recommend a
contempt sanction against a party and sanctions against a nonparty.").  Such a tortured
construction is not only contrary to the basic rules of statutory construction, it also raises serious
due process concerns.

### Discussion Of The Cases Cited By Class Plaintiffs

            None of the authorities cited by Class Plaintiffs stands for the proposition that a
nonparty such as Fry's may be apportioned a percentage of a special master's fees where the
nonparty has been involuntarily haled into court on a motion to compel discovery.  Indeed,
neither Class Plaintiffs nor Fry's has been able to locate a single decision wherein the Court has
construed Rule 53(h) to permit a special master to apportion special master fees to a nonparty.  In
the absence of such authority, Class Plaintiffs' request that Fry's bear some portion of the
Special Master's fees should be denied.


            Each of the cases relied upon by Class Plaintiffs is readily distinguishable from
the present case -- either because the nonparties consented to the apportionment or the case
involved apportionment to a named plaintiff or defendant.  For example, in Nebraska v.
Wyoming, a special master appointed by the United States Supreme Court (acting as trial court
in an action between states) imposed a portion of a special master's fee on various proposed
intervenors/amici.  The Court permitted the parties and the proposed intervenors/amici to
comment on the suggestion from the special master that the intervenors/amici be assessed a
portion of the fees.  The opinion approving the order specifically found that "no party or the
proposed intervenor/amicus has objected to the propriety of including nonobjecting amici in the
assessment." Nebraska v. Wyoming, 504 U.S. 982, 982 (1992).  As a result, the Court did "not
reach the issue, deeming the parties to have agreed with the procedure." Id.  Notably, Justice
Stevens dissented, finding that the Court has no authority to assess costs against nonparties. Id.
at 983.   Nonetheless, because the majority holding involved an intervening amici who
voluntarily chose to take part in the proceedings and did not object to the apportionment of fees
(and, as proposed intervenors, were seeking "party" status), it is distinguishable from the present
case.  Similarly, in United States v. Duke Energy Corp., also relied upon by Class Plaintiffs, the
nonparty which was ordered to bear a portion of the special master's fees did not object and thus
the issue of whether a district court has the authority to impose fees under Rule 53 was not
decided.  United States v. Duke Energy Corp., 2006 WL 2547986 at *1 (D.D.C.) (objections to
special master's report filed by plaintiff United States, not by nonparty UARG).


            Class Plaintiffs' reliance on EEOC v. Int'l Union Elec., Radio and Mach. Workers
is wholly misplaced as that decision permitted the allocation of a portion of the special master's
fees to a "party" to the action, namely a nominal defendant who had actively participated in the
litigation and filed a motion to be realigned as a plaintiff. EEOC v. Int'l Union Elec., Radio and
Mach. Workers, 631 F.2d 81, 82 (6th Cir. 1980).  Such allocation, unlike that requested here,
was entirely consistent with Rule 53.

The Honorable Vincent J. Poppiti
July 10, 2007
Page 4


        Finally, Class Plaintiffs argue -- without citation to any authority -- that Fry's should be ordered to pay a portion of the Special Master's fees as a <u>de facto</u> sanction for objecting to the subpoena thereby "requir[ing] the Special Master's intervention in the first place . . . ." <u>See </u>Class Plaintiffs' letter, dated June 25, 2007 at 2.  This is simply not the law.  To the contrary, the law is clear that a nonparty may not be sanctioned unless it violates a court order. <u>See Cruz v. Meachum</u>, 159 F.R.D. 366, 368 (D. Conn. 1994); <u>24 Hour Fitness U.S.A., Inc. v. 24/7 Tribeca Fitness, L.L.C.</u>, 2006 WL 1881763, *2 (S.D.N.Y. Jul 06, 2006); <u>Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.</u>, 2007 WL 852521, *7+ (D. Kan. Mar 16, 2007); <u>Taylor v. Hart</u>, 2007 WL 1959211, *1 (S.D. Ohio Jun 29, 2007).  Accordingly, because there was no court order to produce the subpoenaed documents, Fry's cannot be sanctioned.

## Conclusion

        Fry's has been anything but intransigent in its dealings with Class Plaintiffs. Fry's is merely a third party that has been brought into this action by subpoena.  Fry's has spent countless hours and incurred substantial attorneys' fees and other costs explaining its information systems and negotiating in good faith with Class Plaintiffs, AMD, and Intel in the hopes of reaching a solution to this dispute that provides the parties with legitimate discovery and that minimizes Fry's acknowledged trade secret concerns.  It is the lack of particularity and the extreme breadth of Class Plaintiffs' subpoena that is the true source of the present dispute -- not nonparty Fry's conduct.  Accordingly, the expenses incurred by the Special Master are therefore appropriately born by the parties.


        In view of the clear mandate of Rule 53(h) that the Special Master's fees "must" be apportioned "among the parties," Fry's respectfully requests that the Special Master reissue the May 25, 2007 invoice and apportion his fees among Class Plaintiffs, AMD, and Intel.

                                Respectfully,

                                */s/ Mary B. Graham*

                                Mary B. Graham


MBG/lm
cc:    Clerk of the Court (via efiling and hand delivery)
       J. Clayton Athey, Esq. (via email)
       James L. Holzman, Esq. (via email)
       Frederick L. Cottrell, III, Esq. (via email)
       Richard L. Horwitz, Esq. (via email)
       Dale R. Dube (via email)
       Carrie David (via email)
       Mary Levan (via email)
949798