

# Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

July 31, 2007

**VIA ELECTRONIC FILING**

Vincent J. Poppiti, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

      Re:    Discovery Matter No. _____
              *In re Intel Corp.*, C.A. No. 05-1717-JJF; and
              <u>*Phil Paul v. Intel Corporation (Consolidated)*</u>, C. A. No. 05-485 (JJF)

Dear Judge Poppiti:

      Intel Corporation ("Intel") submits this letter brief in support of its request to compel class plaintiffs to produce documents responsive to Requests for Production 8 and 9 from Intel's First Set of Requests for Production and to Requests for Production 1 and 2 from Intel's Second Set of Requests for Production. Intel has met and conferred with plaintiffs, as described in the accompanying LR 7.1.1 Certification, but it appears that further discussion will not move the parties toward agreement.

      Requests 8 and 9 seek tax returns and financial documents and records from 2000-2006 to the extent any plaintiff has claimed as a tax deduction the expense or depreciated value of any x86 microprocessor computer device or product, or Microsoft Xbox containing an x86 microprocessor. *See* First Set of Requests for Production, attached as Exhibit 1. Requests 1 and 2 seek federal tax returns from 2004-2006 and documents, from all plaintiffs, sufficient to demonstrate plaintiffs' assets and liabilities. *See* Second Set of Requests for Production, attached as Exhibit 2. Intel contends that these documents are relevant to class certification issues, particularly the adequacy of the class representatives.

      Intel is, of course, entitled to test plaintiffs' contentions that class certification is appropriate for this action and that these plaintiffs are appropriate class representatives. Federal Rule of Civil Procedure 23(a)(4) requires that plaintiffs demonstrate their ability to fairly and adequately protect the interests of the proposed class., which includes the ability to prosecute the case "vigorously." *In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig.*, 149 F.R.D. 506, 508 (D. Del. 1993). Part of vigorous representation is the ability to carry through with the action: "Before allowing a plaintiff to represent a class, the Court must be convinced that the plaintiffs are willing and financially able

Vincent J. Poppiti, Esquire
July 31, 2007
Page 2

to shoulder the burdens of class representation. Thus, the financial status of a proposed representative plaintiff is relevant to the determination of whether that Plaintiff is capable of adequately representing the class." *Id.* For example, in *ML-Lee*, since plaintiffs would have to engage in substantial discovery and serve notice on more than 33,000 potential class members, Judge Farnan held that limited discovery into plaintiffs' financial history – including multiple years' worth of tax returns – was warranted. *Id.* at 508-09. Plaintiffs here will certainly have to engage in prolonged and extensive discovery and to serve notice on potentially millions of class members. Intel is accordingly entitled to explore their ability to adequately meet these obligations.

During the meet and confer process, plaintiffs have responded with three reasons why they should not have to produce responsive documents.[1] None is persuasive.

First, plaintiffs contend that Intel has not demonstrated that plaintiffs' income is at issue or that Intel has a "compelling need" for plaintiffs' tax returns. This overstates the standard by which courts consider the discoverability of tax returns;[2] indeed, Judge Farnan applied no special or heightened standard in *ML-Lee. See generally id.* Further, one of plaintiffs' cited cases does not even apply their proffered "compelling need" standard, instead examining relevance and materiality. *See In re FedEx Ground Package System, Inc., Employment Practices Litig.*, No. 3:05-MD-527 (MDL 1700), 2006 U.S. Dist. LEXIS 92636, *26 (N.D. Ind. Dec. 14, 2006).[3] Plaintiffs' other case, *Walker v. Rent-A-Center, Inc.*, No. 5:02CV3, 2006 U.S. Dist. LEXIS 72232 (E.D. Tex. October 3, 2006), does not go as far as plaintiffs contend. There the court held tax returns were not discoverable because they would provide no relevant information than the defendants had already received from "less-sensitive" sources. *Id.* at *9. Plaintiffs have not identified an alternative source for this information that Judge Farnan has previously held to be relevant and material to plaintiffs' burden under Fed. R. Civ. P. 23(a)(4).

Plaintiffs' second reason for standing on their objections is that tax deductions may not be used to offset potential damages. That is beside the point: financial information, including tax returns, is relevant to adequacy and other potentially important distinctions between class members. For example, some class members may have chosen specific computer systems based on depreciation considerations; Intel is entitled to explore whether variance in purchasing rationales undercuts the appropriateness of the class. Plaintiffs cannot exclude tax deduction information for all purposes simply because it is arguably irrelevant to one.

---

[1]   Plaintiffs' positions are reflected in their meet and confer communications, which are attached to the accompanying LR 7.1.1 certification.

[2]   Plaintiffs have not contended that any heightened standard applies to financial records generally (which is the subject of Request 9), only to tax returns.

[3]   To the extent that *FedEx Ground* held that this information is not relevant to class certification issues, it directly contradicts *ML-Lee* and must be disregarded.

Vincent J. Poppiti, Esquire
July 31, 2007
Page 2

      Plaintiffs' final basis for their refusal to produce responsive documents is that *ML-Lee* is inapposite, because Delaware's code of professional conduct generally permits Plaintiffs' counsel to advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter. But Judge Farnan specifically rejected this argument in *ML-Lee*: "[T]he agreement by Plaintiffs' counsel to advance the costs of litigation does not defeat the relevance of Plaintiffs' own financial status. Sole reliance on the financial backing of the representatives' legal counsel creates the undesirable situation of entrusting the responsibility of adequately representing the class to the attorney rather than the litigant." 149 F.R.D. at 509. That Plaintiffs' counsel in the future may not require repayment of fronted costs if the litigation is unsuccessful does not negate the concern now that plaintiffs "could be coerced into complying with attorneys' advice with regard to different options that may be available on legal issues in a class action because of the potential threat of funding revocation." *Id.* That is the rationale behind *ML-Lee*'s holding, and it applies fully here.

      Accordingly, Intel requests an order compelling plaintiffs to produce documents responsive to Requests 8 and 9 from Intel's First Set of Requests for Production and to Requests 1 and 2 from Intel's Second Set of Requests for Production.

      Respectfully,

      /s/ *Richard L. Horwitz*

      Richard L. Horwitz (#2246)

RLH/msb
809981 / 29282

cc:    James L. Holzman, Esquire (By electronic mail)
       Frederick L. Cottrell, III, Esquire (By electronic mail)