IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP.<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and<br>all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED<br>ACTION |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION
ON INTEL CORPORATION'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS (DM 7)**

WHEREAS, on August 22, 2007, the parties appeared telephonically before the Special Master, Vincent J. Poppiti, on the motion of Intel Corporation ("Intel") to compel production of documents in response to Requests Nos. 8 and 9 from Intel's First Set of Requests for Production of Documents, and Requests Nos. 1 and 2 from Intel's Second Set of Requests for Production (Discovery Matter No. 7); and

WHEREAS, the matter has been fully briefed, argued, and submitted to the Special Master; and

WHEREAS, the Requests at issue seek tax returns and other financial information from the named class representatives; and

WHEREAS, in this jurisdiction, Federal Rule of Civil Procedure 23(a)(4), which addresses class representatives' adequacy to represent the class, puts the class representatives'

financial capacity [– and thus their financial records – ] at issue, particularly in a case such as this one, where there is a substantial alleged class with an expectation of substantial costs going forward (*see In re ML-Lee Acquisition Fund II, L.P.*, 149 F.R.D. 506 (D. Del. 1993) (Farnan, J.)); and

WHEREAS, although the class representatives have not provided specific information regarding their fee arrangement with class counsel, it appears to provide that costs and expenses of litigation are advanced by class counsel as they are incurred and repayment is contingent on the outcome of the matter; and

WHEREAS, where there is an opportunity in any litigation for the prevailing defendant to apply to the Court for costs, the Court appropriately can entertain issues with respect to whether the class is able to satisfy any and all obligations as this issue relates to the prosecution of the lawsuit; and

WHEREAS, in this jurisdiction, the 2003 amendments to Federal Rule of Civil Procedure 23(g) [do not affect the relevance under Rule 23(a)(4) of the class representatives' financial capacity, because the additional duties of class counsel under Rule 23(g)] do not obviate concerns of coercion of class representatives by class counsel (*see ML-Lee, supra*).

NOW, THEREFORE, IT IS HEREBY **RECOMMENDED** that:

1. Intel's motion to compel production of documents in response to Requests Nos. 8 and 9 from Intel's First Set of Requests for Production of Documents, and Requests Nos. 1 and 2 from Intel's Second Set of Requests for Production of Documents is granted.

2.  Class plaintiffs shall produce all documents responsive to the above Requests by not later than thirty (30) days from the date when the Special Master's Order becomes the Order of the Court.

**This Special Master's Order will become a final order of the Court unless objection is taken in accordance with any Order by the Court on the Stipulation and Proposed Order Modifying Time for a Party to File Objection to, or a Motion to Adopt or Modify, the Special Master's Order, Report or Recommendation (attached hereto as Exhibit A) on Discovery Matter No. 7.**

ENTERED this 6th day of September 2007.

_____
Vincent J. Poppiti (#100614)
Special Master