MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JAMES W. PARRETT, JR.
(302) 351-9678
jparrett@mnat.com

**DM5**

September 25, 2007

**VIA HAND DELIVERY AND EMAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

Re:   *Phil Paul v. Intel Corporation,* C.A. No. 05-485 (JJF) Consolidated;
      *Intel Corp. Microprocessor Antitrust Litigation,* MDL Docket No. 05-1717 (JJF)

Dear Judge Poppiti:

Fry's respectfully submits the enclosed Special Master's Report and Recommendation on Motion to Compel Fry's Electronics, Inc. (DM NO. 5) (the "Proposed Recommendation"). Because Fry's submission more closely tracks the proposals before the Court on September 11, 2007, Fry's requests that its Proposed Recommendation be submitted to the District Court.

The following discussion highlights the differences in the parties' respective Proposed Recommendations and the flaws in the language proposed by Class Plaintiffs.

**OEM Incentives (Para. 1.c.)**

Fry's disagrees with Class Plaintiffs' characterization of the proposal that was before the Special Master related to OEM Incentive data. As set forth clearly in Dan Small's July 18, 2007 e-mail, a copy of which is attached to the August 10, 2007 Declaration of Daniel A. Small, Class Plaintiffs' proposal sought: "Provide, by OEM, yearly totals of all incentives received from HP, Compaq, Toshiba, and Gateway." *See* August 10, 2007 Declaration of Daniel A. Small at Ex. D; s*ee also generally* Fry's August 20, 2007 letter to the Honorable Vincent J. Poppiti from James W. Parrett, Jr. As Dan Small's declaration submitted in support of Class Plaintiffs' August 10, 2007

The Honorable Vincent J. Poppiti
September 25, 2007
Page 2

letter to the Special Master establishes -- this was Class Plaintiffs' proposal: "[Class Plaintiffs'] proposal was reiterated in a July 18, 2007 email from me to Mike Powell, a true and correct copy of which is attached hereto as Ex. D." Fry's Proposed Recommendation tracks Mr. Small's proposal and provides: "By OEM, yearly aggregate totals of all incentive payments received from HP, Compaq, Toshiba and Gateway for the years 2000-2006, inclusive." *See* Proposed Recommendation, ¶ 1.c. By contrast, the additional verbiage contained in Class Plaintiffs' Proposed Recommendation does not track Class Plaintiffs' proposal. As a result, it does not reflect what was at issue before the Special Master at the September 11, 2007 hearing. Accordingly, Fry's requests that the Special Master adopt Fry's Proposed Recommendation on this point as it is consistent with Class Plaintiffs' actual proposal.

### Compensation of Special Master (Para. 4)

As set forth in Fry's July 10, 2007 letter to the Special Master, and incorporated fully herein, Federal Rule of Civil Procedure 53 requires payment of a special master's compensation by the <u>parties</u> except under circumstances where the fees may be satisfied from a "fund or subject matter of the action within the court's control."[1] Because this very limited exception[2] has no applicability to the present case, any Special Master fees related to this dispute must be borne by Class Plaintiffs -- not third party Fry's.

### Conclusion

Fry's Proposed Recommendation accurately tracks the proposals that were before the Special Master and is consistent with the clear mandate of Rule 53(h) which requires that special master's fees "must" be apportioned "among the parties." Accordingly, Fry's respectfully requests that the Special Master adopt Fry's Proposed Recommendation.[3]

---

[1] The Federal Rules expressly define the term "party" to mean any plaintiff or defendant named in a complaint. *See* Fed. R. Civ. P. 10 (requiring that the complaint identify each "party" to the lawsuit). Therefore, a person not named in the complaint cannot be a party under the Federal Rules.

[2] This exception typically applies in connection with litigation seeking to establish a common fund. *See e.g., In re Emex Corp. Secs. Litigation*, 2004 WL 444538 (D.C.N.Y. 2004) (trial court held that special master would be paid from the Settlement Fund rather than by the parties).

[3] Fry's also requests that the Special Master retain the clause "subject to any right of appeal" at the end of Fry's Proposed Recommendation. Fry's sought such change to make clear that it will not and does not waive its right to appeal.

The Honorable Vincent J. Poppiti
September 25, 2007
Page 3

            Respectfully,

            */s/ James W. Parrett, Jr.*

            James W. Parrett, Jr.

JWP/lmc
cc: Clerk of the Court (via efiling and hand delivery)
   J. Clayton Athey, Esq. (via email)
   James L. Holzman, Esq. (via email)
   Frederick L. Cottrell, III, Esq. (via email)
   Richard L. Horwitz, Esq. (via email)
   Dale R. Dube (via email)
   Carrie David (via email)
   Mary Levan (via email)

1244917