## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | )<br>)<br>)<br>)     MDL Docket No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself<br>And all others similarly situated,<br><br>           Plaintiffs,<br>    v.<br><br>INTEL CORPORATION,<br><br>           Defendant. | )<br>)<br>)<br>)     Civil Action No. 05-485-JJF<br>)<br>)     CONSOLIDATED ACTION<br>)<br>)<br>) |

### NOTICE OF SUBPOENA

TO:    Counsel of Record
        (Per the Attached Service List)

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30(b)(6) and 45 of the

Federal Rules of Civil Procedure, on October 9, 2007, the attached subpoena was served

on **Tech Data Corporation**, c/o Eric Adams, Shutts & Bowen LLP, Wachovia Center,

100 S. Ashley Drive, Suite 1500, Tampa, Florida 33602. By and through their

undersigned attorneys, the Plaintiffs and Defendant in this above-captioned matters will

take the deposition upon oral examination by stenographic means of third-party Tech

Data Corporation on November 2, 2007, at 10 a.m. at the offices of Tech Data

Corporation in Tampa, Florida, in a room capable of video-conferencing, or at another

location mutually agreed upon by the parties. Pursuant to Fed.R.Civ.P.30(b)(6), Tech

Data Corporation shall produce a designated representative or representatives, as may be

required, to testify on behalf of Tech Data Corporation concerning the topics identified in Schedule A attached hereto.

PLEASE TAKE NOTICE that the deposition taken pursuant to this Notice will be recorded by stenographer. The deposition will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed. Counsel for all parties is invited to attend and participate.

Dated: October 9, 2007                     Respectfully submitted,

                                           PRICKETT, JONES & ELLIOTT, P.A.

                                           _____/s/ Laina M. Herbert_____
                                           James L. Holzman (DE Bar #663)
                                           J. Clayton Athey (DE Bar #4378)
                                           Laina M. Herbert (DE Bar #4717)
                                           1310 King Street, Box 1328
                                           Wilmington, DE 19899
                                           (302) 888-6500
                                           jlholzman@prickett.com
                                           jcathey@prickett.com
                                           lmherbert@prickett.com
                                           *Interim Liaison Counsel for the Class
                                           Plaintiffs*

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Michael P. Lehmann
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
mhausfeld@cmht.com, dsmall@cmht.com,
blandau@cmht.com, mlehmann@cmht.com

Thomas P. Dove
THE FURTH FIRM, LLP
225 Bush Street

15TH Floor
San Francisco, CA 94104
tdove@furth.com

Steve W. Berman
Anthony Shapiro
Craig R. Spiegel
HAGENS BERMAN SOBEL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com
craig@hbsslaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

*Co-Lead and Interim Counsel for Plaintiffs*

AO88  (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

MIDDLE    DISTRICT OF    FLORIDA

In Re Intel Corp. Microprocessors Antitrust Litig.;

Phil Paul, et al.;
Advanced Micro Devices, Inc., and AMD
International Sales & Service, Ltd.

v.

Intel Corp.

SUBPOENA IN A CIVIL CASE

Case No:[1]    05-485-JJF
              05-441-JJF
MDL Docket No. 1717 JJF
United States District Court,
District of Delaware

TO:    Tech Data, c/o Eric Adams, Esq.
       Shutts & Bowen LLP
       100 S. Ashley Drive, Suite 1500
       Tampa, FL 33602

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 5350 Tech Data Drive, Clearwater, FL  33760 | November 2,  2007 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *Kay Marcus*            Plaintiff Attorney | October 9, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Karen J. Marcus              1050 30th Street, NW
FINKELSTEIN THOMPSON, LLP    Washington, D.C. 20007    (202-337-8000)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

## DEFINITIONS

1.  For purposes of this deposition, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, Core, Core Duo, and Xeon).

2.  For purposes of this deposition, "COMPUTER SYSTEM" means any product that utilizes a MICROPROCESSOR including, without limitation, desktop computers, notebook computers, workstations, and servers.

3.  INTEL" refers to Intel Corporation, Intel Kabushiki Kaisha, and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

4.  "AMD" refers to Advanced Micro Devices, Inc., AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

5.  For purposes of this deposition, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount, Intel inside funds, E-CAP (exceptions to corporate approved pricing), Market Development Funds ("MDF"), "meeting competition" or "meet comp" payments, "depo" payments, program monies, AMD Advantage payments, or any advertising or pricing support on MICROPROCESSORS or on any COMPUTER SYSTEM containing an AMD or INTEL MICROPROCESSOR.

**DEPOSITION TOPICS**

Pursuant to Rule 30(b)(6), Tech Data Corporation shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons to testify on its behalf concerning the following subject matters:

1.    The data stored in Tech Data Corporation's sales transaction database, as well as issues regarding the i) source of the sales transaction data; ii) features of the sales transaction database; functions of the sales transaction database; observations in the sales transaction data; and fields in the sales transaction database; iii) scope of the sales transaction database; international sales in the sales transaction database; date range of the data included in the sales transaction database; products included in the sales transaction database; and availability of additional sales transactions data.  This topic includes, but is not limited to, the Sales Transaction Data questions raised in the Parties' April 24, 2007 letter to Tech Data Corporation, of which a copy is attached hereto as Exhibit A.

2.    The data stored in Tech Data Corporation's purchase transaction database, as well as issues regarding the i) source of the purchase transaction data; ii) features of the purchase transaction database; functions of the purchase transaction database; observations in the purchase transaction data; and fields in the purchase transaction database; iii) scope of the purchase transaction database; international purchases in the purchase transaction database; date range of the data included in the purchase transaction database; products included in the purchase transaction database iv) availability of additional

2

purchase transactions data.  This topic includes, but is not limited to, the Purchase Transaction Data questions raised in the Parties' April 24, 2007 letter to Tech Data Corporation.

3.  The data stored in Tech Data Corporation's End User database, as well as issues regarding the i) source of the End User data; ii) features of the End User database; functions of the End User database; observations in the End User data; and fields in the End User database.  This topic includes, but is not limited to, the End User Data questions raised in the Parties' April 24, 2007 letter to Tech Data Corporation.

4.  The data stored in Tech Data Corporation's Warehouse Code database, as well as issues regarding the i) source of the Warehouse Code data; ii) features of the Warehouse Code database; functions of the Warehouse Code database; observations in the Warehouse Code data; and fields in the Warehouse Code database.  This topic includes, but is not limited to, the Warehouse Code Data questions raised in the Parties' April 24, 2007 letter to Tech Data Corporation.

5.  The data stored in Tech Data Corporation's Order Source Code database, as well as issues regarding the i) source of the Order Source Code data; ii) features of the Order Source Code database; functions of the Order Source Code database; observations in the Order Source Code data; and fields in the Order Source Code database.

6.  The manner in which the records of any FINANCIAL INDUCEMENTS provided by manufacturers, vendors, AMD, and INTEL to Tech Data

Corporation, in relation to MICROPROCESSOR or COMPUTER SYSTEM transactions, are stored.

7. The manner in which the records of any FINANCIAL INDUCEMENTS provided by Tech Data Corporation to its customers (e.g. corporate customers, Retailers, Resellers (including Value-Added Resellers)), in relation to MICROPROCESSOR or COMPUTER SYSTEM transactions, are stored.

8. The effect, if any, that FINANCIAL INDUCEMENTS had on Tech Data's sales transaction data, purchase transaction data, End User Data, or Warehouse Code data.

# *EXHIBIT A*

# FINKELSTEIN THOMPSON LLP

April 24, 2007

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Teresa Kennedy, Esq.
Legal Department
**Tech Data Corporation**
5350 Tech Data Drive/ C1-7
Clearwater, Florida 33760

> RE:    *In re Intel Corp. Microprocessor Antitrust Litigation* (MDL No. 1717-JJF)
> *Phil Paul v. Intel Corp.* (C.A. No. 05-485-JJF)

Dear Ms. Kennedy:

Thank you for providing the parties with an extract of Tech Data's dataset. The parties have reviewed the transactional data production and have some follow up questions that will allow us to better understand the data. We would appreciate your help in answering the questions below. Also, if Tech Data is able to provide the parties with a description of each field in each of the datasets (in the form of a data dictionary or some another form) then the field descriptions may answer some of the parties' questions.

**Sales Transaction Data**

1. Does each individual line in the sales data represent a single transaction? If a transaction invoice in the sales data has multiple items, how are those items reflected in the data set? At which fields can we look to determine which line items form a single transaction?

2. In the sales data, there are items listed under the field IC_ITEM_DESC_1 where it is unclear whether it is an x86 processor or a product which contains an x86 processor. Is there a method or field in the database that would allow us to determine whether a product listed in the IC_ITEM_DESC_1 field is an x86 processor or a product that contains an x86 processor?

3. How is a unique product defined in the sales data?

4. What is the purpose of having two item description fields (IC_ITEM_DESC_1 and IC_ITEM_DESC_2)?

1050 30ᵀᴴ Street, NW · Washington, DC 20007 · Phone: 202.337.8000 · Fax: 202.337.8090 · Toll-Free: 877.337.1050

601 Montgomery Street · Suite 665 · San Francisco, CA 94111 · Phone: 415.398.8700 · Fax: 415.398.8704
www.FinkelsteinThompson.com

Letter to Tech Data Corporation
April 24, 2006
Page 2 of 6



5.  Please describe the following WAREHOUSE_NUMBER codes: (a) G1 through
    G6; (b) H5; (c) L1 through L6; (d) M5; (e) Q1 through Q6; and (f) R3, R4, and
    R6.

6.  There are several observations where the SHIP_TO_STATE field does not
    appear to include a two character U.S. state abbreviation.  For example, there
    are blank observations, numeric values (e.g., 91), and alpha and numeric values
    (e.g., H6).  Please explain how we should be interpreting these observations.

7.  Is the CUST_NAME field unique not only to a single entity customer, but also
    to a customer with multiple entities, (e.g., divisions and subsidiaries)?  If not, is
    there a data field available in the data or that can be provided which would
    allow us to identify divisions and subsidiaries that are associated with a parent
    company?

8.  Please explain the significance of observations where the CUST_NAME field is
    different from the SHIP_TO_NAME field for a given transaction?

9.  Are the WAREHOUSE_NUMBER, IC_PU_UNIT_COST, IC_ITEM_NO,
    IC_ITEM_DESC_1, and IC_ITEM_DESC_2 fields the same in both the sales
    data and purchase data?

10. Please describe the information contained in the IC_PU_UNIT_COST,
    FRONT_END_GP ($) and BACK_END_GP ($) fields.  Please explain how
    these fields are calculated.

11. Is the IC_PU_UNIT_COST the unit acquisition cost for the particular SKU
    (IC_ITEM_NO) sold in a given transaction?  If not, what exactly does this field
    represent and how is it calculated?

    a.  Is the IC_PU_UNIT_COST net of all adjustments such as credits, debits,
        returns, discounts, and rebates?  If not, what types of adjustments are *not*
        subtracted from this field?  If IC_PU_UNIT_COST is net of such
        adjustments, how can these adjustments be identified in the data?  If they
        cannot be identified in the data as it is presently produced, can additional
        data be provided that would allow us to identify these types of
        adjustments?

    b.  Please explain what the NetUnits field represents – is this the number of
        units sold?  Does the NetUnits field reflect the number of individual x86
        processors sold?  If not, how can we determine from the NetUnits field the
        number of individual microprocessors sold in a particular transaction?



c. Please explain the significance of observations where the NetUnits field is negative. Additionally, how should we interpret observations where both the NetUnits field and the Net Sales$ field are negative? If these observations represent returns, how can we link these returns back to the original transactions?

12. Is the Net Sales$ field net of all adjustments such as credits, debits, returns, discounts, and rebates? If not, what types of adjustments are *not* subtracted from this field? If Net Sales$ is net of such adjustments, how can these adjustments be identified in the data? If they cannot be identified in the data as it is presently produced, can additional data be provided that would allow us to identify these types of adjustments?

a. Please explain the significance of observations where the Net Sales$ field is negative.

13. Please clarify the meaning of observations that have Net Sales$, Returns$ and NetUnits all equal to zero. Similarly, please explain the meaning of observations that have Net Sales$ and Returns$ equal to zero, but NetUnits that are greater than zero.

14. What is the meaning of observations that have a SUGG_RTL_PRICE value equal to zero?

15. What products are included in this data set? Are these only chips or do they include computers as well? If computers are included, is there a way to identify whether a computer is a notebook, desktop, or server?

16. In the sales data as it is presently produced, is there a way to identify adjustments such as credits, debits, returns, discounts, or rebates? If so, how can we identify these adjustments? If these adjustments cannot be identified in the current data, is there a data field (or fields) that could be provided which would allow us to identify these?

17. Is the sales data limited to transactions occurring in the United States? If Tech Data sells products to customers outside the U.S., we will need Tech Data to include these foreign transactions in the future production of sales data to AMD and Intel.

**Purchase Transaction Data**

18. Does each individual line in the purchase data represent a single transaction? If a purchase order in the purchase data has multiple items, how are those items



reflected in the data set? At which fields can we look to determine which line items form a single transaction?

19. There are observations that have a VNDR_NAME equal to "Tech Data" or "Tech Data Canada." We are currently interpreting these observations as internal product transfers, is this correct? Similarly, there are observations that have an IC_ITEM_DESC_1 equal to "Canadian Rotation" and both the PO_PU_UNITS_ORDR and IC_PU_UNIT_COST fields are equal to zero. What do these observations imply?

20. Please describe the following WAREHOUSE_NUMBER codes: 1) P1 through P6; 2) Q1, Q2, and Q4 through Q6; and 3) S3, S4, and S6.

21. Is the VNDR_NAME field unique not only to a single entity vendor, but also to a vendor with multiple entities, (e.g., divisions and subsidiaries)? If not, is there a data field available in the data or that can be provided which would allow us to identify divisions and subsidiaries that are associated with a parent company?

22. In the purchase data as it is presently produced, is there a way to identify adjustments such as credits, debits, returns, discounts, or rebates? If so, how can we identify these adjustments? If these adjustments cannot be identified in the current data, is there a data field (or fields) that could be provided which would allow us to identify these?

23. Please explain what the PO_PU_UNITS_ORDR field represents – is this the number of units ordered? Does the PO_PU_UNITS_ORDR field reflect the number of individual x86 processors purchased? If not, how can we determine from the PO_PU_UNITS_ORDR field the number of individual microprocessors purchased in a particular transaction?

   a. Please explain the significance of observations where the PO_PU_UNITS_ORDR field is equal to zero and the IC_PU_UNIT_COST field is greater than zero.

24. Please explain what the IC_PU_UNIT_COST field represents – is this the per-unit cost of the product purchased? Is this the same as the IC_PU_UNIT_COST field in the sales transaction data?

   a. If so, how is the IC_PU_UNIT_COST field in the purchase transaction data matched to a sale in the sales transactions data?

   b. If not, is the IC_PU_UNIT_COST field in the purchase transaction data net of all adjustments such as credits, debits, returns, discounts, and rebates? If not, what types of adjustments are *not* subtracted from this



field? If IC_PU_UNIT_COST is net of such adjustments, how can these adjustments be identified in the data? If they cannot be identified in the data as it is presently produced, can additional data be provided that would allow us to identify these types of adjustments?

25. How should we interpret observations where the VNDR_PROD_NO field is missing? Is it possible to fill in these missing observations with the correct vendor SKUs?

26. There are 27 entries where the PO_PU_UNITS_ORDR field is greater than zero and IC_PU_UNIT_COST field is equal to zero. Please explain how these observations should be interpreted. In the data set, seven percent of observations have both PO_PU_UNITS_ORDR and IC_PU_UNIT_COST equal to zero as well as a missing IC_ITEM_NO. Please explain how these observations should be interpreted.

**End User Data**

27. How does the tblAMDIntel-EndUser data (end user data hereafter) relate to the sales and purchase data? Can we match/combine the end user data with the sales and purchase data?

28. Please explain what the CONTRACT_TYPE field represents? It appears that 99 percent of observations have a missing value in the CONTRACT_TYPE field. Please explain the significance of these observations. Is there another source for this information that can be provided?

29. In the end user data, approximately 14 percent of the observations have a missing value in the NAME field. Please explain the significance of these observations. Is there another source for this information that can be provided?

**Warehouse Codes Data**

30. In the WarehouseCodes database, please explain the following WAREHOUSE_NUMBER entries:
    a. "99"; A1 through A9
    b. For entries B1 through B9, what does "BAD BOX WH" in the WAREHOUSE_DESC field refer to?
    c. For entries C3, C6, and C9, what does "CONFIG WH" in the WAREHOUSE_DESC field refer to?
    d. For entries D5 and D6, does "DEFCT MRCH – DFW" and "DEFCT MRCH – FONT" in the WAREHOUSE_DESC field refer to a defective product returned to a specific warehouse location? If not, please explain how we should be interpreting these WAREHOUSE_DESC values.

Letter to Tech Data Corporation
April 24, 2006
Page 6 of 6



31.  It would be helpful to provide a complete description for each of the
abbreviations used in the "WAREHOUSE_DESC" field.

**Next Steps**

We anticipate that many of our questions may be complex and best addressed
through a conference call between the parties and Tech Data. Additionally, we have
found it particularly helpful in our negotiations with other Distributors to have an
accounting or technical person from your client's company, who works with the
information in the databases, to participate on the conference call to answer our
questions. We would like to schedule a conference call for early next week to discuss the
issues outlined above. Please let me know your availability; I can be reached at (202)
337-8000 or by email at kmarcus@finkelsteinthompson.com. Thank you again for your
cooperation in this matter.

Very truly yours,

Karen J. Marcus
FINKELSTEIN THOMPSON LLP
Counsel for the Class Plaintiffs

cc:    Jennifer Laser, Esq. (Counsel for AMD)
       Richard Ripley, Esq. (Counsel for Intel)

## CERTIFICATE OF SERVICE

I, Laina M. Herbert, hereby certify that on this 9th day of October, 2007, I caused the foregoing **Notice of Subpoena** to be served on the following counsel via electronic filing:

Frederick L. Cottrell, III, Esquire
Chad Michael Shandler, Esquire
Steven J. Fineman, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
cottrell@rlf.com
shandler@rlf.com
fineman@rlf.com
*Counsel for AMD International Sales &
Service LTD and Advanced Micro Devices,
Inc.*

Charles P. Diamond, Esquire
Mark A. Samuels, Esquire
Linda J. Smith, Esquire
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
CDiamond@omm.com
MSamuels@omm.com
lsmith@omm.com
*Counsel for AMD International Sales &
Service LTD and Advanced Micro Devices,
Inc.*

Adam L. Balick, Esquire
Bifferato Gentilotti Biden & Balick
711 North King Street
Wilmington, DE 19801-3503
abalick@bgbblaw.com
*Counsel for AMD International Sales &
Service LTD and Advanced Micro Devices,
Inc.*

Laurin Grollman, Esquire
Salem M. Katsh, Esquire
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
lgrollman@kasowitz.com
skatsh@kasowitz.com
*Counsel for AMD International Sales &
Service LTD and Advanced Micro Devices,
Inc.*

Richard L. Horwitz, Esquire
W. Harding Drane, Jr., Esquire
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Counsel for Intel Corporation and Intel
Kabushiki Kaisha*

David Mark Balabanian, Esquire
Joy K. Fuyuno, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
david.balabanian@bingham.com
joy.fuyuno@bingham.com
*Counsel for Intel Corporation*

Christopher B. Hockett, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111
chris.hockett@bingham.com
*Counsel for Intel Corporation*

Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
dfloyd@gibsondunn.com
*Counsel for Intel Corporation*

Robert E. Cooper, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California
90071-3197
rcooper@gibsondunn.com
*Counsel for Intel Corporation*

Donald F. Drummond, Esquire
Drummond & Associates
One California Street, Suite 300
San Francisco, CA 94111
ballen@drummondlaw.net
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Tracy Kinder and Edward Rush*

Darren B. Bernhard, Esquire
Peter E. Moll, Esquire
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Bernhardd@howrey.com
*Counsel for Intel Corporation and Intel Kabushiki Kaisha*

B.J. Wade, Esquire
Glassman Edwards Wade & Wyatt, P.C.
26 N. Second Street
Memphis, TN 38103
bwade@gewwlaw.com
*Counsel for Cory Wiles*

Nancy L. Fineman, Esquire
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA 94010
nfineman@cpsmlaw.com
*Counsel for Trotter-Vogel Realty Inc.*

Robert D. Goldberg, Esquire
Biggs and Battaglia
921 North Orange Street, P.O. Box 1489
Wilmington, DE 19899
goldberg@batlaw.com
*Counsel for Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, Nancy Bjork, James R. Conley, Jeff Vaught, Jim Kidwell Richard Caplan, Virginia Deering, Ficor Acquisition Co. LLC, Tom Hobbs, David Kurzman, Leslie March, Andrew Marcus, Paula Nardella, Bill Richards, Maria Pilar Salgado, Ron Terranova, Nancy Wolft Ryan James Volden and Carl Yamaguchi*

Donald Chidi Amamgbo, Esquire
Amamgbo & Associates, APC
1940 Embarcadero Cove
Oakland, CA 94606
donaldamamgbo@citycom.com
*Counsel for Athan Uwakwe*

Jeffrey F. Keller, Esquire
Jade Butman, Esquire
Law Offices of Jeffrey F. Keller
425 Second Street, Suite 500
San Francisco, CA 94107
jkeller@jfkellerlaw.com
jbutman@kellergrover.com
*Counsel for David E. Lipton, Maria I. Prohias,
Patricia M. Niehaus, Peter Jon Naigow, Ronld
Konieczka, Steve J. Hamilton, Susan Baxley
and Kevin Stoltz*

Gordon Ball, Esquire
Ball & Scott
550 W. Main Ave., Suite 750
Knoxville, TN 37902
gball@ballandscott.com
*Counsel for Andrew Armbrister and Melissa
Armbrister*

Joseph M. Patane, Esquire
Law Offices of Joseph M. Patane
2280 Union Street
San Francisco, CA 94123
jpatane@tatp.com
*Counsel for Karol Juskiewicz and Lawrence
Lang*

James Gordon McMillan, III, Esquire
Bouchard Margules & Friedlander
222 Delaware Avenue,
Suite 1400
Wilmington, DE 19801
jmcmillan@bmf-law.com
*Counsel for Raphael Allison and Matthew
Kravitz*

Michele C. Jackson, Esquire
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West, 275 Battery Street,
30th Floor
San Francisco, CA 94111
mjackson@lchb.com
*Counsel for Huston Frazier, Jeanne Cook
Frazier and Brian Weiner*

Ali Oromchian, Esquire
Finkelstein, Thompson & Loughran
601 Montgomery Street, Suite 665
San Francisco, CA 94111
ao@ftllaw.com
*Counsel for Ian Walker, Damon DiMarco,
Carrol Cowan, Leonard Lorenzo and Russell
Dennis*

Garrett D. Blanchfield, Jr., Esquire
Mark Reinhardt, Esquire
Reinhardt Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, MN 55101
g.blanchfield@rwblawfirm.com
mreinhardt@comcast.net
*Counsel for Susan Baxley*

Vincent J. Esades, Esquire
Muria J. Kruger, Esquire
Marguerite E. O'Brien, Esquire
Heins Mills & Olson, P.L.C.
3550 I.D.S. Center
80 S. Eight Street
Minneapolis, MN  55402
vesades@heinsmills.com
mkruger@heinsmills.com
mobrien@heinsmills.com
*Counsel for Bergerson & Associates Inc.*

Hollis L. Salzman, Esquire
Kellie Safar, Esquire
Goodking Labaton Rudoff & Sucharow, LLP
100 Park Avenue
New York, NY 10017
hsalzman@labaton.com
ksafar@labaton.com
*Counsel for Angel Genese, Gideon Elliott and Nir Goldman*

A. Zachary Naylor, Esquire
Robert Kriner, Jr., Esquire
Robert R. Davis, Esquire
James R. Malone, Jr., Esquire
Chimicles & Tikellis, LLP
One Rodney Square,  P.O. Box 1035
Wilmington, DE 19899
zacharynaylor@chimicles.com
robertkriner@chimicles.com
robertdavis@chimicles.com
jamesmalone@chimicles.com
*Counsel for Gideon Elliott, Angel Genese, Nir Goldman, Paul C. Czysz, Elizabeth Bruderle Baran, Carrol Cowan, Russell Dennis, Damon DiMarco, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Leonard Lorenzo, Michael E. Ludt, John Maita, Chrystal Moeller, Robert J. Rainwater, Mary Reeder, Stuart Schupler and Sonia Yaco*

Harry Shulman, Esquire
Robert Mills, Esquire
The Mills Law Firm
145 Marina Boulevard
San Rafeal, CA  94901
harry@millslawfirm.com
deepbluesky341@hotmail.com
*Counsel for Stuart Munson*

R. Bruce McNew, Esquire
Taylor & McNew, LLP
3711 Kennett Pike, Suite 210
Greenville, DE  19807
mcnew@taylormcnew.com
*Counsel for Robert Marshall*

Ian Otto, Esquire
Nathan Cihlar, Esquire
Straus & Boies, LLP
4041 University Drive, 5th Floor
Fairfax, VA  22030
dboies@straus-boies.com
*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Edward Rush and Tracy Kinder*

Jason S. Kilene, Esquire
Daniel E. Gustafson, Esquire
Gustafson Gluek PLLC
650 Northstar East, 608 Second Avenue South
Minneapolis, MN 55402
jkilene@gustafsongluek.com
dgustafson@gustafsongluek.com
*Counsel for Fiarmont Orthopedics & Sports Medicine PA*

Lance A. Harke, Esquire
Harke & Clasby
155 S. Miami Avenue
Miami, FL 33130
lharke@harkeclasby.com
*Counsel for Nathaniel Schwartz and Maria I. Prohias*

Bruce J. Wecker, Esquire
Hosie McArthur LLP
One Market Street
Spear Street Tower #2200
San Francisco, CA 94105
bwecker@hosielaw.com
*Counsel for Dwight E. Dickerson*

Francis O. Scarpulla, Esquire
Law Offices of Francis O. Scarpulla
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
foslaw@pacbell.net
*Counsel for Lazio Family Products, Law Offices of Laurel Stanley, William F. Cronin, Michael Brauch and Andrew Meimes*

Allan Steyer, Esquire
Steyer Lowenthal Boodrookas Alvarez & Smith LLP
One California Street, Third Floor
San Francisco, CA 94111
asteyer@steyerlaw.com
*Counsel for Cheryl Glick-Salpeter, Jay Salpeter, Jodi Salpeter and Michael H. Roach*

Mario Nunzio Alioto, Esquire
Trump Alioto Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123
malioto@tatp.com
*Counsel for Karol Juskiewicz and Lawrence Lang*

Steven A. Asher, Esquire
Robert S. Kitchenoff, Esquire
Weinstein Kitchenoff & Asher, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
asher@wka-law.com kithenoff@wka-law.com
*Counsel for Joseph Samuel Cone*

Jeffrey S. Goddess, Esquire
Rosenthal, Monhait, Gross & Goddess
Mellon Bank Center, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
jgoddess@rmgglaw.com
*Counsel for Ludy A. Chacon, Joseph Samuel Cone, Darice Russ and Michael K. Simon*

Francis A. Bottini, Jr., Esquire
Wolf Haldenstein Adler Freeman & Herz
750 B Street, Suite2770
San Diego, CA 92101
bottini@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Fred Taylor Isquith, Esquire
Adam J. Levitt, Esquire
Wolf Haldenstein Adler Freeman & Herz
270 Madison Ave., 11th Floor
New York, NY 10016
isquith@whafh.com
levitt@whafh.com
*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco*

Edward A. Wallace, Esquire
The Wexler Firm LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
eawallace@wexlerfirm.com
*Counsel for Peter Jon Naigow*

Craig C. Corbitt, Esquire
Zelle, Hofmann, Voelbel, Mason & Gette LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
ccorbitt@zelle.com
*Counsel for William F. Cronin, Law Offices of Laurel Stanley and Lazio Family Products*

Jason S. Hartley, Esquire
Ross, Dixon & Bell LLP
550 West B Street, Suite 400
San Diego, CA 92101
jhartley@rdblaw.com
*Counsel for Gabriella Herroeder-Perras*

Scott E. Chambers, Esquire
Schmittinger & Rodriguez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE 19903
*Counsel for David Arnold, Andrew S. Cohn, Jason Craig, Maria Griffin, Lena K. Manyin, Paul Ramos and Michael Ruccolo*

Eugene A. Spector, Esquire
William G. Caldes, Esquire
Spector Roseman & Kodroff, P.C.
Suite 2500
1818 Market Street
Philadelphia, PA 19103
espector@srk-law.com
bcaldes@srk-law.com
*Counsel for David Arnold, Andrew S. Cohn, Jason Craig, Maria Griffin, Lena K. Manyin, Paul Ramos and Michael Ruccolo*

Juden Justice Reed, Esquire
Schubert & Reed LLP
Two Embarcadero Center, Suite 1600
San Francisco, CA 94111
jreed@schubert-reed.com
*Counsel for Patrick J. Hewson*

Russell M. Aoki, Esquire
Aoki Sakamoto Grant LLP
One Convention Place
701 Pike Street, Suite 1525
Seattle, WA 98101
russ@aoki-sakamoto.com
*Counsel for Kevin Stoltz*

Richard A. Ripley, Esquire
Bingham McCutchen
1120 20th Street, NW, Suite 800
Washington, DC 20036
richard.ripley@bingham.com
*Counsel for Intel Corporation*

Natalie Finkelman Bennett, Esquire
Shepherd, Finkelman, Miller & Shah
65 Main Street
Chester, CT 06412-1311
nfinkelman@classactioncounsel.com
*Counsel for Ludy A. Chacon*

Michael L. Kirby, Esquire
Kirby Noonan Lance & Hoge LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
mkirby@knlh.com
*Counsel for Justin Suarez*

Randy R. Renick, Esquire
Law Offices of Randy Renick
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
rrr@renicklaw.com
*Counsel for Shanghai 1930 Restaurant Partners L.P. and Major League Softball Inc.*

Daniel B. Allanoff, Esquire
Steven Greenfogel, Esquire
Meredith Cohen Greenfogel & Skirnick, P.C.
22nd Floor, Architects Building
117 S. 17th Street
Philadelphia, PA 19103
dallanoff@mcgslaw.com
sgreenfogel@mcgslaw.com
*Counsel for Benjamin Allanoff*

Donald L. Perelman, Esquire
Fine Kaplan & Black, RPC
1835 Market Street, 28th Flr
Philadelphia, PA 19103
dperelman@finekaplan.com
*Counsel for Kevin Stoltz*

Barbara C. Frankland, Esquire
Rex A. Sharp, Esquire
Gunderson Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
bfrankland@midwest-law.com
rsharp@midwest-law.com
*Counsel for Marvin D. Chance, Jr.*

Daniel Hume, Esquire
Kirby McInerney & Squire LLP
830 Third Avenue, 10th Floor
New York, NY 10022
dhume@kmslaw.com
*Counsel for Raphael Allison and Matthew Kravitz*

Richard M. Volin, Esquire
Karen J. Marcus, Esquire
Finkelstein, Thompson & Loughran
1050 30th Street N.W.
Washington, DC 20007
dgt@ftllaw.com
*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis*

Scott Ames, Esquire
Serratore & Ames
9595 Wilshire Blvd., Suite 201
Los Angeles, CA 90212
scott@serratoreames.com
*Counsel for Major League Softball, Inc.*

Reginald Von Terrell, Esquire
The Terrell Law Group
223 25th Street
Richmond, CA 94804
REGGIET2@aol.com
*Counsel for Athan Uwakwe*

/s/ Laina M. Herbert
(Bar ID #4717)