IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL Docket No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　　　　Plaintiffs,<br>　v.<br>INTEL CORPORATION,<br>　　　　　　　　　　　　　Defendant. | Civil Action No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**CLASS PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT INTEL CORPORATION'S OBJECTIONS AND MOTION TO STRIKE DECLARATIONS OF BRUCE A. GREEN AND DAVID ROSENBERG**

　　The Court should deny Intel's motion to strike the declarations submitted by Professors Bruce A. Green and David Rosenberg. Contrary to Intel's suggestion, there is nothing improper about the Court's consideration of the opinions offered by these experts.

　　Intel does not challenge the qualifications of Professors Green or Rosenberg, nor does it offer the opinion of any expert who disagrees with their conclusions. Instead, Intel appears to argue that judges may never consider the opinions of experts concerning legal ethics or other legal issues. But Intel ignores numerous cases in which courts have allowed such opinions – including from these very experts – and disregards the substantial assistance that these experts can provide to the Court on a complex issue that involves the intersection of legal ethics and Rule 23.

　　Courts in this Circuit have allowed experts to opine on legal ethics. Thus, in *TCW/Camil Holding L.L.C. v. Fox Horan & Camerini L.L.P.*, 330 B.R. 117 (D. Del. 2005), then-Chief Judge Robinson discussed the testimony of two experts in legal ethics, including Professor Green, in

issuing findings of fact and conclusions of law following a bench trial of a legal malpractice claim. *See id.* at 129; s*ee also Chotiner v. Phila. Hous. Auth.*, No. 02-9504, 2004 U.S. Dist. LEXIS 25436, at *16 (E.D. Pa. Dec. 15, 2004) (considering the opinion of an expert on legal ethics in granting summary judgment against a public agency lawyer who contended that he was terminated for seeking the advice of his personal attorney on an ethical issue); *The Hyman Cos. v. Brozost*, 964 F. Supp. 168, 173 (E.D. Pa. 1997) (considering expert testimony on the fiduciary duties of attorneys in ruling on a motion for preliminary injunction); *Steel v. General Motors Corp.*, 912 F. Supp. 724, 738 (D.N.J. 1995) (discussing opinions offered by an expert on legal ethics in ruling on a motion to disqualify counsel).

In a Delaware case addressing an issue related to the one presented here – whether counsel for a class should be disqualified for advocating a settlement over the class representative's objections – the court considered affidavits from "highly qualified experts" on legal ethics, including Professor Green. *In re M&F Worldwide Corp. S'holders Litig.*, 799 A.2d 1164, 1172 n.28 (Del. Ch. 2002). Other courts, like those in *M&F Worldwide* and *TCW/Camil*, have likewise allowed Professor Green's opinions. *See Diversified Group, Inc. v. Daugerdas*, 139 F. Supp. 2d 445, 452 n.7 (S.D.N.Y. 2001); *Apple Corps. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 501 (D.N.J. 1998) (stating that Professor Green's "declaration was an integral part of the contempt motion").

Indeed, in certain circumstances, such as criminal prosecutions of lawyers, courts may be *required* to allow expert testimony on attorneys' ethical obligations. *See, e.g., United States v. Kellington*, 217 F.3d 1084, 1101 (9th Cir. 2000); *United States v. Cavin*, 39 F.3d 1299, 1308 (5th Cir. 1994). Even the United States Supreme Court has allowed experts on legal ethics to provide their views. *See Mickens v. Taylor*, 535 U.S. 162, 183 n.5 (2002) (opinion on whether conflict is waivable); *Mickens v. Taylor*, 534 U.S. 809 (2001) (granting motion for leave to file *amicus*

brief). Thus, Intel is simply incorrect in arguing that there is an absolute bar to consideration by courts of expert opinions on legal ethics.[1]

Similarly, courts have allowed experts to opine about class actions and Rule 23. For example, in *Midwestern Machinery v. Nw. Airlines*, 211 F.R.D. 562, 568-569 (D. Minn. 2001), the court declined to strike an affidavit submitted by a law professor and expert on class actions who opined that "the volume and complexity of the evidence will defeat manageability and will create a strong likelihood of confusing the jury." *Id.* at 568. In other cases, courts have permitted such opinions in the context of class action settlements and fee petitions. *See, e.g., Figueroa v. Sharper Image Corp.*, No. 05-21251, 2007 U.S. Dist. LEXIS 78316, at *59-*64 (S.D. Fla. Oct. 11, 2007); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 512 (S.D.N.Y. 2003); *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1017 (N.D. Ill. 2000); *Conley v. Sears, Roebuck & Co.*, 222 B.R. 181, 188 (D. Mass. 1998); *see also Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 953 (E.D. Tex. 2000) ("The experts are unanimous: this is a proper case in which to certify an opt-out class under Federal Rule of Civil Procedure 23."); *Woodward v. Nor-Am Chem. Co.*, No. 94-0780-CB-C, 1996 U.S. Dist. LEXIS 7372, at *31 (S.D. Ala. May 23, 1996) (opinion of Professor Rosenberg, "a leading legal scholar in the field of mass torts, analyzing the Settlement and concluding that it is fair.").

Many of the cases cited by Intel involved expert testimony to a jury, a context that raises special concerns not present when expert declarations are submitted to a judge resolving a motion. *See United States v. Leo*, 941 F.2d 181 (3d Cir. 1991); *United States v. Feliciano*, 223 F.3d 102 (2d Cir. 2000); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537 (11th Cir. 1990);

---

[1] In *Parker v. Rowan Cos.*, No. 03-545, 2003 WL 22852218 (E.D. La. Nov. 25, 2003), cited by Intel, the court found that "[i]n *this* case, the identification and application of ethical principles to the facts of this case is well within the purview of the Court's experience and expertise." *Id.* at *7 n.5 (emphasis added). This case from another Circuit certainly does not establish that "opinions such as those that Professors Green and Rosenberg offer here are routinely excluded," Mot. at 3, D.I. 638, only that the court in *that* case did not believe it would be assisted by the expert evidence proffered. This Court, however, may well find such evidence more helpful in this case, which involves more complex issues of legal ethics and class action practice.

*United States v. Scop*, 846 F.2d 135 (2d Cir. 1988); *Marx & Co. v. The Diners' Club, Inc.*, 550 F.2d 505 (2d Cir. 1977); *see also Harris v. Key Bank Nat'l Ass'n*, 193 F. Supp. 2d 707, 716 (W.D.N.Y. 2002) (applying trial evidence standards to a motion for summary judgment). When a court acts without a jury, there is no danger that an expert opinion, even one that involves legal or ethical issues, will be given undue weight. *See Titan Stone, Tile & Masonry, Inc. v. Hunt Constr. Group, Inc.*, Civ. No. 05-3362, 2007 U.S. Dist. LEXIS 40738, at *17-*18 (D.N.J. June 5, 2007); *Knisley v. United States*, 817 F. Supp. 680, 690 (S.D. Ohio 1993); *Daley v. Chang*, 286 B.R. 54, 68 (Bankr. N.D. Ill. 2002).

Intel's other cases are inapposite as well. Professors Green and Rosenberg do not merely offer an interpretation of language in a statute or agreement, as was done in *Panned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004), and *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039 (9th Cir. 1996). Nor do they offer a legal opinion on the very issue the Court is being asked to decide, as did the expert in *In re Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61 (S.D.N.Y. 2001) (excluding expert opinion on whether judge should recuse herself). Instead, they provide information and opinions about legal ethics and Rule 23 that may be helpful to the Court in deciding whether to grant Intel's motion to compel.[2] The Court is free to consider the experts' declarations and to use whatever parts of them it finds helpful in analyzing the issues presented by the motion.

Accordingly, Intel's objections to the declarations of Professors Green and Rosenberg should be overruled and its motion to strike should be denied.

---

[2] Intel incorrectly states that Professor Green offers an opinion on "how the Court should rule on Intel's motion to compel." Mot. at 2 (citing Green Decl. ¶ 22). In that paragraph, Professor Green noted that, from an ethical standpoint, "there seems little point in investigating the class representatives' financial wherewithal." Green Decl. ¶ 22. He does not, however, purport to tell the Court how it should rule on the ultimate issue of whether the financial information should be discoverable notwithstanding the ethical issues. Similarly, Professor Rosenberg does not opine on "what the law should be with respect to the relevance and discoverability of the class representatives' tax returns and other financial records . . . ." Mot. at 3. Instead, Professor Rosenberg explains the consequences of conditioning appointment of the class representative on having sufficient wealth.

Dated: November 8, 2007

                                       PRICKETT, JONES & ELLIOTT, P.A.

                                       /s/ J. Clayton Athey
                                       James L. Holzman (DE Bar # 663)
                                       J. Clayton Athey (DE Bar #4378)
                                       Laina M. Herbert (#4717)
                                       1310 King Street
                                       P.O. Box 1328
                                       Wilmington, DE 19899
                                       (302) 888-6500
                                       jlholzman@prickett.com
                                       jcathey@prickett.com
                                       lmherbert@prickett.com

                                       *Interim Liaison Counsel for the Class Plaintiffs*

Of Counsel:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Michael P. Lehmann
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
One Embarcadero Center, Suite 526A
San Francisco, CA 94111
Telephone: (415) 623-2047
Facsimile: (415) 623-2049

Thomas P. Dove
Alex C. Turan
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 433-2070
Facsimile: (415) 982-2076

Steve W. Berman
Anthony D. Shapiro
Erin K. Flory
Steve W. Fimmel
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Guido Saveri
R. Alexander Saveri
Lisa Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Co-Lead Counsel for the Class Plaintiffs*