

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 658-1192 Fax

November 14, 2007

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **Discovery Matter No. 7**
             *In re Intel Corp.*, C.A. No. 05-1717-JJF; and
             <u>*Phil Paul v. Intel Corporation (Consolidated)*, C. A. No. 05-485 (JJF)</u>

Dear Judge Farnan:

        Intel Corporation ("Intel") submits this letter in opposition to class plaintiffs' November 8, 2007 letter offering to submit certain fee agreements between the proposed class representatives and their counsel to the Court for *in camera* review.

        Class plaintiffs do not contend that the fee agreements are privileged, and they are not privileged. *See, e.g., Montgomery County v. Microvote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) ("The attorney-client privilege does not shield fee arrangements."); *see also, e.g., In re Grand Jury Investigation*, 631 F.2d 17 (3d Cir. 1980) (holding attorney-client privilege does not protect fee arrangements absent strong probability that disclosure would implicate client in criminal activity for which client sought legal advice). Nor does a "fee agreement letter . . . come within the ambit of the work-product privilege." *Montgomery County*, 175 F.3d at 304.

        Plaintiffs now apparently believe that their fee agreements are relevant to their objections to the Special Master's Report and Recommendation.[1] However, there is no legitimate reason to permit plaintiffs to hand-pick some of their fee agreements and submit them to the Court, but not show them to Intel. Accordingly, if plaintiffs wish to make representations about and rely on the contents of their fee agreements, they should produce all of them to Intel. *Cf., e.g., Ferraro v. General Motors Corp.*, 105 F.R.D. 429, 434 (D.N.J. 1984) ("[W]here the fee agreement to advance costs of litigation has been paraphrased by plaintiff's counsel and cited in the court as a major reason why further inquiry into plaintiff's personal financial situation is irrelevant, the fee agreement is discoverable in its entirety.").

---

[1]     Intel believes that they are not. As is laid out more fully in Intel's opposition brief, the content of any such retention agreements is irrelevant under *ML-Lee*'s controlling analysis. *See, e.g., In re ML-Lee Acquisition Fund II, L.P.*, 149 F.R.D. 506, 508 (D. Del. 1993).

November 14, 2007
Page 2


       Finally, although class plaintiffs contend that the fee arrangements are "highly sensitive," they fail to explain why the Protective Order is insufficient to address their "extreme[] reluctan[ce]" to disclose them. Intel respectfully submits that *in camera* review of these unprivileged fee arrangements is inappropriate, and the Court should not allow it.

                             Respectfully,

                             */s/ W. Harding Drane, Jr.*

                             W. Harding Drane, Jr.
                             (Bar I.D. # 1023)

WHD/rb
cc:    James L. Holzman, Esquire (By electronic mail)
       Frederick L. Cottrell, III, Esquire (By electronic mail)