IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION ) ) ) ) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., ) ) ) ) ) Plaintiffs, ) ) vs. ) ) INTEL CORPORATION and INTEL KABUSHIKI KAISHA, ) ) ) ) Defendants. ) | C. A. No. 05-441-JJF<br><br>DM No. 4 |
| PHIL PAUL, on behalf of himself and all others similarly situated, ) ) ) ) Plaintiffs, ) ) vs. ) ) INTEL CORPORATION, ) ) Defendant. ) | C. A. No. 05-485-JJF |

**CERTIFICATION OF JAMES M. PEARL IN SUPPORT OF
ADVANCED MICRO DEVICES, INC.,
AMD INTERNATIONAL SALES & SERVICE, LTD. AND CLASS PLAINTIFFS'
REQUEST TO COMPEL INTEL CORPORATION AND INTEL KABUSHIKI KAISHA
TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFFS'
<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

I, James M. Pearl, make this certification pursuant to Local Rule 7.1.1 and state that the following efforts and exchanges have been made by Advanced Micro Devices, Inc., AMD International Sales & Service, Ltd., and Class Plaintiffs (collectively "Plaintiffs") to reach agreement with Intel Corporation and Intel Kabushiki Kaisha (collectively "Intel") on the subject of the accompanying letter brief:

RLF1-3228050-1

1.      On November 9, 2007, I wrote to Robert E. Cooper, counsel for Intel, asking whether Intel would reconsider its objection to producing the notes of investigation interviews conducted concerning Intel employees' compliance with their evidence preservation obligations. Attached as Exhibit B is a true and correct copy of that letter.

2.      On November 16, 2007, Richard P. Levy, counsel for Intel, responded to my November 9 letter, stating that Intel would not accommodate Plaintiffs' request for production. Attached as Exhibit C is a true and correct copy of that letter.

Dated: November 28, 2007

/s/ *James M. Pearl*
James M. Pearl
O'MELVENY & MYERS LLP

*Attorney for Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd.*

# Exhibit B

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

November 9, 2007

**VIA E-MAIL**

Robert E. Cooper, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071

OUR FILE NUMBER
008,346-0163

WRITER'S DIRECT DIAL
(310) 246-8434

WRITER'S E-MAIL ADDRESS
jpearl@omm.com

Re: *AMD v. Intel*

Dear Bob:

This responds to your November 7, 2007 letter to Mark Samuels regarding Intel's privilege non-waiver proposal for Causation/Culpability discovery.

In Mark's letter of November 5, 2007, we specifically identified the notes of interviews conducted to ascertain each custodian's compliance with Intel's document preservation instructions as materials we had expected to see in Intel's production. The interview notes are plainly called for by, *inter alia*, AMD's Request for Production Nos. 34 ("All documents evidencing, referring or relating to the failure or suspected failure of any Intel Custodian to comply with a Litigation Hold Notice or retention instruction, including the timing and means by which it was discovered.") and 41 ("All documents evidencing or relating to the nature, purpose and timing of the investigation reflected in the draft spreadsheet provided by Intel counsel to AMD counsel on February 22, 2007."). *See also* AMD's Request for Production Nos. 10, 12, 31-33, 39, 40, 42, and 43.

Intel has not produced the notes, apparently on the basis that doing so would potentially make "Intel's outside counsel witnesses in the very case they are responsible for defending." Even were that relevant to Intel's document production obligations, the fact is that we have now determined that the interviews were conducted not by Intel's trial counsel in this case, but instead by attorneys at Weil, Gotshal & Manges LLP. There is, therefore, no basis we can see for Intel's failure to produce these interview summaries. As you know, we have in place an agreement that requires Intel to produce non-core work product relevant to its document preservation lapses, as this seems clearly to be.

While Intel has in the past indicated that the information developed during the Custodian interviews conducted by counsel has been provided to AMD through its Paragraph 8 disclosures,

O'MELVENY & MYERS LLP
Robert E. Cooper, Esq., November 9, 2007 - Page 2

those disclosures are not the substantial equivalent of the interview notes themselves. AMD is entitled to get behind the Paragraph 8 assertions to precisely determine what the custodians stated with regard to their preservation practices. The only alternative to production of the summaries is for AMD to depose hundreds of Intel employees around the world specifically on their preservation habits and failures. Even were there no stipulation in place requiring production of non-core work product, this circumstance alone would justify production of the interview summaries.

Please let us know whether Intel will reconsider its position. Failing that, we intend to take the matter up with the Special Master.

Very truly yours,

James M. Pearl
for O'MELVENY & MYERS LLP

CC1:774068.3

# Exhibit C

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com

RLevy@gibsondunn.com

November 16, 2007

*Via E-Mail and U.S. Mail*

Direct Dial
(213) 229-7556
Fax No.
(213) 229-6556

Client No.
C 42376-00830

James Bo Pearl
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035

Re:   *AMD v. Intel*

Dear Bo:

      This is intended to respond to your letter to Bob Cooper dated November 9, 2007 calling for Intel to produce notes prepared by Intel's outside attorneys in connection with this litigation. As you know, in other instances in which AMD has questioned Intel's privilege or work product determinations, Intel has willingly revisited the issue. Indeed, in the spirit of compromise, Intel has already re-reviewed thousands of pages of work product redactions to better comport with AMD's narrower construction of what constitutes core work product, resulting in the production of a substantial amount of material that had previously been withheld. In this instance, however, Intel is unable to accommodate AMD's request for production because, even if the attorney notes in question were within the scope of AMD's specific discovery requests (a point we do not concede, but are not going to argue), they are unquestionably protected from disclosure both by the attorney-client privilege and by the core work product doctrine.

      First, whether Weil, Gotshal & Manges ("Weil") is acting as Intel's trial counsel in this matter has no bearing on the validity of Intel's claim of attorney-client privilege. As you are well aware, the scope of the privilege is not limited to trial counsel. Rather, the attorney-client privilege protects all confidential communications between Intel and its attorneys for the purpose of receiving legal advice, including information provided by Intel's employees to its counsel. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 390 (U.S. 1981) (holding that the privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."); *id.* at 393 (protecting employees' communications with counsel that were "needed to supply a basis for

GIBSON, DUNN & CRUTCHER LLP

James Bo Pearl
November 16, 2007
Page 2

legal advice," holding "these communications must be protected against compelled disclosure."); *Better Gov't Bureau v. McGraw (In re Allen)*, 106 F.3d 582, 605 (4th Cir. 1997) (reversing trial court's order to produce attorneys' summaries of interviews with client employees, explaining that the client "retained Allen to conduct an investigation in her capacity as an attorney, for the purpose of providing legal services and advice. Therefore, the attorney-client privilege protects all communications between Allen and the [client] that occurred in connection with her investigation."). In this case, as in *Upjohn and In re Allen,* the employee communications at issue involved information that was specifically requested by counsel to supply the basis for legal advice. Thus, Weil's notes of those communications are unquestionably privileged.

Second, Weil's interview notes are also protected as core work product that reflects counsels' mental impressions. *See, e.g., Upjohn Co.*, 449 U.S. at 400 (U.S. ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney' mental processes, 329 U.S., at 513 ("what he saw fit to write down regarding witnesses' remarks"); *id.*, at 516-517 ("the statement would be his [the attorney's] language, with his inferences") (Jackson, J., concurring)); *Baker v. GMC (In re GMC)*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Notes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work product entitled to almost absolute immunity.") The rule applies with equal force whether the notes were taken by an attorney or his paralegal assistant. *See, e.g., EEOC v. Pasta House Co.*, 1996 U.S. Dist. LEXIS 3812 at *8 (D. Mo. 1996) (finding work product doctrine applied to prevent production of questionnaires sent to class members and notes of interviews of class members conducted by plaintiff's attorney and its paralegal assistant).

If you wish to provide us with authority requiring production of attorney-client privileged and core work product materials under analogous circumstances, we urge you to do so. Until then, we believe that we have expressed the appropriate objections and positions.

Feel free to contact me again should you wish to discuss these matters further.

Very truly yours,

Richard P. Levy

RPL/BPB/jt
100339304_1.DOC

cc:   Robert E. Cooper
      Kay E. Kochenderfer