## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICES, LTD.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISHA, a Japanese<br>corporation,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## [PROPOSED] STIPULATION AND ORDER REGARDING THE FORMAT OF PRODUCTION OF THE PARTIES' DATABASES

**WHEREAS**, plaintiffs Advanced Micro Devices, Inc. and AMD International

Sales & Service, Ltd. ("AMD"), defendants Intel Corporation and Intel Kabushiki Kaisha

("Intel"), and Class Plaintiffs in the MDL Proceeding (hereafter "Class Plaintiffs")(AMD,

Intel, and Class Plaintiffs are referred to collectively as "the Parties") have commenced discovery in the above actions; and

**WHEREAS**, paragraph 34 of the Second Amended Stipulation Regarding Electronic Discovery and Format of Document Production, entered on March 1, 2007, does not apply to the production of databases and instead requires the Parties to meet and confer on the production format of databases; and

**WHEREAS**, the Parties' have met and conferred and negotiated a protocol that will apply to all productions of the Parties' databases and data extracted from such databases;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG AMD, INTEL, AND CLASS PLAINTIFFS, THROUGH THEIR RESPECTIVE COUNSEL AND SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

     1.     This Stipulation and Order applies to AMD's and Intel's production of "Company Data," which includes any data fields containing values, statistics, facts, or other items of information that the parties maintain in company databases, such as revenue, prices, rebates, profits, costs, expenditures, capacity, tracking of marketing and sales efforts.

     2.     AMD and Intel agree to produce Company Data in a format that will permit the receiving party to download the Company Data into standard database applications. The parties will negotiate the format on a case-by-case basis. Such formats will include, without limitation, ASCII flat text files, MS Excel spreadsheets, SAS and Stata database files. The parties also agree to engage in good faith meet and confer sessions as requested to discuss any production format issues that may arise.

2

3.      If the parties choose to designate a production of Company Data
"Confidential" pursuant to the Protective Order in MDL 1717 and Case Nos. 05-441 and
05-485(JJF) ("Confidential Company Data"), the parties will agree to take the following
additional steps to protect confidentiality in furtherance of the Protective Order.   These
steps are tailored specifically for Confidential Company Data:

    a.  All receiving parties must maintain a log of the make, model, serial
        number and location of each device (hard disk drive, server or other share
        device) upon which the Confidential Company Data is loaded. The logs
        will not be exchanged, but the parties agree to maintain them and make
        them available to the Court upon the Court's request.

    b.  To the extent that a receiving party loads Confidential Company Data into
        databases or files that are maintained on the receiving party's network file
        servers (i.e., and not transmitted over email, or otherwise removed from
        the receiving party's servers), access to the applicable network file server
        must be password-protected, and access to the databases or files must only
        be granted to persons permitted pursuant to the Protective Order.

    c.  To the extent that the receiving parties save electronic versions of
        Confidential Company Data to removable or portable storage media (such
        as portable external hard drives, flash drives, CDs, DVDs), excluding
        routine back-up tapes, the media or the files contained therein shall be
        password-protected, marked Confidential pursuant to Paragraph 4 of the
        Protective Order, and maintained confidential pursuant to those
        provisions.

3

d. To the extent that receiving parties transmit by electronic mail any Microsoft Excel spreadsheets or other files containing Confidential Company Data, the spreadsheets or files shall be password-protected, either on an individual file level or as part of a "WinZip" file, and include a header, footer, or watermark identifying the file as "Confidential" pursuant to Paragraph 4 of the Protective Order, and be maintained confidential pursuant to those provisions. This paragraph does not apply to (i) attachments to emails sent only to recipients with the sender's email domain address (e.g., gibsondunn.com to gibsondunn.com or omm.com to omm.com), but excluding such emails using web-based email domains (e.g, gmail.com to gmail.com, yahoo.com to yahoo.com, hotmail.com to hotmail.com), (ii) word processing files such as Microsoft Word, (iii) or any spreadsheets or computer files that do not contain extracts of the raw Confidential Company Data.

e. Any hard copy report generated directly from any database on which Confidential Company Data is maintained shall be marked by the receiving party with the appropriate legend pursuant to the Protective Order and shall be used, disseminated and maintained only as permitted under the Protective Order.

**RICHARDS, LAYTON & FINGER, P.A.**

By:  */s/ Steven J. Fineman*
    Frederick L. Cottrell, III (#2555)
    Chad M. Shandler (#3796)
    Steven J. Fineman (#4025)
    One Rodney Square
    920 North King Street
    Wilmington, DE  19899
    (302) 651-7836
    cottrell@rlf.com
    shandler@rlf.com
    fineman@rlf.com

    *Attorneys for Advance Micro Devices, Inc.
    and AMD International Sales & Service, Ltd.*

**PRICKETT JONES & ELLIOTT, P.A.**

By:  */s/ James L. Holzman*
    James L. Holzman (#663)
    J. Clayton Athey (#4378)
    1310 King Street
    P. O. Box 1328
    Wilmington, DE  19899
    (302) 888-6509
    jlholzman@prickett.com
    jcathey@prickett.com

    *Interim Liaison Counsel and Attorneys for
    Phil Paul, on behalf of himself and all others
    similarly situated*

**POTTER ANDERSON & CORROON LLP**

By:  */s/ W. Harding Drane, Jr.*
      Richard L. Horwitz (#2246)
      W. Harding Drane, Jr. (#1023)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE 19890-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      wdrane@potteranderson.com

      *Attorneys for Intel Corporation and Intel*
      *Kabushiki Kaisha*

ENTERED this
_____ day of December, 2007

_____
Vincent J. Poppiti (#100614)
Special Master

SO ORDERED this ___ day of _____, 2007.

_____
United States District Court Judge