# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., <br><br>     Plaintiffs, <br><br>  v. <br> INTEL CORPORATION and INTEL KABUSHIKI KAISHA, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 05-441 (JJF) |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) )    C.A. No. 05-MD-1717 (JJF) |
| PHIL PAUL, on behalf of himself and all others similarly situated, <br><br>     Plaintiffs, <br><br>  v. <br><br> INTEL CORPORATION <br><br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 05-485 (JJF) <br><br>   CONSOLIDATED ACTION |

## DEFENDANTS INTEL CORPORATION'S AND INTEL KABUSHIKI KAISHA'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING DEPOSITION AND <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

### <u>GENERAL RESPONSE</u>

1.  Intel's responses herein are not intended to, nor do they, constitute a waiver of the following rights, and are in fact intended to preserve and do preserve the following:

   a  the right to object to the admissibility of any document produced pursuant to these Requests on grounds of authenticity, foundation, relevance, materiality, privilege, or any other objection which may arise in subsequent proceedings in, or trial of, this or any other action;

b.    the right to object to plaintiffs' use of any document produced pursuant to this set of Requests, including pursuant to the terms of the protective order entered in this case, in any subsequent proceeding in, or trial of, this or any other action;

c.    the right to object on any grounds at any time to any other discovery involving documents produced pursuant to this set of Requests; and

d.    the right to amend these responses in the event that any documents are unintentionally omitted from production. Inadvertent identification or production of privileged documents or information by Intel pursuant to these Requests does not constitute a waiver of any applicable privilege.

2.    Nothing contained herein or provided in response to the Requests consists of, or should be construed as, an admission relating to the existence or nonexistence of any alleged facts or information referenced in any Request or that Intel is in agreement with plaintiffs' characterization of the facts in any such Request. By indicating that Intel will produce any responsive documents, Intel does not represent that such documents exist or are in its possession, custody, or control but only that it will conduct the searches indicated for the documents sought.

3.    Consistent with its obligation under the Federal Rules of Civil Procedure, Intel will make reasonable efforts to respond to each Request, to the extent that no objection is made, as Intel understands and interprets the request. If plaintiffs subsequently assert an interpretation of any Request that differs from that of Intel's, Intel reserves the right to supplement its objections and responses and to produce and use additional documents.

4.    Intel makes the following responses upon presently available information and without prejudice to Intel's right to utilize subsequently discovered facts or documents.

2

5.     Intel intends its responses to be made pursuant to the Protective Order and Stipulations entered in this action.

## GENERAL OBJECTIONS

1.     Intel objects to each Request herein to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege or work product doctrine (other than the limited, non-core work product information that Intel has agreed to produce pursuant to the non-waiver stipulation that the parties have entered into in this litigation), joint defense privilege, or any other applicable privilege.

2.     Intel objects to AMD's "Definitions," "Instructions," and "Documents to Be Produced" to the extent that they impose or attempt to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware.

3.     Intel objects to each Request herein to the extent that it is argumentative and/or calls upon Intel to interpret legal theories or to draw legal conclusions.

4.     Intel objects to the definition of "Intel" as imposing obligations on Intel beyond those authorized by the Federal Rules of Civil Procedure and as purporting to require Intel to produce documents that are not within its possession, custody, or control.  In this regard, Intel objects to the definition of "Intel" as including "all past and present officers, directors, agents, representatives, employees, consultants, attorneys, entities acting in joint venture or partnership relationships with defendants, and others acting on either of their behalf."

5.     Intel objects to Instructions 1-3 related to the Document Requests to the extent that they purport to impose on Intel obligations that go beyond those authorized by the Federal Rules of Civil Procedure or that are unduly burdensome.  In this regard, Intel objects to AMD's

demand that it produce "all responsive documents that are within the possession, custody or control of Intel, including its officers, directors, agents, attorneys, employees and other persons acting on Intel's behalf," and does not construe these Requests as requiring the production of documents in the possession of outside counsel, specifically internal communications among outside counsel.

      6.     Each and all of the foregoing General Objections are hereby expressly incorporated into each and all of the following specific responses. For particular emphasis, one or more of these General Objections may be reiterated in a specific response. The absence of any reiteration in a given specific response is neither intended as, nor shall be construed as, a limitation or waiver of any General Objection made herein. Moreover, the inclusion of a specific objection to a specific response is neither intended as, nor shall be construed as, a limitation or waiver of a General Objection or any other specific objection. The parties have met and conferred on issues involving many of the requests and objections, and the undersigned counsel believes that Intel is producing documents consistent with AMD's requests and appropriate privileges as referred to herein.

### GENERAL RESPONSE TO RULE 30(B)(6) DEPOSITION SUBJECT MATTERS

      Intel hereby incorporates its May 1, 2007, "General Response to Rule 30(b)(6) Deposition Subject Matters," to the extent such general response is not inconsistent with anything herein.

      Additionally, some of the documents Intel previously produced on remediation issues are responsive to certain of AMD's 30(b)(6) deposition topics.

## GENERAL RESPONSE TO DOCUMENT REQUESTS

Intel hereby incorporates its May 1, 2007, "General Response to Document Requests," to the extent such general response is not inconsistent with anything herein.

Additionally, Intel represents that it has made reasonable efforts to produce (subject to the date ranges on Exhibit A and to claims of attorney-client privilege and work product protection, and without collecting documents in the custody of Intel's outside counsel) all documents responsive to AMD's "Causation/Culpability" document requests in the files of the following individuals on Exhibit A:  Eva Almirantearena, Roy Batista, Kelly Wright, Perry Olson, Curtis Smith, Dorr Clark, and William Stokes.  Intel believes that those individuals, except for Kelly Wright, are the Intel personnel who had the most significant roles with respect to the creation and/or implementation of Intel's retention plan and who contemporaneously sent or received an appreciable quantity of relevant non-duplicative material regarding these topics. With respect to the remaining individuals on Exhibit A, Intel further represents that it has made reasonable efforts to produce (subject to the date ranges on Exhibit A and to claims of attorney-client privilege and work product protection) those documents that are most likely to contain material, non-duplicative information regarding the "Causation/Culpability" requests.  Intel has produced, or will be producing, documents from the files of Intel personnel it believes are the Retention Custodians[1] most likely to have contemporaneously sent or received an appreciable

---

[1]  As used herein, the term "Retention Custodians" refers to the individuals identified in Exhibit A (attached hereto), who are the individuals in the legal and IT departments of Intel whom Intel has identified to include the key players in the creation and implementation of the retention plan, as previously represented to AMD. Numerous other IT personnel were involved to some extent in the implementation of Intel's retention plan.

[Footnote continued on next page]

quantity of relevant non-duplicative material. Accordingly, the productions constitute a comprehensive response reflecting the information Intel reasonably believes to be most material to those requests, subject to the privileges involved. Further, Intel represents that it has not knowingly excluded from production the document of any Intel employee on the ground that that document is harmful to Intel on "Causation/Culpability" issues. Additionally, some of the documents Intel previously produced on remediation issues are responsive to certain of AMD's "Causation/Culpability" requests. Further, with respect to certain of AMD's document requests, Intel is producing documents from additional sources with relevant information.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES ON RULE 30(B)(6) SUBJECT MATTER TOPICS

### TOPIC 1:

The existence, nature and details of any standard Intel corporate evidence preservation policies and practices applied in connection with actual or threatened litigation, or governmental or internal investigations, including the development and implementation of such policies and practices, the reasons and rationale for such policies and practices, and any suspension or deviation from such policies and practices in connection with this Litigation or other litigations, or governmental or internal investigations, over the past ten years.

### RESPONSE TO TOPIC 1:

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Intel also objects to this Request on the basis that the individual practices followed in other litigation and/or in investigations is beyond the scope of

---

[Footnote continued from previous page]

These individuals generate vast amounts of data, which counsel did not deem worth the burden of reviewing because these individuals had only relatively minor roles in the retention process.

the discovery contemplated by the Special Master's Order.  Subject to the above, Intel will

provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 1:**

Intel maintains its objection to this Topic on the ground that the individual practices

followed in other litigation and/or in investigations is beyond the scope of the discovery

contemplated by the Special Master's Order.  Intel also maintains its General Objections,

including its objection to this Topic on the ground and to the extent that it seeks information

protected from disclosure by the attorney-client privilege or work product doctrine.  Intel will

instruct its witnesses not to answer inquiries that fall within the scope of these objections.

Subject to these objections, Intel will provide a Rule 30(b)(6) witness to testify about non-

privileged information concerning Intel's evidence preservation policies and practices as applied

in this case.

**TOPIC 2:**

The existence, details and application of all Intel corporate "auto-deletion" policies and

practices applied to email or other electronic data, including the development and

implementation of such policies and practices, the identity of those persons involved in the

creation of such policies and practices, the reasons and rationale for such policies and practices,

and any suspension or deviation from such policies and practices in connection with this

Litigation or other litigations or investigations over the past ten years.

**RESPONSE TO TOPIC 2:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6)

Deposition Subject Matters by reference.  Subject to the above, Intel will provide a Rule 30(b)(6)

7

witness on the subject of Intel's auto-delete policies in effect in 2005, as applied to email or other electronic data, and any suspension or deviation from these policies in connection with this Litigation.

## SUPPLEMENTAL RESPONSE TO TOPIC 2:

Intel maintains its General Objections to this Topic, including on the ground and to the extent that this Topic seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Intel will allow a 30(b)(6) witness to testify concerning non-privileged information concerning Intel's auto-delete policies, as applied to email or other electronic data, and any suspension or deviation from these policies in connection with this Litigation. Intel objects to, and will instruct its witness not to answer, any inquiries outside this scope, including any inquiries relating to Intel's practices in other cases. Intel is also willing to permit a 30(b)(6) witness to testify as to certain arguably privileged or work-product protected information concerning Intel's practices in this litigation provided that AMD executes an agreement acceptable to Intel.

## TOPIC 3:

The development and details of the "tiered process to identify and preserve potentially relevant paper and electronic records" referred to in Intel's March 5, 2007 letter to the Court, and any other overall Intel plan to preserve electronic and other data and documents relevant to this Litigation, including the design, implementation and monitoring of that process or plan and its execution, and the identity of those persons involved in the design, development or monitoring of Inters compliance with or execution of that process or plan.

8

**RESPONSE TO TOPIC 3:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 3:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 4:**

The nature and details of any Intel efforts to ensure that information relevant to this Litigation was not subject to, or being deleted by, the "auto-delete" functions of any computer system or storage device operating with respect to or containing any Intel Custodian data, including the timing of those efforts and the persons involved in directing or carrying out those efforts.

**RESPONSE TO TOPIC 4:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 4:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 5:**

The preparation, timing, contents, and distribution of all Litigation Hold Notices issued by Intel in connection with this Litigation, including the identity of those persons involved in preparing, communicating or distributing such Litigation Hold Notices.

**RESPONSE TO TOPIC 5:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6)

Deposition Subject Matters by reference.  Subject to the above, Intel will provide a Rule 30(b)(6)

witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 5:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 6:**

Details concerning the discovery of any defects, deficiencies, errors or ambiguities in

Litigation Hold Notices issued by Intel in connection with this Litigation, the identity of those

persons discovering them, and the timing and nature of all steps taken following such discovery.

**RESPONSE TO TOPIC 6:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6)

Deposition Subject Matters by reference.  Subject to the above, Intel will provide a Rule 30(b)(6)

witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 6:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 7:**

The facts surrounding Intel's failure to timely issue Litigation Hold Notices to any Intel

Custodian, the facts surrounding and timing of Intel's discovery of such failure, the identity of

those persons discovering such failure, and the timing and nature of all steps taken following

such discovery.

**RESPONSE TO TOPIC 7:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 7:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 8:**

The details and timing of all Intel efforts to monitor and ensure compliance with Litigation Hold Notices issued by Intel in connection with this Litigation, including the identity of those persons involved in such monitoring efforts.

**RESPONSE TO TOPIC 8:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 8:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 9:**

The details and circumstances concerning any known or suspected non-compliance with Litigation Hold Notices issued by Intel in connection with this Litigation; the facts and timing of Intel's discovery of such non-compliance, the identity of those persons discovering such non-compliance, and the timing and nature of all steps taken following such discovery.

**RESPONSE TO TOPIC 9:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference.  Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 9:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 10:**

Any differences, deviations or discrepancies between Intel's Litigation Hold Notice activities and monitoring efforts in connection with this Litigation and its standard or customary practices and protocols.

**RESPONSE TO TOPIC 10:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference.  Intel also objects to this Topic on the basis that the individual practices followed in other litigation directly implicates the attorney-client privilege and work product doctrine, and is beyond the scope of the discovery contemplated by the Special Master's Order.

**SUPPLEMENTAL RESPONSE TO TOPIC 10:**

Intel maintains its objections and does not intend to produce a 30(b)(6) witness on this Topic.

**TOPIC 11:**

The details of Intel's "$10 million discovery management program" referenced in the March 1, 2007 article entitled *Intel Worker's Error Led to Lost E-Mail, Company Lawyer Says* (Bloomberg, New York, 200703-16 16: 12), a copy of which is attached hereto as Attachment 1.

**RESPONSE TO TOPIC 11:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference.  Intel objects to this Topic on the ground that it irrelevant and beyond the scope of discovery contemplated by the Special Master's Order.

**SUPPLEMENTAL RESPONSE TO TOPIC 11:**

Intel maintains its objections and does not intend to produce a 30(b)(6) witness on this Topic.

**TOPIC 12:**

Intel's harvest of Intel Custodians' data in this Litigation, including the harvest instructions and protocols employed and the identity of those persons involved in developing and executing such instructions and protocols.

**RESPONSE TO TOPIC 12:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference.  Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 12:**

Intel reasserts its responses and objections to this Topic.  Moreover, Intel objects to this Request to the extent it seeks to obtain further discovery about the harvesting Intel conducted as part of its remediation plan.  Discovery on that plan is now complete.

**TOPIC 14:**

The nature and timing of Intel's efforts to migrate Intel Custodians' email accounts to dedicated servers, including the IT protocols and used to migrate the data, the existence of records reflecting those migration efforts, and the specific dates of migration.

**RESPONSE TO TOPIC 14:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6)

Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6)

witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 14:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 15:**

The operation and functionality of, and internal Intel operational management

responsibility for, dedicated servers operating with respect to or containing any Intel Custodian

data.

**RESPONSE TO TOPIC 15:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6)

Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6)

witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 15:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 16:**

The facts and circumstances of any failure by Intel to migrate Intel Custodians' electronic

data to dedicated servers, including the failure to migrate Intel Custodians to dedicated servers in

October or November 2005 as disclosed by Intel to the Court, AMD or Class Plaintiffs, the facts

and timing surrounding Intel's discovery of such failures, the identity of those persons

discovering such failures, and the timing and nature of all steps taken following such discovery.

14

**RESPONSE TO TOPIC 16:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 16:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 17:**

The operation and content of Intel's Weekly Backup Tapes, including Intel's practices and procedures for cataloguing and preserving Weekly Backup Tapes.

**RESPONSE TO TOPIC 17:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 17:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 18:**

The facts and circumstances concerning Intel's European IT Department's recycling of Weekly Backup Tapes (as described in the February 8, 2007 email from Intel attorney Robert E. Cooper to AMD attorney Charles P. Diamond, and in Intel's March 5, 2007 letter to the Court at page 2, footnote I), as well as any other known or suspected recycling of backup tapes containing any Intel custodian data.

**RESPONSE TO TOPIC 18:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6)

Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6)

witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 18:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 19:**

The facts and timing surrounding Intel's discovery of any actual or suspected recycling of

Weekly Backup Tapes or other backup tapes containing any Intel Custodian data, the identity of

those persons discovering such recycling, and the timing and nature of all steps taken following

such discovery.

**RESPONSE TO TOPIC 19:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6)

Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6)

witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 19:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 20:**

The facts and circumstances concerning the preparation and transmission of the Excel

spreadsheet relating to migration of Intel Custodians and/or their electronic data to dedicated

exchange servers as described in Intel's March 5, 2007 letter to the Court, including the identity

of those persons involved the creation and transmission of the spreadsheet, the facts,

circumstances and timing surrounding Intel's discovery of the failure to migrate Intel Custodians

identified on such spreadsheet, and the timing and nature of all steps taken following such discovery.

**RESPONSE TO TOPIC 20:**

Intel incorporates its General Objections and General Response to Rule 30(b)( 6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 20:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 21:**

The operation, content, preservation, maintenance, and restoration of, and internal Intel operational management responsibility for, Complaint Freeze Tapes containing any Intel Custodian data.

**RESPONSE TO TOPIC 21:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 21:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 22:**

The details of any disaster recovery backup systems, protocols or procedures in place at Intel since January 1, 2000, including backup tape system structure and design, backup tape rotation schedules and protocols, backup tape retention policies and practices, and backup tape restoration protocols.

**RESPONSE TO TOPIC 22:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Intel also objects to this Topic on the grounds that it is overbroad as to time. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this Topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 22:**

Intel maintains its objection that this topic is overbroad as to time. Intel is willing to provide a witness who will testify concerning Intel's disaster recovery backup systems, protocols or procedures in place in 2005 and 2006.

**TOPIC 23:**

The facts and timing surrounding Intel's discovery of any actual or suspected loss or recycling of Complaint Freeze Tapes containing any Intel Custodian data (including without limitation those relevant to Intel's Munich, Germany operations), the identity of those persons discovering such loss or recycling, and the timing and nature of all steps taken following such discovery.

**RESPONSE TO TOPIC 23:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 23:**

Intel reasserts its responses and objections to this Topic.

**TOPIC 24:**

The details of any steps, policies, practices or other measures undertaken by Intel to preserve the electronic data and other documents of departing Intel Custodians, including the details and timing of any Intel efforts to monitor or otherwise ensure compliance with such steps, policies, practices or measures.

## RESPONSE TO TOPIC 24:

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

## SUPPLEMENTAL RESPONSE TO TOPIC 24:

Intel reasserts its responses and objections to this Topic.

## TOPIC 25:

The facts surrounding any Intel failure or suspected failure to preserve the electronic data or other documents or departing Intel custodians, the facts and timing surrounding Intel's discovery of such failures or suspected failures, the identity of those persons discovering such failures, and the timing and nature of all steps taken following such discovery.

## RESPONSE TO TOPIC 25:

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

## SUPPLEMENTAL RESPONSE TO TOPIC 25:

Intel reasserts its responses and objections to this Topic.

## TOPIC 26:

The accuracy of, and basis for, the representations made by Intel attorney John Rosenthal in his October 14, 2005 letter to AMD concerning Intel's evidence preservation.

## RESPONSE TO TOPIC 26:

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

## SUPPLEMENTAL RESPONSE TO TOPIC 26:

Intel reasserts its responses and objections to this Topic.

## TOPIC 27:

The facts and circumstances underlying the disclosures and representations made by Intel to the Court regarding Intel's evidence preservation issues, including those contained in Intel's March 5, 2007 letter to the court.

## RESPONSE TO TOPIC 27:

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. In addition, Intel specifically and further clarifies that it does not intend to permit questioning into the advice and work product of counsel in preparing any submissions to the parties, the Special Master or the Court. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

## SUPPLEMENTAL RESPONSE TO TOPIC 27:

Intel maintains its objections to this Topic to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Intel will provide a 30(b)(6) witness to testify concerning non-privileged facts within the scope of this Topic. Intel will also permit a 30(b)(6) witness to testify as to certain arguably privileged or

work-product protected information relating to this Topic provided that AMD executes an agreement acceptable to Intel.

**TOPIC 28:**

The facts and circumstances underlying the disclosures and representations made in Intel's disclosures to AMD and Class Plaintiffs pursuant to the Special Master's Order, including without limitation Intel's March 16, March 20, March 28, March 29, April 5, April 17, and April 27, 2007 letters and disclosures.

**RESPONSE TO TOPIC 28:**

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. In addition, Intel specifically and further clarifies that it does not intend to permit questioning into the advice and work product of counsel in preparing any submissions to the parties, the Special Master or the Court. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

**SUPPLEMENTAL RESPONSE TO TOPIC 28:**

Intel maintains its objections to this Topic to the extent that it calls for information protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Intel will provide a 30(b)(6) witness to testify concerning non-privileged facts within the scope of this Topic. Intel will also permit a 30(b)(6) witness to testify as to certain arguably privileged or work-product protected information relating to this Topic provided that AMD executes an agreement acceptable to Intel.

**TOPIC 30:**

Intel's IT infrastructure relevant to the support, storage (including email storage conventions), maintenance and backup of electronic data relevant to this Litigation, including data residing on hard drives or other off-network media.

## RESPONSE TO TOPIC 30:

Intel incorporates its General Objections and General Response to Rule 30(b)(6) Deposition Subject Matters by reference. Subject to the above, Intel will provide a Rule 30(b)(6) witness on this topic.

## SUPPLEMENTAL RESPONSE TO TOPIC 30:

Intel reasserts its responses and objections to this Topic.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to describe fully any standard Intel corporate evidence preservation policies and practices applied in connection with actual or threatened litigation, and/or governmental or internal investigations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel objects to this Request on the basis that the practices followed in other litigations and investigations directly implicates the attorney-client privilege and work product doctrine, and is beyond the scope of the discovery contemplated by the Special Master's Order.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Intel reasserts its responses and objections to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to describe fully the operation, purpose and application of Intel's automatic deletion policies and practices applied to email or other electronic data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will provide a summary of the operation, purpose and application of Intel's auto-delete policies as applied to email and other electronic data in 2005 and 2006 in the form of interrogatory.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Intel reasserts its objections to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding such general policies are Eva Almirantearena, Roy Batista, Dorr Clark and Curtis Smith. Intel has re-reviewed documents obtained from these Retention Custodians with respect to this Request (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and has produced and/or will produce additional contemporaneously-created, non-privileged responsive documents obtained from these Retention Custodians consistent with this Supplemental Response. Consistent with the foregoing, Intel has produced or will produce documents sufficient to describe the operation, purpose and application of Intel's automatic deletion policies and practices applied to email or other electronic data. Therefore, a narrative is no longer necessary.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to describe fully how Intel's automatic deletion policies and practices have operated with respect to the email or other electronic data of each Intel Custodian, including the specific interval or period of time (whether 35 days, 45 days, 60 days or another period) each Intel Custodian's email or other electronic data was subjected to such automatic deletion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel objects that supplying a custodian by custodian response would be both unfairly burdensome and overbroad, as that information is not readily available in summary form.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding such general policies are Eva Almirantearena, Roy Batista, Dorr Clark and Curtis Smith. Intel has re-reviewed documents obtained from these Retention Custodians with respect to this Request (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and has produced and/or will produce additional contemporaneously-created, non-privileged responsive documents obtained from these Retention Custodians consistent with this Supplemental Response. Intel will also provide in summary form the known mailbox retention policies as of May 2005 for each Intel Custodian.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to describe fully the "tiered process to identify and preserve potentially relevant paper and electronic records" developed by Intel and referred to on page 1 of Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the responsive documents from the Collection as set forth in its General Response.  In addition, Intel believes its April 23, 2007 Report provides information directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Intel reasserts its responses and objections to this Request.  Intel has produced and/or will produce non-privileged documents from the Collection responsive to this Request as set forth in its General Response.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to evidence fully all efforts undertaken by Intel to ensure that information relevant to this Litigation was not subject to, or being deleted by, the "auto-delete" functions of any computer system or storage device operating with respect to or containing any Intel custodian data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the responsive documents from the Collection as set forth in its General Response.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Intel reasserts its responses and objections to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena, Roy Batista, Dorr Clark and Curtis Smith. Intel has re-reviewed documents obtained from these Retention Custodians with respect to this Request (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

## REQUEST FOR PRODUCTION NO. 6:

All documents constituting or evidencing communications by Intel to any Intel Custodian informing them that if they did not act affirmatively to preserve their email and/or other electronic data it would be automatically deleted pursuant to an "auto-delete" function.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will provide documents sufficient to evidence the directions or other instructions employees receive into the functioning of its email aging system.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Intel reasserts its responses and objections to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created, relevant documents regarding this Request are Eva Almirantearena, Roy Batista, Dorr Clark and Curtis Smith. Intel has re-reviewed documents obtained from these Retention

Custodians with respect to this Request (and is continuing to review the documents of Eva

Almirantearena and Roy Batista) and has produced and/or will produce additional

contemporaneously-created, non-privileged relevant documents obtained from these Retention

Custodians consistent with this Supplemental Response.

## REQUEST FOR PRODUCTION NO. 7:

Documents sufficient to evidence fully the timing, content, distribution and identity of the

recipients of all Litigation Hold Notices issued by Intel in connection with this Litigation,

including the "hundreds of employees" to whom Litigation Hold Notices were sent as described

on page 2 of Intel's March 5, 2007 letter to the Court.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will produce the responsive documents from the Collection as set forth in its

General Response.  In addition, Intel will produce a copy of each form of Litigation Hold Notice

sent to the Custodians, and a list of each Custodian who received each notice, subject to an

agreement on waiver.  In addition, Intel believes its April 23, 2007 Report provides information

directly responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Intel reasserts its responses and objections to this Request.  Intel believes that the

Retention Custodians most likely to possess an appreciable quantity of contemporaneously-

created relevant, non-duplicative documents regarding this Request are Eva Almirantearena, Roy

Batista, Kelly Wright, Winston Kiang and Diaji Toya.  Intel believes that it has already

substantially produced non-privileged documents responsive to this Request from Winston Kiang

and Daiji Toya. Intel has re-reviewed documents obtained from Eva Almirantearena, Roy

Batista, and Kelly Wright with respect to this Request (and is continuing to review the

documents of Eva Almirantearena and Roy Batista) and has produced and/or will produce

additional contemporaneously-created, non-privileged relevant documents obtained from these

Retention Custodians consistent with this Supplemental Response. Intel's production of

Litigation Hold Notices and related documents (including reminders) cuts off with those

documents distributed through approximately the end of July 2007 (even though additional such

documents may have been distributed and will continue to be distributed).

## REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to show the "basic form of notice that had been used in previous

Intel litigation," as referenced on page 2 of Intel's March 5, 2007 letter to the Court.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will produce the relevant documents from the Collection as set forth in its

General Response.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Intel reasserts its responses and objections to this Request. Intel believes that the

Retention Custodians most likely to possess an appreciable quantity of contemporaneously-

created, relevant non-duplicative documents regarding this Request are Eva Almirantearena, Roy

Batista, and Suzan Miller. Intel believes that it has already substantially produced any

contemporaneously-created, non-privileged documents responsive to this Request from Susan

Miller. Intel has re-reviewed (and is continuing to review) documents obtained from Eva

Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to evidence fully the timing, content, distribution and identity of the recipients of the "retention notices" sent out "on a rolling basis, throughout 2005, 2006 and 2007," as referenced on page 2 of Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection relating to Custodians as set forth in its General Response. In addition, Intel believes its April 23, 2007 Report, as it will be further supplemented, provides information directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Intel reasserts its responses and objections to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant non-duplicative documents regarding this Request are Eva Almirantearena, Roy Batista, Kelly Wright, Winston Kiang and Diaji Toya. Intel believes that it has already substantially produced contemporaneously-created non-privileged documents responsive to this Request from Winston Kiang and Daiji Toya. Intel has re-reviewed documents obtained from Eva Almirantearena, Roy Batista, Kelly Wright with respect to this Request (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained

from these Retention Custodians consistent with this Supplemental Response. Intel's production

of Litigation Hold Notices and related documents (including reminders) cuts off with those

documents distributed through approximately the end of July 2007 (even though additional such

documents may have been distributed and will continue to be distributed).

## REQUEST FOR PRODUCTION NO. 10:

Documents sufficient to evidence fully any and all efforts by Intel to monitor, assure

and/or enforce compliance with Litigation Hold Notices, including without limitation the efforts

referred to in Intel's March 5, 2007 letter to the Court and in the February 8, 2007 email of Intel

attorney Robert E. Cooper.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will produce the relevant documents from the Collection as set forth in its

General Response. In addition, Intel believes its April 23, 2007 Report, as it will be further

supplemented, provides information directly responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Intel reasserts its responses and objections to this Request. Intel believes that the

Retention Custodians most likely to possess an appreciable quantity of contemporaneously-

created, relevant non-duplicative documents regarding this Request are Eva Almirantearena, Roy

Batista, and Winston Kiang. Intel believes that it has already substantially produced

contemporaneously-created, non-privileged documents responsive to this Request from Winston

Kiang. Intel has re-reviewed (and is continuing to review) documents obtained from Eva

Almirantearena and Roy Batista with respect to this Request and has produced and/or will

produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.  See also the narrative identified in the Supplemental Response to Request For Production No. 33.

**REQUEST FOR PRODUCTION NO. 11:**

All documents evidencing or concerning Intel's discovery of any known or suspected defects, deficiencies, errors or ambiguities in Litigation Hold Notices issued by Intel in connection with this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Intel reasserts its responses and objections to this Request.  Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created, relevant non-duplicative documents regarding the Legal Event Hold Notices are Eva Almirantearena, Roy Batista, and Winston Kiang.  Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Winston Kiang.  Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians regarding the Legal Event Hold Notices consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to evidence fully Intel's protocols, instructions, systems and practices for harvesting Intel Custodians' data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will provide a summary of information in the form of an interrogatory response, and subject to agreement by Plaintiffs that such a response would not constitute a waiver of the attorney-client privilege or work product protection.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Intel reasserts its responses and objections to this Request. In addition, Intel notes it has already produced documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to describe fully and show the results of the "beta testing" undertaken with respect to the "archiving system," as described on page 6 of Intel's March 5, 2007 letter to the Court, including documents sufficient to show the basis for the statement that "[v]endor testing at the time of installation validated that the Archive was properly capturing email from the Exchange journaling system according to the parameters and design of the EMC software/hardware," as stated at page I of the letter dated March 20, 2007, from Intel attorney Robert E. Cooper.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will either produce a provide a summary of information in the form of an interrogatory response, subject to agreement by Plaintiffs that such a response would not

constitute a waiver of the attorney-client privilege or work product protection, or provide documents sufficient to evidence the results of the beta test of the EMC system.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Intel reasserts its responses and objections to this Request. In addition, Intel continues to search for non-duplicative relevant documents.

## REQUEST FOR PRODUCTION NO. 19:

All documents constituting or reflecting communications with, or instructions to, Intel's IT group pertaining to the migration of, or failure to migrate, Intel employees to dedicated servers for purposes of this Litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dave Schlick, Dorr Clark, Lisa Wade, Alan Sterba, Perry Olson and Kelly Wright. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Dave Schlick, Lisa Wade, and Alan Sterba. Intel has re-reviewed documents obtained from Eva Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dorr Clark, Perry Olson and Kelly

33

Wright (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 20:**

All documents evidencing or pertaining to the facts and circumstances under which some Intel Custodians "were inadvertently not migrated to the server in 2005 and some, who were late identified, were not migrated upon such identification," as referenced on page 2, footnote 1 of Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response. In addition, Intel believes its April 23, 2007 Report provides information directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dave Schlick, Dorr Clark, Lisa Wade, Alan Sterba, Perry Olson and Kelly Wright. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Dave Schlick, Lisa Wade, and Alan Sterba. Intel has re-reviewed documents obtained from Eva

Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dorr Clark, Perry Olson and Kelly

Wright (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and

has produced and/or will produce additional contemporaneously-created, non-privileged relevant

documents obtained from these Retention Custodians consistent with this Supplemental

Response.

**REQUEST FOR PRODUCTION NO. 21:**

All documents evidencing or pertaining too the facts and circumstances under which

"Custodians added after the first 900 were not migrated to the [dedicated e-mail] servers," as

referenced in the February 8, 2007 email from Intel attorney Robert E. Cooper.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will produce the relevant documents from the Collection as set forth in its

General Response. In addition, Intel believes its April 23, 2007 Report provides information

directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Intel reasserts its General Objections and General Responses with respect to this Request.

Intel believes that the Retention Custodians most likely to possess an appreciable quantity of

contemporaneously-created relevant documents regarding this Request are Eva Almirantearena,

Roy Batista, Bill Stokes, Curtis Smith, Dave Schlick, Dorr Clark, Lisa Wade, Alan Sterba, Perry

Olson and Kelly Wright.  Intel believes that it has already substantially produced

contemporaneously-created, non-privileged documents responsive to this Request from Dave

Schlick, Lisa Wade, and Alan Sterba.  Intel has re-reviewed documents obtained from Eva

Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dorr Clark, Perry Olson and Kelly

Wright (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and

has produced and/or will produce additional contemporaneously-created, non-privileged relevant

documents obtained from these Retention Custodians consistent with this Supplemental

Response.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show when and how Intel learned that some Intel Custodians

"were not migrated to the server" as stated on page 2, footnote 1 of Intel's March 5, 2007 letter to

the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will produce the relevant documents from the Collection as set forth in its

General Response. In addition, Intel believes its April 23, 2007 Report provides information

directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Intel reasserts its General Objections and General Responses with respect to this Request.

Intel believes that the Retention Custodians most likely to possess an appreciable quantity of

contemporaneously-created relevant documents regarding this Request are Eva Almirantearena,

Roy Batista, Bill Stokes, Curtis Smith, Dave Schlick, Dorr Clark, Lisa Wade, Alan Sterba, Perry

Olson and Kelly Wright. Intel believes that it has already substantially produced

contemporaneously-created, non-privileged documents responsive to this Request from Dave

Schlick, Lisa Wade, and Alan Sterba. Intel has re-reviewed documents obtained from Eva

Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dorr Clark, Perry Olson and Kelly

Wright (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and

has produced and/or will produce additional contemporaneously-created, non-privileged relevant

documents obtained from these Retention Custodians consistent with this Supplemental

Response.

**REQUEST FOR PRODUCTION NO. 23:**

　　　　Documents sufficient to describe fully Intel's policies and practices with respect to the

creation, preservation and cataloguing of Weekly Backup Tapes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

　　　　Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will provide a summary of information in the form of an interrogatory response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

　　　　Intel reasserts its objections to this Request.  Subject to these objections, Intel has

produced or will produce documents sufficient to show the policies and practices with respect to

creation, preservation and cataloguing of weekly back-up tapes.  Therefore, a narrative is no

longer necessary.

　　　　Intel believes that the Retention Custodians most likely to possess an appreciable quantity

of contemporaneously-created relevant, non-duplicative documents regarding this Request are

Eva Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dave Schlick, Dorr Clark, Lisa

Wade, Alan Sterba, Perry Olson and Kelly Wright.  Intel believes that it has already substantially

produced contemporaneously-created, non-privileged documents responsive to this Request from

Dave Schlick, Lisa Wade, and Alan Sterba.  Intel has re-reviewed documents obtained from Eva

Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dorr Clark, Perry Olson and Kelly Wright (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

## REQUEST FOR PRODUCTION NO. 24:

All documents constituting or reflecting communications with, or instructions to, Intel's IT group pertaining to the creation, preservation and cataloguing of Weekly Backup Tapes, including specifically the "instructions to [sic] the IT Department to back up these [dedicated] servers on a weekly basis going forward and retain the back up tapes for purposes of this case" as described in the February 8, 2007 email of Intel attorney Robert E. Cooper.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dave Schlick, Dorr Clark, Lisa Wade, Alan Sterba, Perry Olson and Kelly Wright. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Dave

Schlick, Lisa Wade, and Alan Sterba. Intel has re-reviewed documents obtained from Eva

Almirantearena, Roy Batista, Bill Stokes, Curtis Smith, Dorr Clark, Perry Olson and Kelly

Wright (and is continuing to review the documents of Eva Almirantearena and Roy Batista) and

has produced and/or will produce additional contemporaneously-created, non-privileged relevant

documents obtained from these Retention Custodians consistent with this Supplemental

Response.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to describe fully the "routine back-up recycling procedures" as set

forth on page 2, footnote 1 of Intel's March 5, 2007 letter to the Court and in the email dated

February 8, 2007, from Intel attorney Robert E. Cooper.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will provide a summary of information in the form of an interrogatory response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Intel reasserts its objections to this Request. Subject to these objections, Intel has

produced or will produce documents sufficient to describe the "routine back-up recycling

procedures" as set forth on page 2, footnote 1 of Intel's March 5, 2007 letter to the Court and in

the email dated February 8, 2007, from Intel attorney Robert E. Cooper. Therefore, a narrative is

no longer necessary.

Intel believes that the Retention Custodians most likely to possess an appreciable quantity

of contemporaneously-created relevant, non-duplicative documents regarding this Request are

Bill Stokes and other IT sources. Intel has re-reviewed documents obtained from Mr. Stokes

with respect to this Request and has produced and/or will produce additional

contemporaneously-created, non-privileged relevant documents obtained from Mr. Stokes and

other IT sources consistent with this Supplemental Response.

## REQUEST FOR PRODUCTION NO. 26:

All documents evidencing or pertaining to the recycling of Weekly Backup Tapes by

Europe Intel's IT department, and Intel's discovery thereof, as referenced in the email dated

February 8, 2007, from Intel attorney Robert E. Cooper.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Intel incorporates its General Objections and General Response to Document Requests by

reference. Intel will produce the relevant documents from the Collection as set forth in its

General Response.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Intel reasserts its General Objections and General Responses with respect to this Request.

Intel believes that the Custodian most likely to possess an appreciable quantity of

contemporaneously-created relevant documents regarding this Request is Bill Stokes.  Intel has

re-reviewed documents obtained from Bill Stokes and has produced and/or will produce

additional contemporaneously-created, non-privileged relevant documents obtained from this

review consistent with this Supplemental Response.  Moreover, Intel is producing an additional

relevant document of Steve Owen.

## REQUEST FOR PRODUCTION NO. 27:

Documents sufficient to describe Intel's disaster recovery backup systems protocols or

procedures in place since January 1, 2000, including backup tape system structure and design,

backup tape rotation schedules and protocols, backup tape retention policies and practices, and backup tape restoration protocols.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will provide a summary of its disaster recovery backup systems protocols and procedures for email in effect in 2005 and 2006. Intel also objects to this request on the grounds that it is overbroad as to time.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Intel reasserts its objections to this Request. Subject to these objections, Intel has produced or will produce documents sufficient to describe Intel's disaster recovery backup systems protocols and procedures for email in effect in 2005 and 2006. Therefore, a narrative is no longer necessary.

Intel believes that the Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant, non-duplicative documents regarding this Request are Bill Stokes and other IT sources. Intel has re-reviewed documents obtained from Mr. Stokes with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from Mr. Stokes and other IT sources consistent with this Supplemental Response.

## REQUEST FOR PRODUCTION NO. 28:

Documents sufficient to show fully the timing, protocol, extent and methodology of Intel's creation, preservation and cataloguing of the complaint Freeze Tapes, including specifically the instructions to "preserve a one time company-wide snapshot of email and other

electronic documents that were stored on Intel's servers, including Exchange servers that store email, as described in Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will provide a summary of information in the form of an interrogatory response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Intel reasserts its objections with respect to this Request. Subject to these objections, Intel has produced or will produce documents sufficient to show the timing, protocol, extent and methodology of Intel's creation, preservation and cataloguing of the complaint Freeze Tapes. Therefore, a narrative is no longer necessary.

Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Dave Schlick, Lisa Wade, Alan Sterba, Bill Stokes, Perry Olson, and Honesto Vargas. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Dave Schlick, Lisa Wade, Alan Sterba, and Honesto Vargas. Intel has re-reviewed documents obtained from Bill Stokes and Perry Olson with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to any actual or suspected loss or recycling of complaint Freeze Tapes containing any Intel Custodian data (including without limitation those relevant to Intel's Munich, Germany operations), and Intel's discovery thereof.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Intel incorporates its General Objections and General Response to. Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Dave Schlick, Lisa Wade, Alan Sterba, Bill Stokes, Perry Olson, and Honesto Vargas. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Dave Schlick, Lisa Wade, Alan Sterba, and Honesto Vargas. Intel has re-reviewed documents obtained from Bill Stokes and Perry Olson with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response. Moreover, Intel is producing additional relevant documents of Georg Fisch and Bernd Sprank.

## REQUEST FOR PRODUCTION NO. 31:

All documents relating to the failure to instruct certain Intel Custodians to preserve relevant data, and Intel's discovery thereof, as described on pages 4 and 5 of Intel's March 5, 2007 letter to the Court.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Intel incorporates its General Objections and General Response to. Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response. In addition, Intel believes its April 23, 2007 Report provides information directly responsive to, this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena and Roy Batista.  Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

## REQUEST FOR PRODUCTION NO. 32:

All documents relating to. Intel's failure to timely provide Litigation Hold Notices or retention notices, and Intel's discovery thereof, as described in pages 4 and 5 of Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response. In addition, Intel believes its April 23, 2007 Report provides information directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena and Roy Batista. Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 33:**

All documents evidencing or relating to the steps taken by Intel following discovery of its failure to timely provide Litigation Hold Notices or retention notices to any Intel Custodian, and the timing of such steps.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the documents collected from the identified Custodians as set forth in its General Response. Intel will also provide a summary of information in the form of an interrogatory response, subject to agreement by Plaintiffs that such a response would not

constitute a waiver of the attorney-client privilege or work product protection. Finally, Intel believes its April 23, 2007 Report provides information directly responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Intel reasserts its responses and objections to this Request. In addition, Intel has already produced documents responsive to this Request.

## .REQUEST FOR PRODUCTION NO. 34:

All documents evidencing, referring or relating to the failure or suspected failure of any Intel Custodian to comply with a Litigation Hold Notice or retention instruction, including the timing and means by which it was discovered.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena and Roy Batista. Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

**.REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to fully show Intel's actions, plans, processes, procedures, and protocols for preventing the loss or destruction of Intel Custodian data belonging to terminated Intel employees, including "Intel's policies requiring collection of electronic information from departing employees subject to litigation holds" as described at page 5 of Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response. In addition, Intel believes its April 23, 2007 Report provides information directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena, Roy Batista, Honesto Vargas, Winston Kiang, Mark Friedman, Benoit Philippe, Francis Dulce, Jim Jeffs and May Wong. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Honesto Vargas and Winston Kiang. Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these

and other Retention Custodians named in this paragraph consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 36:**

All documents evidencing or discussing Intel's failure or suspected failure to preserve the data of Intel Custodians identified for lay-off, redeployment, separation or termination prior to the effective date of such lay-off, redeployment, separation or termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response. Intel will produce the documents collected from the identified Custodians as set forth in its General Response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Intel reasserts its responses and objections to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created, relevant, non-duplicative material regarding this Request are Eva Almirantearena, Roy Batista, Honesto Vargas, Winston Kiang, Mark Friedman, Benoit Philippe, Francis Dulce, Jim Jeffs and May Wong. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Honesto Vargas and Winston Kiang. Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant

documents obtained from these and other Retention Custodians named in this paragraph consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show when and how Intel learned that "terminated employees' documents may not have been saved," as set forth at page 3 of Intel's March 5, 2007 letter to the Court, including documents evidencing what Intel Custodian data was lost or destroyed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Intel reasserts its responses and objections to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created, relevant, non-duplicative material regarding this Request are Eva Almirantearena, Roy Batista, Honesto Vargas, Winston Kiang, Mark Friedman, Benoit Philippe, Francis Dulce, Jim Jeffs and May Wong. Intel believes that it has already substantially produced contemporaneously-created, non-privileged documents responsive to this Request from Honesto Vargas and Winston Kiang. Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these and other Retention Custodians named in this paragraph consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show when and how Intel learned of each of the "inadvertent mistakes in implementation" of its "tiered preservation process~" as stated on page 3 of Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response. In addition, Intel believes its April 23, 2007 Report provides information directly responsive to this Request.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Intel reasserts its responses and objections to this Request. Intel will produce documents, if any, from the Retention Custodians identified in Exhibit A (subject to the limitations stated therein) addressing this request that are not attorney client privileged or work product protected. Intel is willing to produce documents that are so privileged or protected if an acceptable agreement can be negotiated with plaintiffs that will limit the subject matter and extent of any potential waiver.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show when and how Intel "discovered further inadequacies in preserving emails," as stated in the February 8, 2007 email from Intel attorney Robert E. Cooper.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Intel reasserts its responses and objections to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created, relevant documents regarding this Request are Eva Almirantearena and Roy Batista. Intel has re-reviewed (and is currently reviewing) documents obtained from these Retention Custodians with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged responsive documents obtained from these Retention Custodians consistent with this Supplemental Response. Intel will not agree to produce documents in response to this Request that are potentially subject to the attorney-client privilege or work product doctrine unless AMD executes an agreement acceptable to Intel.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to fully show the nature, timing and details of Intel's "preliminary review" as described on page 7 of Intel's March 5, 2007 letter to the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Intel incorporates its General Objections and General Response to Document Requests by reference.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Intel reasserts its responses and objections to this Request. Intel maintains its objection to this Request based on the General Objections, including that this Request calls for attorney-client privileged materials and core attorney-client work product. Intel does not intend to produce any documents responsive to this Request. Intel will not agree to produce documents in

response to this Request that are potentially subject to the attorney-client privilege or work product doctrine unless AMD executes an agreement acceptable to Intel.

## REQUEST FOR PRODUCTION NO. 41:

All documents evidencing or relating to the nature, purpose and timing of the investigation reflected in the draft spreadsheet provided by Intel counsel to AMD counsel on February 22, 2007.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Intel incorporates its General Objections and General Response to Document Requests by reference. In addition, Intel believes its April 23, 2007 Report provides information directly responsive to this Request.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Intel reasserts its responses and objections to this Request. Intel maintains its objection to this Request based on the General Objections, including that this Request calls for attorney-client privileged materials and core attorney-client work product. Intel does not intend to produce any documents responsive to this Request. Intel will not agree to produce documents in response to this Request that are potentially subject to the attorney-client privilege or work product doctrine unless AMD executes an agreement acceptable to Intel.

## REQUEST FOR PRODUCTION NO. 42:

All documents evidencing or reflecting any Intel custodians' mistaken belief that Intel's IT group was retaining and preserving their email, and the timing and means by which such mistaken belief was discovered by Intel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will produce the relevant documents from the Collection as set forth in its General Response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Intel reasserts its General Objections and General Responses with respect to this Request. Intel believes that the Retention Custodians most likely to possess an appreciable quantity of contemporaneously-created relevant documents regarding this Request are Eva Almirantearena and Roy Batista.  Intel has re-reviewed (and is continuing to review) documents obtained from Eva Almirantearena and Roy Batista with respect to this Request and has produced and/or will produce additional contemporaneously-created, non-privileged relevant documents obtained from these Retention Custodians consistent with this Supplemental Response.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to identify and describe Intel's IT infrastructure relevant to the support, storage (including email storage conventions), maintenance and backup of electronic data relevant to this Litigation, including data residing on hard drives or other off-network media.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Intel incorporates its General Objections and General Response to Document Requests by reference. Intel will provide a summary of information in the form of an interrogatory response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Intel reasserts its responses and objections to this Request.  Subject to these objections,

Intel has produced or will produce documents sufficient to identify and describe Intel's IT

infrastructure relevant to this Litigation.  Therefore, a narrative is no longer necessary.

Intel believes that the Retention Custodians most likely to possess an appreciable quantity

of contemporaneously-created relevant documents regarding this Request are Curtis Smith, Perry

Olson, Dorr Clark, and other IT sources.  Intel has re-reviewed documents obtained from these

Retention Custodians with respect to this Request and has produced and/or will produce

additional contemporaneously-created, non-privileged relevant documents obtained from these

Retention Custodians and IT sources consistent with this Supplemental Response.

**STATEMENT REGARDING PRIVILEGE LOGS**

Pursuant to the Stipulation and Order Regarding the Preparation of Privilege Logs,

entered August 10, 2006, various broad categories of privileged communications "do not need to

be included on each party's privilege log."  Intel does not intend to create a privilege log for the

Investigation Documents or Culpability/Causation Documents.  However, in accordance with

AMD's request, Intel will identify in summary form categories of documents withheld from

production.  It is Intel's hope that a mutually satisfactory non-waiver agreement can be

negotiated to further limit the number of documents withheld.

OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071
(213) 229-7000

Peter E. Moll
Darren B. Bernhard
HOWREY LLP
1299 Pennsylvania Avenue N.W.
Washington, DC 20004
(202) 783-0800
Dated: October 4, 2007
823471/29282

POTTER ANDERSON & CORROON LLP

By: /s/ W Harding Drane, Jr.
        Richard L. Horwitz (#2246)
        W. Harding Drane, Jr. (#1023)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P.O. Box 951
        Wilmington, DE 19899-0951
        (302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

*Attorneys for Defendants*
*Intel Corporation and Intel Kabushiki Kaisha*