FREDERICK L. COTTRELL, III
DIRECTOR

RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

January 22, 2008

**VIA ELECTRONIC MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801-4226

**PUBLIC VERSION**

Re: *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*, C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-MD-1717-JJF; and *Phil Paul, et al. v. Intel Corporation*, C.A. 05-485-JJF
Discovery Matter No. 4a

Dear Judge Poppiti:

Intel's January 18, 2008 submission of selected materials for Your Honor's *in camera* review raises several troubling issues.

*First*, while neither we nor Class Counsel have seen any of the materials Intel provided Your Honor, it appears that Intel has withheld responsive materials.

Intel represented at the December 27, 2007 hearing on this matter that the Weil Gotshal interviewers took contemporaneous notes of their custodian interviews, and these notes were later converted into summaries or memoranda that were, in turn, reviewed and edited by Mr. Lender.[1] This was reiterated by Intel's counsel during the January 3, 2008 hearing.[2] Both the

---

[1] *See* Hr'g Tr. 24:22-25:10, Dec. 27, 2007 (**Court:** "[W]as there also the creation of a document that either summarized those [interview] notes that is a document different from the summaries that were provided pursuant to paragraph eight . . . ?" **Ms. Kochenderfer:** "I believe that there were.").

[2] *See* Hr'g Tr. 7:22-8:5, Jan. 3, 2008 (**Mr. Floyd:** "[W]hat we have been attempting to collect are the interview notes that, for example, a particular individual may have taken [an] interview and then taken notes, prepared a memo, perhaps done some follow-up, and in each instance, may have obtained factual information which would then have been embodied in some sort of writing. And that's the information that we have been pulling.").

RLF1-3246063-1

The Honorable Vincent J. Poppiti
January 22, 2008
Page 2

Weil Gotshal attorneys' contemporaneous notes as well as their later-prepared summaries and memoranda are responsive, and should have been provided to Your Honor for *in camera* review.

According to its January 18, 2008 transmittal letter, Intel failed to do so. Rather than submit the summaries and memoranda described by Intel's counsel during the hearings, Intel appears to have simply taken its abbreviated Paragraph 8 disclosures previously filed with the Court, put them into alphabetical order, and resubmitted them to Your Honor in a single Word document. *See* Letter from W. Harding Drane, Jr. to the Hon. Vincent J. Poppiti, at 2 (Jan. 18, 2008) ("For ease of reference, we have also enclosed a copy of the summaries previously filed, reorganized in a separate Word document alphabetically . . . ."). When we asked Intel's counsel whether Intel was withholding Weil Gotshal-prepared summaries from Your Honor, counsel declined even to respond to the question. *See* Email from Mark Samuels to Kay Kochenderfer (Jan. 17, 2008), attached hereto as Ex. A (no response received). (Making matters worse, Intel inexplicably failed to serve Plaintiffs with a copy of these "summaries previously filed," which, since they were once submitted to Your Honor, are obviously not privileged.)

We request that Intel be ordered to submit forthwith all of the Weil Gotshal summaries and memoranda to Your Honor *in camera*, and to provide Plaintiffs with the Word document described in its transmittal letter. Intel should also be required to certify that *all of the interview-related materials* have been produced for the Court's inspection.

***Second***, Intel acknowledged during the January 3, 2008 hearing that Intel paralegals often participated in the interviews, both in the logistical planning phases and in introducing Weil Gotshal attorneys to Intel custodians.[3] Plaintiffs inquired at the hearing whether the paralegals took notes of the interviews, and we stated our expectation that such notes would be produced to Your Honor for inspection. Intel counsel, Ms. Kochenderfer, stated that she would confirm whether any such notes existed.[4] We have yet to receive any such confirmation and it is unclear from Intel's transmittal letter whether these paralegal notes are included in the production. If they have not been provided, they should be.

***Third***, Intel argues in its transmittal letter that all of the documents submitted for inspection are protected by the attorney-client privilege. But, as we have pointed out, we believe Intel has waived this privilege for the reasons set forth in our moving and reply papers, and as discussed during the December 27, 2007 hearing. In addition, the Court should be aware that Intel has produced hundreds of emails exchanged between Intel and its outside counsel, including Weil Gotshal, in its production of documents in response to Plaintiffs' April 10, 2007 30(b)(6) Deposition Notice and Request for Production. These communications relate to the

---

[3] Jan. 3, 2008 Hr'g Tr. 15:17-16:15.

[4] *Id.*

RLF1-3246063-1

The Honorable Vincent J. Poppiti
January 22, 2008
Page 3

same subject matter as the Weil Gotshal interview notes, including: Intel's implementation of its preservation scheme, its discovery of preservation failures, its investigation of these failures, and its attempts to remediate this evidence loss.[5] For these reasons and the reasons set forth in our moving papers, we believe Intel has waived any attorney-client privilege that may have attached to the Weil Gotshal interview materials.

Respectfully,

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)

FLC,III/afg

cc:  Clerk of the Court (By Electronic Filing)
     Richard L. Horwitz, Esq. (Via Electronic Mail)
     James L. Holzman, Esq. (Via Electronic Mail)

---

[5] **REDACTED**