**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 05-441 (JJF) |
| v. | ) ) | |
| INTEL CORPORATION and INTEL KABUSHIKI KAISHA, | ) ) ) | |
| Defendants. | ) | |
| IN RE: | ) | MDL Docket No. 05-1717 (JJF) |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | ) ) | |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) ) | C.A. No. 05-485-JJF |
| Plaintiffs, | ) ) | CONSOLIDATED ACTION |
| v. | ) ) | |
| INTEL CORPORATION, | ) ) | |
| Defendant. | ) | |

**NOTICE OF DEPOSITION OF THE LAW OFFICES OF LAUREL STANLEY**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6),

defendant Intel Corporation will take the deposition upon oral examination of plaintiff The Law

Offices of Laurel Stanley regarding the subject matter set forth in the attached Exhibit A.  In

accordance with Rule 30(b)(6), The Law Offices of Laurel Stanley shall designate one or more

officers, directors, managing agents, or other persons who consent to testify on its behalf as to

each of the topics set forth in the attached Exhibit A.  The deposition will take place before an

authorized court reporter, commencing at 10:00 A.M. on February 5, 2008 at the offices of

Bingham McCutchen LLP, 1333 North California Boulevard, Suite 210, Walnut Creek, CA

94596-1270, or at such other time and place as agreed to by the parties.  The deposition will

continue from day to day until completed, shall be transcribed, and may be videotaped.   You are

invited to attend and cross-examine the witness.


OF COUNSEL:                                   POTTER ANDERSON & CORROON LLP

David M. Balabanian
James L. Hunt                                 By:  */s/ W. Harding Drane, Jr.*_____
Christopher B. Hockett                              Richard L. Horwitz (#2246)
BINGHAM McCUTCHEN LLP                               W. Harding Drane, Jr. (#1023)
Three Embarcadero Center                            Hercules Plaza, 6th Floor
San Francisco, CA  94111-4067                       1313 North Market Street
(415) 393-2000                                      P.O. Box 951
                                                    Wilmington, DE 19899-0951
                                                    (302) 984-6000
Richard A. Ripley                                   rhorwitz@potteranderson.com
BINGHAM McCUTCHEN LLP                               wdrane@potteranderson.com
2020 K Street, N.W.
Washington, D.C.  20006
(202) 373-6000                                       Attorneys for Defendant
                                                     INTEL CORPORATION

Dated:  January 24, 2008

**Exhibit A**

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "You" shall mean plaintiff The Law Offices of Laurel Stanley, and any past or present predecessor, successor, parent, subsidiary, division or affiliate, and all persons (as defined below) acting on its behalf including, without limitation, present and former officers, directors, employees, attorneys, agents, and representatives.

2.      The term "AMD" means Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd.

3.      The term "Class Plaintiffs" means Jerry Adamson; Benjamin J. Allanoff, Raphael Allison, Christian Ambruoso, David Arnold, Cindy Bandfield, Phillip Boeding, Elizabeth Bruderle Baran, Susan Baxley, Phillip Boeding, Brandon Brantly, Michael Brauch, Jason Brown, Kelly Cannon, Ludy Chacon, Marvin D. Chance, Jr., Joseph Samuel Cone, Carrol Cowan, Judy Cowgill, William F. Cronin, Christine Culliton, Paul C. Czysz, Russell Dennis, Dwight E. Dickerson, Dan Dieffenbacher, Damon DiMarco, Michael Dolan, Dan Elliot, Gideon Elliott, Terri Fabrizio, Jerome Feitelberg, Kevin Fennelly, Huston Frazier and Jeanne Cook Frazier, Angel Genese, Cheryl Glick-Salpeter, Nir Goldman, Steven J. Hamilton, Tracy Harbin, Mark Helm, Nancy Herring, Gabriella Herroeder-Perras, Patrick J. Hewson, Trisha Higgens, Jason Hoenshell, Ron Hooper, Terri Hooper, Jose Juan, Karol Juskiewicz, Tracy Kinder, Ronald Konieczka, Henry Kornegay, Matthew Kravitz, Lawrence Lang, David E. Lipton, Leonard Lorenzo, Debbie McCauley, James McCauley, Andrew Meimes, Stuart Munson, Peter Jon

Naigow, Linda Neely, Patricia M. Niehaus, Chad Ohlrogge, Raymond A. Pacia, Phil Paul, Lee

Pines, Richard Pressel, Maria I. Prohias, Paul Ramos, Michael Ruccolo, Edward Rush, Darice

Russ, Napoly Salloum, Jodi Salpeter, Jay Salpeter, Kery Schneck, Stuart Schupler, Nathaniel

Schwartz, Michael K. Simon, Francis H. Slattery, IV, Timothy Spears, Kevin Stoltz, Justin

Suarez, Dana F. Thibedeau, Ian Walker, Robin S. Weeth, Melissa Wood, Bergerson &

Associates, Inc., Dressed to Kill Custom Draperies, LLC, Fairmont Orthopedics & Sports

Medicine, P.A., HP Consulting Services, Inc., Law Offices of Kwasi Asiedu, Law Offices of

Laurel Stanley, Rob Marshall dba Marshall Realty, Melinda HanHarr, D.D.S., P.C., The Harman

Press, and Trotter-Vogel Realty, Inc. dba Prudential California Realty, and any parent, subsidiary

or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and

other representatives of the above-named individuals or business entities.

4.      The term "communication" means the transmittal of information and

encompasses every medium of information transmittal, including, but not limited to, oral,

written, graphic and electronic communication.

5.      The term "Complaint" means the First Amended Consolidated Complaint lodged

by Plaintiffs against Intel in the United States District Court for the District of Delaware on May

26, 2006, case number CA No. 05-485-JJF, MDL Docket No. 05- 1717-JJF.

6.      The term "computer device or product" includes without limitation desktop

computers, laptop computers, workstations and servers containing an x86 microprocessor.

7.      The term "Intel" means Intel Corporation and any parent, subsidiary or affiliate

entities, as well as the owners, partners, officers, directors, employees, agents, and other

representatives of Intel Corporation.

2

8.      The term "person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

9.      The terms "relate to," "relating to," "related to," "refer to," "referring to" or "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

10.     The term "representative" means any employee, consultant, expert, attorney, contractor or other individual or entity engaged by the designated individual or entity to perform some task or assignment for the individual or entity.

11.     The term "x86 microprocessor" refers to silicon chips containing a central processing unit using the x86 instruction set.

12.     Any term stated in the singular includes the plural and vice versa.

13.     "Any" and "each" are understood to include and encompass "all."

14.     Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

3

**TOPICS FOR DEPOSITION**

1.      The allegations in the Complaint, including all sources of information that you relied upon in preparing your Complaint, all communications between you and third parties concerning the Complaint, all communications between you and Class Plaintiffs concerning the Complaint, and all persons or third parties likely to have discoverable information related to the Complaint.

2.      Your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

3.      Your sale of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

4.      Any rebates relating to Your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

5.      Your purchase of any products, including without limitation printers, monitors, speaker systems, other hardware packages, or software, which where purchased contemporaneously or bundled with the purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

6.      Any financing used by you to purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor, including without limitations any sales promotions permitting deferred interest payments.

7.      With respect to your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor:

(1)      the brand and type of x86 microprocessor;

(2)      the brand and model of product containing the x86 microprocessor if applicable;

(3)      the exact date of purchase;

(4)    the amount paid only for the x86 microprocessor, or computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor;

(5)    the name and location of the retailer; and

(6)    any rebate offered in connection with your purchase of an x86 microprocessor, or computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

8.    Your policies, standards, or guidelines relating to your procurement or purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

9.    Your communications and relationship with AMD.

10.    Your communications and relationship with Intel.

11.    Your communications and relationship with any original equipment manufacture ("OEM") of computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

12.    Your communications and relationship with any distributors of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

13.    Your communications and relationship with any retailers of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.