# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-441 (JJF) |
| v. | ) ) | |
| INTEL CORPORATION and INTEL KABUSHIKI KAISHA, | ) ) ) | |
| Defendants. | ) ) | |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) | MDL Docket No. 05-1717 (JJF) |

## NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, on or before February18, 2008, pursuant to Rule 45 of the

Federal Rules of Civil Procedure, Defendants Intel Corporation and Intel Kabushiki Kaisha, by

their counsel, have issued a subpoena duces tecum with accompany schedule of document

requests (attached hereto as Exhibit 1), which has been or will be served, on the third party listed

below.

The subpoena commands the third party to produce documents and things, pursuant to

Rule 45, Fed. R. Civ. P., concerning the categories identified in Schedule A attached to the

subpoena.  The document production will take place within 30 days of service of the subpoena,

at the location listed below, or at such alternative dates, times, and/or locations as may be

mutually agreed upon by counsel.

The subpoenaed party is:

| **Name** | **Date/Location of Document Production** |
| --- | --- |
| The Portland Group, Inc.<br>c/o CT Corporation, Registered Agent<br>388 State Street, Suite 420<br>Salem, Oregon 97301 | March 24, 2008 @ 5:00 p.m.<br>CT Corporation<br>388 State Street, Suite 420<br>Salem, Oregon 97301 |

OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

Peter E. Moll
Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Dated: February 18, 2008

#849134/29282

POTTER ANDERSON & CORROON LLP


By: _/s/ W. Harding Drane, Jr._
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

Attorneys for Defendants
Intel Corporation and Intel Kabushiki Kaisha

# EXHIBIT 1

OAO88  (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

Advanced Micro Devices, Inc. and AMD
International Sales & Services, Ltd.

**SUBPOENA IN A CIVIL CASE**

v.

Intel Corporation and Intel Kabushiki Kaisha
and
In Re: Intel Corp. Microprocessor Antitrust
Litigation

Case Number:[1]    05-441-JJF; 05-1515-JJF
United States District Court,
District of Delaware

TO:    The Portland Group, Inc.
    c/o CT Corporation
    388 State Street, Suite 420
    Salem, Oregon  97301

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):
See Schedule A attached hereto

| PLACE<br>The Portland Group, Inc<br>c/o CT Corporation<br>338 State Street, Suite 420<br>Salem Oregan 97301 | DATE AND TIME<br>March 24, 2008@5:00 p.m. or at<br>such alternative dates, times<br>and/or locations as may be<br>mutually agreed upon |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>(# 3953)    Attorney for Defendants | DATE<br>February 18, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David E. Moore, Esquire, Potter Anderson & Corroon LLP, 1313 N. Market St., Wilmington, DE  19899 (302) 984-6147

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)    fails to allow reasonable time for compliance,
    (ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)  subjects a person to undue burden.

(B) If a subpoena

    (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)  requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any discovery request.

1.  The term **"AMD"** means Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd., and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd.

2.  The term **"INTEL"** means Intel Corporation and Intel Kabushiki Kaisha and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Intel Corporation and Intel Kabushiki Kaisha.

3.  The term **"REPRESENTATIVE"** means any employee, consultant, expert, attorney, contractor or other individual or entity engaged by the designated individual or entity to perform some task or assignment for the individual or entity.

4.  The term **"COMMUNICATION"** means the transmittal of information and encompasses every medium of information transmittal, including, but not limited to, oral, written, graphic and electronic communication.

5.  The term **"DOCUMENT"** is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy constitutes a separate document within the meaning of the term.

6.  The terms "relate to," "relating to," "related to," "refer to," "referring to" or "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing,

alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

7. **"YOU"** or **"YOUR"** means The Portland Group, Inc. and its predecessors, present and former divisions, subsidiaries, parents, branches and affiliates, authorized agents, employees, officers, directors, and representatives.

8. **"AMD-SPECIFIC MICROPROCESSOR DESIGN FEATURE"** means any feature of an AMD microprocessor that is not also available in an INTEL microprocessor.

9. **"INTEL-SPECIFIC MICROPROCESSOR DESIGN FEATURE"** means any feature of an **INTEL** microprocessor that is not also available in an **AMD** microprocessor.

10. Any term stated in the singular includes the plural and vice versa.

11. Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

### INSTRUCTIONS

12. Documents to be produced include documents in your possession, custody, or **CONTROL** wherever located.

1. Unless otherwise specifically stated herein, the time period covered by each of these requests is from January 1, 2005 to the date this subpoena was issued.

2. Documents must be produced as they are kept in the usual course of business, or must be organized and labeled to correspond to the document requests by number.

3. To the extent that you withhold from production any responsive document on the grounds of a claim of privilege or attorney work product, please provide the total number of

responsive documents withheld from production. You are not required to provide at the time of

production a privilege log or other description of the nature of any such documents. Intel

expressly reserves its right to seek a privilege log at a later date.

## DOCUMENT REQUESTS

1.    All **DOCUMENTS** relating to any difference in the performance or functionality

of any of **YOUR** products based on whether the product is used in conjunction with an **INTEL**

microprocessor or an **AMD** microprocessor, including, but not limited to, any reason for any

such difference.

2.    All **DOCUMENTS** relating to any difference in the level or quality of support in

any of **YOUR** products based on whether the product is used in conjunction with an **INTEL**

microprocessor or an **AMD** microprocessor, including, but not limited to, any reason for any

such difference.

3.    All **DOCUMENTS** relating to any difference in the level or quality of support in

any of **YOUR** products for any **AMD-SPECIFIC MICROPROCESSOR DESIGN**

**FEATURE** as compared to any **INTEL-SPECIFIC MICROPROCESSOR DESIGN**

**FEATURE,** including, but not limited to, any reason for any such difference.

4.    All **DOCUMENTS** relating to any difference in the number or quality of

optimizations or enhancements to any of **YOUR** products for any **AMD-SPECIFIC**

**MICROPROCESSOR DESIGN FEATURE** as compared to any **INTEL-SPECIFIC**

**MICROPROCESSOR DESIGN FEATURE,** including, but not limited to, any reason for any

such difference.

5.    All **DOCUMENTS** relating to any difference in the number or quality of

optimizations or enhancements to any of **YOUR** products based on whether the product is used

in conjunction with an **INTEL** microprocessor or an **AMD** microprocessor, including, but not limited to, any reason for any such difference.

6.    All **DOCUMENTS** relating to differences in the level of investment that YOU have made to develop, market, sell, support or implement products that invoke, implicate, take advantage of, employ, support or is optimized for any **AMD-SPECIFIC MICROPROCESSOR DESIGN FEATURE** as compared to any **INTEL-SPECIFIC MICROPROCESSOR DESIGN FEATURE**, including, but not limited to, any reason for any such difference.

7.    All **DOCUMENTS** relating to differences in the level of investment that YOU have made to develop, market, sell, support or implement products that are designed to function better or to produce superior benchmarking results when used in conjunction with an **AMD** microprocessor as opposed to an **INTEL** microprocessor, including, but not limited to, any reason for any such difference.

8.    All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** to design, develop, market, sell, support or implement any products that invoke, implicate, take advantage of, employ, support or is optimized for any **AMD-SPECIFIC MICROPROCESSOR DESIGN FEATURE**, including, but not limited to, any reason for any such agreement or understanding.

9.    All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** to develop, market, sell, support or implement any products that are designed to function better or to produce superior benchmarking results when used in conjunction with an **AMD** microprocessor as opposed to an **INTEL** microprocessor, including, but not limited to, any reason for any such agreement or understanding.

10.     All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** that in any way restricts, limits or prohibits **YOUR** ability to design, develop, market, sell, support or implement products that invoke, implicate, take advantage of, employ, support or is optimized for any **INTEL-SPECIFIC MICROPROCESSOR DESIGN FEATURE,** including, but not limited to, any reason for any such agreement or understanding.

11.     All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** that in any way restricts, limits or prohibits **YOUR** ability to design, develop, market, sell, support or implement products that are designed to function better or to produce superior benchmarking results when used in conjunction with an **INTEL** microprocessor or a microprocessor from a supplier other than **AMD**, including, but not limited to, any reason for any such agreement or understanding.

12.     All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** that in any way restricts, limits or prohibits **YOUR COMMUNICATIONS,** work or collaborations with **INTEL** or any microprocessor supplier other than **AMD**, including, but not limited to, any reason for any such agreement or understanding.

13.     All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** that in any way grants **AMD** any exclusive, superior or preferred right, vis-à-vis **INTEL** or any other microprocessor supplier, with respect to any aspect of the design, development, marketing, sales, or support of **YOUR** products, including but not limited to, any reason for any such agreement or understanding.

14.     All **DOCUMENTS** relating to or reflecting any decision by **YOU** to design, develop, market, sell, support or implement any products that invoke, implicate, take advantage

of, employ, support or is optimized for any **AMD-SPECIFIC MICROPROCESSOR DESIGN FEATURE**, including, but not limited to, any reason for any such decision.

15.    All **DOCUMENTS** relating to or reflecting any decision by **YOU** to develop, market, sell, support or implement any products that are designed to function better or to produce superior benchmarking results when used in conjunction with an **AMD** microprocessor as opposed to an **INTEL** microprocessor, including, but not limited to, any reason for any such decision.

16.    All **DOCUMENTS** relating to or reflecting any decision by **YOU** to not design, develop, market, sell, support or implement products that invoke, implicate, take advantage of, employ, support or is optimized for any **INTEL-SPECIFIC MICROPROCESSOR DESIGN FEATURE**, including, but not limited to, any reason for any such decision.

17.    All **DOCUMENTS** relating to or reflecting any decision by **YOU** to not develop, market, sell, support or implement products that are designed to function better or to produce superior benchmarking results when used in conjunction with an **INTEL** microprocessor as opposed to an **AMD** microprocessor, including, but not limited to, any reason for any such decision.

18.    All **DOCUMENTS** relating to **YOUR** and **AMD'S** cooperation to ensure that **YOUR** products are highly tuned for the new micro-architectures and features of **AMD'S** quad-core Opteron microprocessors.

19.    All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** for **YOU** to develop, market, sell, support or implement any compiler that is in any way optimized for any **AMD** microprocessor, including, but not limited to, any reason for any such agreement or understanding.

20.    All **DOCUMENTS** relating to or reflecting any agreement or understanding between **YOU** and **AMD** concerning compilers wherein **AMD** agreed to provide consideration, monetary or otherwise, to **YOU**, including, but not limited to, any reason for any such agreement or understanding.

21.    All **DOCUMENTS** sufficient to show the amount or level of consideration, monetary or otherwise, that **AMD** has provided or has agreed to provide to **YOU**.

22.    All **DOCUMENTS** relating to or reflecting any decision by **YOU** to design, develop, market, sell, support or implement any compiler that is in any way optimized for any **AMD** microprocessor, including, but not limited to, any reason for any such decision.

## CERTIFICATE OF SERVICE

I, W. Harding Drane, Jr., hereby certify that on February 18, 2008, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

### HAND DELIVERY:

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on February 18, 2008, I have sent the documents to the

following non-registered participants in the manner indicated:

### ELECTRONIC MAIL:

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
cdiamond@omm.com
lsmith@omm.com

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071
msamuels@omm.com

Salem M. Katsh
Laurin B. Grollman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway, 22nd Floor
New York, New York 10019
skatsh@kasowitz.com
lgrollman@kasowitz.com

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
1100 New York Avenue, N.W., Suite 500
Washington, D.C.  20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com


Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Michael P. Lehman
Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
One Embarcadero Center, Suite 526
San Francisco, CA  94111
mlehmann@cmht.com


OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 900071
(213) 229-7000

Peter E. Moll
Darren B. Bernhard
HOWREY LLP
1299 Pennsylvania Avenue
N.W. Washington, DC 20004
(202) 783-0800

Dated:  February  18, 2008

849050 / 29282

POTTER ANDERSON & CORROON LLP

By:  _/s/ W. Harding Drane, Jr._____
        Richard L. Horwitz (#2246)
        W. Harding Drane, Jr. (#1023)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P.O. Box 951
        Wilmington, DE 19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        wdrane@potteranderson.com

*Attorneys for Defendants*
*Intel Corporation and Intel Kabushiki Kaisha*