

LEXSEE 2005 US DIST LEXIS 23771

IN RE PLASTICS ADDITIVES ANTITRUST LITIGATION

CIVIL ACTION NO. 03-2038

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2005 U.S. Dist. LEXIS 23771

August 23, 2005, Decided
August 24, 2005, Filed

**SUBSEQUENT HISTORY:** Class certification granted by, Motion denied by *In re Plastics Additives Antitrust Litig.*, 2006 U.S. Dist. LEXIS 69105 (E.D. Pa., Aug. 31, 2006)

**PRIOR HISTORY:** *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989 (E.D. Pa., Nov. 29, 2004)

**DISPOSITION:** [*1] Moving defendants' motion to modify protective order granted in part and denied in part.

**COUNSEL:** For GITTO/GLOBAL CORPORATION, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff: EUGENE A. SPECTOR, SPECTOR, ROSEMAN & KODROFF, PHILADELPHIA, PA; GREGORY P. HANSEL, RANDALL B. WEILL, PORTLAND, ME; HILARY COHEN, JOSEPH C. KOHN, WILLIAM E. HOESE, CRAIG W. HILLWIG, KOHN SWIFT & GRAF PC, PHILADELPHIA, PA; ROBERT N. KAPLAN, KAPLAN FOX & KILSHEIMER LLP, NEW YORK, NY; ROBERTA D. LIEBENBERG, FINE, KAPLAN AND BLACK, PHILADELPHIA, PA.

For CRANE GROUP CO., CRANE PLASTICS COMPANY LLC, CRANE PLASTICS SIDING LLC, CRANE PRODUCTS LTD., EX-TECH PLASTICS, INC., TIMBER TECH LIMITED, CRANE PLASTICS MANUFACTURING LTD., Plaintiffs: STEVEN O. SIDENER, CHARLES ANDREW DIRKSEN, JOSEPH BARTON, GOLD BENNETT CERA & SIDENER LLP, SAN FRANCISCO, CA; JOSEPH C. KOHN, KOHN SWIFT & GRAF PC, PHILADELPHIA, PA.

For HERITAGE PLASTICS, INC., Plaintiff: CARL N. FRANKOVITCH, FRANKOVITCH ANETAKIS COLANTONIO & SIMON, WEIRTON, WV; DIANNE M. NAST, RODA & NAST, PC, LANCASTER, PA; STANLEY M. CHESLEY, WAITE, SCHNEIDER, BAYLESS AND CHESLEY CO., L.P.A., CINCINNATI, OH; JOSEPH C. KOHN, KOHN SWIFT & GRAF PC, PHILADELPHIA, [*2] PA.

For ISAAC INDUSTRIES, INC., Plaintiff: JOSEPH C. KOHN, KOHN SWIFT & GRAF PC, PHILADELPHIA, PA.

For NEW LINE COLOR INC., Plaintiff: CRAIG W. HILLWIG, JOSEPH C. KOHN, KOHN SWIFT & GRAF PC, PHILADELPHIA, PA.

For ROHM & HAAS COMPANY, Defendant: PETER BRESLAUER, LATHROP B. NELSON, III, STEPHEN W. ARMSTRONG, MONTGOMERY MCCRACKEN WALKER AND RHOADS, L.L.P., PHILADELPHIA, PA.

For FERRO CORPORATION, Defendant: AMY L. CADLE, J. PHILIP CALABRESE, SQUIRE SANDERS & DEMPSEY LLP, CLEVELAND, OH; BRIAN E. ROOF, GREGORY R. FARKAS, JAMES N. NIEHAUS, M. NEAL RAINS, FRANTZ WARD LLP, CLEVELAND, OH; DANIEL L. BROCKETT, PAUL BRADFORD OCKENE, SQUIRE, SANDER AND DEMPSEY, CLEVELAND, OH; FRANCIS P. DEVINE, III, MARIA FEELEY, PEPPER HAMILTON LLP, PHILADELPHIA, PA.

For MITSUBISHI RAYON AMERICA, INC., Defendant: AMY C. GROSS, ANDREW BEHRMAN, DAVID G. KEYKO, FREDERICK A. BRODIE, PILLSBURY WINTHROP LLP, NEW YORK, NY;

CATHERINE N. WALTO, RAWLE & HENDERSON LLP, PHILADELPHIA, PA.

For KREHA CORPORATION OF AMERICA, Defendant: J. MANLY PARKS, WAYNE A. MACK, DUANE MORRIS LLP, PHILADELPHIA, PA; JEREMY J. CALSYN, MARK LEDDY, CLEARY, GOTTLIEB, STEEN & HAMILTON, LLP, WASHINGTON, DC.

For [*3] AKZO NOBEL, INC., Defendant: JAMES R. EISZNER, SHOOK HARDY & BACON LLP, KANSAS CITY, MO; JOSEPH M. REBEIN, LAURIE A. NOVION, SHOOK HARDY & BACON, KANSAS CITY, MO; NANCY J. GELLMAN, CONRAD O'BRIEN GELLMAN & ROHN PC, PHILA, PA.

For AKCROS CHEMICALS AMERICA, Defendant: JAMES R. EISZNER, SHOOK HARDY & BACON LLP, KANSAS CITY, MO; NANCY J. GELLMAN, CONRAD O'BRIEN GELLMAN & ROHN PC, PHILA, PA.

For BAERLOCHER USA, L.L.C., Defendant: ALAN KANZER, TORSTEN M. KRACHT, ALSTON & BIRD LLP, NEW YORK, NY; ANDRE L. DENNIS, STRADLEY, RONON, STEVENS & YOUNG LLP, PHILADELPHIA, PA.

For ARKEMA INC., formerly known as ATOFINA CHEMICALS, INC. formerly known as ELF ATOCHEM NORTH AMERICA, INC., Defendant: HOWARD D. SCHER, STEVEN E. BIZAR, BUCHANAN INGERSOLL, P.C., PHILADELPHIA, PA.

For KANEKA TEXAS CORPORATION, Defendant: JAMES J. RODGERS, DILWORTH PAXSON L.L.P., PHILADELPHIA, PA; WILLIAM H. ROBERTS, BLANK ROME COMISKY & McCAULEY LLP, PHILADELPHIA, PA.

For THE DOW CHEMICAL COMPANY, Defendant: AMANDA C. BASTA, PATRICK M. BRYAN, WASHINGTON, DC; TEFFT W. SMITH, THOMAS J. LANG, KIRKLAND & ELLIS LLP, WASHINGTON, DC; JAMES J. RODGERS, DILWORTH PAXSON L.L.P., PHILADELPHIA, PA.

For UNION [*4] CARBIDE CORPORATION, Defendant: NATHAN P. EIMER, EIMER STAHL KLEVORN & SOLBERG LLP, CHICAGO, IL; JAMES J. RODGERS, DILWORTH PAXSON L.L.P., PHILADELPHIA, PA.

For UNITED STATES, Movant: NATHANAEL M. COUSINS, U.S. DEPARTMENT OF JUSTICE, SAN FRANCISCO, CA.

For CROMPTON CORPORATION, Movant: THOMAS J. MCGARRIGLE, PHILADELPHIA, PA.

JUDGES: Legrome D. Davis, J.

OPINION BY: Legrome D. Davis

OPINION

*MEMORANDUM OPINION*

J. Davis

Presently before the Court are the Motion to Amend the Stipulated Protective Order (Doc. No. 200), filed by Defendant The Dow Chemical Company ("TDDC"), Defendant Union Carbide Corporation ("UCC"), and Defendant Kaneka Texas Corporation ("KTC") (collectively "moving defendants"); Crompton Corporation's ("Crompton") Memorandum of Law in Opposition (Doc. No. 214); and moving defendants Reply Brief thereto (Doc. No. 218).

For the following reasons, it is hereby ORDERED that moving defendants' motion (Doc. No. 200) is GRANTED in part and DENIED in part.

**I. Background**

On October 4, 2004, the Court approved a stipulated protective order (the "protective order") to govern the production of confidential business materials in this consolidated litigation. [*5] (*See* Stipulated Protective Order, Doc. No. 94). Crompton participated in the negotiation of the protective order and eventually signed the order, prior to settling with class plaintiffs. (*See* Stipulated Protective Order, at 18; *see* January 7, 2004 Rule 54(b) Final Judgment Order approving Crompton Settlement, Doc. No. 110). On April 18, 2005, plaintiffs filed a second consolidated amended complaint, adding moving defendants as parties. (*See* Second Consolidated Amended Complaint, Doc. No. 148).

Paragraph 5 of the protective order limits the dissemination of highly confidential business information to certain members of a party's litigation team. Paragraph 5(a) reads as follows:

> 5. *Disclosure of Highly Confidential Information.* Except as provided in Paragraph 5.1 below, access to information designed "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limited to:

(a) Counsel of record (including members and associates of such counsel's firm) for the parties, as well as their paralegal, investigative, technical, secretarial and clerical personnel who are engaged in assisting them in this litigation. For purposes of this Paragraph 5(a), "counsel of record" [*6] shall not include in-house counsel for any party, except that any party may request permission from the designating party to disclose Highly Confidential Information to members of the in-house legal department engaged only in providing legal advice to their employer and who do not take part in decisions of a business or competitive nature relating to the pricing, marketing or other business strategies of their employer with regard to products covered by this litigation ("In-House Litigation Counsel"), which permission shall not be unreasonably withheld;

(*See* Stipulated Protective Order, at P5(a)). Within the meaning of the stipulated protective order, "Highly Confidential Information" consists of all documents and information that contain or are derived from trade secrets or other confidential research that a party believes to be of such a highly sensitive nature, such as documents containing product formulation and business plans, that disclosure of such information may result in substantial competitive harm to the producing party. (*Id.*, at P1(b)).

Moving defendants' proposed modification to Paragraph 5(a) of the protective order would implement three major changes. [*7] ¹ First, the proposed modification removes the "permission" requirement of the protective order, thereby eliminating the designating party's "veto power" over which members of a competitor's in-house legal department can see highly confidential materials. Second, the proposed modification dilutes the qualifications that in-house counsel must meet to access such materials, permitting all in-house counsel who do not participate in pricing or marketing decisions with regard to plastics additives to automatically view highly confidential materials; thus, the proposed modification permits disclosure to in-house counsel who, although not involved in pricing or marketing judgments, may direct a party's strategic business decisions associated with plastics additives (i.e., product design, production, and development, contract structuring, and other competitive decisions). Third, the proposed modification permits new entities, not previously covered, to view documents; automatic disclosure now applies to all "members of the legal department," including paralegal, investigative, technical, secretarial, and clerical personnel, and to the members of the legal department of a "party's parent or [*8] closely affiliated company" actively involved in providing legal advice to the named party.

1   Defendants' proposed modification permits access to "Highly Confidential" information for:

Counsel (including members and associates of such counsel's firm) for a party, as well as counsel's paralegal, investigative, technical, secretarial and clerical personnel who are engaged in assisting counsel in this litigation; however, members of the legal department of a party or of a party's parent or closely-affiliated company actively involved in providing legal advice to the party with regard to the prosecution or defense of this action, and who do not participate in pricing or marketing decisions of the party or of the party's parent or closely-affiliated company with regard to products covered by the litigation ("Legal Department Members"), as well as the paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting the Legal Department Members in this litigation, shall have access so long as the Legal Department Members have executed the Confidentiality Agreement as provided in Paragraph 6.

(*See* Proposed Order, attached to Def. Mot.)

[*9] **II. Standard**

It is well-established that a "district court retains the power to modify or lift confidentiality orders that it has entered." *Merit Industries, Inc. v. Feuer, 201 F.R.D. 382, 384 (E.D. Pa. 2001)*. This requires a two-part analysis. First, the party seeking to modify the order must present a reason for the proposed modification. *See, e.g., Pansy v. Borough of Stroudsburg, 23 F.3d 772, 790-791 (3d Cir. 1994)*. Second, a court must balance all relevant public and private interests to determine whether a moving party has demonstrated "good cause" to make the proposed changes. *Id.; Biovail Corp. Int'l v. Hoechst Aktiengesellschaft, 1999 U.S. Dist. LEXIS 21621, 1999 WL 33454801, at *6 (D.N.J. Nov. 12, 1999)* (party seek-

ing modification of protective order has burden of showing "good cause"). The Third Circuit has identified a non-exhaustive list of factors that a court may consider in determining whether "good cause" exists: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate or improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether [*10] confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order or confidentiality is a public entity or official; (7) whether the case involves issues important to the public; and (8) reliance by the original parties on the confidentiality order. *See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995); Pansy, 23 F.3d at 788-89.*

### III. Application

Moving defendants base their motion on the need to streamline the accessibility of highly confidential information for members of a party's in-house legal department, so that moving defendants' legal team, consisting both of in-house and of outside counsel, will be able to fashion an effective, well-informed defense to plaintiffs' price-fixing allegations. (*See* Def. Br., at 3-5; Reply Br., at 2-5). Moving defendants further emphasize that a modification guaranteeing expedited access to such documents is particularly necessary because moving defendants were only recently added as defendants in this action on April 18, 2005, and [*11] because they never had an opportunity to participate in the negotiation of the original protective order (*Id.*).

Balancing all relevant factors, this Court finds that good cause exists to modify the protective order to permit the automatic dissemination of highly confidential business materials to in-house counsel, as well as their legal assistants, who: (i) are engaged only in provided legal advice to their employer; and (ii) do not take part in decisions of a business or competitive nature relating to the pricing, marketing, or other business strategies of their employer with regard to plastics additives ("qualifying in-house counsel"). First, this modification eliminates the requirement of seeking permission prior to disclosure of highly confidential materials to qualifying in-house counsel, thereby streamlining the document discovery process, avoiding prolonged negotiations and disputes over requests for certain members of a legal department to access certain documents, [2] and ensuring that key corporate legal advisers have a full understanding of relevant evidence to advise their clients. [3] *See Pansy, 23 F.3d at 787* (directing court to determine whether modification [*12] of protective order sought for improper or legitimate purpose); *United States v. Sungard Data Systems, Inc., 173 F. Supp. 2d 20, 21 (D.D.C. 2001)* (granting in-house counsel access to confidential business documents in anti-trust litigation because it "would be extremely difficult, if not impossible, for the defendants' outside counsel to prepare this case for trial without the assistance of in-house counsel"). Second, by maintaining the prerequisites for an in-house attorney to qualify for access to such documents and by requiring in-house counsel to sign the Confidentiality Agreement attached to the protective order, this modification allays Crompton's fears of a loss in marketplace power by ensuring that highly sensitive information, including trade secrets, will not be viewed and then used, however inadvertently, by in-house counsel who direct a competitor's strategic decision-making concerning plastics additives. [4] *See, e.g., Carpenter Tech. Corp. v. Armco, Inc., 132 F.R.D. 24, 27 (E.D. Pa. 1990)* (noting that denial of access to confidential and proprietary information should not hinge upon label of in-house or outside counsel, but upon individual [*13] counsel's involvement in party's competitive decision-making; permitting document access in contract dispute over intellectual property to in-house counsel with no involvement in litigant's pricing, marketing, design, or development decision-making). Third, because the protective order requires a designating party to reasonably grant permission for qualifying in-house counsel to see highly confidential information, and because Crompton admits that it has freely given permission to such persons, the Court fails to see the prejudice to Crompton in granting such a modification. (*See* Stipulated Protective Order, at P5(a); Cr. Br., at 3).

2   Such disputes seem to have already taken place. For instance, moving defendants provide affidavit testimony from David Keyko, outside counsel for Defendant Mitsubishi Rayon America, Inc., averring that, on the only occasion that defendants requested permission from Crompton for qualifying in-house counsel to access highly confidential information, in the form of Plaintiffs' April 28, 2004 Supplemental Interrogatory Responses, Crompton withheld such permission in order to leverage defendants into an unrelated discovery disadvantage--agreeing not to depose Crompton's in-house or outside counsel concerning information provided on behalf of Crompton to the plaintiffs and the United States Department of Justice. (*See* Declaration of David Keyko, at PP2-3, attached as Ex. F to Def. Reply Br.). When all defendants were not willing to agree to such a condition, Crompton permanently withheld permission for defendants' qualifying in-house counsel to review Plaintiff's April 28, 2004 Supplemental Interrogatory Responses. (*Id.*).

[*14]

Case 1:05-md-01717-JJF   Document 770-4   Filed 02/29/2008   Page 6 of 7

Page 5
2005 U.S. Dist. LEXIS 23771, *

3   Moving defendants provide affidavit testimony from Lynn Looby, an in-house attorney for TDCC, who is managing the litigation on behalf of TDCC and its wholly owned subsidiary, UCC, that she has been unable to make informed decisions regarding the defense of this case due to her inability to view documents, designated highly confidential, that contain facts allegedly supporting plaintiffs' allegations against TDCC and UCC. (*See* Looby Declaration, at PP3-4).

4   The Court notes that moving defendants, in their reply brief, agree to maintain the prerequisites for in-house counsel to qualify for access to highly confidential information; specifically, moving defendants agree to extend "the prohibition on access to in-house counsel involved in 'business strategies' with regard to the products in this litigation." (*See* Reply Br., at 6 n.7).

However, this Court denies defendant's proposed modification in all other respects. This Court will not permit the disclosure of highly confidential information to the in-house legal department of a non-party to the litigation, potentially a competitor [*15] to the party designating and producing the information, even if that legal department provides legal advice to a party in this litigation. [5] Nor will this Court permit the disclosure of confidential information to in-house counsel who are actively involved in strategic business decisions involving plastics additives. These adjustments carry the potential for abuse through the unauthorized dissemination of sensitive business materials to competitors. *See, e.g., Pulsecard, Inc. v. Discover Card Servs., 1995 U.S. Dist. LEXIS 13111, 1995 WL 526533, at *9 (D. Kan. Aug. 31, 1995)* (finding restrictive protective order preferable to "risking the loss of confidentiality" of highly sensitive information to competitor). Furthermore, this Court agrees that expanding the number of entities who may not just view, but automatically view, highly confidential information containing trade secrets would prejudice Crompton, which relied in part on protections inscribed within the protective order in deciding to settle with class plaintiffs. *See, e.g., Pansy, 23 F.3d at 790* (finding reliance by original parties major factor weighing against modification of protective order and noting reliance [*16] is greater when trade secret is involved and when protective order induces party to settle case); *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, L.L.C., 2002 U.S. Dist. LEXIS 11389, 2002 WL 32349383, at *4 (E.D. Pa. Feb. 6, 2002)* (denying motion to modify protective order in part because interests of fairness and efficiency require deference to "parties' reliance on the protective order which has been in place since March of last year"). The protective order has been in place since October 4, 2004, and, although plaintiffs have not objected to the proposed change, to alter in a significant fashion the parties who can view highly confidential information would disrupt the settled expectations of Crompton, a signatory to the stipulated protective order, and would deter future litigants from utilizing such a pragmatic discovery tool. [6] *See, e.g., SRS Techs., Inc. v. Physitron, Inc., 216 F.R.D. 525, 530 (N.D. Ala. 2003)* (adopting Third Circuit test and denying motion to modify protective order because order provided "lubricating effect" on discovery proceedings and because modification would discourage parties from disclosing confidential documents for fear of forced disclosure later); [*17] 8 Wright, Miller, and Marcus, Federal Practice & Procedure § 2044.1, at 582-583 (2nd ed. 1994) (reasonable reliance constitutes paramount concern because "protective orders that cannot be relied upon will not foster cooperation through discovery").

5   Although moving defendants make the argument that in-house counsel for a party's parent or affiliated company require access to highly confidential materials because several defendants do not have in-house counsel and must rely upon the legal department of a parent or closely-affiliated company to formulate legal strategy, moving defendants do not claim that they fall into such a category. (*See* Def. Reply Br., at 4). Nor do moving defendants identify those defendants who lack in-house counsel, let alone demonstrate, through affidavit testimony, why defendants who lack in-house counsel would be prejudiced by relying upon the management and legal advice of presumably competent outside counsel. Finally, defendants fail to provide an example of an in-house attorney for a parent corporation, not otherwise a party to the litigation, who is in charge of directing the legal decision-making of a subsidiary/defendant and who would be prejudiced by the prohibition against access for in-house counsel of a non-party parent corporation or closely-affiliated company.

[*18]

6   In contrast to moving defendants' suggestions otherwise, the existence of the modification clause in Paragraph 16 of the protective order does not undermine the reasonableness of Crompton's reliance upon the continued existence of the order's original protections; but, instead, merely codifies the parties' right to seek modification of the protective order from the Court, as moving defendants have done in this instance. Otherwise, the mere existence of a right to seek judicial modification a protective order would defeat reliance, thereby rendering nugatory the Third Circuit's command in *Pansy* to consider re-

liance by the original parties in the modification calculus.

### IV. Conclusion

For the preceding reasons, this Court grants in part and denies in part moving defendants' motion to modify the protective order. An appropriate Order follows.

***ORDER***

AND NOW, this 23D day of August 2005, upon consideration of the Motion to Amend the Stipulated Protective Order (Doc. No. 200), filed by Defendant Dow Chemical Company, Defendant Union Carbide Corporation, and Defendant Kaneka [*19] Texas Corporation (collectively "moving defendants"), and Crompton Corporation's ("Crompton") Memorandum of Law in Opposition to Defendants' Motion (Doc. No. 214), it is hereby ORDERED as follows:

1. Moving defendants' Motion is GRANTED to the extent that moving defendants seek to streamline the process by which qualifying in-house counsel may view documents marked highly confidential.

2. Moving defendants' Motion is DENIED in all other respects.

3. Paragraph 5(a) of the Stipulated Protective Order is hereby amended as follows:

> 5. *Disclosure of Highly Confidential Information.* Except as provided in Paragraph 5.1 below, access to information designated "Highly Confidential" pursuant to this Order shall be limited to:
>
>> (a) Counsel of record (including members and associates of such counsel's firm) for the parties as well as their paralegal, investigative, technical, secretarial and clerical personnel who are engaged in assisting them in this litigation ("legal assistants"). For purposes of this Paragraph 5(a), "counsel of record" shall also include members of the in-house legal department of a party, including their legal assistants, who are engaged [*20] only in providing legal advice to their employer and who do not take part in decisions of a business or competitive nature relating to pricing, marketing or other business strategies of their employer with regard to products covered by this litigation ("Qualifying In-House Litigation Counsel"). Qualifying In-House Litigation Counsel shall execute the Confidentiality Agreement, attached as Exhibit A to this Protective Order, prior to receiving access to "Highly Confidential" information. All other members of the in-house legal department of a party do not qualify as "counsel of record" for purposes of this Paragraph 5(a).

BY THE COURT:

Legrome D. Davis, J.

***ORDER***

AND NOW, this 23D day of August 2005, following consideration of Defendant Dow Chemical Company, Defendant Union Carbide Corporation, and Defendant Kaneka Texas Corporation's Motion for Leave to File a Reply Brief in Support of their Motion to Amend the Stipulated Protective Order (Doc. No. 218), it is hereby ORDERED that Defendants' Motion (Doc. No. 218) is GRANTED. The Clerk of Court is directed to file Defendants' Reply Brief, attached as Ex. 2 to Defendants' Motion, with the Court.

BY THE COURT:

Legrome [*21] D. Davis, J.