IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORP.<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, *on behalf of himself<br>and all others similarly situated,*<br><br>    Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>    Defendants. | Civil Action No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, on or before May 1, 2008 pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs, by their counsel, issued the attached subpoena duces tecum with accompanying schedule of document requests, which has been or will be served on the third party listed below.

The subpoena commands the third party to produce documents and things, pursuant to Rule 45, Fed. R. Civ. P., concerning the categories identified in Schedule A attached to the subpoena. The document production will take place on June 6, 2008, at the location listed below, or at such alternative dates, times, and/or locations as may be mutually agreed upon by counsel.

65514

The subpoenaed party is:

| NAME: | DATE/LOCATION OF DOCUMENT PRODUCTION: |
|---|---|
| Flextronics<br>4046 Clipper Court<br>Fremont, CA 94538 | June 6, 2008<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>1 South Broad Street<br>Suite 1850<br>Philadelphia, PA 19107 |

PRICKETT, JONES & ELLIOTT, P.A.

Dated: May 2, 2008

*/s/ Laina M. Herbert*
James L. Holzman (DE Bar #660)
J. Clayton Athey (DE Bar #4378)
Laina M. Herbert (DE Bar #4717)
Melissa N. Donimirski (DE Bar # 4701)
1310 King Street, Box 1328
Wilmington, DE 19899
Telephone: (302) 888-6500
Facsimile: (302) 658-8111
jlholzman@prickett.com
jcathey@prickett.com
lmherbert@prickett.com
mndonimirski@prickett.com

*Interim Liaison Counsel for Plaintiffs*

Of Counsel:

Michael D. Hausfeld
Daniel A. Small
Michael P. Lehmann
Brent W. Landau
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

65514

Thomas P. Dove
Alex C. Turan
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 433-2070
Facsimile: (415) 982-2076

Steven W. Berman
Anthony Shapiro
Erin K. Flory
Steve W. Fimmel
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Guido Saveri
R. Alexander Saveri
Lisa Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Co-Lead Counsel for the Class Plaintiffs*

65514

A 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST LITIGATION | **SUBPOENA IN A CIVIL CASE**<br>CASE NUMBER: MDL 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br>v.<br>INTEL CORPORATION | CA No. 05-485 -JJF<br>Consolidated Action<br>United States District Court,<br>District of Delaware |

TO:  Flextronics
     4046 Clipper Court
     Fremont, CA 94538

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):  SEE Attached Schedule A

| PLACE<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>One Embarcadero Center<br>Suite 2440<br>San Francisco, CA 94111 | DATE AND TIME<br>6/6/2008 at 9:30 AM CST |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* | DATE<br>5/1/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Vincent J. Esades
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
(612) 338-4605

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

65499

A 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (I) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend a trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected materials and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specified events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance and production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

65499

## Schedule A

Definitions

1. For purposes of this document request, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data-files including email, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000.

2. With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage (*e.g.*, servers, storage area networks, hard drives backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

3. For purposes of this document request, "MICROPROCESSORS" means general purpose microprocessors using the x86 instruction set (*e.g.*, Sempron, Athlon, Turion, Operton, Celeron, Pentium, Core, Core Duo and Xeon).

4. For purposes of this document request, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on nay other INTEL product), Intel Inside funds, E-Cap funds (exceptions to corporate approved pricing), Market Development Funds ("MDF"), "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

5. For purposes of this document request, "COMPANY" refers to Apple Computer, Inc. and any of its controlled present or former subsidiaries, parents, and predecessor or successor companies.

6. "INTEL" refers to Intel Corporation, Intel Kabushiki Kaisha, and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

7. "AMD" refers to Advanced Micro Devices, Inc. AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

8. "SKU" means stock keeping unit.

9. "COGS" means cost of goods sold.

10. "VAR" means value added reseller.

11. For purposes of this request, "COMPUTER SYSTEM" means any product that utilizes a MICROPROCESSOR including, without limitation, desktop computers, notebook computers and workstations.

65538

Instructions

1. The time period, unless otherwise specified, covered by each request set fort below is from January 1, 2000 up to and including the present.

2. In responding to each request set forth below, please set forth each request in full before each response.

3. If any DOCUMENT covered by these requests is withheld by reason of a claim of privilege, please furnish a list at the time the DOCUMENTS are produced identifying any such DOCUMENT for which the privilege is claimed, together with the following information with respect to any such DOCUMENT withheld: author; recipient; sender; indicated or blind copies; date; general subject matter; basis upon which privilege is claimed; and the paragraph of these requests to which such DOCUMENT relates.

4. If your COMPANY objects to a request in part, please state specifically which part of the request your COMPANY objects to and produce all DOCUMENTS responsive to all other parts of the request.

5. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

6. Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact and in an appropriate and useable manner (*e.g.*, by copying such data onto a USB 2.0 external hard drive). Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

7. In connection with your production of DOCUMENTS, please produce any relevant data dictionaries, data transactions, lookup tables, and/or any other documentation designed to facilitate use of the data contained within the DOCUMENTS produced.

8. Please organize electronic DOCUMENTS produced for inspection in the same manner that the COMPANY stores them (*e.g.*, if maintained by a custodian, such as email residing on a email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

9. To the extent responsive DOCUMENTS reside on a database and other such systems and files, your COMPANY shall either produce the relevant database in useable form and/or shall permit access for inspection, review, and extraction of responsive information.

65538

10. At your COMPANY's election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (*e.g.*, by copying such data onto a USB 2.0 external hard drive).

## DOCUMENT REQUESTS

1. DOCUMENTS sufficient to identify the (1) product type; (2) brand; (3) model; (4) components (*e.g.*, CPU, hard drive, memory); and (5) SKUs of x86 COMPUTER SYSTEMS that you sell.

2. DOCUMENTS sufficient to show:

   a. Historical purchases by transaction and type of processor (broken down by units, brand and SKU number); associated prices paid; and all related governing contract(s), for all MICROPROCESSORS purchased from INTEL and AMD since January 1, 2000.

   b. The amount of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, Market Development Funds, "meeting competition" payments, or any advertising or pricing support provided to your COMPANY in connection with its purchase of MICROPROCESSORS since January 1, 2000 broken down by brand, unit and SKU.

   c. The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

3. DOCUMENTS sufficient to show:

   a. Sales transactions (and/or leases) of COMPUTER SYSTEMS that your COMPANY has made that detail (i) the date of the sale or lease (ii) the SKU sold or leased; (iii) the COMPUTER SYSTEM specification (including the type of MICROPROCESSOR, type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer); (iv) the number of units of each SKU sold or leased; (v) the price of each SKU sold or leased; (vi) the net amount paid (i.e. revenues) for each sale or lease; (vii) the amount of any payment, rebate or discount; (viii) the COGS associated with each SKU sold or leased; (ix) the name and address of the customer to whom the sale or lease was made; (x) the ship to zip code of the customer or the zip code of the store location that made the sale or lease; (xi) the type of customer, e.g., retailer, VAR, end-user.

4. DOCUMENTS sufficient to show:

   a. Revenue, costs of goods sold, and operating expenses broken down by (i) product line; (ii) SKU number; and (iii) month or quarter since January 1, 2000.

65538