# APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )<br>)<br>)<br>)<br>) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware Corporation, and AMD<br>INTERNATIONAL SALES & SERVICES,<br>LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware<br>Corporation, and INTEL KABUSHIKI<br>KAISHA, a Japanese corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and<br>all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED |

### *IN CAMERA* REVIEW PROCESS AND DISCUSSIONS NOT RELEVANT TO PARAGRAPH 8 SUMMARIES[1]

On January 18, 2008, Intel began to submit to the Special Master – on a rolling basis, two types of materials for *in camera* review:

---

[1] The Special Master acknowledges the invaluable assistance of Elizabeth A. Sloan (née Oestreich) in the conduct of the *in camera* review. Ms. Sloan's participation was a critically important part of the efficiency of the process.

- 1 -

- background information regarding the interviews, *e.g.*, scripts and templates used for the interviews and meeting/interview notes; and
- notes prepared by Weil attorneys for the custodian interviews.

In its submission, Intel provided its proposed redactions by:

- Highlighting in yellow what Intel considered to be core work-product as that term is understood in the accompanying Special Master's Report and Recommendations.
- Highlighting in pink information/materials that Intel considered to be irrelevant.

Intel, consistent with its position taken in the matter *sub judice*, asserted the attorney-client privilege and work-product protection with respect to all interview notes/summaries, even though it did not highlight every piece of information submitted to the Special Master.

The Special Master's decisions with respect to Intel's proposed redactions were identified on the materials as follows:

- Core work-product – not to be disclosed – highlighted in green.
- Information/materials not relevant to Paragraph 8 Summaries – not to be produced – highlighted in pink.
- All remaining unhighlighted materials to be produced.

The Special Master concluded that the following information/materials are core work-product and should not be produced:

- The "Summary" of whether the custodian was either compliant or non-compliant or whether the custodian was or was not considered to be a problem. In this regard the Special Master also ruled that, even though a Compliance Code chart prepared by Intel and filed in conjunction with AMD's Response to Intel's Proposed Remediation Plan (D.I. 425, Ex. D) referenced the Weil attorney's conclusion of compliant/non-compliant, the Paragraph 8 Summaries required no such disclosure.
- Any advice the Weil attorney gave to the custodian.
- Any conclusion of the Weil attorney as to whether e-mail was lost, may have been captured on another server or location or whether the attorney thought some e-mail may have been lost.
- Any indication by the Weil attorney that something was important, *e.g.* anything that an attorney had marked as "important note" or had marked in any fashion with *e.g.* a star/asterisk.
- Any conclusion by a Weil attorney that a follow-up interview was necessary.

- 2 -

- Any communication between the Weil attorney and any custodian about the meaning/clarity of the litigation hold notice not otherwise disclosed in a custodian's Paragraph 8 Summary.

The Special Master concluded the following information/materials are not relevant to the Paragraph 8 Summaries and should not be produced:

- All employment information, *i.e.* job title, responsibilities and products that the custodian was involved with unless it was otherwise disclosed in the Paragraph 8 Summaries.
- All contact information and how the custodian wished to be contacted if a follow-up interview was necessary.
- The Weil attorney's contact information.
- Information relating to a different custodian mixed in with the custodian being reviewed, where that information was otherwise provided.

On February 8, 2008, the Special Master had a teleconference with all parties, where the Special Master informed the parties that the *in camera* review was substantially completed except for a few outstanding questions that should be discussed with Intel. (D.I. 525). The parties agreed that the Special Master would conduct *ex parte*, on the record hearings with Intel counsel to address the outstanding questions regarding the proposed redactions. The parties further agreed that any of the teleconferences should be docketed but only made available to Intel. During this teleconference, Intel also advised that additional material was being prepared for *in camera* review.

On February 12, 2008, Intel submitted additional materials for *in carmera* review. Intel, by letter of the same date, advised that Special Master, and by copy to the Plaintiffs, that it would not be producing "materials that would be derivative of the underlying factual information learned by Weil attorneys during the interviews." (D.I. 527 at 1).

By correspondence to the Special Master dated February 13, 2008, AMD asserted that the derivative materials should be produced for the review. (D.I. 528). AMD argued that these derivative materials probably contained "new facts that the attorney remembered when

- 3 -

reviewing his or her contemporaneous shorthand notes." (D.I. 528 at 2). The Special Master addressed this matter during a teleconference held on February 26, 2008. (D.I. 543). Rather than requesting an *in camera* review of these materials, the Plaintiffs agreed to accept a declaration from Intel. On February 27, 2008 Intel provided a letter from Richard Horwitz asserting that "the derivative materials did not contain any factual information learned at the Weil interviews that was not already contained in the notes and materials for *in camera* review." (D.I. 544). Neither AMD nor the Class Plaintiffs have made any further applications in this regard.

On February 13, 2008, the Special Master held an *ex parte* on the record hearing with Intel in order to answer the questions regarding the provided materials that arose during the *in camera* review. (D.I. 529). On February 15, 2008, the Special Master held a brief, *ex parte*, on the record hearing with Intel regarding the time frame within which Intel will respond to the question raised at the February 13, 2008 teleconference. (D.I. 536). On March 7, 2008 the Special Master issued an Order with respect to the same. (D.I. 570).

On February 26, 2008, the parties participated in a teleconference to discuss the process of any production ordered by the Special Master subsequent to the issuance of Findings and Recommendations by the Special Master. (D.I. 542).

On February 27, 2008, the Special Master received an *ex parte* letter from Intel outlining Intel's responses to questions posed by the Special Master at the *ex parte* teleconference on February 13, 2008. (D.I. 544).

On March 7, 2008, the Special Master issued an Order Regarding the Procedures Related to Redacted Documents. (D.I. 570).

On March 11, 2008, the Special Master convened an *ex parte*, on the record hearing to discuss two questions regarding Intel's proposed redactions. (D.I. 580). On March 14, 2008, the Special Master issued an *ex parte* ordered docketed, for Intel eyes only, on these two outstanding issues. (D.I. 581).

On March 25, 2008, pursuant to the March 7, 2008 Order, the Special Master held an *ex parte*, on the record, in-person hearing with Intel's counsel to make clarifications regarding the Special Master's redactions. (D.I. 598).

On April 7, 2008, Intel submitted, *ex parte*, to the Special Master a list of further redactions in chart form that were either missed or were additional proposed redactions.

On April 15, 2008, the Special Master issued a Letter Order to all parties stating that the redactions were almost complete, but that a few matters needed to be discussed with Intel in an *ex parte*, on the record hearing. (D.I. 612). The Special Master also Ordered that Intel's redactions were to be completed by April 30, 2008. (D.I. 612).

On April 17, 2008, the Special Maser and Intel's counsel participated in an *ex parte*, on the record hearing, where the Special Master made rulings with respect to some proposed redactions and asked for clarification on some issues. (D.I. 616). By correspondence dated April 28, 2008, submitted *in camera*, Intel advised the Special Master regarding issues raised during the April 17, 2008 conference. (D.I. 619). Attached to this correspondence were additional materials representing bates numbers that the Special Master had identified during the April 17, 2008 teleconference as missing. (D.I. 619).

Also, in conjunction with its April 28, 2008 correspondence, Intel submitted for *in camera* review some additional missing pages, as referenced above. On this date, Intel also submitted an *in camera* declaration addressing several outstanding issues posed by the Special

Master with respect to certain information contained in the Weil summaries. (February 13, 2008 Tr. 17-21; April 17, 2008 Tr. 8-11).

On May 7, 2008, counsel for Intel left a message for the Special Master advising that Intel had questions about some proposed redactions. As the Special Master intended to address outstanding questions raised in correspondence with Intel dated April 17, 2008, a teleconference was scheduled for May 8, 2008 at 11:30. During the teleconference, Intel raised a few proposed redactions that seemed inconsistent. The Special Master directed that Intel submit these questions *in camera* not later than May 23, 2008. Then, the Special Master posed questions left unanswered by the April 17, 2008 letter to Intel. Intel stated that these unanswered questions would be addressed in its May 23, 2008 *in camera* submittal.

Because the Special Master concludes that information sought to be protected in light of the declaration should be produced, the declaration and the Special Master's rulings shall remain under seal. The declaration and the Special Master's ruling with respect to same will be released when the Special Master's Findings and Recommendations become final, or as otherwise ordered by the Court.

ENTERED THIS ____ DAY OF May, 2008

_____
Vincent J. Poppiti (Del Bar ID No. 100614)
Special Master