IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Civil Action No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**[PROPOSED] ORDER GRANTING CLASS CERTIFICATION**

  AND NOW, this ___ day of _____, 2008, upon consideration of Class Plaintiffs' Motion for Class Certification, Intel Corporation's Opposition thereto, and Class Plaintiffs' Reply, the Court finds as follows:

  1. The proposed class is so numerous that joinder of all members is impracticable.

  2. There are questions of law or fact common to the class.

  3. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

  4. The representative parties will fairly and adequately protect the interests of the class.

  5. The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

6.  The questions of law or fact common to class members predominate over any questions affecting only individual members.

7.  A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Accordingly, the Court ORDERS as follows:

1.  Class Plaintiffs' Motion for Class Certification is GRANTED.

2.  The Court CERTIFIES the following class pursuant to Federal Rule of Civil Procedure 23(b)(2) for injunctive relief under the federal antitrust laws and pursuant to Federal Rule of Civil Procedure 23(b)(3) for monetary relief under the California Cartwright Act and California Unfair Competition Law:

> All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in the United States, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The Class excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The Class also excludes all federal, state or local governmental entities and all judicial officers presiding over this action.

3.  The Court APPOINTS the following plaintiffs as representatives of the class: Raphael Allison, Elizabeth Baran, Bergerson & Associates, Inc., Michael Brauch, Mary Annabelle Candelaria, Kelly Cannon, Marvin Chance, Jr., Joseph Samuel Cone, Carrol Cowan, Judy Cowgill, William Cronin, Carl Cunningham, Russell Dennis, Dressed to Kill Custom Draperies, LLC, Fairmont Orthopedics & Sports Medicine, P.A., FICRO Acquisition Co., Beth Fink, Mark Helm, Nancy Herring, Gabriella Herroeder-Perras, Michael Hetzel, Patrick Hewson, Jason Hoenshell, Ron Hooper, HP Consulting Services, Inc., Melinda

Harr, D.D.S., P.C., Tracey Kinder, Ronald Konieczka, Matthew Kravitz, Law Offices of Kwasi Aseidu, Law Offices of Laurel Stanley, David Lipton, Andrew Meimes, Stewart Munson, Peter Jon Naigow, Chad Ohlrogge, Raymond Pacia, Phil Paul, Maria Prohias, Paul Ramos, Napoly Salloum, Jay Salpeter, Francis Slattery, Steiniger Law Offices, P.A., Kevin Stoltz, Dana Thibedeau, Trotter-Vogel Realty, Inc., UFCW Local 1564, Ian Walker, and Robin Weeth.

4. The following claims, issues, or defenses will be treated on a class basis:

    a. The definition of the relevant market.

    b. Whether Intel has monopoly power in this market.

    c. Whether Intel unlawfully monopolized this market.

    d. Whether Intel acted in concert with other entities.

    e. Whether Intel's actions violated the federal antitrust laws.

    f. Whether Intel's actions violated the California Cartwright Act.

    g. Whether Intel's actions violated the California Unfair Competition Law.

    h. The effect of Intel's conduct on the prices of microprocessors and personal computers.

    i. The appropriate measure of damages sustained by the members of the proposed class.

    j. The amount of those damages.

    k. Whether the members of the proposed relief are entitled to injunctive relief.

    l. The appropriate form of that relief.

5.   Pursuant to Federal Rule of Civil Procedure 23(g), the Court APPOINTS Cohen, Milstein, Hausfeld & Toll, P.L.L.C.; Hagens Berman Sobol & Shapiro LLP; Saveri & Saveri, Inc.; and Zelle Hofmann Voelbel Mason & Gette L.L.P. as Class Counsel and APPOINTS Prickett, Jones & Elliott, P.A. as Liaison Counsel.

IT IS SO ORDERED:

_____
Honorable Joseph J. Farnan, Jr., J.