**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )<br>)<br>)<br>)<br>) | MDL No. 05-1717-JJF |
| _____ | )<br>) | |
| ADVANCED MICRO DEVICES, INC. a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 05-441-JJF |
| v. | )<br>) | |
| INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, | )<br>)<br>)<br>) | |
| Defendants. | ) | |
| _____ | )<br>)<br>) | |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 05-485-JJF |
| v. | )<br>) | CONSOLIDATED ACTION |
| INTEL CORPORATION, | )<br>) | |
| Defendant. | ) | |
| _____ | ) | |

**NOTICE REGARDING MOTION TO MODIFY PROTECTIVE ORDER TO
PROVIDE ACCESS TO DOCUMENTS AND DEPOSITION TESTIMONY FOR
<u>USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. SECTION 1782</u>**

This notice is being provided to all third-parties that have received a document or

deposition subpoena in the above-captioned actions.

Intel Corporation ("Intel"), as required by the order of the Special Master, hereby provides notice of a motion filed by non-party Union Federale des Comsommateurs - Que Choisir ("QC") for leave to intervene in these actions and for modifications to the Confidentiality Agreement and Protective Order entered by the Court on September 26, 2006 (the "Protective Order"). In addition, QC has applied, pursuant to 28 U.S.C. § 1782, for an order requiring Intel and all third-parties to provide QC access to all documents produced in these cases by Intel or any third party, and all Intel or third party deposition testimony taken in these cases, so that QC could use such materials in (i) the European Commission proceedings against Intel; and/or (ii) a proceeding to be brought at some future date by QC on behalf of consumers in an as yet unidentified court in France or some other European Member State. The motion and supporting memorandum filed by QC are attached to this Notice. Also attached are additional briefs filed by the parties relating to the urgency of QC's motion. Certain statutes and regulations cited in the papers are available on PACER at C. A. No. 05-485, D.I. No. 699; MDL No. 05-1717, D.I. No. 855; C. A. No. 05-441, D.I. No. 611 (Declaration of Jon T. King and supporting exhibits), C. A. No. 05-485, D.I. No. 706; MDL No. 05-1717, D.I. No. 864; C.A. No. 05-441, D. I. No. 620 (Declaration of Vincent Neil Smith and supporting exhibits), and C. A. No. 05-485, D.I. No. 734; MDL No. 05-1717, D.I. No. 892; C.A. No. 05-441, D.I. No. 631 (Declaration of James S. Venit and supporting exhibits).

During prior proceedings concerning the terms of the Protective Order in the above-captioned cases the Special Master stated that any § 1782 applications would require "the safeguard of providing both the Parties and the Third Parties an opportunity

2

to be fully heard for the purpose of developing the evidentiary record contemplated under the Supreme Court's decision in *Intel* [*v. AMD*, 542 U.S. 241 (2004)]."[1]

<u>If any third-parties that have produced or are scheduled to produce documents or witnesses for deposition in this matter wish to be heard in response to QC's motion, they may submit briefs to the Special Master by no later than June ___, 2008.</u>  To assist you in assessing whether or not you wish to take a position in response to QC's motion, Intel provides the following description of QC and QC's requested modification of the Protective Order.

    **1.** **What is QC?**

QC describes itself as a "French consumer association founded in 1951 that is comprised of approximately 170 local associations with more than 124,000 members."

    **2.** **What does QC seek in its motion?**

QC has requested the following:

    a. to be granted the right to intervene in these actions for the purpose of modifying the Protective Order to permit QC to use Confidential Discovery Material (as defined in the Protective Order) in certain foreign proceedings; and

    b. an order, pursuant to 28 U.S.C. § 1782, requiring Intel and third-parties to provide QC with access to Confidential Discovery Material produced in this litigation for use in (i) the European Commission proceedings against Intel, and (ii) not-yet-filed or identified EU consumer damages litigation

---

[1] Special Master's Report and Recommendations Regarding Proposed Protective Order at 116, *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF, D.I. No. 221 (June 27, 2006).

against Intel, which could include future judicial proceedings in France or one or more other Member States of the European Union.

### 3. How does this potentially affect third-parties?

Although QC has agreed to be bound by the Protective Order (subject to the modifications being proposed by QC) and has agreed to submit to the personal jurisdiction of the Court in the above-captioned actions to enforce the Protective Order, you may wish to explore with your counsel and submit your views regarding such issues as:

- whether, pursuant to the appropriate legal standards, QC's motion under 28 U.S.C. § 1782 should be granted;

- whether QC's motion to modify the Protective Order should be granted;

- the enforceability of the Protective Order against a foreign association, its members, or other persons who could come into possession of Confidential Discovery Material in other countries (*e.g.*, foreign counsel retained by QC, other plaintiffs or third-parties in any litigation);

- the availability of procedures in foreign courts similar to those in the United States for protecting confidentiality (*e.g.*, the ability to file under seal, *in camera* proceedings, the receptivity of foreign courts to maintaining and enforcing confidentiality protection);

- the possibility that confidential materials might be made public as a direct or indirect result of QC's proposed modifications of the Protective Order;

- the burden placed on third-parties to enforce confidentiality provisions in this Court and in tribunals abroad so as to maintain the confidentiality of materials produced in the above-captioned actions;

- the extent to which you relied upon the protections afforded in the Protective Order in producing documents in the above-captioned matters; and

- potential damage or hardship that would be imposed upon you as a third party if your Confidential Discovery Material were made public (and available to competitors, suppliers, or customers).

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Robert E. Cooper<br>Daniel S. Floyd<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 900071<br>(213) 229-7000 | By:_____<br>Richard L. Horwitz (#2246)<br>W. Harding Drane, Jr. (#1023)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 |
| Joseph Kattan, PC<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Ave. N.W.<br>Washington, D.C. 20036-5306<br>(202) 955-8500 | (302) 984-6000<br>rhorwitz@potteranderson.com<br>wdrane@potteranderson.com<br><br>Attorneys for Defendants<br>Intel Corporation and Intel Kabushiki Kaisha |

Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue
N.W. Washington, DC 20004
(202) 783-0800

Dated: May ___, 2008

5