## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | )<br>)<br>)<br>)   MDL Docket No. 05-1717-JJF<br>) |
| _____<br>PHIL PAUL, *on behalf of himself*<br>*and all others similarly situated,* | )<br>)<br>)<br>) |
| Plaintiffs, | )   Civil Action No. 05-485-JJF<br>)<br>)   CONSOLIDATED ACTION |
| v. | )<br>) |
| INTEL CORPORATION, | )<br>) |
| Defendant. | )<br>)<br>)<br>) |

### DECLARATION OF DANIEL A. SMALL

PRICKETT JONES & ELLIOTT, P.A.
James L. Holzman (#663)
J. Clayton Athey (#4378)
Laina M. Herbert (#4717)
Melissa N. Donimirski (#4701)
1310 King Street
P.O. Box 1328
Wilmington, DE  19899
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com
lmherbert@prickett.com
mndonimirski@prickett.com
Interim Liaison Counsel and Attorneys for Phil Paul, on
behalf of himself and all others similarly situated

OF COUNSEL:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

Michael P. Lehmann
Jon T. King
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
One Embarcadero Center
Suite 2440
San Francisco, CA 94111

Steve W. Berman
Anthony D. Shapiro
Erin K. Flory
Steve W. Fimmel
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Guido Saveri
R. Alexander Saveri
Lisa Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111

Craig C. Corbitt
Judith A. Zahid
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104

I, Daniel A. Small, declare as follows:

1.     I am a partner at Cohen, Milstein, Hausfeld & Toll, P.L.L.C., one of the four law firms appointed as Interim Class Counsel in these consolidated class actions. I am competent to testify to the facts set forth herein. I make this declaration upon personal knowledge to address some of the factual issues raised by Intel's May 22, 2008 motion to extend the class certification briefing schedule by three and one-half months.

2.     When I discussed the class certification briefing schedule with Intel's counsel from time to time over the last two years, he has consistently said that Intel wanted to substantially complete third party data discovery before it opposed class certification. Just as consistently, however, I responded that Class Plaintiffs did not agree with that position. In fact, despite third party data discovery being far from over in March 2007, Class Plaintiffs added language to the March 5, 2007 status report (D.I. 406 in 05-md-1717) to express their view that "absent unforeseen circumstances, no further extension of the class certification briefing schedule would be appropriate." *Id.* at 2. While Class Plaintiffs, due primarily to Intel's unexpected delay in producing its own sales data,[1] were forced to seek three more extensions, this added language was a clear indication that Class Plaintiffs did not agree that third party data discovery needed to be complete – or even close to complete – for class certification purposes. Class Plaintiffs' position is based on their reading of Third Circuit law, which they understand to require less evidence for class certification purposes than is needed to prove their case on the merits. Indeed, their understanding of Third Circuit law satisfied them that they could file their

---

[1]     In the summer of 2007, Intel committed to be ready to produce its non-archived sales data by September 7, 2007 and its archived sales data by September 28, 2007. In fact, Intel did not produce its non-archived data until January 2008 or its archived data until February 2008.

class certification papers on May 16, 2008, though third party data discovery was (and still is) far from complete.

3.     Intel states on page 4 of its motion that "[t]he Parties always understood that this [class certification] schedule comprised 'target' dates that were dependent on the timely completion of discovery." This may have been Intel's understanding, but it was never Class Plaintiffs'. For the reasons discussed above, Class Plaintiffs never believed that the class certification schedule could not begin until third party discovery was completed. Moreover, Class Plaintiffs do not agree that the class certification schedule always consisted of mere "target" dates. To the contrary, after the first two class certification schedules were entered by the Court, the subsequent stipulation and orders and status report dropped the term "target" and set actual due dates. *Compare, e.g.,* March 5, 2007 Status Report at 2 ("The Class Plaintiffs and Intel propose the following new schedule for class certification.") *with* September 27, 2006 Status Report (referring to the "target dates for class certification briefing and discovery").

4.     In my discussions with Intel's counsel concerning class certification scheduling, I do not recall Intel's counsel including documents in the third party discovery that Intel wanted to substantially complete before opposing class certification. I understood him to be addressing just data discovery. Consistent with my recollection is the language that Intel inserted into the March 5, 2007 status report stating that Intel's agreement to the new class certification schedule was "based on the assumption that the third party *data* production will be completed by March 31, 2007." *Id.* at 2 (emphasis added).

5.     Intel's counsel telephoned me on May 14, 2008, two days before Class Plaintiffs were due to file their class motion, to advise Class Plaintiffs for the first time that Intel sought to extend its time to oppose the class motion until mid-November. Intel wanted to know our

2

position. I expressed some surprise that Intel had waited until two days before our filing date, and said that I would need to first consult with my co-counsel. I asked whether Intel intended this to be its last request for an extension. Intel's counsel would not commit to that, but said that Intel would seek the Court's assistance in June if third party discovery had not progressed sufficiently by then.

6.       After consulting with co-counsel, I called Intel's counsel and advised him that Class Plaintiffs would oppose Intel's request for a three and one-half month extension but that they would be willing to consider a much shorter extension. I gave four grounds for this position. First, Class Plaintiffs believed that sufficient third party data discovery had been received for class certification purposes. Second, Rule 23 requires that class certification be decided at "an early practicable time" and nearly three years into the case was not too early to begin class certification briefing. Third, if a class were certified, it would be impossible to give notice to the class before the start of the AMD trial scheduled for April 2009. Fourth, if Intel believed that it needed to complete third party data discovery before it could oppose class certification, it was obligated to have gotten that data timely, through a motion to compel if necessary.

7.       Soon after Fry's Electronics produced its purchase and sales data to Class Plaintiffs in March 2008, Intel's counsel called to request a copy of that data. I offered to provide a copy provided that Intel would pay its fair share of Class Plaintiffs' out-of-pocket cost of obtaining the data. As the Court knows, Class Plaintiffs were forced to file a motion to compel and engage in extended proceedings before the Special Master, at substantial expense, to obtain Fry's data. Intel chose not to join the motion to compel or file its own motion. Class Plaintiffs believe that Intel should not "free ride" their out-of-pocket expenditures (putting aside

3

the attorney time invested) to obtain Fry's data. Intel has offered no reason why it should not share costs; indeed, it never responded to Class Plaintiffs' request for reasonable cost sharing.

I declare under penalties of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated:   May 30, 2008

Daniel A. Small

4