Chad M. Shandler
Director

RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

Direct Dial
(302) 651-7836
Shandler@RLF.COM

June 3, 2008

**BY ELECTRONIC MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801-4226

    Re: *Advanced Micro Devices, Inc. et al. v. Intel Corporation, et al., C.A. No. 05-441-JJF; In re Intel Corporation, C.A. No. 05-MD-1717-JJF*

Dear Judge Poppiti:

  Several recent events and disclosures by Intel strongly suggest that Intel has misrepresented the state of its production of custodian and remediation documents and its compliance with the deadlines the Court ordered in Stipulated Case Management Order No. 3. Intel's failure to adhere to Court-ordered production deadlines has already undermined Plaintiffs' ability to conduct depositions, and now throws into doubt future discovery timelines. So that the Special Master does not recommend, and so that the Court does not establish, schedules and deadlines based on an erroneous belief that Intel has completed its document production, Intel needs to come clean on the state of its remediation and production. Accordingly, counsel for AMD and Class Plaintiffs respectfully request that Your Honor address these issues with Intel at Wednesday's scheduled conference to get the facts on the table.

  As Your Honor knows, Case Management Order No. 3 required that "party custodian document exchange (*including production of all custodian documents identified by Intel during the course of executing its Remediation Plan*) shall be completed by February 15, 2008," with certain exceptions not relevant here. (*See* CMO No. 3 ¶ 1; emphasis added.) Case Management Order No. 4 -- lodged the afternoon of May 30, 2008, and signed by Your Honor yesterday, June 2, 2008 -- contained the "parties' representations, hereby made, that they have complied with the February 15, 2008 deadline established by Stipulated Case Management Order No. 3 for the completion of custodian document production . . . ." (*See* CMO No. 4 at p. 3.)

  Intel's statement of compliance with the Court's order appears to have been false. Only hours after CMO No. 4 was lodged, Intel submitted (at 9:07 p.m. on Friday, May 30, 2008) a letter to Your Honor in which Intel disclosed for the first time its failure to produce the contents

The Honorable Vincent J. Poppiti
June 3, 2008
Page 2

of 907 .pst folders from backup tapes that contain remedial data.  Intel's letter fails to state how many custodians are affected, the volume of responsive data, or when it will be produced.  Intel's subsequent letter of June 3 provides no clarity or comfort on these important points.  And the timing of Intel's disclosure is regrettable.  Intel must have known, certainly for weeks and probably months, about its missing .pst folder problems -- but remained silent.  At the same time, Intel negotiated Case Management Order No. 4 in which it represented compliance with the February 15, 2008 production cut-off date that Intel disavowed only hours later.

AMD and Class Plaintiffs do not know, and are entirely unable to assess now, the magnitude of this problem.[1]  Intel's letters tell enough of the story to suggest that this is another serious lapse.  Intel's insistence that it will need until mid-June 2008 or later to complete its review of this new data, let alone produce it, throws deposition scheduling into disarray.  The parties, the Special Master and the Court therefore deserve Intel's detailed explanation of this .pst folder problem and its case impact.  The Court otherwise might set dates and a discovery schedule that will later prove to be wholly unrealistic.

Intel's discovery of nearly an additional 1,000 .pst folders after it represented it had completed remediation would be a serious matter even if this were Intel's first miscue.  But it is not.  On May 21, 2008 -- just *8 days* before Mr. Jeff Hoogenboom's May 29 deposition -- Intel delivered 900 "new" electronic documents it claimed to have just discovered on one of Mr. Hoogenboom's laptop computers.  (*See* letter dated May 21, 2008, Exh. B.)  On May 27, 2008 -- just *two days* before the deposition -- Intel disclosed an additional 1,600 Hoogenboom remediation documents (with total new productions now amounting to 17,500 printed pages) that Intel claims it found in another custodian's files.  (*See* email dated May 27, 2008, Exh. C.)  Needless to say, Intel's production failures precluded an efficient deposition, and AMD and Class Plaintiffs will have to return to Raleigh to complete it.

Worse yet, Intel's production of remediation data has been a mess from the start.  So that the parties could make good use of produced data for depositions, the Court's Document Production Order required Intel to produce remediation and other documents on a custodian-by-custodian basis (*i.e.*, all documents attributed to a particular Custodian were to be produced in an identifiable set).  (*See* Second Amended Stipulation Regarding Electronic Discovery and Format of Document Production (the "Native Stipulation") ¶¶ 2, 4.)  Instead, Intel produced seemingly random collections of email, each containing an indiscriminant assortment of remedial documents from wholly unrelated Custodians.  When Plaintiffs complained (s*ee* letters dated January 31 and February 14, 2008, Exh. D), Intel promised an "overlay database" that it represented would allow AMD to sort the collections by Custodian.  (Exh. D, letter dated

---

[1] AMD asked for a meeting with Intel counsel and Your Honor's technical advisor, Mr. Friedberg, to get to the bottom of this matter.  (*See* Exh. A.)  Intel ignored our first request, and rebuffed our second -- claiming problems with "travel schedules and other scheduling issues."  (*Id.*)

The Honorable Vincent J. Poppiti
June 3, 2008
Page 3

February 8, 2008.)  But its "overlay database" didn't work, and Intel failed to provide Plaintiffs with a serviceable one until mid-April 2008 -- two months after a proper, Custodian-based remediation production was due.  It is no wonder that Plaintiffs' depositions have started months after they should have.

Before deadlines and schedules are set in concrete, the Court and the other parties are entitled to know when Intel's remediation production will actually be complete.  The time has passed for representations.  AMD and Class Plaintiffs ask Your Honor to direct Intel to provide a detailed accounting of what newly-discovered materials remain to be produced, the volume of this production and a reliable timetable of when this will be done.  We also ask that Intel be directed to identify any other data that should have been but was not produced by February 15, 2008 -- and commit to a definitive, expedited production schedule for this material as well.

        Respectfully,

        */s/ Chad M. Shandler*

        Chad M. Shandler (#3796)
        shandler@rlf.com

CMS/afg
cc:    Clerk of the Court (By Electronic Filing)
       Richard L. Horwitz, Esq. (Via Electronic Mail)
       James L. Holzman, Esq. (Via Electronic Mail)