FREDERICK L. COTTRELL, III
DIRECTOR

RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

Direct Dial
(302) 651-7509
COTTRELL.@RLF.COM

May 30, 2008

**BY ELECTRONIC MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801-4226

REDACTED
PUBLIC VERSION

Re: *Advanced Micro Devices, Inc. et al. v. Intel Corporation, et al.*, C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-MD-1717-JJF; and *Phil Paul, et al. v. Intel Corporation*, C.A. 05-485-JJF-DM 14

Dear Judge Poppiti:

Intel's opposition uses AMD's motion to compel Edward Ho's deposition as an opening to relitigate the Court's ruling on FTAIA discovery and as an attempt to argue the sweeping proposition that Intel, a multi-billion dollar corporation with operations in virtually every part of the world, has only a handful of managing agents whom AMD is allowed to depose in a Section 2 antitrust case involving a worldwide market. Both efforts fail. The only question pending before the Court is whether AMD is entitled to take Edward Ho's deposition pursuant to a Rule 30(b)(1) notice as a managing agent of Intel. As AMD's moving papers show, he is. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ demonstrates that Intel invested him authority and discretion – the first prong of the managing agent analysis. Notably, Intel ignores the other two prongs in its opposition, including the most important "alignment of interests" prong[1], which AMD easily satisfies. Intel's submission of a declaration by Neil Green, Intel's Global Account Manager for Lenovo, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ adds nothing because the scope of Ho's deposition is in no way limited to one Lenovo-Intel transaction. If that was not reason enough, AMD is not required to "exhaust" the knowledge of each Intel deponent prior to moving onto the next one.[2] Moreover, Intel's

---

[1] *See, e.g., M.F. Bank Restoration Co. v. Elliott, Bray & Riley*, No. CIV. 92-0049, 1994 WL 8131, at *3 (E.D. Pa. Jan. 11, 1994) (calling the alignment of interests factor "critical").
[2] Intel cites to *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498 (D. Utah 1997) for the proposition that AMD is required to "exhaust other discovery methods" before burdening Ho with travel to the

"exhaustion" assertion directly conflicts with Your Honor's instructions that the parties "go forward" with the depositions (Mar. 27, 2008 Special Master Conf. Tr. at 22.) and Fed. R. Civ. P. 26(d)(2)(A).

Intel relies on a version of the law that simply does not exist. Despite its selective use of quotations, none of the cases Intel cites state that a managing agent must have the power to bind a corporation. In fact, courts have rejected an approach focusing solely on the deponent's ability to make binding decisions.[3] Intel's stance would mean that almost no one in its multi-billion dollar organization could qualify as a managing agent, except perhaps for its CEO, Paul Otellini. Such a definition would strip the term of all meaning, and frustrate the purpose of the discovery rules.[4] Because AMD has set forth Ho's job functions and authority in great detail, and has provided the Court with a selection of documents in corroboration, AMD has satisfied the very modest burden of establishing that Ho is a managing agent.[5]

Intel seizes this motion as an opportunity to relitigate its FTAIA discovery motion (and to augment its May briefing to the Court on this point), and in doing so, attempts to turn this narrow motion into an omnibus one regarding the depositions of all Intel employees residing abroad. As a threshold matter, the FTAIA discovery ruling imposed no limitation on AMD's right to take discovery.[6] Although it did discuss prioritizing third parties, Intel conceded in its pre-trial statement that Lenovo should be one of the first dealt with in discovery. Intel's request that the Court consider all of its employees located abroad as "off limits" flies in the face of the law that requires a "fact-specific" inquiry into a managing agent's role at the corporation.

Finally, Intel skirts around its repeated admissions that Ho is at the top of the heap of its 86,000 employees. Intel included Ho in its Rule 26 disclosures and as a Top 20% Party

---

United States for deposition. The case actually states that in the fact-specific analysis used in deciding a Rule 26(c) protective order a court *may consider* whether the examining party has made an effort to obtain the information it seeks from the proposed deponent under Rule 30(b)(6). *Id.* at 504. With respect to the location of deposition, *Stone* states that even for a foreign deponent, either the corporation's principal place of business or the deponent's place of residence should be chosen. *Id.* Here, Intel's principal place of business is in California, where AMD noticed Ho's deposition, and Ho's residence is in Beijing, which due to China's restrictions on depositions, AMD offered Hong Kong as an alternate location.

[3] *See, e.g., In re Honda Am. Motor Co. Dealership Relations Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996) (stating that the power to bind is not determinative of a managing agent).

[4] *See Rubin v. Gen. Tire & Rubber Co.*, 18 F.R.D. 51, 55-56 (S.D.N.Y 1955) (rejecting overly restrictive view of managing agent test).

[5] *See Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002) (noting that when there is "at least a close question," the examining party has satisfied its burden, and that "all doubts are to be resolved" in its favor).

[6] Despite Intel's attempts to downplay Lenovo China's significance, the facts tell a different story. [REDACTED] attached hereto as Ex. O). Furthermore, Lenovo China's sales accounted for nearly 50% of Lenovo's worldwide sales in 2005-2007. (Gartner Personal Computer Quarterly Statistics Worldwide and Asia/Pacific, attached hereto as Ex. P).

Designated Custodian satisfying the four pronged test agreed to by the parties and so ordered by the Court. In Intel's Proposed Remediation Plan, it states that only 848 or **0.01% of its employees** received litigation hold notices at the outset of the litigation.[7] It was from this stripped-down pool that Intel chose its 205 Top 20% Party Designated Custodians and its 73 employees for its Rule 26 disclosures – including Ho. Intel's claim that Ho is merely a messenger is simply not believable.

For the reasons stated herein and in its moving papers, the Court should grant AMD's motion and should order Ho to appear for deposition on June 18th.

Respectfully,

/s/ *Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com

FLC,III/afg
cc:   Clerk of the Court (By Electronic Filing)
      Richard L. Horwitz, Esq. (Via Electronic Mail)
      James L. Holzman, Esq. (Via Electronic Mail)

---

[7] Report and Proposed Remediation Plan of Intel Corporation and Intel Kabushiki Kaisha to Special Master Pursuant to March 16, 2007 Order re Intel's Evidence Preservation Issues (D.I. 321 in C.A. No. 05-441-JJF) (April 23, 2007), at 9-12.