# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

302 658 9200
302 658 3989 Fax

Mary B. Graham
(302) 351-9199
mgraham@mnat.com

June 26, 2008

**VIA HAND DELIVERY AND EMAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

    Re:    *Phil Paul v. Intel Corporation,* C.A. No. 05-485 (JJF) Consolidated;
               *Intel Corp. Microprocessor Antitrust Litigation,* MDL Docket No. 05-1717 (JJF)

Dear Judge Poppiti:

       Fry's Electronics opposes the motion and application of QC to intervene in this action and for modifications to the Protective Order.  Fry's joins in the arguments set forth in the opposition brief being filed today by various third parties.  In addition, Fry's supplements that opposition to further respond to certain questions posed by the Special Master's Notice (see. D.I. 932-2 CA 05-01717-JJF):

       (1) As the Special Master is aware from the issues that Fry's has previously raised in this case, Fry's has been and is deeply concerned about protecting its highly confidential information in this litigation.  Fry's concerns are only multiplied in the face of possible access to its confidential information by a foreign entity for use in foreign proceedings.  It is hard to see how, as a practical or legal matter, Fry's would be able to monitor the use of, and protect, its confidential information in foreign proceedings involving foreign entities.  QC's motion does not explain how Fry's might do that.  (Notably, QC's motion even would allow QC to use Fry's highly confidential information in *future* unknown proceedings, which only adds to the impossibility and impracticability for Fry's of monitoring and protecting its confidential information.)  Fry's is headquartered in California and has stores only in the United States, in nine states.  It does not have facilities in Europe and should not be expected to undertake the burdens and expense that might be expected of a multi-national entity with facilities in Europe.

       (2) In producing its information, Fry's relied on the protections accorded it under the Protective Order, including that its confidential material would be used only in this litigation and not in other proceedings (most especially ones on foreign soil).  Fry's has previously submitted declarations to the Court establishing that the information it has produced constitutes

The Honorable Vincent J. Poppiti
June 26, 2008
Page 2

highly sensitive, trade secrets. *See* Declarations of Jerry Payne (D.I. 326) and Rajesh Seth (D.I. 325).

   (3) QC does not explain the relevance of Fry's discovery to the current and (unknown) future European proceedings QC might ultimately participate in, and for that reason alone, QC's motion and application should be denied. Moreover, as noted above, Fry's is a U.S. entity with facilities in the United States. Its purchases of computer systems, which were the subject of the discovery the Special Master granted to the Class Plaintiffs (Order of September 28, 2008), were all made into the United States. Thus, it is hard to imagine (and in any event QC does not explain) how French or other European consumers whom QC seeks to protect could possibly be affected by, and need discovery of, Fry's purchases of computer systems in a United States market.

   Accordingly, for the reasons stated in the opposition brief of other defendants, and for the reasons above, Fry's asks that the motion and application of QC be denied

            Respectfully,

            */s/ Mary B. Graham (2256)*

            Mary B. Graham

MBG/dla
cc: Clerk of the Court (via efiling and hand delivery)
   J. Clayton Athey, Esq. (via email)
   James L. Holzman, Esq. (via email)
   Frederick L. Cottrell, III, Esq. (via email)
   Richard L. Horwitz, Esq. (via email)
   Dale R. Dube (via email)
   Carrie David (via email)
   Mary Levan (via email)

2384458