IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTEL CORP. MICROPROCESSOR | ) | MDL No. 05-1717-JJF |
| ANTITRUST LITIGATION | ) | |
| | ) | |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, | ) ) ) ) ) | Civil Action No. 05-441-JJF |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, | ) ) ) ) | |
| Defendants. | ) ) | |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-485-JJF |
| v. | ) ) | |
| INTEL CORPORATION, | ) ) | CONSOLIDATED ACTION |
| Defendant. | ) ) | |

**DECLARATION OF PETER C. McMAHON IN SUPPORT OF:**

**ACER AMERICA CORPORATION'S OPPOSITION TO (1) UNION FEDERALE DES CONSOMMATEURS – QUE CHOISIR'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING MODIFICATION TO PROTECTIVE ORDERS; AND (2) APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER REQUIRING INTEL AND THIRD PARTIES TO PROVIDE ACCESS TO DOCUMENTS AND DEPOSITION TESTIMONY FOR USE IN FOREIGN PROCEEDINGS**

I, Peter C. McMahon, declare as follows:

1. I am a partner with the law firm of McMahon Serepca LLP, counsel for Non-Party Acer America Corporation ("AAC"). I make this declaration in support of Acer America Corporation's Opposition To The Motion Of Union Federale Des Consommateurs – Que Choisir To Intervene For The Limited Purpose Of Seeking Modification To Protective Orders; And Acer America Corporation's Opposition To The Application Pursuant To 28 U.S.C. § 1782 For An Order Requiring Intel And Third Parties To Provide Access To Documents And Deposition Testimony For Use In Foreign Proceedings ("Oppositions"). I have personal knowledge of the facts set forth herein, and, if called upon to testify thereto, I am competent to do so and would do so.

2. I have personally engaged in meet and confer discussions with the parties' counsel and their consultants. Further, on behalf of AAC, this firm submitted objections to the proposed protective order and I personally attended the hearing on the protective order on June 12, 2006.

3. On or about October 4, 2005, plaintiff Advanced Micro Devices, Inc. ("AMD") attempted to serve third-party AAC with a subpoena *duces tecum* for the production of business records ("AMD Subpoena"). On or about July 26, 2006, Intel Corporation ("Intel") attempted to serve AAC with a subpoena *duces tecum* for the production of business records ("Intel Subpoena"). During approximately June 23, 2006 through June 26, 2006 time period, Class Plaintiffs attempted to serve a series of subpoenas on AAC ("Class Subpoenas") (the AMD, Intel, and Class Subpoenas will hereinafter be collectively referred to as the "Subpoenas") (AMD, Intel, and the Class Plaintiffs will hereinafter be collectively referred to as the "Parties"). AAC timely objected to the improperly served and/or otherwise invalid Subpoenas.

4. On or about June 9, 2006, the Parties distributed to the Third Parties a revised version of the proposed protective order.

5. On June 12, 2006, the Court held a marathon hearing wherein it listened to more than six hours of oral argument and considered the comments and objections of the Third Parties and the Parties. Several Third Parties, including AAC, joined in the objections, comments, and arguments of other Third Parties but allowed one representative of such Third Parties to address the Court on numerous issues -- while reserving all rights and objections. During the hearing, the Third Parties caucused together and with the Parties to resolve several of the disputes concerning the proposed protective order. Some issues, on which the Third Parties and Parties could not agree, were resolved by the Special Master. Other issues which remained unresolved were taken under advisement.

6. Since the Protective Order was entered, AAC's counsel has, from time-to-time, sporadically engaged in discussions with AMD and Intel relating to "electronic information" related document production, and with the Parties' counsel regarding "transactional data" production. The Parties have been interested in obtaining information from not only AAC, a California corporation -- but also a separate entity, Acer, Inc., a Taiwanese company headquartered in Taipei, Taiwan.

7. The issues as to whether the Parties' assorted Subpoenas have been properly served on Acer, Inc., whether Acer, Inc. is subject to the jurisdiction of this Court, and the scope of the Subpoenas in the present matter have been hotly contested. As a result, I am aware that AAC has only produced a limited sample of information and Acer, Inc. has not produced anything. To avoid protracted discovery disputes and expensive motion practice, the Parties' counsel and AAC's counsel have engaged in good faith discussions geared toward the

production of information. To date AAC's counsel has not reached any agreement with the Parties relating to a full production of "transactional data," AAC's counsel has in recent weeks has been actively engaged in meet and confer discussions with Parties' counsel about that subject. In March and April of 2008, ACC's counsel was also involved in discussions regarding the terms of a "discovery agreement" with AMD's and Intel's counsel regarding a production of "electronic information."

8.   On or about June 11, 2008, AAC's counsel received the "Notice Regarding Motion to Modify Protective Order to Provide Access to Documents and Deposition Testimony for Use in Foreign Proceedings Pursuant to 28 U.S.C. Section 1782."

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 26, 2008.

_____
Peter C. McMahon