# EXHIBIT 4

L 123/18 [EN] Official Journal of the European Union 27.4.2004

COMMISSION REGULATION (EC) No 773/2004

of 7 April 2004

relating to the conduct of proceedings by the Commission pursuant to Articles 81 and 82 of the EC Treaty

(Text with EEA relevance)

THE COMMISSION OF THE EUROPEAN COMMUNITIES,

Having regard to the Treaty establishing the European Community,

Having regard to the Agreement on the European Economic Area,

Having regard to Council Regulation (EC) No 1/2003 of 16 December 2002 on the implementation of the rules on competition laid down in Articles 81 and 82 of the Treaty (¹), and in particular Article 33 thereof,

After consulting the Advisory Committee on Restrictive Practices and Dominant Positions,

Whereas:

(1) Regulation (EC) No 1/2003 empowers the Commission to regulate certain aspects of proceedings for the application of Articles 81 and 82 of the Treaty. It is necessary to lay down rules concerning the initiation of proceedings by the Commission as well as the handling of complaints and the hearing of the parties concerned.

(2) According to Regulation (EC) No 1/2003, national courts are under an obligation to avoid taking decisions which could run counter to decisions envisaged by the Commission in the same case. According to Article 11(6) of that Regulation, national competition authorities are relieved from their competence once the Commission has initiated proceedings for the adoption of a decision under Chapter III of Regulation (EC) No 1/2003. In this context, it is important that courts and competition authorities of the Member States are aware of the initiation of proceedings by the Commission. The Commission should therefore be able to make public its decisions to initiate proceedings.

(3) Before taking oral statements from natural or legal persons who consent to be interviewed, the Commission should inform those persons of the legal basis of the interview and its voluntary nature. The persons interviewed should also be informed of the purpose of the interview and of any record which may be made. In order to enhance the accuracy of the statements, the persons interviewed should also be given an opportunity to correct the statements recorded. Where information gathered from oral statements is exchanged pursuant to Article 12 of Regulation (EC) No 1/2003, that information should only be used in evidence to impose sanctions on natural persons where the conditions set out in that Article are fulfilled.

(4) Pursuant to Article 23(1)(d) of Regulation (EC) No 1/2003 fines may be imposed on undertakings and associations of undertakings where they fail to rectify within the time limit fixed by the Commission an incorrect, incomplete or misleading answer given by a member of their staff to questions in the course of inspections. It is therefore necessary to provide the undertaking concerned with a record of any explanations given and to establish a procedure enabling it to add any rectification, amendment or supplement to the explanations given by the member of staff who is not or was not authorised to provide explanations on behalf of the undertaking. The explanations given by a member of staff should remain in the Commission file as recorded during the inspection.

(5) Complaints are an essential source of information for detecting infringements of competition rules. It is important to define clear and efficient procedures for handling complaints lodged with the Commission.

(6) In order to be admissible for the purposes of Article 7 of Regulation (EC) No 1/2003, a complaint must contain certain specified information.

(7) In order to assist complainants in submitting the necessary facts to the Commission, a form should be drawn up. The submission of the information listed in that form should be a condition for a complaint to be treated as a complaint as referred to in Article 7 of Regulation (EC) No 1/2003.

(8) Natural or legal persons having chosen to lodge a complaint should be given the possibility to be associated closely with the proceedings initiated by the Commission with a view to finding an infringement. However, they should not have access to business secrets or other confidential information belonging to other parties involved in the proceedings.

(9) Complainants should be granted the opportunity of expressing their views if the Commission considers that there are insufficient grounds for acting on the complaint. Where the Commission rejects a complaint on the grounds that a competition authority of a Member State is dealing with it or has already done so, it should inform the complainant of the identity of that authority.

(¹) OJ L 1, 4.1.2003, p. 1. Regulation as amended by Regulation (EC) No 411/2004 (OJ L 68, 6.3.2004, p. 1).

27.4.2004 | EN | Official Journal of the European Union | L 123/19

(10) In order to respect the rights of defence of undertakings, the Commission should give the parties concerned the right to be heard before it takes a decision.

(11) Provision should also be made for the hearing of persons who have not submitted a complaint as referred to in Article 7 of Regulation (EC) No 1/2003 and who are not parties to whom a statement of objections has been addressed but who can nevertheless show a sufficient interest. Consumer associations that apply to be heard should generally be regarded as having a sufficient interest, where the proceedings concern products or services used by the end-consumer or products or services that constitute a direct input into such products or services. Where it considers this to be useful for the proceedings, the Commission should also be able to invite other persons to express their views in writing and to attend the oral hearing of the parties to whom a statement of objections has been addressed. Where appropriate, it should also be able to invite such persons to express their views at that oral hearing.

(12) To improve the effectiveness of oral hearings, the Hearing Officer should have the power to allow the parties concerned, complainants, other persons invited to the hearing, the Commission services and the authorities of the Member States to ask questions during the hearing.

(13) When granting access to the file, the Commission should ensure the protection of business secrets and other confidential information. The category of 'other confidential information' includes information other than business secrets, which may be considered as confidential, insofar as its disclosure would significantly harm an undertaking or person. The Commission should be able to request undertakings or associations of undertakings that submit or have submitted documents or statements to identify confidential information.

(14) Where business secrets or other confidential information are necessary to prove an infringement, the Commission should assess for each individual document whether the need to disclose is greater than the harm which might result from disclosure.

(15) In the interest of legal certainty, a minimum time-limit for the various submissions provided for in this Regulation should be laid down.

(16) This Regulation replaces Commission Regulation (EC) No 2842/98 of 22 December 1998 on the hearing of parties in certain proceedings under Articles 85 and 86 of the EC Treaty (¹), which should therefore be repealed.

(¹) OJ L 354, 30.12.1998, p. 18.

(17) This Regulation aligns the procedural rules in the transport sector with the general rules of procedure in all sectors. Commission Regulation (EC) No 2843/98 of 22 December 1998 on the form, content and other details of applications and notifications provided for in Council Regulations (EEC) No 1017/68, (EEC) No 4056/86 and (EEC) No 3975/87 applying the rules on competition to the transport sector (²) should therefore be repealed.

(18) Regulation (EC) No 1/2003 abolishes the notification and authorisation system. Commission Regulation (EC) No 3385/94 of 21 December 1994 on the form, content and other details of applications and notifications provided for in Council Regulation No 17 (³) should therefore be repealed,

HAS ADOPTED THIS REGULATION:

CHAPTER I

SCOPE

Article 1

Subject-matter and scope

This regulation applies to proceedings conducted by the Commission for the application of Articles 81 and 82 of the Treaty.

CHAPTER II

INITIATION OF PROCEEDINGS

Article 2

Initiation of proceedings

1. The Commission may decide to initiate proceedings with a view to adopting a decision pursuant to Chapter III of Regulation (EC) No 1/2003 at any point in time, but no later than the date on which it issues a preliminary assessment as referred to in Article 9(1) of that Regulation or a statement of objections or the date on which a notice pursuant to Article 27(4) of that Regulation is published, whichever is the earlier.

2. The Commission may make public the initiation of proceedings, in any appropriate way. Before doing so, it shall inform the parties concerned.

(²) OJ L 354, 30.12.1998, p. 22.
(³) OJ L 377, 31.12.1994, p. 28.

L 123/20     EN     Official Journal of the European Union     27.4.2004

3. The Commission may exercise its powers of investigation pursuant to Chapter V of Regulation (EC) No 1/2003 before initiating proceedings.

4. The Commission may reject a complaint pursuant to Article 7 of Regulation (EC) No 1/2003 without initiating proceedings.

CHAPTER III

INVESTIGATIONS BY THE COMMISSION

Article 3

Power to take statements

1. Where the Commission interviews a person with his consent in accordance with Article 19 of Regulation (EC) No 1/2003, it shall, at the beginning of the interview, state the legal basis and the purpose of the interview, and recall its voluntary nature. It shall also inform the person interviewed of its intention to make a record of the interview.

2. The interview may be conducted by any means including by telephone or electronic means.

3. The Commission may record the statements made by the persons interviewed in any form. A copy of any recording shall be made available to the person interviewed for approval. Where necessary, the Commission shall set a time-limit within which the person interviewed may communicate to it any correction to be made to the statement.

Article 4

Oral questions during inspections

1. When, pursuant to Article 20(2)(e) of Regulation (EC) No 1/2003, officials or other accompanying persons authorised by the Commission ask representatives or members of staff of an undertaking or of an association of undertakings for explanations, the explanations given may be recorded in any form.

2. A copy of any recording made pursuant to paragraph 1 shall be made available to the undertaking or association of undertakings concerned after the inspection.

3. In cases where a member of staff of an undertaking or of an association of undertakings who is not or was not authorised by the undertaking or by the association of undertakings to provide explanations on behalf of the undertaking or association of undertakings has been asked for explanations, the Commission shall set a time-limit within which the undertaking or the association of undertakings may communicate to the Commission any rectification, amendment or supplement to the explanations given by such member of staff. The rectification, amendment or supplement shall be added to the explanations as recorded pursuant to paragraph 1.

CHAPTER IV

HANDLING OF COMPLAINTS

Article 5

Admissibility of complaints

1. Natural and legal persons shall show a legitimate interest in order to be entitled to lodge a complaint for the purposes of Article 7 of Regulation (EC) No 1/2003.

Such complaints shall contain the information required by Form C, as set out in the Annex. The Commission may dispense with this obligation as regards part of the information, including documents, required by Form C.

2. Three paper copies as well as, if possible, an electronic copy of the complaint shall be submitted to the Commission. The complainant shall also submit a non-confidential version of the complaint, if confidentiality is claimed for any part of the complaint.

3. Complaints shall be submitted in one of the official languages of the Community.

Article 6

Participation of complainants in proceedings

1. Where the Commission issues a statement of objections relating to a matter in respect of which it has received a complaint, it shall provide the complainant with a copy of the non-confidential version of the statement of objections and set a time-limit within which the complainant may make known its views in writing.

2. The Commission may, where appropriate, afford complainants the opportunity of expressing their views at the oral hearing of the parties to which a statement of objections has been issued, if complainants so request in their written comments.

Article 7

Rejection of complaints

1. Where the Commission considers that on the basis of the information in its possession there are insufficient grounds for acting on a complaint, it shall inform the complainant of its reasons and set a time-limit within which the complainant may make known its views in writing. The Commission shall not be obliged to take into account any further written submission received after the expiry of that time-limit.

2. If the complainant makes known its views within the time-limit set by the Commission and the written submissions made by the complainant do not lead to a different assessment of the complaint, the Commission shall reject the complaint by decision.

3. If the complainant fails to make known its views within the time-limit set by the Commission, the complaint shall be deemed to have been withdrawn.

27.4.2004 | EN | Official Journal of the European Union | L 123/21

### Article 8

#### Access to information

1. Where the Commission has informed the complainant of its intention to reject a complaint pursuant to Article 7(1) the complainant may request access to the documents on which the Commission bases its provisional assessment. For this purpose, the complainant may however not have access to business secrets and other confidential information belonging to other parties involved in the proceedings.

2. The documents to which the complainant has had access in the context of proceedings conducted by the Commission under Articles 81 and 82 of the Treaty may only be used by the complainant for the purposes of judicial or administrative proceedings for the application of those Treaty provisions.

### Article 9

#### Rejections of complaints pursuant to Article 13 of Regulation (EC) No 1/2003

Where the Commission rejects a complaint pursuant to Article 13 of Regulation (EC) No 1/2003, it shall inform the complainant without delay of the national competition authority which is dealing or has already dealt with the case.

## CHAPTER V

### EXERCISE OF THE RIGHT TO BE HEARD

### Article 10

#### Statement of objections and reply

1. The Commission shall inform the parties concerned in writing of the objections raised against them. The statement of objections shall be notified to each of them.

2. The Commission shall, when notifying the statement of objections to the parties concerned, set a time-limit within which these parties may inform it in writing of their views. The Commission shall not be obliged to take into account written submissions received after the expiry of that time-limit.

3. The parties may, in their written submissions, set out all facts known to them which are relevant to their defence against the objections raised by the Commission. They shall attach any relevant documents as proof of the facts set out. They shall provide a paper original as well as an electronic copy or, where they do not provide an electronic copy, 28 paper copies of their submission and of the documents attached to it. They may propose that the Commission hear persons who may corroborate the facts set out in their submission.

### Article 11

#### Right to be heard

1. The Commission shall give the parties to whom it has addressed a statement of objections the opportunity to be heard before consulting the Advisory Committee referred to in Article 14(1) of Regulation (EC) No 1/2003.

2. The Commission shall, in its decisions, deal only with objections in respect of which the parties referred to in paragraph 1 have been able to comment.

### Article 12

#### Right to an oral hearing

The Commission shall give the parties to whom it has addressed a statement of objections the opportunity to develop their arguments at an oral hearing, if they so request in their written submissions.

### Article 13

#### Hearing of other persons

1. If natural or legal persons other than those referred to in Articles 5 and 11 apply to be heard and show a sufficient interest, the Commission shall inform them in writing of the nature and subject matter of the procedure and shall set a time-limit within which they may make known their views in writing.

2. The Commission may, where appropriate, invite persons referred to in paragraph 1 to develop their arguments at the oral hearing of the parties to whom a statement of objections has been addressed, if the persons referred to in paragraph 1 so request in their written comments.

3. The Commission may invite any other person to express its views in writing and to attend the oral hearing of the parties to whom a statement of objections has been addressed. The Commission may also invite such persons to express their views at that oral hearing.

### Article 14

#### Conduct of oral hearings

1. Hearings shall be conducted by a Hearing Officer in full independence.

2. The Commission shall invite the persons to be heard to attend the oral hearing on such date as it shall determine.

3. The Commission shall invite the competition authorities of the Member States to take part in the oral hearing. It may likewise invite officials and civil servants of other authorities of the Member States.

4. Persons invited to attend shall either appear in person or be represented by legal representatives or by representatives authorised by their constitution as appropriate. Undertakings and associations of undertakings may also be represented by a duly authorised agent appointed from among their permanent staff.

5. Persons heard by the Commission may be assisted by their lawyers or other qualified persons admitted by the Hearing Officer.

6. Oral hearings shall not be public. Each person may be heard separately or in the presence of other persons invited to attend, having regard to the legitimate interest of the undertakings in the protection of their business secrets and other confidential information.

7. The Hearing Officer may allow the parties to whom a statement of objections has been addressed, the complainants, other persons invited to the hearing, the Commission services and the authorities of the Member States to ask questions during the hearing.

8. The statements made by each person heard shall be recorded. Upon request, the recording of the hearing shall be made available to the persons who attended the hearing. Regard shall be had to the legitimate interest of the parties in the protection of their business secrets and other confidential information.

CHAPTER VI

ACCESS TO THE FILE AND TREATMENT OF CONFIDENTIAL INFORMATION

Article 15

Access to the file and use of documents

1. If so requested, the Commission shall grant access to the file to the parties to whom it has addressed a statement of objections. Access shall be granted after the notification of the statement of objections.

2. The right of access to the file shall not extend to business secrets, other confidential information and internal documents of the Commission or of the competition authorities of the Member States. The right of access to the file shall also not extend to correspondence between the Commission and the competition authorities of the Member States or between the latter where such correspondence is contained in the file of the Commission.

3. Nothing in this Regulation prevents the Commission from disclosing and using information necessary to prove an infringement of Articles 81 or 82 of the Treaty.

4. Documents obtained through access to the file pursuant to this Article shall only be used for the purposes of judicial or administrative proceedings for the application of Articles 81 and 82 of the Treaty.

Article 16

Identification and protection of confidential information

1. Information, including documents, shall not be communicated or made accessible by the Commission in so far as it contains business secrets or other confidential information of any person.

2. Any person which makes known its views pursuant to Article 6(1), Article 7(1), Article 10(2) and Article 13(1) and (3) or subsequently submits further information to the Commission in the course of the same procedure, shall clearly identify any material which it considers to be confidential, giving reasons, and provide a separate non-confidential version by the date set by the Commission for making its views known.

3. Without prejudice to paragraph 2 of this Article, the Commission may require undertakings and associations of undertakings which produce documents or statements pursuant to Regulation (EC) No 1/2003 to identify the documents or parts of documents which they consider to contain business secrets or other confidential information belonging to them and to identify the undertakings with regard to which such documents are to be considered confidential. The Commission may likewise require undertakings or associations of undertakings to identify any part of a statement of objections, a case summary drawn up pursuant to Article 27(4) of Regulation (EC) No 1/2003 or a decision adopted by the Commission which in their view contains business secrets.

The Commission may set a time-limit within which the undertakings and associations of undertakings are to:

(a) substantiate their claim for confidentiality with regard to each individual document or part of document, statement or part of statement;

(b) provide the Commission with a non-confidential version of the documents or statements, in which the confidential passages are deleted;

(c) provide a concise description of each piece of deleted information.

4. If undertakings or associations of undertakings fail to comply with paragraphs 2 and 3, the Commission may assume that the documents or statements concerned do not contain confidential information.

CHAPTER VII

GENERAL AND FINAL PROVISIONS

Article 17

Time-limits

1. In setting the time-limits provided for in Article 3(3), Article 4(3), Article 6(1), Article 7(1), Article 10(2) and Article 16(3), the Commission shall have regard both to the time required for preparation of the submission and to the urgency of the case.

27.4.2004 | EN | Official Journal of the European Union | L 123/23

2. The time-limits referred to in Article 6(1), Article 7(1) and Article 10(2) shall be at least four weeks. However, for proceedings initiated with a view to adopting interim measures pursuant to Article 8 of Regulation (EC) No 1/2003, the time-limit may be shortened to one week.

3. The time-limits referred to in Article 3(3), Article 4(3) and Article 16(3) shall be at least two weeks.

4. Where appropriate and upon reasoned request made before the expiry of the original time-limit, time-limits may be extended.

### Article 18

### Repeals

Regulations (EC) No 2842/98, (EC) No 2843/98 and (EC) No 3385/94 are repealed.

References to the repealed regulations shall be construed as references to this regulation.

### Article 19

### Transitional provisions

Procedural steps taken under Regulations (EC) No 2842/98 and (EC) No 2843/98 shall continue to have effect for the purpose of applying this Regulation.

### Article 20

### Entry into force

This Regulation shall enter into force on 1 May 2004.

This Regulation shall be binding in its entirety and directly applicable in all Member States.

Done at Brussels, 7 April 2004.

*For the Commission*
Mario MONTI
*Member of the Commission*

L 123/24   EN   Official Journal of the European Union   27.4.2004

ANNEX

## FORM C

### COMPLAINT PURSUANT TO ARTICLE 7 OF REGULATION (EC) No 1/2003

**I. Information regarding the complainant and the undertaking(s) or association of undertakings giving rise to the complaint**

1. Give full details on the identity of the legal or natural person submitting the complaint. Where the complainant is an undertaking, identify the corporate group to which it belongs and provide a concise overview of the nature and scope of its business activities. Provide a contact person (with telephone number, postal and e-mail-address) from which supplementary explanations can be obtained.

2. Identify the undertaking(s) or association of undertakings whose conduct the complaint relates to, including, where applicable, all available information on the corporate group to which the undertaking(s) complained of belong and the nature and scope of the business activities pursued by them. Indicate the position of the complainant vis-à-vis the undertaking(s) or association of undertakings complained of (e.g. customer, competitor).

**II. Details of the alleged infringement and evidence**

3. Set out in detail the facts from which, in your opinion, it appears that there exists an infringement of Article 81 or 82 of the Treaty and/or Article 53 or 54 of the EEA agreement. Indicate in particular the nature of the products (goods or services) affected by the alleged infringements and explain, where necessary, the commercial relationships concerning these products. Provide all available details on the agreements or practices of the undertakings or associations of undertakings to which this complaint relates. Indicate, to the extent possible, the relative market positions of the undertakings concerned by the complaint.

4. Submit all documentation in your possession relating to or directly connected with the facts set out in the complaint (for example, texts of agreements, minutes of negotiations or meetings, terms of transactions, business documents, circulars, correspondence, notes of telephone conversations...). State the names and address of the persons able to testify to the facts set out in the complaint, and in particular of persons affected by the alleged infringement. Submit statistics or other data in your possession which relate to the facts set out, in particular where they show developments in the marketplace (for example information relating to prices and price trends, barriers to entry to the market for new suppliers etc.).

5. Set out your view about the geographical scope of the alleged infringement and explain, where that is not obvious, to what extent trade between Member States or between the Community and one or more EFTA States that are contracting parties of the EEA Agreement may be affected by the conduct complained of.

**III. Finding sought from the Commission and legitimate interest**

6. Explain what finding or action you are seeking as a result of proceedings brought by the Commission.

7. Set out the grounds on which you claim a legitimate interest as complainant pursuant to Article 7 of Regulation (EC) No 1/2003. State in particular how the conduct complained of affects you and explain how, in your view, intervention by the Commission would be liable to remedy the alleged grievance.

**IV. Proceedings before national competition authorities or national courts**

8. Provide full information about whether you have approached, concerning the same or closely related subject-matters, any other competition authority and/or whether a lawsuit has been brought before a national court. If so, provide full details about the administrative or judicial authority contacted and your submissions to such authority.

Declaration that the information given in this form and in the Annexes thereto is given entirely in good faith.

Date and signature.

# EXHIBIT 5

19.6.2001 | EN | Official Journal of the European Communities | L 162/21

# COMMISSION DECISION

## of 23 May 2001

### on the terms of reference of hearing officers in certain competition proceedings

(notified under document number C(2001) 1461)

(Text with EEA relevance)

(2001/462/EC, ECSC)

THE COMMISSION OF THE EUROPEAN COMMUNITIES,

Having regard to the Treaty establishing the European Community,

Having regard to the Treaty establishing the European Coal and Steel Community,

Having regard to the Agreement on the European Economic Area,

Having regard to the Rules of Procedure of the Commission (¹), and in particular Article 20 thereof,

Whereas:

(1) The right of the parties concerned and of third parties to be heard before a final decision affecting their interests is taken is a fundamental principle of Community law. That right is also set out in Council Regulation (EEC) No 4064/89 of 21 December 1989 on the control of concentrations between undertakings (²), as last amended by Regulation (EC) No 1310/97 (³), Commission Regulation (EC) No 2842/98 of 22 December 1998 on the hearing of parties in certain proceedings under Articles 85 and 86 of the EC Treaty (⁴) and Commission Regulation (EC) No 447/98 of 1 March 1998 on the notifications, time limits and hearings provided for in Council Regulation (EEC) No 4064/89 on the control of concentrations between undertakings (⁵).

(2) The Commission must ensure that that right is guaranteed in its competition proceedings, having regard in particular to the Charter of Fundamental Rights of the European Union (⁶).

(3) The conduct of administrative proceedings should therefore be entrusted to an independent person experienced in competition matters who has the integrity necessary to contribute to the objectivity, transparency and efficiency of those proceedings.

(4) The Commission created the post of hearing officer for these purposes in 1982 and last laid down the terms of reference for that post in Commission Decision 94/810/ECSC, EC of 12 December 1994 on the terms of reference of hearing officers in competition procedures before the Commission (⁷).

(5) It is necessary to further strengthen the role of the hearing officer and to adapt and consolidate those terms of reference in the light of developments in competition law.

(6) In order to ensure the independence of the hearing officer, he should be attached, for administrative purposes, to the member of the Commission with special responsibility for competition. Transparency as regards the appointment, termination of appointment and transfer of hearing officers should be increased.

(7) The hearing officer should be appointed in accordance with the rules laid down in the Staff Regulations of Officials and the Conditions of Employment of Other Servants of the European Communities. In accordance with those rules, consideration may be given to candidates who are not officials of the Commission.

(8) The terms of reference of the hearing officer in competition proceedings should be framed in such a way as to safeguard the right to be heard throughout the whole procedure.

(9) When disclosing information on natural persons, particular attention should be paid to Regulation (EC) No 45/2001 of the European Parliament and of the Council of 18 December 2000 on the protection of individuals with regard to the processing of personal data by the Community institutions and bodies and on the free movement of such data (⁸).

---

(¹) OJ L 308, 8.12.2000, p. 26.
(²) OJ L 395, 30.12.1989, p. 1 (corrected version in OJ L 257, 21.9.1990, p. 13).
(³) OJ L 180, 9.7.1997, p. 1.
(⁴) OJ L 354, 30.12.1998, p. 18.
(⁵) OJ L 61, 2.3.1998, p. 1.
(⁶) OJ C 364, 18.12.2000, p. 1.

(⁷) OJ L 330, 21.12.1994, p. 67.
(⁸) OJ L 8, 12.1.2001, p. 1.

L 162/22 ⎯ EN ⎯ Official Journal of the European Communities ⎯ 19.6.2001

(10) This Decision should be without prejudice to the general rules granting or excluding access to Commission documents.

(11) Decision 94/810/ECSC, EC should be repealed,

HAS DECIDED AS FOLLOWS:

*Article 1*

The Commission shall appoint one or more hearing officers (hereinafter 'the hearing officer'), who shall ensure that the effective exercise of the right to be heard is respected in competition proceedings before the Commission under Articles 81 and 82 of the EC Treaty, Articles 65 and 66 of the ECSC Treaty, and Regulation (EEC) No 4064/89.

*Article 2*

1. The appointment of the hearing officer shall be published in the *Official Journal of the European Communities*. Any interruption, termination of appointment or transfer by whatever procedure, shall be the subject of a reasoned decision of the Commission. That decision shall be published in the *Official Journal of the European Communities*.

2. The hearing officer shall be attached, for administrative purposes, to the member of the Commission with special responsibility for competition (hereinafter 'the competent member of the Commission').

3. Where the hearing officer is unable to act, the competent member of the Commission, where appropriate after consultation of the hearing officer, shall designate another official, who is not involved in the case in question, to carry out the hearing officer's duties.

*Article 3*

1. In performing his duties, the hearing officer shall take account of the need for effective application of the competition rules in accordance with the Community legislation in force and the principles laid down by the Court of Justice and the Court of First Instance of the European Communities.

2. The hearing officer shall be kept informed by the director responsible for investigating the case (hereinafter 'the director responsible') about the development of the procedure up to the stage of the draft decision to be submitted to the competent member of the Commission.

3. The hearing officer may present observations on any matter arising out of any Commission competition proceeding to the competent member of the Commission.

*Article 4*

1. The hearing officer shall organise and conduct the hearings provided for in the provisions implementing Articles 81 and 82 of the EC Treaty, Articles 65 and 66 of the ECSC Treaty and Regulation (EEC) No 4064/89, in accordance with Articles 5 to 13 of this Decision.

2. The provisions referred to in paragraph 1 are:

(a) the first paragraph of Article 36 of the ECSC Treaty;

(b) Regulation (EC) No 2842/98;

(c) Regulation (EC) No 447/98.

*Article 5*

The hearing officer shall ensure that the hearing is properly conducted and contributes to the objectivity of the hearing itself and of any decision taken subsequently. The hearing officer shall seek to ensure in particular that, in the preparation of draft Commission decisions, due account is taken of all the relevant facts, whether favourable or unfavourable to the parties concerned, including the factual elements related to the gravity of any infringement.

*Article 6*

1. Applications to be heard from third parties, be they persons, undertakings or associations of persons or undertakings, shall be submitted in writing, together with a written statement explaining the applicant's interest in the outcome of the procedure.

2. Decisions as to whether third parties are to be heard shall be taken after consulting the director responsible.

3. Where it is found that an application has not shown a sufficient interest to be heard, he shall be informed in writing of the reasons for such finding. A time limit shall be fixed within which he may submit any further written comments.

*Article 7*

1. Applications to be heard orally shall be made in the applicant's written comments on letters which the Commission has addressed to him.

2. The letters referred to in paragraph 1 are those:

(a) communicating a statement of objections;

(b) inviting the written comments of a third party having shown sufficient interest to be heard;

(c) informing a complainant that in the Commission's view there are insufficient grounds for finding an infringement and inviting him to submit any further written comments.

3. Decisions as to whether applicants are to be heard orally shall be taken after consulting the director responsible.

*Article 8*

1. Where a person, an undertaking or an association of persons or undertakings has received one or more of the letters listed in Article 7(2) and has reason to believe that the Commission has in its possession documents which have not been disclosed to it and that those documents are necessary for the proper exercise of the right to be heard, access to those documents may be sought by means of a reasoned request.

19.6.2001 | EN | Official Journal of the European Communities | L 162/23

2. The reasoned decision on any such request shall be communicated to the person, undertaking or association that made the request and to any other person, undertaking or association concerned by the procedure.

### Article 9

Where it is intended to disclose information which may constitute a business secret of an undertaking, it shall be informed in writing of this intention and the reasons for it. A time limit shall be fixed within which the undertaking concerned may submit any written comments.

Where the undertaking concerned objects to the disclosure of the information but it is found that the information is not protected and may therefore be disclosed, that finding shall be stated in a reasoned decision which shall be notified to the undertaking concerned. The decision shall specify the date after which the information will be disclosed. This date shall not be less than one week from the date of notification.

The first and second paragraphs shall apply *mutatis mutandis* to the disclosure of information by publication in the *Official Journal of the European Communities*.

### Article 10

Where a person, undertaking or association of persons or undertakings considers that the time limit imposed for its reply to a letter referred to in Article 7(2) is too short, it may, within the original time limit, seek an extension of that time limit by means of a reasoned request. The applicant shall be informed in writing whether the request has been granted.

### Article 11

Where appropriate, in view of the need to ensure that the hearing is properly prepared and particularly that questions of fact are clarified as far as possible, the hearing officer may, after consulting the director responsible, supply in advance to the parties invited to the hearing a list of the questions on which he wishes them to make known their views.

For this purpose, after consulting the director responsible, the hearing officer may hold a meeting with the parties invited to the hearing and, where appropriate, the Commission staff, in order to prepare for the hearing itself.

The hearing officer may also ask for prior written notification of the essential contents of the intended statement of persons whom the parties invited to the hearing have proposed for hearing.

### Article 12

1. After consulting the director responsible, the hearing officer shall determine the date, the duration and the place of the hearing. Where a postponement is requested, the hearing officer shall decide whether or not to allow it.

2. The hearing officer shall be fully responsible for the conduct of the hearing.

3. The hearing officer shall decide whether fresh documents should be admitted during the hearing, what persons should be heard on behalf of a party and whether the persons concerned should be heard separately or in the presence of other persons attending the hearing.

4. Where appropriate, in view of the need to ensure the right to be heard, the hearing officer may, after consulting the Director responsible, afford persons, undertakings, and associations of persons or undertakings the opportunity of submitting further written comments after the oral hearing. The hearing officer shall fix a date by which such submissions may be made. The Commission shall not be obliged to take into account written comments received after that date.

### Article 13

1. The hearing officer shall report to the competent member of the Commission on the hearing and the conclusions he draws from it, with regard to the respect of the right to be heard. The observations in this report shall concern procedural issues, including disclosure of documents and access to the file, time limits for replying to the statement of objections and the proper conduct of the oral hearing.

A copy of the report shall be given to the Director-General for Competition and to the director responsible.

2. In addition to the report referred to in paragraph 1, the hearing officer may make observations on the further progress of the proceedings. Such observations may relate among other things to the need for further information, the withdrawal of certain objections, or the formulation of further objections.

### Article 14

Where appropriate, the hearing officer may report on the objectivity of any enquiry conducted in order to assess the competition impact of commitments proposed in relation to any proceeding initiated by the Commission in application of the provisions referred to in Article 1. This shall cover in particular the selection of respondents and the methodology used.

### Article 15

The hearing officer shall, on the basis of the draft decision to be submitted to the Advisory Committee in the case in question, prepare a final report in writing on the respect of the right to be heard, as referred to in Article 13(1). This report will also consider whether the draft decision deals only with objections in respect of which the parties have been afforded the opportunity of making known their views, and, where appropriate, the objectivity of any enquiry within the meaning of Article 14.

L 162/24    [EN]    Official Journal of the European Communities    19.6.2001

The final report shall be submitted to the competent member of the Commission, the Director-General for Competition and the director responsible. It shall be communicated to the competent authorities of the Member States and, in accordance with the provisions on cooperation laid down in Protocol 23 and Protocol 24 of the EEA Agreement, to the EFTA Surveillance Authority.

### Article 16

1. The hearing officer's final report shall be attached to the draft decision submitted to the Commission, in order to ensure that, when it reaches a decision on an individual case, the Commission is fully apprised of all relevant information as regards the course of the procedure and respect of the right to be heard.

2. The final report may be modified by the hearing officer in the light of any amendments to the draft decision up to the time the decision is adopted by the Commission.

3. The Commission shall communicate the hearing officer's final report, together with the decision, to the addressees of the decision. It shall publish the hearing officer's final report in the *Official Journal of the European Communities*, together with the decision, having regard to the legitimate interest of undertakings in the protection of their business secrets.

### Article 17

Decision 94/810/ECSC, EC is repealed.

Procedural steps already taken under that Decision shall continue to have effect.

Done at Brussels, 23 May 2001.

*For the Commission*
Mario MONTI
*Member of the Commission*