IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 05-1717-JJF<br><br>**(DM 12)** |
| ADVANCED MICRO DEVICES, INC. a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>            Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>            Defendants. | C. A. No. 05-441 (JJF) |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION,<br><br>            Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## DECLARATION OF DARREN BERNHARD

OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

Michael L. Denger
Joseph Kattan, PC
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036-5306
(202) 955-8500

Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue
N.W. Washington, DC 20004
(202) 783-0800

Dated: July 3, 2008

872671 / 29282

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000

rhorwitz@potteranderson.com
wdrane@potteranderson.com

*Attorneys for Defendants*
*Intel Corporation and Intel Kabushiki Kaisha*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation<br><br>                    Plaintiffs,<br><br>   v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>                    Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>   v.<br><br>INTEL CORPORATION,<br><br>                    Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## **DECLARATION OF DARREN B. BERNHARD**

I, Darren B. Bernhard, make the following declaration:

1. I make this declaration upon personal knowledge and I am competent to testify to the facts set forth herein. The statements and opinions expressed herein are made in good faith on the basis of my understanding of the relevant facts and law.

2.      I am a partner in the law firm of Howrey LLP in Washington, D.C, and a member of the firm's Antitrust Practice. I am one of the attorneys representing Intel Corporation in connection with the above-referenced litigation (the "Delaware Litigation").

3.      In response to discovery requests in the Delaware Litigation, Intel has produced the electronic equivalent of over 150 million pages of documents. Third parties have already produced over ten million pages of documents, and are in the process of producing millions more pages.

4.      AMD counsel has stated that this case could be "the largest electronic production in history . . . ." (Transcript of teleconference at 10 to 11, January 25, 2007). AMD has estimated that the discovery "is likely to be in the neighborhood of five plus terabytes of information" and has stated that if all of the documents produced were printed out on 8 1/2 x 11 paper, the documents would make a pile 137 miles high. (Transcript of Hearing at 49-50, April 20, 2006, D.I. 100.)

5.      The documents produced by Intel include highly confidential business information, including pricing information, sales and marketing strategies, documents relating to negotiations with customers, product roadmaps, technical information regarding current and future products, detailed sales and cost data, and other highly sensitive strategic business documents.

6.      In addition, the confidential business information produced by Intel (or subpoenaed from OEMs), includes sensitive and confidential business information of Intel's customers. For example, numerous documents produced by Intel contain information relating to Intel's negotiations with its OEM customers, Intel's customers price and positioning strategies, competition at the OEM or retailer level, and the manner in which Intel's customers are endeavoring to compete. Ensuring the confidentiality of such information is not only important to Intel's interests, but also to protect Intel's customers and to preserve competition among such customers.

7.      The confidential information produced by Intel is not ordinarily made available to competitors (including AMD), Intel's customers, distributors, retailers, or the general public in the United States or elsewhere. Intel believes that it would be harmful to Intel's and third parties' businesses and to competition in the market segments in which Intel and its customers compete if the confidentiality of this business information were not rigorously maintained. In the era of the Internet, if the confidentiality of sensitive business information is breached in Europe or anywhere, it can have detrimental repercussions in the United States and throughout the world and undermine the protection afforded by the Protective Order herein.

8.      Intel relied upon the protections afforded by the Protective Order in producing its confidential information in the above-referenced litigation. The time and effort Intel (and others) spent in negotiating the terms of the Protective Order and in arguing disagreements with the court demonstrate the critical importance to Intel and third parties of the protections afforded by the Protective Order. In the absence of such protections, Intel would not have produced its

confidential business information in the above-referenced litigation without exhausting all judicial remedies available to it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2008.

_____
Darren B. Bernhard

3