IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST LITIGATION | MDL Docket No. 05-1717 (JJF) |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and<br>AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation<br><br>        Defendants. | C.A. No. 05-441 (JJF) |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>DM 13b |

**ORDER REGARDING DEFENDANTS INTEL CORPORATION AND INTEL KABUSHIKI KAISHA'S MOTION TO COMPEL PLAINTIFFS, ADVANCED MICRO DEVICES, INC. AND AMD INTERNATIONAL SALES & SERVICE, LTD. TO COMPLY WITH NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)**

WHEREAS, the matter is presently before the Special Master on defendants Intel Corporation and Intel Kabushiki Kaisha's ("Intel") Motion to Compel Plaintiffs, Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. ("AMD") to comply with Intel's notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice of Deposition")

("Motion to Compel") (D.I. 1396);

WHEREAS, the Notice of Deposition seeks to have AMD's Fed. R. Civ. P. 30(b)(6) witness testify to certain issues raised by the Class Plaintiffs' pending Motion for Class Certification (D.I. 1626);

WHEREAS, AMD opposes the Motion to Compel on grounds that the Notice of Deposition seeks premature expert testimony and improper deposition testimony; that such testimony would be duplicative of testimony already provided by AMD witnesses; and that such testimony would violate the Confidentiality Agreement and Protective Order (D.I. 216) and violate the attorney-client privilege and attorney work product doctrine (D.I. 1458);

WHEREAS, Special Master held a telephonic hearing (the "Hearing") regarding the Motion to Compel on August 6, 2009;

WHEREAS, the Special Master for reasons stated on the record concludes that all topics contained in the Deposition Notice are permissible except deposition topics 2, 10, and 22, and reserves decision with respect to deposition topic 21;

WHEREAS, with respect to Deposition Topic 21,[1] AMD advised during the Hearing that it entered into a joint prosecution agreement with the Class Plaintiffs in this litigation;

WHEREAS, ON August 12, 2009 counsel for Intel informed the Special Master via letter that AMD agreed to an *in camera* review of the document by the Special Master (D.I. 1677);

WHEREAS, the Special Master therefore reserves decision on whether deposition topic 21 is proper;

WHEREAS, the Special Master concludes for reasons stated on the record that Intel's

---

[1] Topic 21 of the Deposition Notice states: "[W]hether AMD has entered into a joint prosecution agreement with either of Plaintiff Classes and, if so, when it did so and on what terms. See Deposition Notice at ¶ 21 (D.I. 1755).

definition of "AMD" in the Notice of Deposition is overly broad as it could be read to include experts, but, as conceded by Intel at the Hearing, AMD's Fed. R. Civ. P. 30(b)(6) witness shall not be called upon or compelled to testify upon information, knowledge or opinions held by an expert;

WHEREAS, Intel conceded during the Hearing that it does not seek through the deposition of AMD's Fed. R. Civ. P. 30(b)(6) witness, the fruits of third-party discovery, and the Special Master concludes that the deposition shall be so limited;

WHEREAS, for reasons stated on the record, the Special Master concludes that AMD's Fed. R. Civ. P. 30(b)(6) witness is required to comply with the Notice of Deposition, and may not elect to provide the answers in the form of interrogatory responses, see, e.g., Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc., 2008 U.S. Dist. LEXIS 108488, *13-14 (D. Nev. 2008);

WHEREAS, the Special Master concludes for reasons stated on the record that the Notice of Deposition is not improper, and does not violate the provisions of Case Management Order No. 6 (D.I. 708);

WHEREAS, the Special Master concludes for reasons stated on the record that deposition topics 2 and 10 are impermissible in the context of a Fed. R. Civ. P. 30(b)(6) deposition because they seek information concerning AMD's damages allegations, which implicate expert testimony;[2]

---

[2] Deposition Topic 2 states: [w]hether the damages AMD is seeking to recover from Intel in this action are based on the assumption that AMD's sales of x86 microprocessors during the Class Periods would have been made at higher or lower prices than the sales of x86 microprocessors AMD actually made during those periods. See Deposition Notice at ¶ 2 (D.I. 1755).
Deposition Topic 10 states: "[i]nformation in the possession of AMD, or known by it to exist, from which it would be possible to determine the nature and extent of any relationship between the prices paid by OEMs for x86 microprocessors during the Class Periods and the prices paid by retailers, distributors and end-users for the devices that contained them. Id. at ¶ 10.

3

WHEREAS, the Special Master concludes that deposition topic 22[3] is overly broad and necessarily implicates the attorney client and/or attorney work product doctrines where it relates to AMD and the Class Plaintiffs' prosecution of the class actions or AMD's action against Intel, and therefore is not permissible;[4]

WHEREAS, with respect to deposition topic 14,[5] the Special Master concludes for reasons stated on the record that AMD's Fed. R. Civ. P. 30(b)(6) witness is not expected to marshall all evidence and documents that have been produced to Intel, but rather shall testify on behalf of AMD with respect to all matters reasonably "within his or her personal knowledge, but also on all matters reasonably known by the responding entity." See Great Am. Ins. Co. of New York, 2008 U.S. Dist. LEXIS 108488, at *12.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Intel's Motion to Compel is GRANTED IN PART AND DENIED IN PART;

2. AMD's Rule 30(b)(6) witness shall testify to deposition topics 1, 3, 4-9, 11-20,

---

[3] Deposition topic 22 states "[a]ll communications between any representative of AMD or person acting on its behalf and any person representing or acting on behalf of either of the Plaintiff Classes relating to the prosecution of the Class Actions or to any statement made or position taken or to be taken by AMD or on behalf of the Plaintiff Classes in either of those actions or in AMD's action against Intel. See Deposition Notice at ¶ 22 (D.I. 1755).

[4] See Pfizer Inc. v. Ranbaxy Laboratories, Ltd., 2004 U.S. Dist. LEXIS 20948, at **2-3 (Oct. 7, 2004) (The attorney-client privilege protects communications between an attorney and his client related to a fact of which the attorney was informed by his client without the presence of a third party for the purpose of securing primarily either a legal opinion or legal services, where the privilege has not been waived); see also Joy Global, Inc. v. Wis. Dep't of Workforce Dev. (In re Joy Global, Inc.), 2008 U.S. Dist. LEXIS 46495 (D. Del. June 16, 2008) (the attorney work product doctrine protects from disclosure materials prepared by an attorney for a client in anticipation of litigation, absent a showing of necessity or other justification for disclosure by the party seeking the documents).

[5] Deposition topic 14 states: What factors OEMs took into account during the Class Periods in setting the prices for devices manufactured by them that incorporated x86 microprocessors and whether those factors varied as between different devices, different OEMs, different competitive conditions, different parts of the country or different times of the year. See Deposition Notice at ¶ 14 (D.I. 1755).

and 23 at a time and place mutually agreed upon by counsel.

3. Intel shall not be permitted to question AMD's Fed. R. Civ. P. 30(b)(6) witness upon deposition topics 2, 10, or 22.

4. Upon receipt of the joint prosecution agreement from counsel for AMD and an *in camera* review thereof, the Special Master shall issue a ruling upon deposition topic 21.

5. Until a ruling is issued by the Special Master regarding deposition topic 21, Intel shall be prohibited from examining AMD's Fed. R. Civ. P. 30(b)(6) witness upon the aforementioned topic.

6. The parties shall alert the Special Master in writing if his presence at the Fed. R. Civ, P. 30(b)(6) deposition is requested.

THE SPECIAL MASTER'S OPINION AND ORDER WILL BECOME A FINAL ORDER OF THE COURT UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ANTICIPATED ORDER OF THE COURT WHICH SHORTENS THE TIME WITHIN WHICH AN APPLICATION MAY BE FILED PURSUANT TO FED. R. CIV. P. 53(f)(2).

**SO ORDERED** this ____ day of August, 2009.

Vincent J. Poppiti (DSBA No. 100614)
Special Master